Stan S. Mallison, (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, CA  94549
Telephone: (925) 283-3842
Facsimile:  (925) 283-3426

Counsel for Applicant-Intervenors

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>           Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>           APPLICANT-INTERVENORS,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; Does 1-10 Inclusive,<br><br>           Defendant. | CASE NO: 1:07-cv-01428-LJO-SMS<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE**<br><br>DATE:         December 21, 2007<br>TIME:         8:30 a.m.<br>JUDGE:      Hon. Lawrence J. O'Neill<br>LOCATION: Courtroom 4, 7th Floor |

## I. INTRODUCTORY STATEMENT AND STATEMENT OF FACTS

Applicant-Intervenors ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT (hereinafter "Applicant-Intervenors") seek leave of this Court to file a Complaint in Intervention (attached as Exhibit "A" to the contemporaneously filed Declaration of

Hector R. Martinez) in order to intervene in the action filed on behalf of Charging Parties ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT and a class of similarly situated female employees by the Equal Employment Opportunity Commission (hereinafter "EEOC").

The EEOC is the federal agency charged by Congress with the interpretation, administration and enforcement of a number of federal statutes banning employment discrimination, including Title Vll of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. (2001) and Title I of the Civil Rights Act of 1991. In this capacity, the Commission filed the Complaint herein alleging unlawful employment practices in violation of Section 703(a)(l), and in violation of Title VII, 42 U.S.C. section 2000e-2(a)(l), an action which is currently pending before this Court.

Title VII of the Civil Rights Act of 1964, as amended, provides that the person aggrieved by a violation of Title VII of the Civil Rights Act of 1964, as amended, shall have the right to intervene in a civil action brought by the EEOC. 42 U.S.C. §2000e-5(f)(1). In this case, Applicant-Intervenors ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT claim discrimination and harassment on the basis of their sex, and further claim retaliation for engaging in protected activity under Title VII of the Civil Rights Act of 1964, as amended.

Applicant-Intervenors also seek to bring before this Court their state claims for discrimination, harassment and other claims pursuant to the California Fair Employment and Housing Act, Cal. Govt Code §§12940, et seq.. other state statutes and common law claims. Applicant-Intervenors ask this Court to assert pendent and supplemental jurisdiction over their state claims because the state and federal claims share a common nucleus of operative facts and concern the same case or controversy. 28 U.S.C. § 1367. Similarly, this Court should assert jurisdiction over Applicant-Intervenors' state law claims because the evidence needed to resolve the state law claims substantially overlaps with the evidence relevant to the federal claims. See *Tritmer v. County of Lake*, 358 F.3d 11 50, 11 53 (9th Cir. 2004).

Applicant-Intervenors ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE

THROUGH EIGHT now seek to intervene as party plaintiffs as a matter of right in this action against Defendants to pursue their remedies for compensatory and punitive damages under federal law, and their state claims for discrimination, harassment, and retaliation.

As set forth in the Declaration of Hector R. Martinez ("Martinez Decl."), filed herewith, the EEOC filed its complaint on September 28, 2007.  Now, Applicant-Intervenors move for leave to file their Proposed Complaint in Intervention, which also names additional Defendants ABM Janitorial Services – Northern California, American Building Maintenance, and Does 1 -10, inclusive.

The present procedural posture of the case is that no answer has been filed, no discovery has been propounded, no voluntary disclosures have been exchanged, the Mandatory Scheduling Conference has not taken place (currently scheduled for February 13, 2008 at 8:15 a.m.) and the Court has set no trial date. See Martinez Decl., at Paragraph 6.

## II.  ARGUMENT

### A.  PURSUANT TO FRCP 24(a)(l), APPLICANT-INTERVENORS MAY INTERVENE AS OF RIGHT IN THIS ACTION.

Rule 24 of the Federal Rules of Civil Procedure ("Rule 24") provides, in relevant part:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene . . .

Title VII expressly provides an aggrieved employee the right to intervene in a civil action brought by the EEOC. See 42 U.S.C. §2000e-5(f)(l); *EEOC v Westinghouse Electric Corporation*, 675 F.2d 164. 165 (8th Cir. 1982).  Since the relevant statute confers an entitlement to intervene as of right, Applicant-Intervenors ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT must be allowed to intervene so long as their application is timely.

### B.  APPLICANT-INVENENORS' REQUEST TO INTERVENE IS TIMELY.

Rule 24(a) requires, as a condition precedent, that the application to intervene be timely.  It is within the Court's discretion to determine if this application is timely. *Yniguez v.Arizona*, 939

F.2d 727,73 1 (9th Cir. 1991). Among the factors to be considered in determining timeliness are: (1) how far the proceedings have gone when the movant seeks to intervene, (2) the prejudice which resultant delay might have caused the other parties; and (3) the reason for and length of the delay. *Alaniz v. Tillie Lewis Foods*, 572 F.2d 657, 659 (9th Cir. 1978); *County of Orange v. Air California*, 799 F.2d 535,537 (9th Cir. 1986); *U.S. v. State of Washington*, 86 F.3d 1499, 1503 (9th Cir. 1996).

In determining whether a motion to intervene is timely, a court should broadly construe the requirements of Rule 24 in favor of the moving party. *Westlands Water District v. United States*, 700 F.2d 561, 563 (9th Cir. 1983). Where, as in this case, the intervention is sought as a matter of right, a court should be more lenient in applying the timeliness requirement. *United States v. Oregon*, 745 F. 2d 550, 552 (9th Cir. 1984).

Early intervention is favored. Intervention is not favored if any of the existing parties are prejudiced by the fact that the moving party failed to intervene at an earlier time. *United States v. Jefferson Co.*, 720 F.2d 1511, 1517 (11th Cir. 1983). In this case, Applicant-Intervenors ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT are seeking to intervene within 60 days of the filing of the Complaint by the Commission and prior to Defendant filing an answer or the inception of any formal discovery in the case. There is no prejudice to Defendants (or to the EEOC) if the motion is granted now.

When an application for leave to intervene is filed, as is the case here, before the existing parties have even joined the issues, the application is almost uniformly deemed timely. See, e.g., *Kozak v. Well*, 278 F.2d 102, 109 (8th Cir. 1960). Similarly, an intervention motion is timely if filed during the initial stages of discovery. *National Organization for Women v. Minnesota Mining and Manufucturing Co.*, 11 F.E.P. Cases 720 (D. Minn. 1975).

Because no discovery has been taken in the instant case, and because both the discovery cut-off and trial dates are still to be set, none of the existing parties will be prejudiced by the Applicant-Intervenors' entry into the litigation at this time. The intervention of Applicant-Intervenors ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT will

present no risk of duplicative discovery, nor will it require the continuance of the discovery cut-off or trial dates. The trial preparation process will not be disrupted by the participation of Applicant-Intervenors ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT as party Plaintiffs.

Finally, courts usually examine the reason for and the length of the delay when a party seeks to intervene in a case. In this case, the delay is essentially nonexistent. Counsel for Applicant-Intervenors ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT are lodging their complaint in intervention with this motion, filed less than 60 days after the EEOC filed its complaint. Applying each of the foregoing considerations to the facts presented here, the request to intervene being made by Applicant-Intervenors ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT should be deemed timely.

C. PERMISSIVE INTERVENTION BY APPLICANT-INTERVENERS IS ALSO JUSTIFIED IN THIS CASE.

Rule 24 provides, in relevant part:

> (b) Permissive Intervention. Upon timely application anyone shall be permitted to intervene in an action: . . . (2) when an applicant's claim or defense and the main action have a question of law or fact in common. . . . In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

In this instance, Applicant-Intervenors' Proposed Complaint in Intervention contains the identical federal causes of actions as those presented by Plaintiff EEOC, which stem from the same operative facts alleged by Applicant-Intervenors.  These same operative facts are also the basis for Applicant-Intervenors' state causes of action, thus making Applicant-Intervenors' state causes of intrinsically intertwined with their federal causes of action.

Intervention as this time would not unduly delay or prejudice the adjudication of the rights of the original parties, in that defendants have been aware of Applicant-Interventors' charges since early 2006, when EEOC served Defendants with charges of employment discrimination that are the

basis for Applicant-Intervenors' Proposed Complaint in Intervention. In addition, on September 17, 2007, Plaintiff EEOC issued its Determinations (Amended) finding that Defendant had discriminated against Applicant-Intervenors and a class of female workers. The Court has set a Mandatory Scheduling Conference for February 13, 2008 and no trial date has been set, thereby allowing all parties adequate time for preparation.

Judicial economy, which is a relevant consideration, also warrants Applicant-Intervenors' intervention in this case. *Venegas v. Skaggs*, 867 F.2d 527, 531 (9th Cir. 1989). Denial of this motion would certainly result in a multiplicity of actions and a concomitant waste of scarce court resources.

Further, Applicant-Intervenors' interest may not be adequately represented by Plaintiff EEOC, to the extent that Applicant-Interventors seek to enforce their rights under state statutes and common law, in addition to those based on Title VII of the Civil Rights Act of 1964, as amended, which Plaintiff EEOC does not administer or enforce. The Plaintiff EEOC is required to consider, among other factors, the interest of all employers, employees, and the nation at large in determining its settlement posture and its aggressive pursuit of the matter. Therefore, there exists a potential conflict of interest involving Plaintiff EEOC's representation of the general public interests and interests of the individual Applicant-Interventors.

### III.  CONCLUSION

For all the reasons set forth above, Applicant-Intervenors respectfully request that their motion to intervene into the instant action be granted and that they be permitted to file the Complaint in Intervention attached as Exhibit "A" to the Declaration of Hector R. Martinez.

Dated: November 20, 2007

LAW OFFICES OF MALLISON & MARTINEZ

By:   /s/ Hector R. Martinez
Stan S. Mallison
Hector R. Martinez
Marco Palau
Attorneys for Applicant-Intervenors