NANCY E. PRITIKIN, Bar No. 102392
NATALIE A. PIERCE, Bar No. 191342
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:    415.433.1940

Attorney for Defendant
ABM INDUSTRIES INCORPORATED AND ABM JANITORIAL SERVICES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; Does 1 - 10 inclusive,<br><br>Defendant. | Case No. 1: 07 CV 01428 LJO-SMS<br><br>**DEFENDANTS ABM INDUSTRIES INCORPORATED AND ABM JANITORIAL SERVICES, INC.'S AMENDED ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC. ("collectively referred to as "Answering Defendants" or "Defendants"), by and through undersigned counsel, hereby submit their Answer to Plaintiff's Complaint. All allegations not specifically admitted in this Answer are denied. For their Answer to Plaintiff's Complaint, Answering Defendants admit, deny, and allege as follows:

### NATURE OF THE ACTION

Answering the allegations set forth in Plaintiff's "Nature of the Action" paragraph, Answering Defendants deny the allegations set forth therein, except that Defendants admit that Plaintiff purports to bring this lawsuit pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Defendants deny the remaining allegations contained in Plaintiff's "Nature of the Action" paragraph. Moreover, Erika Morales was never an employee of ABM

Industries Incorporated or of ABM Janitorial Services, Inc. Answering Defendants are informed and believe that Erika Morales was employed by ABM Janitorial Services – Northern California.

### JURISDICTION AND VENUE

1.   In response to Paragraph 1 of Plaintiff's Complaint, Defendants admit that this Court appropriately exercises jurisdiction over claims brought pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345, but deny that there is specific jurisdiction in this case.

2.   In response to Paragraph 2 of Plaintiff's Complaint, Defendants are without knowledge or belief that the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of California and thus deny said allegation. Defendants admit only that this action would be appropriate for assignment to the United States District Court for the Eastern District of California, if there were jurisdiction, which Defendants deny. Defendants further deny that they engaged in any unlawful employment practices.

### PARTIES

3.   In response to Paragraph 3 of Plaintiff's Complaint, Defendants admit that Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring civil action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6(e). Nonetheless, Defendants deny that Plaintiff is expressly authorized to bring this particular action.

4.   In response to Paragraph 4 of Plaintiff's Complaint, Defendants admit only that Defendant ABM Industries Incorporated is a holding company that employs less than 100 administrative, executive and professional employees and does business in the State of California. Defendants deny the remaining allegations contained in Paragraph 4.

5.   In response to Paragraph 5 of Plaintiff's Complaint, Defendants admit only that Defendant ABM Industries Incorporated employs at least 15 employees and does business in the State of California. Defendants deny the remaining allegations contained in Paragraph 5.

6.   In response to Paragraph 6 of Plaintiff's Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

7.   In response to Paragraph 7 of Plaintiff's Complaint, Defendants deny each and

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

ANSWER TO COMPLAINT                           2.                  Case No. 1:07 CV 01428 LJO (SMS)

every, all and several, of the allegations contained therein.

8.  In response to Paragraph 8 of Plaintiff's Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

## STATEMENT OF CLAIMS

9.  In response to Paragraph 9 of the Complaint, Defendants admit only that Erika Morales filed a charge with the EEOC more than thirty days prior to the filing of Plaintiff's Complaint. Defendants deny each and every of the remaining allegations contained therein.

10. In response to Paragraph 10 of Plaintiff's Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

11. In response to Paragraph 11 of Plaintiff's Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

12. In response to Paragraph 12 of Plaintiff's Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

13. In response to Paragraph 13 of Plaintiff's Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

14. In response to Paragraph 14 of Plaintiff's Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

## PRAYER FOR RELIEF

In response to Plaintiff's various Prayer for Relief in the Complaint, Defendants deny that Plaintiff or Erika Morales or allegedly similarly situated individuals are entitled to any type of relief, including compensatory damages, punitive damages, or injunctive relief.

## DEFENSES

Although Defendants are not the employer of Ms. Morales, Answering Defendants assert the following defenses, in order to preserve them should Plaintiff persist in its claims against an entity not the employer of Ms. Morales:

16. Plaintiff has failed to state a claim upon which relief may be granted.

17. Plaintiff's claims are barred because the named entities in the Complaint were at no time the correct employers, under any theory, of Erika Morales.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

ANSWER TO COMPLAINT                3.                Case No. 1:07 CV 01428 LJO (SMS)

18. Plaintiff's claims for injunctive relief are barred, in whole or in part, because Ms. Morales and those allegedly similarly situated have not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of Defendants, nor is there any other threat of irreparable harm.

19. Plaintiff's claims are barred, in whole or in part, because Plaintiff, Ms. Morales, and any others seeking recovery, failed to exhaust their administrative remedies.

20. Any emotional harm suffered by Ms. Morales was caused by some entity or person(s) other than Defendants.

21. Defendants allege that all acts taken by Ms. Morales' employer or anyone acting on behalf of that employer were just, fair, privileged, with good cause, in good faith, without malice or intent to discriminate or harass, and for lawful and legitimate reasons. Ms. Morales' employer engaged in good faith efforts to comply with Title VII and otherwise acted within the scope of the exceptions to vicarious liability for punitive damages enumerated by the Supreme Court in *Kolstad v. American Dental Association*, 527 U.S. 526 (1999).

22. Plaintiff has failed to state facts sufficient to set forth a claim for compensatory, exemplary, punitive damages or equitable relief under 42 U.S.C. § 1981.

23. Recovery is limited by the statutory caps on compensatory and punitive damages recoverable in actions arising under Title VII.

24. Plaintiff's claims are barred, in full or in part, by the applicable statute of limitations, including but not limited to, 42 U.S.C. §§ 2000e *et* seq., or Plaintiff's failure to timely file a civil action under 42 U.S.C. § 2000e-5(f).

25. Plaintiff's claims are barred, in whole or in party, because Ms. Morales failed to properly mitigate any damages allegedly suffered.

26. Plaintiff's claims are barred, in whole or in party, because there is not a substantial likelihood of Plaintiff prevailing on the merits of this action.

27. Plaintiff's claims are barred, in whole or in part, because Ms. Morales failed to properly protect herself against avoidable consequences.

28. Defendants made good faith efforts to comply with Title VII and all other
LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

ANSWER TO COMPLAINT   4.   Case No. 1:07 CV 01428 LJO (SMS)

equal opportunity obligations and requirements.

29. Plaintiff's claims are barred from any remedy, or certain remedies, under the doctrine of unclean hands.

30. Plaintiff's claims are barred from any remedy, or certain remedies, under the doctrine of laches..

31. Plaintiff's claims are barred from any remedy, or certain remedies, under the doctrine of waiver..

32. Plaintiff's claims are barred from any remedy, or certain remedies, under the doctrine of estoppel..

33. Plaintiff's claims are barred to the extent they purport to bring claims on behalf of unnamed anonymous individuals.

34. Plaintiff's claims are barred to the extent they purport to bring claims against unnamed Doe defendants.

35 To the extent that any unlawful or other wrongful acts were committed by any person(s) employed by Defendants, such acts, if any, were outside the scope of their authority and were neither authorized, ratified nor condoned by Defendants, nor did Defendants know or have reason to be aware of such conduct.

36. To the extent that Plaintiff or Ms. Morales seek damages from purported physical or emotional injuries allegedly suffered out of or in the course of her employment, her sole and exclusive remedy in this respect is governed by the workers' compensation laws of the state of California.

37. Plaintiff's claims are barred, in whole or in part, by virtue of Ms. Morales' consent.

38. Plaintiff's claims are subject to the doctrine of after-acquired evidence and as such, any remedy or recovery to which Ms. Morales may be entitled must be denied or reduced accordingly.

39. Plaintiff's claims are barred because neither Plaintiff nor Ms. Morales exhausted administrative remedies before filing suit, including but limited to failure to follow the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

ANSWER TO COMPLAINT              5.              Case No. 1:07 CV 01428 LJO (SMS)

conciliation process at all, or in good faith.

40. Because Plaintiff's Complaint is couched in conclusory and vague terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to this case. Accordingly, Defendants reserve the right to amend their Answer to add any applicable defenses revealed during any later proceedings in this case.

WHEREFORE, Defendants prays:

1. That Plaintiff and Ms. Morales take nothing by reason of the Complaint;

2. That judgment be entered in favor of Defendants, and against Plaintiff, and that the Complaint be dismissed with prejudice;

3. That Defendants be awarded its attorney's fees and costs of suit incurred herein; and

4. For such other and further relief as the Court may deem just and proper.

Dated: November 30, 2007

NANCY E. PRITIKIN
NATALIE A. PIERCE
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ABM Industries Incorporated and
ABM Janitorial Services, Inc.

Firmwide:83732587.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

ANSWER TO COMPLAINT    6.    Case No. 1:07 CV 01428 LJO (SMS)