NANCY E. PRITIKIN, Bar No. 102392
SPENCER HIPP, Bar No. 090485
NATALIE A. PIERCE, Bar No. 191342
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940

Attorney for Defendants
ABM INDUSTRIES INCORPORATED AND ABM
JANITORIAL SERVICES, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>APPLICANT-INTERVENORS,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; Does 1 - 10 inclusive,<br><br>Defendant. | Case No. 1: 07 CV 01428 LJO-SMS<br><br>**DEFENDANTS ABM INDUSTRIES INCORPORATED AND ABM JANITORIAL SERVICES, INC.'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO INTERVENOR PLAINTIFFS' MOTION FOR LEAVE TO INTERVENE**<br><br>Date:       December 21, 2007<br>Time:      8:30 a.m.<br>Judge:    Hon. Lawrence J. O'Neill<br>Location: Courtroom 4, 7th Floor |

## I.    INTRODUCTION

Defendants ABM Industries Incorporated and ABM Janitorial Services, Inc. ("Defendants") submit this Memorandum of Points and Authorities in opposition to Erika Morales ("Morales") and Anonymous Plaintiffs One Through Eight ("Anonymous Plaintiffs") Motion to Intervene in this action.  Ms. Morales seeks not only to intervene in this action but also to supplement the Equal Employment Opportunity Commission's ("EEOC") Complaint with six additional common state law causes of action and to add two additional named defendants, including an individual defendant, and ten "Doe" defendants.

Defendants do not contest Ms. Morales' right to intervene under Title VII.

Defendants, however, do dispute Ms. Morales' right to intervene to add the six common law claims because they are time-barred. Ms. Morales cannot circumvent the statutes of limitations by piggybacking her individual claims onto the civil action filed by the EEOC. While the law permits an employee to intervene in an action filed by the EEOC, such intervention is subject to certain proscribed rules, including the rules that intervention claims be viable and that the intervention cannot expand the scope of the action that was originally filed.

As to the attempt by unnamed parties to enter this suit, the court should deny the motion of Anonymous Plaintiffs to intervene in this Action in its entirety. Simply put, the first step in determining whether to permit intervention is to establish the validity of the proposed intervenors' claims. Without knowing the identity of the parties seeking intervention, it is not possible for Defendants to challenge the validity of the proposed intervenors' claims. Ms. Morales filed her Motion to Intervene on November 20, 2007. Her proposed Complaint in Intervention alleges claims for relief based upon an employment relationship that ended over two years ago. It is possible that not one of the Anonymous Plaintiffs' claims would survive. Accordingly, this motion should be denied with respect to any Anonymous Plaintiff.

## II.    MORALES MAY NOT INTERVENE TO ADD TIME-BARRED CLAIMS

Morales is prohibited from intervening in an action to assert time-barred common law causes of action. The Complaint in Intervention contains the following causes of action: Eighth Claim For Relief: False Imprisonment; Ninth Claim For Relief: Assault; Tenth Claim For Relief: Battery; Eleventh Claim For Relief: Intentional Infliction Of Emotional Distress; Twelfth Claim For Relief: Negligent Infliction Of Emotional Distress; and Fifteenth Claim For Relief Negligence. All of these causes of action are time-barred.

Ms. Morales worked for ABM Janitorial Services – Northern California between June 1, 2004 and April or May 2005, and was subsequently reemployed until September 13, 2005. (See Exhibits A and B to Defendants' Request For Judicial Notice). Regarding Ms. Morales' Eighth Claim for Relief: False Imprisonment, she asserts that Jose Vasquez restrained her in an enclosed environment (Complaint in Intervention ¶ 116). Ms. Morales does not state in her Complaint in Intervention when the false imprisonment occurred. However, her charge implies that such conduct

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

OPPOSITION TO INTERVENTION         2.         Case No. 1:07 CV 01428 LJO (SMS)

occurred between June 1, 2004 and September 13, 2005. Thus, Ms. Morales' cause of action for false imprisonment accrued no later than September 13, 2006.

Ms. Morales bases her claims for negligence and for intentional and negligent infliction of emotional distress on Jose Vasquez's "unwelcome sexual advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct as described above," Mr. Vasquez's "negligent physical contact of an extreme sexual nature," Mr. Vasquez's negligent comments of an extreme sexual nature," and breaches of Defendants' duty of care (Complaint in Intervention ¶¶ 136, 148, 149 and 173). Again, the Complaint in Intervention does not state when the unwelcome conduct occurred. However, it appears that all of the alleged illegal conduct suffered by Ms. Morales occurred between June 1, 2004 and September 13, 2005. Therefore, Ms. Morales' causes of action for intentional and negligent infliction of emotional distress accrued no later than September 13, 2007.

The one-year statute of limitation for false imprisonment governs Ms. Morales' Eighth Claim for Relief. California Code of Civil Procedure §340(c). The two-year statute of limitation for personal injury claims governs her causes of action for negligence, intentional and negligent infliction of emotional distress. California Code of Civil Procedure §340(3). The statute of limitation for personal injury causes of action for battery and assault is also two years. See C.C.P. § 335.1. Since Ms. Morales filed her Motion to Intervene to add these causes of action on November 20, 2007, over two (2) months after these claims accrued, they are time-barred.[1]

Ms. Morales cannot claim that the Eighth through Twelfth Claims For Relief and Claim For Relief Negligence relate back to the filing of the original EEOC Complaint pursuant to Rule 15(c) of the Federal Rules of Civil Procedure ("F.R.C.P."). The EEOC's Complaint was filed on September 28, 2007, at which time the Eighth through Twelfth Claims For Relief and Claim For Relief Negligence were already time barred. The EEOC's investigation and conciliation process did

---

[1] In addition, if the Court grants the motion to intervene with no limitation on the causes of action that Plaintiff Intervenors may assert, Defendants would be further prejudiced because they would be required to expend additional time and resources moving to dismiss the proposed Complaint under Rule 12(b)(6), reiterating arguments already briefed before this Court. Such redundancy would burden Defendants and the Court.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

OPPOSITION TO INTERVENTION                 3.              Case No. 1:07 CV 01428 LJO (SMS)

not toll the applicable statutes of limitation for these common law claims. Ms. Morales was free to file a Complaint alleging these common law causes of action within their respective limitation periods. The EEOC could not delay or prevent her from doing so. *E.E.O.C. v. Domino's Pizza, Inc.*, 870 F.Supp. 655, 657 (D. Md. 1994) ("The Court is not prepared to accept a general rule that an intervenor seeking to add new claims that are time-barred by the applicable statutes of limitation may do so under the relation back doctrine."). In sum, the Eighth through Twelfth Claims For Relief and Claim For Relief Negligence are time-barred and Ms. Morales may not intervene to add these claims.

### III. ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT ARE NOT ENTITLED TO INTERVENE IN THIS ACTION WITHOUT GIVING DEFENDANTS AN OPPORTUNITY TO ASCERTAIN THE VIABILITY OF THEIR CLAIMS

Intervention is concerned with protecting an interest which, practically speaking, can be protected only through intervention in the current proceeding. Where the question is not simply one of standing, but of the right to intervene, the interest must be more refined, more direct, and more substantial. *Hobson v. Hansen*, 44 F.R.D. 18, 5 A.L.R. Fed. 497 (D. D.C. 1968) (a petitioner was not entitled to intervene merely because he shared a common or identical interest with those who had standing to sue and had brought the original proceeding). This analysis necessarily involves knowing the identity of the party seeking to intervene and whether those interests can be protected in a separate proceeding or are even appropriate in the proceeding into which they attempt to intervene.

As a basic rule, "[t]he first step in determining whether to permit intervention is to establish the validity of the proposed intervenor's claims." *Lucero ex rel. Chavez v. City of Albuquerque*, 140 F.R.D. 455, 457 (D. N.M. 1992). "A motion to intervene will thus be denied where the proposed complaint-in-intervention fails on its face to state a cognizable claim." *EEOC v. Victoria's Secret Stores, Inc.*, 2003 U.S. Dist. LEXIS 1290, at *3 (E.D. Penn. Jan. 13, 2003) (applicant-intervenor employee's proposed complaint was denied to the extent that it failed to set forth a cognizable claim for discrimination under the state constitution and for intentional infliction of emotional distress). Here, without knowing the identities of Anonymous Plaintiffs One Through Eight, Defendants are highly prejudiced and compromised in terms of their ability to ascertain the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

OPPOSITION TO INTERVENTION   4.   Case No. 1:07 CV 01428 LJO (SMS)

viability of Anonymous Plaintiffs' Claims for Relief and the grounds for opposing the Anonymous Plaintiffs' Motion For Leave To Intervene.

Moreover, there does not appear to be any specific statute or rule supporting the practice of filing a complaint under a pseudonym. *M.M. v. Zavaras,* 139 F.3d 798, 800 (10th Cir. 1998). In *Femedeer v. Haun,* the Tenth Circuit held that "[t]o the contrary, the Federal Rules of Civil Procedure mandate that all pleadings contain the name of the parties, and Rule 17(a) specifically states that '[e]very action shall be prosecuted in the name of the real party in interest.'" 227 F.3d 1244, 1246 (10th Cir. 2000) (citing Fed.R.Civ.P. 10(a), and quoting Fed.R.Civ.P. 17(a)). "Generally, a plaintiff's desire to proceed under a fictitious name rules afoul of the public's common law right of access to judicial proceedings." *Alyssa C. v. Palo Alto Housing Corp.*, 2007 U.S. Dist. LEXIS 24183, at *1-2 (N.D. Cal. Mar. 20, 2007) (citing *EEOC v. Erection Co., Inc.*, 900 F.2d 168, 169 (9th Cir. 1990)). The intention of procedural rules like Rule 10(a) of the Federal Rules of Civil Procedure is to "apprise the parties of their opponents and to protect the public's legitimate interest in knowing all the facts and events surrounding court proceedings." *Free Market Compensation v. Commodity Exchange, Inc.*, 98 F.R.D. 311, 312 (S.D.N.Y. 1983). This rule "embodies the presumption, firmly rooted in American law, of openness in judicial proceedings." *Doe v. Merten*, 219 F.R.D. 387, 390 (E.D. Va. 2004). "[I]t is axiomatic that lawsuits are public events and that the public has a legitimate interest in knowing the facts involved, including the identities of the parties . . . ." *Doe v. Rostker*, 89 F.R.D. 158, 162 (N.D. Cal. 1981).

"Basic fairness" requires that when a plaintiff makes accusations publicly, the plaintiff "should stand behind those accusations, and the defendants should be able to defend themselves publicly." *Doe v. Indiana Black Expo., Inc.*, 923 F. Supp. 137, 141-142 (S.D. Ind. 1996). Here, Anonymous Plaintiffs One Through Eight, in addition to Plaintiff Morales, have asserted extremely serious charges against ABM Industries and ABM Janitorial Services, and have specifically identified the Defendants by their names in their proposed Complaint in Intervention. As one court has previously recognized:

> the mere filing of a civil action against other private parties may cause damage to their good names and reputation and may also result in economic harm. Defendant[s] . . . stand publicly accused of serious

OPPOSITION TO INTERVENTION   5.   Case No. 1:07 CV 01428 LJO (SMS)

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

violations of federal law. Basic fairness dictates that those among the defendants' accusers who wish to participate in this suit as individual party plaintiffs must do so under their real names.

*So. Methodist Univ. Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979). If the Anonymous Plaintiffs were permitted to intervene and prosecute this case anonymously, Defendants would be placed at a serious disadvantage, for they would be required to defend themselves publicly while the Anonymous Plaintiffs "could make [their] accusations from behind a cloak of anonymity." *See Doe v. Shakur*, 164 F.R.D. 359, 361 (S.D.N.Y. 1996).

Notwithstanding a court's discretion to allow a plaintiff to proceed anonymously, such lawsuits are usually against the government and typically involve constitutional challenges to laws (including, for instance, abortion, birth control, or school prayer practices) which do not implicate either personal credibility issues or the defendants' reputation. *Indiana Black Expo*, 923 F. Supp. at 142. Public entities do not "share the concerns about 'reputation' that private individuals have when they are publicly charged with wrongdoing." *Shakur*, 164 F.R.D. at 361 n.1. However, in a lawsuit like the present matter, which involves an attack on the Defendants' integrity and reputation, any request to protect the Anonymous Plaintiffs from any perceived threat of harm or retaliation should not outweigh the presumption of openness in judicial proceedings.

Although the Ninth Circuit allows a party to proceed anonymously in the "'unusual case' when nondisclosure of the party's identity is necessary . . . to protect a person from harassment, injury, ridicule or personal embarrassment," *Does I Thru XXIII v. Advanced Textiles Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000), "[p]laintiffs alleging sexual harassment have generally not been allowed to proceed anonymously," *Doe v. Bell Atlantic Bus. Sys. Servs.*, 162 F.R.D. 418, 420-21 (D. Mass. 1995); *see also Doe v. Hallock*, 119 F.R.D. 640 (S.D. Miss. 1987) (in Title VII action where plaintiff alleged that she had been sexually harassed and discriminated against by her former employers, court found that plaintiff's fear of retaliation was "more likely to come from the defendants who already knew her identity than from the community at large, and therefore, fear of reprisals did not support a need for anonymity").

In *Advanced Textiles*, the case relied upon by Anonymous Plaintiffs, the "unusual" factors warranting the plaintiffs' anonymity included the following factors; they were nonresident

OPPOSITION TO INTERVENTION   6.   Case No. 1:07 CV 01428 LJO (SMS)

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

foreign workers; they were subject to a recruitment contract and did not have the freedom to quit working for one employer and seek employment at another factory in Saipan; employers could terminate plaintiffs at will and had the power to have foreign workers deported immediately; plaintiffs resided in company housing; and some employers attempted to prevent their employees from leaving the "barracks" without permission. No such extraordinary circumstances are present here.

In the present case, shielding the Anonymous Plaintiffs is not warranted for several reasons. First, they would not face extraordinary retaliation. In *So. Methodist Univ. Ass'n of Women Law Students*, plaintiffs argued that the disclosure of the identities of the four anonymous plaintiffs would leave them "vulnerable to retaliation from their current employers," among other entities. However, the Court concluded that those anonymous plaintiffs "face[d] no greater threat of retaliation than the typical plaintiff alleging Title VII violations, including the other women who, under their real names and not anonymously, have filed sex discrimination suits against large law firms." Id. at 713. Accordingly, Anonymous Plaintiffs vague and conclusory allegations should not outweigh the risk of unfairness to the opposing parties from allowing an action against them to proceed anonymously.

While Intervenor Plaintiffs contend that "Defendants do not require knowledge of the identities of the "DOE Plaintiffs" at this stage of the proceeding" and suggest that future protective orders may be warranted, it is now that Defendants need to know the identities in order to ascertain whether or not intervention is appropriate. Defending Plaintiff Intervenors' 11 extra causes of action not asserted by the EEOC's complaint would add yet another layer of collateral or extrinsic issues, which would seriously delay a determination of the rights of Defendants and would, therefore, further prejudice the Defendants. *See Nat'l American Corp. v. Fed. Republic of Nigeria*, 425 F. Supp. 1365, 1372 (S.D.N.Y. 1977) ("Courts may deny intervention in cases presenting common factual or legal issues if 'collateral or extrinsic issues are apt to be injected by the intervenor.'"); *see also Lipsett v. United States*, 37 F.R.D. 549, 553 (S.D.N.Y. 1965) ("The addition of collateral matters necessarily attendant to the trial of the movants' claims is sufficient ground for the denial of the [motion to intervene].").

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

OPPOSITION TO INTERVENTION                    7.                    Case No. 1:07 CV 01428 LJO (SMS)

Finally, Title VII provides that "[t]he person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission." 42 U.S.C. § 2000e-5(f)(1). However, "the aggrievement which a prospective intervenor must show in order to secure the right to intervene under § 706(f)(1) must relate back to the grievances with respect to unlawful employment practices which have been alleged in charges previously filed with the Commission and to remedy which the suit has been brought by the Commission." *EEOC v. AT&T*, 506 F.2d 735, 740 (3d Cir. 1974) (court did not decide whether intervention must be denied to one unless that person has actually filed a charge of unlawful employment practices with the Commission). In *EEOC v. AT&T*, the Third Circuit found that the district court did not err to the extent that it denied the union the right to intervene generally as a plaintiff under § 706(f)(1). In that case, a union filed a motion to intervene as a party plaintiff in the EEOC's lawsuit. The union asserted that it filed complaints against AT&T alleging Title VII violations, and that it had never been given the chance to be a party to the action or to participate in the negotiations leading to the memorandum of agreement and consent decree. However, the charges the union brought before the EEOC were related to maternity leave practices only, which were not a subject of the complaint or the consent decree.

The Anonymous Plaintiffs are not "aggrieved" within the meaning of Title VII or at least have not shown that they are "aggrieved," and without knowing their identities, Defendants will not be able make that determination on their own. By failing to satisfy this threshold requirement for intervention under Title VII, the Anonymous Plaintiffs should not be allowed to intervene.

## IV.   CONCLUSION

Defendants do not contest Ms. Morales right to intervene under Title VII. Defendants, however, dispute Ms. Morales' right to intervene to add any claims where the applicable statutes of limitation have since expired. Ms. Morales' Claims For Relief for False Imprisonment, Battery, Assault, Intentional and Negligent Emotional Distress, and Negligence all accrued over two years ago. The longest applicable statute of limitation is only two years. Thus, these claims are time-barred and Ms. Morales may not intervene in this action to assert new time-barred claims.

Furthermore, to allow Anonymous Plaintiffs One through Eight to intervene in this case anonymously would be to allow them to arbitrarily hurdle the threshold for intervention—i.e.,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

OPPOSITION TO INTERVENTION           8.           Case No. 1:07 CV 01428 LJO (SMS)

1  the requirement that they establish the validity of their claims. As a result, Defendants would be
2  grossly prejudiced in their efforts to ascertain such validity and are therefore grossly prejudiced in
3  their ability to oppose the Motion For Leave To Intervene by the unknown parties.

4  For all of the foregoing reasons, Defendants request that this Court deny Ms.
5  Morales' Motion to Intervene to add the Eighth through the Twelfth and Fifteenth Claims For Relief
6  and deny Anonymous Plaintiffs' One through Eight's Motion For Leave To Intervene in its entirety.

Dated: December 7, 2007

NANCY E. PRITIKIN
SPENCER HIPP
NATALIE A. PIERCE
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ABM Industries Incorporated and
ABM Janitorial Services, Inc.

Firmwide:83788852.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

OPPOSITION TO INTERVENTION           9.           Case No. 1:07 CV 01428 LJO (SMS)