IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>ABM INDUSTRIES INCORPORATED, et al.,<br><br>　　　　　Defendants. | Case No. 1:07-cv-01428 LJO TAG<br><br>ORDER GRANTING MOTION FOR LEAVE TO INTERVENE<br><br>(Doc. 8) |

**Background**

On September 28, 2007, the Equal Employment Opportunity Commission ("EEOC") commenced this civil action against defendants ABM Industries, Incorporated and ABM Janitorial Services, Inc. (Doc. 1). The complaint alleges unlawful employment practices on the basis of sex, in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991. (Id.). The complaint also seeks appropriate relief on behalf of Erika Morales and similarly situated individuals, who are alleged to have been adversely affected by such practices. (Id.).

On November 20, 2007, Erika Morales and Anonymous Plaintiffs One through Eight (collectively, "Applicants") , filed a motion for leave to intervene. (Doc. 8). On November 26, 2007, Plaintiff EEOC filed a statement of non-opposition to the motion. (Doc. 13). On December 7, 2007, Defendants ABM Industries Incorporated and ABM Janitorial Services, Inc.

(Collectively, "Defendants") filed an opposition to the motion. (Doc. 17). On January 4, 2007, Applicants filed a reply to Defendants' opposition. (Doc. 19).

The Court has read and considered the pleadings and the arguments of the respective attorneys, and rules on the motion for leave to intervene, as set forth below.

## Applicable Law

Applicants' motion for leave to intervene requires the Court to consider granting two types of relief. First, whether all of the Applicants should be allowed to intervene. Second, whether some of the Applicants should be allowed to litigate anonymously.

<u>Leave to intervene</u>

Title VII of the Civil Rights Act of 1964, as amended, provides that persons aggrieved by a violation of the Act "shall" have the right to intervene in a civil action instituted by the EEOC:

> If within thirty days after a charge is filed with the Commission . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge. In the case of a respondent which is a government, governmental agency, or political subdivision, if the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission shall take no further action and shall refer the case to the Attorney General who may bring a civil action against such respondent. . . . <u>The person or persons aggrieved shall have the right to intervene in a civil action brought by the Commission or the Attorney General in a case involving a government, governmental agency, or political subdivision.</u>

42 U.S.C. § 2000e-5(f)(1) (emphasis added). See <u>EEOC v. Brotherhood of Painters, Decorators and Paperhangers of America</u>, 384 F. Supp. 1264, 1266-67 (D.S.D. 1974) (clause restricting intervention to cases involving government, government agency or political subdivision applies only to cases filed by Attorney General; in cases filed by the EEOC itself, "the statute grants the person aggrieved an unconditional right to intervene").

Rule 24(a) of the Federal Rules of Civil Procedure, in turn, provides as follows:

> (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene . . . .

Fed. R. Civ. P. 24(a). The Court must consider three factors to determine whether an application to intervene is timely: (1) the stage of the proceedings; (2) the reason for any delay in moving to

intervene; and (3) whether the parties would be prejudiced. Northwest Forest Resource Council v. Glickman, 82 F.3d 825, 836-837 (9th Cir. 1996).

Here, the proposed complaint in intervention alleges that all of the Applicants are aggrieved employees and/or similarly situated individuals within the meaning of Title VII. (Doc. 10-2, ¶¶ 8-15, 35-40). Thus, all of the Applicants have the right to intervene. As to timeliness, there is no dispute that this action has only recently commenced, and there has been no delay in moving to intervene. The motion for leave to intervene was filed less than two months after the EEOC filed its complaint in this action. (Docs. 1, 8). Thus, the motion is timely.

1. Statutes of limitation

Plaintiff EEOC does not oppose intervention. Defendants do not oppose intervention by Applicant Morales with respect to the original claims in the EEOC's complaint. However, the proposed complaint in intervention (Doc. 10-2) (the "CI") contains six additional state law claims that are not included in the EEOC's complaint.[1] Defendants contend that Applicant Morales should not be allowed to intervene to add the six additional state law claims, because they are barred by the applicable statutes of limitation. Defendants also contend that the statutes of limitation are "likely" to bar the claims of the remaining anonymous Applicants (the "Eight Anonymous Plaintiffs"). Applicants contend that their state law claims are not time-barred because they are subject to equitable tolling under California law during the pendency of federal and state claims with the EEOC and the California Department of Fair Employment and Housing. (Doc. 19, p. 2).

A violation of the statute of limitations is a defense to a claim and may be raised by a motion to dismiss or a motion for summary judgment. A claim can be dismissed for failure to state a valid claim when a violation of the limitations period is evident from the face of the complaint. "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not

---

[1] The six new state law causes of action are: false imprisonment (8th claim), assault (9th claim), battery (10th claim), intentional infliction of emotional distress (11th claim), negligent infliction of emotional distress (12th claim), and negligence (15th claim).

3

1  permit the plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614 F.2d
2  677, 682 (9th Cir. 1980) (citing Leone v. Aetna Casualty & Surety Co., 599 F.2d 566 (3rd Cir.
3  1979). Here, the length of the limitation periods for the additional state law claims, including
4  related questions of equitable tolling of such periods, are governed by California law. See
5  Cervantes v. City of San Diego, 5 F.3d 1273, 1275 (9th Cir. 1993)(citing Wilson v. Garcia, 471
6  U.S. 261, 269, 105 S. Ct. 1938 (1985), superseded by statute on other grounds as recognized in
7  Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 379-380, 124 S.Ct. 1836 (2004)).

8  Under California law, a plaintiff is entitled to equitable tolling as he pursues a remedy in another forum, when his actions establish (1) timely notice to the defendants in filing the first claim; (2) lack of prejudice to the defendants in gathering evidence for the second claim; and (3) good faith and reasonable conduct in filing the second claim. Cervantes, 5 F.3d 1275. As noted in Cervantes, California's equitable tolling test is a fact-intensive one, which calls for a practical inquiry that ordinarily requires the court to consider matters outside the pleadings. Cervantes, 5 F.2d at 1276. For that reason, California's equitable tolling test "is more appropriately applied at the summary judgment or trial stage of litigation." Id.

16  Based on the pleadings filed to date, it is impossible for the Court to ascertain with any degree of certainty whether the state law claims in Applicants' proposed CI are time-barred. The Court concludes that at this stage of the proceedings, the alleged violations of the applicable statutes of limitation, standing alone, are not sufficient to deny Applicants the right to intervene in this action.

21  In addition to the foregoing, the Court concludes that Applicants' CI contains the same federal causes of action as the EEOC's original complaint, and the additional state claims alleged in the CI arise from essentially the same set of operative facts as the federal claims alleged in the CI. At this early stage in the litigation, the Court also concludes that intervention will not unduly delay or prejudice adjudication of the rights of the original parties. Fed. Rule Civ. P. 24.

26  2. Anonymity

27  In their reply brief, Applicants contend that anonymity of the Eight Anonymous Plaintiffs is not the subject of this motion, despite the fact that they seek an order granting leave of Court to

1 file a complaint in intervention adding "Eight Anonymous Plaintiffs " in this action. (Doc. 19,
2 pp. 14, 20). Nevertheless, Applicants contend that the Eight Anonymous Plaintiffs should be
3 allowed to prosecute this action anonymously because disclosure of their identities will subject
4 them to retaliation, including serious physical harm, and cause them to suffer public humiliation.
5 Defendants object to intervention, on the additional ground that the Eight Anonymous Plaintiffs
6 should not be allowed to litigate anonymously. Defendants contend that they will be unable to
7 meaningfully investigate and defend against claims by unnamed intervenors.

8     (A) <u>Applicable law</u>

9 The Federal Rules of Civil Procedure do not expressly authorize or absolutely bar Doe or
10 anonymous plaintiffs. <u>Coe v. U.S. District Court</u>, 676 F.2d 411, 415 (10th Cir. 1982). There are
11 two Federal Rules of Civil Procedure relevant to this issue. The first is Rule 10(a), which
12 provides in relevant part that: "The title of the complaint must name all the parties." The second
13 is Rule 17(a), which provides that: "An action must prosecuted in the name of the real party in
14 interest."

15 The Supreme Court implicitly recognized pseudonyms in abortion cases, with minimal
16 discussion. <u>Roe v. Wade</u>, 410 U.S. 113, 120-121, fn. 4, 93 S. Ct. 705 (1973); <u>Doe v. Bolton</u>,
17 410 U.S. 179, 184, fn. 6, 93 S.Ct. 739 (1973). However, the use of pseudonyms is discouraged
18 as against the public's legitimate interest in the facts of a lawsuit. <u>Does 1-XXIII v. Advanced
19 Textile Corp.</u>, 214 F.3d 1058, 1067 (9th Cir. 2000); <u>Doe v. Stengall</u>, 653 F.2d 180, 185 (5th Cir.
20 1981); <u>Southern Methodist University Ass'n of Women Law Students v. Wynne & Laffe</u>, 599
21 F.2d 707, 713 (5th Cir. 1979).

22 Some courts have strictly interpreted Rule 10(a), requiring that the complaint specifically
23 name the parties before the court will recognize the commencement of the action. Thus, when
24 the parties seek anonymity, they are in a procedural dilemma -- if they follow Rule 10(a), they
25 automatically reveal their identities; if they do not, they risk dismissal of their case. Therefore,
26 some courts have developed procedural mechanisms to allow parties to commence an action
27 without violating the procedural rules. Colleen Michuda, <u>Defendant Doe's Quest for Anonymity:
28 Is the Hurdle Insurmountable?</u>, 29 Loy.U.Chi. L.J. 141, 148 (1997). For example, a plaintiff

seeking to proceed anonymously should proceed in one of the following ways: 1) file a complaint featuring his true name, along with a motion for a protective order, or for leave to amend to shield his identity; 2) file a complaint under a pseudonym, but attach his true name in an affidavit; or 3) file a complaint under a pseudonym, but sign his true name, verifying the complaint. Id.  Some courts will grant plaintiffs limited permission to commence an action under a pseudonym, but then request further memoranda demonstrating the need for anonymity before issuing a more permanent protective order. See Gomez v. Buckeye Sugars, 60 F.R.D. 106, 107 (N.D. Ohio 1973)(allowing the use of pseudonyms only until the court determined whether defendants were joint employers of plaintiffs for purposes of the action).

Although some Circuits require plaintffs to obtain leave of the court before filing an anonymous pleading, the Ninth Circuit does not.  However, plaintiffs must obtain leave to proceed under fictitious names. Advanced Textile, 214 F.3d at 1063-1064, 1067-1068.

(B)  Use of Pseudonyms

Use of pseudonyms by plaintiffs is uncommon, but nevertheless allowed in the unusual case where nondisclosure of a party's identity is necessary to protect a person from harassment, injury, ridicule, or personal embarrassment. Advanced Textile, 214 F.3d at 1067-1968 (citing United States v. Doe, 655 F.2d 920, 922 n.1 (9th Cir. 1981) (The court substituted pseudonyms because appellant, a prison inmate, "faced a serious risk of bodily harm" if it was revealed that he was a government witness).  In Advanced Textile, the Ninth Circuit Court of Appeals surveyed the use of pseudonyms in its sister circuits.  The Ninth Circuit found that the courts applied a balancing test, weighing the need for anonymity against the general presumption that litigants' identities are public information and the risk of prejudice to the opposing part. Id. at 1068.  The Ninth Circuit noted that when applying this balancing test, courts have permitted plaintiffs to use pseudonyms in three situations: "(1) when identification creates a risk of retaliatory physical or mental harm (citations omitted); (2) when identification is necessary to preserve privacy in a matter of sensitive and highly personal nature (Doe v. United State Life Ins. Co., 123 F.R.D. 437 (S.D.N.Y. 1988)(plaintiff allowed to anonymously sue his insurance company as protection against being identified as a homosexual); James v. Jacobson, Jr., 6 F.3d 233 (4th Cir.

1992(found district court should have allowed pseudonyms at trial in artificial insemination case in which doctor may have been father of children) and (3) when the anonymous party is compelled to admit his or her intention to engage in illegal conduct, thereby risking criminal prosecution (quotation and citations omitted)." Id.

The Ninth Circuit ultimately held that a party "may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing that party's identity." Advanced Textile, 214 F. 3d at 1068. The Ninth Circuit further held that if pseudonyms are necessary to shield a party from retaliation, the following factors should be evaluated to determine the need for anonymity: "(1) the severity of the threatened harm; (2) the reasonableness of the anonymous party's fears; and (3) the anonymous party's vulnerability to such retaliation." Id. (Citations omitted). The Ninth Circuit also held that the trial court must consider the precise prejudice the motion would cause the opposing party at each stage of the proceedings, and whether the proceedings may be structured so as to mitigate that prejudice. Id. at 1068-1069. Finally, the Ninth Circuit held that the trial court must determine whether the public's interest in the case is best served by requiring the litigants to reveal their identities. Id. at 1068.

(C) Application

In light of the factors discussed in Advanced Textile, the Court now considers Defendants' objection to the anonymity of the Eight Anonymous Plaintiffs.

(i) Severity of the threatened harm

Applicants contend that the Eight Anonymous Plaintffs will become embarrassed, at best, or will face a danger of serious physical injury, at worst, if their identities are disclosed at the present time. They are concerned that they will be embarrassed by the public disclosure of the nature of their allegations against Defendants, which if proven, will identify them as victims of sexual harassment and sexual crimes in the small community where they live and work. (Doc. 10-2, ¶ 6). Applicants also fear that one of Defendants' employees, Defendant Jose Vasquez, may physically retaliate against the Eight Anonymous Plaintiffs if their identities are disclosed.

(Id.). Finally, Applicants are concerned that the Eight Anonymous Plaintiffs will suffer economically if their identities are disclosed. (Id.).

Here, the most severe alleged threat of harm is physical violence. The proposed "CI" alleges that Applicants fear they will suffer serious physical violence "by Defendant or Defendant's agents based upon direct and indirect threats." (Doc. 10-2, ¶ 6). The CI also alleges that Defendant Jose Vasquez "has previously been convicted of a violent crime," "has committed violent crimes against [Applicants]," was hired by the corporate Defendants and "placed in a supervisory position over women" in the workplace, and "has a reputation for violence." (Doc. 10-2, ¶ 6). One of the Applicants, Erica Morales, has sued in her own name.

Counsel for Applicants represented to the Court at the hearing on the instant motion, that no criminal charges have been filed against Defendant Vasquez with respect to the Applicants, including the Eight Anonymous Plaintiffs, and the crimes that Defendant Vasquez is alleged to have committed against them, are the matters alleged in the CI. The CI describes Defendant Vasquez as a registered sex offender who was convicted of forcible rape (California Penal Code § 261(a)(2)), but it does not allege the date of his conviction. (Doc. 10-2, ¶ 22). The CI also alleges that Defendant Vasquez raped a female employee at the worksite, but it does not specify whether the victim is a party to this action. (Doc. 10-2, ¶ 36). The CI describes numerous crimes of violence alleged to have been committed by Defendant Vasquez against Applicants, including some of the Eight Anonymous Plaintiffs. For example, the CI alleges that on several occasions, Defendant Vasquez grabbed Applicant Morales and three of the Anonymous Plaintffs, "restrained them in an enclosed environment, and committed violent sexual touching and/or sexual penetration." (Doc. 10-2, ¶ 116). The CI also alleges that as to one of the Anonymous Plaintiffs, Defendant Vasquez "forced himself on her and sexually penetrated [her] without her consent." (Doc. 10-2, ¶ 122 ). It also alleges that on numerous occasions, Defendant Vasquez subjected Applicant Morales and three of the Anonymous Plaintiffs to "unwelcome and violent touching sexual touching, which include, but are not limited to the touching of genital areas, buttocks, hips, and/or breasts." (Doc. 10-2, ¶ 127). The CI also alleges that Defendant Vasquez "repeatedly hugged female employees, including [Applicants] from behind and groped their

private parts with his hands," "exposed himself and tried to force the female employees to touch him sexually," and "repeatedly subjected the female employees to leering, suggestive, and propositioning language." (Doc. 10-2, ¶ 36).

    (ii) <u>Reasonableness of the fear</u>

The Court has considered whether and to what extent, it is reasonable for the Eight Anonymous Plaintiffs to believe that they will suffer harm if their identities are disclosed. Applicants must show that their fear is objectively reasonable. Here, although Applicants submitted no declarations attesting to their fear, the allegations in the CI allege that Applicants "subjectively fear that Jose Vasquez may harm them and this subjective fear is objectively based." (Doc. 10-2, ¶ 6). The CI allegations, if true, describe a workplace where a convicted rapist was allowed to supervise women in work situations that compromised the physical safety of women employees and subjected them to sexual violence. Based on the allegations in the CI, the Court concludes that Applicants' fear of serious physical harm is objectively reasonable.

    (iii) <u>Vulnerability to retaliation</u>

The Court has also considered whether Applicants are vulnerable to retaliation. <u>Advanced Textile</u>, 214 F. 3d at 1068. Plaintiffs alleging sexual harassment generally have not been allowed to proceed anonymously. <u>Doe v. Bell Atlantic Bus. Sys.Services</u>, 162 F.R.D. 418, 420-421 (D.Mass. 1995); see <u>Southern Methodist University Ass'n of Women</u>, 599 F.2d at 713. However, anonymity is justified where plaintiffs face "greater threats of retaliations than the typical plaintiff." (<u>Advanced Textile</u>, 214 F.3d at 1070-1071; See <u>Doe v. Stengall</u>, 653 F.2d 180, 186 (5th Cir. 1891) . Here, in light of the numerous allegations of serious physical harm inflicted by Defendant Vasquez upon at least some of the Eight Anonymous Plaintffs, and the allegations that he was afforded access to them at the workplace as a consequence of his job as a supervisor, the Court concludes that the Eight Anonymous Plaintiffs are vulnerable to retaliation.

    (iv) <u>Prejudice to Defendants</u>

The Court must consider the prejudice that the Eight Anonymous Plaintffs' anonymity would work on Defendants at each stage of the proceedings. As discussed in <u>Advanced Textile</u>, anonymity may prevent Defendants from mounting a meaningful defense. <u>Advanced Textile</u>,

9

214 F. 3d at 1069. Here, Defendants recently filed an answer and the case is in the discovery phase. (Docs. 14, 15). Applicants have offered to stipulate to protective orders or other mechanisms to provide Defendants an opportunity to conduct meaningful discovery. Applicants have established a serious risk of physical harm if the identities if the Eight Anonymous Plaintiffs are disclosed at this time. The Court concludes that Applicants have established that the Eight Anonymous Plaintiffs' need for anonymity outweighs the prejudice that anonymity may work on Defendants at the present time.

    (v) <u>Public's interest court proceedings</u>

As discussed, <u>supra</u>, Rule 10(a) of the Federal Rules of Civil Procedure requires that a complaint name all of the parties. The reason for the rule is to apprise the parties of their opponents, and to protect "the public's legitimate interest in knowing all the facts and events surrounding court proceedings." <u>Doe v. Texaco, Inc.</u>, 2006 WL 2850035 *6 (N.Dist. Cal. Oct. 2006)(citing <u>Doe v. Rostker</u>, 89 F.R.D. 158, 160 (D.C.Cal. 1981)). The Court finds that Applicants have established that at this early stage of litigation, the Eight Anonymous Plaintiffs' need for anonymity outweighs the public's interest in knowing their identities.

Accordingly, the Court overrules Defendants' anonymity objection to the instant motion, without prejudice.

## CONCLUSION AND ORDER

For the reasons stated above, the Court makes the following order:

1. Applicants' Motion for Leave to Intervene (Doc. 8) is granted.

2. The proposed complaint in intervention (Doc. 10-2) is to be filed by March 7, 2008, and served forthwith.

IT IS SO ORDERED.

Dated:  **March 4, 2008**                   /s/ **Theresa A. Goldner**
                                                      UNITED STATES MAGISTRATE JUDGE