Stan S. Mallison, (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue, Suite A
Lafayette, CA  94549
Telephone: (925) 283-3842
Facsimile:  (925) 283-3426

Counsel for Plaintiffs ERIKA MORALES and
PLAINTIFFS ONE through EIGHT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>PLAINTIFF INTERVENORS,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA, JOSE VASQUEZ; Does 1-10 Inclusive,<br><br>Defendant. | Case No.: **1:07-CV-01428-LJO-SMS**<br><br>**COMPLAINT IN INTERVENTION**<br><br>1. **Unlawful Employment Discrimination Based on Sex (Title VII)**<br>2. **Unlawful Employment Discrimination Based on Sex (Cal. Govt. Code 12940)**<br>3. **Hostile Work Environment- Sexual Harassment (Title VII)**<br>4. **Hostile Work Environment- Sexual Harassment (Cal Govt. Code 12940)**<br>5. **Quid Pro Quo Sexual Harassment (Title VII)**<br>6. **Relief From Retaliation (Title 11 of 1964 Civil Rights Act)**<br>7. **Relief From Unlawful Retaliation (Cal. Govt. Code 12940(H))**<br>8. **Civil Action for Damages Arising from Gender Violence (Cal. Civ. Code 52.4)**<br>9. **False Imprisonment**<br>10. **Assault**<br>11. **Battery**<br>12. **Intentional Infliction of Emotional Distress**<br>13. **Negligent Infliction of Emotional Distress**<br>14. **Aiding and Abetting Sexual Harassment, Sex Discrimination, and Retaliation** |

1 )   **15. Failure to Prevent Discrimination and Harassment (Cal. Govt. Code §12940(k))**
2 )   **16. Negligence**
3 )   **DEMAND FOR JURY TRIAL**

## I.   NATURE OF ACTION

1.     This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, the California Fair Employment and housing Act, California Government Code §§12940 et seq. (the "FEHA") and other California statutory and common law theories to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Erika Morales, additional plaintiffs pleading anonymously, and similarly situated individuals, who were adversely affected by such practices.  This action is brought by current and former employees: ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT (collectively "PLAINTIFF INTERVENORS") against Corporate defendants ABM INDUSTRIES INCORPORATED, ABM JANITORIAL SERICES, INC., and ABM JANITORIAL SERVICES, NORTHERN CALIFORNIA (Collectively "ABM INC") and individual defendant JOSE VASQUEZ (collectively with corporate defendants "ABM").  PLAINTIFF INTERVENORS were subjected to a hostile environment and quid pro quo sexual harassment based on their sex during their employment with ABM and their wholly owned and controlled subsidiaries.

## II.   JURISDICTION AND VENUE

2.     PLAINTIFF INTERVENORS' claims arise under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§2000(e), et seq ("Title VII").  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§1331, 1337, and 1343(a)(4) and other provision of Federal law.  This Court has supplemental jurisdiction over PLAINTIFF INTERVENORS' claims brought under the California FEHA and other state statutory and common law remedies pursuant to 28 U.S.C. §1367.

1  Injunctive and declaratory relief, damages and other appropriate legal and equitable relief are

2  sought pursuant to 42 U.S.C. §2000e(f) and (g), as amended, and applicable provisions of

3  California State law including, but not limited to FEHA.  Jurisdiction in this court is proper

4  because the employment practices that PLAINTIFF INTERVENORS allege to be unlawful were

5  and now being committed in California within the jurisdiction of the United States District Court

6  for the Eastern District of California.

7

8                          **III.   INTRADISTRICT ASSIGNMENT**

9          3.       This case is properly assigned to the Fresno Division of the Eastern District of

10  California because the action arose from occurrences in Kern County and/or other counties covered

11  by Local Rule 3-120(d).

12                          **IV.   PARTIES**

13         4.       Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or

14  "Commission"), is the agency of the United States of America charged with the administration,

15  interpretation and enforcement of Title VII, and is expressly authorized to bring this action by

16  Section 706(f)(l) and (3) and 707 of Title VII, 42 U.S.C. §2000e-5(f)(l) and (3) and §2000e-6(e).

17         5.       Intervenor Plaintiff ERIKA MORALES ("MORALES") is a California resident.  At

18  all relevant times herein, MORALES has been employed by ABM INC as a non-exempt employee.

19         6.       Other than ERIKA MORALES, PLAINTIFF INTERVENORS are pled as "DOE

20  Plaintiffs" in this action in conformity with the Ninth Circuit precedent Does I thru XXIII v.

21  Advanced Textile Corp., 214 F.3d 1058 (9th Cir. 2000) to preserve their anonymity at this stage of

22  the judicial proceeding.  Naming the Plaintiffs as "DOEs" is appropriate at this stage in the

23  proceeding because their need for anonymity outweighs any prejudice to the opposing parties as

24  well as the public's interest in knowing any party's identity.  In particular, the Plaintiffs should be

25  identified here only as DOEs because: (1) the threatened harm includes serious physical violence

26  by Defendant or Defendant's agents based upon direct and indirect threats, (2) Defendant JOSE

27  VASQUEZ has previously been convicted of a violent crime, (3) JOSE VASQUEZ has committed

28

violent crimes against PLAINTIFF INTERVENORS, (4) the Corporate Defendants hired and placed JOSE VASQUEZ in a supervisory position over women knowing of his criminal record of sexual violence, (5) JOSE VASQUEZ has a reputation for violence so that PLAINTIFFS INTERVENORS subjectively fear that JOSE VASQUEZ may harm them and this subjective fear is objectively based, (6) there is significant and well-documented economic threat to the livelihood of these low-wage workers, who have no economic recourse other than to work in this low-wage industry in this geographical area, (7) the PLAINTIFF INTERVENORS are particularly vulnerable due to their socio-economic status and because the economic coercion that historically has been applied in this industry would effectively threaten their ability to survive and provide for their families, (8) the immigration status of janitorial workers and their family members historically has been used to curtail these workers' fight for the protections of the labor laws and other civil rights, (9) the nature of the allegations make revelation of the identities of the anonymous PLAINTIFF INTERVENORS highly prejudicial to them in relations with other and would create needless additional harm and prejudice.  Defendants do not require knowledge of the identities of the "DOE Plaintiffs" at this stage of the proceeding.  Any future need for these names can be resolved by the District Court through pretrial management procedures, including the issuance of protective orders limiting disclosure of a party's name to the greatest extent possible without prejudicing the opposing party's ability to litigate the case.  Nonparties do not require the knowledge of the identities of "DOE Plaintiffs" at this stage of the proceedings, if ever.  As noted by the Ninth Circuit, "it may never be necessary, however, to disclose the anonymous parties' identities to nonparties to the suit."  Advanced Textile Corp., supra, 214 F.3d at 1058.

7.    Intervenor Plaintiff ERIKA MORALES is a California resident.  At all relevant times herein, ONE has been employed by ABM INC and its subsidiaries as a non-exempt employee.

8.    Intervenor Plaintiff "ONE" is a California resident.  At all relevant times herein, ONE has been employed by ABM INC and its subsidiaries as a non-exempt employee.

9.    Intervenor Plaintiff "TWO" is a California resident.  At all relevant times herein, TWO has been employed by ABM INC and its subsidiaries as a non-exempt employee.

10.     Intervenor Plaintiff "THREE" is a California resident.  At all relevant times herein, THREE has been employed by ABM INC and its subsidiaries as a non-exempt employee.

11.     Intervenor Plaintiff "FOUR" is a California resident.  At all relevant times herein, FOUR has been employed by ABM INC and its subsidiaries as a non-exempt employee.

12.     Intervenor Plaintiff "FIVE" is a California resident.  At all relevant times herein, FIVE has been employed by ABM INC and its subsidiaries as a non-exempt employee.

13.     Intervenor Plaintiff "SIX" is a California resident.  At all relevant times herein, SIX has been employed by ABM INC. and its subsidiaries as a non-exempt employee.

14.     Intervenor Plaintiff "SEVEN" is a California resident.  At all relevant times herein, SEVEN has been employed by ABM INC and its subsidiaries as a non-exempt employee.

15.     Intervenor Plaintiff "EIGHT" is a California resident.  At all relevant times herein, EIGHT has been employed by ABM INC and its subsidiaries as a non-exempt employee.

16.     ABM INC is one of the largest facility services contractors listed on the New York Stock Exchange.  With annual revenues in excess of $2.4 billion and approximately 75,000 employees, ABM and its Subsidiaries provide janitorial, parking, security, engineering, lighting, and mechanical services for thousands of commercial, industrial, institutional and retail facilities in hundreds of cities throughout the United States and in British Columbia, Canada.  As noted in its 2005 10-K:

> The Company performs janitorial services through a number of the Company's subsidiaries, primarily operating under the names "ABM Janitorial Services," "American Building Maintenance" and "ABM Lakeside Building Maintenance."  The Company provides a wide range of basic janitorial services for a variety of facilities, including commercial office buildings, industrial plants, financial institutions, retail stores, shopping centers, warehouses, airport terminals, health and educational facilities, stadiums and arenas, and government buildings.  Services provided include floor cleaning and finishing, window washing, furniture polishing, carpet cleaning and dusting, as well as other building cleaning services.  The Company's Janitorial subsidiaries maintain 111 offices in 42 states, the District of Columbia and one Canadian province, and operate under thousands of individually negotiated building maintenance contracts, nearly all of which are obtained by competitive bidding.

Workers such as INTERVENOR PLAINTIFFS do all of the above-described janitorial work, and from which all of the profits obtained by ABM for janitorial services are derived.

17.     Defendant ABM Industries Incorporated ("ABM INDUSTRIES INCORPORATED") is a facility services contractor which employs INTERVENOR PLAINTIFFS and some 75,000 employees nationwide who provides janitorial, parking, security, engineering, lighting, and mechanical services of thousands of commercial, industrial, institutional, and retail facilities in hundreds of cities.  The Corporate headquarters of ABM INDUSTRIES INCORPORATED is located at 160 Pacific Avenue, Suite 222, San Francisco, California 94111. ABM INDUSTRIES INCORPORATED's agent for service of process is CT Corporation System, 818 West 7th Street, Los Angeles, California 90017.  ABM INDUSTRIES INCORPORATED has created a maze of wholly-owned and closely controlled business units and subsidiaries in an attempt to improperly insulate itself from liability.  ABM INDUSTRIES INCORPORATED previously described "ABM Janitorial Services" as an "operating unit of ABM Industries Incorporated."  During the period in question, ABM INDUSTRIES INCORPORATED created ABM JANITORIAL SERVICES INC.  ABM INDUSTRIES INCORPORATED violated or caused to be violated the violations described in this complaint.

18.     Defendant ABM Janitorial Services Inc. ("ABM JANITORIAL SERVICES INC.") is a Delaware corporation and a wholly-owned and controlled subsidiary of ABM INDUSTRIES INCORPORATED.  ABM JANITORIAL SERVICES INC. filed for qualification to transact intrastate business with the California Secretary of State on January 3, 2005.  ABM JANITORIAL SERVICES INC. is a citizen of California and has its headquarters at 160 Pacific Avenue, Suite 222, San Francisco, California 94111.  ABM JANITORIAL SERVICES INC.'s agent for service of process is CT Corporation System, 818 West 7th Street, Los Angeles, California 90017.  ABM JANITORIAL SERVICES INC is controlled by and required to abide by ABM INDUSTRIES INCORPORATED's policies and directives regarding sexual harassment and other employment matters.

19.     DEFENDANT ABM Janitorial Services – Northern California (aka ABM Janitorial – Northern California or ABM Janitorial  Nor-Cal) ("ABM JANITORIAL-NOR CAL") is a California corporation and a wholly-owned and controlled subsidiary of ABM JANITORIAL SERVICES INC., which in turn is a wholly-owned and controlled subsidiary of ABM

1   INDUSTRIES INCORPORATED.  Defendants appear to have made inconsistent representations

2   to the State of California and the Securities and Exchange Commission with regards to whether the

3   proper name of this entity contains the word "Services."  To the extent to which there is any

4   distinction meant by these representations, INTERVENOR PLAINTIFFS intend to name both of

5   these entities which they believe are wholly owned and controlled by ABM INDUSTRIES

6   INCORPORATED.  ABM JANITORIAL-NOR CAL filed for qualification to transact intrastate

7   business with the California Secretary of State on October 26, 1948.  ABM JANITORIAL-NOR

8   CAL is a citizen of California and has its headquarters at 160 Pacific Avenue, Suite 222, San

9   Francisco, California 94111.  ABM JANITORIAL-NOR CAL's agent for service of process is CT

10  Corporation System, 818 West 7th Street, Los Angeles, California 90017.  ABM JANITORIAL-

11  NOR CAL jointly employed Plaintiffs under the control and direction of ABM INDUSTRIES

12  INCORPORATED.  ABM JANITORIAL –NOR CAL jointly violated or jointly caused to be

13  violated the payroll violations described in this complaint.

14      20.    Except as noted above, at all relevant times, Defendants, ABM INDUSTRIES INC,

15  ABM JANITORIAL INC., and ABM JANITORIAL NOR-CAL have continuously been an

16  employer engaged in an industry affecting commerce within the meaning of Sections 701(b) (g)

17  and (h) of Title VII, 42 U.S.C. §§2000e(b), (g) and (h).

18      21.    At all relevant times, except as noted above for ABM JANITORIAL INC., the

19  above noted corporate defendants have continuously been doing business in the State of California,

20  and has continuously had at least 15 employees.

21      22.    Defendant Jose Guadalupe Vasquez ("JOSE VASQUEZ") is a male born on or

22  about October 9, 1954 who is approximately 5' 10" and weighs approximately 250 pounds

23  according to the California Registered Sex Offender Profile Display.[1]  JOSE VASQUEZ is a

24  resident of Bakersfield in Kern County, California.  JOSE VASQUEZ was convicted of California

25  Penal Code violation 261(a)(2) (Rape by Force) which reads:

26          261.  (a) Rape is an act of sexual intercourse accomplished with a person not
            the spouse of the perpetrator, under any of the following circumstances:

27  _____

[1]     At the time of this filing, this information was available at:

28  http://www.meganslaw.ca.gov/cgi/prosoma.dll?searchby=offender&id=1869408327235

1 …

2 (2) Where it is accomplished against a person's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury

3 on the person or another.

4 JOSE VASQUEZ was hired by ABM INC despite the fact that ABM INC supervisors had

5 contemporaneous express knowledge of JOSE VASQUEZ's criminal background.  ABM INC and

6 its supervisors had contemporaneous express knowledge of JOSE VASQUEZ's criminal

7 background when assigning JOSE VASQUEZ to supervise INTERVENOR PLAINTIFFS and

8 other female employees to work in isolated conditions late at night under his control.  ABM INC.

9 and its supervisors also had access and continued to have access to the California Registered Sex

10 Offender websites where any  questions as to JOSE VASQUEZ's conviction or status as a

11 Registered Sex Offender.

12 23.    ABM INC's awareness of the problem of sexual harassment of female janitorial

13 workers is heightened for a number of reasons including the fact that ABM INC was recently sued

14 in Federal Court in Minneapolis on similar charges involving eight female workers.  Linda

15 Auwers, the Senior Vice President, General Counsel & Secretary of ABM stated on or about May

16 16, 2006 with regards to the Minnesota litigation:

17 For many years, we have had strong policies and initiatives to maintain a tolerant and inclusive workplace.  Those include zero tolerance for sexual

18 harassment.

19 Despite the Minnesota case and Ms. Auwers assurances, many of the acts involved in this case

20 occurred after the filing of Ms. Auwers' statement demonstrating a lack of concern by ABM INC

21 and Ms. Auwers in the wrongdoings as issue in this case.

22 24.    The acts and failures to act alleged herein were duly performed by and attributable

23 to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint

24 employer, integrated enterprise and/or or under Title VII of the Civil Rights Act of 1964, as the

25 direction and control of the others, except as specifically alleged otherwise. Said acts and failures

26 to act were within the scope of such agency and/or employment, and each Defendant participated

27 in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of

28 herein.

25.    Whenever and wherever reference is made in this Complaint to any act by a

Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and

failures to act of each Defendant acting individually, jointly, and/or severally.

**ABM Industries Exercises Complete Control over the Labor Practices of ABM Janitorial Services, Inc., ABM Janitorial Services – Northern California, and other Subsidiaries**

26.    Pursuant to ABM INDUSTRIES INCORPORATED's 2004 10-K filing with the

Securities and Exchange Commission, Defendant ABM INDUSTRIES INCORPORATED has the

following subsidiaries as of October 31, 2006:

| Name | State of Incorporation | Percentage of Voting Securities Owned by Immediate Registrant |
|---|---|---|
| ABM Industries Incorporated | Delaware | |
| (*) ABM Amtech Incorporated | California | 100% |
| ABM Co. of Boston | California | 100% |
| ABM Engineering Services Company | California | 100% |
| ABM Facility Services Company | California | 100% |
| ABM Family Fund Corporation | California | n/a |
| ABM Global Facility Services | California | 100% |
| International Technology Facility Services, LLC | California | 50% |
| ABM Industries Charitable Foundation | California | n/a |
| ABM Janitorial Northeast, Inc. | California | 100% |
| ABM Janitorial Services — Northern California | California | 100% |
| ABM Janitorial Services Co., Ltd. | British Columbia | 100% |
| ABM Lakeside, Inc. | California | 100% |
| ABM Mid-Atlantic, Inc. | California | 100% |
| ABM Payroll Service, Inc. | California | 100% |
| ABM Security Services, Inc. | California | 100% |
| ABM Supply Company | California | 100% |
| ABMI Investment Co. *** | California | 100% |
| American Building Maintenance Co. | California | 100% |
| American Building Maintenance Co. of Georgia | California | 100% |
| American Building Maintenance Co. of Hawaii** | California | 100% |
| Allied Maintenance Services, Inc. | Hawaii | 100% |
| American Building Maintenance Co. of Illinois | California | 100% |
| American Building Maintenance Co. of Kentucky | California | 100% |
| American Building Maintenance Co. of New York | California | 100% |
| American Building Maintenance Co. of New York — Manhattan | California | 100% |
| American Building Maintenance Co. of Utah** | California | 100% |

| American Building Maintenance Co. — West | California | 100% |
|---|---|---|
| American Public Services | California | 100% |
| American Commercial Security Services of New York, Inc. | California | 100% |
| American Security and Investigative Services, Inc. | California | 100% |
| ABMI Security Services, Inc. | California | 100% |
| American Commercial Security Services, Inc. | California | 100% |
| Ampco — M | California | 99% |
| Ampco System Parking | California | 100% |
| Amtech Energy Services** | California | 100% |
| Amtech Lighting & Electrical Services | California | 100% |
| Amtech Lighting Services | California | 100% |
| Amtech Lighting Services of the Midwest | California | 100% |
| Amtech Reliable Elevator Company of Texas** | Texas | 100% |
| Beehive Parking, Inc.** | Utah | 100% |
| Bonded Maintenance Company | Texas | 100% |
| Bradford Building Services, Inc. | California | 100% |
| Canadian Building Maintenance Company, Ltd. | British Columbia | 100% |
| Supreme Building Maintenance, Ltd. | British Columbia | 100% |
| CommAir Mechanical Services | California | 100% |
| Commercial Air Conditioning of Northern California, Inc. | California | 100% |
| Commercial Property Services, Inc. | California | 100% |
| Pansini Oakland Associates *** | California | 90% |
| Servall Services, Inc. | Texas | 100% |
| SSA Security, Inc. | California | 100% |
| Elite Security, Inc. | California | 100% |
| System Parking, Inc. | California | 100% |
| Towel and Linen Service, Inc.** | California | 100% |
| (*) | Subsidiary relationship to ABM Industries Incorporated or to subsidiary parents shown by progressive Indentation. | |
| (**) | Inactive companies | |
| (***) | A Limited Partnership | |

27.     The 2004 and 2006 10-K constitutes an admission of ABM INDUSTRIES INCORPORATED that ABM INDUSTRIES INCORPORATED is a joint employer of the employees of ABM INDUSTRIES INCORPORATED and its Subsidiaries.  In particular, the 2004 10-K defines "Company" for purposes of the filing as "ABM <u>and</u> its subsidiaries" (emphasis added) and states expressly at pages 5-6 of the 10-K:

<u>Employees</u>

The Company employs approximately 73,000 persons, of whom the vast majority are service employees who perform janitorial, parking, security, engineering and lighting services. Approximately 29,000 of these employees are covered under collective bargaining agreements at the local level. There are about 4,000 employees with executive, managerial, supervisory, administrative, professional, sales, marketing or clerical responsibilities, or other office assignments.

The Company's 2006 10-K claims similarly, that:

> The Company employs approximately 75,000 persons, of whom the vast majority are service employees who perform janitorial, parking, security, engineering and lighting services. Approximately 29,000 of these employees are covered under collective bargaining agreements at the local level. There are about 4,000 employees with executive, managerial, supervisory, administrative, professional, sales, marketing or clerical responsibilities, or other office assignments.

28.     On December 22, 2006, ABM Industries Incorporated filed with the United States

Securities and Exchange Commission its Annual Report ("10-K") for the Fiscal Year ending

October 31, 2006.  As Exhibit 21.1 of this filing ABM Industries Incorporated must list all of its

subsidiaries which it lists as:

| Name | State of Incorporation | Percentage of Voting Securities Owned by Immediate Parent Registrant |
|---|---|---|
| ABM Industries Incorporated | Delaware | |
| (*) ABM Facility Services Company | California | 100% |
| ABM Engineering Services Company | California | 100% |
| ABM CMS, Inc. ** | California | 100% |
| ABM Janitorial Services, Inc. | Delaware | 100% |
| ABM Co. of Boston | California | 100% |
| ABM Janitorial Northeast, Inc. | California | 100% |
| ABM Janitorial — Northern California | California | 100% |
| ABM Mid-Atlantic, Inc. | California | 100% |
| American Building Maintenance Co. | California | 100% |
| American Building Maintenance Co. — West | California | 100% |
| American Building Maintenance Co. of Georgia | California | 100% |
| American Building Maintenance Co. of Hawaii | California | 100% |
| Allied Maintenance Services, Inc. | Hawaii | 100% |
| American Building Maintenance Co. of Kent. | California | 100% |
| American Building Maintenance Co. of New York | California | 100% |
| American Building Maintenance Co. of New York — Manhattan | California | 100% |
| Bonded Maintenance Company | Texas | 100% |
| Bradford Building Services, Inc. | California | 100% |
| Servall Services, Inc. | Texas | 100% |
| ABM Janitorial Services Co., Ltd. | British Columbia | 100% |
| ABM Payroll Service, Inc. | California | 100% |
| ABM Security Services, Inc. | California | 100% |

| | | |
|---|---|---|
| SSA Security, Inc. | California | 100% |
| Elite Security, Inc. | California | 100% |
| American Public Services | California | 100% |
| Ampco Pacific Airpark, LLC*** | California | 60% |
| Ampco System Parking | California | 100% |
| Amtech Energy Services** | California | 100% |
| Amtech Lighting & Electrical Services | California | 100% |
| Amtech Lighting Services | California | 100% |
| Amtech Lighting Services of the Midwest | California | 100% |
| Amtech Reliable Elevator Company of Texas** | Texas | 100% |
| Beehive Parking, Inc.** | Utah | 100% |
| Canadian Building Maintenance Company, Ltd. | British Columbia | 100% |
| Supreme Building Maintenance, Ltd. | British Columbia | 100% |
| System Parking, Inc. | California | 100% |
| (*) | Subsidiary relationship to ABM Industries Incorporated or to subsidiary parents shown by progressive Indentation. | |
| (**) | Inactive companies | |
| (***) | A Limited Partnership | |

29.     Similarly, ABM INDUSTRIES INCORPORATED has adopted a Corporate Code of Conduct which establishes ultimate control over all labor and employment issues by ABM INDUSTRIES INCORPORATED for all of its subsidiaries.  This Code of Conduct states as follows:

**Code of Business Conduct**

The Board of Directors of ABM Industries Incorporated ("ABM") has adopted the following Code of Business Conduct and Ethics (the "Code") for all directors, officers and employees of the Company.  The "Company" includes **ABM and all of its subsidiaries and affiliates**.

While there cannot be a specific rule for every situation you may encounter in your workday, we have adopted this Code to provide certain baseline principles for the business conduct of the Company's directors, officers and employees.  In addition to this Code, you are expected to be familiar with and comply with the Company's various policies and procedures, as well as adhere to the highest ethical standards in all of your business dealings.

**The provisions of this Code may only be waived by the President & Chief Executive Officer of ABM or, in the case of corporate and subsidiary directors and officers, by ABM's Board of Directors.**  Waivers by the President & Chief Executive Officer shall be reported to ABM's Board of Directors within five business days.  Waivers of this Code for corporate and subsidiary directors and officers will be promptly disclosed if and as required by law or stock exchange regulation.

VI. COMPLIANCE WITH LAWS, REGULATIONS AND RULES: You are expected to obey and comply with all federal, state and local laws, regulations and ordinances, including but not limited to:

…

**B. Employment laws concerning payment of minimum wage, overtime-requirements, child labor and general working conditions;**

C. Labor laws concerning worker organizing and bargaining activities;

D. Health and safety laws concerning the workplace;

**E. Civil rights laws concerning harassment and job discrimination;**

. . .

H. Laws concerning the proper maintenance of books, records and internal controls; and

I. Any other applicable federal, state or local law, regulation or ordinance.

In addition, you are expected to be familiar with and comply with the Company's various policies and procedures.  Violation of Company work rules may result in disciplinary action, up to and including termination.

…

XII. EMPLOYEE HEALTH AND SAFETY: The Company strives to maintain a safe and healthy work environment for its employees at all times. To that end, you are prohibited from using or possessing alcohol or drugs in violation of any federal, state or local law, regulation or ordinance or Company policy at your workplace or in connection with your work, in a Company vehicle or in any motor vehicle when used in connection with Company business.  In addition, you are prohibited from threatening or using any threatening behavior, or possessing any firearm, ammunition, incendiary device or other weapon, at your workplace, in a Company vehicle or at any time in connection with Company business.

REPORTING ILLEGAL OR UNETHICAL BEHAVIOR

You are encouraged to talk to your supervisor, manager or human resource representative when in doubt about the best course of action to take in a particular situation.  Any director or employee who believes another director, employee or any agent, consultant or contract worker is violating the Company's policies or the law or is engaging in any activity that could damage ABM's reputation to immediately call this to the attention of management, legal counsel or one or more of the following:

• Any person designated in this Code or the Guidelines for Corporate Approval as responsible for compliance in the specified area involved

• The Vice President of Internal Audit

• The Senior Vice President of Human Resources

• ABM's Compliance Hotline

The Compliance Hotline is a toll-free 24-hour service set up for employees to report possible violations of law or ABM policy.  The number is 1-800-

- 13 -

977-8674 and the Company's ID number is 980040.  Employees in Canada and the United States can normally access the Hotline directly.  All calls are confidential and employees may choose to make their calls anonymously.  Employees may also report issues or problems by mail addressed to: ABM Compliance, ABM Industries Incorporated, 160 Pacific Ave., Suite 222, San Francisco, CA 94111 or by email to Compliance@abm.com.

**Notwithstanding any other agreement, any violation of this Code shall constitute grounds for termination of employment.**  In addition, some Code violations may be serious enough to result in civil or criminal fines and/or imprisonment.

**A failure to report a violation is itself a violation of this Code.**

Retaliation against anyone who, in good faith, reports a possible violation of any law or Company policy is expressly forbidden.

This policy and the ownership and control structure imposed by ABM INDUSTRIES INCORPORATED places ABM INDUSTRIES INCORPORATED in complete control of the Labor and Employment practices of ABM JANITORIAL SERVICES**,** ABM JANITORIAL SERVICES, INC., ABM JANITORIAL SERVICES – NORTHERN CALIFORNIA, and all of its subsidiaries.  Pursuant to this Code of Conduct, it would be a violation of this Code of Conduct for a Subsidiary to resolve or consider a sexual harassment issue or set policy without direction from ABM INDUSTRIES INCORPORATED's Compliance department.

30.     The Executive Team of ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES (a division) of overlaps, providing ABM INDUSTRIES INCORPORATED with a unity of control over ABM JANITORIAL SERVICES as described in ABM INDUSTRIES INCORPORATED's 2004 and 2006 10-Ks:

James P. McClure, 49, Executive Vice President of ABM since September 2002; President of ABM Janitorial Services since November 2000.

Notably, ABM INDUSTRIES INCORPORATED pays the salary of James P. McClure and determines his bonus pay as described by its 2004 10-K:

. . . Mr. McClure's 2006 bonus target is 60 percent of his base salary, with a 12 percent of base salary target based on Company Results, a 24 percent target based on the operational performance of the Company's janitorial subsidiaries ("Janitorial Results"), and a 24 percent target based on Individual Performance. . . The Janitorial Results component of the bonus may range from zero to 200 percent of the target amount.  The Janitorial Results component is based on the Company's janitorial subsidiaries achieving certain pre-tax net income targets ("Janitorial Income") subject to a strategic results modifier based upon achievement of certain day's sales

- 14 -

outstanding targets.  The Janitorial Results component is subject to achievement of a threshold amount of Janitorial Income.

31.     Plaintiffs are informed and believe, and based thereon allege, that each of ABM INDUSTRIES INCORPORATED's subsidiaries were controlled by and acted in all respects pertinent to this action as the agent of ABM INDUSTRIES INCORPORATED. INTERVENOR PLAINTIFFS are also informed and believe, and based thereon allege, that ABM INDUSTRIES INCORPORATED and its Subsidiaries carried out a joint scheme, business plan, or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants.  ABM INDUSTRIES INCORPORATED's control over its Subsidiaries exceeds the control normally exercised by a parent corporation because it is absolute with regards to the employment issues at hand in this case.

32.     During the relevant period in question, Defendants falsely stated to its employees and to the general public that "ABM Janitorial Services" (with no indication of incorporation) was the legal entity that is the employer.  There is no legal entity that is named ABM Janitorial Services registered or recorded on the California State Business Portal.  ABM has referred to "ABM Janitorial Services" in its press releases as a "business unit" and as such constitutes an admission that ABM INDUSTRIES INCORPORATED directly employed INTERVENOR PLAINTIFFS and other similarly situated employees.

33.     INTERVENOR PLAINTIFFS are ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff Commission sues said defendants) by fictitious names. INTERVENOR PLAINTIFFS reserve the right to amend the complaint to name each DOE defendant individually or collectively as they become known. INTERVENOR PLAINTIFFS allege that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and INTERVENOR PLAINTIFFS will amend the complaint to allege such responsibility when the same shall have been ascertained by INTERVENOR PLAINTIFFS.

34.     All of the acts and failures to act alleged herein were duly performed by and attributable to all DOES, each acting as a successor, agent, alter ego, employee, indirect employer,

1   joint employer, integrated enterprise and/or or under the direction and control of the other DOES

2   and named Defendants, except as specifically alleged otherwise. Said acts and failures to act were

3   within the scope of such agency and/or employment, and each DOE participated in, approved

4   and/or ratified the unlawful acts and omissions by the other DOES and Defendants complained of

5   herein. Whenever and wherever reference is made in this Complaint to any act by a DOE or

6   DOES, such allegations and reference shall also be deemed to mean the acts and failures to act of

7   each DOE and named Defendant acting individually, jointly, and/or severally.

8

9                           V.   STATEMENT OF CLAIMS

10      35.     Prior to the institution of this lawsuit, ERIKA MORALES and another female

11   employee filed charges with the EEOC alleging violations of Title VII by Defendants. The

12   Commission has issued Letters of determination finding that the Charging Parties and similarly

13   situated individuals were subjected to unlawful employment discrimination based upon their sex,

14   female, of harassment in violation of Title VII. Prior to instituting this lawsuit, that EEOC

15   attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary

16   compliance with Title VII through informal methods of conciliation, conference, and persuasion

17   within the meaning of Title VII, 42 U.S.C. Sections 2000e-5(b) and 2000e-6. All conditions

18   precedent to the institution of this lawsuit have been fulfilled.

19      36.     Defendants have engaged in unlawful employment practices and in a pattern of such

20   practices in violation of Section 703 and 707 of Title VII, 42 U.S.C. §2000e-2, by subjecting

21   ERIKA MORALES, ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT, and similarly

22   situated individuals to a sexually harassing hostile environment and quid pro quo sexual

23   harassment. The sexually harassing behavior was perpetrated by supervisors and included, but was

24   not limited to the following: unwelcome touching, explicit sexual commentary and quid pro quo

25   sexual harassment. One of Defendants' supervisors JOSE VASQUEZ raped a female employee at

26   the worksite. ABM INC supervisor JOSE VASQUEZ repeatedly hugged female employees,

27   including INTERVENOR PLAINTIFFS from behind and groped their private parts with his hands.

28

On several occasions, ABM INC supervisor JOSE VASQUEZ exposed himself and tried to force the female employees to touch him sexually. ABM INC supervisor JOSE VASQUEZ repeatedly subjected the female employees to leering, suggestive and propositioning language.  Supervisors offered female employees positions where they would drive a company vehicle and/or supervise employees in exchange for sex. Defendants failed to exercise reasonable care to prevent and correct promptly the sexually harassing behavior.

37.     The effect of the practices complained of above has been to deprive ERIKA MORALES, ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT, and similarly situated individuals of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

38.     The unlawful employment practices complained of above were and are willful within the meaning of §706(f)(l) and (3), 706(g)(l), and 707 of Title VII, 42 U.S.C., §2000e-5(f)(l) and (3), (g)(l), and 2000e-6.

39.     The unlawful employment practices complained of above were and are intentional and caused ERIKA MORALES, ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT, and similarly situated individuals to suffer emotional distress.

40.     The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of ERICA MORALES, ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT, and similarly situated individuals.

**A.     FIRST CLAIM FOR RELIEF:  UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX (TITLE VII, 42 U.S.C. §2000E-2(A)(L))**

41.     PLAINTIFF INTERVENORS hereby incorporate by reference each and every allegation contained in paragraphs 1 through 50 of this complaint as though fully set forth herein.

42.     Defendants unlawfully discriminated against PLAINTIFF INTERVENORS based on their sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-16.

43.     Defendants treated PLAINTIFF INTERVENORS less favorably than similarly situated male employees, subjecting them to discrimination terms and conditions of their

employment in violation of Title VII of the Civil Rights Act of 1964, as amended, including, but not limited to degrading comments, reduction in working hours, denial of promotion opportunities, and criticism of their work for not accepting the sexual advances of ABM INC supervisor JOSE VASQUEZ, conditioning of work and work privileges upon sexual favors to JOSE VASQUEZ. Additionally, Defendants subjected PLAINTIFF INTERVENORS to unwelcome sexual advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct and/or failed to take steps reasonably calculated to end the sexual harassment of and discrimination against PLAINTIFF INTERVENORS as described above.

44.     Defendants' acts of discrimination against PLAINTIFF INTERVENORS on the basis of sex were wanton, willful and intentional, and were committed with malicious and reckless disregard of the rights and sensibilities of the PLAINTIFF INTERVENORS.

45.     As a direct and proximate result of the aforesaid discrimination based on PLAINTIFF INTERVENORS ' sex, PLAINTIFF INTERVENORS have sustained a loss of earnings and other benefits. They also have suffered physical injuries and severe emotional distress manifested by feelings of humiliation, embarrassment, anxiety, nervousness and other symptoms of stress.

46.     WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

**B.     SECOND CLAIM FOR RELIEF:  UNLAWFUL EMPLOYMENT DISCRIMINATION BASED ON SEX (CALIFORNIA GOVERNMENT CODE §12940(A))**

47.     PLAINTIFF INTERVENORS hereby incorporate by reference each and every allegation contained above of this complaint as though fully set forth herein.

48.     At all times material hereto, Defendants owed PLAINTIFF INTERVENORS a duty not to discriminate against them in the terms and conditions of their employment on the basis of their sex as mandated by the Fair Employment and Housing Act, Government Code Section 12940(a).

49.     In violation of the aforesaid duty, Defendants treated PLAINTIFF INTERVENORS

less favorably than similarly situated male employees, subjecting them to discrimination in working conditions, benefits, and in other terms and conditions of their employment including, but not limited to: degrading comments, reduction in working hours and conditions of employment, denial of promotion opportunities, and criticism of their work for not accepting the sexual advances of ABM INC supervisor JOSE VASQUEZ. Additionally, Defendants subjected PLAINTIFF INTERVENORS to unwelcome sexual advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct and/or failed to take steps reasonably calculated to end the sexual harassment of and discrimination against PLAINTIFF INTERVENORS as described above.

50.    Defendants' decisions to take the adverse actions against PLAINTIFF INTERVENORS including, but not limited to those described in the previous paragraph, were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF INTERVENORS.

51.    As a direct and proximate result of the aforesaid discrimination based on sex, Plaintiffs have sustained harm including severe emotional stress and the loss of compensation, including but not limited to, wages and other benefits that they otherwise would have received.

52.    Defendants, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring Plaintiffs, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF INTERVENORS ' rights. Accordingly, PLAINTIFF INTERVENORS are entitled to recover punitive damages from Defendants in an amount according to proof.

53.    PLAINTIFF INTERVENORS are entitled to recover attorneys' fees under Government Code section 12940, et sea. or any other law providing for recovery of attorneys' fees.

54.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

**C.      THIRD CLAIM FOR RELIEF:  HOSTILE ENVIRONMENT SEXUAL HARASSMENT (TITLE VII, 42 U.S.C. § 2000E-2(A)(L))**

55.      PLAINTIFF INTERVENORS hereby incorporate by reference each and every allegation stated above as though fully set forth herein.

56.      This action is brought under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. § 2000 et seq.  PLAINTIFF INTERVENORS are women and as such are members of a group protected under TITLE VII from discrimination on the basis of sex.

57.      Defendants violated PLAINTIFF INTERVENORS' rights under Title VII by subjecting PLAINTIFF INTERVENORS to unwelcome sexual comments and acts and permitting and encouraging a work environment in which PLAINTIFF INTERVENORS were subjected to ridicule, harassment, discrimination and intimidation because of their sex, unwelcome sexual advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct by ABM INC supervisor JOSE VASQUEZ.

58.      PLAINTIFF INTERVENORS did not welcome the conduct described above and advised Defendants or Defendants knew that such conduct was not welcome.

59.      Defendants' aforesaid acts of harassment were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF INTERVENORS.

60.      Defendants participated in creating and maintaining a hostile work environment and failed to investigate, stop, or prevent the incidents of sexual harassment even after Defendants' employees gave notice of such incidents.

61.      As a direct and proximate result of the aforesaid harassment based on sex, PLAINTIFF INTERVENORS have sustained injury in the form of severe emotional distress, humiliation, embarrassment, physical injury and mental anguish, all to their damage in amounts to be established at trial.

62.      Although PLAINTIFF INTERVENORS believe that persons of the opposite sex were also subjected to a hostile work environment due to Defendants' sexual harassment, the harassment described above has had a more sinister and greater impact on persons of PLAINTIFF

1   INTERVENORS' sex in the workplace than on persons of the opposite sex.

2        63.    The harassment adversely affected the PLAINTIFF INTERVENORS'
3   psychological well-being.

4        64.    The harassment unreasonably interfered with PLAINTIFF INTERVENORS work
5   performance.

6        65.    The harassment to which PLAINTIFF INTERVENORS were subjected to would
7   affect the psychological well-being and unreasonably interfere with the work performance of a
8   reasonable person of PLAINTIFF INTERVENORS' sex.

9        66.    Sexual harassment was sufficiently widespread, pervasive, and prevalent at the
10  workplace of Defendants and at all times pertinent hereto to charge Defendants with constructive
11  notice of it.

12       67.    Prior to filing a charge with the EEOC, PLAINTIFF INTERVENORS and other
13  employees gave Defendants notice of sexual harassment.

14       68.    Defendants failed to investigate PLAINTIFF INTERVENORS' and other
15  employees' complaints.

16       69.    Defendants failed to take adequate remedial action.

17       70.    Following PLAINTIFF INTERVENORS' and other employees' complaints and the
18  response of Defendants the harassment of PLAINTIFF INTERVENORS continued.

19       71.    Defendants had the power to alter or affect the terms and conditions of the
20  employment of PLAINTIFF INTERVENORS by firing, transferring, altering their work schedule
21  and/or evaluating their work performance and by discharging a known convicted sexual predator.

22       72.    Defendants had the power to alter or affect the terms and conditions of the
23  employment PLAINTIFF INTERVENORS by firing, transferring, altering their work schedules
24  and/or evaluating their work performance.

25       73.    ABM INC supervisor Defendant JOSE VASQUEZ was acting within his scope of
26  employment.

27       74.    PLAINTIFF INTERVENORS sustained emotional suffering and injury attributable
28  to the harassment.

75.    Defendants acted with malice and with reckless indifference to PLAINTIFF INTERVENORS' civil rights and emotional and physical well-being.

76.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

**D.    FOURTH CLAIM FOR RELIEF: HOSTILE WORK ENVIRONMENT SEXUAL HARASSMENT (CALIFORNIA GOVERNMENT CODE § 12940(J))**

77.    PLAINTIFF INTERVENORS hereby incorporate by reference each and every allegation contained above of this complaint as though fully set forth herein.

78.    PLAINTIFF INTERVENORS are women. Defendants subjected them to unwelcome sexual advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct as described above and/or failed to take steps reasonably calculated to end the sexual harassment of PLAINTIFF INTERVENORS.

79.    Defendants' aforesaid unwelcome sexual comments and acts were so severe or pervasive that they created a hostile work environment and adversely affected the terms and conditions of PLAINTIFF INTERVENORS ' employment based on their sex, in violation of the Fair Employment and Housing Act, Government Code §12940(j).

80.    Defendants' aforesaid acts of harassment were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF INTERVENORS.

81.    As a direct and proximate result of the aforesaid harassment based on sex, PLAINTIFF INTERVENORS 's have sustained injuries in the form of severe emotional stress and the loss of compensation, including but not limited to wages and other benefits that they otherwise would have received.

82.    Defendants, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF INTERVENORS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF INTERVENORS ' rights. Accordingly, PLAINTIFF INTERVENORS are entitled to recover punitive damages from

1    Defendants in an amount according to proof.

2        83.    PLAINTIFF INTERVENORS are entitled to recover attorneys' fees under

3    Government Code section 12940, et seq. or any other law providing for recovery of attorneys' fees.

4        84.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter

5    provided.

6    **E.    FIFTH CLAIM FOR RELIEF:  QUID PRO QUO SEXUAL HARASSMENT**

7        85.    PLAINTIFF INTERVENORS incorporate by reference the allegations stated above.

8        86.    This action is brought under Title VII of the Civil Rights Act of 1964, as amended,

9    42 U.S.C. §2000 et seq.

10       87.    PLAINTIFF INTERVENORS are women and as such are members of a group

11   protected under TITLE VII from discrimination on the basis of sex.

12       88.    PLAINTIFF INTERVENORS were subjected to unwelcome sexual advances,

13   requests for sexual favors or other verbal or physical conduct of a sexual nature by ABM INC

14   supervisor JOSE VASQUEZ who were placed in a position of authority over PLAINTIFF

15   INTERVENORS  by Defendants.

16       89.    PLAINTIFF INTERVENORS did not welcome ABM INC supervisor JOSE

17   VASQUEZ's advances, rejected them, and advised ABM INC supervisor JOSE VASQUEZ that

18   his advances were unwelcome.

19       90.    PLAINTIFF INTERVENORS did not welcome ABM INC supervisor JOSE

20   VASQUEZ'S advances, rejected them, and advised PLAINTIFF INTERVENORS that his

21   advances were unwelcome.

22       91.    The authority and power of Defendants to alter the terms and conditions of

23   PLAINTIFF INTERVENORS' employment was conferred by Defendants.

24       92.    ABM INC supervisor JOSE VASQUEZ was the agent of Defendants for the

25   purpose of making decisions affecting PLAINTIFF INTERVENORS' employment.

26       93.    All defendants acted with malice and with reckless indifference to PLAINTIFF

27   INTERVENORS' civil rights and emotional and physical well being.

28

94.     WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

**F.      SIXTH CLAIM FOR RELIEF:  RETALIATION (PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)**

95.     PLAINTIFF INTERVENORS incorporate by reference the allegations stated above.

96.     At all times relevant herein, PLAINTIFF INTERVENORS engaged in a protected activity under Title VII of the Civil Rights Act of 1964, as amended, by complaining to Defendant ABM INC's management about the persistent pattern of unlawful sexual harassment and discrimination against female employees.

97.     At all times material hereto, Defendants owed PLAINTIFF INTERVENORS a duty not to discriminate against them in the terms and conditions of their employment on the basis of their opposition to practices prohibited by Title VII of the Civil Rights Act of 1964,42 U.S.C. 32000e-3(a).

98.     In violation of the aforesaid duty, Defendants took adverse actions against PLAINTIFF INTERVENORS because of their protected activity of complaining about the harassment and discrimination against them, as described herein.

99.     During the course of PLAINTIFF INTERVENORS' employment with Defendants, complained to Defendants about the unwanted and persistent sexual advances, harassment, and discrimination against PLAINTIFF INTERVENORS by ABM INC supervisor JOSE VASQUEZ. As alleged above, defendants retaliated against PLAINTIFFS INTERVENORS for making these complaints by tolerating Defendant JOSE VASQUEZ's constant sexual harassment towards PLAINTIFF INTERVENORS, by refusing to schedule them for work and by issuing unwarranted job warning(s).

100.    During the course of PLAINTIFF INTERVENORS' employment with Defendants, PLAINTIFF INTERVENORS complained to Defendants about the unwanted and persistent sexual advances, harassment, and discrimination against PLAINTIFF INTERVENORS by ABM INC supervisor JOSE VASQUEZ. As alleged above, Defendants retaliated against PLAINTIFF INTERVENORS for making these complaints by tolerating ABM INC supervisor JOSE

VASQUEZ's constant sexual harassment towards PLAINTIFF INTERVENORS, and by threatening them.

101.    Defendants' conduct as described above was willful, despicable, knowing, and intentional; accordingly, PLAINTIFF INTERVENORS are entitled to an award of punitive and exemplary damages in an amount according to proof.

102.    Defendants' decisions to take the adverse actions against PLAINTIFF INTERVENORS described herein were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF INTERVENORS.

103.    As a direct and proximate result of the aforesaid discrimination based on protected activity, PLAINTIFF INTERVENORS sustained harm including severe emotional stress and the loss of compensation, including but not limited to wages and other benefits that they otherwise would have received.

104.    As a proximate result of Defendants' conduct, PLAINTIFF INTERVENORS have sustained and continue to sustain losses in earnings and continue to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to their damage in a sum according to proof at trial.  Defendants, acting individually and/or by and through their managing agents, officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF INTERVENORS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF INTERVENORS ' rights. Accordingly, PLAINTIFF INTERVENORS are entitled to recover punitive damages from Defendants in an amount according to proof.

105.    PLAINTIFF INTERVENORS have retained the assistance of counsel to vindicate their legal rights and are entitled to recover attorney's fees under 42 U.S.C. 5 2000(e), el seq., Title VII of the Civil Rights Act of 1964 or any other law providing for recovery of attorneys' fees.

106.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

**G.      SEVENTH CLAIM FOR RELIEF:  UNLAWFUL RETALIATION BASED ON PROTECTED ACTIVITY  (CALIFORNIA GOVERNMENT CODE §12940(H))**

107.     PLAINTIFF INTERVENORS hereby incorporate by reference the above allegations.

108.     At all times material hereto, Defendants owed PLAINTIFF INTERVENORS a duty not to discriminate against them in the terms and conditions of their employment on the basis of their opposition to practices prohibited by the Fair Employment and Housing Act, Government Code Section §12900 et seq.

109.     In violation of the aforesaid duty. Defendants took adverse actions against PLAINTIFF INTERVENORS because of their protected activity of complaining about the harassment and discrimination against them, as described herein.

110.     Defendants' decisions to take the adverse actions against Plaintiffs described herein were wanton, willful and intentional, and committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF INTERVENORS.

111.     As a direct and proximate result of the aforesaid discrimination based on protected activity, PLAINTIFF INTERVENORS sustained harm including severe emotional stress and the loss of compensation, including but not limited to wages and other benefits that they otherwise would have received.

112.     Defendants, acting individually and/or by and through their managing agents. officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively, with the wrongful intention of injuring PLAINTIFF INTERVENORS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF INTERVENORS' rights. Accordingly, PLAINTIFF INTERVENORS are entitled to recover punitive damages from Defendants in an amount according to proof.

113.     PLAINTIFF INTERVENORS have retained the assistance of counsel to vindicate their legal rights and are entitled to recover attorneys' fees under Government Code section 12940, et seq., or any other law providing for recovery of attorneys' fees.

114.     WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter

1    provided.

2    **H.      EIGHTH CLAIM FOR RELIEF: FALSE IMPRISONMENT**

3        115.    PLAINTIFF INTERVENORS incorporate by reference the above allegations

4    contained.

5        116.    Defendant ABM INC supervisor Defendant JOSE VASQUEZ subjected

6    PLAINTIFF  INTERVENORS to a persistent pattern of unlawful sexual advances during working

7    hours.  On several occasions, ABM INC supervisor JOSE VASQUEZ grabbed PLAINTIFF

8    INTERVENORS ERIKA MORALES, ANYMOUS PLAINTIFFS ONE, TWO and THREE ,

9    restrained them in an enclosed environment, and committed violent sexual touching and/or sexual

10   penetration.

11       117.    As a direct and proximate result of ABM INC supervisor Defendant JOSE

12   VASQUEZ's conduct, PLAINTIFF INTERVENORS ERIKA MORALES, ANYMOUS

13   PLAINTIFFS ONE, TWO and THREE suffered fright, shock, and extreme mental anguish.

14   Accordingly, PLAINTIFF INTERVENORS ERIKA MORALES, ANYMOUS PLAINTIFFS

15   ONE, TWO and THREE have suffered general damages in an amount to be determined by proof at

16   trial.

17       118.    ABM INC supervisor JOSE VASQUEZ acted oppressively and maliciously,

18   engaged in despicable conduct with a willful and conscious disregard of the rights and safety of

19   PLAINTIFF INTERVENORS ERIKA MORALES, ANONYMOUS PLAINTIFFS ONE, TWO

20   and THREE. PLAINTIFF INTERVENORS are therefore entitled to punitive damages in an

21   amount to be determined at trial.

22       119.    At all times mentioned, ABM INC supervisor JOSE VASQUEZ was the employee

23   of Defendants and while acting within the scope of his employment in the transaction of the

24   business of Defendants, committed the injuries alleged in this Complaint.

25       120.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter

26   provided.

27

28

**I.      NINTH CLAIM FOR RELIEF: ASSAULT**

121.    PLAINTIFF INTERVENORS incorporate by reference the allegations stated above.

122.    Commencing on or about 2005 and until December 2006, ABM INC supervisor JOSE VASQUEZ intended to cause and did cause PLAINTIFF INTERVENORS ERIKA MORALES, ANONYMOUS PLAINTIFFS ONE, TWO and THREE to suffer apprehension of immediate offensive and harmful contact on numerous occasions by subjecting them to unwelcome and violent sexual touching, which include, but are not limited to the touching of genital areas, buttocks, hips and/or breasts.  With regard to ANONYMOUS PLAINTIFF ONE, ABM INC supervisor JOSE VASQUEZ forced himself on her and sexually penetrated ANONYMOUS PLAINTIFF ONE without her consent.

123.    Defendants actions were done knowingly, willfully, and with malicious intent, and PLAINTIFF INTERVENORS ERIKA MORALES, ANONYMOUS PLAINTIFFS ONE, TWO and THREE are entitled to punitive damages in an amount to be determined by proof at trial.

124.    At all times mentioned, ABM INC supervisor Defendant JOSE VASQUEZ were the employees of defendant while acting within the scope of their employment in the transaction of the business of Defendants committed the injuries alleged in this Complaint

125.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.


**J.      TENTH CLAIM FOR RELIEF: BATTERY**

126.    PLAINTIFF INTERVENORS incorporate by reference the allegations stated above.

127.    Commencing on or about 2005 and until December 2006, ABM INC supervisor JOSE VASQUEZ intended to cause and did cause PLAINTIFF INTERVENORS ERIKA MORALES, ANONYMOUS PLAINTIFFS ONE, TWO and THREE to suffer apprehension of immediate offensive and harmful contact on numerous occasions by subjecting them to unwelcome and violent sexual touching, which include, but are not limited to the touching of genital areas, buttocks, hips and/or breasts.  With regard to ANONYMOUS PLAINTIFF ONE, ABM INC

supervisor Defendant JOSE VASQUEZ forced himself on her and sexually penetrated ANONYMOUS PLAINTIFF ONE without her consent.

128.    ABM INC supervisor JOSE VASQUEZ intended to cause and did cause numerous unwanted, harmful and offensive contact with PLAINTIFF INTERVENORS ERIKA MORALES's, ANONYMOUS PLAINTIFFS ONE's, TWO's and THREE's persons.

129.    PLAINTIFF INTERVENORS ERIKA MORALES, ANONYMOUS PLAINTIFFS ONE, TWO and THREE did not consent to Defendants' harmful and offensive conduct.

130.    As a direct and proximate result of Defendants' conduct PLAINTIFF INTERVENORS ERIKA MORALES, ANONYMOUS PLAINTIFFS ONE, TWO and THREE suffered extreme anguish, emotional and physical pain. These injuries have caused PLAINTIFF INTERVENORS ERIKA MORALES, ANONYMOUS PLAINTIFFS ONE, TWO and THREE to suffer general damages in an amount to be determined by proof at trial.

131.    Defendants actions were done knowingly, willfully, and with malicious intent, and PLAINTIFF INTERVENORS ERIKA MORALES, ANONYMOUS PLAINTIFFS ONE, TWO and THREE are entitled to punitive damages in an amount to be determined by proof at trial.

132.    At all times mentioned, Defendants JOSE VASQUEZ was an employee of defendants ABM INC., and while acting within the scope of their employment in the transaction of the business of Defendants committed the injuries alleged in this Complaint.

133.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

**K.    ELEVENTH CLAIM FOR RELIEF: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**

134.    PLAINTIFF INTERVENORS incorporate by reference the allegations contained in above.

135.    Commencing on or about, ABM INC supervisor JOSE VASQUEZ subjected PLAINTIFF INTERVENORS to a persistent pattern of unlawful sexual advances and/or touching during working hours.

136.    ABM INC supervisor Defendant JOSE VASQUEZ, among other things, subjected PLAINTIFF INERVENORS to unwelcome sexual advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct as described above.

137.    PLAINTIFF INTERVENORS refused to have any consensual contact with ABM INC supervisor JOSE VASQUEZ.

138.    Commencing on or about 2005 through December 2006, ABM INC supervisor JOSE VASQUEZ subjected PLAINTIFF INTERVENORS to a persistent pattern of unlawful sexual advances during working hours. ABM INC supervisor JOSE VASQUEZ among other things, unwelcome sexual advances, unwelcome sexual touching, comments, insults and degrading and humiliating conduct by ABM INC supervisor JOSE VASQUEZ.

139.    PLAINTIFF INTERVENORS rebuffed ABM INC supervisor JOSE VASQUEZ's advances and refused to have any consensual contact with him.

140.    The actions of ABM INC supervisor JOSE VASQUEZ were outrageous, intentional, and malicious, and done with reckless disregard of the fact that they would certainly cause PLAINTIFF INTERVENORS to suffer severe emotional and physical distress.

141.    As a proximate result of the acts of ABM INC supervisor JOSE VASQUEZ, PLAINTIFF INTERVENORS suffered severe emotional distress in the form of fear, nervousness, anxiety, worry, and indignity. The conduct of ABM INC supervisor JOSE VASQUEZ created a work environment that was extremely detrimental to PLAINTIFF INTERVENORS' emotional and physical health, and interfered with PLAINTIFF INTERVENORS' work performance.

142.    As a direct and proximate result of Defendants' conduct, PLAINTIFF INTERVENORS have suffered general damages in an amount to be determined by proof at trial.

143.    As a further direct and proximate result of Defendants' conduct, PLAINTIFF INTERVENORS have not been able to work for various periods of time, and accordingly lost wages in an amount to be determined by proof at trial.

144.    Defendants' conduct was done knowingly, willfully, and with malicious intent, and PLAINTIFF INTERVENORS' are entitled to punitive damages in an amount to be determined by proof at trial.

145.    At all times mentioned, ABM INC supervisor JOSE VASQUEZ was the employees of Defendants ABM INDUSTRIES INCORPORATED  and one or more of its whole owned subsidiaries-and while acting within the scope of their employment in the transaction of the business of Defendants committed the injuries alleged in this Complaint.

146.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

## L.    TWELFTH CLAIM FOR RELIEF: NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

147.    PLAINTIFF INTERVENORS incorporate by reference the above allegations

148.    At all times mentioned hereto Defendants and ABM INC supervisor JOSE VASQUEZ  breached their duty of care to PLAINTIFF INTERVENORS by subjecting PLAINTIFF INTERVENORS to a persistent pattern of unlawful sexual advances during working hours.

149.    ABM INC supervisor JOSE VASQUEZ among other things, engaged in negligent physical contact of an extreme sexual nature with PLAINTIFF INTERVENORS and made negligent comments of an extreme sexual nature to PLAINTIFF INTERVENORS.

150.    As a direct and proximate result of the acts of Defendants, PLAINTIFF INTERVENORS suffered severe emotional distress in the form of fear, nervousness, anxiety, worry, and indignity. The conduct of ABM INC supervisor JOSE VASQUEZ created a work environment that was extremely detrimental to PLAINTIFF INTERVENORS' emotional and physical health, and interfered with PLAINTIFF INTERVENORS' work performance.

151.    At all times mentioned, Defendant JOSE VASQUEZ was the employee of Defendants ABM INDUSTRIES INCORPORATED and one or more of its whole owned subsidiaries and while acting within the scope of their employment as supervisors and in the transaction of the business of Defendants, when they committed the injuries alleged in this Complaint.

152.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter

provided.

**M.    CLAIM FOR AIDING AND ABETTING SEXUAL HARASSMENT, SEX DISCRIMINATION, AND RETALIATION (CALIFORNIA GOVERNMENT CODE §12940(I))**

153.    PLAINTIFF INTERVENORS hereby incorporate by reference each and every allegation contained above of this complaint as though fully set forth herein.

154.    In perpetrating the above-described actions and omissions, Defendants ABM INC., as employers, their agents, servants and/or employees, engaged in a pattern and practice of unlawful aiding and abetting of harassment, discrimination, and retaliation, in violation of the California Fair Employment and Housing Act, California Government Code §12940(i).

155.    Defendants, their agents, servants and/or employees, attempted to and did in fact, aid, abet, incite, compel and/or coerce their agents, servants and/or employees to engage in unlawful sexual harassment, sex and/or gender discrimination, and retaliation against the PLAINTIFF INTERVENORS, as alleged above.

156.    As a direct and proximate result of the aforesaid harassment based on sex, PLAINTIFF INTERVENORS have sustained injury in the form of severe emotional distress, humiliation, embarrassment, and mental anguish, all to their damage in amounts to be established at trial.

157.    Defendants' acts were wanton, willful and intentional, and were committed with malicious and reckless disregard for the rights and sensibilities of PLAINTIFF INTERVENORS.

158.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

**N.    CLAIM FOR RELIEF FAILURE TO PREVENT DISCRIMINATION AND HARASSMENT, (CALIFORNIA GOVERNMENT CODE §12940(K))**

159.    PLAINTIFF INTERVENORS hereby incorporate by reference each and every allegation contained above.

160.    Defendants ABM INC and/or their agents and/or employees, failed to take all reasonable steps necessary to prevent the harassment and discrimination in employment described herein from occurring. Defendants knew or should have known of the discrimination against PLAINTIFF INTERVENORS described above, yet failed to conduct an adequate investigation into the nature and substance of the discrimination and tailed to take immediate and appropriate corrective action so as to discipline any of the offenders.

161.    The response of Defendants, and/or that of their agents and employees, to the discrimination and harassment described herein was so inadequate as to establish a deliberate indifference to, or tacit authorization of, the alleged offensive practices, and an affirmative causal link existed between Defendants' inaction and the injuries suffered by PLAINTIFF INTERVENORS.

162.    By failing to take all reasonable steps necessary to prevent discrimination, and by failing to properly investigate and remedy the discrimination that occurred, Defendants committed unlawful employment practices as described in and prohibited by California Government Code §12940(k).

163.    In engaging in the aforementioned conduct, Defendants ABM INC, and each of them, aided, abetted, incited, compelled, and/or coerced unlawful employment practices in violation of the announced policy of this State against such practices.

164.    As a direct and foreseeable result of the aforesaid acts of said Defendants, PLAINTIFF INTERVENORS have lost and will continue to lose income and benefits in an amount to be proven at the time of trial. PLAINTIFF INTERVENORS claim such amount as damages together with pre-judgment interest pursuant to Civil Code section 3287 and/or any other provision of law providing for pre-judgment interest.

165.    As a result of the aforesaid acts of Defendants, PLAINTIFF INTERVENORS claim general damages for mental and severe emotional distress and aggravation in an amount to be proven at the time of trial.

166.    Defendants, acting individually and/or by and through their managing agents. officers or directors, committed the acts herein alleged maliciously, fraudulently, and oppressively,

with the wrongful intention of injuring PLAINTIFF INTERVENORS, and acted with an improper and evil motive amounting to malice, and in conscious disregard of PLAINTIFF INTERVENORS' rights. Accordingly, PLAINTIFF INTERVENORS are entitled to recover punitive damages from Defendants in an amount according to proof.

167.     PLAINTIFF INTERVENORS are entitled to recover attorneys' fees under California Government Code §12940, el seq., or any other law providing for recovery of attorneys' fees.

168.     WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

**O.     CLAIM FOR RELIEF NEGLIGENCE**

169.     PLAINTIFF INTERVENORS incorporate by reference the allegations contained above except those pleading or suggesting

170.     At all times mentioned herein, Defendants ABM INC had a duty to use reasonable care.

171.     At all times mentioned herein. Defendants ABM INC knew, or in the exercise of seasonable care should have known, that ABM INC supervisor Defendant JOSE VASQUEZ is a registered sex offender and engaged in a persistent pattern of unlawful sexual advances during working hours towards PLAINTIFF INTERVENORS and other female employees, and that said unlawful sexual advances involved the risk of harm to other employees such as PLAINTIFF INTERVENORS.

172.     At all times mentioned herein, Defendants knew or should have known that that ABM INC supervisor JOSE VASQUEZ subjected PLAINTIFF INTERVENORS to sexual harassment, hostile work environment, and sex-based discrimination. Specifically, PLAINTIFF INTERVENORS informed and complained numerous times to Defendants' Human Resources or other managerial employees or such conduct was directly known by managerial employees.

173.     Despite PLAINTIFF INTERVENORS complaints to Defendants breached their

duty of reasonable care to PLAINTIFF INTERVENORS by negligently and carelessly failing to respond to PLAINTIFF INTERVENORS' complaints, and by failing to investigate, reprimand, suspend, and/or terminate the employment of ABM INC supervisor JOSE VASQUEZ.  Any investigation undertaken was untimely and designed solely to evade liability rather to prevent harm.

174.    PLAINTIFF INTERVENORS were subjected to a persistent pattern of unwelcome and harmful activity by ABM INC supervisor JOSE VASQUEZ.

175.    As a further direct and proximate result of Defendants' negligence and carelessness, PLAINTIFF INTERVENORS have sustained injuries and damages as described in this Complaint.

176.    Defendants ABM INC had advance knowledge of ABM INC supervisor JOSE VASQUEZ unlawful conduct and employed them and/or failed to supervise them with a conscious disregard of the rights or safety of PLAINTIFF INTERVENORS.

177.    WHEREFORE, PLAINTIFF INTERVENORS request relief as hereinafter provided.

## VI.   PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF INTERVENORS respectfully pray that this Court:

1.    Award PLAINTIFF INTERVENORS compensatory damages including lost wages and benefits according to proof;

2.    Award PLAINTIFF INTERVENORS mental and emotional distress damages for their emotional suffering and related medical and therapeutic expenses according to proof;

3.    Award PLAINTIFF INTERVENORS civil penalties as provided by statute;

4.    Award PLAINTIFF INTERVENORS punitive and exemplary damages according to proof;

5.    Award PLAINTIFF INTERVENORS' attorney fees and costs, including expert witness fees; Pursuant to 42 U.S.C. §2000e-5(k).

6.    Award PLAINTIFF INTERVENORS prejudgment interest on all amounts claimed;

1    and award PLAINTIFF INTERVENORS any other relief that this Court may deem proper

2          7.      All damages which individual PLAINTIFF INTERVENORS have sustained as a

3    result of Defendants' conduct, including: general and special damages for lost compensation and

4    job benefits that they would have received but for the discriminatory practices of Defendants,

5    damages for emotional distress. and punitive damages, in amounts according to proof;

6          8.      A preliminary and permanent injunction against Defendants and their directors,

7    officers, owners, agents, successors, employees and representatives, and any and all persons acting

8    in concert with them, requiring them to:

9                -   Desist from engaging in each of the unlawful practices, policies, customs
                     and usages set forth herein;

11               -   Adopt a lawful policy for preventing and remedying unlawful
                     harassment and discrimination that creates an effective process for the
                     investigation and resolution of harassment and discrimination complaints
12                   and forbids unlawful retaliation against complainants; and

13               -   Create a monitoring and reporting system to ensure that injunctive relief
                     is fully implemented;

14         9.      A declaratory judgment that the practices complained of in this complaint are

15   unlawful and violate Title VII of the Civil Rights Act of 1964,42 U.S.C. 5 2000(e), el seq.;

16         10.     Costs of litigation incurred by PLAINTIFF INTERVENORS, including reasonable

17   attorneys' fees, to the extent allowable by law;

18         11.     Pre- and post-judgment interest, as provided by law, in amounts according to proof;

19   and

20         12.     Such other and further legal and equitable relief as this Court deems necessary, just

21   and proper. Respectfully submitted,

22         13.     Grant a permanent injunction enjoining Defendants, their officers, successors,

23   assigns, and all persons in active concert or participation with it, from engaging in sexual

24   harassment, retaliation, and any other employment practice which discriminates on the basis of sex.

25         14.     Order Defendants to institute and carry out policies, practices, and programs which

26   provide equal employment opportunities for women, and which eradicate the effects of its past and

27   present unlawful employment practices.

28

15.     Order Defendants to make whole PLAINTIFF INTERVENORS and similarly situated individuals in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

16.     Order Defendants to make whole PLAINTIFF INTERVENORS and similarly situated individuals by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, in amounts to be determined at trial.

17.     Order Defendants to pay PLAINTIFF INTERVENORS and similarly situated individuals punitive and exemplary damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

18.     Grant such further relief as the Court deems necessary and proper in the public interest.

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiffs hereby demand trial of their claims by jury to the extent authorized by law.

Dated: November 20, 2007

LAW OFFICES OF MALLISON & MARTINEZ

By:   /s/  Hector R. Martinez
Stan S. Mallison
Hector R. Martinez