Anna Y. Park, SBN 164242
Victor Viramontes, SBN 214158
Lorena Garcia, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1108
Facsimile: (213) 894-1301
Attorneys for Plaintiff U.S. E.E.O.C.

Stan Mallison, SBN 184191
Hector R. Martinez, SBN 206336
Marco A. Palau, SBN 242340
Law Offices of Mallison & Martinez
1042 Brown Ave., Suite A
Lafayette, CA 94549
Telephone: (925) 283-3842
Facsimile: (925) 283-3426
Attorneys for Plaintiffs-in-Intervention

(Attorney recitals cont. on next page)

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; Does 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 1:07-CV-01428 LJO-TAG<br><br>**JOINT SCHEDULING REPORT PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>Date and Time: 5/8/08 @ 8:45 a.m.<br>Courtroom: 4 (LJO)<br><br>Hon. Lawrence J. O'Neill<br>U.S. District Judge |

1   ERIKA MORALES and
    ANONYMOUS PLAINTIFFS ONE
2   THROUGH EIGHT,

3                Plaintiff Intervenors,
4
5       v.
6
    ABM INDUSTRIES
7   INCORPORATED, ABM
8   JANITORIAL SERVICES, INC., ABM
    JANITORIAL NORTHERN
9   CALIFORNIA, JOSE VASQUEZ;
10  Does 1 through 10, Inclusive.
11
                 Defendants.
12

13
14  Nancy E. Pritikin, SBN 102392
    Natalie Pierce, SBN 191342
15  Neville F. Fernandes, SBN 240935
16  LITTLER MENDELSON
    650 California St., 20th Floor
17  San Francisco, CA 91408-2693
18  Telephone: (415) 433-1940
    Facsimile: (415) 399-8490
19  Attorneys for Defendants
20  ABM Industries Incorporated; ABM Janitorial Services, Inc. and ABM Janitorial
21  Services Northern California

22  W. Joseph Strapp, SBN 123655
23  STRAPP & STRAPP
    6500 Wilshire Blvd. Ste. 1650
24  Los Angeles, CA 90048
25  Telephone: (323) 951-0505
26  Facsimile: (323) 951-0506
    Attorney for Defendant Jose Vasquez
27

28

1   Plaintiff United States Equal Employment Opportunity Commission
2   ("EEOC"), counsel for Plaintiff Intervenors, Defendants ABM Industries
3   Incorporated; ABM Janitorial Services, Inc. and ABM Janitorial Services Northern
4   California. ("Defendants"), and Defendant Jose Vasquez, by and through their
5   undersigned counsel, having met and conferred via telephone on April 10, 2008,
6   hereby submit their Joint Report, pursuant to this Court's Scheduling Meeting of
7   Counsel Order, Local Rule 26-1, and Fed. R. Civ. P. 26(f).

8

9   I.   Summary of the Factual and Legal Contentions:
10        A.   Plaintiff EEOC's Factual and Legal Contentions
11   Defendants discriminated against Charging Parties and similarly situated
12   females by subjecting them to sexually hostile work environment and quid pro quo
13   sexual harassment in violation of Section 703 and 707 of Title VII of the Civil
14.  Rights Act of 1964, 42 U.S.C. Section 2000e-2. The sexual harassment included
15   but was not limited to the unwelcome touching, explicit sexual commentary and
16   quid pro quo sexual harassment. Defendant Vasquez raped a female employee at
17   the worksite. The supervisor repeatedly hugged female employees from behind
18   and groped their private parts with his hands. On several occasions, the supervisor
19   exposed himself and tried to force the female employees to touch him sexually.
20   The supervisor repeatedly subjected the female employees to leering, suggestive
21   and propositioning language. Supervisors offered female employees positions
22   where they would drive a company vehicle and/or supervise employees in
23   exchange for sex. The EEOC seeks to recover past and future pecuniary losses,
24   compensatory damages, punitive damages, and injunctive relief on behalf of the
25   Charging Parties and similarly situated females pursuant to *General Telephone Co.*
26   *v. EEOC,* 446 U.S. 318, 324 (1980).

27

28

B.    Plaintiff Intervenors' Factual and Legal Contentions

In addition to seeking remedies provided for by Title VII upon the same and other similar facts as set forth in the EEOC's factual and legal contentions, Plaintiff Intervenors' are also seeking remedies under the California Fair Employment and Housing Act, Government Code §§ 12900, *et seq.*, which prohibits hostile work environments resulting from sex harassment and gender discrimination, relief from unlawful retaliation (Cal. Gov. Code §12940(H)), remedies for damages arising from Gender Violence (Cal. Civ. Code §52.4), remedies for aiding and abetting sexual harassment, sex discrimination and retaliation (Cal. Gov. Code §12940(I), and relief for failure to prevent discrimination and harassment (Cal. Gov. Code §12940(K).  In addition, Plaintiff Intervenors seek remedies under California common law causes of action which include False Imprisonment, Assault, Battery, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Negligence.  Plaintiff Intervenor's seek to recover past and future pecuniary losses, compensatory damages, punitive damages, and attorneys' fees.

C.    Defendant ABM Industries Incorporated and ABM Janitorial Services
       and ABM Janitorial Services Northern California's Factual and Legal
       Contentions

Defendants ABM Industries Incorporated, ABM Janitorial Services, Inc. and ABM Janitorial Services Northern California ("ABM Defendants") deny any liability whatsoever to Plaintiffs, and Defendants hereby incorporate by reference their amended answer to the EEOC's complaint and their answer to Plaintiff Intervenor's complaint.  Defendants contend that it is unfair and prejudicial to conceal the identities of "Anonymous Plaintiffs One through Eight."  Without knowing the identity of eight of the nine plaintiffs in this case, it is difficult to state all factual and legal contentions at this time.  Defendants also raised various

1 | affirmative defenses in their Answers, which are hereby incorporated by this
2 | reference.

3 |      D.    Defendant Jose Vasquez's Factual and Legal Contentions

4 |      Defendant Jose Vasquez denies Plaintiff Intervenors' allegations and denies
5 | that Plaintiff Intervenors are entitled to any relief, monetary or otherwise.
6 | Defendant Vasquez further contends that it is unfair and improper to conceal the
7 | identities of "Anonymous Plaintiffs One through Eight."

8 |

9 | II.    Likelihood of Motions to Amend Pleadings at this Time

10 |      The EEOC and Plaintiff Intervenors do not foresee filing any motions to add
11 | parties, add claims, or amend pleadings at this time. However, the EEOC and
12 | Plaintiff Intervenors will conduct discovery on Defendants' corporate structure. If
13 | the EEOC and Plaintiff Intervenors find additional parties, they will amend the
14 | pleadings to add the additional parties. Thus, the EEOC and Plaintiff Intervenors
15 | reserve their right to file such motions as needed in this litigation.

16 |      The EEOC will also conduct discovery on a class basis and may amend the
17 | pleadings to add additional class members.

18 |

19 | III.    Summary of Uncontested and Contested Facts

20 |      A.    Uncontested Facts

21 |      (1) The parties agree that Defendant ABM Industries Incorporated
22 | employs at least 15 employees and conducts business in the state of California.

23 |      (2) The parties agree that Erika Morales filed a charge with the EEOC
24 | more than thirty days prior to the filing of Plaintiff EEOC's Complaint.

25 |

26 |      B.    Contested Facts

27 |      (1) ABM Defendants dispute Plaintiffs' contention that Charging
28 | Party Erika Morales was employed by Defendant ABM Industries Incorporated

1  and/or ABM Janitorial Services, Inc.  Defendants are informed and believe that
2  Erika Morales was employed by ABM Janitorial Services- Northern California.
3  Without knowing the identities of the eight anonymous plaintiffs, ABM
4  Defendants can not know who employed the eight anonymous plaintiffs.
5  　　　　　(2)  ABM Defendants dispute the factual claims made by Plaintiffs.
6  　　　　　(3)  Plaintiff EEOC and Plaintiff Intervenors dispute that Defendant
7  ABM Industries Incorporated is a holding company that employs less than 100
8  administrative, executive and professional employees.
9  　　　　　(4)  Plaintiff Intervenors dispute the factual and legal defenses raised
10  in Defendants answer.
11  　　　　　(5) Defendant Jose Vasquez disputes the factual claims made by
12  Plaintiff Intervenors, in which they accuse him of various forms of misconduct.
13
14  IV.　　Summary of Undisputed and Disputed Legal Issues
15  　　　A.　　Undisputed Legal Issues
16  　　　　　(1) The parties agree that Plaintiff EEOC is bringing this lawsuit
17  pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights
18  Act of 1991.
19  　　　　　(2) The parties agree that this Court has jurisdiction over the claims
20  brought in this action.
21  　　　　　(3)  The parties agree that Plaintiff EEOC is an agency of the United
22  States.
23
24  　　　B.　　Defendants' Disputed Legal Issues
25  　　　　　(1) Whether there is specific jurisdiction in this case.
26  　　　　　(2) Whether the employment practices alleged to be unlawful were
27  committed within the jurisdiction of the United States Court for the Eastern
28  District of California.

1:07-CV-01428 LJO (TAG)- JOINT RULE 26(f)　　　-6-
SCHEDULING REPORT

1        (3) Whether Plaintiffs are entitled to any legal relief based upon any

2  claim of unlawful conduct by ABM Defendants as contained in their complaints.

3        (4) Whether Plaintiffs are entitled to any other legal relief based upon

4  any other claim of unlawful conducts by ABM Defendants, which claims are not

5  sufficiently clear based upon the pleadings to determine what other relief, if any,

6  Plaintiff may be seeking.

7        (5) Whether ABM Defendants are proper defendants in this action.

8        (5) All legal issues raised in ABM Defendants' affirmative defenses.

9        (6) All legal issues raised in ABM Defendants' above-noted factually

10  and legal contentions.

11        (7) All legal issues raised by ABM Defendants' above-noted

12  contested facts.

13

14  **V.**    <u>Status of All Matters Presently Set Before the Court</u>

15        There are no matters presently set before the Court, other than the

16  scheduling conference.

17

18  **VI.**    <u>Discovery Plan</u>

19        A.    <u>Report of the Results of Fed. R. Civ. P. 26(f) Conference</u>

20        The parties agree to the following:

21        B.    <u>Disclosures</u>

22        The EEOC, Plaintiff Intervenors, Defendants, ABM Industries Incorporated,

23  ABM Janitorial Services, Inc., and ABM Janitorial Services- Northern California

24  will make the disclosures required by Rule 26(a)(1) on or before April 24, 2008.

25  Defendant Jose Vasquez will make the disclosure required by Rule 26(a)(1) on or

26  before May 16, 2008.

27

28

C.     Changes to Limitations on Discovery

The parties agree that written discovery shall be served and responded to in accordance with the Federal Rules of Civil Procedure but that each party will bear the costs for copying documents produced under Fed. R. Civ. P. 34, and/or in response to any subpoena.

In addition to the service requirements pursuant to the Federal Rules of Civil Procedure, each party agrees to provide the other party a courtesy copy an electronic version of discovery requests and responses at the time they serve hard copies. The electronic versions shall be provided on a CD/DVD or by electronic mail in Microsoft Word format.

The parties agree that the EEOC and Plaintiff Intervenors will take a combined total of roughly 20 depositions.

The parties agree that Defendants ABM Industries Incorporated, ABM Janitorial Services, Inc., Janitorial Services Northern California and Jose Vasquez will take a combined total of roughly 20 depositions.

The parties agree that the EEOC will propound up to 50 interrogatories.

The parties agree that Plaintiff Intervenors will propound up to 50 interrogatories.

Defendants ABM Industries Incorporated, ABM Janitorial Services, Inc., Janitorial Services Northern California will propound up to 50 interrogatories.

Defendant Jose Vasquez will propound up to 50 interrogatories.

D.     Subjects of Discovery

The parties anticipate that the subjects on which discovery may be needed include, but are not be limited to the following:

(1) sexual harassment,

(2) Defendants' employment practices,

(3) Defendants' corporate structure,

1   (4) Defendants' policies and procedures, and

2   (5) the identity of witnesses and/or non-class members.

3   (6)  Defendants' asserted factual allegations and defenses

4

5   ABM Defendants anticipate that the subjects on which discovery

6   may be needed include, but are not limited to the following:

7   (1)  Each and every one of Plaintiffs' allegations.

8

9   Defendant Jose Vasquez anticipates that the subjects on which discovery

10   may be needed include, but are not limited to the following:

11   (1)  All possible sources of Plaintiff Intervenors' alleged physical injuries.

12

13   (2) All possible sources of Plaintiff Intervenors' alleged emotional distress.

14   E.   Proposed Discovery Plans

15   **All Plaintiffs' Proposed Discovery Plan:**

16   In light of Defendants' contention that Erika Morales was employed by

17   ABM Janitorial Services- Northern California and not ABM Industries

18   Incorporated or ABM Janitorial Services, Inc., the EEOC and Plaintiff Intervenors

19   believe that discovery should be conducted in phases or be limited to the first five

20   months (from May 8, 2008 to October 10, 2008) on Defendants' corporate structure

21   and class development only.  Any depositions conducted during these first five

22   months will be limited to the corporate structure and class development only.

23   Thereafter, the parties will continue to conduct discovery as to Defendant's

24   corporate structure and class development, and will conduct discovery with respect

25   to the sexual harassment, Defendants' employment practices, Defendants' policies

26   and procedures and the identity of witnesses and/or non-class members.

27

28

**ABM Defendants' Proposed Discovery Plan:**

ABM Defendants' object to Plaintiffs' attempt to manipulate the Federal Rules in order to obtain discovery unfairly in advance of Defendants. ABM Defendants discussed a stay of discovery with Plaintiffs so that discovery would only be conducted into ABM's corporate structure, but only if ABM Defendants' right to engage in discovery was not compromised or adversely affected in any other respect. Plaintiffs now propose discovery that would allow them to engage in full-scale discovery for five months into ABM Defendants' position without ABM Defendants' having the same right to engage in discovery as to Plaintiff's position. As a result, ABM objects, and requests that discovery proceed in this case pursuant to the Federal Rules.

F.   Discovery Cut-off Date

The parties propose that this date be set at the next CMC.

G.   Disclosure of Expert Witness pursuant Fed. R. Civ. P. 26(a)(2)

The parties propose that this date be set at the next CMC.

VII.   Pre-trial Motions, Pre-trial Conference and Trial dates

The parties propose that the Court set a further scheduling conference, approximately 90 days from the initial scheduling conference, to set the discovery cut-off date, expert designation date(s), pre-trial motions dates, pre-trial conference date, and trial date.

The parties also agree to extend the time to file, oppose and reply to a summary judgment motion and/or a summary adjudication motion as follows:

(1) the moving party must file and personally serve the summary judgment motion and/or summary adjudication motion 42 days before the hearing date set for such motion;

1        (2) the responding party must file and personally serve its opposition to the

2   summary judgment motion and/or summary adjudication motion 21 days before

3   the hearing date set for such motion; and

4        (3) the moving party must file and personally serve its reply five (5) court

5   days before the hearing date set for such motion.

6

7   VIII.   Settlement Procedure

8        The parties are amendable to pursuing settlement before an ADR Judge,

9   including but not limited to, the magistrate judge assigned to this case, under Local

10  Rule 16-271 after Defendants have the opportunity to depose the charging parties

11  and class members.  The EEOC is amenable to an early settlement conference.

12       Intervenors are amendable to private mediation.

13

14  IX.   Whether Case if a Jury or Non-Jury Case

15       The EEOC and Plaintiff Intervenors have demanded a jury trial.

16

17  X.   Estimated Length of Trial Days

18       The EEOC and Plaintiff Intervenors estimate the length of trial to be

19  between 8-12 court days.

20

21  XI.   Proposals regarding Severance, Bifurcation, or other Ordering of Proof

22       The EEOC and Plaintiff Intervenors do not propose severance, bifurcation or

23  other ordering of proof at this time.  However, the EEOC and Plaintiff Intervenors

24  reserve the right to request such proposals as needed in this litigation.

25       ABM Defendants do not anticipate requesting bifurcation of any trial issues

26  other than punitive damages.

27

28

XII.   <u>Related Matters</u>

The EEOC is unaware of any pending matters, in this court or another court, that are related to this matter.

Respectfully submitted,

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Date: May _1_, 2008          By:   /s/ Lorena Garcia
                                    Victor Viramontes
                                    Lorena Garcia
                                    Attorneys for Plaintiff U.S. EEOC

                                    LAW OFFICES OF MALLISON &
                                    MARTINEZ

Date: May _1_, 2008          By:   _____
                                    Stan Mallison
                                    Hector R. Martinez
                                    Attorneys for Plaintiff- Intervenors

                                    LITTLER MENDELSON

Date: May 1, 2008            By:   _____
                                    Nancy E. Pritikin
                                    Natalie A. Pierce
                                    Neville F. Fernandes
                                    Attorneys for Defendant
                                    ABM Industries Incorporated; ABM
                                    Janitorial Services, Inc. and ABM
                                    Janitorial Services Northern
                                    California

                                    STRAPP & STRAPP

Date: May 1, 2008            By:   W. Joseph Strapp
                                    W. Joseph Strapp
                                    Attorney for Defendant
                                    Jose Vasquez

Firmwide:85091589.1 054667.1005

1:07-CV-01428 LJO (TAG)- JOINT RULE 26(f)          -12-
SCHEDULING REPORT