Anna Y. Park, SBN 164242
Victor Viramontes, SBN 214158
Lorena Garcia, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1108
Facsimile: (213) 894-1301
Attorneys for Plaintiff U.S. E.E.O.C.

Stan Mallison, SBN 184191
Hector R. Martinez, SBN 206336
Marco A. Palau, SBN 242340
Law Offices of Mallison & Martinez
1042 Brown Ave., Suite A
Lafayette, CA 94549
Telephone: (925) 283-3842
Facsimile: (925) 283-3426
Attorneys for Plaintiffs-in-Intervention

(Attorney recitals cont. on next page)

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; Does 1 through 10, Inclusive,<br><br>Defendants. | Case No.: 1:07-CV-01428 LJO-TAG<br><br>**JOINT SCHEDULING REPORT PURSUANT TO FED. R. CIV. P. 26(f)**<br><br>Date and Time: 5/8/08 @ 8:45 a.m.<br>Courtroom: 4 (LJO)<br><br>Hon. Lawrence J. O'Neill<br>U.S. District Judge |

1  ERIKA MORALES and  )
2  ANONYMOUS PLAINTIFFS ONE  )
   THROUGH EIGHT,  )
3                                                        )
                    Plaintiff Intervenors,  )
4                                                        )
5       v.  )
                                                         )
6  ABM INDUSTRIES  )
7  INCORPORATED, ABM  )
   JANITORIAL SERVICES, INC., ABM  )
8  JANITORIAL NORTHERN  )
9  CALIFORNIA, JOSE VASQUEZ;  )
10 Does 1 through 10, Inclusive.  )
                                                         )
11                  Defendants.  )
12

13
14 Nancy E. Pritikin, SBN 102392
   Natalie Pierce, SBN 191342
15 Neville F. Fernandes, SBN 240935
16 LITTLER MENDELSON
   650 California St., 20th Floor
17 San Francisco, CA 91408-2693
18 Telephone: (415) 433-1940
   Facsimile: (415) 399-8490
19 Attorneys for Defendants
20 ABM Industries Incorporated; ABM Janitorial Services, Inc. and ABM Janitorial
21 Services Northern California

22 W. Joseph Strapp, SBN 123655
23 STRAPP & STRAPP
   6500 Wilshire Blvd. Ste. 1650
24 Los Angeles, CA 90048
25 Telephone: (323) 951-0505
   Facsimile: (323) 951-0506
26 Attorney for Defendant Jose Vasquez
27
28

Plaintiff United States Equal Employment Opportunity Commission ("EEOC"), counsel for Plaintiff Intervenors, Defendants ABM Industries Incorporated; ABM Janitorial Services, Inc. and ABM Janitorial Services Northern California. ("Defendants"), and Defendant Jose Vasquez, by and through their undersigned counsel, having met and conferred via telephone on April 10, 2008, hereby submit their Joint Report, pursuant to this Court's Scheduling Meeting of Counsel Order, Local Rule 26-1, and Fed. R. Civ. P. 26(f).

I.   Summary of the Factual and Legal Contentions:

   A.   Plaintiff EEOC's Factual and Legal Contentions

Defendants discriminated against Charging Parties and similarly situated females by subjecting them to sexually hostile work environment and quid pro quo sexual harassment in violation of Section 703 and 707 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-2. The sexual harassment included but was not limited to the unwelcome touching, explicit sexual commentary and quid pro quo sexual harassment. Defendant Vasquez raped a female employee at the worksite. The supervisor repeatedly hugged female employees from behind and groped their private parts with his hands. On several occasions, the supervisor exposed himself and tried to force the female employees to touch him sexually. The supervisor repeatedly subjected the female employees to leering, suggestive and propositioning language. Supervisors offered female employees positions where they would drive a company vehicle and/or supervise employees in exchange for sex. The EEOC seeks to recover past and future pecuniary losses, compensatory damages, punitive damages, and injunctive relief on behalf of the Charging Parties and similarly situated females pursuant to *General Telephone Co. v. EEOC*, 446 U.S. 318, 324 (1980).

B.   <u>Plaintiff Intervenors' Factual and Legal Contentions</u>

In addition to seeking remedies provided for by Title VII upon the same and other similar facts as set forth in the EEOC's factual and legal contentions, Plaintiff Intervenors' are also seeking remedies under the California Fair Employment and Housing Act, Government Code §§ 12900, *et seq.*, which prohibits hostile work environments resulting from sex harassment and gender discrimination, relief from unlawful retaliation (Cal. Gov. Code §12940(H)), remedies for damages arising from Gender Violence (Cal. Civ. Code §52.4), remedies for aiding and abetting sexual harassment, sex discrimination and retaliation (Cal. Gov. Code §12940(I), and relief for failure to prevent discrimination and harassment (Cal. Gov. Code §12940(K).  In addition, Plaintiff Intervenors seek remedies under California common law causes of action which include False Imprisonment, Assault, Battery, Intentional Infliction of Emotional Distress, Negligent Infliction of Emotional Distress, and Negligence.  Plaintiff Intervenor's seek to recover past and future pecuniary losses, compensatory damages, punitive damages, and attorneys' fees.

C.   <u>Defendant ABM Industries Incorporated and ABM Janitorial Services and ABM Janitorial Services Northern California's Factual and Legal Contentions</u>

Defendants ABM Industries Incorporated, ABM Janitorial Services, Inc. and ABM Janitorial Services Northern California ("ABM Defendants") deny any liability whatsoever to Plaintiffs, and Defendants hereby incorporate by reference their amended answer to the EEOC's complaint and their answer to Plaintiff Intervenor's complaint.  Defendants contend that it is unfair and prejudicial to conceal the identities of "Anonymous Plaintiffs One through Eight."  Without knowing the identity of eight of the nine plaintiffs in this case, it is difficult to state all factual and legal contentions at this time.  Defendants also raised various

affirmative defenses in their Answers, which are hereby incorporated by this reference.

      D.    Defendant Jose Vasquez's Factual and Legal Contentions

Defendant Jose Vasquez denies Plaintiff Intervenors' allegations and denies that Plaintiff Intervenors are entitled to any relief, monetary or otherwise. Defendant Vasquez further contends that it is unfair and improper to conceal the identities of "Anonymous Plaintiffs One through Eight."

II.    Likelihood of Motions to Amend Pleadings at this Time

      The EEOC and Plaintiff Intervenors do not foresee filing any motions to add parties, add claims, or amend pleadings at this time. However, the EEOC and Plaintiff Intervenors will conduct discovery on Defendants' corporate structure. If the EEOC and Plaintiff Intervenors find additional parties, they will amend the pleadings to add the additional parties. Thus, the EEOC and Plaintiff Intervenors reserve their right to file such motions as needed in this litigation.

      The EEOC will also conduct discovery on a class basis and may amend the pleadings to add additional class members.

III.    Summary of Uncontested and Contested Facts

      A.    Uncontested Facts

          (1) The parties agree that Defendant ABM Industries Incorporated employs at least 15 employees and conducts business in the state of California.

          (2) The parties agree that Erika Morales filed a charge with the EEOC more than thirty days prior to the filing of Plaintiff EEOC's Complaint.

      B.    Contested Facts

          (1) ABM Defendants dispute Plaintiffs' contention that Charging Party Erika Morales was employed by Defendant ABM Industries Incorporated

and/or ABM Janitorial Services, Inc. Defendants are informed and believe that Erika Morales was employed by ABM Janitorial Services- Northern California. Without knowing the identities of the eight anonymous plaintiffs, ABM Defendants can not know who employed the eight anonymous plaintiffs.

(2) ABM Defendants dispute the factual claims made by Plaintiffs.

(3) Plaintiff EEOC and Plaintiff Intervenors dispute that Defendant ABM Industries Incorporated is a holding company that employs less than 100 administrative, executive and professional employees.

(4) Plaintiff Intervenors dispute the factual and legal defenses raised in Defendants answer.

(5) Defendant Jose Vasquez disputes the factual claims made by Plaintiff Intervenors, in which they accuse him of various forms of misconduct.

IV.  **Summary of Undisputed and Disputed Legal Issues**

A.  **Undisputed Legal Issues**

(1) The parties agree that Plaintiff EEOC is bringing this lawsuit pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991.

(2) The parties agree that this Court has jurisdiction over the claims brought in this action.

(3) The parties agree that Plaintiff EEOC is an agency of the United States.

B.  **Defendants' Disputed Legal Issues**

(1) Whether there is specific jurisdiction in this case.

(2) Whether the employment practices alleged to be unlawful were committed within the jurisdiction of the United States Court for the Eastern District of California.

   (3) Whether Plaintiffs are entitled to any legal relief based upon any claim of unlawful conduct by ABM Defendants as contained in their complaints.

   (4) Whether Plaintiffs are entitled to any other legal relief based upon any other claim of unlawful conducts by ABM Defendants, which claims are not sufficiently clear based upon the pleadings to determine what other relief, if any, Plaintiff may be seeking.

   (5) Whether ABM Defendants are proper defendants in this action.

   (5) All legal issues raised in ABM Defendants' affirmative defenses.

   (6) All legal issues raised in ABM Defendants' above-noted factually and legal contentions.

   (7) All legal issues raised by ABM Defendants' above-noted contested facts.

## V. Status of All Matters Presently Set Before the Court

There are no matters presently set before the Court, other than the scheduling conference.

## VI. Discovery Plan

  A. Report of the Results of Fed. R. Civ. P. 26(f) Conference

The parties agree to the following:

  B. Disclosures

The EEOC, Plaintiff Intervenors, Defendants, ABM Industries Incorporated, ABM Janitorial Services, Inc., and ABM Janitorial Services- Northern California will make the disclosures required by Rule 26(a)(1) on or before April 24, 2008. Defendant Jose Vasquez will make the disclosure required by Rule 26(a)(1) on or before May 16, 2008.

C.  **Changes to Limitations on Discovery**

The parties agree that written discovery shall be served and responded to in accordance with the Federal Rules of Civil Procedure but that each party will bear the costs for copying documents produced under Fed. R. Civ. P. 34, and/or in response to any subpoena.

In addition to the service requirements pursuant to the Federal Rules of Civil Procedure, each party agrees to provide the other party a courtesy copy an electronic version of discovery requests and responses at the time they serve hard copies. The electronic versions shall be provided on a CD/DVD or by electronic mail in Microsoft Word format.

The parties agree that the EEOC and Plaintiff Intervenors will take a combined total of roughly 20 depositions.

The parties agree that Defendants ABM Industries Incorporated, ABM Janitorial Services, Inc., Janitorial Services Northern California and Jose Vasquez will take a combined total of roughly 20 depositions.

The parties agree that the EEOC will propound up to 50 interrogatories.

The parties agree that Plaintiff Intervenors will propound up to 50 interrogatories.

Defendants ABM Industries Incorporated, ABM Janitorial Services, Inc., Janitorial Services Northern California will propound up to 50 interrogatories.

Defendant Jose Vasquez will propound up to 50 interrogatories.

D.  **Subjects of Discovery**

The parties anticipate that the subjects on which discovery may be needed include, but are not limited to the following:

(1) sexual harassment,

(2) Defendants' employment practices,

(3) Defendants' corporate structure,

(4) Defendants' policies and procedures, and

(5) the identity of witnesses and/or non-class members.

(6) Defendants' asserted factual allegations and defenses

ABM Defendants anticipate that the subjects on which discovery may be needed include, but are not be limited to the following:

(1) Each and every one of Plaintiffs' allegations.

Defendant Jose Vasquez anticipates that the subjects on which discovery may be needed include, but are not limited to the following:

(1) All possible sources of Plaintiff Intervenors' alleged physical injuries.

(2) All possible sources of Plaintiff Intervenors' alleged emotional distress.

E.   Proposed Discovery Plans

**All Plaintiffs' Proposed Discovery Plan:**

In light of Defendants' contention that Erika Morales was employed by ABM Janitorial Services- Northern California and not ABM Industries Incorporated or ABM Janitorial Services, Inc., the EEOC and Plaintiff Intervenors believe that discovery should be conducted in phases or be limited to the first five months (from May 8, 2008 to October 10, 2008) on Defendants' corporate structure and class development only. Any depositions conducted during these first five months will be limited to the corporate structure and class development only. Thereafter, the parties will continue to conduct discovery as to Defendant's corporate structure and class development, and will conduct discovery with respect to the sexual harassment, Defendants' employment practices, Defendants' policies and procedures and the identity of witnesses and/or non-class members.

**ABM Defendants' Proposed Discovery Plan:**

ABM Defendants' object to Plaintiffs' attempt to manipulate the Federal Rules in order to obtain discovery unfairly in advance of Defendants. ABM Defendants discussed a stay of discovery with Plaintiffs so that discovery would only be conducted into ABM's corporate structure, but only if ABM Defendants' right to engage in discovery was not compromised or adversely affected in any other respect. Plaintiffs now propose discovery that would allow them to engage in full-scale discovery for five months into ABM Defendants' position without ABM Defendants' having the same right to engage in discovery as to Plaintiff's position. As a result, ABM objects, and requests that discovery proceed in this case pursuant to the Federal Rules.

F.   Discovery Cut-off Date

The parties propose that this date be set at the next CMC.

G.   Disclosure of Expert Witness pursuant Fed. R. Civ. P. 26(a)(2)

The parties propose that this date be set at the next CMC.

VII. Pre-trial Motions, Pre-trial Conference and Trial dates

The parties propose that the Court set a further scheduling conference, approximately 90 days from the initial scheduling conference, to set the discovery cut-off date, expert designation date(s), pre-trial motions dates, pre-trial conference date, and trial date.

The parties also agree to extend the time to file, oppose and reply to a summary judgment motion and/or a summary adjudication motion as follows:

(1) the moving party must file and personally serve the summary judgment motion and/or summary adjudication motion 42 days before the hearing date set for such motion;

(2) the responding party must file and personally serve its opposition to the summary judgment motion and/or summary adjudication motion 21 days before the hearing date set for such motion; and

(3) the moving party must file and personally serve its reply five (5) court days before the hearing date set for such motion.

VIII. Settlement Procedure

The parties are amendable to pursuing settlement before an ADR Judge, including but not limited to, the magistrate judge assigned to this case, under Local Rule 16-271 after Defendants have the opportunity to depose the charging parties and class members. The EEOC is amenable to an early settlement conference.

Intervenors are amenable to private mediation.

IX. Whether Case if a Jury or Non-Jury Case

The EEOC and Plaintiff Intervenors have demanded a jury trial.

X. Estimated Length of Trial Days

The EEOC and Plaintiff Intervenors estimate the length of trial to be between 8-12 court days.

XI. Proposals regarding Severance, Bifurcation, or other Ordering of Proof

The EEOC and Plaintiff Intervenors do not propose severance, bifurcation or other ordering of proof at this time. However, the EEOC and Plaintiff Intervenors reserve the right to request such proposals as needed in this litigation.

ABM Defendants do not anticipate requesting bifurcation of any trial issues other than punitive damages.

1  XII.  **Related Matters**

2     The EEOC is unaware of any pending matters, in this court or another court,
3  that are related to this matter.

                                                                 Respectfully submitted,

                                                                 U.S. EQUAL EMPLOYMENT
                                                                 OPPORTUNITY COMMISSION

Date: May 1, 2008                      By:   /s/ Lorena Garcia
                                                                   Victor Viramontes
                                                                     Lorena Garcia
                                                                     Attorneys for Plaintiff U.S. EEOC

                                                                 LAW OFFICES OF MALLISON &
                                                                 MARTINEZ

Date: May 1, 2008                      By:
                                                                     Stan Mallison
                                                                     Hector R. Martinez
                                                                     Attorneys for Plaintiff- Intervenors

                                                                LITTLER MENDELSON

Date: May 1, 2008                      By:
                                                                     Nancy E. Pritikin
                                                                     Natalie A. Pierce
                                                                     Neville F. Fernandes
                                                                     Attorneys for Defendant
                                                                     ABM Industries Incorporated; ABM
                                                                     Janitorial Services, Inc. and ABM
                                                                     Janitorial Services Northern
                                                                     California

                                                                STRAPP & STRAPP

Date: May 1, 2008                      By:
                                                                     W. Joseph Strapp
                                                                     Attorney for Defendant
                                                                     Jose Vasquez

Firmwide:85091589.1 054667.1005