NANCY E. PRITIKIN, Bar No. 102392
NATALIE A. PIERCE, Bar No. 191342
NEVILLE F. FERNANDES, Bar No. 240935
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:    415.433.1940

Attorney for Defendants
ABM INDUSTRIES INCORPORATED; ABM
JANITORIAL SERVICES, INC. and ABM
JANITORIAL NORTHERN CALIFORNIA

## UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No. 1: 07 CV 01428 LJO- TAG |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO COMPEL DEPOSITIONS OF PLAINTIFF-INTERVENORS AND REQUEST FOR MONETARY SANCTIONS** |
| ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT, | |
| Plaintiff-Intervenors, | Date:        June 25, 2008 |
| v. | Time:        8:30 a.m. |
| | Judge:       Lawrence J. O'Neill |
| ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOSE VASQUEZ; Does 1 - 10 inclusive, | Courtroom:   4 |
| Defendants. | |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on Wednesday, June 25, 2008 at 8:30 a.m., in the above-entitled Court located at 2500 Tulare Street, Fresno, California, Defendants ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL NORTHERN CALIFORNIA ("Defendants") will and hereby do move the Court for an Order pursuant Federal Rule of Civil Procedure 37 compelling Plaintiff-Intervenors ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT ("Plaintiff-Intervenors") to appear at their noticed depositions. Defendants also seek sanctions on the basis that Plaintiff-Intervenors have

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

**DEFENDANTS' MOTION TO COMPEL DEPOSITIONS**

**CASE NO. 1:07 CV 01428 LJO-TAG**

1  unjustifiably refused to appear.

2        This motion is based on this notice of motion and motion, the accompanying

3  memorandum of points and authorities, the Declaration of Natalie A. Pierce, the complete files and

4  records of this action, and any oral argument on this motion that the Court shall hear.

5        **MEMORANDUM OF POINTS AND AUTHORITIES**

6        Defendant  ABM  INDUSTRIES  INCORPORATED;  ABM  JANITORIAL

7  SERVICES, INC. and ABM JANITORIAL NORTHERN CALIFORNIA ("Defendants") hereby

8  submit the following points and authorities in support of its motion for an order pursuant to Federal

9  Rule of Civil Procedure 37 compelling Plaintiff-Intervenors ERIKA MORALES and

10  ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT ("Plaintiff-Intervenors") to appear at their

11  noticed depositions.

12  **I.   INTRODUCTION**

13        Defendants originally noticed the depositions of Plaintiff-Intervenor Erika Morales

14  and Anonymous Plaintiffs One Through Eight for nine separate days in late May and early June.

15  Declaration of Natalie A. Pierce, ¶ 2. ("Pierce Decl."). After Plaintiff-Intervenors indicated that

16  they would not appear because of alleged safety concerns, Defendants re-noticed the first five

17  depositions for later dates in June and July so that the parties could have additional time to

18  negotiate two issues: (1) a stipulated protective order that would govern disclosure pertaining to

19  the identifying information of the anonymous plaintiffs; and (2) whether discovery during the

20  early stages of this case would be limited to information pertaining to the corporate structure of

21  Defendants. Pierce Decl. ¶ 2. After several weeks of negotiations, Plaintiff-Intervenors rejected

22  Defendants' proposal for a revised protective order and stated that they would not be producing

23  any of the Plaintiff-Intervenors for their noticed depositions.  Pierce Decl. ¶ 3.   Plaintiff-

24  Intervenors are ignoring both the Court's order indicating that discovery should proceed normally

25  in this case and Defendants' right to obtain information pertaining to the anonymous plaintiffs.

26  Under these circumstances, an Order compelling Plaintiff-Intervenors to appear for their noticed

27  depositions is warranted.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFENDANTS' MOTION TO COMPEL
DEPOSITIONS**

2.

**CASE NO. 1:07 CV 01428 LJO-TAG**

II. **FACTUAL BACKGROUND**

A. **Plaintiffs-Intervenors Refusal To Appear At Noticed Depositions**

Plaintiffs originally proposed that discovery into ABM's corporate structure would take place first before discovery into any other matters occurred. Pierce Decl. ¶ 2. Defendants were open to negotiating such a discovery schedule. Pierce Decl. ¶ 2. In order to preserve their rights, however, Defendants nevertheless sent deposition notices on April 10, 2008 noticing the depositions of Plaintiff-Intervenor Erika Morales and the eight anonymous plaintiffs for May 21, 22, 23, 27, 28; June 9, 10, 11, and 12, respectively. Pierce Decl. ¶ 2. Defendants specifically noted in a cover letter accompanying the deposition notices that they remained willing to discuss the discovery schedule:

> Defendants are amenable to proposals regarding entering into a stipulation so that discovery during the early stages of this case be limited to information pertaining to the corporate structure of Defendants. The enclosed notices do not change Defendants' position with regards to the possibility of entering into such a stipulation. The notices are only being serviced to preserve any and all rights Defendants have in conducting discovery into the allegations of Erika Morales and the eight other plaintiffs.

Pierce Decl. ¶ 2.

Instead of agreeing to a reasonable scheduling structure, Plaintiffs proposed a discovery plan in their Joint Scheduling Report that would have allowed them to engage in full-scale discovery for five months into Defendants' position without ABM Defendants' having the same right to engage in discovery as to Plaintiffs' position. Pierce Decl. ¶ 8. Defendants rejected this unfair offer. Pierce Decl. ¶ 8. The Court later indicated that discovery should proceed into any and all issues. *See* Order (May 2, 2008) (the parties should "conduct meaningful discovery diligently to facilitate setting meaningful discovery, motion and trial dates at the August 20, 2008 scheduling conference.").

In an effort to conduct "meaningful discovery," Defendants then attempted to proceed with the noticed depositions, but with the willingness to placate Plaintiff-Intervenors alleged security concerns by entering into a protective order governing the identifying information

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

DEFENDANTS' MOTION TO COMPEL
DEPOSITIONS

3.

CASE NO. 1:07 CV 01428 LJO-TAG

1   of the anonymous plaintiffs. Pierce Decl. ¶ 9.  After Plaintiffs represented that they would not

2   produce their witnesses for the noticed depositions, Defendants re-noticed the first five scheduled

3   depositions for June 21, 22, 23; July 23 and 24, in order to give the parties more time to agree to

4   the stipulated protective order. Pierce Decl. ¶ 10.  Defendants had been offering to enter into a

5   protective order with Plaintiffs since March 20, 2008, but neither the EEOC nor Plaintiff

6   Intervenors ever circulated a protective order.  Pierce Decl. ¶ 3.  Defendants submitted a draft of

7   the stipulated protective order to Plaintiff-Intervenors on May 5, 2008.  Pierce Decl. ¶ 11.

8         On May 8, 2008, the EEOC stated that their primary concern with Defendants'

9   proposed stipulated protective order was that a cousin of Defendant Jose Vasquez, Javier Vasquez,

10  might pass confidential information regarding the anonymous plaintiffs to Jose Vasquez.  Pierce

11  Decl. ¶ 3.  Defendants immediately addressed this concern by submitting a revised stipulated

12  protective order that contained a new provision prohibiting Javier Vasquez from disclosing

13  discoverable information to Jose Vasquez. Pierce Decl. ¶ 3.  Instead of signing this stipulation, the

14  EEOC continued to stall and delay.  On May 12, 2008, EEOC sent a letter stating that they "will

15  be working on the proposed stipulated protective order" and that they "will get back to

16  [Defendants] by the end of this week," which was May 16, 2008.

17        Instead of sending a modified stipulated protective order, however, Plaintiffs sent a

18  letter with proposed changes to the stipulated protective order.  Pierce Decl. ¶ 9  The proposed

19  changes by Plaintiffs severely restricted Defendants ability to defend against this lawsuit by

20  restricting the following individuals from obtaining information regarding the identity of the

21  anonymous plaintiffs: (1) expert witnesses designated under Rule 16; (2) Defendants' Managers

22  and Human Resource officials located in Kern County or adjacent counties (where the allegations

23  in this lawsuit occurred); and (3) any of Jose Vasquez's family members, which included

24  important defense witnesses.  Plaintiff's changes also restricted defense witnesses from seeing the

25  identifying information of the anonymous plaintiffs, except for three weeks prior to their

26  depositions.  Pierce Decl. ¶ 9.  Moreover, percipient witnesses would not be allowed to see the

27  information when being interviewed.  Pierce Decl. ¶ 9.  In response, in a May 22, 2008 telephone

28  conference, Defendants proposed revisions that would permit Defendants to defend against this

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFENDANTS' MOTION TO COMPEL DEPOSITIONS**     4.     **CASE NO. 1:07 CV 01428 LJO-TAG**

1    lawsuit.  Pierce Decl. ¶ 10.  Defendants also offered that Plaintiffs' depositions could perhaps be

2    taken at the courthouse to help alleviate any security concerns.

3        Plaintiffs rejected Defendants' proposals and stated that they would not agree to the

4    stipulated protective order.

5        Tellingly, during the conference, the EEOC stated that revealing the identifies of the

6    anonymous plaintiffs was "a timing issue" and that they felt the depositions should be taken in

7    October and November of 2008 so that the depositions pertaining to the corporate structure of

8    Defendants would occur first. Pierce Decl. ¶ 12.   The EEOC's "timing issue" statement indicates

9    that the alleged privacy concern of the anonymous plaintiffs is an excuse that is being used so that

10   Plaintiffs can obtain the unfair discovery schedule they requested in their Joint Scheduling Report,

11   which would permit Plaintiffs to conduct discovery without restrictions for five months.   The

12   Court's May 2, 2008 Order suggested that the Court does not want to bifurcate the discovery

13   schedule in this case.   The noticed depositions of Erika Morales and the anonymous Plaintiff-

14   Intervenors must proceed despite Plaintiff's months-long delay in entering into a reasonable

15   protective order.

16       On May 23, 2008, following the parties' conference call, Defendants attempted for

17   one final time to enter into a reasonable agreement and avoid the need to take up the Court's time

18   with this matter.

19   **III.    LEGAL ANALYSIS**

20       **A.  Plaintiff-Intervenors Do Not Have A Legal Basis To Refuse To Appear**

21       The Court has already stated that the parties should "conduct meaningful discovery

22   diligently to facilitate setting meaningful discovery, motion and trial dates at the August 20, 2008

23   scheduling conference."  Order (May 2, 2008).  To this end, discovery should proceed into any and

24   all issues.  Nothing in the Federal Rules or local rules permits Plaintiffs to unilaterally withhold

25   producing deponents because of a "timing issue" in which they seek to bifurcate discovery into

26   different stages.  Though Plaintiffs have sent objections to the deposition notices, under the Federal

27   Rules a party who objects to a deposition notice cannot refuse to appear at the deposition. *See* FED.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFENDANTS' MOTION TO COMPEL
DEPOSITIONS                                          5.                      CASE NO. 1:07 CV 01428 LJO-TAG

1    R. CIV. PROC. 37(d)(2); *see also New England Carpenters Health Benefits Fund v. First Databank,*

2    *Inc.*, 242 FRD 164, 166 (D. Mass. 2007) ("there is no provision in the rules which provides for a

3    party whose deposition is noticed to serve objections so as to be able to avoid providing the

4    requested discovery until an order compelling discovery is issued."). Plaintiffs do not have any legal

5    justification to refuse to produce the noticed deponents.

6    **B. Defendants Have A Right To Depose Plaintiff-Intervenors**

7      **1. Plaintiff-Intervenors Have Placed Several Claims At Issue**

8        The Anonymous Plaintiffs are believed to be former or current ABM employees

9    who have relevant information pertaining to the alleged unlawful conduct by Defendant Jose

10    Vasquez ("Vasquez"). For instance, Plaintiff-Intervenors allege that Erika Morales and the

11    Anonymous Plaintiffs were subjected to a "sexually harassing hostile environment and quid pro

12    quo sexual harassment." Complaint, ¶ 36. Vasquez is alleged to have "repeatedly hugged female

13    employees, including INTERVENOR PLAINTIFFS from behind and groped their private parts

14    with his hands." *Id.* The Complaint also alleges that "Defendants treated PLAINTIFF

15    INTERVENORS less favorably than similarly situated male employees... including, but not

16    limited to degrading comments, reduction in work hours, denial of promotion opportunities, and

17    criticism of their work for not accepting the sexual advances of ABM Inc. supervisor JOSE

18    VASQUEZ." Complaint, ¶ 43.

19        Plaintiff-Intervenors have also made specific allegations with respect to Anonymous

20    Plaintiffs One, Two, and Three. Plaintiff-Intervenors allege that Vasquez grabbed Anonymous

21    Plaintiffs One, Two and Three and "restrained them in an enclosed environment, and committed

22    violent sexual touching and/or sexual penetration." Complaint, ¶ 116; *see also* Complaint, ¶¶ 122,

23    127. As a result, Plaintiff-Intervenors allege that these three Anonymous Plaintiffs "suffered

24    fright, shock, and extreme mental anguish." Complaint, ¶ 117. In another part of the Complaint,

25    Plaintiff-Intervenors allege that Anonymous Plaintiff One was raped by Vasquez. Complaint, ¶

26    122.

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

**DEFENDANTS' MOTION TO COMPEL
DEPOSITIONS**      6.      **CASE NO. 1:07 CV 01428 LJO-TAG**

Each of Anonymous Plaintiffs have discoverable information that Plaintiff-Intervenors will use to support their claims or defenses and, therefore, Defendants have a right to depose each of these individuals.

### 2. Continued Anonymity Is Not Appropriate During The Discovery Stage

As the Court noted in its Order Granting the Motion for Leave to Intervene, "anonymity may prevent Defendants from mounting a meaningful defense." *Order* (March 5, 2008), p. 9 (citing to *Doe v. Advanced Textile Corp.*, 214 F.3d 1058, 1066 (9th Cir. 2000)). The Court held in that Order that the "Eight Anonymous Plaintiffs' need for anonymity outweighs the prejudice that anonymity may work on Defendants *at the present time*" i.e. at the time of the filing of the Complaint in Intervention. *Order* (March 5, 2008), p.10 (emphasis added).

While the Court felt it was proper to shield the identities of the Anonymous Plaintiffs during intervention, it is not appropriate during discovery. Defendants cannot be expected to defend against this lawsuit without deposing Plaintiff's Intervenors in a timely manner. Plaintiff-Intervenors have knowingly placed several issues related to the Anonymous Plaintiffs at issue in their Complaint in Intervention. For instance, they allege that the Anonymous Plaintiffs were subjected to a "sexually harassing hostile environment and quid pro quo sexual harassment" and that Vasquez hugged and groped some of the Anonymous Plaintiffs. Complaint, ¶ 36. Plaintiff-Intervenors also allege that Defendants treated the Anonymous Plaintiffs less favorably than similarly situated male employees. Complaint, ¶ 43. It is impossible for Defendants to defend against these allegations without deposing the Anonymous Plaintiffs, let alone knowing who they are. For instance, without the names of the Anonymous Plaintiffs, Defendants cannot evaluate Plaintiff-Intervenors' claim that they were treated less favorably than similarly situated male employees. Plaintiff-Intervenors have also made serious and specific allegations pertaining to actions that Vasquez purportedly took against Anonymous Plaintiffs One, Two and Three. Without specific information pertaining to who Anonymous Plaintiffs One, Two and Three are, Defendants cannot be expected to properly defend against these serious allegations.

In *So. Methodist Univ. Ass'n v. Wynne & Jaffe*, 599 F.2d 707, 713 (5th Cir. 1979), the court was faced with the same issue of the appropriateness of issuing an order compelling unnamed

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

**DEFENDANTS' MOTION TO COMPEL DEPOSITIONS**                7.                **CASE NO. 1:07 CV 01428 LJO-TAG**

1   plaintiffs in a Title VII case to disclose their identities.   In the case, plaintiffs argued that the

2   disclosure of the identities of four anonymous plaintiffs would leave them "vulnerable to retaliation

3   from their current employers," among other entities.   *Id.*   However, the Court concluded that those

4   anonymous plaintiffs "face[d] no greater threat of retaliation than the typical plaintiff alleging Title

5   VII violations, including the other women who, under their real names and not anonymously, have

6   filed sex discrimination suits against large law firms."   *Id.*   On this basis, the court affirmed the

7   district court's order to compel disclosure of the unnamed plaintiffs' identities.

8           The need for disclosing the names of unnamed Plaintiffs is especially acute in sexual

9   harassment cases.   Although the Ninth Circuit allows a party to proceed anonymously in the

10  "'unusual case' when nondisclosure of the party's identity is necessary . . . to protect a person from

11  harassment, injury, ridicule or personal embarrassment," *Does I Thru XXIII v. Advanced Textiles*

12  *Corp.*, 214 F.3d 1058, 1067-68 (9th Cir. 2000), "[p]laintiffs alleging sexual harassment have

13  generally not been allowed to proceed anonymously," *Doe v. Bell Atlantic Bus. Sys. Servs.*, 162

14  F.R.D. 418, 420-21 (D. Mass. 1995); *see also Doe v. Hallock*, 119 F.R.D. 640 (S.D. Miss. 1987) (in

15  Title VII action where plaintiff alleged that she had been sexually harassed and discriminated against

16  by her former employers, court found that plaintiff's fear of retaliation was "more likely to come

17  from the defendants who already knew her identity than from the community at large, and therefore,

18  fear of reprisals did not support a need for anonymity").

19          In *Doe v. City of Chicago*, 360 F.3d 667, 670 (7th Cir. 2004) the court suggested that

20  certain circumstances in which a plaintiff in a sexual harassment case could justify filing an

21  anonymous complaint:

22          Although the plaintiff in this case is charging sexual harassment,
            sexual harassment cases are not brought anonymously even when
23          the facts are gamier than they are here. The plaintiff is not a minor,
            a rape or torture victim, where the plaintiff had been forced by the
24          defendant police officer to undress and perform 'various sex acts in
            his presence'), a closeted homosexual, or--so far as appears--a
25          likely target of retaliation by people who would learn her identity
            only from a judicial opinion or other court filing.
26

27          *Id.* at 670 (citations omitted).

28          Except for one serious allegation, Plaintiff-Intervenors' claims do not rise to the level

---

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**DEFENDANTS' MOTION TO COMPEL DEPOSITIONS**                8.                **CASE NO. 1:07 CV 01428 LJO-TAG**

1  of conduct justifying anonymity.  With respect to the one allegation that does – that Anonymous

2  Plaintiff One was raped by Vasquez – Defendants have been willing and remain willing to enter into

3  a reasonable protective order that protects the identity of this Anonymous Plaintiff, as well as the

4  other Anonymous Plaintiffs, while permitting Defendants to defend against this lawsuit.  The

5  remaining allegations are of the type that are often alleged in sexual harassment cases i.e. Vasquez is

6  alleged to have physically touched some of the Anonymous Plaintiffs.  The allegations do not rise to

7  the level of torture or other egregious action that may justify anonymity, especially in light of the

8  fact that Plaintiff-Intervenors have not provided any statements under oath regarding how their

9  safety would be threatened if they did not remain anonymous.

10        Principles of "basic fairness" require that when a plaintiff makes accusations publicly,

11  the plaintiff "should stand behind those accusations, and the defendants should be able to defend

12  themselves publicly." *Doe v. Indiana Black Expo., Inc.*, 923 F. Supp. 137, 141-142 (S.D. Ind. 1996).

13  If Defendants cannot depose Plaintiff-Intervenors in a timely manner, then they cannot defend

14  themselves against these charges.

15  **C.  The Court Should Order Plaintiff-Intervenors To Disclose The Names And Contact**
16      **Information Of The Anonymous Plaintiffs**

17        Defendants will be severely prejudiced if they are not permitted to depose Plaintiff-

18  Intervenors in a timely manner. Accordingly, this Court should order (1) Plaintiff-Intervenors to

19  appear at their noticed depositions; (2) order that the parties enter into the Protective Order

20  attached to Defendants' [Proposed] Order Granting Defendants' Motion to Compel Depositions of

21  Plaintiff-Intervenors; and (3) award monetary sanctions against Plaintiff-Intervenors. FED. R. CIV.

22  P. 37(d)(3).  Defendants have incurred approximately $3,180.00 as a result of Plaintiff-

23  Interveners' conduct. Accordingly, this Court should award sanctions in the sum of $3,180.00.

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEFENDANTS' MOTION TO COMPEL
DEPOSITIONS                                    9.                    CASE NO. 1:07 CV 01428 LJO-TAG

1   **IV. CONCLUSION**

2           For the foregoing reasons, Defendants respectfully request that this Court grant

3   Defendants' Motion to Compel Depositions of Plaintiff-Intervenors and award appropriate sanctions.

4   Dated: June 4, 2008

5                                                            /s/
                                                    NANCY E. PRITIKIN
6                                                   NATALIE A. PIERCE
                                                    NEVILLE F. FERNANDES
7                                                   LITTLER MENDELSON
                                                    A Professional Corporation
8                                                   Attorneys for Defendants
                                                    ABM INDUSTRIES INCORPORATED;
9                                                   ABM JANITORIAL SERVICES, INC. and
                                                    ABM JANITORIAL NORTHERN
10                                                  CALIFORNIA

11  Firmwide:85390652.1 054667.1005

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**DEFENDANTS' MOTION TO COMPEL
DEPOSITIONS**                          10.                    **CASE NO. 1:07 CV 01428 LJO-TAG**