NANCY E. PRITIKIN, Bar No. 102392
NATALIE A. PIERCE, Bar No. 191342
NEVILLE FERNANDES, Bar No. 240935
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:    415.433.1940

Attorney for Defendants
ABM INDUSTRIES INCORPORATED; ABM
JANITORIAL SERVICES, INC. and ABM
JANITORIAL NORTHERN CALIFORNIA

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOSE VASQUEZ; Does 1 - 10 inclusive,<br><br>Defendants. | Case No. 1: 07 CV 01428 LJO- TAG<br><br>**DECLARATION OF NATALIE A. PIERCE IN SUPPORT OF MOTION TO COMPEL DEPOSITIONS OF PLAINTIFF-INTERVENORS AND REQUEST FOR MONETARY SANCTIONS**<br><br>Date:          June 25, 2008<br>Time:         8:30 a.m..<br>Judge:        Lawrence J. O'Neill<br>Courtroom   4 |

I, NATALIE A. PIERCE, do hereby declare and state as follows:

1.      I am an attorney licensed to practice law in the State of California.  I am a shareholder with the law offices of Littler Mendelson, attorney for Defendants ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC.; and ABM JANITORIAL NORTHERN CALIFORNIA ("Defendants"), in the above-entitled matter.  I have personal knowledge of the matters stated herein and can competently testify if called upon to do so.

2.      On April 10, 2008, I sent deposition notices to Plaintiffs noticing the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433 1940

DECLARATION OF NATALIE A. PIERCE                    CASE NO. 1:07 CV 01428 LJO-TAG

1   depositions of Plaintiff-Intervenor Erika Morales and each of the eight anonymous plaintiffs for May

2   21, 22, 23, 27, 28; June 9, 10, 11, and 12, respectively. I noted in my cover letter sent with the

3   deposition notices that Defendants remained "amenable to proposals regarding entering into a

4   stipulation so that discovery during the early stages of this case be limited to information pertaining

5   to the corporate structure of Defendants" and that the "notices [were] only being serviced to preserve

6   any and all rights Defendants have in conducting discovery into the allegations of Erika Morales and

7   the eight other plaintiffs." Attached as Exhibit A is a true and correct copy of my April 10, 2008

8   letter.

9

10          3.      On multiple occasions, Plaintiff-Intervenors have stated that they would not

11  appear for their noticed depositions unless the parties stipulate to a protective order that alleviates

12  Plaintiff-Intervenors' alleged security concerns with respect to Defendant Jose Vasquez. Since

13  March 2008, Defendants have expressed their willingness to enter into a reasonable protective order.

14  Plaintiffs never forwarded a proposal for a protective order. In an effort to move the discovery

15  process forward, I sent Plaintiffs a first draft of a stipulated protective order. I later emailed

16  Plaintiffs on May 8, 2008 to let them know that Defendants would give them until May 12, 2008 to

17  provide any revisions to the stipulated protective order. In my email, I noted that the only concern

18  the EEOC had raised regarding the first draft of the stipulated protective order was that Javier

19  Vasquez, a cousin of Defendant Jose Vasquez, might pass on confidential information regarding the

20  anonymous plaintiffs to Jose Vasquez. I immediately addressed this concern by sending Plaintiffs a

21  revised stipulated protective order containing a provision that would prohibit Javier Vasquez from

22  disclosing information pertaining to the anonymous plaintiffs to Jose Vasquez. Attached as Exhibit

23  B is a true and correct copy of my May 8, 2008 email to Plaintiffs.

24          4.      On May 12, 2008, I sent a letter to Plaintiffs explaining Defendants' position

25  with respect to the protective order and the noticed depositions. I noted that the need for a protective

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DECLARATION OF NATALIE A. PIERCE        2.        CASE NO. 1:07 CV 01428 LJO-SMS

order was "not a new topic of discussion" and that it began over two months ago. Despite this, Plaintiffs appeared to be stalling in addressing whatever concerns they had with Defendants' draft of the stipulated protective order.  I ended by stating that the depositions would not be taken off-calendar, but that we were will to find reasonable alternative dates to the extent that noticed dates conflicted with opposing counsels' schedule.

5. Later that same day, May 12, 2008, Plaintiffs sent objections to Defendants' deposition notices.  Since Plaintiffs had indicated that they would not produce their witnesses for the noticed depositions, I sent Plaintiffs a letter noting that under the Federal Rules their objections to Defendants' deposition notices did not mean they could refuse to appear at the noticed depositions. In fact, there is no provision in the rules which allows a deponent to serve objections so as to be able to avoid appearing for the noticed deposition. I nevertheless stated that I was willing to consider alternative dates for the depositions in order to accommodate Plaintiff's schedule. Attached as Exhibit C is a true and correct copy of my May 12, 2008 letter.

6.       In response to my letters, EEOC counsel, Lorena Garcia, sent me a letter on May 12, 2008 stating that the EEOC would submit their revised stipulated protective order by the end of the week, which was May 16, 2008. Attached as Exhibit D is a true and correct copy of the EEOC's May 12, 2008 letter.

7.       On May 16, 2008, the EEOC instead sent a letter completely ignoring the issue of a stipulated protective order. Attached as Exhibit E is a true and correct copy of the EEOC's May 16, 2008 letter.

8.       I sent Plaintiffs a responsive letter on the same day stating that Defendants had a right to depose the anonymous plaintiffs and that the court had already ordered that discovery should proceed normally despite Plaintiffs' request in the Joint Scheduling Report that corporate discovery occur first. For at least the third time, I asked Plaintiffs to provide reasonable deposition

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DECLARATION OF NATALIE A. PIERCE          3.          CASE NO. 1:07 CV 01428 LJO-SMS

dates for Plaintiff-Intervenors' depositions. Attached as Exhibit F is a true and correct copy of my May 16, 2008 letter.

9.    Later the same day, Plaintiffs backtracked and sent a revised stipulated protective order. The proposed changes by Plaintiffs severely restricted Defendants ability to defend against this lawsuit by restricting the following individuals from obtaining information regarding the anonymous plaintiffs: (1) expert witnesses designated under Rule 16; (2) Defendants' Managers and Human Resource officials located in Kern County or adjacent counties (where the allegations in this lawsuit occurred); and (3) any of Jose Vasquez's family members. Plaintiff's changes also restricted defense witnesses from seeing the identifying information of the anonymous plaintiffs, except for three weeks prior to their depositions. Moreover, percipient witnesses would not be allowed to see the information when being interviewed. Attached as Exhibit G is a true and correct copy of the EEOC's May 16, 2008 letter.

10.    On May 19, 2008, Defendants informed Plaintiffs by letter that several changes made to the stipulated protective order prejudiced Defendants ability to defend this case and that they would be sending a revised stipulated protective order. Defendants stated that they would not take any of the noticed depositions off-calendar, but that they remained willing to move deposition dates that did not work with the schedules of Plaintiffs' counsel. Attached as Exhibit H is a true and correct copy of the Defendants' May 19, 2008 letter.

11.    Defendants later submitted to Plaintiffs a new draft of the stipulated protective order containing revisions that would permit Defendants to defend against this lawsuit. Attached as Exhibit I is a true and correct copy of the stipulated protective order.

12.    In a May 22, 2008 telephone conference, Plaintiffs rejected Defendants' draft and stated that they would not agree to a stipulated protective order. During the conference, the EEOC's counsel, Lorena Garcia, stated that revealing the identifies of the anonymous plaintiffs was

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DECLARATION OF NATALIE A. PIERCE        4.        CASE NO. 1:07 CV 01428 LJO-SMS

"a timing issue" and that the depositions should be taken in October and November of 2008 so that the depositions concerning Defendants' corporate structure could occur first. Ms. Garcia's "timing issue" statement indicates that the alleged privacy concerns of the anonymous plaintiffs is an excuse that is being used so that Plaintiffs can obtain an unfair discovery schedule. On May 23, 2008, I sent a letter to Plaintiffs expressing my concerns that Plaintiffs would no longer stipulate to a protective order and would refuse to produce their witnesses.  I informed Plaintiffs that Defendants would be filing a motion to compel the appearance of Plaintiff-Intervenors at their depositions, but that Defendants remained willing revise the protective order and hold Plaintiff-Intervenors' depositions at a courthouse in order to alleviate their security concerns. Attached as Exhibit J is a true and correct copy of my May 23, 2008 letter to Plaintiffs.

I declare under penalty of perjury under the laws of the United States of America that the foregoing Declaration is true and correct.

Executed this 3rd day of June 2008, at San Francisco, California.

_____/s/_____
NATALIE A. PIERCE

Firmwide:85374469.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

# EXHIBIT A

**LITTLER MENDELSON**
A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

April 10, 2008

Natalie A. Pierce
npierce@littler.com

**VIA MAIL AND FACSIMILE**

Hector Martinez, Esq.
Mallison & Martinez
1042 Brown Ave., Suite A
Lafayette, CA 94549

Re:     *EEOC v. ABM Industries, Inc., et al.*

Dear Mr. Martinez:

Enclosed please find deposition notices to each of the Anonymous Plaintiffs One Through Eight in the above-entitled case.

As we discussed on our Rule 26(f) call this morning, Defendants are amenable to proposals regarding entering into a stipulation so that discovery during the early stages of this case be limited to information pertaining to the corporate structure of Defendants. The enclosed notices do not change Defendants' position with regards to the possibility of entering into such a stipulation. The notices are only being serviced to preserve any and all rights Defendants have in conducting discovery into the allegations of Erika Morales and the eight other plaintiffs.

If you have any questions, please contact me immediately.

Sincerely,

Natalie A. Pierce

Firmwide:84850647.1 054667.1005

# EXHIBIT B

**Flores, Paula J.**

| | |
|---|---|
| **From:** | Pierce, Natalie A. |
| **Sent:** | Thursday, May 08, 2008 5:12 PM |
| **To:** | LORENA GARCIA |
| **Cc:** | VICTOR VIRAMONTES; nepritikin@litter.com; Fernandes, Neville F.; hectorm@mallisonlaw.com; mpalau@mallisonlaw.com; stanm@mallisonlaw.com; jstrapp@strapplaw.com |
| **Subject:** | RE: Re: ABM/Morales: Stipulated Protective Order |
| **Attachments:** | ABM Stip Protective Order.pdf |



ABM Stip Protective
Order.pdf ...            Lorena,

We will give you and interveners until Monday to let us know what concerns you have with
our proposed order.  We are not comfortable waiting much longer,   as we first proposed
entering into a protective order months ago.

The only concern you articulated this morning was a concern that Javier Vasquez might pass
on confidential information regarding the anonymous plaintiffs to Jose Vasquez.  We have
addressed this concern in the attached revised stipulated protective order.

Please send any further requested changes to me by Monday and, if reasonable, we will
incorporate them.

Also, as I mentioned this morning, if we do not hear from you soon regarding any changes
in plaintiffs' scheduled deposition dates, we will proceed with the depositions as
noticed.  Please send any new proposed dates at your earliest convenience.

Regards,

Natalie

-----Original Message-----
From: LORENA GARCIA [mailto:LORENA.GARCIA@EEOC.GOV]
Sent: Thursday, May 08, 2008 4:32 PM
To: Pierce, Natalie A.
Cc: VICTOR VIRAMONTES; nepritikin@litter.com; Fernandes, Neville F.;
hectorm@mallisonlaw.com; mpalau@mallisonlaw.com; stanm@mallisonlaw.com;
jstrapp@strapplaw.com
Subject: Fwd: Re: ABM/Morales: Stipulated Protective Order

Natalie,
 This e-mail will confirm our conversation of today where you stated that you would like
for us to provide you with a red-line of the proposed stipulated protective order instead
of having a telephonic meet and confer.  The commission will provide you, Mr. Strapp, and
intervenor's counsel with a red-line by next week.  I will be in the
office on Monday if you wish to discuss.

Lorena Garcia
EEOC Trial Attorney
U.S. Equal Employment Opportunity Commission
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1108
Fax:            (213) 894-1301

>>> Stan Mallison <stanm@mallisonlaw.com> 5/6/2008 2:43 PM >>>
We are attempting to arrange a meet and confer with all parties to discuss the protective

order.  There are significant problems with the

order which we need to address.   Can you arrange with the EEOC who is

leading this meet and confer?


On May 6, 2008, at 2:33 PM, Fernandes, Neville F. wrote:

> Stan,
>
> We need to get the stipulated protective order signed and done by
> close of business today. I left you a message and an email earlier
> today. Please return the attached stipulation by 5 p.m. today
> otherwise we'll proceed with our motion for a protective order.
> Neville F. Fernandes
> Littler Mendelson
> 650 California Street, 20th Floor
> San Francisco, CA 94108
> Tel: (415) 439-6206
> Fax: (415) 680-2405
>
>
> From: Fernandes, Neville F.
> Sent: Tuesday, May 06, 2008 12:27 PM
> To: 'stanm@mallisonlaw.com'
> Subject: RE: ABM/Morales: Stipulated Protective Order
>
> Stan,
>
> I just left you a message regarding the protective order. I've
> attached it again (with one minor addition: a clause regarding signing
> it in counterparts). Please sign the signature page and return it to
> me or give me a call if you have any concerns. Vasquez

> counsel is okay with this stipulation.
> Neville F. Fernandes
> Littler Mendelson
> 650 California Street, 20th Floor
> San Francisco, CA 94108
> Tel: (415) 439-6206
> Fax: (415) 680-2405
>
>
> From: Fernandes, Neville F.
> Sent: Monday, May 05, 2008 9:40 AM
> To: 'stanm@mallisonlaw.com'
> Cc: Pierce, Natalie A.; Pritikin, Nancy E.
> Subject: ABM/Morales: Stipulated Protective Order
>
> Stan,
>
> Attached is the stipulated protective order that we discussed on
> Friday.
>
> Neville F. Fernandes
> Littler Mendelson
> 650 California Street, 20th Floor
> San Francisco, CA 94108
> Tel: (415) 439-6206
> Fax: (415) 680-2405
> ----
>
> To ensure compliance with requirements imposed by the IRS, we inform

> you that
> any U.S. federal tax advice contained in this document (including any

> attachments) is not intended or written to be used, and cannot be
> used, for the purpose of (i) avoiding penalties under the Internal
> Revenue Code or (ii) promoting, marketing or recommending to another
> party any transaction or matter addressed

> herein.
>
> This email may contain confidential and privileged material for the

> sole use of the
> intended recipient(s).  Any review, use, distribution or disclosure

> by others is strictly
> prohibited.  If you are not the intended recipient (or authorized to

> receive for the
> recipient), please contact the sender by reply email and delete all

> copies of this
> message.
>
> To reply to our email administrator directly, send an email to
postmaster@littler.com
>
> Littler Mendelson, P.C.
> http://www.littler.com
> < Stipulated Protective Order.doc>

Stan Mallison
Stanm@mallisonlaw.com

# EXHIBIT C



**LITTLER MENDELSON**®
A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

May 12, 2008

Natalie A. Pierce
npierce@littler.com

Lorena Garcia
Trial Attorney
U.S. Equal Employment Opportunity Commission
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012

Re:  *EEOC v. ABM INDUSTRIES INCORPORATED, et al.*
     Case No. 1:07 CV 01428 LJO (SMS)

Dear Ms. Garcia:

I received your email of last Thursday and understood that you would not return to your office until today, Monday, May 12. Now that you have returned, I want to make sure that you understand our position with respect to the protective order and the noticed depositions.

After Erika Morales and the eight anonymous plaintiffs were allowed to intervene in this case, I spoke with Hector Martinez and Stan Mallison on March 20, 2008, and asked them to enter into a protective order with respect to the eight anonymous plaintiffs. I later spoke with you regarding this same issue. None of you responded to my request. Instead, you simply responded by saying that we were not to contact the anonymous charging parties and plaintiffs (whoever they may be).

On March 24, 2008, I wrote you the following:

> Defendant is happy to refrain from contacting the charging parties so long as it knows who the charging parties are. We recognize that Erika Morales is a charging party and we will not contact her. If there are additional charging parties the EEOC is representing in this case, we are happy to enter into an agreement protecting their identities from public exposure. We understand that the Magistrate Judge Theresa Goldner decided that, for now, "the public's interest" is outweighed by the need for anonymity. We are not asking that they identify themselves on the pleadings or otherwise disclose themselves to the public, we are simply asking that their identities by

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠

650 California Street, 20th Floor, San Francisco, California 94108.2693 Tel: 415.433.1940 Fax: 415.399.8490 www.littler.com

Lorena Garcia
May 12, 2008
Page 2

> shared with Defendant's counsel so that we may properly
> represent our client.

I ended the letter as follows:

> If you wish for defendants not to engage "in *ex parte* contact
> with the charging parties," you will have to let us know who
> they are. The same logic applies with respect to the eight
> anonymous plaintiffs, who may or may not be the same as your
> "charging parties." We are happy to work with you to craft a
> protective order.

Then, finally, in his initial disclosures in late April, Mr. Mallison expressed a willingness to
enter into a protective order. On Monday, May 5, my associate, Neville Fernandes, sent Mr.
Mallison a proposed stipulated protective order based on their conference call on May 2,
2008. On May 6, Mr. Mallison responded that there were significant problems with the
protective order, but would not say what they were.

When I spoke with you last week, I asked you to please let me know what concerns you had
with the protective order or to simply send me changes you or Ms. Morales' attorneys would
propose be made to the order. You expressed concern that Javier Vasquez would pass on
information regarding the anonymous plaintiffs to Jose Vasquez. As a result, we sent you a
revised protective order addressing that concern. We have yet to see any additional proposed
changes to the order.

My point in all this, is that this is not a new topic of discussion. The need for and discussion
regarding a protective order began nearly two months ago. We have taken the laboring oar
and have drafted a protective order. If either you or interveners have concerns regarding that
proposed order, we expect you to let us know promptly, as you have no doubt had plenty of
time to consider the need for such an order.

As for the taking of plaintiffs' depositions, discovery opened once we had our Rule 26(f)
conference. In fact, shortly thereafter, you served the EEOC's request for documents. The
protective order does not affect our right to take the plaintiffs' depositions.

However, as I told you when we spoke last week, if the EEOC has a conflict with any of the
scheduled deposition dates, we will try and work with you. However, you should know that
we are not moving any of the depositions without firm alternative dates and an agreement
that you can not get ahead of us on discovery. Absent that, the depositions will go forward
as noticed. I need to make travel plans soon. Our first deposition is scheduled for May 21 in
Fresno. I will need to know any firm alternative dates by May 15 in order to avoid
unnecessary expense.

Lorena Garcia
May 12, 2008
Page 3


I am copying Messrs. Mallison and Martinez should they have similar conflicts.  Their objections to the deposition notices on the grounds that each party had proposed discovery scheduling orders in the joint statement is unfounded.  We attempted to reach a compromise with you and Interveners' counsel regarding the order of discovery and failed.  Therefore, no such agreement is in place and, as I mentioned, discovery opened following our Rule 26(f) conference.

Welcome back and I look forward to hearing from you soon.


Sincerely,

Natalie Pierce

NAP

cc:     Hector Martinez, Esq.
        Stan Mallison, Esq.
        Joseph Strapp, Esq.

# EXHIBIT D



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
(800) 669-4000
Direct Line: (213) 894-1108
FAX (213) 894-1301
Email: lorena.garcia@eeoc.gov

May 12, 2008

**Sent Via U.S. Mail & Facsimile at 415-399-8490**

Nancy E. Pritikin, Esq.
Natalie A. Pierce, Esq.
Littler Mendelson
650 California St., 20th Floor
San Francisco, CA 94108-2693

RE:  *EEOC v. ABM Industries Incorporated, et al.*
Case No. 1:07 CV 01428 LJO (TAG)

Dear Ms. Pierce:

This letter is made in response to your May 12, 2008 letter. As you know, the Commission did not receive the first draft of the proposed protective order until Tuesday, May 6, 2008. On that date, I sent you an e-mail where I requested that we schedule a meet and confer with intervenors' counsel and Mr. Strapp so that we can discuss the proposed stipulated protective order. On May 8, 2008, we had a discussion where you indicated that you did not want to meet and confer and instead would like for us to provide you with a red-line of the proposed stipulated protective order. I then e-mailed you that same date and told you that we would provide with the Commission's red-line by this week because I will be out of the office on Friday, May 9th. We are in the process of working out the language with intervenors' counsel and will get back to you by the end of this week. I will be out of the office from Tuesday (May 13) through Thursday (May 15) but my colleague Victor Viramontes will be working on the proposed stipulated protective order.

As for the depositions dates, as I previously mentioned, the depositions you noticed will not go forward given that we have to come up with a protective order pursuant to Magistrate Judge Goldner's March 4th order and I will be in San Diego in the end of May. I will work with

1

intervenors' counsel as to their availability and will be happy to provide you with alternative
dates once I get back to my office.

Sincerely,

Lorena Garcia
Trial Attorney

cc:     Hector Martinez, Esq.
        Stan Mallison, Esq.
        Joseph Strapp, Esq.

2

# EXHIBIT E

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4ᵗʰ Floor
Los Angeles, CA  90012
(213) 894-1000
TTY (213) 894-1121
FAX (213) 894-1301

Sender's No.:  (213) 894-1091
Sender's Fax:  (213) 894-1301

May 16, 2008

*Via Fax and First Class Mail*

Natalie Pierce
Littler Mendelson
650 California Street, Twentieth Floor
San Francisco, CA 94108-2693
Fax: 415.399.8490

Re: *EEOC v. ABM Industries Inc., et al.,* No. 1:07 CV LJO-SMS

Dear Ms. Pierce:

I write to provide a proposed discovery schedule and to respond to the ABM Defendants' letter of May 12, 2008.

The Court has defined the importance of safeguarding the integrity of judicial system by protecting the rights of the unnamed Plaintiffs to be free from the threat of serious retribution. The Court explicitly recognized that "Based on the allegations in the CI, the Court concludes that Applicants' fear of serious physical harm is objectively reasonable." Court's Order at 9. Similarly, where the Plaintiffs' proceed anonymously, the Ninth Circuit has defined that it is paramount to "preserve the party's anonymity to the greatest extent possible without prejudicing the opposing party ability to litigate the case." *Does I THRU XXII v. Advanced Textile Corp.*, 214 F.3d 1058, 1069 (9th Cir. 2000). As ABM already knows from the Complaint-In-Intervention and the Court's Order, the primary individual from whom the Plaintiff Intervenors must be protected is from Defendant Jose Vasquez. Thus, it would be contradictory to Ninth Circuit authority and the Court's Order to reveal the names of the class members to Vasquez at the very beginning of discovery by deposing them, and to expose them to this heightened risk of physical retaliation for the entire term of the discovery period. Further, since the Plaintiffs may move to add additional corporate entities, it would be illogical to proceed with early depositions of the Plaintiff Intervenors until there is an opportunity to include all of the correct corporate entities in the suit.

Thus, the EEOC and Plaintiff Invervenors propose that the depositions of Plaintiff Intervenors take place in October and November to allow for some corporate discovery and to respect the Court's ruling.  Plaintiffs propose deposition dates of October 21, 22, 28, 29,

November 4, 5, 11, 12, and 13.  We look forward to your response.  We trust that since we have complied with providing firm dates, the depositions will be taken off calendar.  If you are not agreeable with this schedule, we suggest scheduling a call with the Court in order to avoid unnecessary motion practice.  Please call Victor Viramontes at (213) 894-1091 if you would like to discuss this issue further.

Regards,

Victor Viramontes
EEOC Trial Attorney


Hector Martinez
Counsel for Plaintiff
Intervenors

**EXHIBIT F**

## LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

May 16, 2008

Natalie A. Pierce
npierce@littler.com

Victor Viramontes
Trial Attorney
U.S. Equal Employment Opportunity Commission
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012

Re:    *EEOC v. ABM INDUSTRIES INCORPORATED, et al.*
       Case No. 1:07 CV 01428 LJO

Dear Mr. Viramontes:

I have reviewed your letter dated May 16, 2008 regarding your proposed discovery schedule. As outlined herein, we cannot accept your proposal.

We have tried for two weeks now to enter into a protective order with Plaintiffs so that any alleged safety concerns related to the eight anonymous plaintiffs would be alleviated.  On May 8, 2008, Ms. Garcia informed me that her one concern with the stipulated protective order was that Javier Vasquez might pass on confidential information regarding the anonymous plaintiffs to Jose Vasquez.  In order to alleviate this concern, Defendants sent a modified stipulated protective order with a new provision prohibiting Javier Vasquez from disclosing discoverable information to Jose Vasquez.

Instead of signing this stipulation, the EEOC continued to stall and delay. On May 12, 2008, Ms. Garcia sent a letter stating that "Victor Viramontes will be working on the proposed stipulated protective order" and that he "will get back to [Defendants] by the end of this week," which is today.  Instead of sending a modified stipulated protective order, however, you sent a letter stating that you no longer would even consider entering into a protective order at this time.

The arguments outlined in your letter are unavailing.  The need for anonymity must be balanced against the prejudice to the opposing party to litigate their case. *Does I-XXII v. Advanced Texticle Corp.*, 214 F.3d 1058, 1069 (9th Cir. 200).  Defendants will be extremely prejudiced in their ability to litigate this case if they are not  permitted to depose Plaintiff-Intervenors at this stage of discovery.  Plaintiffs have not provided a single piece of evidence, whether by way of declarations or otherwise, indicating that the anonymous plaintiffs have actually received threats from Mr. Vasquez since the alleged incidents.  Nevertheless, in an effort to move the discovery process forward, Defendants drafted a stipulated protective order that was reasonable and protected the anonymous plaintiffs.

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM®

650 California Street, 20th Floor, San Francisco, California 94108.2693  Tel: 415.433.1940 Fax: 415.399.8490 www.littler.com

Lorena Garcia
May 16, 2008
Page 2


Plaintiffs have unreasonably decided to reject this stipulation and have instead taken a position that is inherently prejudicial to Defendants' ability to defend this lawsuit.

It is also unreasonable for you to continue to request that discovery into ABM's corporate status take place before other discovery. Your request is completely at odds with the Court's last Order and with your rejection of Defendants' original offer to conduct corporate structure discovery before other discovery. The Court's last order indicated that discovery should proceed into any and all issues. *See* Order (May 2, 2008) (the parties should "conduct meaningful discovery diligently to facilitate setting meaningful discovery, motion and trial dates at the August 20, 2008 scheduling conference."). Moreover, Defendants originally discussed a stay of discovery with Plaintiffs so that discovery would only be conducted into ABM's corporate structure, but only if ABM Defendants' right to engage in discovery was not compromised or adversely affected in any other respect. Instead of agreeing to this reasonable offer, Plaintiffs proposed discovery that would allow them to engage in full-scale discovery for five months into Defendants' position without ABM Defendants' having the same right to engage in discovery as to Plaintiffs' position. Defendants rejected this offer and now the parties must proceed with any and all discovery, as ordered by the Court.

We reject your proposed deposition dates in October and November 2008. Defendants' due process rights would be severely impeded if the depositions of Plaintiff-Intervenors are put off five to six months until October or November 2008. Plaintiff's conduct has left Defendants with no option but to seek Court action. In order for the Court to consider these issues, it will have to be through a formal written motion, as opposed to your suggestion of an informal conference call with the Court. Please reply to me by 5 p.m. today regarding whether (1) you will immediately accept the last draft of the stipulated protective order and (2) which reasonable dates within the next 90 days you are available for Plaintiff-Intervenors depositions. If we do not hear from you by 5 p.m. today, we will file a motion for a protective order. In addition, we will assume that the depositions will proceed as noticed and will seek sanctions in the event the deponents fail to appear as noticed.

I look forward to hearing from you soon.


Sincerely,

Natalie Pierce

Lorena Garcia
May 16, 2008
Page 3


cc:    Lorena Garcia, Esq.
       Hector Martinez, Esq.
       Stan Mallison, Esq.
       Joseph Strapp, Esq.

Firmwide:85252396.1 054667.1005

## Flores, Paula J.

| | |
|---|---|
| **From:** | Flores, Paula J. |
| **Sent:** | Friday, May 16, 2008 2:37 PM |
| **To:** | 'lado.legal@eeoc.gov'; 'lorena.garcia@eeoc.gov'; 'hectorm@mallisonlaw.com'; 'stanm@mallisonlaw.com'; 'jstrapp@strapplaw.com' |
| **Cc:** | Pritikin, Nancy E.; Pierce, Natalie A. |
| **Subject:** | EEOC v. ABM Industries - Letter from Natalie Pierce attached |
| **Attachments:** | Document.pdf |

*Paula J. Flores*
*Littler Mendelson San Francisco*
*Secretary to Stephen C. Tedesco,*
*Natalie Pierce and Sofija Verzich*
*DID 415.288.6324*
*Ext. 5016324*
*pflores@littler.com*

**EXHIBIT G**



## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
### Los Angeles District Office

255 E. TEMPLE STREET, 4™ FLOOR
LOS ANGELES, CALIFORNIA 90012
1-800-669-4000
(213)894-1000
TDD (213) 894 1121
FAX (213) 894-1118

### FACSIMILE TRANSMITTAL

DATE:      May 16, 2008

TO:        Natalie Pierce

           (415) 399-8490

FROM:      Lorena Garcia, EEOC Trial Attorney
           LOS ANGELES DISTRICT OFFICE

SUBJECT:   EEOC v. ABM Janitorial Services, Inc., et al.

COMMENTS:  **May 16th letter**

NUMBER OF PAGES (INCLUDING THIS SHEET):      4

CONFIDENTIALITY NOTICE:      *The materials enclosed with this facsimile transmission are private and confidential and are the property of the sender. The information contained in the material is privileged and is intended only for the use of the individual(s) and/or entity(ies) named above. IF YOU ARE NOT THE INTENDED RECIPIENT, BE ADVISED THAT ANY UNAUTHORIZED DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE CONTENTS OF THIS TELECOPIED INFORMATION IS STRICTLY PROHIBITED BY FEDERAL LAW. If you have received this transmission in error, please immediately notify us by telephone to arrange for return of the forwarded documents.*

IF YOU EXPERIENCE ANY PROBLEMS IN RECEIVING OF THESE PAGES, PLEASE CALL US AS SOON AS POSSIBLE.

EEOC TELEPHONE NUMBER:            (213) 894-1108



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
Los Angeles District Office

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
(213) 894-1108
TTY (213) 894-1121
FAX (213) 894-1301

May 16, 2008

*Via Fax and First Class Mail*

Natalie Pierce
Littler Mendelson
650 California Street, Twentieth Floor
San Francisco, CA 94108-2693
Fax: 415.399.8490

Re: *EEOC v. ABM Industries Inc., et al.,* No. 1:07 CV LJO-SMS

Dear Ms. Pierce:

We write to provide Defendants with the Plaintiffs' proposed protective order. Plaintiffs have some proposed changes to the protective order, and include the most substantive changes in this letter. Primarily, Plaintiffs' are concerned with the scope of the protective order and ensuring the safety and well-being of the Plaintiff Intervenors. We include the changes to Section 5 entitled "Limits on Disclosure and Use." These are the most significant issues.

We also write to clarify that the Plaintiffs are in favor of a protective order. As you already know, Plaintiff Intervenors essentially moved for a protective order under *Advanced Textiles* by asking to withhold the identities, and Plaintiffs intended to formulate a protective order to protect the safety of the Plaintiff Intervenors. Thus, to the extent that Defendants read previous correspondence to the contrary, you were mistaken. Furthermore, Plaintiffs now propose a protective order, which should clarify any supposed ambiguity regarding our position.

Here is our proposal:

Documents and information obtained in discovery from and designated confidential pursuant to this Protective Order shall only be disclosed to the following persons for a purpose related to the prosecution and/or defense of this action:

(1)     The attorneys and legal staff representing Defendants can view the names and any identifying information of the Plaintiff Intervenors, but they are not to share the information with anyone not on the privy to the privileged information, including any expert designated under Rule 16.

(2)     The Managers and Human Resources officials who are not located in Kern County or adjacent counties can also view the names and identifying

information of the Plaintiff Intervenors, but they are not to share the information with anyone not on the privy to the privileged information.

(3)     Defense witnesses who are being prepared for deposition can view the names of the Plaintiff Intervenors three (3) weeks prior to the confirmed deposition dates. These witnesses are to be instructed by defense counsel that the identifying information of the Plaintiff Intervenors is confidential, and that they are subject to this protective order. Defense Counsel will not share any identifying information of the Plaintiff Intervenors beyond their names, and will only identify the names of the individuals as strictly necessary. Witnesses are not to share the information with anyone not on the privy to the privileged information and are to execute a confidentiality agreement/acknowledgment for and is subject to Court imposed sanctions for any violations of that confidentiality agreement/acknowledgment. Said confidentiality agreement/acknowledgment is attached hereto as Exhibit "A."

(4)     Percipient witnesses who need to be talked to respond to written discovery, prepare written discovery, or to prepare for the deposition of other witnesses. Defense Counsel will only divulge the names when necessary to conduct discovery, and will inform percipient witnesses that the identity is not to be shared with anyone as the witnesses are also subject to this protective order. Defense Counsel will not share any identifying information of the Plaintiff Intervenors beyond their names, and will only identify the names of the individuals as strictly necessary. Percipient witnesses are not to share the information with anyone not on the privy to the privileged information and are to execute a confidentiality agreement/acknowledgment for and is subject to Court imposed sanctions for any violations of that confidentiality agreement/acknowledgment. Said confidentiality agreement/acknowledgment is attached hereto as Exhibit "A."

(5)     Jose Vasquez, his family members, including, but not limited to Javier Vasquez and Ruben Vasquez, or associates, shall make no verbal or written communications with the Plaintiff Intervenors. Jose Vasquez will not come within 100 feet of the Plaintiff Intervenors, outside of the context of any court proceedings. Jose Vasquez, his family members, and associates will not retaliate against any of the Plaintiff Intervenors. Jose Vasquez will not attend the deposition of any Plaintiff Intervenors. Defense Counsel will not share any identifying information of the Plaintiff Intervenors beyond their names, and will only identify the names of the individuals as strictly necessary.

(6)     All identifying information of Plaintiff Intervenors shall be redacted and/or filed under seal by any filing from any party.

In addition, we want a signed acknowledgment to apply to Ruben Vasquez. Moreover, both Ruben and Javier Vasquez should agree that they will not contact any former ABM employee or discuss the matters related to this case with any current ABM employees.

Finally because there is no protective order in place and it would undermine the Court's previous rulings to safeguard the Plaintiff Intervenors from serious retaliation, we would hope that the ABM Defendants and Defendant Jose Vasquez would agree to take the untimely depositions off-calendar. We suggest having a phone conference to discuss the issue. If you refuse to discuss the issue, we will seek judicial intervention.

Regards,

Lorena Garcia
EEOC Trial Attorneys


Hector Martinez
Counsel for Plaintiff
Intervenors

**EXHIBIT H**

# LITTLER MENDELSON®

### A PROFESSIONAL CORPORATION

ALABAMA

ARIZONA

ARKANSAS

CALIFORNIA

COLORADO

CONNECTICUT

DISTRICT OF
COLUMBIA

FLORIDA

GEORGIA

ILLINOIS

INDIANA

MASSACHUSETTS

MINNESOTA

MISSOURI

NEVADA

NEW JERSEY

NEW YORK

NORTH CAROLINA

OHIO

OREGON

PENNSYLVANIA

RHODE ISLAND

SOUTH CAROLINA

TEXAS

VIRGINIA

WASHINGTON

May 19, 2008

Neville F. Fernandes
nfernandes@littler.com

**BY E-MAIL AND U.S. MAIL**

Lorena Garcia
Trial Attorney
U.S. Equal Employment Opportunity Commission
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012

Re:  *EEOC v. ABM Industries Incorporated, et al.*
      Case No. 1:07 CV 01428 LJO-TAG

Dear Ms. Garcia:

This letter is in response to your letter of May 16, 2008 regarding the proposed stipulated protective order and the noticed depositions of Erika Morales and Anonymous Plaintiffs One through Eight.

On multiple occasions, Defendants have requested that you provide reasonable alternative deposition dates to the extent the noticed deposition dates of Plaintiff-Intervenors conflict with your schedule. The only alternate dates that you have provided are in October and November 2008. These dates are unreasonable and unacceptable per the Court's Order that discovery proceed normally in this case.

Since discovery must proceed in this case, Defendants will not take any of the noticed depositions off-calendar. However, in an effort to provide the parties with additional time to agree to a stipulated protective order, we are willing to move the depositions dates of Erika Morales, Anonymous Plaintiff One, and Anonymous Plaintiff Two. These three depositions are currently noticed for this week (May 21, 22, and 23, respectively). Enclosed are amended deposition notices for these three individuals with deposition dates of June 25, 26, and 30.

We would also like to address your proposed revision to the stipulated protective order that would bar Defendant Jose Vasquez from attending any of the depositions of Plaintiff-Intervenors. As a party to this lawsuit, Mr. Vasquez has a right to attend the depositions of Plaintiff-Intervenors. The court may only exclude a party from another party's deposition in "extraordinary" circumstances." *In re Levine*, 101 Bankr. 260, 262-63 (D. Colo. 1989); *see also BCI Commun. Sys., Inc. v. Bell Atlanticom Sys., Inc.*, 112 F.R.D. 154, 157 (N.D. Ala. 1986) (exclusion should be a rare event). This "standard is fully consistent with the notion

THE NATIONAL EMPLOYMENT & LABOR LAW FIRM℠

650 California Street, 20th Floor, San Francisco, California 94108.2693  Tel: 415.433.1940  Fax: 415.399.8490  www.littler.com

Lorena Garcia
May 19, 2008
Page 2

that a party's right to attend a deposition has a constitutional dimension and is therefore entitled to special protection." *Hines v. Wilkinson*, 163 F.R.D. 262, 266 (S.D. Ohio 1995) (finding no exceptional circumstances to justify excluded party despite claims of security threat because party was a prisoner); *see also Willoughby v Superior Court* 172 Cal.App.3d 890, 892 (1985) (applying California procedural law, defendant party had absolute right to attend deposition of plaintiff who alleged he had sexually harassed her). Notably, the *Willoughby* court articulated the underlying rationale for why Mr. Vasquez must be permitted to attend the depositions of Plaintiff-Intervenors:

> To prevent a client's presence during the cross-examination of the opposing party at deposition would significantly and unreasonably impair trial counsel's ability to effectively represent his client. In many cases it is critical for counsel to be able to confer with his client at his side concerning responses being received during the course of a deposition. To preclude this type of attorney-client conferring and to alternatively require the attorney to leave the deposition room to confer with his client outside or make contact by phone would disrupt the discovery processes and would constitute a wide departure from the existing rights of discovery.

> *Id.*

There is no basis to exclude Mr. Vasquez from attending the depositions of Plaintiff-Intervenors. Please withdraw your request to bar Mr. Vasquez.

In addition, paragraph (2) in your proposed stipulated protective order is not acceptable. This paragraph would prohibit information pertaining to the anonymous plaintiffs from being disclosed to any ABM Manager or Human Resource official who is located in Kern County or adjacent counties. Since the underlying facts of this lawsuit occurred in Kern County, Defendants would be severely prejudiced in preparing their defense if they could not disclose the identities of the anonymous plaintiffs to their own managers and human resource officials who are located in Kern County.

We trust that you will consider the above arguments. We will circulate a revised draft of the stipulated protective order tomorrow.

Sincerely,

Neville F. Fernandes

Lorena Garcia
May 19, 2008
Page 3


cc:    Hector Martinez, Esq.
       Stan Mallison, Esq.
       Joseph Strapp, Esq.

Firmwide:85262523.1 054667.1005

# EXHIBIT I

1    NANCY E. PRITIKIN, Bar No. 102392
     NATALIE A. PIERCE, Bar No. 191342
2    NEVILLE F. FERNANDES, Bar No. 240935
     LITTLER MENDELSON
3    A Professional Corporation
     650 California Street, 20th Floor
4    San Francisco, CA  94108.2693
     Telephone:    415.433.1940
5
     Attorney for Defendants
6    ABM INDUSTRIES INCORPORATED; ABM
     JANITORIAL SERVICES, INC. and ABM
7    JANITORIAL NORTHERN CALIFORNIA

8                      UNITED STATES DISTRICT COURT

9                     EASTERN DISTRICT OF CALIFORNIA

10
     U.S. EQUAL EMPLOYMENT                  Case No. 1: 07 CV 01428 LJO-TAG
11   OPPORTUNITY COMMISSION,
                                            **STIPULATED PROTECTIVE ORDER**
12              Plaintiff,

13   ERIKA MORALES and ANONYMOUS
     PLAINTIFFS ONE THROUGH EIGHT,
14
                Plaintiff Intervenors,
15
          v.
16
     ABM INDUSTRIES INCORPORATED
17   and ABM JANITORIAL SERVICES,
     INC.; ABM JANITORIAL NORTHERN
18   CALIFORNIA; JOSE VASQUEZ; Does 1
     - 10 inclusive,
19
                Defendants.
20

21          Documents and information subject to discovery in this action reflect, or may reflect,

22   confidential information regarding the employees of Defendants ABM INDUSTRIES, INC. and ABM

23   JANITORIAL  SERVICES,  INC.;  ABM  JANITORIAL  NORTHERN  CALIFORNIA;  JOSE

24   VASQUEZ; and Does 1 – 10 ("DEFENDANTS").  The following Stipulation and Protective Order

25   shall govern the production, disclosure, and use of such confidential information in this action.

26          IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through

27   their respective undersigned counsel, that a Court may enter the following Protective Order pursuant to

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER                        CASE NO. 1:07 CV 01428 LJO (TAG)

1   Federal Rules of Civil Procedure 26(c) and 37(b), and Local Rules 39-140 and 39-141, in this action as

2   follows:

3       1.   Confidential Information

4       For purposes of this Protective Order, "confidential information" means any type or

5   classification of information, whether originals, copies or in redacted form, that would reveal the

6   following information as it relates to Defendants' employees: names; addresses; telephone numbers;

7   social security numbers; spousal information; personnel files; and/or any other such identifying

8   information.

9       No information shall be claimed to be confidential unless counsel making the claim

10  has a reasonable, good faith belief that the information meets the criteria specified above. Once so

11  designated, confidential information shall be subject to the protection of this Protective Order unless

12  such protection is expressly waived in writing by all of the stipulating parties or removed in whole or

13  in part upon further order of the Court.

14      2.   Time and Manner of Designation

15      Counsel may designate documents and writings as confidential at the time of

16  production any time during a deposition, or within thirty (30) days after delivery of deposition

17  transcripts containing confidential documents. Any confidential documents inadvertently not

18  designated as confidential at the time of production or within thirty (30) days after delivery of

19  deposition transcripts may be designated as confidential at any time prior to trial.

20      The failure to designate information in accordance with this Protective Order or the

21  failure to object to a designation at a given time shall not preclude the filing of a motion at a later

22  time seeking to impose such a designation or challenge the propriety thereof.

23      3.   Coverage

24      This Protective Order shall control the pretrial production, disclosure, and use of

25  confidential information revealed by or to the stipulating parties or any of them, through deposition,

26  through interrogatory responses, through production of documents, through other discovery, or

27  through informal means. This Protective Order shall not constitute or be deemed to constitute any

28  admission by any of the stipulating parties or a determination by the Court as to any contested issue

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**STIPULATED PROTECTIVE ORDER**    **2.**    **CASE NO. 1:07 CV 01428 LJO (TAG)**

1   in this case, including, without limitation, the existence or non-existence of a privacy interest or

2   privilege relating to said confidential information or its admissibility at trial.

3           4.      Use of Confidential Information at Trial Not Covered

4           This Protective Order applies only to information disclosed in the course of pretrial

5   discovery in this action. Counsel for the stipulating parties agree to negotiate in good faith with

6   respect to the procedure for utilizing confidential information at the trial of this action. Any dispute,

7   regarding the use of any confidential information at the trial of this action will be resolved by the

8   trial court.

9           5.      Limits on Disclosure and Use

10          Documents and information obtained in discovery and designated confidential

11  pursuant to this Protective Order shall only be disclosed to the following persons and entities for a

12  purpose related to the prosecution and/or defense of this action:

13              a.      The Parties, including Defendant JOSE VASQUEZ;

14              b.      The attorneys and legal staff of the EEOC, and the attorneys and legal

15                      staff representing Plaintiff-Intervenors may view the following

16                      identifying information of Defendants' employees: names and current

17                      addresses (hereinafter the "IDENTIFYING INFORMATION"). Said

18                      attorneys and legal staff shall not disclose IDENTIFYING

19                      INFORMATION with anyone not on the privy to the privileged

20                      information;

21              c.      Experts, consultants and other independent contractors retained or

22                      employed to consult with, advise or assist counsel in the preparation

23                      for or trial of this case;

24              d.      Witnesses for the EEOC or Plaintiff-Intervenors may view

25                      IDENTIFYING INFORMATION for the purpose of preparing for

26                      depositions and official court proceedings. Said witnesses may view

27                      such information up to three (3) weeks prior to the deposition or court

28                      proceeding. Said witnesses shall be instructed by their counsel that the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          3.          CASE NO. 1:07 CV 01428 LJO (TAG)

IDENTIFYING INFORMATION is subject to this protective order. Said witnesses shall not share the IDENTIFYING INFORMATION with anyone not on the privy to the privileged information and are to execute the confidentiality agreement/acknowledgement attached as Exhibit A. Said witnesses shall be subject to Court-imposed sanctions for any violations of the confidentiality agreement/acknowledgement;

g.e. Percipient witnesses may view IDENTIFYING INFORMATION for the purpose of preparing for depositions and official court proceedings. Said witnesses may view such information up to three (3) weeks prior to the deposition or court proceeding. Said witnesses shall be instructed by their counsel that the IDENTIFYING INFORMATION is subject to this protective order. Said witnesses shall not share the IDENTIFYING INFORMATION with anyone not on the privy to the privileged information and are to execute the confidentiality agreement/acknowledgement attached as Exhibit A. Said witnesses shall be subject to Court-imposed sanctions for any violations of the confidentiality agreement/acknowledgement;

f. Court personnel, including judges, court commissioners, court reporters, law clerks, clerks and jurors engaged in proceedings in this case;

g. Any governmental entity in response to a legitimate subpoena or administrative order from such governmental entity, which is authorized to issue the same, and the party receiving such subpoena or administrative order shall give prompt written notice by facsimile service of the receipt of such subpoena or order to other parties in this action, so that any party may make objection to the subpoena or order to the extent permitted by law; and

h. In accordance with further orders of this Court.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          4.          CASE NO. 1:07 CV 01428 LJO (TAG)

As discussed further in paragraph 8 below, nothing in this Protective Order shall prevent any party from seeking to modify the terms of the Protective Order. When one party has expressly designated information as confidential in conformity with paragraphs 1 and 2 above, then the other parties and their respective counsel shall safeguard such designated confidential information against disclosure. Information and documents subject to this Protective Order may be used only in connection with this litigation and not for any other legal, business or competitive purpose. If any information or documents subject to this Protective Order are furnished to any federal government agency by any party, the party furnishing the information or document shall simultaneously notify the agency of the existence of this Protective Order and provide a copy of this Order to the agency.

This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

6.     <u>Lodging or Filings With the Court</u>

All confidential information lodged or filed with the Court, and any pleading, motion, deposition or other paper filed with or otherwise submitted to the Court disclosing designated confidential information, shall, as permitted by the Court, (1) be submitted for lodging or filing in sealed envelopes as specified in paragraph 7 below, and (2) remain sealed by the Court and its clerk as to all persons and entities who are not parties to this litigation, and (3) be available for review only for purposes of this litigation by the persons and parties described in paragraph 5 as eligible to receive designated and confidential information.

7.     <u>Notice of Coverage by Order</u>

Portions of any pleading, motion, affidavit, transcript of any deposition or other paper filed with the Court which constitutes, identifies, quotes or refers to designated confidential

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          5.          CASE NO. 1:07 CV 01428 LJO (TAG)

1    information shall, as permitted by the Court, be filed with the Court only in sealed envelopes bearing

2    the following statement:

3    **CONFIDENTIAL: THIS ENVELOPE CONTAINS DOCUMENTS**

4    **AND INFORMATION FILED SUBJECT TO A PROTECTIVE ORDER.**

5    Deposition transcripts and other discovery materials which have been designated

6    confidential information will be marked by the court reporter or by the parties or their counsel on the

7    cover of the transcripts or in other prominent locations to reflect this Protective Order.

8    8.    Modification of Order

9    Material disclosing designated confidential information may be removed from the

10   restrictions of this Protective Order only upon the written agreement of the stipulating parties or by

11   Court Order.

12   In the event that the stipulating parties disagree as to the designation of materials as

13   confidential, or are unable to reach agreement regarding removing from the restrictions of this

14   Protective Order any document or other material claimed to be confidential, the stipulating party

15   contesting confidentiality may, upon motion with notice to the other stipulating party, seek a Court

16   Order removing the contested information from the terms of this Protective Order. Upon noticed

17   motion by either stipulating party, the Court shall have authority to modify the terms of this

18   Protective Order for good cause shown.

19   9.    Return of Designated Confidential Information

20   When the action has terminated by settlement, judgment or dismissal and all

21   appeals have been exhausted, all designated confidential information shall be returned to the party

22   producing the documents, including all copies thereof, upon said party's request. Such request shall

23   be made within sixty (60) days of termination of the action.

24   10.    Limits on Scope of Protective Order

25   Nothing in this Protective Order shall be construed to relieve any party from

26   the obligation to respond timely to discovery requests, nor shall this Protective Order be construed as

27   a waiver of the right to assert any objection to a discovery request. To the extent that a party

28   produces documents or information pursuant to this Protective Order that are covered, or believed in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STIPULATED PROTECTIVE ORDER          6.          CASE NO. 1:07 CV 01428 LJO (TAG)

good faith to be covered, by the attorney work product doctrine or attorney-client communication privilege or any other privilege, no wavier of the attorney work product doctrine or attorney-client privilege or any other privilege shall be construed as a result of that production as it relates, or may relate, to the documents produced, or otherwise. Neither shall this Protective Order be construed so as to prejudice the right of any party hereto to file and use a designed document in this Court in connection with motions, pretrial proceedings, settlement conference, trial, or any other hearing or proceeding in this matter, so long as the provisions of this Protective Order are complied with. Nothing in this Protective Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

  11. Counterparts

   This Stipulation may be executed in counterparts, with any executed counterpart able to serve as the original.

**IT IS SO STIPULATED.**

            LITTLER MENDELSON

Date: May ___, 2008    By: _____

            Nancy E. Pritikin
            Natalie A. Pierce
            Neville F. Fernandes
            Attorneys for Defendant
            ABM Industries Incorporated; ABM
            Janitorial Services, Inc. and ABM
            Janitorial Services Northern
            California

            STRAPP & STRAPP

Date: May ___, 2008    By: _____

            W. Joseph Strapp
            Attorney for Defendant
            Jose Vasquez

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER   7.   CASE NO. 1:07 CV 01428 LJO (TAG)

1                                         U.S. EQUAL EMPLOYMENT
                                          OPPORTUNITY COMMISSION

4 Date:  May __, 2008               By:  _____

5                                         Victor Viramontes
                                        Lorena Garcia
                                        Attorneys for Plaintiff U.S. EEOC

7                                         LAW OFFICES OF MALLISON &
                                        MARTINEZ

9 Date:  May __, 2008               By:  _____

10                                         Stan Mallison
                                        Hector R. Martinez
                                        Attorneys for Plaintiff- Intervenors

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER              8.              CASE NO. 1:07 CV 01428 LJO (TAG)

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT/ACKNOWLEDGMENT

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California in the case of *U.S. Equal Opportunity Commission, et al. v. ABM Industries Incorporated, et al.*, Case No. 1:07 CV 01428 LJO-TAG. I agree to comply with and to be bound by the terms of this Stipulated Protective Order, which prohibits me from disclosing, in any manner, any information or item that is subject to this Stipulated Protective Order. I understand that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          9.          CASE NO. 1:07 CV 01428 LJO (TAG)

**IT IS SO ORDERED.**

Dated _____     JUDGE OF THE UNITED STATES
                                       DISTRICT COURT

Firmwide:85364680.1 054667.1005

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STIPULATED PROTECTIVE ORDER          10.          CASE NO. 1:07 CV 01428 LJO (TAG)

**EXHIBIT J**

# LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

May 23, 2008

Natalie A. Pierce
npierce@littler.com

**BY E-MAIL AND U.S. MAIL**

Lorena Garcia
Victor Viramontes
Trial Attorney
U.S. Equal Employment Opportunity Commission
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012

Hector Martinez, Esq.
Mallison & Martinez
1042 Brown Ave., Suite A
Lafayette, CA  94549

Re:     *EEOC v. ABM INDUSTRIES INCORPORATED, et al.*
        Case No. 1:07 CV 01428 LJO

Dear Counsel:

On our conference call yesterday, you rejected our proposals for a revised protective order and represented that you will not be producing your witnesses. Instead, you represented that you would be filing a protective order "in the next couple days." We offered to enter into an agreement with you regarding the briefing schedule and you did not accept our offer. As of this afternoon, we have not received such a motion and still have depositions on calendar in the next two weeks. Given that you are refusing to produce the deponents, we will be filing a motion to compel their appearance.

You originally proposed that discovery into ABM's corporate structure would occur first. On April 10, 2008, I sent you a letter stating that "Defendants are amenable to proposals regarding entering into a stipulation so that discovery during the early stages of this case be limited to information pertaining to the corporate structure of Defendants." Instead of agreeing to a reasonable scheduling structure, Plaintiffs proposed discovery in their Joint Scheduling Report that would allow them to engage in full-scale discovery for five months into Defendants' position without ABM Defendants' having the same right to engage in discovery as to Plaintiffs' position. Defendants rejected this unreasonable offer. The Court later indicated that discovery should proceed into any and all issues. *See* Order (May 2, 2008) (the parties should "conduct meaningful discovery diligently to facilitate setting

ALABAMA
ARIZONA
ARKANSAS
CALIFORNIA
COLORADO
CONNECTICUT
DISTRICT OF COLUMBIA
FLORIDA
GEORGIA
ILLINOIS
INDIANA
MASSACHUSETTS
MINNESOTA
MISSOURI
NEVADA
NEW JERSEY
NEW YORK
NORTH CAROLINA
OHIO
OREGON
PENNSYLVANIA
RHODE ISLAND
SOUTH CAROLINA
TEXAS
VIRGINIA
WASHINGTON

Lorena Garcia
May 23, 2008
Page 2

meaningful discovery, motion and trial dates at the August 20, 2008 scheduling conference.").

Despite the Court's order, what became readily apparent yesterday is that you appear more concerned about delaying plaintiffs' depositions so that you can take corporate depositions first. You said that revealing the identities of the anonymous plaintiffs was "a timing issue" and that you felt those depositions should be taken in October and November and that the depositions of the corporate defendants should be taken first. This really then has little to do with your concern for the protection of the plaintiffs and has more to do with the order of discovery. We have properly noticed our depositions, have a right to know who is suing our Defendant, and we will proceed with discovery and will seek every available remedy should you continue to stall these proceedings, including Rule 11 sanctions.

We offered yesterday to have the plaintiffs' depositions taken at the courthouse to the extent you were concerned with plaintiffs safety. We also offered revisions to the protective order in an attempt to address your concerns while allowing us to defend this case, as is our client's right. You did not accept either offer. To the extent that you wish to reconsider what we believe the Court will find as an unreasonable position, we again extend these offers. Attached is a redline version of the protective order with the changes we articulated yesterday.

We anticipate your quick response and hope that we can avoid the need to compel your clients to attend their depositions.

Sincerely,

Natalie Pierce

cc:    Joseph Strapp, Esq.

Firmwide:85333362.1 011904.1065