1  NANCY E. PRITIKIN, Bar No. 102392
   NATALIE A. PIERCE, Bar No. 191342
2  NEVILLE F. FERNANDES, Bar No. 240935
   LITTLER MENDELSON
3  A Professional Corporation
   650 California Street, 20th Floor
4  San Francisco, CA  94108.2693
   Telephone:   415.433.1940
5
   Attorney for Defendants
6  ABM INDUSTRIES INCORPORATED; ABM
   JANITORIAL SERVICES, INC. and ABM
7  JANITORIAL NORTHERN CALIFORNIA

8
                        UNITED STATES DISTRICT COURT
9
                        EASTERN DISTRICT OF CALIFORNIA
10

11 U.S. EQUAL EMPLOYMENT                 Case No. 1: 07 CV 01428 LJO-TAG
   OPPORTUNITY COMMISSION,
                                         **[PROPOSED] PROTECTIVE ORDER**
12          Plaintiff,

13 ERIKA MORALES and ANONYMOUS
   PLAINTIFFS ONE THROUGH EIGHT,
14                                       Date:       July 7, 2008
            Plaintiff Intervenors,       Time:       10:00 a.m.
15                                       Judge:      Magistrate Judge Goldner
        v.                               Courtroom:  Bakersfield
16
   ABM INDUSTRIES INCORPORATED
17 and ABM JANITORIAL SERVICES,
   INC.; ABM JANITORIAL NORTHERN
18 CALIFORNIA; JOSE VASQUEZ; Does 1
   - 10 inclusive,
19
            Defendants.
20

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

[PROPOSED] PROTECTIVE ORDER                    CASE NO. 1:07 CV 01428 LJO (TAG)

NANCY E. PRITIKIN, Bar No. 102392
NATALIE A. PIERCE, Bar No. 191342
NEVILLE F. FERNANDES, Bar No. 240935
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940

Attorney for Defendants
ABM INDUSTRIES INCORPORATED; ABM
JANITORIAL SERVICES, INC. and ABM
JANITORIAL NORTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>            Plaintiff Intervenors,<br><br>      v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOSE VASQUEZ; Does 1 - 10 inclusive,<br><br>            Defendants. | Case No. 1: 07 CV 01428 LJO-TAG<br><br>**PROTECTIVE ORDER**<br><br><br>Date:         July 7, 2008<br>Time:        10:00 a.m.<br>Judge:       Magistrate Judge Goldner<br>Courtroom: Bakersfield |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

Documents and information subject to discovery in this action reflect, or may reflect, confidential information regarding Plaintiff-Intervenors ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT ("ANONYMOUS PLAINTIFFS"). The following Protective Order shall govern the production, disclosure, and use of such confidential information in this action.

IT IS HEREBY ORDERED as follows:

1. <u>Confidential Information</u>

For purposes of this Protective Order, "confidential information" means any type or classification of information, whether originals, copies or in redacted form, that would reveal the identity, addresses, phone numbers or other contact information of any of the eight ANONYMOUS PLAINTIFFS.

No information shall be claimed to be confidential unless counsel making the claim has a reasonable, good faith belief that the information meets the criteria specified above. Once so designated, confidential information shall be subject to the protection of this Protective Order unless such protection is expressly waived in writing by all of the stipulating parties or removed in whole or in part upon further order of the Court.

2. <u>Time and Manner of Designation</u>

Counsel may designate documents and writings as confidential at the time of production any time during a deposition, or within thirty (30) days after delivery of deposition transcripts containing confidential documents. Any confidential documents inadvertently not designated as confidential at the time of production or within thirty (30) days after delivery of deposition transcripts may be designated as confidential at any time prior to trial.

The failure to designate information in accordance with this Protective Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later time seeking to impose such a designation or challenge the propriety thereof.

3. <u>Coverage</u>

This Protective Order shall control the pretrial production, disclosure, and use of confidential information revealed by or to the parties or any of them, through deposition, through

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PROTECTIVE ORDER         3.         CASE NO. 1:07 CV 01428 LJO (TAG)

interrogatory responses, through production of documents, through other discovery, or through informal means. This Protective Order shall not constitute or be deemed to constitute any admission by any of the parties subject to this Order or a determination by the Court as to any contested issue in this case, including, without limitation, the existence or non-existence of a privacy interest or privilege relating to said confidential information or its admissibility at trial.

4. <u>Use of Confidential Information at Trial Not Covered</u>

This Protective Order applies only to information disclosed in the course of pretrial discovery in this action. Counsel will negotiate in good faith with respect to the procedure for utilizing confidential information at the trial of this action. Any dispute, regarding the use of any confidential information at the trial of this action will be resolved by the trial court.

5. <u>Limits on Disclosure and Use</u>

Documents and information obtained in discovery and designated confidential pursuant to this Protective Order shall only be disclosed to the following persons and entities for a purpose related to the prosecution and/or defense of this action:

    a. The Parties excluding Defendant JOSE VASQUEZ. However, if Jose Vasquez attends any of the Plaintiffs' depositions, he will learn the identity of the Anonymous Plaintiffs and that simply can't be helped. There is no way around that;

    b. The attorneys and legal staff representing Defendants can view the following identifying information of the Plaintiff-Intervenors: names, current address, current employer, and occupation (hereinafter the "IDENTIFYING INFORMATION").  Defendants' attorneys and legal staff shall not disclose such IDENTIFYING INFORMATION with anyone not privy to the privileged information;

    c. Experts, consultants and other independent contractors retained or employed to consult with, advise or assist counsel in the preparation for or trial of this case;

d. Defendants' Managers and Human Resource officials may view the IDENTIFYING INFORMATION of Plaintiff-Intervenors. However, defense counsel shall not disclose to any Managers and Human Resource officials located in Kern County or adjacent counties that any of the Plaintiff-Intervenors are parties to this action;

e. Defense witnesses may view the IDENTIFYING INFORMATION of Plaintiff-Intervenors at any time, but defense counsel shall not disclose to any defense witnesses that Plaintiff-Intervenors are parties to this action. Said witnesses shall be instructed by defense counsel that the IDENTIFYING INFORMATION of the Plaintiff-Intervenors is confidential and subject to this protective order. Defense witnesses shall not share the IDENTIFYING INFORMATION with anyone not privy to the privileged information and are to execute the confidentiality agreement/acknowledgement which is attached as Exhibit A to Document 42-2 filed on July 1, 2008, and herewith. Defense witnesses shall be subject to Court-imposed sanctions for any violations of the confidentiality agreement/acknowledgement;

f. Percipient witnesses may view the IDENTIFYING INFORMATION of Plaintiff-Intervenors at any time, but defense counsel shall not disclose to any percipient witnesses that Plaintiff-Intervenors are parties to this action. Said witnesses shall be instructed by defense counsel that the IDENTIFYING INFORMATION of the Plaintiff-Intervenors is confidential and subject to this protective order. Percipient witnesses shall not share the IDENTIFYING INFORMATION with anyone not privy to the privileged information and are to execute the confidentiality agreement/acknowledgement attached as Exhibit A (to Document 42-2 filed July 1, 2008 and herewith). Percipient witnesses shall be subject to Court-imposed

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

sanctions for any violations of the confidentiality agreement/acknowledgement;

    g.    Defendant JOSE VASQUEZ, his family members, including but not limited to Javier Vasquez and Ruben Vasquez, or associates, shall make no verbal or written communications with the Plaintiff-Intervenors. Jose Vasquez shall not come within 100 feet of the Plaintiff- Intervenors, except in the context of any court proceedings or depositions. Jose Vasquez, his family members, and associates shall not retaliate against any of the Plaintiff-Intervenors. Defense counsel shall not share any IDENTIFYING INFORMATION of the Plaintiff Intervenors except for their names, and will only identify the names of the individuals as strictly necessary; Jose Vasquez was present in Court and has acknowledged hearing the Court's direction.

    h.    Court personnel, including judges, court reporters, law clerks, clerks and jurors engaged in proceedings in this case;

    i.    Any governmental entity in response to a legitimate subpoena or administrative order from such governmental entity, which is authorized to issue the same, and the party receiving such subpoena or administrative order shall give prompt written notice by facsimile service of the receipt of such subpoena or order to other parties in this action, so that any party may make objection to the subpoena or order to the extent permitted by law; and

    j.    In accordance with further orders of the Court.

As discussed further in paragraph 8 below, nothing in this Protective Order shall prevent any party from seeking to modify the terms of the Protective Order. When one party has expressly designated information as confidential in conformity with paragraphs 1 and 2 of this Order, then the other parties and their respective counsel shall safeguard such designated confidential information against disclosure. Information and documents subject to this Protective

PROTECTIVE ORDER     6.     CASE NO. 1:07 CV 01428 LJO (TAG)

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

Order may be used only in connection with this litigation and not for any other legal, business or competitive purpose. If any information or documents subject to this Protective Order are furnished to any federal government agency by any party, the party furnishing the information or document shall simultaneously notify the agency of the existence of this Protective Order and provide a copy of this Protective Order to the agency.

This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

6. <u>Lodging or Filings With the Court</u>

All confidential information lodged or filed with the Court, and any pleading, motion, deposition or other paper filed with or otherwise submitted to the Court disclosing designated confidential information, shall, as permitted by the Court, (1) be submitted for lodging or filing in sealed envelopes as specified in paragraph 7 below, and (2) shall be subject to the Local Rules of Court with respect to the sealing of documents (the Local Rules require a separate Order for each document to be sealed and filed); and (3) be available for review only for purposes of this litigation by the persons and parties described in paragraph 5 as eligible to receive designated and confidential information.

7. <u>Notice of Coverage by Order</u>

Portions of any pleading, motion, affidavit, transcript of any deposition or other paper filed with the Court which constitutes, identifies, quotes or refers to designated confidential information shall, as permitted by the Court, be filed with the Court only in sealed envelopes bearing the following statement:

**CONFIDENTIAL: THIS ENVELOPE CONTAINS DOCUMENTS AND INFORMATION FILED SUBJECT TO A PROTECTIVE ORDER.**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

PROTECTIVE ORDER                           7.                    CASE NO. 1:07 CV 01428 LJO (TAG)

Deposition transcripts and other discovery materials which have been designated confidential information will be marked by the court reporter or by the parties or their counsel on the cover of the transcripts or in other prominent locations to reflect this Protective Order. However, a sealing Order pursuant to the Local Rules is needed before any document can be sealed and filed.

8. <u>Modification of Order</u>

Material disclosing designated confidential information may be removed from the restrictions of this Protective Order only upon the written agreement of the parties or by Court Order.

In the event that the parties disagree as to the designation of materials as confidential, or are unable to reach agreement regarding removal from the restrictions of this Protective Order any document or other material claimed to be confidential, the party contesting confidentiality may, upon motion with notice to the other party, seek a Court Order removing the contested information from the terms of this Protective Order. Upon noticed motion by either party, the Court shall have authority to modify the terms of this Protective Order upon a showing of good cause.

9. <u>Return of Designated Confidential Information</u>

When the action has terminated by settlement, judgment or dismissal and all appeals have been exhausted, all designated confidential information shall be returned to the party producing the documents, including all copies thereof, upon that party's request. Such request shall be made within sixty (60) days of termination of the action.

10. <u>Limits on Scope of Protective Order</u>

Nothing in this Protective Order shall be construed to relieve any party from the obligation to respond timely to discovery requests, nor shall this Protective Order be construed as a waiver of the right to assert any objection to a discovery request. To the extent that a party produces documents or information pursuant to this Protective Order that are covered, or believed in good faith to be covered, by the attorney work product doctrine or attorney-client communication privilege or any other privilege, no waiver of the attorney work product doctrine or attorney-client privilege or any other privilege shall be construed as a result of that production as it relates, or may relate, to the documents produced, or otherwise. Neither shall this Protective Order be construed so

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PROTECTIVE ORDER               8.                CASE NO. 1:07 CV 01428 LJO (TAG)

as to prejudice the right of any party to this action to file and use a designated document in this Court in connection with motions, pretrial proceedings, settlement conference, trial, or any other hearing or proceeding in this matter, so long as the provisions of this Protective Order are complied with. Nothing in this Protective Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

**IT IS SO ORDERED.**

_____                     _____
Dated                                          MAGISTRATE JUDGE OF THE
                                               UNITED STATES DISTRICT COURT

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PROTECTIVE ORDER                   9.                   CASE NO. 1:07 CV 01428 LJO (TAG)

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT/ACKNOWLEDGMENT

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *U.S. Equal Opportunity Commission, et al. v. ABM Industries Incorporated, et al.*, Case No. 1:07 CV 01428 LJO-TAG. I agree to comply with and to be bound by the terms of this Protective Order, which prohibits me from disclosing, in any manner, any information or item that is subject to this Protective Order. I understand that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____

Firmwide:85798495.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

PROTECTIVE ORDER          10.          CASE NO. 1:07 CV 01428 LJO (TAG)