**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; Does 1 -10 inclusive,<br><br>Defendants,<br><br>JOSE VASQUEZ,<br><br>Defendant-Intervenor. | Case No. 1:07-cv-01428 LJO TAG<br><br>ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR PROTECTIVE ORDER (DOCS. 34, 39)<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DEPOSITIONS OF PLAINTIFF-INTERVENORS AND REQUEST FOR MONETARY SANCTIONS (DOC. 35) |

## BACKGROUND

This is a civil rights action alleging sexual harassment brought by Plaintiff, the Equal

Employment Opportunities Commission (the "EEOC") against Defendants ABM Industries, Inc., ABM

Janitorial Services, Inc., ABM Janitorial Northern California, and Does 1-10 ("Defendants"), pursuant

to Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991.

(Doc. 1). Plaintiff-Intervenors Erika Morales ("Morales") and Anonymous Plaintiffs One through Eight

1  ("Anonymous Plaintiffs"), current and former employees of Defendants, filed a complaint in

2  intervention against Defendants and one of their former supervisors, Defendant-Intervenor Jose

3  Vasquez ("Vasquez"), alleging, inter alia, that Vasquez inappropriately touched them and raped Doe

4  One. (Doc. 27).

5        On June 2, 2008, Plaintiff filed a motion for a protective order to exclude Defendant Vasquez

6  from attending Plaintiff-Intervenors' depositions and to bar Defendants from taking their depositions.

7  (Docs. 34, 39). On June 4, 2008, Defendants filed a motion to compel the depositions of Plaintiff-

8  Intervenors and requested sanctions. (Docs. 35-37, 42). The motions came on regularly for hearing

9  before Magistrate Judge Theresa A. Goldner on July 7, 2008. (See Dkt. Entry 46). Victor

10  Viramontes and Lorena Garcia appeared on behalf of the EEOC, and Spencer Hipp appeared on

11  behalf of the Defendants. Stanley Mallison appeared telephonically on behalf of Plaintiff-

12  Intervenors. William Strapp appeared on behalf of Vasquez. (Id.).

### DISCUSSION

### A.   Discovery overview

      The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," United States v. Procter & Gamble, 356 U.S. 677, 683, 78 S.Ct. 983, 987 (1958), and to narrow and clarify the issues in dispute, Hickman v. Taylor, 329 U.S. 495, 501, 67 S.Ct. 385, 388 (1947).

      Federal Rule of Civil Procedure 26(b)(1) establishes the scope of discovery and states in pertinent part:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

1    "The party who resists discovery has the burden to show that discovery should not be

2    allowed, and has the burden of clarifying, explaining, and supporting its objections." United States

3    v. Approximately $ 141,932 in Currency, 2007 WL 2070337,*2 (E.D. Cal. 2007); Oakes v.

4    Halvorsen Marine Ltd., 179 F.R.D 281, 283 (C.D. Cal. 1998); Nestle Foods Corp. v. Aetna Casualty

5    & Surety Co., 135 F.R.D. 101, 104 (D. N.J. 1990).

6

7    **B.    Depositions and Protective Orders**

8    Under Federal Rule of Civil Procedure 30(a)(1), a "party may, by oral questions, depose any

9    person, including a party, without leave of court," unless there are circumstances not present in the

10    instant case.  Once a party is served with a notice of deposition pursuant to Rule 30(b)(1), that party

11    may not fail to appear at the deposition by filing objections absent a court order.  New England

12    Carpenters Health Benefits Fund v. First DataBank, Inc., 242 F.R.D. 164, 166 (D.Mass. 2007); see

13    also BCI Communication Systems, Inc. v. Bell Atlanticom Systems, Inc., 112 F.R.D. 154, 157

14    (N.D.Ala. 1986)(holding that if an attorney does not already have a protective order, he cannot insist

15    that an individual be excluded from attending the deposition).  The court may, in its discretion and

16    upon a showing of good cause, issue a protective order directing certain parties or individuals from

17    attending a deposition if their presence would unduly embarrass or oppress the deponent.

18    Fed.R.Civ.P. 26(c)(1) & (1)(E); Lowy Development Corp. v. Superior Court, 190 Cal.App.3d 317,

19    320 (Cal.App. 2 Dist. 1987), citing Galella v. Onassis, 487 F.2d 986, 997 (2d Cir. 1973).

20

21

22    In determining whether good cause exists for a protective order, the Court must balance the

23    interests in allowing discovery against the relative burdens to the parties and nonparties. In re

24    Coordinated Pretrial Proceedings, 669 F. 2d 620, 623 (10th Cir. 1982); see also Wood v. McEwan,

25    644 F.2d 797, 801 (9th Cir. 1981).  This is a sexual harassment case.  The Court is cognizant of

26    Plaintiff-Intervenors' allegations regarding Defendants' conduct, and in particular, Defendant

27    Vasquez.  Generally, parties alleging sexual harassment are not allowed to proceed anonymously.

28

3

1    See Doe v. Bell Atlantic Business Systems Services, Inc., 162 F.R.D. 418, 420-421 (D.Mass.

2    1995)(citing cases discussing under what circumstances parties need not disclose identifying

3    information). In this case, to date, the Anonymous Plaintiffs have been allowed to proceed

4    anonymously at the pleading phase. The case is now at the discovery phase, and the time has come

5

6    to conduct discovery. In order for Defendants to conduct meaningful discovery, they are entitled to

7    depose the Plaintiff-Intervenors, including the Anonymous Plaintiffs. The Court has considered the

8    pleadings and papers filed herein, as well as the oral arguments of counsel, has balanced the interests

9    in allowing discovery against the relative burdens to the parties, and finds that the interest in

10    allowing Defendants to depose Plaintiff -Intervenors, subject to a protective order, outweighs the

11    burden to Plaintiff-Intervenors in being deposed.

12

13                             **ORDER**

14        Accordingly, the Court makes the following orders:

15      1.  Plaintiff-Intervenors' motion for a protective order, as amended (Docs. 34, 39) is

16         GRANTED IN PART AND DENIED IN PART as set forth in Paragraph 3 below;

17      2.  Defendants' motion to compel depositions (Doc. 35) is GRANTED IN PART AND

18         DENIED IN PART as set forth in Paragraph 3 below;

19      3.  A. All Plaintiff-Intervenors are to appear at their depositions and are to be deposed,

20

21         subject to a protective order issued this date.

22         B. Defendant Vasquez is barred from attending the deposition of Anonymous Plaintiff

23         #1, the alleged rape victim. Although he cannot be present in the deposition room,

24         Defendant Vasquez may view a video feed of the deposition from another room, if he

25         chooses to do so. If he chooses to view a video feed, Defendant Vasquez must arrive in

26         the building where the deposition will take place at least one hour prior to the time the

27         deposition begins, and he must leave the building at least one hour after the deponent

28

1    leaves the building.

2    C. The depositions of Plaintiff-Intervenors are to take place at the location noticed or to

3    be noticed by Defendants. Plaintiff-Intervenors' requests that the depositions take place

4
     at the Federal Courthouse in Fresno and/or that a security or law enforcement officer be
5
6    present, are denied.

7    D. The deposition of Anonymous Plaintiff #3 will take place as noticed commencing

8    July 23, 2008.

9    E. The deposition of Anonymous Plaintiff #4 will take place as noticed commencing

10   July 24, 2008.

11
     F.  Based on the representations regarding the unavailability of counsel for the EEOC
12
13   and for Defendant Vasquez, the previously noticed depositions of Erika Morales,

14   Anonymous Plaintiff #1, Anonymous Plaintiff #2, Anonymous Plaintiff #5, Anonymous

15   Plaintiff #6, Anonymous Plaintiff #7, and Anonymous Plaintiff #8, are to be re-noticed

16   by Defendants to dates mutually agreed upon, but are to be completed no later than

17   October 31, 2008. However, inasmuch as this delay has been caused by the

18   unavailability of counsel for the EEOC and counsel for Defendant Vasquez, Defendants

19   will maintain their deposition priority.
20
21   4. Defendants' request for sanctions is denied.

22   5. Plaintiff's request for sanctions is denied.

23   6. As part of its bench ruling, the Court restrained Defendant Vasquez from being within 100

24   feet of the Anonymous Plaintiffs other than during the depositions and court proceedings, and issued

25   further orders prohibiting retaliatory conduct and disclosure of information by and to Vasquez and

26   others. Upon reconsideration, the Court vacates the portion of its ruling described in the preceding
27
     sentence, because they are injunctive in nature and thus are matters that are properly addressed to a
28

1    district judge, and not a magistrate judge.  <u>See</u> 28 U.S.C. Section 636(b)(1). Accordingly, the

2    protective order issued this date will not include those provisions.

3

4         **IT IS SO ORDERED.**

5

6    Dated:  <u>July 24, 2008</u>                              <u>/s/ Theresa A. Goldner</u>
                                                        U.S. MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28