IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; Does 1 - 10 inclusive,<br><br>Defendants,<br><br>JOSE VASQUEZ,<br><br>Defendant-Intervenor. | Case No. 1:07-cv-01428 LJO TAG<br><br>**PROTECTIVE ORDER** |
|---|---|

Documents and information subject to discovery in this action reflect, or may reflect, confidential information regarding the Anonymous Plaintiffs in this action. The following Protective Order shall govern the production, disclosure, and use of such confidential information in this action.

**IT IS HEREBY ORDERED** as follows:

1. Confidential Information

For purposes of this Protective Order, "confidential information" means any type or classification of information, whether originals, copies, or in redacted form, that would reveal the

identity, addresses, phone numbers or other contact information of any of the eight Anonymous Plaintiffs.

No information shall be confidential unless counsel making the claim has a reasonable, good faith belief that the information meets the criteria specified above. Once so designated, confidential information shall be subject to the protection of this Order unless such protection is expressly waived in writing by all of the parties or removed in whole or in part upon further order of the Court.

2. <u>Time and Manner of Designation</u>

Counsel may designate documents and writings as confidential at the time of production any time during a deposition, or within thirty (30) days after delivery of deposition transcripts containing confidential documents. Any confidential documents inadvertently not designated as confidential at the time of production or within thirty (30) days after delivery of deposition transcripts may be designated as confidential any time prior to trial.

The failure to designate information in accordance with this Protective Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later time seeking to impose such a designation or challenge the propriety thereof.

3. <u>Coverage</u>

This Protective Order shall control the pretrial production, disclosure, and use of confidential information revealed by or to the parties or any of them, through depositions, interrogatory responses, production of documents, and other discovery, or through informal means. This Protective Order shall not constitute or be deemed to constitute any admission by the parties subject to this Order or a determination by the Court as to any contested issue in this case, including, without limitation, the existence or non-existence of a privacy interest or privilege relating to said confidential information or its admissibility at trial.

4. <u>Use of Confidential Information at Trial Not Covered</u>

This Protective Order applies only to information disclosed in the course of pretrial discovery in this action. Counsel will negotiate in good faith with respect to the procedure for utilizing confidential information at the trial of this action. Any dispute, regarding the use of any confidential information at the trial of this action will be resolved by the trial court.

5. <u>Limits on Disclosure and Use</u>

Documents and information obtained in discovery and designated confidential pursuant to this Protective Order shall only be disclosed to the following persons and entities for a purpose related to the prosecution and/or defense of this action:

    a.    The Parties excluding Defendant-Intervenor JOSE VASQUEZ ("Vasquez"). Vasquez, however, may attend the depositions of Plaintiff-Intervenor Morales, Anonymous Plaintiffs # 2-8, and may view (by video feed) the deposition of Anonymous Plaintiff #1, in which case he will learn the identities of the latter deponents;

    b.    The attorneys and legal staff representing Defendants and Vasquez can view the following identifying information regarding the Anonymous Plaintiffs: names, current address, current employer, and occupation (hereinafter the "IDENTIFYING INFORMATION"). Defense counsel and legal staff shall not disclose such IDENTIFYING INFORMATION to anyone not privy to the privileged information;

    c.    Experts, consultants, and other independent contractors retained or employed to consult with, advise, or assist counsel in the preparation for or trial of this case;

    d.    Defendants' Managers and Human Resource officials may view the IDENTIFYING INFORMATION of the Anonymous Plaintiffs. However, defense counsel shall not disclose to any Managers and Human Resource officials located in Kern County or adjacent counties that any of the Anonymous Plaintiffs are parties to this action;

    e.    Defense witnesses may view the IDENTIFYING INFORMATION of Plaintiff-Intervenors at any time, but defense counsel shall not disclose to any defense witnesses that Plaintiff-Intervenors are parties to this action. Said witnesses shall be instructed by defense counsel that the IDENTIFYING INFORMATION of the Plaintiff-Intervenors is confidential and subject to this

|    |    |    |
|----|----|----|
| 1  |    | protective order. Defense witnesses shall not share the IDENTIFYING |
| 2  |    | INFORMATION with anyone not privy to the privileged information and are |
| 3  |    | to execute a Confidentiality Agreement/Acknowledgement which is attached |
| 4  |    | as Exhibit A and was first filed with this Court as Exhibit A to Document 42-2 |
| 5  |    | on July 1, 2008. Defense witnesses shall be subject to Court-imposed |
| 6  |    | sanctions for any violations of the Confidentiality |
| 7  |    | Agreement/Acknowledgement; |
| 8  | f. | Percipient witnesses may view the IDENTIFYING INFORMATION of the |
| 9  |    | Plaintiff-Intervenors at any time, but defense counsel shall not disclose to any |
| 10 |    | percipient witnesses that Plaintiff-Intervenors are parties to this action. Said |
| 11 |    | witnesses shall be instructed by defense counsel that the IDENTIFYING |
| 12 |    | INFORMATION of the Plaintiff-Intervenors is confidential and subject to this |
| 13 |    | protective order. Percipient witnesses shall not share the IDENTIFYING |
| 14 |    | INFORMATION with anyone not privy to the privileged information and are |
| 15 |    | to execute the Confidentiality Agreement/Acknowledgement, which is |
| 16 |    | attached as Exhibit A and was first filed with this Court as Exhibit A to |
| 17 |    | Document 42-2 on July 1, 2008. Percipient witnesses shall be subject to |
| 18 |    | Court-imposed sanctions for any violations of the Confidentiality |
| 19 |    | Agreement/Acknowledgement; |
| 20 | g. | Defense counsel shall not share any IDENTIFYING INFORMATION of the |
| 21 |    | Plaintiff-Intervenors except for their names, and will only identify the names |
| 22 |    | of the individuals as strictly necessary. |
| 23 | h. | Court personnel, including judges, court reporters, law clerks, clerks and |
| 24 |    | jurors engaged in proceedings in this case; |
| 25 | i. | Any governmental entity in response to a legitimate subpoena or |
| 26 |    | administrative order from such governmental entity, which is authorized to |
| 27 |    | issue the same, and the party receiving such subpoena or administrative order |
| 28 |    | shall give prompt written notice by facsimile service of the receipt of such |

subpoena or order to other parties in this action, so that any party may make objection to the subpoena or order to the extent permitted by law; and

    j.    In accordance with further orders of the Court.

Further, as discussed in Paragraph 8 below, nothing in this Protective Order shall prevent any party from seeking to modify its terms. When one party has expressly designated information as confidential in conformity with Paragraphs 1 and 2 of this Order, then the other parties and their respective counsel shall safeguard such designated confidential information against disclosure. Information and documents subject to this Protective Order may be used only in connection with this litigation and not for any other legal, business or competitive purpose. If any information or documents subject to this Protective Order are furnished to any federal government agency by any party, the party furnishing the information or documents shall simultaneously notify the agency of the existence of this Protective Order and provide a copy of this Order to the agency.

This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or non-confidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

    6.    <u>Lodging or Filings With the Court</u>

All confidential information lodged or filed with the Court, and any pleading, motion, deposition or other paper filed with or otherwise submitted to the Court disclosing designated confidential information, shall, as permitted by the Court, (1) be submitted for lodging or filing in sealed envelopes as specified in paragraph 7 below, and (2) shall be subject to the Local Rules of this Court with respect to the sealing of documents, which require a separate sealing Order for documents to be sealed and filed; and (3) be available for review only for purposes of this litigation by the persons and parties described in paragraph 5 as eligible to receive designated and confidential information.

7. <u>Notice of Coverage by Order</u>

Portions of any pleading, motion, affidavit, transcript of any deposition or other paper filed with the Court which constitutes, identifies, quotes or refers to designated confidential information shall, as permitted by the Court, be filed with the Court only in sealed envelopes bearing the following statement:

**CONFIDENTIAL: THIS ENVELOPE CONTAINS DOCUMENTS AND INFORMATION FILED SUBJECT TO A PROTECTIVE ORDER.**

Deposition transcripts and other discovery materials that have been designated confidential information will be marked by the court reporter or by the parties or their counsel on the cover of the transcripts or in other prominent locations to reflect this Protective Order. Pursuant to this Court's Local Rules, a sealing Order is required before any document can be sealed and filed.

8. <u>Modification of Order</u>

Material disclosing designated confidential information may be removed from the restrictions of this Protective Order only upon the written agreement of all of the parties or by Court Order.

In the event that the parties disagree as to the designation of materials as confidential, or are unable to reach an agreement regarding removal from the restrictions of this Protective Order of any document or other material claimed to be confidential, the party contesting confidentiality may, upon motion with notice to the other parties, seek a Court Order to remove the contested information from the terms of this Protective Order. Upon noticed motion by any party, the Court shall have the authority to modify the terms of this Protective Order upon a showing of good cause.

9. <u>Return of Designated Confidential Information</u>

When the action has terminated by settlement, judgment or dismissal and all appeals have been exhausted, all designated confidential information shall be returned to the party producing the documents, including all copies thereof, upon that party's request. Such request shall be made within sixty (60) days upon termination of the action.

///

///

10. <u>Limits on Scope of Protective Order</u>

Nothing in this Protective Order shall be construed to relieve any party from the obligation to respond timely to discovery requests, nor shall this Protective Order be construed as a waiver of the right to assert any objection to a discovery request. To the extent that a party produces documents or information pursuant to this Protective Order that are covered, or believed in good faith to be covered, by the attorney work product doctrine or attorney-client communication privilege or any other privilege, no waiver of the attorney work product doctrine or attorney-client privilege or any other privilege shall be construed as a result of that production as it relates, or may relate, to the documents produced, or otherwise. Neither shall this Protective Order be construed so as to prejudice the right of any party to this action to file and use a designated document in this Court in connection with motions, pretrial proceedings, settlement conference, trial, or any other hearing or proceeding in this matter, so long as the provisions of this Protective Order are complied with. Nothing in this Protective Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

**IT IS SO ORDERED.**

Dated: July 24, 2008              /s/ Theresa A. Goldner
                                  UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## CONFIDENTIALITY AGREEMENT/ACKNOWLEDGMENT

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Eastern District of California in the case of *U.S. Equal Opportunity Commission, et al. v. ABM Industries Incorporated, et al.*, Case No. 1:07-cv-01428 LJO TAG. I agree to comply with and to be bound by the terms of this Protective Order, which prohibits me from disclosing, in any manner, any information or item that is subject to this Protective Order. I understand that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date:_____

City and State where sworn and signed:_____

Printed name: _____

Signature:_____