SPENCER H. HIPP, Bar No. 090485
KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
Telephone:  310.553.0308
Facsimile:     310.553.5583
shipp@littler.com
kjacoby@littler.com

LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:  415.433.1940

Attorneys for Defendant
ABM INDUSTRIES INCORPORATED;
ABM JANITORIAL SERVICES, INC. AND
ABM JANITORIAL NORTHERN
CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOSE VASQUEZ; Does 1-10 inclusive,<br><br>Defendant. | Case No.  1: 07 CV 01428 LJO-TAG<br><br>**SUPPLEMENT TO DEFENDANT'S PROPOSED STIPULATED PROTECTIVE ORDER** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA  93704.2225
559.244.7500

AMENDMENT TO DEFENDANT'S PROPOSED
STIPULATED PROTECTIVE ORDER (NO. 1: 07
CV 01428 LJO-TAG)

Defendants filed a proposed stipulated protective order on Friday, January 2, 2009 with this Court ("DEFENDANTS' PROPOSED STIPULATED PROTECTIVE ORDER" hereinafter referred to as the "ORDER"). A true and correct copy of the ORDER is attached hereto as Exhibit A.

Defendants wish to advise that this ORDER was filed on behalf of Defendants only and was not signed by or agreed to by Plaintiffs at the time of filing. Furthermore, Defendants did not intend to represent to this Court that Plaintiffs had agreed to the ORDER at the time of filing. The appearance of the electronic signatures of Plaintiffs' Counsel at the bottom of the ORDER was the result of an error and Defendants respectfully acknowledge that Plaintiffs have not agreed to the ORDER at this time.

Dated:    January 5, 2009

/s/ Spencer H. Hipp
Spencer H. Hipp
Keith A. Jacoby
Laura E. Hayward
Attorneys for Defendant
ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. AND ABM JANITORIAL NORTHERN CALIFORNIA

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
5200 North Palm Avenue
Suite 302
Fresno, CA 93704.2225
559.244.7500

AMENDMENT TO DEFENDANT'S PROPOSED STIPULATED PROTECTIVE ORDER (NO. 1: 07 CV 01428 LJO-TAG)

# EXHIBIT "A"

SPENCER H. HIPP, Bar No. 090485
KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
Telephone:    (310)553-0308
Facsimile:     (310)553-5583
shipp@littler.com
kjacoby@littler.com

LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:    (415) 433-1940

Attorney for Defendants
ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL NORTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOSE VASQUEZ; Does 1 - 10 inclusive,<br><br>Defendants. | Case No. 1: 07 CV 01428 LJO-TAG<br><br>**DEFENDANTS' PROPOSED STIPULATED PROTECTIVE ORDER** |

Documents and information subject to discovery in this action reflect, or may reflect, confidential corporate information of Defendants ABM INDUSTRIES, INC. and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA ("Defendants") and/or confidential information regarding the employees and/or former employees of Defendants. The following Stipulation and Protective Order shall govern the production, disclosure, and use of such confidential information in this action.

IT IS HEREBY STIPULATED AND AGREED, by and between the parties, through their respective undersigned counsel, that a Court may enter the following Protective Order pursuant to Federal Rules of Civil Procedure 26(c) and 37(b), and Local Rules 39-140 and 39-141, in this action as follows:

1. Confidential Information

For purposes of this Protective Order, "confidential information" means any type or classification of information, whether originals, copies or in redacted form, that would reveal the following information:

(a) Addresses, phone numbers, and other contact information of Defendants' current or former employees, in addition to financial records and personnel files and/or records of such employees.

(b) Documents pertaining to complaints of sexual assault and/or sexual harassment allegedly occurring in Defendant's workplace.

No information shall be claimed to be confidential unless counsel making the claim has a reasonable, good faith belief that the information meets the criteria specified above. Once so designated, confidential information shall be subject to the protection of this Protective Order unless such protection is expressly waived in writing by all of the stipulating parties or removed in whole or in part upon further order of the Court.

2. Time and Manner of Designation

Counsel may designate documents and writings as confidential at the time of production any time during a deposition, or within thirty (30) days after delivery of deposition transcripts containing confidential documents. Any confidential documents inadvertently not

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' PROPOSED
STIPULATED PROTECTIVE ORDER       1.       CASE NO. 1:07 CV 01428 LJO (TAG)

designated as confidential at the time of production or within thirty (30) days after delivery of deposition transcripts may be designated as confidential at any time prior to trial.

The failure to designate information in accordance with this Protective Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later time seeking to impose such a designation or challenge the propriety thereof.

3.   Coverage

This Protective Order shall control the pretrial production, disclosure, and use of confidential information revealed by or to the stipulating parties or any of them, through deposition, through interrogatory responses, through production of documents, through other discovery, or through informal means. This Protective Order shall not constitute or be deemed to constitute any admission by any of the stipulating parties or a determination by the Court as to any contested issue in this case, including, without limitation, the existence or non-existence of a privacy interest or privilege relating to said confidential information or its admissibility at trial.

4.   Use of Confidential Information at Trial Not Covered

This Protective Order applies only to information disclosed in the course of pretrial discovery in this action. Counsel for the stipulating parties agree to negotiate in good faith with respect to the procedure for utilizing confidential information at the trial of this action. Any dispute, regarding the use of any confidential information at the trial of this action will be resolved by the trial court.

5.   Limits on Disclosure and Use

Documents and information obtained in discovery and designated confidential pursuant to this Protective Order shall only be disclosed to the following persons and entities for a purpose related to the prosecution and/or defense of this action:

    a.   The Parties;

    b.   The attorneys and legal staff of the Parties;

    c.   Experts, consultants and other independent contractors retained or employed to consult with, advise or assist counsel in the preparation for or trial of this case;

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' PROPOSED STIPULATED PROTECTIVE ORDER    2.    CASE NO. 1:07 CV 01428 LJO (TAG)

     d.     Court personnel, including judges, court commissioners, court reporters, law clerks, clerks and jurors engaged in proceedings in this case;

     e.     Any governmental entity in response to a legitimate subpoena or administrative order from such governmental entity, which is authorized to issue the same, and the party receiving such subpoena or administrative order shall give prompt written notice by facsimile service of the receipt of such subpoena or order to other parties in this action, so that any party may make objection to the subpoena or order to the extent permitted by law; and

     f.     In accordance with further orders of this Court.

As discussed further in paragraph 8 below, nothing in this Protective Order shall prevent any party from seeking to modify the terms of the Protective Order. When one party has expressly designated information as confidential in conformity with paragraphs 1 and 2 above, then the other parties and their respective counsel shall safeguard such designated confidential information against disclosure. **Information and documents subject to this Protective Order may be used only in connection with this litigation and not for any other legal, business or competitive purpose. Specifically, information sought and received pursuant to this Order, and any further information arising therefrom, may not be used in any other action pending against any party to this protective order that is unrelated to this action. The parties to this Order agree that they will not use information obtained through this Order** as a means of obtaining discovery in any other civil action or administrative proceeding. If any information or documents subject to this Protective Order are furnished to any federal government agency by any party, the party furnishing the information or document shall simultaneously notify the agency of the existence of this Protective Order and provide a copy of this Order to the agency.

This Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Nothing in this Order, nor the production of any information or document under the terms

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' PROPOSED STIPULATED PROTECTIVE ORDER     3.     CASE NO. 1:07 CV 01428 LJO (TAG)

of this Order, nor any proceedings pursuant to this Order, shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

6. Lodging or Filings With the Court

All confidential information lodged or filed with the Court, and any pleading, motion, deposition or other paper filed with or otherwise submitted to the Court disclosing designated confidential information, shall, as permitted by the Court, (1) be submitted for lodging or filing in sealed envelopes as specified in paragraph 7 below, and (2) remain sealed by the Court and its clerk as to all persons and entities who are not parties to this litigation, and (3) be available for review only for purposes of this litigation by the persons and parties described in paragraph 5 as eligible to receive designated and confidential information.

7. Notice of Coverage by Order

Portions of any pleading, motion, affidavit, transcript of any deposition or other paper filed with the Court which constitutes, identifies, quotes or refers to designated confidential information shall, as permitted by the Court, be filed with the Court only in sealed envelopes bearing the following statement:

**CONFIDENTIAL: THIS ENVELOPE CONTAINS DOCUMENTS AND INFORMATION FILED SUBJECT TO A PROTECTIVE ORDER.**

Deposition transcripts and other discovery materials which have been designated confidential information will be marked by the court reporter or by the parties or their counsel on the cover of the transcripts or in other prominent locations to reflect this Protective Order.

8. Modification of Order

Material disclosing designated confidential information may be removed from the restrictions of this Protective Order only upon the written agreement of the stipulating parties or by Court Order.

In the event that the stipulating parties disagree as to the designation of materials as confidential, or are unable to reach agreement regarding removing from the restrictions of this Protective Order any document or other material claimed to be confidential, the stipulating party

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' PROPOSED STIPULATED PROTECTIVE ORDER   4.   CASE NO. 1:07 CV 01428 LJO (TAG)

contesting confidentiality may, upon motion with notice to the other stipulating party, seek a Court Order removing the contested information from the terms of this Protective Order. Upon noticed motion by either stipulating party, the Court shall have authority to modify the terms of this Protective Order for good cause shown.

        9.     Return of Designated Confidential Information

When the action has terminated by settlement, judgment or dismissal and all appeals have been exhausted, all designated confidential information shall be returned to the party producing the documents, including all copies thereof, upon said party's request. Such request shall be made within sixty (60) days of termination of the action.

        10.    Limits on Scope of Protective Order

Nothing in this Protective Order shall be construed to relieve any party from the obligation to respond timely to discovery requests, nor shall this Protective Order be construed as a waiver of the right to assert any objection to a discovery request. To the extent that a party produces documents or information pursuant to this Protective Order that are covered, or believed in good faith to be covered, by the attorney work product doctrine or attorney-client communication privilege or any other privilege, no wavier of the attorney work product doctrine or attorney-client privilege or any other privilege shall be construed as a result of that production as it relates, or may relate, to the documents produced, or otherwise. Neither shall this Protective Order be construed so as to prejudice the right of any party hereto to file and use a desgned document in this Court in connection with motions, pretrial proceedings, settlement conference, trial, or any other hearing or proceeding in this matter, so long as the provisions of this Protective Order are complied with. Nothing in this Protective Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' PROPOSED
STIPULATED PROTECTIVE ORDER     5.     CASE NO. 1:07 CV 01428 LJO (TAG)

11. <u>Counterparts</u>

This Stipulation may be executed in counterparts, with any executed counterpart able to serve as the original.

**IT IS SO STIPULATED.**

|  |  |
|---|---|
|  | LITTLER MENDELSON |
| Date: January ___, 2009 | /s/ Spencer H. Hipp<br>Spencer H. Hipp<br>Keith A. Jacoby<br>Laura E. Hayward<br>Attorneys for Defendant<br>ABM Industries Incorporated; ABM Janitorial Services, Inc. and ABM Janitorial Services Northern California |
|  | STRAPP & STRAPP |
| Date: January ___, 2009 | /s/ W. Joseph Strapp<br>W. Joseph Strapp<br>Attorney for Defendant<br>Jose Vasquez |
|  | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| Date: January ___, 2009 | /s/ Victor Viramontes<br>Victor Viramontes<br>Lorena Garcia<br>Attorneys for Plaintiff U.S. EEOC |
|  | LAW OFFICES OF MALLISON & MARTINEZ |
| Date: January ___, 2009 | /s/ Stan Mallison<br>Stan Mallison<br>Hector R. Martinez<br>Attorneys for Plaintiff- Intervenors |

**IT IS SO ORDERED.**

Dated _____   JUDGE OF THE UNITED STATES DISTRICT COURT

Firmwide:87952079.1 054667.1005

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' PROPOSED STIPULATED PROTECTIVE ORDER   6.   CASE NO. 1:07 CV 01428 LJO (TAG)