Anna Y. Park, Bar No. 164242
Victor Viramontes, Bar No. 214158
Lorena Garcia, Bar No. 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 E. Temple St., 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1108
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov
       lorena.garcia@eeoc.gov
Attorneys for Plaintiff U.S. EEOC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>　　　　　Plaintiff Intervenors,<br><br>　　v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOSE VASQUEZ; Does 1 - 10 inclusive,<br><br>　　　　　Defendants. | Case No. 1: 07 CV 01428 LJO-TAG<br><br>**PLAINTIFF EEOC'S PROPOSED PROTECTIVE ORDER RE: CONFIDENTIAL INFORMATION** |

Documents and information subject to discovery in this action reflect, or may reflect, confidential corporate information of Defendants ABM INDUSTRIES, INC. and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA ("Defendants") and/or confidential information regarding the employees and/or former employees of Defendants. The following Protective Order shall govern the production, disclosure, and use of such confidential information in this action pursuant to Federal Rules of Civil Procedure 26(c) and 37(b), and Local Rules 39-140 and 39-141, in this action as follows:

1. <u>Confidential Information</u>

For purposes of this Protective Order, "confidential information" means any type or classification of information disclosed in this lawsuit, whether originals, copies or in redacted form, that would reveal the following information:

(a) Documents pertaining to complaints of sexual assault and/or sexual harassment allegedly occurring in Defendant's workplace.

No information shall be confidential unless counsel making the claim has a reasonable, good faith belief that the information meets the criteria specified above. Once so designated, confidential information shall be subject to the protection of this Protective Order unless such protection is expressly waived in writing by all of the stipulating parties or removed in whole or in part upon further order of the Court.

2. <u>Time and Manner of Designation</u>

Counsel may designate documents and writings as confidential at the time of production any time during a deposition, or within thirty (30) days after delivery of deposition transcripts containing confidential documents. Any confidential documents inadvertently not designated as confidential at the time of production or within thirty (30) days after delivery of deposition transcripts may be designated as confidential at any time prior to trial.

The failure to designate information in accordance with this Protective Order or the failure to object to a designation at a given time shall not preclude the filing of a motion at a later time seeking to impose such a designation or challenge the propriety thereof.

3. <u>Coverage</u>

This Protective Order shall control the pretrial production, disclosure, and use of confidential information revealed by or to the stipulating parties or any of them, through deposition, interrogatory responses, production of documents, and other discovery, or through informal means. This Protective Order shall not constitute or be deemed to constitute any admission by the parties subject to this Order or a determination by the Court as to any contested issue in this case, including, without limitation, the existence or non-existence of a privacy interest or privilege relating to said confidential information or its admissibility at trial.

### 4.      Use of Confidential Information at Trial Not Covered

This Protective Order applies only to information disclosed in the course of pretrial discovery in this action. Counsel will negotiate in good faith with respect to the procedure for utilizing confidential information at the trial of this action.  Any dispute, regarding the use of any confidential information at the trial of this action will be resolved by the trial court.

### 5.      Limits on Disclosure and Use

Documents and information obtained in discovery and designated confidential pursuant to this Protective Order shall only be disclosed to the following persons and entities:

   a.   The Parties;

   b.   The attorneys and legal staff of the Parties;

   c.   Experts, consultants and other independent contractors retained or employed to consult with, advise or assist counsel in the preparation for or trial of this case;

   d.   Court personnel, including judges, court commissioners, court reporters, law clerks, clerks and jurors engaged in proceedings in this case;

   e.   Any governmental entity other than the EEOC in response to a legitimate subpoena or administrative order from such governmental entity, which is authorized to issue the same, and the party receiving such subpoena or administrative order shall give prompt written notice by facsimile service of the receipt of such subpoena or order to other parties in this action, so that any party may make objection to the subpoena or order to the extent permitted by law; and

   f.   In accordance with further orders of this Court.

With respect to all parties other than the EEOC, the confidential information is to be used for the purpose to the prosecution and/or defense of this action.

With respect to the EEOC, nothing in this Order should be construed to prohibit the EEOC from using the confidential information for any other purposes authorized by statute (Title VII, 42

**PLAINTIFF EEOC'S PROPOSED PROTECTIVE ORDER**          3.          **CASE NO. 1:07 CV 01428 LJO (TAG)**

U.S.C. §§ 2000e *et seq.*), including the investigation and litigation of other matters. To the extent that the confidential information is to be used in this litigation, the EEOC is willing to abide by this protective order. To the extent that the confidential information is be to be used for other purposes authorized by statute to the EEOC, including investigation of other matters, the EEOC is to follow the confidentiality provisions as stated in 706(b) and 709(e) of Title VII of the Civil Rights Act of 1963, 42 U.S.C. §§ 2000e-5(b), 8(e).

Further, as discussed in paragraph 8 below, nothing in this Protective Order shall prevent any party from seeking to modify its terms. When one party has expressly designated information as confidential in conformity with Paragraphs 1 and 2 of this Order, then the other parties and their respective counsel shall safeguard such designated confidential information against disclosure. If any information or documents subject to this Protective Order are furnished to any federal government agency other than the EEOC by any party, the party furnishing the information or documents shall simultaneously notify the agency of the existence of this Protective Order and provide a copy of this Order to the agency.

This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information between the parties to this action without involving the Court unnecessarily in the process. Neither this Order, the production of any information or documents under the terms of this Order, nor any proceedings pursuant to this Order shall be deemed to have the effect of an admission or waiver by either party or of altering the confidentiality or nonconfidentiality of any such document or information or altering any existing obligation of any party or the absence thereof.

6.   Lodging or Filings With the Court

All confidential information lodged or filed with the Court, and any pleading, motion, deposition or other paper filed with or otherwise submitted to the Court disclosing designated confidential information, shall, as permitted by the Court, (1) be submitted for lodging or filing in sealed envelopes as specified in paragraph 7 below, and (2) shall be subject to the Local Rules of this Court with respect to the sealing of documents, which require a separate sealing Order for documents to be sealed and filed, and (3) be available for review only for purposes of this litigation

by the persons and parties described in paragraph 5 as eligible to receive designated and confidential information.

### 7. Notice of Coverage by Order

Portions of any pleading, motion, affidavit, transcript of any deposition or other paper filed with the Court which constitutes, identifies, quotes or refers to designated confidential information shall, as permitted by the Court, be filed with the Court only in sealed envelopes bearing the following statement:

**CONFIDENTIAL: THIS ENVELOPE CONTAINS DOCUMENTS AND INFORMATION FILED SUBJECT TO A PROTECTIVE ORDER.**

Deposition transcripts and other discovery materials which have been designated confidential information will be marked by the court reporter or by the parties or their counsel on the cover of the transcripts or in other prominent locations to reflect this Protective Order. Pursuant to this Court's Local Rules, a sealing Order is required before any document can be sealed and filed.

### 8. Modification of Order

Material disclosing designated confidential information may be removed from the restrictions of this Protective Order only upon the written agreement of all of the parties or by Court Order.

In the event that the parties disagree as to the designation of materials as confidential, or are unable to reach an agreement regarding removal from the restrictions of this Protective Order of any document or other material claimed to be confidential, the party contesting confidentiality may, upon motion with notice to the other parties, seek a Court Order to remove the contested information from the terms of this Protective Order. Upon noticed motion by any party, the Court shall have authority to modify the terms of this Protective Order upon a showing of good cause.

### 9. Destruction or Return of Designated Confidential Information

At the final conclusion of this action (including any appeals) and unless the Court orders otherwise, any confidential materials provided to the EEOC, as outlined above, and any copies thereof which have been made shall be stored and destroyed according to the EEOC Records Disposition Program, EEOC Directives Transmittal Order 201.001.

At the final conclusion of this action (including any appeals) and unless the Court orders otherwise, any confidential materials provided to parties other than the EEOC shall be returned to the party producing the documents, including all copies thereof, upon said party's request. Such request to any party other than the EEOC shall be made within sixty (60) days of the final conclusion of this action (including any appeals).

### 10. Limits on Scope of Protective Order

Nothing in this Protective Order shall be construed to relieve any party from the obligation to respond timely to discovery requests, nor shall this Protective Order be construed as a waiver of the right to assert any objection to a discovery request. To the extent that a party produces documents or information pursuant to this Protective Order that are covered, or believed in good faith to be covered, by the attorney work product doctrine or attorney-client communication privilege or any other privilege, no wavier of the attorney work product doctrine or attorney-client privilege or any other privilege shall be construed as a result of that production as it relates, or may relate, to the documents produced, or otherwise. Neither shall this Protective Order be construed so as to prejudice the right of any party hereto to file and use a designed document in this Court in connection with motions, pretrial proceedings, settlement conference, trial, or any other hearing or proceeding in this matter, so long as the provisions of this Protective Order are complied with. Nothing in this Protective Order shall operate as an admission by any party that any particular document is, or is not, admissible in evidence at the trial of this action.

//
//
//
//
//
//
//
//
//

11. <u>Counterparts</u>

This Stipulation may be executed in counterparts, with any executed counterpart able to serve as the original.

**IT IS SO STIPULATED.**

Date:   January____, 2009        By: _____
                                 Victor Viramontes
                                 Lorena Garcia
                                 Attorneys for Plaintiff U.S. EEOC


                                 LAW OFFICES OF MALLISON &
                                 MARTINEZ

Date:   January____, 2009        By: _____
                                 Stan Mallison
                                 Hector R. Martinez
                                 Attorneys for Plaintiff- Intervenors


                                 LITTLER MENDELSON

Date:   January ____, 2009       By: _____
                                 Keith A. Jacoby
                                 Laura E. Hayward
                                 Attorneys for Defendant
                                 ABM Industries Incorporated; ABM
                                 Janitorial Services, Inc. and ABM
                                 Janitorial Services Northern
                                 California


                                 STRAPP & STRAPP

Date:   January____, 2009        By: _____
                                 W. Joseph Strapp
                                 Attorney for Defendant
                                 Jose Vasquez

                                 U.S. EQUAL EMPLOYMENT
                                 OPPORTUNITY COMMISSION

**IT IS SO ORDERED.**

Dated: _____  _____
                                 JUDGE OF THE UNITED STATES
                                 DISTRICT COURT