Anna Y. Park, CA SBN 164242
Victor Viramontes, CA SBN 214158
Lorena Garcia, CA SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone:  (213) 894-1108
Facsimile:  (213) 894-1301
E-Mail:  lado.legal@eeoc.gov
             Lorena.garcia@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.:  1:07-cv-01428-LJO-TAG |
| Plaintiff, | **PLAINTIFF EEOC'S OPPOSITION TO DEFENDANTS' PROPOSED STIPULATED PROTECTIVE ORDER CONCERNING THE CONFIDENTIALITY OF DOCUMENTS** (Court Doc. #68) |
| ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT, | |
| Plaintiff-Intervenors, | Discovery Matter |
| v. | |
| ABM INDUSTRIES INCORPORATED, ABM JANITORIAL SERVICES, INC., and DOES 1-10, inclusive, | |
| Defendants. | |

Plaintiff EEOC's Opposition to Defendants'
Proposed Stipulated Protective Order

I.     **INTRODUCTION**

The EEOC opposes Defendants' Proposed Stipulated Protective Order (Court Doc. No. 68) for the following reasons:

(1) The scope of the protective order, which includes "Addresses, phone numbers, and other contact information of Defendants' current or former employees, in addition to financial records and personnel files and/or records of such employees" (Court Doc. No. 68 at page 1:15-17), because this Court has already overruled Defendants' privacy objections as to the EEOC's Request for Production of Documents, Set No. One, Requests Nos. 16, 17, and 18; and EEOC's Request for Production of Documents, Set No. Two, Requests Nos. 150, 151, 152, 159, and 160 (Court Doc. 67).

(2) The scope of the protective order, which states:

> Information and documents subject to this Protective Order may be used only in connection with this litigation and not for any other legal, business or competitive purpose.  Specifically, information sought and received pursuant to this Order, and any further information arising therefrom, may not be used in any other action pending against any party to this protective order that is unrelated to this action.  The parties to this Order agree that they will not use information obtained through this Order as a means of obtaining discovery in any other civil action or administrative proceeding.

(Court Doc. No. 68 at page 3:16-22).  The EEOC should not be prohibited from using any confidential information obtained in this action for any other purposes authorized by statute.  Any privacy concerns are addressed by Title VII confidentiality provisions for information obtained during the EEOC's investigation.

(3) The return of designated confidential information (Court Doc. No. 68 at page 5:5-9) because federal law and EEOC Directive 201.001 limits the EEOC's

Plaintiff EEOC's Opposition to Defendants'
Proposed Stipulated Protective Order

ability to agree to the destruction or return of documents in the EEOC's
Possession.

(4)  Defendants' Proposed Stipulation (Court Doc. No. 68) is misleading to
the Court since Defendants filed it with Mr. Viramontes' signature without his
permission or authorization.  As a result, the EEOC hereby request that Court Doc.
No. 68 be stricken pursuant to Local Rule 7-131(d).

## II.      BACKGROUND

This is an action by the United States Equal Employment Opportunity
Commission ("EEOC") against Defendants, which alleges that Defendants
subjected a class of employees to a hostile work environment based on their sex.
The EEOC brought this action on behalf of Charging Party Erika Morales, and
other similarly situated employees.

On October 27, 2008, Plaintiff EEOC filed an amended Motion to Compel
Defendants to respond and produce all documents with respect to:

(1) the names and contact information of janitorial employees employed by
Defendants (EEOC's Request for Production of Documents, Set One,
Requests Nos. 16, 17, and 18 and EEOC's Request for Production of
Documents, Set Two, Request No. 152);

(2) the names and contact information of janitorial employees who have
worked with or worked under Jose Vasquez and Javier Vasquez (EEOC's
Request for Production of Documents, Set Two, Requests Nos.150, 151,
152, 159, and 160); and

(3) complaints of sexual harassment made to Defendants (EEOC's Request
for Production of Documents, Set Two, Request No. 161).

On December 22, 2008, this Court granted in part and denied in part Plaintiff
EEOC's Motion to Compel Responses to Plaintiff EEOC's Requests for Production
of Documents as follows:

Plaintiff EEOC's Opposition to Defendants'
Proposed Stipulated Protective Order

(1) The Motion to Compel Responses to Requests Nos. 16, 17, and 18- Set One, and Request 152- Set Two, as amended by Plaintiff EEOC, is granted as to employees in the counties of Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolomne, California.

(2) The Motion to Compel Responses to Requests Nos. 150, 151, 159, and 160- Set Two, as amended by Plaintiff EEOC, is granted.

(3) The Motion to Compel Responses to Request No. 161- Set Two, as amended by Plaintiff EEOC, is granted as to complaints of sexual assault and/or other forms of sexual harassment occurring in Defendants' workplaces in the counties of Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolomne, California.  This Court specifically held with respect to Request No. 161: "The Court also concludes that the privacy concerns can be adequately addressed by the issuance of a protective order."  (Court Doc. No. 67 at page 20:11-15).  The Court ordered the parties to submit a stipulated form of protective order for the Court's consideration with respect to  no later than ten (10) days from the date of service of the Order that was filed on December 23, 2008.  (Court Doc. # 67).

## III.   LEGAL STANDARD

Fed. R. Civ. P. 26(c) permits the court in which an action is pending to "make any order which justice requires to protect the party or person from annoyance, embarrassment, oppression or undue burden or expense' upon motion by a party or a person from whom discovery is sought.  The burden of persuasion under Fed. R. Civ. P. 26(C) is on the party seeking the protective order.  *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir. 1986).  To meet that burden of persuasion, the party seeking the protective order must show good cause by demonstrating a particular need for the protection sought.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).  Rule 26(c) requires more than

"broad allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Id.* (citing *Cipollone v. Liggett.*)  "A party asserting good cause bears the burden, for each particular document it seeks to protect, of showing that prejudice or harm will result if no protective order is granted." *Foltz v. State Farm*, 331 F.3d 1122, 1130 (9th Cir. 2003) (citing *San Jose Mercury News, Inc. v. District Court*, 187 F.3d 1096, 1102 (9th Cir. 1999)).  Moreover, unless courts records are of the type "traditionally kept secret" the Ninth Circuit recognizes a "strong presumption in favor of access." *Foltz v. State Farm Mutual Auto Insurance Company*, 331 F.3d 1122, 1135 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

Furthermore, in the Ninth Circuit, "[i]t is well-established that the fruits of pretrial discovery are, in the absence of a court order to the contrary, presumptively public." *San Jose Mercury News, Inc. v. District Court*, 187 F.3d 1096, 1103 (9th Cir. 1999).  Thus, the Ninth Circuit concluded, "[g]enerally, the public can gain access to litigation documents and information produced during discovery unless the party opposing disclosure shows 'good cause' why a protective order is necessary." *Phillips v. General Motors*, 307 F.3d 1206, 1210 (9th Cir. 2002).

## IV.   ARGUMENT

### A.   No Protective Order Is Required As To Requests Pertaining to the Names and Contact Information of Janitorial Employees who have been Employed by Defendants or who have Worked with Jose and Javier Vasquez Because This Court Has Already Overruled Defendants' Privacy Objections.

On October 27, 2008, Plaintiff EEOC filed an amended Motion to Compel Defendants to respond and produce all documents with respect to:

(1) the names and contact information of janitorial employees employed by Defendants (EEOC's Request for Production of Documents, Set One,

Plaintiff EEOC's Opposition to Defendants'
Proposed Stipulated Protective Order

1    Requests Nos. 16, 17, and 18 and EEOC's Request for Production of

2    Documents, Set Two, Request No. 152);

3    (2) the names and contact information of janitorial employees who have

4    worked with or worked under Jose Vasquez and Javier Vasquez (EEOC's

5    Request for Production of Documents, Set Two, Requests Nos.150, 151,

6    152, 159, and 160).

7    With respect to these discovery requests, this Court granted EEOC's motion

8    to compel for production of documents with respect to employees in the counties

9    of Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus,

10   Tulare, and Tuolomne, California.  Specifically, this Court held with respect to

11   Requests Nos. 16, 17, and 18- Set One:

12   Defendants' final objection rests upon the claim that the requested

13   information will invade the privacy rights of non-parties.  Defendants do not

14   describe what these privacy rights are, the manner in which any such interest

15   might be adversely effected, or the specific legal privilege or protection

16   implicated.  Given these circumstances, Defendants have failed to persuade

17   the Court that Defendants' objection on this ground has merit.  The objection

18   is overruled.

19   (Court Doc. No. 67 at page 14:5-9).

20   This Court also overruled Defendants' privacy objection with respect to

21   Request No. 150- Set Two when it held "[F]or the reasons discussed in the ruling

22   on the motion to compel as to Request 16, 17, 18- Set One supra, the objections

23   based on grounds of privacy ..., are overruled."  (Court Doc. No. 67 at page 15:10-

24   16).

25   With respect to Request No. 151- Set Two, the Court held: "[t]he Court also

26   overrules the objections based on privacy,..."  (Court Doc. No. 67 at page 16:12-

27   20).  Similarly, with respect to Request No. 152- Set Two, the Court held:  "The

28   additional objections asserting that Request 152 is otherwise..., seek to invade the

-6-

privacy of third parties without a compelling need... are overruled, for the same reasons discussed <u>supra</u>."  (Court Doc. No. 67 at page 17:14-17).

Finally, this Court overruled Defendants' privacy objections with respect to Request Nos. 159 and 160- Set Two.  (Court Doc. No. 67 at page 18:7-11 and page 19:2-5).

Thus, no protective order is required as to documents that relate to Defendants' employee list, which includes, the addresses and telephone numbers and other contact information of Defendants' current or former employees, which are responsive to the EEOC's Request for Production of Documents, Set No. One, Requests Nos. 16, 17, and 18 and EEOC's Request for Production of Documents, Set No. Two, Requests Nos. 150, 151, 152, 159, and 160.

**B.      Defendants Have Failed to Demonstrate Good Cause to Limit the EEOC From Using In Other Civil Actions or Administrative Proceedings Information of Sexual Assault or Sexual Harassment Complaints Made to Defendants.**

This Court ordered Defendants to produce documents "[i]nclude those that memorialize the complaints [of sexual assault and/or other forms of sexual harassment], interview notes, declaration or affidavits related to the inquiry, witness statements, and records describing any discipline issued to any accused harasser and/or his or her supervisor."  (Court Doc. No. 67 at 20:7-9)  As previously stated, this Court also ordered the parties to submit a stipulated protective order with respect to Request No. 161 because of the potential privacy concerns.  However, Defendants are now expanding the Court's ruling to prohibit the EEOC from using information of other sexual assault or sexual harassment complaints in other civil actions or administrative proceedings.

Plaintiff EEOC's Opposition to Defendants'
Proposed Stipulated Protective Order

1    First, Defendants have failed to demonstrate good cause to limit the EEOC

2    from using in other civil actions or administrative proceedings information of

3    sexual assault or sexual harassment complaints made to Defendants.

4    Second, the Ninth Circuit "[s]trongly favors access to discovery materials to

5    meet the needs of parties engaged in collateral litigation." *Foltz v. State Farm*

6    *Mutual Auto Inc. Co.*, 331 F.3d 1122, 1131-1132 (9th Cir. 2003).  In *Foltz*, the

7    Ninth Circuit further held: "Allowing the fruits of one litigation to facilitate

8    preparation in other cases advances the interests of judicial economy by avoiding

9    the wasteful duplication of discovery. *Id*.

10   Third, Defendants cannot limit the EEOC from using the information of

11   complaints of sexual assault or sexual harassment against Defendants because such

12   information is relevant to other civil actions or administrative proceedings to

13   determine the adequacy of Defendants' remedial measures, and the appropriateness

14   an extent of punitive damages.  *See, e.g., Morgan v. Nat'l R.R. Passenger Corp.*,

15   232 F.3d 1008, 1013 and ns. 11 & 12, 1018 (9th Cir. 2000); *Heyne v. Caruso*, 69

16   F.3d 1475, 1479 (9th Cir. 1995); *Lissick v. Merrill Corp.*, 2003 WL 22213114, *4

17   n. 7 (D. Minn. 2003).  Moreover, the adequacy of Defendants' remedial measures

18   is relevant to whether Defendants should be charged with constructive notice,

19   whether a class member failed to make a complaint because the remedial measures

20   were inadequate, and whether Defendants may assert an affirmative defense to

21   punitive damages.  *See Koldstad v. Am. Dental Assn.*, 527 U.S. 526, 545 (1999);

22   *McGinest v. GTE Serv. Co.*, 360 F.3d 1103, 1119 (9th Cir. 2004); *Nicholls v. Azteca*

23   *Rest. Enters.*, 256 F.3d 864, 875-86 (9th Cir. 2001).

24   Furthermore, documentation of other complaints can be used in other civil

25   actions or administrative proceedings to see what, if any, actions Defendants took

26   to prevent or correct the sexually harassing conduct.  This information is relevant

27   to establish or undermine Defendants' *Ellerth / Faragher* Defense.  An employer is

28   not liable for sexually hostile work environment caused by its supervisor if the

-8-

1  employer exercised reasonable care to prevent and promptly correct sexually

2  harassing behavior; and if the employee unreasonably failed to take advantage of

3  any preventive or corrective opportunities provided by the employer or

4  unreasonably failed to otherwise avoid harm.  *Burlington Indus. Inc. v. Ellerth*, 524

5  U.S. 742, 764-65 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807-08

6  (1998) ("*Ellerth / Faragher* Defense").

7       Fourth, Defendants cannot limit the EEOC from using the information of

8  complaints of sexual assault or sexual harassment against Defendants in other

9  administrative proceedings.  Congress conferred broad powers upon the EEOC in

10  furtherance of its investigatory responsibilities.  In accordance with this

11  investigatory authority, the EEOC may subpoena any information "that relates to

12  any matter under investigation or in question." 29 U.S.C. § 161 (incorporated into

13  Title VII, 42 U.S.C. § 2000e *et seq.*, by § 710, 42 U.S.C. § 2000e-9); *see* § 709(e)

14  of Title VII, 42 U.S.C. § 2000e-8(a).  Thus, to the extent the EEOC is conducting

15  other investigations against Defendants, the EEOC should be allowed to use the

16  information obtained in Request No. 161 because such information may be

17  relevant to other potential charges of hostile work environment made against

18  Defendants.

19       Further, the EEOC is concerned that this limitation of the use of such

20  relevant information to other administrative proceedings is an attempt by

21  Defendants to circumvent the EEOC's broad investigatory powers by limiting the

22  EEOC from seeking the same information (i.e. complaints of sexual assault or

23  sexual harassment) in other potential investigations against Defendants.[1]  In other

24  words, the EEOC is concerned that Defendants' Proposed Protective Order will

25  infringe on the EEOC's right to request such information and investigate other

26  potential charges of hostile work environment made against Defendants.

27

28  [1]    The EEOC refers the Court to Court Docs. # 63-65, which was filed under
       seal due to its confidential nature.

Plaintiff EEOC's Opposition to Defendants'
Proposed Stipulated Protective Order

1       Any privacy concerns can be readily addressed.  To the extent that the

2  confidential information is to be used in this litigation, the EEOC is willing to

3  abide by a protective order requiring such information to be filed under seal.  To

4  the extent that the confidential information is to be used for other purposes

5  authorized by statute to the EEOC, including the investigation of other matters,

6  privacy concerns can be addressed by the confidentiality provisions found in Title

7  VII with respect to information obtained during an EEOC investigation.  42 U.S.C.

8  §§ 2000e-5(b), 8(e); Sections 706(b) and 709(e) of Title VII of the Civil Rights Act

9  of 1964.  In fact, Section 709(e) states unequivocally that "[i]t shall be unlawful for

10  any officer or employee of the Commission to make public in any manner

11  whatever any information obtained by the Commission pursuant to its authority

12  under this section [to investigate charges of discrimination and to require

13  employers to maintain and to submit records] prior to the institution of any

14  proceeding under this subchapter involving such information …."  Furthermore,

15  any disclosure would result in criminal sanctions of "not more than $1,000, or

16  imprisoned not more than one year."  42 U.S.C. § 2000e-8(e); *see also* C.F.R. §

17  1601.22 (2007).  Section 706(b) contains similar penalties for disclosure of

18  information obtained before litigation.  Such protections fully address any privacy

19  concerns but they also balance such concerns with the statutory mandate of the

20  EEOC to investigate and to eradicate discrimination.

21       Accordingly, Defendants' request to limit the EEOC's use of documents

22  responsive to EEOC Request No. 161 in other civil actions or administrative

23  proceedings should be denied.

24  //

25  //

26

27

28

-10-

Plaintiff EEOC's Opposition to Defendants'
Proposed Stipulated Protective Order

C.     **The EEOC Should Not be Required to Return or Destroy Information At the End of the Litigation Because Federal Law and EEOC Directive 201.001 limits the EEOC's Ability to Agree to the Destruction or Return of Documents in the EEOC's Possession**

The Federal Records Act of 1950, as amended, 44 U.S.C. § 3101 *et seq.* governs federal agencies' handling of federal records in their custody.  The regulations governing the National Archive and Records Administration state:

> (a) The Archivist of the United States and heads of Federal agencies are responsible for preventing the alienation or unauthorized destruction of records, including all forms of mutilation. Records may not be removed from the legal custody of Federal agencies or destroyed without regard to the provisions of agency records schedules (SF 115 approved by NARA or the General Records issued by NARA).

36 C.F.R. 1228.100(a).

Accordingly, EEOC Directive 201.001 provides the following regarding the alienation and unauthorized destruction of records:

> a. General.  No paper or electronic record created or received by the Commission may be removed from the legal custody of the Commission or destroyed without regard to the provisions of the Commission's records schedule(s) (SF-115 approved by NARA or the General Records Schedules issued by NARA).
>
> b. Criminal penalties.  The maximum penalty for the willful and unlawful destruction, damage, or alienation of Federal records is $2,000 fine, 3 years in prison, or both (18 U.S.C. 2071).

(EEOC Directive Transmittal 201.001 at p.10.)  Appendix A-9 to EEOC Directive Transmittal 201.001 further governs the disposition of EEOC Plaintiff case files. (*Id.* at A-9).  In light of the federal law limiting the disposal of federal records and the potential criminal penalties for disobeying the federal law, the EEOC proposes the following language regarding disposition of confidential materials at the close of litigation:

> At the final conclusion of this action (including any appeals) and unless the Court orders otherwise, any confidential materials, as outlined above, and any copies thereof which have been made shall be stored and destroyed according to the EEOC Records Disposition Program, EEOC Directives Transmittal Order 201.001.

## V.    CONCLUSION

For the foregoing reasons, EEOC requests the Court to reject Defendants' Proposed Protective Order and to the extent the Court finds a Protective Order necessary, enter the EEOC's Proposed Order.

Dated:  January 5, 2009         U.S. EQUAL EMPLOYMENT
                                OPPORTUNITY COMMISSION
                                Anna Y. Park
                                Victor Viramontes
                                Lorena Garcia


                                By:   /s/ Lorena Garcia
                                      Lorena Garcia
                                      Attorneys for Plaintiff

**DECLARATION OF CM/ECF SERVICE**

I am, and was at the time the herein mentioned delivery took place, a citizen of the United States, over the age of eighteen (18) years and not a party to the above-entitled cause.

I am employed in the Litigation Unit of the Los Angeles District Office of the United States Equal Employment Opportunity Commission, Los Angeles District Office.

My business address is Equal Employment Opportunity Commission, 255 E. Temple St., 4th Floor, Los Angeles, CA 90012.

On the date that this declaration was executed, as shown below, the following individuals were served the foregoing **EEOC'S OPPOSITION TO DEFENDANTS' PROPOSED STIPULATED PROTECTIVE ORDER CONCERNING THE CONFIDENTIALITY OF DOCUMENTS (Court Doc. #68)** via the Court's CM/ECF electronic filing service, at Los Angeles, CA as follows:

Laura E. Hayward (e-mail: lhayward@littler.com)
LITTLER MENDELSON
650 California St., 20th Floor
San Francisco, CA 91408-2693

Keith Jacoby (e-mail: kjacoby@littler.com)
LITTLER MENDELSON
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107

W. Joseph Strapp (e-mail: jstrapp@strapplaw.com)
STRAPP & STRAPP
6500 Wilshire Blvd. Ste. 1650
Los Angeles, CA 90048

Plaintiff EEOC's Opposition to Defendants'
Proposed Stipulated Protective Order

Stan Mallison (e-mail: StanM@MallisonLaw.com)
Hector Martinez (e-mail: Hectorm@MallisonLaw.com)
Law Offices of Mallison & Martinez
1042 Brown Ave., Suite A
Lafayette, CA 94549


I declare under penalty of perjury that the foregoing is true and correct.

Executed on January 5, 2009 at Los Angeles, California.


/s/ Lorena Garcia

Lorena Garcia

-14-