UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>    Plaintiff Intervenors,<br><br>vs.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOSE VASQUEZ; DOES 1-10 Inclusive,<br><br>    Defendants. | Case No. 1: 07-CV-01428 LJO-TAG<br><br>**ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL FOR DEFENDANT JOSE VASQUEZ**<br><br>**(Doc. 77)** |

    This matter came before the Court on the motion of Attorney W. Joseph Strapp to withdraw as counsel for Defendant Jose Vasquez, pursuant to Local Rule 83-182.

    Attorney Strapp requests leave of court to withdraw as counsel because he is no longer being paid for his legal services. In his declaration, Attorney Strapp explains that

1

1  in April 2008, Defendant Vasquez's former employer retained him to represent Defendant
2  Vasquez; that in November 2008, the former employer notified him that it would no
3  longer pay for the representationof Defendant Vasquez; that his client cannot afford to
4  pay him; and that since November 2008, Defendant Vasquez has been unable to find
5  another lawyer to represent him.

6        Local Rule 83-182(d) provides in relevant part that "an attorney who has appeared
7  may not withdraw leaving the client in propria persona without leave of Court upon
8  noticed motion and notice to the client and all other parties who have appeared."   It also
9  requires that an attorney seeking to withdraw "shall provide an affidavit stating the
10 current or last known address of addresses of the client and the efforts made to notify the
11 client of the motion to withdraw."

12       Local Rule 83-182(d) also provides "withdrawal as attorney is governed by the
13 Rules of Professional Conduct of the State Bar of California, and the attorney shall
14 conform to the requirements of those Rules."   Rule 3-700(C)(1)(f) of the Rules of
15 Professional Conduct of the State Bar of California provides that an attorney may request
16 permission of the Court to withdraw as counsel if the client "breaches an agreement or
17 obligation to the member as to expenses or fees."   Failure to pay attorney's fees may be
18 grounds for withdrawal, provided that the withdrawal will not unduly prejudice or delay
19 the client's interests.  See Statute of Liberty-Ellis Island Foundation, Inc. v. International
20 United Industries, Inc., 110 FRAT 395, 397 (S.D.N.Y. 1986); see Ramirez v. Sturdevant,
21 21 Cal. App.4th 904, 915 (1994).

22       Here, Attorney Strapp is no longer being paid for his services because his client's
23 employer is no longer willing to pay him and his client cannot or will not pay him.  Based
24 on the record before the Court and the procedural status of the case as reflected in the
25 docket of this action, it does not appear that Defendant Vasquez's interests will be unduly
26 prejudiced or delayed if Attorney Strapp is allowed to withdraw.  The Court finds that the
27
28                                         2

requirements of Local Rule 83-182 and the Rules of Professional Conduct of the State Bar of California have been satisfied.

**ORDER**

Accordingly, Court makes the following ORDERS:

1. Attorney Strapp's motion to withdraw as counsel for Defendant Jose Vasquez is GRANTED (Doc. 77); and

2. No later than five (5) days from the date of this order, Attorney Strapp shall serve notice of this Order to Defendant Jose Vasquez at the latter's current address as indicated below, and shall file a proof of service thereof with the Court:

>Jose Vasquez
>1300 E. 9th Street
>Bakersfield, California 93307.

IT IS SO ORDERED.

Dated:   **March 5, 2009**               **/s/ Theresa A. Goldner**
                                          UNITED STATES MAGISTRATE JUDGE

3