LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Email:  lhayward@littler.com

KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
Telephone:   310.553.0308
Facsimile:   310.553.5583
Email:  kjacoby@littler.com

Attorneys for Defendants
ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL NORTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOE VASQUEZ; Does 1 - 10 inclusive,<br><br>Defendants. | Case No. 1: 07 CV 01428 LJO-BAK GSA<br><br>***EX PARTE* APPLICATION FOR ORDER SHORTENING TIME RE: DEFENDANTS' MOTION TO DISMISS ANONYMOUS PLAINTIFFS SEVEN AND EIGHT AND TO BAR THE NAMING OF ADDITIONAL CLASS MEMBERS**<br><br>Judge:       Honorable Lawrence J. O'Neill<br>Courtroom:  4 |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

*EX PARTE* APPLICATION FOR ORDER SHORTENING TIME

CASE NO. 1: 07 CV 01428 LJO-BAK GSA

**EX PARTE APPLICATION**

Pursuant to Local Rule 6-144(e), Defendants ABM Industries, Inc., ABM Janitorial Services, Inc., and ABM Janitorial Northern California ("Defendants") hereby respectfully request an order shortening time so that Defendants' Motion To Dismiss Anonymous Plaintiffs Seven And Eight And To Bar The Naming Of Additional Class Members may be heard on an expedited schedule, no later than April 23rd, the date of the parties upcoming status conference before Judge Austin.  This application is made on the grounds that the Defendants will be prejudiced, and will suffer irreparable harm, if this Motion is not heard immediately.  The EEOC and Intervenor Plaintiffs have refused to stipulate to an expedited schedule, necessitating this *ex parte* application. This application is based on the Memorandum of Points and Authorities set forth below, the Declaration of Laura E. Hayward ("Hayward Decl.") and the exhibits attached thereto, any oral argument by counsel at the hearing, and all relevant pleadings, declarations and exhibits already on file with the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

The circumstances at hand justify the issuance of an order shortening time on the hearing of Defendants' Motion To Dismiss Anonymous Plaintiffs Seven And Eight And To Bar The Naming Of Additional Class Members (the "Motion").  (A copy of the Motion is attached as Exhibit A to Hayward Decl. at ¶2)  As set forth in detail in Defendants' Motion, the EEOC and Intervenor Plaintiffs are in violation of this Court's Order to complete class discovery and name additional class members by March 20, 2009.  Even after counsel for Defendants reminded the EEOC and Intervenor Plaintiffs of their duties pursuant to the Order, they have refused to provide the names of any additional class members or additional allegations of harassment to Defendants, or to identify and produce the two remaining anonymous plaintiffs for their depositions.  Each day that the EEOC goes without naming additional class members, in direct violation of this Court's Order, Defendants are irreparably and substantially harmed in that they are not able to conduct discovery with regard to any new potential class members.  Furthermore, Defendants are unable to investigate any new

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

*EX PARTE* APPLICATION FOR ORDER SHORTENING TIME    1.    CASE NO. 1: 07 CV 01428 LJO-BAK GSA

allegations of sexual harassment and continue to ensure a harassment-free working environment for all employees.

## II.     FACTUAL BACKGROUND

On August 20, 2008, this Court allowed the EEOC and Intervenor Plaintiffs approximately seven months to conduct class discovery. The Court set March 20, 2009 as the final date for conducting class discovery with respect to new potential class members and for disclosing the names of any new potential class members. Despite the passing of this deadline, the EEOC and Intervenor Plaintiffs have disclosed no additional class members or allegations to Defendants. Additionally, they have not produced or identified anonymous plaintiffs seven and eight for deposition in violation of yet another Court Order. Hayward Decl. at ¶3.

On March 20, 2009, the date the Court set for the close of class discovery, Mr. Jacoby, counsel for ABM Defendants, contacted the EEOC and Intervenors' Counsel to remind them that the Court had ordered class discovery to be completed and any additional parties to be named as class members by March 20, 2009. While Victor Viramontes, counsel for EEOC, indicated that class discovery had been completed *by the EEOC*, he refused to identify any additional class members or allegations, although he did admit that dismissal of the remaining two anonymous plaintiffs would be appropriate. Mr. Jacoby informed Mr. Viramontes that if the EEOC continued to withhold the identities of any new class members or allegations of any alleged ongoing harassment immediately, Defendants would file a motion and seek court assistance. Hayward Decl. at ¶4, Exh. B.

While Defendants requested that the EEOC and Intervenors stipulate to have Defendants' Motion heard on an expedited schedule - at the April 23rd status conference before Judge O'Neil (the conference has since been assigned to Judge Gary Austin), the EEOC indicated that it would not agree to anything other than a regularly noticed motion. Hayward Decl. at ¶5, Exh. C. Defendants have thus noticed their Motion for a date more than 31 days out in compliance with this Court's Local Rules, but are requesting that this Court shorten the time for this hearing for the reasons set forth below. Specifically, Defendants request that this Motion be heard no later than April 23, 2009, the date of the parties next status conference before Magistrate Judge Gary Austin.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

*EX PARTE* APPLICATION FOR ORDER SHORTENING TIME     2.     CASE NO. 1: 07 CV 01428 LJO-BAK GSA

### III. THIS COURT SHOULD ORDER AN EXPEDITED HEARING AND BRIEFING SCHEDULE ON DEFENDANTS' MOTION

Courts grant *ex parte* applications upon a showing of good cause that justifies why the moving party should be allowed to "go to the head of the line in front of all other litigants and receive special treatment." *Mission Power Eng'g Co. v. Continental Cas. Co.,* 883 F.Supp. 488, 492 (C.D. Cal. 1995). To establish such good cause, the moving party must show that it will be irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures and that it is without fault in creating the crisis. *See id.*

*Ex parte* relief is necessary in this instance because during the time that the EEOC and Intervenor Plaintiffs continue to withhold the identities of additional class members and existence of additional allegations, Defendants are irreparably prejudiced because they are unable to conduct any discovery with regard to new class members and, furthermore, are unable to investigate any new claims of alleged sexual harassment in order to ensure a harassment-free working environment for all employees. Hayward Decl. at ¶6. If Defendants' Motion is heard pursuant to a regular motion schedule, the EEOC and Intervenor Plaintiffs will continue to violate this Court's Order during the time prior to the hearing on the motion. This provides Plaintiffs with an unfair litigation advantage as it will prevent Defendants from conducting necessary discovery, to which they are entitled by law. In order to minimize the time that Defendants are subjected to such unfair litigation tactics and prevented from conducting discovery, Defendants' Motion should be heard on an expedited briefing and hearing schedule.

///

///

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

*EX PARTE* APPLICATION FOR ORDER SHORTENING TIME     3.     CASE NO. 1: 07 CV 01428 LJO-BAK GSA

### IV.   CONCLUSION

For all of the reasons set forth above, Defendants respectfully request that this Court grant its *ex parte* application for an order shortening time to hear and rule upon Defendants' Motion to Dismiss Anonymous Plaintiffs Seven and Eight and to Bar the Naming of Additional Class Members.

Date: April 9, 2009               By:            S/ Laura E. Hayward
                                          Keith A. Jacoby
                                          Laura E. Hayward
                                          Attorneys for Defendants
                                          ABM Industries Incorporated; ABM
                                          Janitorial Services, Inc. and ABM
                                          Janitorial Services Northern
                                          California

Firmwide:89321602.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

*EX PARTE* APPLICATION FOR ORDER SHORTENING TIME      4.      CASE NO. 1: 07 CV 01428 LJO-BAK GSA