LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:   415.433.1940
Email:  lhayward@littler.com

KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
Telephone:   310.553.0308
Facsimile:   310.553.5583
Email:  kjacoby@littler.com

Attorneys for Defendants
ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL NORTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOE VASQUEZ; Does 1 - 10 inclusive,<br><br>Defendants. | Case No. 1: 07 CV 01428 LJO-BAK GSA<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS ANONYMOUS PLAINTIFFS SEVEN AND EIGHT AND TO BAR THE NAMING OF ADDITIONAL CLASS MEMBERS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Hearing Date:  May 12, 2009<br>Time:             8:30 a.m.<br>Judge:            Hon. Lawrence J. O'Neil<br>Courtroom:    4 |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFT'S MOTION RE: ADDTL CLASS MEMBERS

CASE NO. 1:07 CV 01428 LJO BAK GSA

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 12, 2009 at 8:30 a.m., in the above-entitled Court located at 2500 Tulare Street in Fresno, California, Defendants ABM Industries Incorporated, ABM Janitorial Services, Inc. and ABM Janitorial Services – Northern California ("Defendants") will and hereby do move the Court for an Order dismissing anonymous plaintiffs seven and eight from this action with prejudice pursuant to Federal Rule of Procedure 41(b) on the basis that these individuals have failed to appear for deposition in violation of the Court's July 24, 2008 Order and to otherwise prosecute their claims. Defendants also seek an Order barring the EEOC and Plaintiff Intervenors from naming additional class members to this action on the basis that they are in violation of the Court's August 20, 2008 Order which set March 20, 2009 as the cut-off date for all class discovery including the naming of new class members.

This motion is based on this notice of motion and motion, the accompanying memorandum of points and authorities, the Declaration of Laura E. Hayward, the complete files and records of this action, and any oral argument on this motion that the Court shall hear.

Date: April 9, 2009   By:   S/ Laura E. Hayward
Keith A. Jacoby
Laura E. Hayward
Attorneys for Defendants
ABM Industries Incorporated; ABM Janitorial Services, Inc. and ABM Janitorial Services Northern California

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S MOTION RE: ADDTL CLASS MEMBERS   1.   CASE NO. 1:07 CV 01428 LJO BAK GSA

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.  INTRODUCTION

At the Scheduling Conference held on August 20, 2008, this Court allowed the Equal Employment Opportunity Commission ("EEOC") seven months to conduct class discovery, reinforcing that the EEOC was not entitled to a "blank check" to go looking everywhere for purported harassment. To that end, the Court set March 20, 2009 as the final date for conducting class discovery, including discovery with respect to new potential class members. That date has since passed. Despite receiving the contact information for over 4000 current and former ABM employees employed from January 1, 2000 to present in the eleven counties that make up the Eastern District, and in the face of explicit requests to comply with this Court's Order and disclose the names of any additional class members by the Court imposed deadline, the EEOC and Intervenor Plaintiffs have disclosed no additional class members to Defendants and no additional incidents of alleged harassment or alleged harassers other than those detailed in their Complaint. This renders Defendants unable to do their own discovery pertaining to these new class members or allegations, and just as importantly, prevents them from investigating and taking all necessary steps to ensure its employees continue to be provided with a harassment-free working environment. As a result of the EEOC and Intervenors' failure to disclose any new individuals or incidents of harassment during the class discovery period, they must be barred from naming any additional parties to this lawsuit. Additionally, the EEOC and Intervenors have not produced for deposition Anonymous Plaintiffs Seven and Eight, disregarding this Court's July 24, 2008 Order. Per the representation of the EEOC to the Court, these two individuals must now be dismissed from this action.

## II.  FACTUAL BACKGROUND

**A.  The EEOC Has Been Investigating This Case Since June 2006.**

After an unsuccessful conciliation effort surrounding the EEOC Charges filed by Plaintiff Erika Morales in June 2006 and Intervenors' Counsel in January 2007, the EEOC filed this Title VII action on September 28, 2007 on behalf of a class, alleging that a class of female employees was subjected to sexual harassment by their supervisors, including but not limited to Joe Vasquez, while working for Defendant ABM Industries, Inc. and ABM Janitorial Services, Inc. At

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S MOTION RE: ADDTL CLASS MEMBERS    2.    CASE NO. 1:07 CV 01428 LJO BAK GSA

various stages in this litigation, the EEOC has called this case a statewide or a nationwide class action.

In November 2007, the Law Offices of Mallison & Martinez filed a Motion to Intervene on behalf of eight anonymous plaintiffs. The motion was granted and Plaintiffs subsequently filed their Complaint in Intervention on March 7, 2008, joining in the EEOC's claims and adding several common law and state law claims and adding ABM Janitorial Northern California as a party. The Complaint in Intervention lists Erika Morales as a Plaintiff-Intervenor, and also names "Anonymous Plaintiffs One Through Eight." Despite being ordered by the District Court on July 24, 2008 to produce all of the Anonymous Plaintiffs for deposition by October 31, 2008, the last two Intervenors still to this date remain unidentified and have not been made available for deposition. (*See* July 24, 2008 Order, attached to the Declaration of Laura E. Hayward ("Hayward Decl.") at ¶ 2, Exh. A.) The parties previously agreed that should these individuals not appear for deposition by the cut-off date identified by this Court, that they would be dropped from the lawsuit entirely. Hayward Decl. at ¶3.

**B.     Plaintiffs Have Had Unfettered Access to ABM's Employees to Pursue Class Discovery.**

More than seven months has elapsed since the August 20, 2008 Scheduling Conference at which this Court set the March 20th cut-off date for class discovery. (*See* August 20, 2008 Order, attached to Hayward Decl. at ¶4, Exh. B). Not only have the EEOC and Intervenor Plaintiffs have had ample time to conduct discovery, but they have had full access to Defendants' current and former employees.

Initially, the parties disagreed about the scope of discovery and appropriateness of a protective order necessitating motion practice. The EEOC sought the identities and contact information for all of their janitorial employees *statewide,* based solely on evidence of alleged harassment by one supervisor, Joe Vasquez, in one location, the Bakersfield branch. At the same time, the EEOC remained unwilling to enter into a protective order. Magistrate Judge Theresa Goldner, correctly recognizing that the EEOC's powers are not unlimited, held that "the only purpose of statewide discovery at this point, would be to allow Plaintiffs to search for other

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEFT'S MOTION RE: ADDTL CLASS MEMBERS**     3.     **CASE NO. 1:07 CV 01428 LJO BAK GSA**

1  employee with colorable claims, with no factual nexus other than the fact that they do or did work
2  for Defendants. In the Court's view this would constitute a 'fishing expedition' and an inappropriate
3  use of discovery." (*See* December 23 Order: 13:6-11, attached to Hayward Decl. at ¶5, Exh. C).
4  Thus, on December 23, 2008, Judge Goldner required that the EEOC and Intervenors submit to a
5  protective order and limited their requests for employee lists and complaints of sexual harassment to
6  the eleven counties making up the Eastern District - the counties of Calaveras, Fresno, Inyo, Kern,
7  Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolumne. (*See* December 23, 2008
8  Order) Ultimately, after several additional telephonic conferences with Magistrate Judge Goldner
9  regarding the scope of the December 23 Order, Plaintiffs received the contact information for each
10 employee who worked for Defendants from January 1, 2000 to present in the counties of the Eastern
11 District. The list exceeded 4000 employees. Hayward Decl. at ¶6.
12         Defendants are aware that subsequent to the production of this contact information,
13 the EEOC and Intervenors' counsel have been in communication with its current and former
14 employees, as it has received copies of several letters from employees and has in fact challenged the
15 EEOC on the misleading language used in such letter. (*See* EEOC and Mallison & Martinez
16 communications to potential class members, attached to Hayward Decl. at ¶7, Exh. D).

17   **C.    Plaintiffs Have Failed to Identify Any Additional Class Members or Incidents of**
18         **Harassment Despite Defendants' Requests.**

19         Despite unfettered access to nine years' worth of Defendants' employees, the EEOC
20 and Intervenors have made no disclosures to Defendants regarding any additional class members or
21 incidents of alleged harassment within the time frame allowed by the Court. Consequently, on
22 March 20, 2009, the date the Court set for the close of class discovery, Mr. Jacoby, counsel for ABM
23 Defendants, contacted the EEOC and Intervenors' Counsel to remind them that the Court had
24 ordered class discovery to be completed and any additional parties to be named as class members by
25 March 20, 2009. Mr. Jacoby also reminded the EEOC of their prior agreement that if the remaining
26 two intervenors were not made available for deposition prior to March 20, 2009, their claims would
27 be considered abandoned. While the EEOC agreed to take steps to drop the two remaining
28 unidentified class members, and indicated that class discovery had been completed *by the EEOC,*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFT'S MOTION RE: ADDTL CLASS MEMBERS**     4.     **CASE NO. 1:07 CV 01428 LJO BAK GSA**

Victor Viramontes, counsel for the EEOC, did not identify any additional class members. Mr. Jacoby replied indicating that while the *EEOC* may have finished its class discovery, because it had failed to identify any additional parties, Defendants had been unable to pursue discovery as to any of these individuals and demanded that the EEOC immediately disclose any additional parties. Mr. Viramontes stated only that the EEOC would update its disclosures prior to the next Scheduling Conference, (the obvious implication being that there are additional individuals who will be added). Mr. Jacoby responded that such tactics were an attempt to gain an unfair litigation advantage and demanded that the EEOC indicate whether it was aware of any alleged ongoing harassment immediately so that ABM could immediately investigate. Mr. Jacoby also indicated that Defendants would otherwise seek immediate court assistance. Mr. Viramontes failed to respond. Defendants again contacted the EEOC and Intervenors in an attempt to enter a stipulation to expedite the hearing schedule on this Motion. Mr. Viramontes refused to agree to an expedited motion schedule and again reiterated the EEOC's position that the EEOC would be "timely adding class members" at some undefined date in the future. (*See* email exchanges between counsel, attached to Hayward Decl. at ¶8, Exh. E).

### III.   LEGAL ARGUMENT

**A.   Anonymous Plaintiffs Seven and Eight Must Be Dismissed From This Lawsuit**

As stated above, the EEOC and Intervenors have still yet to identify or produce anonymous plaintiff seven and eight for deposition, despite being ordered on July 24, 2008 to do so by October 31, 2008. After this Court set a March 20, 2009 class discovery deadline, the parties agreed that if anonymous plaintiffs seven and eight were not produced prior to March 20, 2009, that they would be dismissed from this action. Moreover, Mr. Viramontes has conceded that these two individuals should be dropped as class members in his recent correspondence with defense counsel. Thus, Defendants hereby request that the Court now dismiss anonymous plaintiffs seven and eight from this action **with prejudice** for failure to prosecute this action and comply with Court Orders. FRCP 41(b); *see e.g., Yourish v. California Amplifier* 191 F3d 983, 986–987 (9th Cir. 1999) (failure to comply with Court Order is grounds for dismissal).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFT'S MOTION RE: ADDTL CLASS MEMBERS**   5.   CASE NO. 1:07 CV 01428 LJO BAK GSA

### B. The EEOC and Intervenors Are Barred From Naming Additional Class Members By This Court's Scheduling Order.

This Court has both the authority and duty to require that the EEOC and Intervenors comply with its prior Order and to reign in these parties from continuing to conduct class discovery after the court-imposed deadline has passed. Efforts to locate additional parties appear to have been unsuccessful to date, suggesting that no other parties exist. Additional time to scrape around for additional plaintiffs is now unwarranted after years of EEOC investigation and litigation.

Any Rule 16 conference order "controls the course of the action unless the court modifies it." FRCP 16(d)  A "scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.* 975 F2d 604, 610 (9th Cir. 1992) (internal quotes omitted)

The disregarding of a scheduling order is not to be taken lightly. In *Johnson v. Mammoth Recreations, Inc.,* when a plaintiff ignored a scheduling order that set a 6–month limit for joining new parties, the Court denied plaintiff's motion to amend to name the proper defendant as untimely and granted summary judgment in favor of defendant. 975 F2d at 610; *see also Cornwell v. Electra Central Credit Union,* 439 F3d 1018, 1026–1027 (9th Cir. 2006)  (Plaintiffs' failure to obey scheduling order deadline regarding discovery prevented him from reopening discovery to depose a witness he had previously decided to spring at trial); *see also Johnson,* 975 F2d at 608–609; *Bilbe v. Belsom* 530 F3d 314, 318, fn. 4 (5th Cir. 2008) (motions filed after the deadlines set in a scheduling order are untimely and may be denied solely on this ground).  Here, any attempts by the EEOC and Intervenors to add new class members to this action after the March 20 deadline should be prevented as untimely.

Modifying a scheduling order requires a showing of "good cause." FRCP 16(b)(4) To establish "good cause," parties seeking modification of a scheduling order must show that, even with the exercise of due diligence, they cannot meet the order's timetable. *Johnson,* 975 F2d at 609. Here, however, neither the EEOC nor Intervenors have made any sort of request for modification of the Court's August 20 Order, let alone made a showing of good cause. *Jackson v. Laureate, Inc.* 186 FRD 605, 608 (E.D. Cal. 1999).

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFT'S MOTION RE: ADDTL CLASS MEMBERS    6.    CASE NO. 1:07 CV 01428 LJO BAK GSA

**C.     This Court Has the Authority and Duty To Control Class Discovery Such That the Rights of All Parties Are Protected.**

Precertification discovery is within the discretion of the court, and limitations may be imposed within the court's discretion. *See Barnhart v. Safeway Stores, Inc.,* 1992 WL 443561 *2 (E.D. Cal. 1992). When managing discovery in the class action context, the Court must "balance the need to promote effective case management, the need to prevent potential abuse, and the need to protect the rights of all parties." *Tracy v. Dean Witter Reynolds, Inc.*, 185 FRD. 303, 305 (D. Colo. 1988). Here, the EEOC and Intervenor Plaintiffs have had access to thousands of Defendants' current and former employees during the class discovery phase. On the contrary, Defendants have been permitted to depose only six of the eight original anonymous plaintiffs, in each case learning the identity of the deponent only days prior to the deposition. Hayward Decl. at ¶2. Defendants have been unable to conduct additional discovery as to any additional class members or allegations of harassment Plaintiffs have identified to date. As revealed during discovery, Defendants received zero sexual harassment or assault complaints by janitorial employees against any management employee in the at-issue counties going back to 2001. Thus, as any potential incidents or victims went unreported, it would a sheer guessing game and patently unreasonably to expect Defendants to attempt to determine who the EEOC or Intervenors might dig up. The Court should put an immediate stop to this one-sided discovery process.

///

///

///

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFT'S MOTION RE: ADDTL CLASS MEMBERS**     7.     **CASE NO. 1:07 CV 01428 LJO BAK GSA**

## IV.  CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court issue an order preventing the EEOC and Intervenor Plaintiffs from naming additional class members due to their failure to disclose any such individuals and/or incidents prior to the close of class discovery on March 20, 2009.  Defendants also request that the Court dismiss anonymous plaintiffs seven and eight from this action with prejudice.

Date:  April 9, 2009             By:          S/ Laura E. Hayward
                                       Keith A. Jacoby
                                       Laura E. Hayward
                                       Attorneys for Defendants
                                       ABM Industries Incorporated; ABM
                                       Janitorial Services, Inc. and ABM
                                       Janitorial Services Northern
                                       California

Firmwide:89224137.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFT'S MOTION RE: ADDTL CLASS MEMBERS        8.        CASE NO. 1:07 CV 01428 LJO BAK GSA