1  Stan S. Mallison, (SBN 184191)
   Hector R. Martinez (SBN 206336)
2  Marco A. Palau (SBN 242340)
   LAW OFFICES OF MALLISON & MARTINEZ
3  1042 Brown Avenue
   Lafayette, CA  94549
4  Telephone: (925) 283-3842
   Facsimile:  (925) 283-3426
5
   Counsel for Plaintiff-Intervenors
6

7

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10                     FRESNO DIVISION

11

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | CASE NO: 1:07-CV-01428-LJO-BAK-GSA |
| Plaintiff | **PLAINTIFF-INTERVENORS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ANONYMOUS PLAINTIFF-INTERVENORS SEVEN AND EIGHT** |
| ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHTH, | |
| Plaintiff-Intervenors, | Date:  May 12, 2009 |
| v, | Time:  8:30 a.m. |
| | Courtroom:  4 |
| ABM INDUSTRIES INCORPORATED, ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOSE VASQUEZ; and Does 1-10 Inclusive, | *Hon. Lawrence J. O'Neill* |
| Defendants. | |

## I. INTRODUCTION

The circumstances in this case do not warrant the draconian remedy of dismissing two of the eight Plaintiff-Intervenors with prejudice because they have not yet been produced for a deposition. Only in "extreme circumstances" may a court involuntarily dismiss a claim as a sanction for failure to prosecute or to comply with an order. *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004). Defendants have failed to make a sufficient showing to support their motion, and any extreme circumstances here militate in favor of rejecting Defendants' motion.

As a threshold matter, Defendants have failed to present any evidence whatsoever that would justify the extreme measure sought by Defendants. Before a court can exercise its power to involuntarily dismiss a party with prejudice for failing to comply with an order, the court must weigh various factors. These factors include: the degree of actual prejudice to defendant, the amount of interference with the judicial process, the culpability of litigant, and whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance. *Mobley v. McCormick*, 160 F.R.D. 599 (D.Colo.1995) *affirmed* 69 F.3d 548. Moreover, the court *must* consider less severe alternatives, as failing to do so is an abuse of discretion. *Noble v. U.S. Postal Service*, 71 Fed.Appx. 69, 2003 WL 21744394 (D.C. Cir. 2003). Defendants fail even to address these factors.

Additionally, given the background of this case, which includes findings that Plaintiff-Intervenors are vulnerable and reasonably feared threats of danger of retaliation regarding the subject matter of this litigation, for which they were permitted to proceed anonymously, there are ample grounds to deny dismissal with prejudice or, at the very least, to explore less severe measures. As such, Plaintiff-Intervenors request that the motion be denied and that they be allowed to conduct discovery into any possible threats, retaliation, intimidation or other such conduct by Defendant ABM or its agents that could explain any fear or reluctance to attend a deposition. This discovery includes obtaining employment records that Defendants have, to date, failed to produce but that could provide insight into these questions, as well as any other alternatives that the Court deems just and proper.

## II.     SUMMARY OF RELEVANT FACTS

Plaintiff-Intervenors are current or former employees of Defendants who allege to have been sexually discriminated and harassed by Defendants. Martinez Decl. ¶ 2. In particular, Plaintiff-Intervenors allege that José Vasquez employed coercive, intimidating, forceful, abusive and tortful conduct to sexually harass and discriminate against them. *Id.* Due to the egregious nature of this conduct and other factors in this case, this Court granted Plaintiff-Intervenors' motion to proceed anonymously, their identities to be disclosed under certain safeguards and only on a need-to-know basis. *Id.* ¶ 3.

Indeed, some of the factors the Court considered in determining whether to allow Plaintiff-Intervenors to proceed anonymously include: Vasquez's previous rape conviction; his threats of future violence against Plaintiff-Intervenors if they complained about his conduct; the danger of stigma in Plaintiff-Intervenors' tight-knit community; Plaintiff-Intervenors' relative powerlessness as low-wage workers vis-à-vis ABM's dominance of the janitorial industry in the surrounding Bakersfield area; and the threat to Plaintiff-Intervenors' livelihood as a result of their position of relative economic weakness. Martinez Decl. ¶ 4. n this vein, former Magistrate Judge Teresa Goldner signed a protective order restricting the disclosure of identifying information of Plaintiff-Intervenors, except for limited discovery purposes, including depositions, and prohibiting Defendants from revealing Plaintiff-Intervenors' identity as parties to this action to anyone other than Defendants, their counsel and counsel's staff. *Id.* ¶ 5.

These measures have been necessary to protect both the Plaintiff-Intervenors and the integrity of the process in this case. Martinez Decl. ¶ 6. Indeed, Defendant Vasquez has threatened other former employees who might cooperate in investigations into his sexual harassment with both violence and the loss of their jobs. *Id.* For example, a former ABM employee under the supervision of Vasquez, who is a witness to the alleged sexual harassment at issue in this case, was threatened by Vasquez and urged not to cooperate with a sexual harassment investigation. *See* Employee Declaration Filed Under Seal ¶¶ 2, 4, attached as Exhibit A to

Martinez Decl. Believing Vasquez to be dangerous and to have a criminal past, this employee was, in fact, intimidated from "providing information in any investigation," fearing for his "physical and financial well-being." *Id.* ¶ 5. Moreover, the threats and efforts to prevent this employee from cooperating with any investigation into Vasquez's sexual harassment go farther than just Vasquez's threats; they include the threats and actions of the District Supervisor and relative of Defendant Vasquez, Javier Vasquez, who instructed the employee to deny knowledge of the sexual harassment by Defendant Vasquez and participated in the efforts to intimidate him. *Id.* ¶¶ 3, 6.

Given the dangers described above and the efforts to intimidate potential witnesses, counsel for Plaintiff-Intervenors have endeavored to take every precaution to safeguard Paintiff-Intervenors' rights and the integrity of the process. Martinez Decl. ¶ 7. Although Plaintiff-Intervenors seven and eight have not been produced for depositions, it is counsel's position that this case merits special consideration and the draconian remedy of involuntary dismissal with prejudice is not warranted without further discovery as to any possible threats made against these Plaintiff-Intervenors or any quid pro quo treatment that would interfere with the judicial process. *Id.* ¶ 8. In fact, Defendants have, to date, not produced employment records of Plaintiff-Intervenors seven and eight that were requested in October 2008 and that could shed light on any potential threats of retaliation or other conduct that would improperly interfere with the litigation. *Id.* ¶ 9.

### III.    ARGUMENT

Dismissal under Rule 41(b) is a sanction, to be imposed only in "extreme circumstances." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1063 (9th Cir. 2004) (citations omitted). In exercising its broad discretion to enter sanctions for failing to comply with a court order, the district court must give proper consideration to the degree of actual prejudice to defendant, the amount of interference with judicial process, the culpability of litigant, whether the court warned the party in advance that dismissal of the action would be a likely sanction for noncompliance, and the efficacy of lesser sanctions. *Mobley v. McCormick*, 160 F.R.D. 599 (D.Colo.1995), *aff'd* 69 F.3d 548. It is abuse of discretion for a court to dismiss without pursuing other alternatives first. *Noble v. U.S.*

*Postal Service*, 71 Fed.Appx. 69, 2003 WL 21744394 (not published in federal reporter) (D.C. Cir. 2003).

Here, Defendants have failed to provide any showing regarding the degree of actual prejudice, the amount of interference with the judicial process, the culpability of the litigant and whether the dismissal would be a likely sanction for not appearing for a deposition. As such, Defendants' motion must be denied.

Further, because these factors are essential to the consideration of this motion, and because Defendants' failed to include arguments or facts in support of them in their moving papers, the Court should not consider them if raised in a reply. *Zamani v. Carnes*, 491 F.3d 990, 997 (9th Cir. 2007) ("district court need not consider arguments raised for the first time in a reply brief."). However, should the Court be inclined to consider new material raised in a reply, it must afford Plaintiff-Intervenors a reasonable opportunity to respond. *See Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164–1165 (10th Cir. 1998).

Finally, any extreme circumstances militate in Plaintiff-Intervenors' favor. There is evidence and past history of threats of retaliation and improper conduct regarding the investigation of the claims at issue. At the very least, the Court should consider other less severe alternatives to dismissal with prejudice. Plaintiff-Intervenors propose that the Court defer ruling on this matter until sufficient evidence on whether any improper contact with Plaintiff-Intervenors Seven and Eight occurred. Prior to any ruling, Defendants should be ordered to produce employment records which Defendants are obligated to produce pursuant to Labor Code § 226. (A request for these records is already pending.) Further, Plaintiff-Intervenors request that the Court order discovery at the next scheduling conference that is proper for the purpose of investigating any possible impropriety that may have intimidated or coerced the parties at issue.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff-Intervenors request that the Court deny in its entirety Defendants' motion to dismiss intervenors seven and eight with prejudice. Alternatively, Plaintiff-Intervenors request that the Court defer ruling on the motion until appropriate discovery is

1 | conducted.  At the very least, Plaintiff-Intervenors request that, should the Court intend to dismiss
2 | Plaintiff-Intervenors Seven and Eight, that it be *without* prejudice.
3 |
4 | Dated: April 28, 2009                LAW OFFICES OF MALLISON & MARTINEZ
5 |
6 |                                      By: /s/ Marco A. Palau
                                             Stan S. Mallison
                                             Hector R. Martinez
7 |                                          Marco Palau, Attorneys for Plaintiff-Intervenors