| | |
|---|---|
| 1 | Stan S. Mallison, (SBN 184191) |
| 2 | Hector R. Martinez (SBN 206336)<br>Marco A. Palau (SBN 242340) |
| 3 | LAW OFFICES OF MALLISON & MARTINEZ<br>1042 Brown Avenue |
| 4 | Lafayette, CA  94549<br>Telephone: (925) 283-3842 |
| 5 | Facsimile:  (925) 283-3426 |
| 6 | Counsel for Plaintiff-Intervenors |

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

    Plaintiff

ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHTH,

    Plaintiff-Intervenors,

v,

ABM INDUSTRIES INCORPORATED, ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOSE VASQUEZ; and Does 1-10 Inclusive,

    Defendants.

CASE NO: 1:07-CV-01428-LJO-BAK-GSA

**DECLARATION OF HECTOR R. MARTINEZ IN SUPPORT OF OPPOSITION TO DEFENDANTS' MOTION TO DISMISS ANONYMOUS PLAINTIFF-INTERVENORS SEVEN AND EIGHT**

Date:    May 12, 2009
Time:    8:30 a.m.
Courtroom: 4

*Hon. Lawrence J. O'Neill*

I, Hector R. Martinez, declare the following:

1. I am an attorney duly licensed to practice law before this Court and counsel of record for Plaintiff-Intervenors in the above captioned matter. The matters set forth below are personally known to me and if called to testify about them I could and would do so competently.

2. Plaintiff-Intervenors are current or former employees of Defendants who allege to have been sexually discriminated and harassed by Defendants. In particular, Plaintiff-Intervenors' complaint in intervention alleges that José Vasquez employed coercive, intimidating, forceful, abusive and tortful conduct to sexually harass and discriminate against them.

3. Due to the egregious nature of this conduct and other factors in this case, this Court granted Plaintiff-Intervenors' motion to proceed anonymously, their identities to be disclosed under certain safeguards and only on a need to know basis.

4. In the motion by Plaintiffs 1 through 8 for leave to intervene anonymously, the urged the Court consider their contentions of Vasquez's previous conviction for forcible rape; his threats of future violence against Plaintiff-Intervenors if they complained about his conduct; the danger of stigma in Plaintiff-Intervenors' tight-knit community; Plaintiff-Intervenors' relative powerlessness as low-wage workers vis-à-vis ABM's dominance of the janitorial industry in the surrounding Bakersfield area; and the threat to Plaintiff-Intervenors' livelihood as a result of their position of relative economic weakness. The Court found Plaintiff-intervenors' fear of threats to be reasonable, and thus ruled that then proposed intervenors could intervene anonymously. *See* Order Granting Motion for Leave to Intervene (Docket #25) at 7-10.

5. In line with the Court's ruling, former Magistrate Judge Teresa Goldner signed a protective order restricting the disclosure of identifying information of Plaintiff-Intervenors except for limited discovery purposes, including depositions, and prohibiting Defendants from revealing Plaintiff-Intervenors' identity as parties to this action to anyone other than Defendants, their counsel and counsel's staff.

6. Counsel for Plaintiff-intervenors has considered these measures necessary to protect both the Plaintiff-Intervenors and the integrity of the process in this case. And this belief has been confirmed, as Defendant Vasquez's threats and conduct toward former a employee, whose

declaration is submitted under seal, demonstrates. According to the employee's declaration, he was threatened and intimidated so as to prevent him from cooperating in any investigation relating to the sexual harassment that is at issue in this case. The declaration of this employee is filed under seal as Exhibit A to this declaration.

7. Given the dangers described above and the efforts to intimidate potential witnesses, counsel for Plaintiff-Intervenors have endeavored to take every precaution to safeguard Paintiff-Intervenors' rights and the integrity of the process.

8. Although Plaintiff-Intervenors seven and eight have not been produced for depositions, it is counsel's position that this case merits special consideration and the draconian remedy of involuntary dismissal with prejudice is not warranted without further discovery as to any threats made against these Plaintiff-Intervenors or any quid pro quo treatment that would interfere with the judicial process.

9. As part of our investigation into the issue, I e-mailed Laura Hayward requesting Plaintff-Intervenors' employment records on October 29, 2008. I believe these records may shed light on any potential threats of retaliation or other conduct that would improperly interfere with the litigation. However, to date Defendants have not produced the requested records.

10. A true and correct copy of an email requesting employment records of Plaintiff-Intervenors is filed under seal as Exhibit B to this declaration.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that I executed this declaration on April 28, 2009 at Lafayette, California.

             _____/s/ Hector R. Martinez_____

# EXHIBIT A

# (Declaration of Former Employee, Filed Under Seal Pending Court Approval)

# Exhibit B

# (Request for Employee Records, Filed Under Seal Pending Court Approval)