LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:   415.433.1940
Email: lhayward@littler.com

KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone:   310.553.0308
Facsimile:   310.553.5583
Email: kjacoby@littler.com

Attorneys for Defendants

ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL NORTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOE VASQUEZ; Does 1 - 10 inclusive,<br><br>Defendants. | Case No. 1: 07 CV 01428 LJO-BAK GSA<br><br>**DEFENDANTS ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. AND ABM JANITORIAL NORTHERN CALIFORNIA'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS ANONYMOUS PLAINTIFFS SEVEN AND EIGHT**<br><br>Hearing:   May 12, 2009<br>Time:   8:30 a.m.<br>Judge:   Hon. Lawrence J. O' Neil<br>Courtroom: 4 |

## I. INTRODUCTION

Anonymous Plaintiffs Seven and Eight must be dismissed from this action **with prejudice** for failure to prosecute their claims and failure to comply with this Court's July 24th Order compelling them to appear for deposition by October 31, 2008. Eighteen months have elapsed since Plaintiff-Intervenors first appeared in this action. However, due to Anonymous Plaintiffs Seven and Eight's refusal to appear for deposition or otherwise prosecute their claims, Defendants have been unable to investigate the serious allegations being made against them. Due to this unreasonable delay, Defendants will be prejudiced should these individuals be allowed to resurrect their claims now, *or at any point in the future*. Dismissal with prejudice is appropriate here, as Plaintiff-Intervenors have at no time sought assistance, or even an extension, from the Court. Instead, they rely on excuses manufactured in response to this Motion, excuses that are based on speculation and misrepresentations of the facts. It is telling that the Equal Employment Opportunity Commission has conceded that the two remaining unidentified class members' claims should be dropped from this lawsuit. *See* EEOC's Response to the ABM Defendants' Motion to Dismiss Anonymous Plaintiffs Seven and Eight. As discussed below, Plaintiffs' flagrant violation of the Court's Order warrants dismissal with prejudice pursuant to both the Federal Rules of Civil Procedure and Ninth Circuit precedent.

## II. ARGUMENT

### A. Intervenors' Counsel's After-The-Fact Excuses Are Uncompelling.

Plaintiff-Intervenors' counsel's asserted reasons for their failure to obey the Court's July 24th Order and their continued delay in producing Anonymous Plaintiffs Seven and Eight lack merit. While Intervenors contend that Anonymous Plaintiffs Seven and Eight fear retaliation, threats, and intimidation if they attend a deposition, at no time did they request that this Court modify the July 24th Order to include additional safety measures or concessions regarding the parameters of the depositions of these two plaintiffs. They have not even bothered to request an extension of time or to submit any evidence by the plaintiffs themselves of their purported fear or the basis for their concerns. Now, six months after the deadline, Intervenors' counsel has manufactured excuses based on issues that have already been raised with the Court and led to the issuance of the

July 24th Order setting forth the timing and manner in which these depositions should proceed. Defendants have agreed to all prior requested concessions to complete depositions of the other seven Intervenor plaintiffs, including taking the depositions in locations and at times requested by plaintiffs and excluding Jose Vasquez from being physically present in the room. Hayward Decl. at ¶2. Intervenors' counsel has at no time suggested additional measures were needed.

Moreover, it is disingenuous of Intervenors' counsel to assert that their alleged clients are living in fear, **when they have not even been able to contact them[1] and have submitted no support directly from those individuals.** Intervenors' counsel is simply making convenient assumptions about why their alleged clients are refusing to appear for deposition or otherwise lack interest in prosecuting their claims. The declaration submitted under seal by Intervenors' counsel, which was drafted by a non-party in November 2008, does nothing to advance their theory. The declaration nowhere mentions Anonymous Plaintiffs Seven and Eight or the reasons why *they* have not appeared for deposition. As such, it is wholly irrelevant to the issues now before the Court. Anonymous Plaintiffs Seven and Eight, even in the face of having their claims dismissed, are apparently still refusing to provide testimony.

Furthermore, Intervenors' counsel's attempt to blame Defendants for their inability to contact their clients is a blatant misrepresentation of the facts. Defendants turned over the personnel files of the two individuals whom they were told represented Anonymous Plaintiffs Seven and Eight over six months ago, on November 14, 2008. Hayward Decl. at ¶3, Exh. A (names of the parties have been redacted to comply with this Court's Order). Intervenors' Counsel only recently renewed their request for additional records on April 10, 2009, **after the filing of this Motion.**[2] Moreover, the records recently requested are payroll and scheduling records, which contain no further contact information than what appeared in their personnel files. Hayward Decl. at ¶3. This is a clear attempt by Intervenors' counsel to distract the Court from the real issue at hand – their failure to prosecute their clients' claims for eighteen months.

---

[1] *See* EEOC's Response to the ABM Defendants' Motion to Dismiss Anonymous Plaintiffs Seven and Eight in which the EEOC has admitted that it has not been able to contact these parties.
[2] While Intervenors' Counsel states that he made such a request on March 20, 2009, this is incorrect. In fact the email attached as an Exhibit to the Declaration of Hector Morales (filed under seal) requesting such documents is dated April 10, 2009

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S REPLY MPA RE: MOTION RE: ADDITIONAL CLASS MEMBERS   2.   CASE NO. 1:07 CV 01428 LJO BAK GSA

### B. Every Factor of the Applicable Ninth Circuit Test Weighs In Favor of Dismissing Anonymous Plaintiffs Seven and Eight With Prejudice.

The test for dismissal pursuant to Federal Rule of Civil Procedure 41(b) is well established within the Ninth Circuit. (Plaintiff-Intervenors cite to two cases outside of the Ninth Circuit for the factors that a court must consider before dismissing for failure to prosecute and comply with Court Orders.[3]) For a court to dismiss a case for failure to comply with a court order, the court must consider five factors: 1) the public's interest in expeditious resolution of litigation; 2) the court's need to manage its docket; 3) the risk of prejudice to the defendants; 4) the public policy favoring disposition of cases on their merits; and 5) the availability of less drastic alternatives. *Yourish v. California Amplifier* 191 F.3d 983, 990 (9th Cir. 1999); *United Van Lines, LLC v. Mayflower Transit, LLC*, 2008 U.S. Dist. LEXIS 18728, at *3 (E.D. Cal. Mar. 10, 2008); *see also Pagtalunan v. Galaza*, 291 F.3d 639, 642-43 (9th Cir. 2002) (dismissal with prejudice upheld where pro se petitioner failed to pursue his case for almost four months in spite of court order to file a first amended petition). Dismissal is appropriate where at least four factors support dismissal or at least three factors strongly support dismissal. *Id.* Here, every single one of these factors in this supports dismissal with prejudice.

#### 1. Defendants Have Been Prejudiced By Plaintiffs Refusal to Appear.

A presumption of prejudice arises from a failure to prosecute, and thus the third factor of the Ninth Circuit test weighs heavily in favor of dismissal pursuant to 41(b). *See United Van Lines, LLC*, 2008 U.S. Dist. LEXIS, at *5. "When considering prejudice to the defendant, the failure to prosecute diligently is sufficient by itself to justify a dismissal, even in the absence of a showing of actual prejudice to the defendant from the failure...The law presumes injury from unreasonable delay." *Id., citing In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). This is particularly true where Intervenors' counsel's excuses are based on speculation and misrepresentation of the facts.

In order to prepare for trial, Defendants are entitled to obtain discovery as to the factual basis for Anonymous Plaintiffs Seven and Eight's allegations. *See, e.g. Shumye*, 2008 U.S. Dist. LEXIS, at **19-20 (By refusing to attend a court-ordered deposition, plaintiff has deprived

---

[3] Plaintiff-Intervenors cite to *Mobley v. McCormick*, 160 F.R.D. 599 (D. Colo. 1995) and *Noble v. U.S. Postal Service*, 71 Fed.Appx. 69 (D.C. Cir. 2003).

DEFT'S REPLY MPA RE: MOTION RE: ADDITIONAL CLASS MEMBERS    3.    CASE NO. 1:07 CV 01428 LJO BAK GSA

defendant of the opportunity to question plaintiff as to the basis of her assertions). A plaintiff's failure to provide discovery, comply with court orders, and attend proceedings not only creates a risk of prejudice to defendant, but does in fact prejudice defendant. *Id.* at *21. Delay inherently increases the risk that witnesses' memories will fade and evidence will become stale. *Pagtalunan*, 291 F.3d at 642; *see also United Van Lines, LLC*, 2008 U.S. Dist. LEXIS, at **6-7 ("prejudice usually takes two forms-loss of evidence and loss of memory by a witness...")

The present litigation has been pending since November 2007, following an investigation by the EEOC that began in June 2006. Almost three years have already passed since the initial investigation of Plaintiffs' claims began. During this passage of time, it is extremely likely that there has been loss of memory by Anonymous Plaintiffs Seven and Eight as well as key defense witnesses. It would thus be patently unfair to continue to allow more time to pass wherein Anonymous Plaintiffs Seven and Eight remain unidentified and unavailable for deposition.

### 2. Plaintiffs' Failure to Prosecute Their Case Prevents the Expeditious Resolution of Litigation and Justifies Dismissal With Prejudice.

Repeated delays in providing discovery justify dismissal with prejudice under Rule 41(b). *See California Molasses Co. v. C. Brewer & Co.*, 479 F. 2d 60, 61 (9th Cir. 1973) Furthermore, dismissal with prejudice for failure to obey a court order is appropriate where a Plaintiff fails to obey a court order to attend a noticed deposition. *See Shumye v. Felleke*, 2008 U.S. Dist. LEXIS, at *18 (N.D. Cal. Oct. 21, 2008). Where a party has willfully failed to appear at a properly noticed deposition and has willfully violated court orders, the first two factors of the Ninth Circuit test, i.e. the public's interest in expeditious resolution of litigation and the court's need to manage its docket, weigh in favor of dismissal. *Id.*

Although the fourth factor of the Ninth Circuit test, the public policy favoring disposition of cases on their merits, generally weighs against dismissal, the Ninth Circuit has also recognized that this factor "lends little support" to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction. *The Rock v. Decision One Mortgage*, 2009 U.S. Dist. LEXIS 9368, at *4 (E.D. Cal. Jan. 28, 2009) (case dismissed with prejudice where plaintiff violated court order to obtain counsel), *citing, In re*

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S REPLY MPA RE: MOTION RE:
ADDITIONAL CLASS MEMBERS     4.     CASE NO. 1:07 CV 01428 LJO BAK GSA

*Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

### 3. Plaintiffs Are Not Entitled to a "Warning" or Lesser Sanction.

The Court is not required to impose less drastic alternatives and should not do so in this case. Plaintiffs have had ample opportunity to apply for a modification of the Court's Order and ask for additional concessions (or time) with regard to the prosecution of claims on behalf of Anonymous Plaintiffs Seven and Eight. They have done nothing until faced with this Motion.

With regard to the fifth factor, consideration of less drastic alternatives, this Court has noted that "[t]hese factors are *not* a series of conditions precedent before the judge can do anything, but a way for a district judge to think about what to do." *The Rock*, 2009 U.S. Dist. LEXIS 9368, at *4. Furthermore, "warnings regarding the failure to obey the Court's order are not always necessary, and are more important in actions in which the motion to dismiss is *sua sponte* rather than by way of a noticed motion." *Ross v. Woodland Joint Unified Sch. Dist.*, 2008 U.S. Dist. LEXIS 71529, at **4-6 (E.D. Cal. Aug. 8, 2008) (case dismissed with prejudice where plaintiff failed to amend his complaint after dismissal with leave to amend, which was considered violation of a court order), *citing In re PPA Prods. Liab. Litig.*, 460 F.3d at 1229.

## III. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court dismiss Anonymous Plaintiffs Seven and Eight from this action with prejudice.

Date: May 5, 2009        By: _____
                              Keith A. Jacoby
                              Laura E. Hayward
                              Attorneys for Defendants
                              ABM INDUSTRIES INCORPORATED; ABM
                              JANITORIAL SERVICES, INC. AND ABM
                              JANITORIAL SERVICES NORTHERN
                              CALIFORNIA

Firmwide:89861549.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFT'S REPLY MPA RE: MOTION RE:
ADDITIONAL CLASS MEMBERS       5.       CASE NO. 1:07 CV 01428 LJO BAK GSA