**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,

Plaintiff,

ERIKA MORALES, et al.,

Plaintiff Intervenors,

vs.

ABM INDUSTRIES INCORPORATED AND ABM JANITORIAL SERVICES, INC., et. al,

Defendants.

_______________________________/

CASE NO. CV F 07-1428 LJO BAK

**ORDER ON MOTION TO DISMISS ANONYMOUS PLAINTIFFS**
(Docs. 86, 89.)

## INTRODUCTION

Several defendants[1] seek to dismiss anonymous plaintiffs seven and eight in that these plaintiffs did not appear at their ordered depositions. Anonymous plaintiffs seven and eight respond that "this case merits special consideration" given possible threats against them to render dismissal "draconian." Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") responds that it will not pursue claims for anonymous plaintiffs seven and eight. This Court considered the ABM defendants' motion to dismiss on the record and VACATED the May 12, 2009 hearing, pursuant to Local Rule 78-230(h). For the reasons discussed below, this Court DISMISSES anonymous plaintiff seven and eight's claims against ABM defendants.

[1] The defendants requesting relief are ABM Industries Incorporated, ABM Janitorial Services, Inc., and ABM Janitorial Northern California (collectively the "ABM defendants").

**BACKGROUND**

On September 28, 2007 and after an investigation that began in June 2006, EEOC filed this Title VII action on behalf of plaintiff intervenor Erika Morales ("Ms. Morales") and other female employees of the ABM defendants to address alleged sexual harassment by their supervisors, including defendant Jose Vasquez ("Mr. Vasquez"). On March 7, 2008, Ms. Morales and eight anonymous plaintiffs (collectively "plaintiff intervenors") filed their complaint in intervention to join the EEOC's claims, to add common and state law claims, and to add ABM Janitorial Northern California as a defendant. The eight anonymous defendants claim they are subject to threatened physical violence to warrant their identification as Doe plaintiffs, which has been permitted. More specifically, the plaintiff intervenors claim that Mr. Vasquez "employed coercive, intimidating, forceful, abusive and tortful conduct to sexually harass and discriminate against them."

U.S. Magistrate Judge Theresa Goldner's July 24, 2008 order required anonymous plaintiffs seven and eight to appear for depositions no later than October 31, 2008. Anonymous plaintiffs seven and eight remain unidentified and have failed to appear for their depositions.

The deadline for class certification discovery passed on March 20, 2009.

**DISCUSSION**

The ABM defendants request to dismiss anonymous plaintiffs seven and eight with prejudice for failure to prosecute and to comply with court orders. Anonymous plaintiffs seven and eight respond that they should not be dismissed since they face potential threats and that the plaintiff intervenors should be permitted discovery "as to any possible threats made against these Plaintiff-Intervenors or any quid pro quo treatment that would interfere with the judicial process."

**Failure To Participate In Discovery**

F.R.Civ.P. 37(d)(1)(A) empowers a court to "order sanctions" if a party "fails, after being served with proper notice, to appear for that person's deposition." Such failure "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a pending motion for a protective order under Rule 26(c)." F.R.Civ.P. 37(d)(2). Sanctions may include those provided in F.R.Civ.P. 37(b)(2)(A)(i)-(vi). F.R.Civ.P. 37(d)(3).

A party who fails to appear for a deposition is subject to sanctions even in the absence of a prior

order. F.R.Civ.P. 37(d); *Hilao v. Estate of Marcos*, 103 F.3d 762, 764-765 (9th Cir. 1996) (unexplained failure to appear at deposition in contempt proceeding justified sanction deeming allegations to be established); *Henry v. Gill Industries, Inc.,* 983 F.2d 943, 947 (9th Cir. 1993).

**Discovery Sanctions**

Under F.R.Civ.P. 37(b)(2), if a party "fails to obey an order to provide or permit discovery" a court "may issue further and just orders," including to :

1. Direct as established matters embraced in the order or other designated facts;
2. Prohibit the disobedient party to support or oppose designated claims or defenses;
3. Prohibit the disobedient party from introducing designated matters in evidence;
4. Strike pleadings in whole or part;
5. Stay further proceedings until an order is obeyed;
6. Dismiss an action or proceeding in whole or part;
7. Render a default judgment against the disobedient party; or
8. Treat as contempt of court the failure to obey an order (except an order to submit to a mental or physical examination).

F.R.Civ.P. 37 authorizes a district court, in its discretion, to impose a wide range of sanctions when a party fails to comply with the rules of discovery or with court orders enforcing those rules. *National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 96 S.Ct. 2778 (1976); *Wyle v. R.J. Reynolds Industries, Inc.*, 709 F.2d 585, 589 (9th Cir. 1983); *United States v. Sumitomo Marine & Fire Insurance Co.*, 617 F.2d 1365, 1369 (9th Cir. 1980).

Although the central factor of a F.R.Civ.P. 37(b)(2) sanction is "justice," *Valley Engineers, Inc. v. Electric Engineering Co.*, 158 F.3d 1051, 1056 (9th Cir. 1998), *cert. denied*, 526 U.S. 1064, 119 S.Ct. 1455 (1999), the sanction "must be specifically related to the particular 'claim' which was at issue in the order to provide discovery." *Insurance Corp. v. Compagnie Des Bauxites*, 456 U.S. 694, 707, 102 S.Ct. 2099 (1982). The Ninth Circuit Court of Appeals has explained the need for F.R.Civ.P. 37(b)(2) sanctions:

> Litigants who are willful in halting the discovery process act in opposition to the authority of the court and cause impermissible prejudice to their opponents. It is even more important to note, in this era of crowded dockets, that they also deprive other

litigants of an opportunity to use the courts as a serious dispute-settlement mechanism.

*G-K Properties v. Redevelopment Agency of the City of San Jose*, 577 F.2d 645, 647 (9th Cir. 1978).

"Where it is determined that counsel or a party has acted willfully or in bad faith in failing to comply with rules of discovery or with court orders enforcing the rules or in flagrant disregard of those rules or orders, it is within the discretion of the trial court to dismiss the action or to render judgment by default against the party responsible for noncompliance." *G-K Properties*, 577 F.2d at 647. "Where the drastic sanctions of dismissal or default are imposed . . . the losing party's non-compliance must be due to willfulness, fault or bad faith." *Henry v. Gill Industries, Inc.*, 983 F.2d at 946; *Fjelstad v. American Honda Motor Co.*, 762 F.2d 1334, 1337 (9th Cir. 1985). "[D]isobedient conduct not shown to be outside the control of the litigant is all that is required to demonstrate willfulness, bad faith, or fault." *Henry*, 983 F.2d at 948 (quoting *Fjelstad*, 762 F.2d at 1341.) A single willful violation may suffice depending on the circumstances. *Valley Engineers*, 158 F.3d at 1056.

In *National Hockey League*, 427 U.S. at 643, 96 S.Ct. 2778, the United States Supreme Court explained the rationale for severe F.R.Civ.P. 37(b)(2) sanctions:

> . . . as in other areas of the law, the most severe in the spectrum of sanctions provided by statute or rule must be available to the District Court in appropriate cases, not merely to penalize those whose conduct may be deemed to warrant such a sanction, but to deter those who might be tempted to such conduct in the absence of such deterrent.

Nonetheless, sanctions which interfere with "a litigant's claim or defenses violate due process when imposed merely for punishment of an infraction that did not threaten to interfere with the rightful decision of the case." *Wyle*, 709 F.2d at 591.

Dismissal and default judgment are authorized only in "extreme circumstances." *See Fjelstad*, 762 F.2d at 1338. "So, too, are orders taking the plaintiff's allegations as established and awarding judgment to the plaintiff on that basis." *United States v. Kahaluu Constr. Co., Inc.*, 857 F.2d 600, 603 (9th Cir. 1988). Terminating sanctions are appropriate where a "pattern of deception and discovery abuse made it impossible" for the district court to conduct a trial "with any reasonable assurance that the truth would be available." *See Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 352 (9th Cir. 1995). A terminating sanction under Rule 37(d) is proper "for a serious or total failure to respond to discovery even without a prior order." *Sigliano v. Mendoza*, 642 F.2d 309, 310 (9th Cir. 1981). To

determine whether to impose a severe sanction of dismissal or default, a court considers:

1. The public's interest in expeditious resolution of litigation;
2. The court's need to manage its docket;
3. The risk of prejudice to the party seeking sanctions;
4. The public policy favoring disposition of cases on their merits; and
5. The availability of less drastic sanctions.

*Valley Engineers*, 158 F.3d at1057; *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996); *Henry,* 983 F.2d at 948; *Kahaluu Constr.*, 857 F.2d at 603; *Thompson v. Housing Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir.), *cert. denied*, 479 U.S. 829, 107 S.Ct. 112 (1986).

"What is most critical for case-dispositive sanctions, regarding risk of prejudice and of less drastic sanctions, is whether the discovery violations 'threaten to interfere with the rightful decision of the case.'" *Valley Engineers,* 158 F.3d at 1057 (quoting *Adriana International Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990), *cert. denied*, 498 U.S. 1109, 111 S.Ct. 1019 (1991)). Prejudice arises when the ability to go to trial of the party seeking F.R.Civ.P. 37(b)(2) sanctions is impaired. *Adriana International*, 913 F.2d at 1412. "Failure to produce documents as ordered, however, is considered sufficient prejudice. . . . [C]ontinuing refusal to comply with court-ordered production of documents constitutes interference with the rightful decision of the case." *Adriana International*, 913 F.2d at 1412. However, delay alone does not warrant a terminating sanction. *See Kahaluu Constr.*, 857 F.2d at 604; *Mir v. Fosburg*, 706 F.2d 916, 919, n. 2 (9th Cir. 1983).

A three-part analysis determines whether a court "properly considered the adequacy of less drastic sanctions: (1) did the court explicitly discuss the feasibility of less drastic sanctions and explain why alternative sanctions would be inappropriate, (2) did the court implement alternative sanctions before ordering dismissal, and (3) did the court warn the party of the possibility of dismissal before actually ordering dismissal?" *Adriana International*, 913 F.2d at 1412-1413. "But despite all this elaboration of factors, we have said that it is not always necessary for the court to impose less serious sanctions first, or to give any explicit warning." *Valley Engineers*, 158 F.3d at 1057.

Anonymous plaintiffs seven and eight offer nothing meaningful to warrant maintaining them in

/ / /

this action and address impertinent factors for this Court to address.[2] Anonymous plaintiffs seven and eight disobeyed a court order to appear at their depositions prior to a deadline that expired **six months** ago. To attempt to defend their disobedience, anonymous plaintiffs seven and eight point to factors to support restricted disclosure of their identity, a matter previously addressed by and not currently before this Court. Anonymous plaintiffs seven and eight's reference to intimidation of a former employee is unavailing given that anonymous plaintiffs seven and eight offer nothing in their own words to explain or warrant their flagrant disobedience of a court order. Anonymous plaintiffs make a preposterous proposal to permit them to conduct discovery when they remove themselves from the discovery process.

Anonymous plaintiffs seven and eight's disobedience of the deposition order is willful in that they refused to appear for their depositions despite careful protective measures and have not sought to modify the deposition order by extension or further protective measures. Anonymous plaintiffs seven and eight have apparently decided not to pursue their claims as evidenced by EEOC's dropping claims on their behalf and apparent inability of EEOC or personal counsel to contact anonymous plaintiffs seven and eight. Anonymous plaintiffs seven and eight controlled whether they would appear for their depositions and chose not to do so. As this point, they seek to hijack the discovery process and rightful decision of their claims until they apparently decide when they want to participate. Although this Court appreciates the gravity of the alleged conduct, this Court will not tolerate disobedience of orders and unjustified manipulation of the discovery process which prevents preparation of a meaningful defense and in turn a rightful decision of their claims.

A sanction other than dismissal would serve only to promote further delay given that six months have passed since the deposition deadline and 14 months have passed since anonymous plaintiffs seven and eight filed their complaint in intervention. This Court's burdensome caseload prevents piecemeal litigation, especially considering easily avoided delay caused by anonymous plaintiffs seven and eight. Without meaningful depositions of anonymous plaintiffs seven and eight and ensuing discovery, the ABM defendants are stymied to investigate and defend claims to result in further prejudice. Anonymous plaintiffs seven and eight's willful disobedience of a court order for their depositions mitigates policy

---

[2] Anonymous plaintiffs seven and eight point to factors in an out-of-circuit case *Mobley v. McCormick*, 160 F.R.D. 599 (D. Colo. 1995), which did not address discovery sanctions.

factors to dispose of cases on their merits.

Anonymous plaintiffs seven and eight offer less drastic sanctions to defer ruling or to dismiss without prejudice. Anonymous plaintiffs seven and eight fail to explain benefits or rationale of such less drastic sanctions, especially given that their disobedience of a court order has compelled the need to address their dismissal. Deferral of ruling would promote delay on delay, which this Court abhors. Dismissal without prejudice is meaningless as this litigation of the other plaintiff intervenors would continue and leave the ABM defendants susceptible to further delayed litigation when anonymous plaintiffs seven and eight decided they desired to participate. Moreover, if anonymous plaintiffs seven and eight are not spurned to appear for depositions on the threat of dismissal, nothing suggests a lesser sanction or warning will fulfill discovery purposes and promote resolution of this action, especially given their apparent disappearance from this action.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES with prejudice anonymous plaintiffs seven and eight's intervenor claims against defendants ABM Industries Incorporated, ABM Janitorial Services, Inc., and ABM Janitorial Northern California; and
2. DIRECTS the clerk to enter judgment against anonymous plaintiffs seven and eight and in favor of ABM Industries Incorporated, ABM Janitorial Services, Inc., and ABM Janitorial Northern California on anonymous plaintiffs seven and eight's intervenor claims.

IT IS SO ORDERED.

**Dated: May 6, 2009**

**/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE