# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>ERIKA MORALES, and ANONYMOUS PLAINTIFFS ONE THROUGH SIX,<br><br>　　　　Plaintiff-Intervenors,<br><br>　　v.<br><br>ABM INDUSTRIES INCORPORATED, ABM JANITORIAL SERVICES, INC., and DOES 1-10, inclusive,<br><br>　　　　Defendants.<br><br>　　v.<br><br>JOSE VASQUEZ,<br><br>　　　　Defendant- Intervenor. | CASE NO.  1:07-cv-01428  LJO-BAK (GSA)<br><br>**ORDER CONTINUING SCHEDULING CONFERENCE FOR FURTHER BRIEFING ON APPLICATION OF FED.R.CIV.P. 23**<br><br>**ORDER SETTING BRIEFING SCHEDULE FOR ANY NECESSARY CLASS CERTIFICATION MOTION** |

This Court conducted a further scheduling conference on June 15, 2009. Plaintiff U.S. Equal Employment Opportunity Commission ("EEOC") appeared personally by counsel Lorena Garcia and Victor Viramontes. Plaintiff-Intervenors Erika Morales and Anonymous Plaintiffs One through Six appeared telephonically by counsel Hector Martinez and Stanley Mallison, both of the Law Offices of Mallison & Martinez. Defendants ABM Industries, Incorporated, ABM Janitorial Services, Inc., and ABM Janitorial Northern California appeared personally by counsel Laura Hayward and Keith Jacoby, both with the law firm of Littler Mendelson. Defendant-Intervenor Jose Vasquez did not appear.

Because this matter appears to involve the prosecution of an action by Plaintiff EEOC for various forms of relief on behalf of a class of individuals, an action in which seven (7) individuals have been permitted to intervene as plaintiffs in order to pursue related claims under state law, the Court is concerned that some formal definition of the purported class, including its claims, issues, and/or defenses, logically suggests itself as necessary in order to structure and implement a discovery plan pursuant to Fed.R.Civ.P. 26, and to otherwise manage the conduct of discovery and process of adjudication effectively and efficiently. To that end, the Court anticipates the need for a form of class certification motion and proposes to set a schedule of dates for the filing and hearing of such a motion as follows: (1) Plaintiff(s) shall be required to file a motion for class certification no later than July 7, 2009, seeking a formal order defining the scope of the class membership as well as its claims, issues, and/or defenses; (2) Defendant(s) shall file any opposition to that motion no later than August 6, 2009; (3) Plaintiff(s) shall file any reply to filed opposition on or before August 21, 2009; and (4) a hearing on the motion for class certification shall be held before the Honorable Lawrence J. O'Neill in Courtroom 4 on August 25, 2009 at 8:30 a.m.

In response to the Court's proposal, which the Court communicated to the parties at the June 15, 2009 hearing, counsel for Plaintiff EEOC advised the Court that such a motion is not required pursuant to Fed.R.Civ.P. 23 under existing case law and requested an opportunity to address this issue more fully before the Court definitively rules on the need for such a class certification motion. The Court agreed to continue the scheduling conference to June 26, 2009 at 9:30 a.m. to allow Plaintiff EEOC an opportunity to brief the issue for the Court. In the meantime, the Court will proceed to set a briefing schedule on the anticipated motion for, or in the nature of, class certification as described above. However, the Court will vacate that motion date and briefing schedule after further consideration of the arguments and legal authority raised by the parties in connection with this issue on June 26, 2009. Further, if, after due consideration, it appears necessary or advisable to proceed with a class certification motion, the Court will entertain the request of counsel for adjustment of the August 25, 2009 motion hearing to a later date sometime during the first week of September, 2009.

In light of the foregoing, the Court makes the following orders:

1. This Scheduling Conference shall be continued to June 26, 2009 at 9:30 a.m. at which time

the Court will hear and consider the issue of whether a form of class certification motion is necessary or required under existing law, including Fed.R.Civ.P. 23, as briefed and argued by the parties at the continued hearing. Plaintiff(s) must file and serve their brief on this issue on or before June 19, 2009 at 5:00 p.m. Any responsive pleading on the part of Defendant(s) must be filed and served no later than June 23, 2009 at 5:00 p.m. The parties may appear telephonically at the June 26, 2009 continued hearing.

  2. The Court tentatively sets a motion for class certification will be held before the Honorable Lawrence J. O'Neill on August 25, 2009 at 8:30 a.m. in Courtroom 4 of the United States District Courthouse, 2500 Tulare Street, Fresno, California. Plaintiff(s) shall file a motion for class certification no later than July 7, 2009, seeking a formal order defining the scope of the class membership as well as its claims, issues, and/or defenses. Defendant(s) shall file any opposition to that motion no later than August 6, 2009 and Plaintiff(s) shall file any reply to filed opposition on or before August 21, 2009.

If, after due consideration of the arguments and legal authority raised by the parties in connection with this issue on June 26, 2009, it appears unnecessary to proceed with a class certification motion, the Court will vacate that motion date and briefing schedule. Otherwise, the Court will confirm the motion date and briefing schedule but will entertain the request of counsel for adjustment of the August 25, 2009 motion hearing to a later date sometime during the first week of September, 2009.

**IT IS SO ORDERED.**

 Dated:  **June 15, 2009**      **/s/ Gary S. Austin**
                   **UNITED STATES MAGISTRATE JUDGE**