1  LAURA E. HAYWARD, Bar No. 204014
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street, 20th Floor
3  San Francisco, CA  94108.2693
   Telephone:    415.433.1940
4  Email:  lhayward@littler.com

5  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON
6  A Professional Corporation
   2049 Century Park East, 5th Floor
7  Los Angeles, CA  90067.3107
   Telephone:    310.553.0308
8  Facsimile:    310.553.5583
   Email:  kjacoby@littler.com

9
   Attorneys for Defendants
10
   ABM INDUSTRIES INCORPORATED; ABM
11 JANITORIAL SERVICES, INC. and ABM
   JANITORIAL NORTHERN CALIFORNIA
12

13
                    UNITED STATES DISTRICT COURT
14
                    EASTERN DISTRICT OF CALIFORNIA
15

16 | U.S. EQUAL EMPLOYMENT | Case No. 1: 07 CV 01428 LJO-BAK GSA |
   | OPPORTUNITY COMMISSION, | |

17 |                Plaintiff, | **DEFENDANTS ABM INDUSTRIES INCORPORATED; ABM JANITORIAL** |

18 | ERIKA MORALES and ANONYMOUS | **SERVICES, INC. AND ABM JANITORIAL NORTHERN CALIFORNIA'S RESPONSE** |
   | PLAINTIFFS ONE THROUGH EIGHT, | **TO PLAINTIFF EEOC'S BRIEFING RE:** |

19 |          Plaintiff Intervenors, | **RULE 23 CLASS CERTIFICATION REQUIREMENTS** |

20 |
21 |                v. | Hearing:    June 26, 2009 |
   | | Time:       9:30 a.m. |
22 | ABM INDUSTRIES INCORPORATED | Judge:      Hon. Gary S. Austin |
   | and ABM JANITORIAL SERVICES, | Courtroom:  10 |
23 | INC.; ABM JANITORIAL NORTHERN | |
   | CALIFORNIA; JOE VASQUEZ; Does 1 - | |
24 | 10 inclusive, | |

25 |            Defendants. | |

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

I.     **INTRODUCTION**

While the EEOC may be entitled, in some circumstances, to bring actions on behalf of a class without following Rule 23 procedures, the EEOC should not be permitted to litigate this case on behalf of a class.  Neither the EEOC's initial "Determination" of cause, nor the ensuing Complaint contain any reference to a class action.  Rather, the EEOC has chosen to limit its suit to the claims of "**Erika Morales and similarly situated individuals.**"   Ms. Morales and the Intervenor-Plaintiffs, all of whom worked out of ABM's Bakersfield Branch, claim they were harassed by one man, and only one man – Jose ("Joe") Vasquez.  This Court has limited the scope of discovery accordingly, despite the EEOC's repeated attempts to expand and extend it indefinitely. Magistrate Goldner permitted the EEOC to canvass only the counties of the Eastern District, in an attempt to identify other individuals whose allegations share a factual nexus to those of the seven Plaintiff-Intervenors.

To the extent that the EEOC now attempts to add claims by individuals who are not similarly situated to the original claimants, it should be barred.  Nine of the eleven newly identified alleged victims worked in a completely different location for completely different managers than Erika Morales.  None of them are alleged to have worked with Joe Vasquez, the only alleged harasser identified to date.  Defendant has never been put on notice of any claims extending beyond the original set of allegations until now, **two years into this litigation**.  Any claims which do not pertain to harassment by Joe Vasquez cannot be a part of this action.

II.    **FACTUAL BACKGROUND**

A.     **Neither the Original Charges Nor the Complaints Filed By the EEOC or Intervenors Allege Harassment By Anyone Other Than Joe Vasquez.**

On June 30, 2006, former ABM Janitorial Services - Northern California, Inc. ("ABM Janitorial Northern California") employee Erika Morales filed a Charge with the EEOC against ABM Janitorial Services, Inc. alleging misconduct by Morales' former supervisor at the Bakersfield location, Joe Vasquez.  The Charge made no references to any misconduct by anyone other than Mr. Vasquez.  On January 11, 2007, Morales amended her Charge but again chose not to refer to alleged misconduct by anyone other than Mr. Vasquez.   On April 25, 2007, the EEOC issued its

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415 433 1940

**DEFT'S BRIEFING RESPONSE TO EEOC
BRIEFING RE: RULE 23**                    **CASE NO. 1:07 CV 01428 LJO BAK GSA**

1   Determination decreeing that there "is reasonable cause to believe that Charging Party was subjected

2   to sexual harassment and was constructively discharged.   There is also reasonable cause to believe

3   that *similarly situated individuals* were subjected to sexual harassment and/or subjected to

4   constructive discharge..."   Hayward Decl. at ¶2, Exh. A.   (emphasis added) [1]   The Amended

5   Determination issued on September 17, 2007 is identical in this respect.   *Id.* at ¶3, Exh. B.

6           After an unsuccessful conciliation effort surrounding the EEOC Charge filed by

7   Plaintiff Erika Morales in June 2006, the EEOC filed this Title VII action on September 28, 2007

8   alleging that "Erika Morales *and similarly situated individuals*" were subjected to a "sexually

9   harassing hostile environment and quid pro quo sexual harassment... perpetrated by supervisors,"

10  while working for Defendant ABM Industries, Inc. and ABM Janitorial Services, Inc.[2]

11          In November 2007, the Law Offices of Mallison & Martinez filed a Motion to

12  Intervene on behalf of eight anonymous plaintiffs.   The motion was granted and Plaintiffs

13  subsequently filed their Complaint in Intervention on March 7, 2008, joining in the EEOC's claims

14  and adding several common law and state law claims and adding ABM Janitorial Northern

15  California as a party.   The Complaint in Intervention lists Erika Morales as a Plaintiff-Intervenor,

16  and also names "Anonymous Plaintiffs One Through Eight."[3]   With one exception, the Anonymous

17  Plaintiffs are, like Ms. Morales, ABM Janitorial— Northern California employees who allege they

18  were subjected to by unwelcome touching, explicit sexual commentary and quid pro quo sexual

19  harassment from Mr. Vasquez.[4]

20

21

22

---

[1] On January 23, 2007, the Law Office of Mallison & Martinez filed a Charge with the EEOC
against ABM Janitorial Services, Inc. on behalf of an anonymous "female Utility Worker" who was
allegedly raped and otherwise harassed by the same Joe Vasquez at the same Bakersfield location.
Again, there were no allegations to suggest that anyone other than Mr. Vasquez was being accused
of harassment.
[2] As Defendants have informed the EEOC multiple times, ABM Industries, Inc.  and ABM Janitorial
Services, Inc are parent companies that have never employed any janitors.  Yet, the EEOC refuses to
name the true employer, ABM Janitorial Services –Northern California.
[3] On May 7, 2009, this Court dismissed Anonymous Plaintiffs Seven and Eight from the litigation on
the basis that they had failed to prosecute their claims.  Neither Plaintiff appeared for their
depositions despite being ordered by the Court to do so by October 31, 2008.
[4] One Intervenor is the daughter of an employee.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DEFT'S BRIEFING RESPONSE TO EEOC**            2.            **CASE NO. 1:07 CV 01428 LJO BAK GSA**
**BRIEFING RE: RULE 23**

**B.**     **This Court Has Acknowledged That This Case Is Limited to Those Individuals Whose Allegations Share a Factual Nexus to the Allegations of Erika Morales.**

At the Scheduling Conference held on August 20, 2008, this Court reinforced that the EEOC was not entitled to a "blank check" to go looking everywhere for purported harassment. To that end, the Court set March 20, 2009 as the final date for conducting class discovery, including discovery with respect to new potential class members. The EEOC initially sought the identities and contact information for all of their janitorial employees *statewide,* based solely on the evidence of alleged harassment by one supervisor, Joe Vasquez, in one location, the Bakersfield branch. However, Magistrate Judge Theresa Goldner, correctly recognizing that the EEOC's powers are not unlimited, held that "the only purpose of statewide discovery at this point, would be to allow Plaintiffs to search for other employee with colorable claims, with no factual nexus other than the fact that they do or did work for Defendants. In the Court's view this would constitute a 'fishing expedition' and an inappropriate use of discovery." (*See* December 23 Order: 13:6-11, attached to Hayward Decl. at ¶4, Exh. C). Thus, Magistrate Goldner limited the EEOC requests for employee lists and complaints of sexual harassment to the eleven counties making up the Eastern District - the counties of Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolumne. (*See* December 23, 2008 Order) *Id.*   This should have been a clear message to the EEOC that the Court would not permit it to join factually distinct claims to this lawsuit.

**C.**     **The EEOC Now Attempts to Inappropriately Expand the Scope of this Litigation By Adding Nine New Plaintiffs Who Are Not Similarly Situated to Erika Morales or Intervenors.**

After receiving the contact information for over 4000 current and former ABM employees employed from January 1, 2000 to present in the eleven counties that make up the Eastern District, the EEOC was purportedly able to locate eleven additional "class members" which it disclosed to Defendants on May 22, 2009 in its Third Supplemental Disclosures. Hayward Decl. at ¶5. The majority of the eleven newly identified class members worked for ABM in Fresno, California. *Id.* Thus, it is highly unlikely that any of these individuals ever came into contact with Joe Vasquez, who worked only out of the Bakersfield ABM office. These individuals are not in anyway "similarly situated" to Erika Morales or the remaining Intervenor-Plaintiffs.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFT'S BRIEFING RESPONSE TO EEOC
BRIEFING RE: RULE 23                         3.           CASE NO. 1:07 CV 01428 LJO BAK GSA

1   The EEOC has repeatedly requested that this Court allow it to expand the scope of
2   this litigation far beyond the initial pleadings.  These requests have repeatedly been rebuffed by
3   Judge O'Neil and Judge Goldner.  The EEOC continues this pattern by now requesting (in the
4   recently filed Joint Case Management Conference) that this Court grant it an additional eleven
5   months in which to continue conducting discovery.  To the contrary, the scope of this case is quite
6   narrow – it is about one thing and one thing only – the conduct of Joe Vasquez – and thus, discovery
7   must be not be allowed to drag on indefinitely.

## III.    ARGUMENT

### A.    The EEOC Cannot Expand Its Bakersfield Investigation Into a Statewide Class Action, Regardless of Whether Rule 23 Applies.

The EEOC may *not*—as it is trying to do here—in the absence of any underlying Charge or investigation alleging statewide misconduct, expand a local investigation into a wide-ranging pattern and practice class action.  *See EEOC v. Jillian's of Indianapolis, IN., Inc.*, 279 F. Supp. 2d 974, 982-85 (S.D. Ind. 2003).  In *Jillians*, the EEOC conducted an investigation of an Indianapolis club, based on the allegations in a charge.  After conducting discovery with respect to its original complaint, the EEOC decided to seek nationwide class certification.  *Id.* at 982.  The court granted the employer's motion for summary judgment as to the EEOC's nationwide discrimination claim, emphasizing that the class must be based upon the EEOC's timely investigation of a charge, and not based on discovery that occurs after the close of its investigation and upon filing suit.  *Id.* at 982-85.

Courts have consistently emphasized the "clear distinction between facts gathered during the scope of an investigation and facts gathered during the discovery phase of an already filed lawsuit" and have noted that the EEOC may not use discovery as a "fishing expedition" to uncover more violations.  *EEOC v. Target Corp.*, 2007 U.S. Dist. LEXIS 35762, 7 (E.D. Wisc. 2007).  This is because the EEOC must give adequate notice to the employer of the charges against it, as well as an opportunity to resolve all charges through conciliation prior to including them in a complaint. *EEOC v. Delight Wholesale Co.*, 973 F.2d 664, 668 (8th Cir. 1992); *EEOC v. Outback Steak House of Fl., Inc.*, 520 F .Supp. 2d 1250, 1252 (D. Co. 2007).  Here, the Charge at issue related only to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFT'S BRIEFING RESPONSE TO EEOC BRIEFING RE: RULE 23**          4.          **CASE NO. 1:07 CV 01428 LJO BAK GSA**

alleged acts perpetrated by Mr. Vasquez. The Determination confirmed that only this conduct was at issue: "Charging party alleges that she was subjected to verbal and physical sexual harassment **by her male supervisor** . . . The Commission has determined that there is reasonable cause to believe that Charging Party was subjected to sexual harassment . . . There is also reasonable cause that similarly situated individuals were subjected to sexual harassment . . . ." Mr. Vasquez only worked in the Bakersfield branch. ***Nothing*** in the Determination puts Defendant on notice with respect to anyone but Mr. Vasquez and the location where he worked.

During their depositions, none of the parties testified that they were harassed by anyone other than Mr. Vasquez or that they were harassed anywhere other than at worksites he worked at in Bakersfield. Hayward Decl. at ¶6. The EEOC cannot now, two years into the litigation, add parties whose claims lack any factual nexus to those asserted thus far.

**B.      The EEOC Has Identified No Pattern and Practice Other Than Joe Vasquez' Conduct Towards Women In Bakersfield.**

The EEOC has not to date articulated any statewide "pattern and practice" on which to base a Section 707 pattern and practice suit. The EEOC has not alleged that any supervisor, other than Mr. Vasquez, has sexually harassed employees. The EEOC has not alleged that Defendants had a state- or nationwide practice of intentionally or even negligently hiring sex offenders and putting them in supervisory positions, or a defective background check practice. The EEOC has acknowledged the existence of Defendants' anti-harassment policy, and the fact that it exists on a nationwide basis. Yet it has failed to articulate how that policy has resulted in a pattern or practice of conduct which caused the alleged incidents at issue here or similar incidents at other locations throughout the state. It is apparent that the only "pattern and practice" that the EEOC has any facts to support, is that Joe Vasquez has a "pattern of sexually assaulting and harassing ABM's female employees."

In the past, the EEOC pointed to the purported litigation record of all of the Defendants, including entities that are not the employer of the Intervenor-Plaintiffs, in an effort to show the "pervasiveness" of the problem of sexual harassment. This claim is wholly without merit. As an initial matter, Plaintiffs fail to point to litigation filed against ABM Janitorial –Northern

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

DEFT'S BRIEFING RESPONSE TO EEOC
BRIEFING RE: RULE 23                         5.          CASE NO. 1:07 CV 01428 LJO BAK GSA

1   California, the company that employed the plaintiffs.  Moreover, the Defendants and their affiliated

2   companies and subsidiaries constitute a Fortune 500 company employing over 75,000 janitorial

3   employees nationwide.  Employers of that size are almost certain to have a number of lawsuits

4   pending at any given time, some of which are employment-related.  Furthermore, it is axiomatic that

5   the mere filing of lawsuits does not imply liability.  It remains that the EEOC has not pointed to a

6   single adverse verdict against the employer, or any of the Defendants in this matter anywhere, at any

7   time.

8           The allegations at issue are limited to a single branch and a single purported harasser

9   and are simply insufficient to create a pattern and practice of sexual harassment.  *Cooper v. Fed.*

10  *Reserve Bank of Richmond*, 467 U.S. 867, 880 (1984)(noting that the Court of Appeals found two or

11  three instances of discrimination insufficient to establish a general policy, and commenting that "a

12  piece of fruit may well be bruised without being rotten to the core."); *see also Teamsters v. United*

13  *States*, 431 U.S. 324, 336 (1977)) ("[I]solated or sporadic discriminatory acts by the employer is

14  insufficient to establish a prima facie case of a pattern or practice of discrimination; rather it must be

15  established by a preponderance of the evidence that 'racial discrimination was the company's

16  standard operating procedure-the regular rather than the unusual practice.'")

17  **IV.    CONCLUSION**

18          For all of the foregoing reasons, Defendants respectfully request that this Court limit

19  the EEOC's action to those individuals who are similarly situated to Erika Morales and Anonymous

20  Plaintiffs 1-6, in that they allege they were sexually harassed by Joe Vasquez in Bakersfield,

21  California.

22

23  Date June 22, 2009                 By:   _____

24                                           Keith A. Jacoby
                                             Laura E. Hayward
25                                           Attorneys for Defendants
                                             ABM INDUSTRIES INCORPORATED; ABM
26                                           JANITORIAL SERVICES, INC. AND ABM
                                             JANITORIAL SERVICES NORTHERN
27                                           CALIFORNIA

28  Firmwide:90525284.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

**DEFT'S BRIEFING RESPONSE TO EEOC**           6.           **CASE NO. 1:07 CV 01428 LJO BAK GSA**
**BRIEFING RE: RULE 23**