1  LAURA E. HAYWARD, Bar No. 204014
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street, 20th Floor
3  San Francisco, CA  94108.2693
   Telephone:    415.433.1940
4  Email:  lhayward@littler.com

5  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON
6  A Professional.Corporation
   2049 Century Park East, 5th Floor
7  Los Angeles, CA  90067.3107
   Telephone:    310.553.0308
8  Facsimile:    310.553.5583
   Email:  kjacoby@littler.com

9
   Attorneys for Defendants
10
   ABM INDUSTRIES INCORPORATED; ABM
11 JANITORIAL SERVICES, INC. and ABM
   JANITORIAL NORTHERN CALIFORNIA
12

13                     UNITED STATES DISTRICT COURT

14                   EASTERN DISTRICT OF CALIFORNIA

15

16 | U.S. EQUAL EMPLOYMENT | Case No. 1: 07 CV 01428 LJO-BAK GSA
   | OPPORTUNITY COMMISSION, |
17 | | **DECLARATION OF LAURA E. HAYWARD**
   | Plaintiff, | **IN SUPPORT OF DEFENDANTS ABM**
18 | | **INDUSTRIES INCORPORATED; ABM**
   | ERIKA MORALES and ANONYMOUS | **JANITORIAL SERVICES, INC. AND ABM**
   | PLAINTIFFS ONE THROUGH EIGHT, | **JANITORIAL NORTHERN CALIFORNIA'S**
19 | | **RESPONSE TO PLAINTIFF EEOC'S**
   | Plaintiff Intervenors, | **BRIEFING RE: RULE 23 CLASS**
20 | | **CERTIFICATION REQUIREMENTS**
   | v. |
21 | | Hearing:    June 26, 2009
   | ABM INDUSTRIES INCORPORATED | Time:       9:30 a.m.
22 | and ABM JANITORIAL SERVICES, | Judge:      Hon. Gary S. Austin
   | INC.; ABM JANITORIAL NORTHERN | Courtroom: 10
23 | CALIFORNIA; JOE VASQUEZ; Does 1 - |
   | 10 inclusive, |
24 | |
   | Defendants. |
25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433 1940

DECL. OF LAURA E. HAYWARD RE:          CASE NO. 1:07 CV 01428 LJO BAK GSA
RULE 23 CLASS CERTIFICATION

I, Laura E. Hayward, hereby declare and state:

1.      I am a shareholder in the law firm of Littler Mendelson, a Professional Corporation, and counsel of record for Defendants ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL NORTHERN CALIFORNIA in the above-captioned matter.  I have personal knowledge of the matters set forth herein and, if called as a witness, could competently testify thereto.

2.      On April 25, 2007, the EEOC issued a Determination in response to Erika Morales' EEOC Charge, decreeing that there "is reasonable cause to believe that Charging Party was subjected to sexual harassment and was constructively discharged.  There is also reasonable cause to believe that *similarly situated individuals* were subjected to sexual harassment and/or subjected to constructive discharge..." (emphasis added).  A true and correct copy of the April 25, 2007 Determination is attached hereto as Exhibit A.

3.      On September 17, 2007, the EEOC issued an Amended Determination, a true and correct copy of which is attached hereto as Exhibit B.

4.      On December 23, 2008, Magistrate Judge Theresa Goldner issued a discovery order limiting the EEOC's requests for employee lists and complaints of sexual harassment to the eleven counties making up the Eastern District - the counties of Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolumne.  The Order states that "the only purpose of statewide discovery at this point, would be to allow Plaintiffs to search for other employee with colorable claims, with no factual nexus other than the fact that they do or did work for Defendants.  In the Court's view this would constitute a 'fishing expedition' and an inappropriate use of discovery."  A true and correct copy of the December 23, 2008 Order is attached hereto as Exhibit C.

5.      On May 22, 2009, the EEOC disclosed eleven additional "class members" in its Third Supplemental Disclosures.  The majority of the eleven newly identified class members appear to have worked for ABM in Fresno, California.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DECL. OF LAURA E. HAYWARD RE:
RULE 23 CLASS CERTIFICATION

CASE NO. 1:07 CV 01428 LJO BAK GSA

1    6.    During their depositions, none of the parties testified that they were harassed

2  by anyone other than Mr. Joe Vasquez or that they were harassed anywhere other than at worksites

3  he worked at in Bakersfield.

4    I declare under penalty of perjury under the laws of the State of California that the

5  foregoing is true and correct.

6    Executed this 22nd day of June, 2009 in San Francisco, California.

7

8                                                      LAURA E. HAYWARD

9  Firmwide:90604602.1 054667.1005

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DECL. OF LAURA E. HAYWARD RE:**
**RULE 23 CLASS CERTIFICATION**                    2.        **CASE NO. 1:07 CV 01428 LJO BAK GSA**

**EXHIBIT A**



UNITED STATES GOVERNMENT
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

GOBIERNO DE LOS ESTADOS UNIDOS
COMISION DE IGUALDAD DE OPORTUNIDAD EN EL EMPLEO

255 E. TEMPLE STREET, 4TH FLOOR
LOS ANGELES, CALIFORNIA 90012
1-800-669-4000
(213) 894-1000
TDD (213) 894-1121
FAX (213) 894-1118

Charge No.: 480-2006-02932

Erika Morales
1321 ½ Oregon Street
Bakersfield, CA 93305

Charging Party

ABM Janitorial Services, Inc.
1400 Easton Drive, Suite 149
Bakersfield, CA 93309

Respondent

## DETERMINATION

Under the authority vested in me by the Equal Employment Opportunity Commission
(Commission), I issue the following determination as to the merits of the subject charge filed
under Title VII of the Civil Rights Act of 1964, as amended.  All requirements for coverage were
met.

Charging Party alleges that she was subjected to verbal and physical sexual harassment by her
male supervisor.  Charging Party further alleges that she was constructively discharged on
September 13, 2005.

The Commission has determined that there is reasonable cause to believe that Charging Party
was subjected to sexual harassment and was constructively discharged.  There is also reasonable
cause to believe that similarly situated individuals were subjected to sexual harassment and/or
subjected to constructive discharge for complaining about, or rebuking, the sexual harassment.

Therefore, I have concluded that the evidence gathered in the Commission's investigation is
sufficient to establish a violation of Title VII of the Civil Rights Act of 1964, as amended.
Upon finding that there is reasonable cause to believe that violations have occurred, the
Commission attempts to eliminate the alleged unlawful practices by informal methods of
conciliation.   Therefore, the Commission now invites the parties to join with it in reaching a just

**Letter of Determination**
**Charge No. 480-2006-02932**
**Page 2 of 2**

resolution of this matter.  The confidentiality provisions of Title VII of the Civil Rights Act of 1964, as amended, and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

Respondent is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law.  Discrimination against persons who have cooperated in Commission investigations is also prohibited.  These protections apply regardless of the Commission's determination on the merits of the charge.

A Commission representative will contact you shortly to begin conciliation discussions.

On Behalf of the Commission:

4/25/07

Date

Olophius E. Perry, District Director
Los Angeles District Office

**EXHIBIT B**



UNITED STATES GOVERNMENT
EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

GOBIERNO DE LOS ESTADOS UNIDOS
COMISION DE IGUALDAD DE OPORTUNIDAD EN EL EMPLEO

255 E. TEMPLE STREET, 4TH FLOOR
LOS ANGELES, CALIFORNIA 90012
1-800-669-4000
(213) 894-1000
TDD (213) 894-1121
FAX (213) 894-1118

Charge No.: 480-2006-02932

Erika Morales
1321 ½ Oregon Street
Bakersfield, CA 93305

Charging Party

ABM Janitorial Services, Inc.
1400 Easton Drive, Suite 149
Bakersfield, CA 93309

Respondent

ABM Industries, Inc.
160 Pacific Avenue, Suite 222
San Francisco, CA 94111

Respondent

## DETERMINATION
## (AMENDED)

Under the authority vested in me by the Equal Employment Opportunity Commission (Commission), I issue the following determination as to the merits of the subject charge filed under Title VII of the Civil Rights Act of 1964, as amended. All requirements for coverage were met.

Charging Party alleges that she was subjected to verbal and physical sexual harassment by her male supervisor. Charging Party further alleges that she was constructively discharged on September 13, 2005.

The Commission has determined that there is reasonable cause to believe that Charging Party was subjected to sexual harassment and was constructively discharged. There is also reasonable cause to believe that similarly situated individuals were subjected to sexual harassment and/or subjected to constructive discharge for complaining about, or rebuking, the sexual harassment.

Therefore, I have concluded that the evidence gathered in the Commission's investigation is sufficient to establish a violation of Title VII of the Civil Rights Act of 1964, as amended.

Letter of Determination
Charge No. 480-2006-02932
Page 2 of 2

Upon finding that there is reasonable cause to believe that violations have occurred, the Commission attempts to eliminate the alleged unlawful practices by informal methods of conciliation.   Therefore, the Commission now invites the parties to join with it in reaching a just resolution of this matter.  The confidentiality provisions of Title VII of the Civil Rights Act of 1964, as amended, and Commission Regulations apply to information obtained during conciliation.

If Respondent declines to discuss settlement or when, for any other reason, a settlement acceptable to the office Director is not obtained, the Director will inform the parties and advise them of the court enforcement alternatives available to aggrieved persons and the Commission.

Respondent is reminded that Federal law prohibits retaliation against persons who have exercised their right to inquire or complain about matters they believe may violate the law.  Discrimination against persons who have cooperated in Commission investigations is also prohibited.  These protections apply regardless of the Commission's determination on the merits of the charge.

On Behalf of the Commission:

9/17/07
Date

Olophius E. Perry, District Director
Los Angeles District Office

**EXHIBIT C**

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

ERIKA MORALES and ANONYMOUS
PLAINTIFFS ONE THROUGH EIGHT,

        Plaintiff-Intervenors,

        v.

ABM INDUSTRIES INCORPORATED,
et al,

        Defendants.

_____/

Case No.  1:07-cv-01428-LJO-TAG

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
COMPEL DISCOVERY (Docs. 58, 59)

Plaintiff United States Equal Employment Opportunity Commission (EEOC) seeks an order compelling defendants ABM Industries and ABM Janitorial Services, Inc. ("Defendants") to respond and produce documents in response to the EEOC's Request for Production of Documents, sets number one and two, numbered 16, 17, 18, 150, 152, 159, 160, and 161. (Doc. 59).  In accordance with Local Rule 23-232, the parties met, conferred, and filed a joint statement regarding their discovery disagreement.  (Doc. 60, "Joint Statement of Discovery Disagreements"). The Court has read and considered the pleadings and the arguments of counsel, and makes the following ruling.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 28, 2007, the EEOC commenced this civil action against Defendants.  (Doc.

1 | 1).  The complaint alleges unlawful employment practices in violation of Title VII of the Civil

2 | Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991.  (*Id.*).  The complaint

3 | alleges that Defendants engaged in unlawful employment practices and in a pattern of such

4 | practices in violation of Sections 703 and 707 of Title VII by subjecting Erika Morales and

5 | similarly situated individuals to sexual harassment at the work site by supervisors.   The complaint

6 | further alleges that Defendants failed to exercise reasonable care to prevent and correct promptly

7 | the sexually harassing behavior.  Class action status is sought under Section 706.  (Doc. 1,

8 | paragraphs 10, 12; Doc. 60 at pp.26, 27.)

9 | On November 29, 2007, Defendants filed an answer to the complaint.  (Doc. 14).  On

10 | November 30, 2007, Defendants filed an amended answer to the complaint. (Doc. 15).  On March

11 | 7, 2008, Erika Morales and eight anonymous plaintiffs filed a complaint in intervention against

12 | Defendants, ABM Janitorial Northern California, and Jose Vasquez. (Doc. 27).  On March 27,

13 | 2008, Defendants and ABM Janitorial Northern California filed an answer to the complaint in

14 | intervention. (Doc. 29).  On May 13, 2008, Jose Vasquez filed am answer to the complaint in

15 | intervention.  (Doc. 33).  Defendants, ABM Janitorial Northern California, and Jose Vasquez deny

16 | the allegations in the complaints and raise various defenses.  Discovery cut-off regarding class

17 | certification is set for March 20, 2009.  (Doc. 51).

18 | On April 10, 2008, the EEOC served Defendants with a Request for Production of

19 | Documents, Set One (Doc. 60, Exhs. 1 and 2).  On May 27, 2008, Defendants objected to the

20 | discovery request and failed to produce responsive documents.  (Doc. 60, Exh. 4-6).  On May 19,

21 | 2008, the EEOC served Defendants with a Request for Production of Documents, Set Two.  (Doc.

22 | 60, Exhs. 7, 8).  On June 23, 2008, Defendants again objected to the discovery request and failed to

23 | produce responsive documents.  (Doc. 60, Exhs. 9, 10).  However, on August 11, 2008, Defendants

24 | provided the EEOC with a list of employees in Bakersfield, California, but did not include contact

25 | information.  (Doc. 60, Exh. 12).  On October 27, 2008, Plaintiff EEOC filed an amended Motion

26 | to Compel Defendants to Respond and Produce Responsive Documents to EEOC's Request for

27 |

2

1  Production of Documents, Set No. One and Set No. Two, Nos.16, 17, 18, 150, 151, 152, 159, 160,

2  and 161.  (Doc. 59).

3  **ANALYSIS & DISCUSSION**

4  **A.    Discovery overview**

5        The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair

6  contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United*

7  *States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983 (1958), and to narrow and clarify

8  the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385 (1947).

9        Fed. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

10       Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
         party's claim or defense - including the existence, description, nature, custody, condition,
11       and location of any documents or other tangible things and the identity and location of
         persons who know any discoverable matter.  For good cause, the court may order discovery
12       of any matter relevant to the subject matter involved in the action.  Relevant information
         need not be admissible at trial if the discovery appears reasonably calculated to lead to the
13       discovery of admissible evidence.  All evidence is subject to the limitations imposed by
         Rule 26(b)(2)(C)[1].

14
   "Although [discovery] does have its boundaries, the scope of discovery is broadly construed."
15
   *Babbitt, et al. v. Albertson's Inc.*, 1992 WL 605652 *5 (N.D. Cal. 1992)(citing *Oppenheimer Fund*
16
   *v. Sanders*, 437 U.S. 340, 98 S. CT. 2380 (1978).  Furthermore, in Title VII cases, courts should
17
   avoid placing unnecessary limitations on discovery.  *Jackson v. Montgomery Ward & Co.*, 173
18
   F.R.D. 524, 526 (D. Nev. 1997).  And, finally, "[t]he party who resists discovery has the burden to
19
   show that discovery should not be allowed, and has the burden of clarifying, explaining, and
20
   supporting its objections."  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998);
21
   *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).
22
   **B.    Requests for Production of Documents**
23

24  _____

25       [1]Rule 26(b)(2)(c) authorizes the court to limit the frequency and extent of discovery when the discovery is
    sought is unreasonably cumulative or duplicative, can be obtained from some other source that is more convenient or less
26  burdensome or expensive, the party seeking the discovery has had ample opportunity to obtain it, or the burden or
    expense of the discovery outweighs the likely benefit.
27

3

1    Fed.R.Civ.P. 34(b)(2)(B) requires a written response to a request for production to "state

2   that inspection and related activities will be permitted as requested or state an objection to the

3   request, including the reasons." The request is sufficient if the documents or things to be produced

4   are described by item or category with "reasonable particularity" in the request. Fed. R.Civ. P.

5   34(b)(1)(A).  A party upon whom the request is served must serve its written response within 30

6   days after the service of the request. Fed.R.Civ.P. 34(b)(2)(A).  A responding party is obliged to

7   produce all designated and nonprivileged documents, tangible things, or electronically stored

8   information which are in its "possession, custody or control." Fed.R.Civ.P. 34(a); *Norman*

9   *Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F.Supp. 511, 512 (W.D. Pa. 1983).  The

10   propounding party may seek an order compelling production or inspection if a party "fails to

11   respond that inspection will be permitted - or fails to permit inspection - as requested under Rule

12   34." Fed.R.Civ.P. 37(a)(3)(B)(iv).  Failure to object to discovery requests in a timely fashion

13   constitutes a waiver of any objection. *See, Richmark Corp. v. Timber Falling Consultants*, 959

14   F.2d 1468, 1473 (9th Cir. 1992).

15    Plaintiff properly served both of its Requests for Production of Documents on Defendants.

16   Defendants objected to them in a timely fashion.  Pursuant to the Joint Statement of Discovery

17   Disagreements (Doc. 60) and the representations of counsel made at the hearing in this matter, the

18   discovery issues in dispute are  summarized as follows:

19    1. The EEOC seeks an order compelling Defendants to provide the names and contact

20   information of janitorial employees employed by Defendants and ABM Janitorial Services-

21   Northern California in California from 2001 to the present, in response to the EEOC's Request for

22   Production of Documents, Set One, Requests 16, 17, and 18, and the EEOC's Request for

23   Production of Documents, Set No. Two, Request 152;

24    2. The EEOC seeks an order compelling Defendants to provide the names and contact

25   information of janitorial employees who have worked with or worked under Jose Vasquez (the

26   alleged harasser) and Javier Vasquez (Jose Vasquez's supervisor and cousin) from 2004 to the

27

4

1 present or during their employment with Defendants, in response to the EEOC's Request for

2 Production of Documents, Set Two, Requests Nos. 150, 151, 152, 159, and 160;

3       3. The EEOC seeks an order compelling Defendants to produce all documents pertaining

4 to complaints of sexual harassment made to Defendants in California, i.e., pertaining to the

5 California operations of Defendants, from January 2000 to the present, in response to the EEOC's

6 Request for Production of Documents, Set Two, Request No. 161; and

7       4. The EEOC also seeks an order compelling Defendants to produce all documents

8 responsive to the EEOC's Requests for Production Nos. 16, 17, 18, 150, 151, 152, 159, 160, and

9 161.

10       Defendants do not oppose the EEOC's discovery directed at employees who worked with

11 defendant Jose Vasquez. However, Defendants assert that the EEOC is not entitled to conduct

12 statewide discovery directed at employees who have not worked with Jose Vasquez. Defendants

13 contend that the EEOC's discovery request exceeds the scope of this litigation and the EEOC has

14 failed to show why it is entitled to the information sought.

15 **C. Analysis**

16   1. Requests for Production Nos. 16, 17, and 18 - Set One.

17       As amended by Plaintiff EEOC (Doc. 60, p. 17), Request 16 directs Defendants to:

18       Identify and produce all documents identifying each janitorial employee who has worked

19 and/or has been working for ABM Industries Incorporated from January 1, 2001 to the present

20 within the state of California.

21       As amended by Plaintiff EEOC, Request 17 directs Defendants to:

22       Identify and produce all documents identifying each janitorial employee who has worked

23 and/or has been working for ABM Janitorial Services, Inc. from January 1, 2001 to the present

24 within the state of California.

25       As amended by Plaintiff EEOC, Request 18 directs Defendants to:

26       Identify and produce all documents identifying each janitorial employee who has worked

27

1   and/or has been working for ABM Janitorial Services-Northern California from January 1, 2001 to

2   the present within the state of California.

3       Defendants objected to these Requests on the grounds that they are overbroad, burdensome,

4   oppressive, seek information that is neither relevant nor calculated to lead to admissible evidence,

5   are unduly duplicative and repetitive, evade the privacy rights of non-parties, and the entity from

6   whom the information is sought is not the employer.

7       (A) Precertification discovery.

8       When managing discovery in a class action context, the Court must "balance the need to

9   promote effective case management, the need to prevent potential abuse, and the need to protect

10  the rights of all parties." *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo.

11  1988)(citation omitted).  Consequently, the discovery must be broad enough to give the plaintiffs

12  "a realistic opportunity to meet [the certification] requirements." *National Organization for*

13  *Women, Farmington Chapter v. Sperry Rand Corp.*, 88 F.R.D. 272, 276-277 (D. Conn. 1980)).

14  However, it must also protect the defendants against discovery that is irrelevant or invades

15  privileged or confidential areas. Tracy, 185 F.R.D. at 303.  Precertification discovery is within the

16  discretion of the court, and limitations may be imposed within the court's discretion.  *See Barnhart*

17  *v. Safeway Stores, Inc.*, 1992 WL 443561 *2 (E.D.Cal. 1992)

18      The issue is the geographic scope of precertification discovery.  The EEOC proposes to

19  conduct statewide discovery and contends it is entitled to do so because (1) Defendants are national

20  companies operating throughout the state of California and the EEOC's complaint alleges a

21  systemic pattern or practice of sexual harassment; (2) Defendants maintain national sexual

22  harassment policies; and (3) court records and a sealed document suggest that Defendants' pattern

23  or practice of sexual harassment extends beyond the immediate vicinity of Bakersfield, California."

24  (Doc. 60, p. 4).

25      The challenge raised to each Request at issue focuses largely on relevance, framed in the

26  argument that the EEOC is only permitted to litigate claims that are "like or related to" the

27

6

1    substance of the allegations in the administrative charge.  Defendants assert that because nothing in

2    the EEOC's determination letter reasonably relates to anyone other than Jose Vasquez or to any

3    location other than the Bakersfield area work sites where Jose Vasquez performed his work for

4    Defendants, and because neither the EEOC nor the intervening Plaintiffs contend that they were

5    harassed by anyone other than Jose Vasquez or that they were harassed anywhere other than at

6    work sites where Jose Vasquez also worked, the statewide information that the EEOC seeks to

7    discover goes well beyond the scope of the EEOC investigation. Therefore, according to

8    Defendants, the Court may not properly compel discovery of the names and contact information of

9    janitorial employees employed by Defendant ABM Industries Incorporated, ABM Janitorial

10   Services, Inc., and ABM Janitorial Services Northern California throughout all of California during

11   the specified time period.[2]

12        Defendants cite the case of *EEOC v. Jillian's of Indianapolis, IN, Inc.*, 279 F.Supp.2d 974,

13   982-985 (S.D. Ind. 2003) for the proposition that "[w]hile the EEOC has broad powers to conduct

14   *pre-litigation* investigations at the charge and conciliation stages, the permissible scope of

15   discovery in *litigation* is far narrower and bounded by the scope of the charge and the underlying

16   investigation." (Doc. 60 at pp. 6-7.)  Other decisional authority provided to support this position,

17   as well as various other aspects of Defendants' arguments challenging the statewide reach of the

18   challenged discovery, include: *Serrano v. Cintas Corp.*, 2008 WL 4791677 (E.D. Mich. October

19   27, 2008); *EEOC v. Outback Steak House of Fla. Inc.*, 520 F.Supp.2d 1250 (D. Colo. 2007);

20   *EEOC v. U.S. Bell*, 2005 WL 1683979 (N.D. Ind 2005); *EEOC v. Caterpillar Inc.*, 336 F.Supp.2d

21   858 (N.D. Ill. 2004); *EEOC v. Target Corp.*, 2007 WL 1461298 (E.D.Wis. 2007); *and EEOC v.*

22   *Delight Wholesale Co.*, 973 F.2d 664 (8th Cir. 1992).

23        None of the cases cited by Defendants are controlling on the issue before the Court.  Some

24   of these cases involved class suits, but a number of them did not.  None of the cited cases involved

25

26        [2]Defendants represent that there are more than 21,000 former and current ABM-entity employees in California.
     (Doc. 60, p. 7).

27

7

1  challenges to discovery requests.  And none involved discovery requests in a  suit involving class

2  certification issues.  Here, what is at issue is the appropriate scope of discovery aimed, in whole or

3  in part, at helping the district court determine issues of class certification.  (See *Order on*

4  *Preliminary Schedule* dated August 20, 2008, setting "a March 20, 2009 cutoff date for discovery

5  regarding class certification only...." (Doc. 51.)

6           (B)  Geographic scope.

7           The geographic scope of discovery is driven by the facts of the case.  To ascertain the initial

8  facts that are at least alleged by the EEOC, the Court looks to the EEOC's complaint and any

9  evidence presented in connection with the motion.  (Doc. 1).

10          (1)  The complaint.

11          The EEOC's complaint alleges that it is brought to "provide appropriate relief to Erika

12  Morales and similarly situated individuals"  who were adversely affected by unlawful employment

13  practices.  (Doc. 1, p. 1).  It alleges that unlawful employment practices "were and are now being

14  committed within the jurisdiction of the United States District Court for the Eastern District of

15  California" and that Defendants ABM Industries Inc. and ABM Janitorial Services, Inc. are

16  corporations "doing business in California."  (Doc, 1. p, 2).

17          The allegations in the complaint are directed primarily at the conduct of one person.  It

18  alleges that *"[o]ne* of Defendants' supervisors raped a female employee at a work site. *The*

19  *supervisor* repeatedly hugged female employees from behind and groped their private parts with

20  his hands.  On several occasions, *the supervisor* repeatedly subjected the female employees to

21  leering, suggestive and propositioning language." (Italics added) (Doc, 1, p. 4).  The complaint also

22  alleges that *the supervisor* repeatedly  hugged and groped other female employees, subjected them

23  to "leering, suggestive and propositioning language" and "exposed himself to the female

24  employees" and repeatedly subjected them to offensive behavior. (Italics added). (Doc. 1, p.  p. 4).

25          However, the EEOC's complaint is not based entirely on the alleged conduct of a single

26  supervisor.  It also alleges that Defendants subjected Erika Morales and similarly situated

27

8

1   individuals to a "sexually harassing hostile environment and quid pro quo harassment . . .

2   perpetrated by *supervisors*... ." (Doc. 1, p. 4).   It further alleges that "*[s]upervisors* offered female

3   employees positions where they would drive a company vehicle and/or supervise employees in

4   exchange for sex." (Italics added) (*Id.*).

5                   (2)  The complaint-in-intervention.

6          The Requests seek documents related to Defendants ABM Industries Incorporated and

7   ABM Janitorial Services, Inc., as well as additional parties and employees described and/or named

8   as defendants in the complaint-in-intervention, including ABM Janitorial Services Northern

9   California, Jose Vasquez, and Javier Vasquez.  (Docs. 1, 27, 58).  Thus, to ascertain the contours

10  of the initial facts alleged in this entire action, the Court also considers the complaint-in-

11  intervention. (Doc. 27).

12         The complaint-in-intervention alleges that it is brought on behalf of Erika Morales, eight

13  anonymous plaintiffs, and "similarly situated individuals" who were "subjected to a hostile work

14  environment and quid pro quo sexual harassment during their employment with ABM Industries

15  Incorporated, ABM Janitorial Services, Inc., ABM Janitorial Services Northern California."

16  (Doc. 27, p.2).  It alleges that unlawful employment practices were/are being committed "in

17  California within the jurisdiction of [this Court]" and the action "arose from occurrences in Kern

18  County and/or other counties covered by Local Rule 3-120(d)."  (Italics added). (Doc. 27, p. 3).

19  It further alleges that the intervening Plaintiffs are California residents, and that Defendant Jose

20  Vasquez is a resident of Kern County, California.  (Doc. 27, pp. 5-7).

21         The complaint-in-intervention also alleges that Defendants ABM Industries Incorporated

22  and ABM Janitorial Services Inc. are Delaware corporations with corporate headquarters in San

23  Francisco, California and corporate agents for service of process in Los Angeles, California.  (Doc.

24  27, pp. 6, 9).  It further alleges that Defendant ABM Janitorial Services Northern California is a

25  California corporation with headquarters in San Francisco, California and a corporate agent for

26  service of process in Los Angeles, California.  (Doc. 27, p. 6).   With respect to other matters

27

                                             9

1   germane to this motion, it also alleges that "ABM INC was recently sued in Federal Court in

2   Minneapolis on similar charges involving female employees" and has a national "Code of Business

3   Conduct" that applies to all of the corporate defendants.  (Doc, 27, pp. 8, 12-14).

4          The alleged factual premise of the intervening Plaintiffs' Title VII claims is essentially the

5   same as the EEOC's complaint.  The allegations focus primarily on the conduct of supervisor

6   Defendant Jose Vasquez, but they do not pertain exclusively to him.  For example, the complaint-

7   in-intervention also alleges that sexually harassing behavior "was perpetrated by *supervisors*" and

8   that "[o]ne of Defendants' supervisors Jose Vasquez raped a female employee at a work site" and

9   repeatedly "hugged female employees from behind" and "groped their private parts with his

10  hands," and repeatedly "subjected them to leering, suggestive and propositioning language."

11  (Italics added).  (Doc. 27, pp. 16-17).  It also alleges that Defendant Jose Vasquez "exposed

12  himself and tried to force the female employees to touch him sexually."  (Doc. 27, p. 17).  As in the

13  EEOC's complaint, it alleges that "*[s]upervisors* offered female employees positions where they

14  would drive a company vehicle and/or supervise employees in exchange for sex." (Italics added).

15  (Doc. 27, p. 17).

16         The Title VII sexual discrimination claim alleges that the intervening Plaintiffs were

17  subjected to "degrading comments, reduction in working hours, denial of promotional

18  opportunities, and criticism of their work for not accepting the sexual advances of ... supervisor

19  Jose Vasquez," and "conditioning of work and work privileges upon sexual favors to Jose

20  Vasquez." (Doc, 27, pp. 17-18).  The Title VII quid pro quo sexual harassment claim is based

21  primarily on allegations that the intervening Plaintiffs "were subjected to unwelcome sexual

22  advances, requests for sexual favors or other verbal or physical conduct of a sexual nature by ...

23  supervisor Jose Vasquez."  (Doc. 27, p. 23).  The Title VII retaliation claim alleges that the

24  intervening Plaintiffs were retaliated against for complaining about the "unwanted and persistent

25  sexual advances, harassment, and discrimination against [them] by ...  supervisor Jose Vasquez."

26  (Doc. 27, pp.24-25).

27

1    It is apparent from the foregoing pleadings that the focus of the Title VII claims in this

2    action are premised on the alleged conduct of Jose Vasquez, but they are not entirely limited to his

3    conduct.  The pleadings do not delineate the geographic location of the alleged sexual assaults and

4    harassment, except to allege that they occurred at the female employees' work sites.  However, the

5    declaration of Ann Ung, the current payroll manager for American Building Maintenance Co, ,

6    submitted by Defendants in opposition to this motion, declares that the intervening Plaintiffs were

7    "employed at work sites in and around Bakersfield, California, and were employed only by ABM

8    Janitorial Services-Northen California.  (Doc. 60-28, p. 2).

9                    (3) Public records and declarations.

10    The EEOC argues that statewide discovery is appropriate because publicly available

11    records and a sealed declaration suggest that Defendants' pattern or practice of sexual harassment

12    extends beyond the immediate vicinity of where Jose Vasquez works.  The publicly available

13    records are described in the EEOC's portion of the Joint Statement of Discovery Disagreements,

14    which states that at least three sexual harassment lawsuits were filed against ABM Industries, Inc.

15    and/or ABM Inc. in Los Angeles County Superior Court in 2007, one sexual harassment action was

16    filed against ABM Inc. in Orange County Superior Court in June 2007, and one sexual harassment

17    action was filed against "ABM janitorial entities" in the District of Minnesota.[3]  (Doc. 60, pp. 11-

18    12).  However, the Joint Statement does not relate the factual underpinning of these lawsuits, and

19    the Court has not been asked to take judicial notice of any court records or been provided a copy of

20    any court record for which judicial notice may be taken.

21    The mere fact that a lawsuit has been filed is not evidence of Plaintiffs' claims.  Moreover,

22    the declaration of Attorney Keith A. Jacoby declares that "[n]ot a single one of [the foregoing state

23    court] lawsuits resulted in an adverse finding against any Defendant." (Doc. 60-25, p. 3).  Attorney

24    Jacobsen's declaration further states that the matter of *Sandoval, et al. v. American Building*

25    _____

26    [3]Presumably, this is the same action described on page 8 of the complaint-in-intervention.  (Doc. 27).

27

1     *Maintenance Industries, Inc. et al.,* Case No. 0:06-cv-01772-RHK-JSM (D. Minn. 2006) "resulted

2     in an entry of summary judgment in Defendants' favor." (Doc. 60-25, p. 3). Based on what has

3     been presented, the Court is unable to find that the lawsuits filed in other counties or the District of

4     Minnesota support a conclusion that the alleged pattern or practice of sexual harassment extends

5     throughout California.

6         The EEOC has also provided a sealed declaration of a former employee, who describes

7     being sexually assaulted by a supervisor outside of Kern County. Ms. Ung's declaration also

8     addresses the sealed declaration, and states that according to ABM's records, the employee "was

9     allegedly harassed by a co-worker - not a supervisor- a fellow union member. This co-worker's

10    employment was terminated following a full investigation of the [employee's ] complaint," (Doc.

11    60-28, p. 3). The Court has read and considered both declarations, finds that the sealed declaration

12    is essentially conclusory in nature, and that both declarations provide only a modicum of evidence

13    regarding the extent of any Plaintiff's claims. .

14             (4) Nationwide policy.

15         Finally, the EEOC argues that statewide discovery is appropriate because two of the

16    Defendants are national companies with a company-wide conduct policy. The fact that a company

17    has a national policy is relevant to the analysis. However, the EEOC and the intervening Plaintiffs

18    have failed to show how the national policy evidences a pattern or practice in this case, and given

19    the dearth of other evidence presented on this issue, the Court does not find the policy's existence

20    to be persuasive.

21             (5) Conclusion regarding geographic scope.

22         In sum, the EEOC and the intervening Plaintiffs have not presented sufficient evidence to

23    persuade the Court that the scope of discovery should extend, at least at this point, to the

24    Defendants' 21,000 person statewide workforce. The EEOC and the intervening Plaintiffs have

25    failed to present persuasive evidence to show that statewide discovery would tend to establish the

26    class allegations or be relevant to their claims. At most, the complaint-in-intervention alleges that

27

12

1    the action arose from occurrences in Kern County and/or other counties covered by Local Rule 3-

2    120(d).  The Court takes judicial notice that Local Rule 3-120(d) provides in relevant part that all

3    civil actions "arising in Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced,

4    Stanislaus, Tulare, and Tuolomne counties" shall be commenced in the Fresno Division of this

5    Court.

6         It appears to the Court that the only purpose of statewide discovery at this point, would be

7    to allow Plaintiffs to search for other employees with colorable claims, with no factual nexus other

8    than the fact that they do or did work for Defendants.  In the Court's view, this would constitute a

9    "fishing expedition" and an inappropriate use of discovery.  Accordingly, the Court concludes that

10   the appropriate geographic scope of discovery with respect to Requests 16, 17, and 18 -Set One,

11   are at most, the eleven counties covered by Local Rule 3-120(d).

12        (C)  Other objections to Requests 16, 17, and 18 - Set One.

13        The objections based on relevancy or contending that the Requests are overbroad, are

14   sustained in part and overruled in part as discussed supra.

15        Defendants have also objected to the Requests on the ground that the information sought is

16   burdensome, oppressive, and unduly duplicative and repetitive.  Defendants have not offered a

17   declaration or an affidavit sufficiently describing the particulars of the burden compliance with

18   such a request would impose on Defendants.  Fletcher v. Atex, Inc., 156 F.R.D. 45, 54 (S.D.N.Y.

19   1994).  A bare assertion of undue burden without factual allegations does not suffice.  Coker v.

20   Duke & Co., 177 F.R.D. 682, 686 (M.D. Ala. 1998); In re In-Store Advertising Sec. Litig., 163

21   F.R.D. 452, 455 (S.D.N. 1995).  The Court concludes that the information requested is neither

22   unduly duplicative nor repetitive.  Accordingly, these objections are overruled.

23        Another objection Defendants raise to the discovery requests is that the entity from whom

24   the information is sought is not the employer.  This statement is not the same as saying the

25   requested information is not within a particular defendant's possession and/or control.  Moreover,

26   Fed. R. Civ. P. 26 (b)(2) lists the grounds on which the Court may limit the extent of discovery

27

13

1    otherwise allowed.  Again, Defendants have not offered a declaration or affidavit sufficiently

2    describing facts to support imposing one or more of the limits specified in Fed. R. Civ. P. 26 (c).

3    *Fletcher,* 156 F.R.D. at 54.  The burden of such a showing is theirs. *Oakes,* 179 F.R.D at 283.

4    The objection is overruled.

5          Defendants' final objection rests upon the claim that the requested information will invade

6    the privacy rights of non-parties.  Defendants do not describe what these privacy rights are, the

7    manner in which any such interest might be adversely affected, or the specific legal privilege or

8    protection implicated.  Given these circumstances, Defendants have failed to persuade the Court

9    that Defendants' objection on this ground has merit.   The objection is overruled.

10          Based on the foregoing, the motion to compel responses to Requests 16, 17, and 18 - Set

11    One will be granted, but limited in geographic scope to the counties of Calaveras, Fresno, Inyo,

12    Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolomne.

13          2.   Request for Production No. 150 - Set Two.

14          Request 150 directs Defendants to:

15          Identify and produce all documents identifying, which include but are not limited to, the

16    name, most current address and telephone numbers, of each employee who worked and/or has been

17    working under Jose Vasquez from January 1, 2004 to the present.

18          Defendants objected to the request on the grounds that it is overbroad and burdensome,

19    seeks information that is neither relevant to the instant action nor calculated to lead to the

20    discovery of admissible evidence, is unduly duplicative and repetitive, seeks to invade the  privacy

21    of third parties without compelling need, and that ABM Industries Incorporated was not

22    Plaintiffs'employer.  Ostensibly without waiving those objections, Defendant agreed to produce,

23    subject to a protective order, a list of employees who worked under Jose Vasquez, but refused to

24    produce current addresses and telephone numbers of such persons.

25          At the meet and confer process, the parties agreed that Plaintiffs had produced a partial list

26    of current employees in Bakersfield, but failed to produce contact information and a list of the

27

14

1   employees who worked with Jose Vasquez.

2          Plaintiffs have alleged that Defendants hired Jose Vasquez, a man with a criminal record of

3   sexual assault, as a janitorial employee at various work sites.  While working for Defendants and

4   on the job, Jose Vasquez is alleged to have sexually assaulted and harassed female co-workers at

5   their work sites.  Plaintiffs further alleged that Javier Vasquez, the cousin of Jose Vasquez, was

6   also an employee of Defendants and was involved in the hiring of Jose Vasquez.  After his hire,

7   Jose Vasquez was promoted to a supervisory position with his employer and continued to sexually

8   assault and harass female employees at their work sites, according to Plaintiffs' claims.

9          The discovery requested is relevant both to class certification issues and the merits of the

10  case.  The Court finds that the information and documents requested are within the permitted scope

11  of discovery, and the motion to compel with respect to Request 150 - Set Two will be granted,

12  without limitation in geographic scope.  The Court also concludes that Request 150 is not

13  overbroad, burdensome, or unduly duplicative or repetitive; each of those objections are overruled.

14  Finally, and for the reasons discussed in the ruling on the motion to compel as to Requests 16, 17,

15  and 18 - Set One supra, the objections based on grounds of privacy and the claim that ABM

16  Industries Incorporated is not the employer, are overruled.

17      3.  Request for Production No. 151 - Set Two.

18          Request 151 directs Defendants to:

19          Identify and produce all documents identifying, which include but are not limited to, the

20  name, most current address and telephone numbers, of each employee who worked and/or has been

21  working under Javier Vasquez from January 1, 2004 to the present.

22          Defendants objected to this request on the same grounds that it objected to Request 150,

23  i.e., that it is overbroad and burdensome, seeks information that is neither relevant to the instant

24  action nor calculated to lead to the discovery of admissible evidence, is unduly duplicative and

25  repetitive, seeks to invade the  privacy of third parties without a compelling need, and that ABM

26  Industries Incorporated was not Plaintiffs' employer.  Defendants also objected on the ground that

27

15

1   Request 151 seeks information pertaining to a non-party.

2          At the meet and confer process, the parties agreed that Defendants produced a partial list of

3   current employees in Bakersfield, but failed to produce contact information for those employees or

4   a list of employees with the requested contact information who worked with Javier Vasquez.

5          Plaintiffs contend that Javier Vasquez is Jose Vasquez's cousin and an employee of

6   Defendants.  Although the EEOC's complaint does not specifically address the issue, the EEOC

7   contends at page 3 of the Joint Statement of Discovery Disagreements that Javier Vasquez played a

8   role in the decision to hire Jose Vasquez, oversaw the work environment where the alleged sexual

9   assaults and harassment occurred, and was Jose Vasquez's supervisor.  (Doc. 60, pp. 5, 10).

10  If found true, the fact that Javier Vasquez was responsible for hiring and supervising Jose Vasquez,

11  supports the notion that Javier Vasquez did not protect employees in his ultimate charge.

12         The Court concludes that discovering the identities of, and contact information for,

13  Defendants' employees who worked with or under Javier Vasquez is calculated to lead to the

14  discovery of relevant evidence and is therefore properly within the scope of discovery.  The Court

15  also concludes that the information sought is not overbroad, burdensome, unduly duplicative, or

16  repetitive, and each of those objections are overruled.  For the reasons discussed supra, the Court

17  also overrules the objections based on privacy, the claim that ABM Industries Incorporated was not

18  Plaintiffs' employer, and the claim that Request 151 seeks information pertaining to a non-party.

19  The motion to compel will be granted as to Request 151-Set One, and will not be limited in

20  geographic scope.

21     4.  Request for Production No. 152 - Set Two.

22         Request 152 directs Defendants to:

23         Identify and produce all documents identifying, which include but are not limited to, the

24  name, most current address and telephone numbers, of each employee who worked and/or has been

25

26

27

16

1    working for you from January 1, 2004 to the present.[4]

2        Defendants objected to this Request on the same grounds that they objected to Request 150,

3    i.e., that it is overbroad and burdensome, seeks information that is neither relevant to the instant

4    action nor calculated to lead to the discovery of admissible evidence, is unduly duplicative and

5    repetitive, seeks to invade the privacy of third parties without a compelling need, and that ABM

6    Industries Incorporated was not Plaintiffs' employer.

7        At the meet and confer process, the parties agreed that Defendants produced a partial list of

8    current employees in Bakersfield, but failed to produce employees' contact information.

9        The only difference between this Request and Requests 16, 17, and 18 - Set One, is the

10   substitution of the word "you" for a named defendant. That change makes no difference in the

11   Court's decision on this item of requested discovery. Based upon the authority and reasoning

12   discussed supra, the motion to compel responses to Request 152 will be granted but limited in

13   geographic scope to the counties of Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa,

14   Merced, Stanislaus, Tulare, and Tuolomne. The additional objections asserting that Request 152

15   is otherwise overbroad, burdensome, unduly duplicative and repetitive, seek to invade the privacy

16   of third parties without a compelling need, and that ABM Industries Incorporated was not

17   Plaintiffs' employer, are overruled, for the same reasons as discussed supra.

18     5.  Request for Production No. 159 - Set Two.

19        Request 159 directs Defendants to:

20        Identify and produce all documents, which include but are not limited to, a list of the

21   names, most current addresses and telephone numbers, of all of your employees who were assigned

22   to work in the same location as Jose Vasquez at any time during his employment with you

23   Defendants objected to this request on the same grounds that they objected to Request 150, i.e.,

24   that it is overbroad and burdensome, seeks information that is neither relevant to the instant action

25   ─────────────────────

26       [4] Plaintiff EEOC states in the Joint Statement of Discovery Disagreements that the request is limited to janitorial employees. (Doc. 60, p. 28).

27

17

1 nor calculated to lead to the discovery of admissible evidence, is unduly duplicative and repetitive,

2 seeks to invade the privacy of third parties without a compelling need, and that ABM Industries

3 Incorporated was not Plaintiffs' employer.

4     At the meet and confer process, the parties agreed that Defendants produced a partial list of

5 current employees in Bakersfield, but failed to produce employees' contact information and a list

6 of employees who worked at the same location as Jose Vasquez.

7     Once again, the difference between this request and Request 150 - Set One is not significant

8 for purposes of decision. Based upon the authority and reasoning discussed supra, the Court finds

9 that the information sought in Request 159 is relevant to issues of class certification, and overrules

10 the remaining objections. The motion to compel responses to Request 159 will be granted and will

11 not be limited in geographic scope.

12     6.  Request for Production No. 160 - Set Two.

13     Request 160 directs Defendants to:

14     Identify and produce all documents, which include but are not limited to, a list of the

15 names, most current addresses and telephone numbers, of all of your employees who were assigned

16 to work in the same location as Javier Vasquez at any time during his employment with you.

17 Plaintiff EEOC has stated in its Joint Statement of Discovery Disagreements that the request is

18 limited to janitorial employees. (Doc. 60, p. 28).

19     Defendants objected to this request on the same grounds that it objected to Request 151 -

20 Set Two, i.e., that it is overbroad and burdensome, seeks information that is neither relevant to the

21 instant action nor calculated to lead to the discovery of admissible evidence, is unduly duplicative

22 and repetitive, seeks to invade the privacy of third parties without a compelling need, and that

23 ABM Industries Incorporated was not Plaintiffs' employer. Defendants also objected to Request

24 160 on the ground that it seeks information pertaining to a non-party.

25     At the meet and confer process, the parties agreed that Defendants produced a partial list of

26 current employees in Bakersfield, but failed to produce contact information for employees and a

27

1    list of employees who worked with Javier Vasquez.

2       Based upon the authority and reasoning discussed supra in connection with Plaintiff's

3    Request 151 - Set Two, the information sought appears relevant to issues of class certification, and

4    the remaining objections to Request 160 are denied.  The motion to compel responses to Request

5    160 will be granted and will not be limited in geographic scope.

6      7.  Request for Production No. 161 - Set Two.

7       Request 161 directs Defendants to:

8       Identify and produce all documents that reflect, describe or relate to complaints of sexual

9    harassment made against you, since January 1, 2000, through the present, including, but not limited

10    to, all documents pertaining to verbal or written complaints, interview notes, affidavits, witness

11    statements, final and draft findings and/or reports for any investigations conducted by you or on

12    your behalf, final or draft recommendations pertaining to the complaint(s) or investigation(s), and

13    documents that you contend reflects on the credibility of all complainants and/or witnesses, and/or

14    any discipline issued to any accused harasser and/or his or her supervisor(s).

15       Defendants objected to this request on the grounds that it is overbroad and burdensome,

16    seeks information that is neither relevant to the instant action nor calculated to lead to the

17    discovery of admissible evidence, and is unduly duplicative and repetitive.  Defendants also

18    objected on the grounds that the request seeks information that is protected by attorney-client

19    privilege and/or attorney work product doctrine and seeks to invade the  privacy of third parties

20    without a compelling need.  Defendants also objected on the ground that ABM Industries

21    Incorporated was not Plaintiffs' employer.

22       At the meet and confer process, Plaintiff narrowed the scope of its request to the state of

23    California.  Defendants have failed to provide any documents in response.

24       Plaintiffs seek a broad array of material and information in Request 161- Set Two.  The

25    Court finds that only those documents which describe or relate to complaints of sexual assault

26    and/or other forms of sexual harassment occurring in Defendants' workplaces in the counties of

27

1   Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and

2   Tuolomne, during the period from January 1, 2001 to the present made by any janitorial employee

3   of Defendants to Defendants against any management employee of Defendants, are relevant or

4   calculated to lead to the discovery of relevant evidence, and are neither overbroad nor burdensome,

5   and only to the extent that such documents do not require the disclosure of matters that are subject

6   to the attorney-client privilege or are attorney work product.  The documents to be produced shall

7   include those that memorialize the complaints described above, interview notes, declarations or

8   affidavits related to the inquiry, witness statements, and records describing any discipline issued to

9   any accused harasser and/or his or her supervisor.  Defendants must produce a privilege log as to

10  the documents that are subject to the attorney-client privilege or are attorney work product.

11          Except as provided in the preceding paragraph, the Court sustains the objections to Request

12  161 on the ground that the Request is overbroad and burdensome.  The Court overrules the

13  objections that the Request is unduly duplicative and repetitive, and that ABM Industries

14  Incorporated was not Plaintiff's employer.  The Court also concludes that the privacy concerns can

15  be adequately addressed by the issuance of a protective order.

16                                          **ORDER**

17          Based on the foregoing, the Motion to Compel Responses to Plaintiff's Requests for

18  Production of Documents (Docs. 58, 59) is GRANTED IN PART AND DENIED IN PART as

19  follows:

20          1.      The Motion to Compel Responses to Requests 16, 17, and 18 - Set One, and

21                  Request 152 - Set Two, as amended by Plaintiff EEOC, is GRANTED as to

22                  employees in the counties of Calaveras, Fresno, Inyo, Kern, Kings, Madera,

23                  Mariposa, Merced, Stanislaus, Tulare, and Tuolomne, California.

24          2.      The Motion to Compel Responses to Requests 150, 151, 159, and 160 - Set Two,

25                  as amended by Plaintiff EEOC, is GRANTED.

26  ///

27

3.    The Motion to Compel Responses to Request 161 - Set Two, as amended by

Plaintiff EEOC, is GRANTED as follows:

Defendants shall identify and produce only those documents which describe or

relate to complaints of sexual assault and/or other forms of sexual harassment

occurring in Defendants' workplaces in the counties of Calaveras, Fresno, Inyo,

Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolomne, during

the period from January 1, 2001 to the present made by any janitorial employee of

Defendants to Defendants against any management employee of Defendants, and

only to the extent that such documents do not require the disclosure of matters that

are subject to the attorney-client privilege or are attorney work product. The

documents to be produced shall include those that memorialize the complaints

described above, interview notes, declarations or affidavits related to the inquiry,

witness statements, and records describing any discipline issued to any accused

harasser and/or his or her supervisor. Defendants must produce a privilege log as to

the documents that are subject to the attorney-client privilege or are attorney work

product.

4.    No later than ten (10) days from the date of service of this Order, the parties shall

submit a stipulated form of protective order for the Court's consideration.

5.    No later than twenty (20) days from the date of service of this Order, Defendants

shall identify and produce all documents as provided in this Order.

IT IS SO ORDERED.

Dated:    **December 22, 2008**                                  **/s/ Theresa A. Goldner**
                                                                UNITED STATES MAGISTRATE JUDGE

21