**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br>v.<br><br>ABM INDUSTRIES, INC., ABM JANITORIAL SERVICES, INC., and DOES 1 through 10, Inclusive,<br>Defendants.<br><br>v.<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE through SIX,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>ABM INDUSTRIES, INC., ABM JANITORIAL SERVICES, INC., ABM NORTHERN CALIFORNIA, and DOES 1 through 10, Inclusive.<br><br>Defendants.<br>v.<br>JOSE VASQUEZ,<br><br>Defendant-Intervenor. | CASE NO.  1:07-cv-01428 LJO-BAK (GSA)<br><br>**FURTHER SCHEDULING CONFERENCE ORDER**<br><br>Expert Disclosure:           March 1, 2010<br><br>Supplemental Expert Disclosure:  March 22, 2010<br><br>Non-Expert Discovery Cutoff:   February 12, 2010<br><br>Expert Discovery Cutoff:       April 9, 2010<br><br>Pretrial Motion Filing Deadline:  May 7, 2010<br><br>Pretrial Motion Hearing Deadline: June 14, 2010<br><br>Settlement Conf.:  None set<br><br>Pretrial Conf.:  Date: July 12, 2010<br>Time: 8:15 a.m.<br>Dept:  4 (LJO)<br><br>Jury Trial:  Date: August 23, 2010<br>(16 -21 days est.)  Time:  8:30 a.m.<br>Dept.: 4 (LJO) |

This Court conducted a further scheduling conference in the above-entitled proceeding on July

1

27, 2009. Plaintiff United States Equal Employment Opportunity Commission ("EEOC") appeared telephonically by counsel Victor Viramontes and Lorena Garcia. Plaintiff-Intervenors, Erika Morales and Anonymous Plaintiffs One through Six, appeared personally by counsel Stan Mallison and Hector Martinez. Defendants ABM Industries, Inc., ABM Janitorial Services, Inc., and ABM Janitorial Northern California appeared telephonically by counsel Laura Hayward. Defendant-Intervenor, Jose Vasquez, appearing in this action *pro se*, was not present, nor did he participate in the framing of the Third, Fourth, or Fifth Joint Status Reports prepared and submitted in connection with this hearing. (Docs. 93, 109, 117.) Pursuant to Fed.R.Civ.P. 16(b), this Court sets a schedule for this action.

**1.    Consent To Magistrate Judge**.

The parties have not consented to the conduct of all further proceedings, including trial, before a United States Magistrate Judge.

**2.    Amendment of Pleadings.**

Plaintiff EEOC filed its First Amended Complaint in this matter on July 17, 2009, adding ABM Janitorial-Northern California as a defendant. Defendants ABM Industries, Inc., ABM Janitorial Services, and ABM Janitorial Services - Northern California are permitted to file a joint answer to this First Amended Complaint, which joint answer must be served within twenty (20) days after the date on which said defendants are/were served with the summons and the First Amended Complaint.

Any further amendments to the pleadings must be filed no later than October 16, 2009.

**3.    Changes to Discovery Limitations.**

Based on the agreement of the parties:

**a.** Written discovery shall be served and responded to in accordance with the Federal Rules of Civil Procedure but each party will bear the costs for copying documents produced under Fed.R.Civ.P.34, and/or in response to any subpoena.

**b.** In addition to the service requirements pursuant to the Federal Rules of Civil Procedure, each party agrees to provide the other party, as a courtesy copy, the electronic version of discovery requests and responses at the time they serve hard copies. The electronic versions shall be provided on a CD/DVD or by electronic mail in Microsoft Word format.

**c.** Plaintiff EEOC may propound up to fifty (50) interrogatories. Plaintiff Intervenors may

propound up to fifty (50) interrogatories. Defendants ABM Industries, Incorporated, ABM Janitorial Services, Inc., and Janitorial Services Northern California may propound up to fifty (50) interrogatories. Defendant-Intervenor Jose Vasquez may propound up to fifty (50) interrogatories.

**4.     Disclosure of Expert Witnesses.**

Initial expert witness disclosures by any party shall be served no later than **March 1, 2010.** Supplemental expert witness disclosures by any party shall be served no later than **March 22, 2010.** Such disclosures must be made pursuant to Fed.R.Civ.P. 26(a)(2)(A) and (B) and shall include all information required thereunder. In addition, Fed.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall specifically apply to all discovery relating to expert witnesses and their opinions. Each expert witness must be fully prepared to be examined on all subjects and opinions included in the designations. Failure to comply with these requirements will result in the imposition of appropriate sanctions, which may include the preclusion of testimony or other evidence offered through the expert witness. In particular, this Court will enforce preclusion of testimony or other evidence for failure to strictly comply with Fed.R.Civ.P. 26(e).

**5.     Discovery Cutoffs.**

All nonexpert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **February 12, 2010.** All expert discovery and related discovery motions (including motions to compel) shall be completed or heard no later than **April 9, 2010.**

**6.     Pretrial Motion Schedule.**

All pretrial motions, both dispositive and nondispositive (except discovery motions addressed above), shall be served <u>and filed</u> no later than **May 7, 2010.** All pretrial dispositive and nondispositive motions (except discovery motions addressed above) shall be set before the appropriate judge for a hearing to be conducted no later than **June 14, 2010.**

At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

**7.     Mandatory Settlement Conference.**

A settlement conference will not be set at this time. Counsel for the parties have represented that they are amenable to good faith settlement discussions and may participate in a private mediation session in September of 2009 under certain circumstances. The parties may later request that a settlement

conference be set in this matter. In that event, the settlement conference will be conducted in Department 10 (GSA) before United States Magistrate Judge Gary S. Austin. Unless otherwise permitted in advance by the Court, **the attorneys who will try the case** shall appear at the settlement conference, *should one be scheduled*, **with the parties and the person or persons having full authority** to negotiate and settle the case, on any terms, at the conference. This Court sets a settlement conference for **May 25, 2010 at 10:30 a.m.** in Department 10 before United States Magistrate Judge Gary S. Austin. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference.

**No later than five Court days before the settlement conference,** each party shall submit directly to the settlement conference judge's chambers a confidential settlement conference statement. This statement should neither be filed with the clerk of the Court nor served on any other party. Each statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory settlement conference indicated prominently. Counsel are urged to request the return of their statements. If such request is not made, the Court will dispose of the statement.

The confidential settlement conference statement shall include the following:

A. A brief statement of the facts of the case;

B. A brief statement of the claims and defenses (i.e., statutory or other grounds upon which the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses, and a description of the major issues in dispute;

C. A summary of the proceedings to date;

D. An estimate of the cost and time to be expended for further pretrial and trial matters, including discovery;

E. The relief sought; and

F. The party's position on settlement, **including the amount which or otherwise what the party will accept to settle, realistic settlement expectations**, present demands and offers, and a history of past settlement discussions, offers, and demands.

This Court will vacate the settlement conference if the Court finds the settlement conference will

be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

**8.     Pretrial Conference.**

A pretrial conference is set for **July 12, 2010 at 8:15 a.m.** in Department 4 (LJO) of this Court before the Honorable Lawrence J. O'Neill, United States District Judge. The parties are directed to file a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to ljoorders@caed.uscourts.gov.

The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. This Court will insist upon strict compliance with those rules.

At the pretrial conference, the Court will set deadlines, among others, to file motions in limine, final witness and exhibits lists, objections thereto, and other trial documents.

**9.     Trial Date.**

An estimated 16-21 day jury trial is set for **August 23, 2010 at 9:00 a.m.** in Courtroom 4 before the Honorable Lawrence J. O'Neill, United States District Court Judge. The parties' attention is directed to Local Rule 16-285 for preparation of trial briefs.

**10.    Request for Bifurcation, Appointment of Special Master, or Other Techniques to Shorten Trial.**

The ABM Defendants anticipate that they will request bifurcation of the issue of punitive damages. Additionally, the ABM Defendants may move the Court for an order severing the trials of those members whose grievances formed the basis of the original complaint and complaint-in-intervention and the trials of any members of the aggrieved group of discriminatees whose claims are factually distinct from the original group.

The Plaintiff and Plaintiff-Intervenors do not anticipate requesting severance, bifurcation, or other ordering of proof at this time, but have asked to reserve the right to request such proposals later as needed in the conduct of this litigation.

**11.  Effect Of This Order.**

This order represents the best estimate of the Court and parties as to the agenda most suitable to dispose of this case.  If the parties determine at any time that the schedule outlined in this order cannot be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent status conference.  Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations with attached exhibits, where appropriate, which establish good cause for granting the relief requested.

Failure to comply with this order shall result in the imposition of sanctions.

**IT IS SO ORDERED.**

Dated:   **July 28, 2009**                           **/s/ Gary S. Austin**
                                                     **UNITED STATES MAGISTRATE JUDGE**