LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Email: lhayward@littler.com

KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583
Email: kjacoby@littler.com

Attorneys for Defendants

ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL NORTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH SIX,<br><br>Plaintiff Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL SERVICES-NORTHERN CALIFORNIA; Does 1 - 10 inclusive,<br><br>Defendants. | Case No. 1: 07 CV 01428 LJO-BAK GSA<br><br>**DEFENDANTS ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. AND ABM JANITORIAL SERVICES-NORTHERN CALIFORNIA'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>FAC Filed: July 17, 2009<br>Judge: Hon. Lawrence J. O' Neill |

Defendants ABM INDUSTRIES, INCORPORATED (incorrectly identified in Plaintiff's First Amended Complaint as "ABM Industries Incorporated"), ABM JANITORIAL SERVICES,

INC., and ABM JANITORIAL SERVICES-NORTHERN CALIFORNIA ("collectively referred to as "Defendants"), by and through the undersigned counsel, hereby submit their Answer to Plaintiff's First Amended Complaint. All allegations not specifically admitted in this Answer are denied. For their Answer to Plaintiff's First Amended Complaint, Defendants admit, deny, and allege as follows:

## NATURE OF THE ACTION

Answering the allegations set forth in Plaintiff's "Nature of the Action" paragraph, Defendants deny the allegations set forth therein, except that Defendants admit that Plaintiff purports to bring this lawsuit pursuant to Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991. Defendants deny the remaining allegations set forth in Plaintiff's "Nature of the Action" paragraph. Moreover, Erika Morales and any similarly situated individuals were never employees of ABM Industries, Incorporated or of ABM Janitorial Services, Inc. Defendants are informed and believe that Erika Morales and any similarly situated individuals were employed by ABM Janitorial Services-Northern California only.

## JURISDICTION AND VENUE

1.      In response to Paragraph 1 of Plaintiff's First Amended Complaint, Defendants admit that this Court appropriately exercises jurisdiction over claims brought pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345, but deny that there is specific jurisdiction in this case.

2.      In response to Paragraph 2 of Plaintiff's First Amended Complaint, Defendants are without knowledge or belief that the employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of California and thus deny said allegations. Defendants admit only that this action would be appropriate for assignment to the United States District Court for the Eastern District of California, if there were jurisdiction, which Defendants deny. Defendants further deny that they engaged in any unlawful employment practices.

## PARTIES

3.      In response to Paragraph 3 of Plaintiff's First Amended Complaint, Defendants admit that Plaintiff is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and is expressly authorized to bring civil action by

1  Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3) and 2000e-6(e).

2  Nonetheless, Defendants deny that Plaintiff is expressly authorized to bring this particular action.

3      4.   In response to Paragraph 4 of Plaintiff's First Amended Complaint, Defendants admit that Defendant ABM Janitorial Services – Northern California employs janitorial employees and does business in the State of California. Defendants deny the remaining allegations contained in Paragraph 4.

7      5.   In response to Paragraph 5 of Plaintiff's First Amended Complaint, Defendants admit only that Defendant ABM Industries, Incorporated and ABM Janitorial Services – Northern California employ at least 15 employees and do business in the State of California. Defendants deny the remaining allegations contained in Paragraph 5.

11     6.   In response to Paragraph 6 of Plaintiff's First Amended Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

13     7.   In response to Paragraph 7 of Plaintiff's First Amended Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

15     8.   In response to Paragraph 8 of Plaintiff's First Amended Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

**STATEMENT OF CLAIMS**

18     9.   In response to Paragraph 9 of Plaintiff's First Amended Complaint, Defendants admit only that Erika Morales filed a charge with the EEOC more than thirty days prior to the institution of this lawsuit. Defendants deny each and every of the remaining allegations contained therein.

21     10.  In response to Paragraph 10 of Plaintiff's First Amended Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

23     11.  In response to Paragraph 11 of Plaintiff's First Amended Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

25     12.  In response to Paragraph 12 of Plaintiff's First Amended Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

27     13.  In response to Paragraph 13 of Plaintiff's First Amended Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFF EEOC'S FIRST AMENDED COMPLAINT    3.    CASE NO. 1:07 CV 01428 LJO BAK GSA

14. In response to Paragraph 14 of Plaintiff's First Amended Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

15. In response to Paragraph 15 of Plaintiff's First Amended Complaint, Defendants deny each and every, all and several, of the allegations contained therein.

## PRAYER FOR RELIEF

In response to Plaintiff's various Prayers for Relief contained in its First Amended Complaint, Defendants deny that Erika Morales or allegedly similarly situated individuals are entitled to any type of relief, including compensatory damages, punitive damages, or injunctive relief.

## AFFIRMATIVE DEFENSES

Defendants ABM Industries, Incorporated and ABM Janitorial Services, Inc. are not the employer of Ms. Morales or any similarly situated individuals. Nonetheless, Defendants, and each of them, assert the following defenses, in order to preserve them should Plaintiff persist in its claims against an entity not the employer of Ms. Morales or any similarly situated individuals:

1. Plaintiff EEOC, Plaintiff-Intervenors and Claimants have failed to state a claim upon which relief may be granted.

2. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims against ABM Industries, Incorporated and ABM Janitorial Services, Inc. are barred because said entities named in Plaintiff's First Amended Complaint were at no time the correct employers, under any theory, of Ms. Morales, or any similarly situated individuals.

3. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims for injunctive relief are barred, in whole or in part, because Ms. Morales and those allegedly similarly situated have not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of Defendants, nor is there any other threat of irreparable harm.

4. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are barred, in whole or in part, because Plaintiff-Intervenors and Claimants, and any others seeking recovery, failed to exhaust their administrative remedies.

5. Any emotional harm suffered by Ms. Morales or any similarly situated individuals

was caused by some entity or person(s) other than Defendants.

6. Defendants allege that all acts taken by the employer of Ms. Morales or any similarly situated individuals, ABM Janitorial Services-Northern California, or anyone acting on behalf of that employer were just fair, privileged, with good cause, in good faith, without malice or intent to discriminate or harass, and for lawful and legitimate reasons. The employer of Ms. Morales, or any similarly situated individuals engaged in good faith efforts to comply with Title VII and otherwise acted within the scope of the exceptions to vicarious liability for punitive damages enumerated by the Supreme Court in *Kolstad v. American Dental Assoc'n.*, 527 U.S. 526 (1999).

7. Plaintiff EEOC, Plaintiff-Intervenors and Claimants have failed to state facts sufficient to set forth a claim for compensatory, exemplary, or punitive damages, or equitable relief under 42 U.S.C. § 1981.

8. Recovery is limited by the statutory caps on compensatory and punitive damages recoverable in actions arising under Title VII.

9. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to, 42 U.S.C. §§ 2000e et seq., or their failure to timely file a civil action under 42 U.S.C. § 2000e-5(f). Plaintiff-Intervenors and Claimants' state law claims are barred, in whole or in part, by the applicable statute of limitations, including, but not limited to Cal. Code of Civ. P. §§335.1, 340(c); Cal. Gov. Code § 12965(b).

10. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are barred, in whole or in part, because Ms. Morales or any similarly situated individuals failed to properly mitigate any damages allegedly suffered.

11. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are barred, in whole or in part, because there is not a substantial likelihood of them prevailing on the merits of this action.

12. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are barred, in whole or in part, because Ms. Morales and any similarly situated individuals failed to properly protect themselves against avoidable consequences.

13. Defendants made good faith efforts to comply with Title VII and all other equal opportunity obligations and requirements.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFF EEOC'S FIRST AMENDED COMPLAINT      5.      CASE NO. 1:07 CV 01428 LJO BAK GSA

14. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are barred from any remedy, or certain remedies, under the doctrine of unclean hands, based in part upon the falsification of employment applications by Ms. Morales and/or any similarly situated employees.

15. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are barred from any remedy, or certain remedies, under the doctrine of laches based in part upon the failure of Ms. Morales and any similarly situated employees to timely report any alleged misconduct in violation of Company policy.

16. Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that the First-Amended Complaint and each cause of action therein are barred from any remedy, or certain remedies, by the equitable doctrine of waiver. Defendants shall beg leave of court to assert additional facts in support of this affirmative defense upon discovery thereof.

17. Defendants are informed and believe that further investigation and discovery will reveal, and on that basis allege, that the First-Amended Complaint and each cause of action therein are barred from any remedy, or certain remedies, by the equitable doctrine of estoppel. Defendants shall beg leave of court to assert additional facts in support of this affirmative defense upon discovery thereof.

18. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are barred to the extent they purport to bring claims on behalf of unnamed anonymous individuals.

19. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are barred to the extent they purport to bring claims against unnamed Doe Defendants.

20. To the extent that any unlawful or other wrongful acts were committed by any person(s) employed by Defendants, such acts, if any, were outside the scope of their authority and were neither authorized, ratified, nor condoned by Defendants, nor did Defendants now or have reason to know of such conduct.

21. To the extent that Plaintiff EEOC, Plaintiff-Intervenors and Claimants seek damages for purported physical or emotional injuries allegedly suffered arising out of or in the course of the employment of Ms. Morales and any similarly situated employees, their sole and exclusive remedy

in this respect is governed by the workers' compensation laws of the state of California.

22. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are barred, in whole or in part, by virtue of Ms. Morales' or any similarly situated individuals' consent to any alleged unlawful acts.

23. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are subject to the doctrine of after-acquired evidence and as such, any remedy or recovery to which Ms. Morales or any similarly situated individuals may be entitled must be denied or reduced accordingly.

24. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are barred because neither Plaintiff nor Ms. Morales nor any similarly situated individuals exhausted administrative remedies before filing suit, including but not limited to failure to follow the conciliation process at all, or in good faith.

25. Plaintiff EEOC, Plaintiff-Intervenors and Claimants' claims are barred in part or in whole because Defendants exercised reasonable care to prevent and correct promptly any sexually harassing behavior and Ms. Morales and any allegedly similarly situated individuals unreasonably failed to take advantage of the preventive or corrective opportunities provided by Defendants, or to avoid harm otherwise. *Burlington Industries, Inc. v. Ellerth* (1998) 524 US 742, 764–765, 118 S.Ct. 2257, 2270; *Faragher v. City of Boca Raton* (1998) 524 US 775, 806, 118 S.Ct. 2275, 2292–2293.

26. Because Plaintiff's First Amended Complaint is couched in conclusory and vague terms, Defendants cannot fully anticipate all the affirmative defenses that may be applicable to this case. Accordingly, Defendants reserve the right to amend their Answer to add any applicable defenses revealed during any later proceedings in this case.

WHEREFORE, Defendants pray:

1. That Plaintiff EEOC, Plaintiff-Intervenors and Claimants take nothing by reason of Plaintiff's First Amended Complaint;

2. That judgment be entered in favor of Defendants, and against Plaintiff EEOC, Plaintiff-Intervenors and Claimants, and that the First Amended Complaint be dismissed with prejudice;

3. That Defendants be awarded their attorneys' fees and costs of suit incurred herein;

and

    4.    For such other and further relief as the Court may deem just and proper.

Date: August 5, 2009        By: _____
                                      Keith A. Jacoby
                                      Laura E. Hayward
                                      Attorneys for Defendants
                                      ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. AND ABM JANITORIAL SERVICES NORTHERN CALIFORNIA

Firmwide:91023939.1 054667.1005

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' ANSWER TO PLAINTIFF EEOC'S FIRST AMENDED COMPLAINT     8.    CASE NO. 1:07 CV 01428 LJO BAK GSA