1  LAURA E. HAYWARD, Bar No. 204014
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street, 20th Floor
3  San Francisco, CA  94108.2693
   Telephone:    415.433.1940
4  Email:  lhayward@littler.com

5  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON
6  A Professional Corporation
   2049 Century Park East, 5th Floor
7  Los Angeles, CA  90067.3107
   Telephone:    310.553.0308
8  Facsimile:    310.553.5583
   Email:  kjacoby@littler.com

9
   Attorneys for Defendants
10
   ABM INDUSTRIES INCORPORATED; ABM
11 JANITORIAL SERVICES, INC. and ABM
   JANITORIAL NORTHERN CALIFORNIA
12

13                    UNITED STATES DISTRICT COURT

14                  EASTERN DISTRICT OF CALIFORNIA

15

16 | U.S. EQUAL EMPLOYMENT          | Case No. 1: 07 CV 01428 LJO-BAK GSA
   | OPPORTUNITY COMMISSION,        |
17 |                                | **DECLARATION OF LAURA E. HAYWARD
   |            Plaintiff,           | IN SUPPORT OF THE PARTIES' JOINT
18 |                                | STATEMENT OF DISCOVERY
   | ERIKA MORALES and ANONYMOUS    | DISAGREEMENTS RE: DEFENDANTS'
19 | PLAINTIFFS ONE THROUGH EIGHT,  | MOTION TO COMPEL PLAINTIFF'S
   |                                | RESPONSES TO ABM JANITORIAL
20 |         Plaintiff Intervenors, | SERVICES NORTHERN CALIFORNIA'S
   |                                | FIRST SET OF REQUESTS FOR
21 |       v.                       | PRODUCTION OF DOCUMENTS**
   |                                |
22 | ABM INDUSTRIES INCORPORATED    | Hearing:    August 14, 2009
   | and ABM JANITORIAL SERVICES,   | Time:       9:30 a.m.
23 | INC.; ABM JANITORIAL NORTHERN  | Judge:      Hon. Gary S. Austin
   | CALIFORNIA; JOE VASQUEZ; Does 1 -| Courtroom: 10
24 | 10 inclusive,                  |
   |                                |
25 |            Defendants.         |

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

**DECLARATION OF LAURA E.
HAYWARD**                                    **CASE NO. 1:07 CV 01428 LJO BAK GSA**

I, Laura E. Hayward, hereby declare and state:

1.      I am a shareholder in the law firm of Littler Mendelson, a Professional Corporation, and counsel of record for Defendants ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL NORTHERN CALIFORNIA in the above-captioned matter. I have personal knowledge of the matters set forth herein and, if called as a witness, could competently testify thereto.

2.      On December 23, 2008, Magistrate Judge Theresa Goldner limited the EEOC's requests for employee lists and complaints of sexual harassment to the eleven counties making up the Eastern District, i.e. Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolumne. A true and correct copy of Judge Goldner's December 23, 2008 Order is attached hereto as Exhibit "A."

3.      On or about January 28, 2009, and after Defendants provided the contact information for over 4000 current and former ABM employees employed from January 1, 2000 to present in the eleven counties that make up the Eastern District, the EEOC sent a letter and questionnaire to current and former ABM employees. A true and correct copy of the EEOC's January 28, 2009 letter and accompanying questionnaire is attached hereto as Exhibit "B."

4.      Defendants were made aware of the questionnaire when a current employee of ABM received the EEOC's letter and questionnaire and subsequently distributed it to another, higher level ABM employee.

5.      The EEOC is aware that Defendants have seen its letter and questionnaire because defense counsel requested that the EEOC make changes to the language contained within the letter. Specifically, Defendants believed that the statement in bold that "**You must respond to this questionnaire and to this letter by February 16, 2009**," coupled with the use of government letterhead, would likely mislead the recipients into believing that they were required to return the form.

6.      Additional "Notices of Investigation" were also distributed by Plaintiff-Intervenors. Again, these notices sought information "concerning sexual harassment at ABM," but made no mention of entering into any attorney-client relationship with either the EEOC or

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DECLARATION OF LAURA E. HAYWARD                    CASE NO. 1:07 CV 01428 LJO BAK GSA

Plaintiff-Intervenors' counsel. A true and correct copy of an exemplar of a Notice posted by Plaintiff-Intervenors is attached hereto as Exhibit "C."

7.    On or about May 4, 2009, ABM Janitorial Services Northern California served their First Request for Production of Documents on Plaintiff, which sought all notices, questionnaires and letters that were sent to current and former employees of ABM by the EEOC as well as any responses received to such questionnaires. A true and correct copy of ABM Janitorial Services Northern California's First Set of Requests for Production is attached hereto as Exhibit "D."

8.    The EEOC served its responses to ABM Janitorial Services Northern California's First Set of Requests for Production on or about June 4, 2009 by objecting to each of Defendant's requests for production of documents. Attached to its responses, the EEOC also served a privilege log, which presumably lists each of the individuals who responded to its questionnaire. A true and correct copy of the EEOC's responses and privilege log is attached hereto as Exhibit "E."

9.    On June 15, 2009, Keith Jacoby and I met and conferred with Lorena Garcia and Victor Viramontes, counsel for the EEOC, at the Eastern District Courthouse. We informed the EEOC that Defendants believed they were entitled to the discovery requested by Defendant ABM Janitorial Services Northern California's First Set of Requests for Production of Documents for all of the individuals contained in the privilege log who did not ultimately become claimants in the lawsuit on the basis that no attorney-client relationship was formed. We also indicated in response to the EEOC's contention, that we did not believe the letter or survey to be work product. We indicated that should the parties not be able to reach agreement, that Defendants would file a Motion to Compel.

10.    On June 30, 2009, I sent a meet and confer letter as a follow up to my discussion with the EEOC's counsel on June 25, 2009, wherein I restated Defendants' position that they are entitled to all discovery requested by ABM Janitorial Services Northern California's First Set of Requests for Production and provided supporting authorities. A true and correct copy of my June 30, 2009 letter is attached hereto as Exhibit "F."

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

**DECLARATION OF LAURA E. HAYWARD**                     2.                     **CASE NO. 1:07 CV 01428 LJO BAK GSA**

1       11.     In an email dated July 1, 2009, Mr. Viramontes, counsel for the EEOC

2    indicated that he would review the authorities provided by Defendants and provide a response.   On

3    July 10, 2009 during a meet and confer phone conference between all parties, I asked Mr.

4    Viramontes to disclose the EEOC's position.   Mr. Viramontes stated that he needed until Monday

5    July 13, 2009 to review additional authorities.   After the call I sent a confirming email allowing the

6    EEOC until Monday to provide their position, and indicated that if I did not hear back from Mr.

7    Viramontes by the end of the day Monday, that Defendants would file their Notice of Motion and

8    Motion and submit their draft of the Joint Statement to Plaintiffs. A true and correct copy of my

9    July 10, 2009 email is attached hereto as Exhibit "G."

10           I declare under penalty of perjury under the laws of the State of California and of

11   the United States of America that the foregoing is true and correct.

12           Executed this /0th day of Aug, 2009 in San Francisco, California.

13

14                                                       LAURA E. HAYWARD

15

16   Firmwide:90759033.1 054667.1005

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

**DECLARATION OF LAURA E.
HAYWARD**                         3.          **CASE NO. 1:07 CV 01428 LJO BAK GSA**

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | Case No.  1:07-cv-01428-LJO-TAG |
| Plaintiff, | ORDER GRANTING IN PART AND DENYING IN PART MOTION TO COMPEL DISCOVERY (Docs. 58, 59) |
| ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT, | |
| Plaintiff-Intervenors, | |
| v. | |
| ABM INDUSTRIES INCORPORATED, et al, | |
| Defendants. | |
| _____/ | |

Plaintiff United States Equal Employment Opportunity Commission (EEOC) seeks an

order compelling defendants ABM Industries and ABM Janitorial Services, Inc. ("Defendants") to

respond and produce documents in response to the EEOC's Request for Production of Documents,

sets number one and two, numbered 16, 17, 18, 150, 152, 159, 160, and 161.  (Doc. 59).  In

accordance with Local Rule 23-232, the parties met, conferred, and filed a joint statement

regarding their discovery disagreement.  (Doc. 60, "Joint Statement of Discovery Disagreements").

The Court has read and considered the pleadings and the arguments of counsel, and makes the

following ruling.

**FACTUAL AND PROCEDURAL BACKGROUND**

On September 28, 2007, the EEOC commenced this civil action against Defendants.  (Doc.

1

1 | 1).  The complaint alleges unlawful employment practices in violation of Title VII of the Civil

2 | Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991.  (*Id.*).  The complaint

3 | alleges that Defendants engaged in unlawful employment practices and in a pattern of such

4 | practices in violation of Sections 703 and 707 of Title VII by subjecting Erika Morales and

5 | similarly situated individuals to sexual harassment at the work site by supervisors.   The complaint

6 | further alleges that Defendants failed to exercise reasonable care to prevent and correct promptly

7 | the sexually harassing behavior.  Class action status is sought under Section 706.  (Doc. 1,

8 | paragraphs 10, 12; Doc. 60 at pp.26, 27.)

9 |         On November 29, 2007, Defendants filed an answer to the complaint.  (Doc. 14).  On

10 | November 30, 2007, Defendants filed an amended answer to the complaint. (Doc. 15).  On March

11 | 7, 2008, Erika Morales and eight anonymous plaintiffs filed a complaint in intervention against

12 | Defendants, ABM Janitorial Northern California, and Jose Vasquez. (Doc. 27).  On March 27,

13 | 2008, Defendants and ABM Janitorial Northern California filed an answer to the complaint in

14 | intervention. (Doc. 29).  On May 13, 2008, Jose Vasquez filed am answer to the complaint in

15 | intervention.  (Doc. 33).  Defendants, ABM Janitorial Northern California, and Jose Vasquez deny

16 | the allegations in the complaints and raise various defenses.  Discovery cut-off regarding class

17 | certification is set for March 20, 2009.  (Doc. 51).

18 |         On April 10, 2008, the EEOC served Defendants with a Request for Production of

19 | Documents, Set One (Doc. 60, Exhs. 1 and 2).  On May 27, 2008, Defendants objected to the

20 | discovery request and failed to produce responsive documents.  (Doc. 60, Exh. 4-6).  On May 19,

21 | 2008, the EEOC served Defendants with a Request for Production of Documents, Set Two.  (Doc.

22 | 60, Exhs. 7, 8).  On June 23, 2008, Defendants again objected to the discovery request and failed to

23 | produce responsive documents.  (Doc. 60, Exhs. 9, 10).  However, on August 11, 2008, Defendants

24 | provided the EEOC with a list of employees in Bakersfield, California, but did not include contact

25 | information. (Doc. 60, Exh. 12).  On October 27, 2008, Plaintiff EEOC filed an amended Motion

26 | to Compel Defendants to Respond and Produce Responsive Documents to EEOC's Request for

27 |

1  Production of Documents, Set No. One and Set No. Two, Nos.16, 17, 18, 150, 151, 152, 159, 160,

2  and 161. (Doc. 59).

3  <u>ANALYSIS & DISCUSSION</u>

4  **A.    Discovery overview**

5  The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair

6  contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United*

7  *States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983 (1958), and to narrow and clarify

8  the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385 (1947).

9  Fed. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

10  Parties may obtain discovery regarding any nonprivileged matter that is relevant to any
    party's claim or defense - including the existence, description, nature, custody, condition,

11  and location of any documents or other tangible things and the identity and location of
    persons who know any discoverable matter. For good cause, the court may order discovery

12  of any matter relevant to the subject matter involved in the action. Relevant information
    need not be admissible at trial if the discovery appears reasonably calculated to lead to the

13  discovery of admissible evidence. All evidence is subject to the limitations imposed by
    Rule 26(b)(2)(C)[1].

14
    "Although [discovery] does have its boundaries, the scope of discovery is broadly construed."

15
    *Babbitt, et al. v. Albertson's Inc.*, 1992 WL 605652 *5 (N.D. Cal. 1992)(citing *Oppenheimer Fund*

16
    *v. Sanders*, 437 U.S. 340, 98 S. CT. 2380 (1978). Furthermore, in Title VII cases, courts should

17
    avoid placing unnecessary limitations on discovery. *Jackson v. Montgomery Ward & Co.*, 173

18
    F.R.D. 524, 526 (D. Nev. 1997). And, finally, "[t]he party who resists discovery has the burden to

19
    show that discovery should not be allowed, and has the burden of clarifying, explaining, and

20
    supporting its objections." *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998);

21
    *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

22  **B.    Requests for Production of Documents**

23

24  _____

25  [1]Rule 26(b)(2)(c) authorizes the court to limit the frequency and extent of discovery when the discovery is
    sought is unreasonably cumulative or duplicative, can be obtained from some other source that is more convenient or less

26  burdensome or expensive, the party seeking the discovery has had ample opportunity to obtain it, or the burden or
    expense of the discovery outweighs the likely benefit.

27

3

1    Fed.R.Civ.P. 34(b)(2)(B) requires a written response to a request for production to "state

2  that inspection and related activities will be permitted as requested or state an objection to the

3  request, including the reasons." The request is sufficient if the documents or things to be produced

4  are described by item or category with "reasonable particularity" in the request. Fed. R.Civ. P.

5  34(b)(1)(A). A party upon whom the request is served must serve its written response within 30

6  days after the service of the request. Fed.R.Civ.P. 34(b)(2)(A). A responding party is obliged to

7  produce all designated and nonprivileged documents, tangible things, or electronically stored

8  information which are in its "possession, custody or control." Fed.R.Civ.P. 34(a); *Norman*

9  *Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F.Supp. 511, 512 (W.D. Pa. 1983). The

10  propounding party may seek an order compelling production or inspection if a party "fails to

11  respond that inspection will be permitted - or fails to permit inspection - as requested under Rule

12  34." Fed.R.Civ.P. 37(a)(3)(B)(iv). Failure to object to discovery requests in a timely fashion

13  constitutes a waiver of any objection. *See, Richmark Corp. v. Timber Falling Consultants*, 959

14  F.2d 1468, 1473 (9th Cir. 1992).

15    Plaintiff properly served both of its Requests for Production of Documents on Defendants.

16  Defendants objected to them in a timely fashion. Pursuant to the Joint Statement of Discovery

17  Disagreements (Doc. 60) and the representations of counsel made at the hearing in this matter, the

18  discovery issues in dispute are summarized as follows:

19    1. The EEOC seeks an order compelling Defendants to provide the names and contact

20  information of janitorial employees employed by Defendants and ABM Janitorial Services-

21  Northern California in California from 2001 to the present, in response to the EEOC's Request for

22  Production of Documents, Set One, Requests 16, 17, and 18, and the EEOC's Request for

23  Production of Documents, Set No. Two, Request 152;

24    2. The EEOC seeks an order compelling Defendants to provide the names and contact

25  information of janitorial employees who have worked with or worked under Jose Vasquez (the

26  alleged harasser) and Javier Vasquez (Jose Vasquez's supervisor and cousin) from 2004 to the

27

4

1  present or during their employment with Defendants, in response to the EEOC's Request for

2  Production of Documents, Set Two, Requests Nos. 150, 151, 152, 159, and 160;

3        3.  The EEOC seeks an order compelling Defendants to produce all documents pertaining

4  to complaints of sexual harassment made to Defendants in California, i.e., pertaining to the

5  California operations of Defendants, from January 2000 to the present, in response to the EEOC's

6  Request for Production of Documents, Set Two, Request No. 161; and

7        4.  The EEOC also seeks an order compelling Defendants to produce all documents

8  responsive to the EEOC's Requests for Production Nos. 16, 17, 18, 150, 151, 152, 159, 160, and

9  161.

10        Defendants do not oppose the EEOC's discovery directed at employees who worked with

11  defendant Jose Vasquez.  However, Defendants assert that the EEOC is not entitled to conduct

12  statewide discovery directed at employees who have not worked with Jose Vasquez.  Defendants

13  contend that the EEOC's discovery request exceeds the scope of this litigation and the EEOC has

14  failed to show why it is entitled to the information sought.

15  **C. Analysis**

16      1.  <u>Requests for Production Nos. 16, 17, and 18 - Set One.</u>

17        As amended by Plaintiff EEOC (Doc. 60, p. 17), Request 16 directs Defendants to:

18        Identify and produce all documents identifying each janitorial employee who has worked

19  and/or has been working for ABM Industries Incorporated from January 1, 2001 to the present

20  within the state of California.

21        As amended by Plaintiff EEOC, Request 17 directs Defendants to:

22        Identify and produce all documents identifying each janitorial employee who has worked

23  and/or has been working for ABM Janitorial Services, Inc. from January 1, 2001 to the present

24  within the state of California.

25        As amended by Plaintiff EEOC, Request 18 directs Defendants to:

26        Identify and produce all documents identifying each janitorial employee who has worked

27

1  and/or has been working for ABM Janitorial Services-Northern California from January 1, 2001 to
2  the present within the state of California.

3      Defendants objected to these Requests on the grounds that they are overbroad, burdensome,
4  oppressive, seek information that is neither relevant nor calculated to lead to admissible evidence,
5  are unduly duplicative and repetitive, evade the privacy rights of non-parties, and the entity from
6  whom the information is sought is not the employer.

7      (A) Precertification discovery.

8      When managing discovery in a class action context, the Court must "balance the need to
9  promote effective case management, the need to prevent potential abuse, and the need to protect
10  the rights of all parties." *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo.
11  1988)(citation omitted).  Consequently, the discovery must be broad enough to give the plaintiffs
12  "a realistic opportunity to meet [the certification] requirements."  *National Organization for*
13  *Women, Farmington Chapter v. Sperry Rand Corp.*, 88 F.R.D. 272, 276-277 (D. Conn. 1980)).
14  However, it must also protect the defendants against discovery that is irrelevant or  invades
15  privileged or confidential areas. Tracy, 185 F.R.D. at 303.  Precertification discovery is within the
16  discretion of the court, and limitations may be imposed within the court's discretion. *See Barnhart*
17  *v. Safeway Stores, Inc.*, 1992 WL 443561 *2 (E.D.Cal. 1992)

18      The issue is the geographic scope of precertification discovery.  The EEOC proposes to
19  conduct statewide discovery and contends it is entitled to do so because (1) Defendants are national
20  companies operating throughout the state of California and the EEOC's complaint alleges a
21  systemic pattern or practice of sexual harassment; (2) Defendants maintain national sexual
22  harassment policies; and (3) court records and a sealed document suggest that Defendants' pattern
23  or practice of sexual harassment extends beyond the immediate vicinity of Bakersfield, California."
24  (Doc. 60, p. 4).

25      The challenge raised to each Request at issue focuses largely on relevance, framed in the
26  argument that the EEOC is only permitted to litigate claims that are "like or related to" the

27

1   substance of the allegations in the administrative charge.  Defendants assert that because nothing in

2   the EEOC's determination letter reasonably relates to anyone other than Jose Vasquez or to any

3   location other than the Bakersfield area work sites where Jose Vasquez performed his work for

4   Defendants, and because neither the EEOC nor the intervening Plaintiffs contend that they were

5   harassed by anyone other than Jose Vasquez or that they were harassed anywhere other than at

6   work sites where Jose Vasquez also worked, the statewide information that the EEOC seeks to

7   discover goes well beyond the scope of the EEOC investigation. Therefore, according to

8   Defendants, the Court may not properly compel discovery of the names and contact information of

9   janitorial employees employed by Defendant ABM Industries Incorporated, ABM Janitorial

10  Services, Inc., and ABM Janitorial Services Northern California throughout all of California during

11  the specified time period.[2]

12        Defendants cite the case of *EEOC v. Jillian's of Indianapolis, IN, Inc.,* 279 F.Supp.2d 974,

13  982-985 (S.D. Ind. 2003) for the proposition that "[w]hile the EEOC has broad powers to conduct

14  *pre-litigation* investigations at the charge and conciliation stages, the permissible scope of

15  discovery in *litigation* is far narrower and bounded by the scope of the charge and the underlying

16  investigation." (Doc. 60 at pp. 6-7.)  Other decisional authority provided to support this position,

17  as well as various other aspects of Defendants' arguments challenging the statewide reach of the

18  challenged discovery, include: *Serrano v. Cintas Corp.,* 2008 WL 4791677 (E.D. Mich. October

19  27, 2008); *EEOC v. Outback Steak House of Fla. Inc.,* 520 F.Supp.2d 1250 (D. Colo. 2007);

20  *EEOC v. U.S. Bell,* 2005 WL 1683979 (N.D. Ind 2005); *EEOC v. Caterpillar Inc.,* 336 F.Supp.2d

21  858 (N.D. Ill. 2004); *EEOC v. Target Corp.,* 2007 WL 1461298 (E.D.Wis. 2007); *and EEOC v.*

22  *Delight Wholesale Co.,* 973 F.2d. 664 (8th Cir. 1992).

23        None of the cases cited by Defendants are controlling on the issue before the Court.  Some

24  of these cases involved class suits, but a number of them did not.  None of the cited cases involved

25

26      [2]Defendants represent that there are more than 21,000 former and current ABM-entity employees in California.
    (Doc. 60, p. 7).

27

1   challenges to discovery requests.  And none involved discovery requests in a  suit involving class

2   certification issues.  Here, what is at issue is the appropriate scope of discovery aimed, in whole or

3   in part, at helping the district court determine issues of class certification.  (See *Order on*

4   *Preliminary Schedule* dated August 20, 2008, setting "a March 20, 2009 cutoff date for discovery

5   regarding class certification only...." (Doc. 51.)

6        (B)  Geographic scope.

7        The geographic scope of discovery is driven by the facts of the case.  To ascertain the initial

8   facts that are at least alleged by the EEOC, the Court looks to the EEOC's complaint and any

9   evidence presented in connection with the motion.  (Doc. 1).

10       (1)  The complaint.

11       The EEOC's complaint alleges that it is brought to "provide appropriate relief to Erika

12  Morales and similarly situated individuals"  who were adversely affected by unlawful employment

13  practices.  (Doc. 1, p. 1).  It alleges that unlawful employment practices "were and are now being

14  committed within the jurisdiction of the United States District Court for the Eastern District of

15  California" and that Defendants ABM Industries Inc. and ABM Janitorial Services, Inc. are

16  corporations "doing business in California."  (Doc, 1. p, 2).

17       The allegations in the complaint are directed primarily at the conduct of one person.  It

18  alleges that *"[o]ne* of Defendants' supervisors raped a female employee at a work site.  *The*

19  *supervisor* repeatedly hugged female employees from behind and groped their private parts with

20  his hands.  On several occasions, *the supervisor* repeatedly subjected the female employees to

21  leering, suggestive and propositioning language." (Italics added) (Doc, 1, p. 4).  The complaint also

22  alleges that *the supervisor* repeatedly  hugged and groped other female employees, subjected them

23  to "leering, suggestive and propositioning language" and "exposed himself to the female

24  employees" and repeatedly subjected them to offensive behavior. (Italics added). (Doc. 1, p. 4).

25       However, the EEOC's complaint is not based entirely on the alleged conduct of a single

26  supervisor.  It also alleges that Defendants subjected Erika Morales and similarly situated

27

8

individuals to a "sexually harassing hostile environment and quid pro quo harassment . . .

perpetrated by *supervisors*... ." (Doc. 1, p. 4).   It further alleges that "*[s]upervisors* offered female

employees positions where they would drive a company vehicle and/or supervise employees in

exchange for sex." (Italics added) (*Id.*).

        (2)   The complaint-in-intervention.

      The Requests seek documents related to Defendants ABM Industries Incorporated and

ABM Janitorial Services, Inc., as well as additional parties and employees described and/or named

as defendants in the complaint-in-intervention, including ABM Janitorial Services Northern

California, Jose Vasquez, and Javier Vasquez. (Docs. 1, 27, 58).   Thus, to ascertain the contours

of the initial facts alleged in this entire action, the Court also considers the complaint-in-

intervention. (Doc. 27).

      The complaint-in-intervention alleges that it is brought on behalf of Erika Morales, eight

anonymous plaintiffs, and "similarly situated individuals" who were "subjected to a hostile work

environment and quid pro quo sexual harassment during their employment with ABM Industries

Incorporated, ABM Janitorial Services, Inc., ABM Janitorial Services Northern California."

(Doc. 27, p.2).   It alleges that unlawful employment practices were/are being committed "in

California within the jurisdiction of [this Court]" and the action "arose from occurrences in Kern

County and/or other counties covered by Local Rule 3-120(d)."   (Italics added). (Doc. 27, p. 3).

It further alleges that the intervening Plaintiffs are California residents, and that Defendant Jose

Vasquez is a resident of Kern County, California.  (Doc. 27, pp. 5-7).

      The complaint-in-intervention also alleges that Defendants ABM Industries Incorporated

and ABM Janitorial Services Inc. are Delaware corporations with corporate headquarters in San

Francisco, California and corporate agents for service of process in Los Angeles, California.  (Doc.

27, pp. 6, 9).  It further alleges that Defendant ABM Janitorial Services Northern California is a

California corporation with headquarters in San Francisco, California and a corporate agent for

service of process in Los Angeles, California. (Doc. 27, p. 6).   With respect to other matters

1  germane to this motion, it also alleges that "ABM INC was recently sued in Federal Court in

2  Minneapolis on similar charges involving female employees" and has a national "Code of Business

3  Conduct" that applies to all of the corporate defendants. (Doc, 27, pp. 8, 12-14).

4        The alleged factual premise of the intervening Plaintiffs' Title VII claims is essentially the

5  same as the EEOC's complaint. The allegations focus primarily on the conduct of supervisor

6  Defendant Jose Vasquez, but they do not pertain exclusively to him. For example, the complaint-

7  in-intervention also alleges that sexually harassing behavior "was perpetrated by *supervisors*" and

8  that "[o]ne of Defendants' supervisors Jose Vasquez raped a female employee at a work site" and

9  repeatedly "hugged female employees from behind" and "groped their private parts with his

10  hands," and repeatedly "subjected them to leering, suggestive and propositioning language."

11  (Italics added). (Doc. 27, pp. 16-17). It also alleges that Defendant Jose Vasquez "exposed

12  himself and tried to force the female employees to touch him sexually." (Doc. 27, p. 17). As in the

13  EEOC's complaint, it alleges that "*[s]upervisors* offered female employees positions where they

14  would drive a company vehicle and/or supervise employees in exchange for sex." (Italics added).

15  (Doc. 27, p. 17).

16        The Title VII sexual discrimination claim alleges that the intervening Plaintiffs were

17  subjected to "degrading comments, reduction in working hours, denial of promotional

18  opportunities, and criticism of their work for not accepting the sexual advances of ... supervisor

19  Jose Vasquez," and "conditioning of work and work privileges upon sexual favors to Jose

20  Vasquez." (Doc, 27, pp. 17-18). The Title VII quid pro quo sexual harassment claim is based

21  primarily on allegations that the intervening Plaintiffs "were subjected to unwelcome sexual

22  advances, requests for sexual favors or other verbal or physical conduct of a sexual nature by ...

23  supervisor Jose Vasquez." (Doc. 27, p. 23). The Title VII retaliation claim alleges that the

24  intervening Plaintiffs were retaliated against for complaining about the "unwanted and persistent

25  sexual advances, harassment, and discrimination against [them] by ... supervisor Jose Vasquez."

26  (Doc. 27, pp.24-25).

27

1   It is apparent from the foregoing pleadings that the focus of the Title VII claims in this

2   action are premised on the alleged conduct of Jose Vasquez, but they are not entirely limited to his

3   conduct.  The pleadings do not delineate the geographic location of the alleged sexual assaults and

4   harassment, except to allege that they occurred at the female employees' work sites.  However, the

5   declaration of Ann Ung, the current payroll manager for American Building Maintenance Co, ,

6   submitted by Defendants in opposition to this motion, declares that the intervening Plaintiffs were

7   "employed at work sites in and around Bakersfield, California, and were employed only by ABM

8   Janitorial Services-Northen California.  (Doc. 60-28, p. 2).

9                    (3) <u>Public records and declarations.</u>

10   The EEOC argues that statewide discovery is appropriate because publicly available

11   records and a sealed declaration suggest that Defendants' pattern or practice of sexual harassment

12   extends beyond the immediate vicinity of where Jose Vasquez works.  The publicly available

13   records are described in the EEOC's portion of the Joint Statement of Discovery Disagreements,

14   which states that at least three sexual harassment lawsuits were filed against ABM Industries, Inc.

15   and/or ABM Inc. in Los Angeles County Superior Court in 2007, one sexual harassment action was

16   filed against ABM Inc. in Orange County Superior Court in June 2007, and one sexual harassment

17   action was filed against "ABM janitorial entities" in the District of Minnesota.[3]  (Doc. 60, pp. 11-

18   12).  However, the Joint Statement does not relate the factual underpinning of these lawsuits, and

19   the Court has not been asked to take judicial notice of any court records or been provided a copy of

20   any court record for which judicial notice may be taken.

21   The mere fact that a lawsuit has been filed is not evidence of Plaintiffs' claims.  Moreover,

22   the declaration of Attorney Keith A. Jacoby declares that "[n]ot a single one of [the foregoing state

23   court] lawsuits resulted in an adverse finding against any Defendant." (Doc. 60-25, p. 3).  Attorney

24   Jacobsen's declaration further states that the matter of *Sandoval, et al. v. American Building*

25   ───────────────────

26   [3]Presumably, this is the same action described on page 8 of the complaint-in-intervention.  (Doc. 27).

27

11

1  *Maintenance Industries, Inc. et al.,* Case No. 0:06-cv-01772-RHK-JSM (D. Minn. 2006) "resulted

2  in an entry of summary judgment in Defendants' favor." (Doc. 60-25, p. 3).  Based on what has

3  been presented, the Court is unable to find that the lawsuits filed in other counties or the District of

4  Minnesota support a conclusion that the alleged pattern or practice of sexual harassment extends

5  throughout California.

6        The EEOC has also provided a sealed declaration of a former employee, who describes

7  being sexually assaulted by a supervisor outside of Kern County.  Ms. Ung's declaration also

8  addresses the sealed declaration, and states that according to ABM's records, the employee "was

9  allegedly harassed by a co-worker - not a supervisor- a fellow union member. This co-worker's

10  employment was terminated following a full investigation of the [employee's ] complaint," (Doc.

11  60-28, p. 3).  The Court has read and considered both declarations, finds that the sealed declaration

12  is essentially conclusory in nature, and that both  declarations provide only a modicum of evidence

13  regarding the extent of any Plaintiff's claims. .

14              (4)  Nationwide policy.

15        Finally, the EEOC argues that statewide discovery is appropriate because two of the

16  Defendants are national companies with a company-wide conduct policy.  The fact that a company

17  has a national policy is relevant to the analysis.  However, the EEOC and the intervening Plaintiffs

18  have failed to show how the national policy evidences a pattern or practice in this case, and given

19  the  dearth of other evidence presented on this issue, the Court does not find the policy's existence

20  to be persuasive.

21              (5)  Conclusion regarding geographic scope.

22        In sum, the EEOC and the intervening Plaintiffs have not presented sufficient evidence to

23  persuade the Court that the scope of discovery should extend, at least at this point, to the

24  Defendants' 21,000 person statewide workforce.  The EEOC and the intervening Plaintiffs have

25  failed to present persuasive evidence to show that statewide discovery would tend to establish the

26  class allegations or be relevant to their claims.  At most, the complaint-in-intervention alleges that

27

1   the action arose from occurrences in Kern County and/or other counties covered by Local Rule 3-

2   120(d).  The Court takes judicial notice that Local Rule 3-120(d) provides in relevant part that all

3   civil actions "arising in Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced,

4   Stanislaus, Tulare, and Tuolomne counties" shall be commenced in the Fresno Division of this

5   Court.

6           It appears to the Court that the only purpose of statewide discovery at this point, would be

7   to allow Plaintiffs to search for other employees with colorable claims, with no factual nexus other

8   than the fact that they do or did work for Defendants.  In the Court's view, this would constitute a

9   "fishing expedition" and an inappropriate use of discovery.  Accordingly, the Court concludes that

10  the appropriate geographic scope of discovery with respect to Requests 16, 17, and 18 -Set One,

11  are at most, the eleven counties covered by Local Rule 3-120(d).

12          (C)  Other objections to Requests 16, 17, and 18 - Set One.

13          The objections based on relevancy or contending that the Requests are overbroad, are

14  sustained in part and overruled in part as discussed supra.

15          Defendants have also objected to the Requests on the ground that the information sought is

16  burdensome, oppressive, and unduly duplicative and repetitive.  Defendants have not offered a

17  declaration or an affidavit sufficiently describing the particulars of the burden compliance with

18  such a request would impose on Defendants.  Fletcher v. Atex, Inc., 156 F.R.D. 45, 54 (S.D.N.Y.

19  1994).  A bare assertion of undue burden without factual allegations does not suffice.  Coker v.

20  Duke & Co., 177 F.R.D. 682, 686 (M.D. Ala. 1998); In re In-Store Advertising Sec. Litig., 163

21  F.R.D. 452, 455 (S.D. N.1995).  The Court concludes that the information requested is neither

22  unduly duplicative nor repetitive.  Accordingly, these objections are overruled.

23          Another objection Defendants raise to the discovery requests is that the entity from whom

24  the information is sought is not the employer.  This statement is not the same as saying the

25  requested information is not within a particular defendant's possession and/or control.  Moreover,

26  Fed. R. Civ. P. 26 (b)(2) lists the grounds on which the Court may limit the extent of discovery

27

13

1   otherwise allowed.  Again, Defendants have not offered a declaration or affidavit sufficiently

2   describing facts to support imposing one or more of the limits specified in Fed. R. Civ. P. 26 (c).

3   *Fletcher,* 156 F.R.D. at 54.  The burden of such a showing is theirs. *Oakes,* 179 F.R.D at 283.

4   The objection is overruled.

5         Defendants' final objection rests upon the claim that the requested information will invade

6   the privacy rights of non-parties.  Defendants do not describe what these privacy rights are, the

7   manner in which any such interest might be adversely affected, or the specific legal privilege or

8   protection implicated.  Given these circumstances, Defendants have failed to persuade the Court

9   that Defendants' objection on this ground has merit.   The objection is overruled.

10        Based on the foregoing, the motion to compel responses to Requests 16, 17, and 18 - Set

11  One will be granted, but limited in geographic scope to the counties of Calaveras, Fresno, Inyo,

12  Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolomne.

13        2.   Request for Production No. 150 - Set Two.

14        Request 150 directs Defendants to:

15        Identify and produce all documents identifying, which include but are not limited to, the

16  name, most current address and telephone numbers, of each employee who worked and/or has been

17  working under Jose Vasquez from January 1, 2004 to the present.

18        Defendants objected to the request on the grounds that it is overbroad and burdensome,

19  seeks information that is neither relevant to the instant action nor calculated to lead to the

20  discovery of admissible evidence, is unduly duplicative and repetitive, seeks to invade the  privacy

21  of third parties without compelling need, and that ABM Industries Incorporated was not

22  Plaintiffs' employer.  Ostensibly without waiving those objections, Defendant agreed to produce,

23  subject to a protective order, a list of employees who worked under Jose Vasquez, but refused to

24  produce current addresses and telephone numbers of such persons.

25        At the meet and confer process, the parties agreed that Plaintiffs had produced a partial list

26  of current employees in Bakersfield, but failed to produce contact information and a list of the

27

14

1  employees who worked with Jose Vasquez.

2  Plaintiffs have alleged that Defendants hired Jose Vasquez, a man with a criminal record of

3  sexual assault, as a janitorial employee at various work sites.  While working for Defendants and

4  on the job, Jose Vasquez is alleged to have sexually assaulted and harassed female co-workers at

5  their work sites.  Plaintiffs further alleged that Javier Vasquez, the cousin of Jose Vasquez, was

6  also an employee of Defendants and was involved in the hiring of Jose Vasquez.  After his hire,

7  Jose Vasquez was promoted to a supervisory position with his employer and continued to sexually

8  assault and harass female employees at their work sites, according to Plaintiffs' claims.

9  The discovery requested is relevant both to class certification issues and the merits of the

10  case.  The Court finds that the information and documents requested are within the permitted scope

11  of discovery, and the motion to compel with respect to Request 150 - Set Two will be granted,

12  without limitation in geographic scope.  The Court also concludes that Request 150 is not

13  overbroad, burdensome, or unduly duplicative or repetitive; each of those objections are overruled.

14  Finally, and for the reasons discussed in the ruling on the motion to compel as to Requests 16, 17,

15  and 18 - Set One supra, the objections based on grounds of privacy and the claim that ABM

16  Industries Incorporated is not the employer, are overruled.

17  3.  Request for Production No. 151 - Set Two.

18  Request 151 directs Defendants to:

19  Identify and produce all documents identifying, which include but are not limited to, the

20  name, most current address and telephone numbers, of each employee who worked and/or has been

21  working under Javier Vasquez from January 1, 2004 to the present.

22  Defendants objected to this request on the same grounds that it objected to Request 150,

23  i.e., that it is overbroad and burdensome, seeks information that is neither relevant to the instant

24  action nor calculated to lead to the discovery of admissible evidence, is unduly duplicative and

25  repetitive, seeks to invade the  privacy of third parties without a compelling need, and that ABM

26  Industries Incorporated was not Plaintiffs' employer.  Defendants also objected on the ground that

27

15

1    Request 151 seeks information pertaining to a non-party.

2         At the meet and confer process, the parties agreed that Defendants produced a partial list of

3    current employees in Bakersfield, but failed to produce contact information for those employees or

4    a list of employees with the requested contact information who worked with Javier Vasquez.

5         Plaintiffs contend that Javier Vasquez is Jose Vasquez's cousin and an employee of

6    Defendants.  Although the EEOC's complaint does not specifically address the issue, the EEOC

7    contends at page 3 of the Joint Statement of Discovery Disagreements that Javier Vasquez played a

8    role in the decision to hire Jose Vasquez, oversaw the work environment where the alleged sexual

9    assaults and harassment occurred, and was Jose Vasquez's supervisor.  (Doc. 60, pp. 5, 10).

10   If found true, the fact that Javier Vasquez was responsible for hiring and supervising Jose Vasquez,

11   supports the notion that Javier Vasquez did not protect employees in his ultimate charge.

12        The Court concludes that discovering the identities of, and contact information for,

13   Defendants' employees who worked with or under Javier Vasquez is calculated to lead to the

14   discovery of relevant evidence and is therefore properly within the scope of discovery.  The Court

15   also concludes that the information sought is not overbroad, burdensome, unduly duplicative, or

16   repetitive, and each of those objections are overruled.  For the reasons discussed supra, the Court

17   also overrules the objections based on privacy, the claim that ABM Industries Incorporated was not

18   Plaintiffs' employer, and the claim that Request 151 seeks information pertaining to a non-party.

19   The motion to compel will be granted as to Request 151-Set One, and will not be limited in

20   geographic scope.

21        4.   Request for Production No. 152 - Set Two.

22        Request 152 directs Defendants to:

23        Identify and produce all documents identifying, which include but are not limited to, the

24   name, most current address and telephone numbers, of each employee who worked and/or has been

25

26

27

16

1   working for you from January 1, 2004 to the present.[4]

2       Defendants objected to this Request on the same grounds that they objected to Request 150,

3   i.e., that it is overbroad and burdensome, seeks information that is neither relevant to the instant

4   action nor calculated to lead to the discovery of admissible evidence, is unduly duplicative and

5   repetitive, seeks to invade the privacy of third parties without a compelling need, and that ABM

6   Industries Incorporated was not Plaintiffs' employer.

7       At the meet and confer process, the parties agreed that Defendants produced a partial list of

8   current employees in Bakersfield, but failed to produce employees' contact information.

9       The only difference between this Request and Requests 16, 17, and 18 - Set One, is the

10  substitution of the word "you" for a named defendant.  That change makes no difference in the

11  Court's decision on this item of requested discovery.  Based upon the authority and reasoning

12  discussed supra, the motion to compel responses to Request 152 will be granted but limited in

13  geographic scope to the counties of Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa,

14  Merced, Stanislaus, Tulare, and Tuolomne.  The additional objections asserting that Request 152

15  is otherwise overbroad, burdensome, unduly duplicative and repetitive, seek to invade the privacy

16  of third parties without a compelling need, and that ABM Industries Incorporated was not

17  Plaintiffs' employer, are overruled, for the same reasons as discussed supra.

18      5.  Request for Production No. 159 - Set Two.

19      Request 159 directs Defendants to:

20      Identify and produce all documents, which include but are not limited to, a list of the

21  names, most current addresses and telephone numbers, of all of your employees who were assigned

22  to work in the same location as Jose Vasquez at any time during his employment with you

23  Defendants objected to this request on the same grounds that they objected to Request 150, i.e.,

24  that it is overbroad and burdensome, seeks information that is neither relevant to the instant action

25  _____

26  [4] Plaintiff EEOC states in the Joint Statement of Discovery Disagreements that the request is limited to janitorial employees. (Doc. 60, p. 28).

27

                                        17

1 nor calculated to lead to the discovery of admissible evidence, is unduly duplicative and repetitive,

2 seeks to invade the privacy of third parties without a compelling need, and that ABM Industries

3 Incorporated was not Plaintiffs' employer.

4     At the meet and confer process, the parties agreed that Defendants produced a partial list of

5 current employees in Bakersfield, but failed to produce employees' contact information and a list

6 of employees who worked at the same location as Jose Vasquez.

7     Once again, the difference between this request and Request 150 - Set One is not significant

8 for purposes of decision.  Based upon the authority and reasoning discussed supra, the Court finds

9 that the information sought in Request 159 is relevant to issues of class certification, and overrules

10 the remaining objections.  The motion to compel responses to Request 159 will be granted and will

11 not be limited in geographic scope.

12     6.  Request for Production No. 160 - Set Two.

13     Request 160 directs Defendants to:

14     Identify and produce all documents, which include but are not limited to, a list of the

15 names, most current addresses and telephone numbers, of all of your employees who were assigned

16 to work in the same location as Javier Vasquez at any time during his employment with you.

17 Plaintiff EEOC has stated in its Joint Statement of Discovery Disagreements that the request is

18 limited to janitorial employees.  (Doc. 60, p. 28).

19     Defendants objected to this request on the same grounds that it objected to Request 151 -

20 Set Two, i.e., that it is overbroad and burdensome, seeks information that is neither relevant to the

21 instant action nor calculated to lead to the discovery of admissible evidence, is unduly duplicative

22 and repetitive, seeks to invade the  privacy of third parties without a compelling need, and that

23 ABM Industries Incorporated was not Plaintiffs' employer.  Defendants also objected to Request

24 160 on the ground that it seeks information pertaining to a non-party.

25     At the meet and confer process, the parties agreed that Defendants produced a partial list of

26 current employees in Bakersfield, but failed to produce contact information for employees and a

27

18

1  list of employees who worked with Javier Vasquez.

2  Based upon the authority and reasoning discussed supra in connection with Plaintiff's

3  Request 151 - Set Two, the information sought appears relevant to issues of class certification, and

4  the remaining objections to Request 160 are denied.  The motion to compel responses to Request

5  160 will be granted and will not be limited in geographic scope.

6  7.  Request for Production No. 161 - Set Two.

7  Request 161 directs Defendants to:

8  Identify and produce all documents that reflect, describe or relate to complaints of sexual

9  harassment made against you, since January 1, 2000, through the present, including, but not limited

10  to, all documents pertaining to verbal or written complaints, interview notes, affidavits, witness

11  statements, final and draft findings and/or reports for any investigations conducted by you or on

12  your behalf, final or draft recommendations pertaining to the complaint(s) or investigation(s), and

13  documents that you contend reflects on the credibility of all complainants and/or witnesses, and/or

14  any discipline issued to any accused harasser and/or his or her supervisor(s).

15  Defendants objected to this request on the grounds that it is overbroad and burdensome,

16  seeks information that is neither relevant to the instant action nor calculated to lead to the

17  discovery of admissible evidence, and is unduly duplicative and repetitive.  Defendants also

18  objected on the grounds that the request seeks information that is protected by attorney-client

19  privilege and/or attorney work product doctrine and seeks to invade the  privacy of third parties

20  without a compelling need.  Defendants also objected on the ground that ABM Industries

21  Incorporated was not Plaintiffs' employer.

22  At the meet and confer process, Plaintiff narrowed the scope of its request to the state of

23  California.  Defendants have failed to provide any documents in response.

24  Plaintiffs seek a broad array of material and information in Request 161- Set Two.  The

25  Court finds that only those documents which describe or relate to complaints of sexual assault

26  and/or other forms of sexual harassment occurring in Defendants' workplaces in the counties of

27

19

1  Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and

2  Tuolomne, during the period from January 1, 2001 to the present made by any janitorial employee

3  of Defendants to Defendants against any management employee of Defendants, are relevant or

4  calculated to lead to the discovery of relevant evidence, and are neither overbroad nor burdensome,

5  and only to the extent that such documents do not require the disclosure of matters that are subject

6  to the attorney-client privilege or are attorney work product.  The documents to be produced shall

7  include those that memorialize the complaints described above, interview notes, declarations or

8  affidavits related to the inquiry, witness statements, and records describing any discipline issued to

9  any accused harasser and/or his or her supervisor.  Defendants must produce a privilege log as to

10  the documents that are subject to the attorney-client privilege or are attorney work product.

11       Except as provided in the preceding paragraph, the Court sustains the objections to Request

12  161 on the ground that the Request is overbroad and burdensome.  The Court overrules the

13  objections that the Request is unduly duplicative and repetitive, and that ABM Industries

14  Incorporated was not Plaintiff's employer.  The Court also concludes that the privacy concerns can

15  be adequately addressed by the issuance of a protective order.

16  **ORDER**

17       Based on the foregoing, the Motion to Compel Responses to Plaintiff's Requests for

18  Production of Documents (Docs. 58, 59) is GRANTED IN PART AND DENIED IN PART as

19  follows:

20      1.    The Motion to Compel Responses to Requests 16, 17, and 18 - Set One, and

21          Request 152 - Set Two, as amended by Plaintiff EEOC, is GRANTED as to

22          employees in the counties of Calaveras, Fresno, Inyo, Kern, Kings, Madera,

23          Mariposa, Merced, Stanislaus, Tulare, and Tuolomne, California.

24      2.    The Motion to Compel Responses to Requests 150, 151, 159, and 160 - Set Two,

25          as amended by Plaintiff EEOC, is GRANTED.

26  ///

27

3.    The Motion to Compel Responses to Request 161 - Set Two, as amended by

Plaintiff EEOC, is GRANTED as follows:

Defendants shall identify and produce only those documents which describe or

relate to complaints of sexual assault and/or other forms of sexual harassment

occurring in Defendants' workplaces in the counties of Calaveras, Fresno, Inyo,

Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolomne, during

the period from January 1, 2001 to the present made by any janitorial employee of

Defendants to Defendants against any management employee of Defendants, and

only to the extent that such documents do not require the disclosure of matters that

are subject to the attorney-client privilege or are attorney work product.  The

documents to be produced shall include those that memorialize the complaints

described above, interview notes, declarations or affidavits related to the inquiry,

witness statements, and records describing any discipline issued to any accused

harasser and/or his or her supervisor.  Defendants must produce a privilege log as to

the documents that are subject to the attorney-client privilege or are attorney work

product.

4.    No later than ten (10) days from the date of service of this Order, the parties shall

submit a stipulated form of protective order for the Court's consideration.

5.    No later than twenty (20) days from the date of service of this Order, Defendants

shall identify and produce all documents as provided in this Order.

IT IS SO ORDERED.

Dated:   **December 22, 2008**                              **/s/ Theresa A. Goldner**
                                                                         UNITED STATES MAGISTRATE JUDGE

**EXHIBIT B**



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
Los Angeles Status Line: (866) 408-8075
Los Angeles Direct Dial: (213) 894-1096
TTY (213) 894-1121
FAX (213) 894-1301

January 28 2009

JULIO MORALES
4594 E BURNS
FRESNO, CA 93725

Re.: *EEOC v. ABM Industries Incorporated, et al.*
Case No.: 1:07 CV 01428 LJO (TAG)

Dear JULIO MORALES:

I am an attorney with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC is the federal agency that ensures that employers do not discriminate against their employees. Attorneys for the EEOC file suits against employers who are believed to have violated certain federal laws prohibiting employment discrimination. You are not being sued.

The EEOC has filed a lawsuit in federal court in Los Angeles, California against ABM Industries Incorporated and ABM Janitorial Services, Inc. ("ABM") for sexual harassment in the workplace. The suit is pending in federal court and there has been no determination of liability yet. We would like to speak with you to determine if you have a viable claim for damages that can be pursued through this lawsuit.

Please contact us as soon as possible at **(213) 894-1053** if you felt you were sexually harassed while working for ABM. If you get an answering machine, please indicate your name, telephone number, the best time and method for us to call you. You have a right to file a charge of discrimination regardless of your immigration status. In addition, federal law prevents ABM or any individual from retaliating against you for providing information regarding this case.

In addition, please fill out the attached questionnaire. **You must respond to this questionnaire and to this letter by February 16, 2009.**

Thank you in advance for your help in this matter.

Sincerely,

*Lorena Garcia*

Trial Attorney

 **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Los Angeles District Office**

255 E. Temple Street, 4th Floor
Los Angeles, CA 90012
Los Angeles Status Line: (866) 408-8075
Los Angeles Direct Dial: (213) 894-1096
TTY (213) 894-1121
FAX (213) 894-1301

## QUESTIONNAIRE

Please complete the following information: If you need additional space for any question(s), you may attach a separate piece of paper and number the questions for which you are providing clarification and/or explanation.

(1) Indicate your complete name: _____

(2) Indicate your date of birth: _____

(3) Indicate your address or complete residence: _____

_____

(4) Indicate your telephone number(s): _____

(5) Are you currently employed with ABM?     Yes _____ / No _____

(6) Indicate the dates of your employment with ABM and your job title?

_____

(7) Indicate the name or the names of your supervisor(s) during you employment with ABM?

_____

(8) Have you ever been subjected to any form of sexual harassment by any employee (co-worker, supervisor, manager, etc.) during your employment with ABM? This would include sexual comments, unwanted advancements, unwanted touching, or other sexually inappropriate acts.

Yes _____ / No _____

(9) Were there any witnesses to the sexual harassment?     Yes _____ / No  _____

If so, indicate the names of the people who were witnesses and their contact information?

_____

_____

_____

(10) Do you know if other employees were subjected to sexual harassment while working for ABM?

Yes _____ / No  _____

(11) Did you complain to anyone regarding the sexual harassment and/or discrimination?

Yes _____ /      No  _____

Please return this questionnaire in the envelope before **February 16, 2009**.  Thank you in advance for providing this information.

**EXHIBIT C**

## NOTICE OF INVESTIGATION
## TO ALL CURRENT AND FORMER EMPLOYEES OF ABM
## WHO MAY HAVE WITNESSED DISCRIMINATION AND
## SEXUAL HARASSMENT

1.     This correspondence is being sent to you by a group of Plaintiff-Intervenors, pursuant to information obtained in the case of *U.S. Equal Employment Opportunity Commission, Plaintiff, and Erika Morales and Anonymous Plaintiffs One through Eight, Plaintiff-Intervenors v. ABM Industries Incorporated, ABM Janitorial Northern California, Jose Vasquez, and Does 1 through 10*, United States District Court Case No.: 1:07-cv-01428-LJO-SMS (hereafter "Lawsuit"). You are NOT being sued. This notice is in no way an endorsement by the Court of any of the statements contained herein. The Court has not rendered an opinion as to the merits of this Case. Plaintiff-Intervenors are represented by the Law Offices of Mallison & Martinez, a private law firm, and this notice is part of their investigation.

2.     The Defendants in this case are *ABM Industries Incorporated, ABM Janitorial Northern California* ("ABM") and *Jose Vasquez*. The Lawsuit alleges that Defendants are liable for discrimination and sexual harassment (i.e. requests for sexual favors in exchange for favorable working conditions; sexual advances; unwelcome sexual touching; comments and insults of a sexual nature; retaliation for resisting sexual advances; physically restraining movement for sexual purposes; sexual assault; etc), among other unlawful conduct. Defendants deny all the allegations and claim to have complied with all applicable laws.

3.     **If you have witnessed any sexual harassment by Jose Vasquez or have any information concerning sexual harassment at ABM, please contact Plaintiff-Intervenors' counsel immediately (who also speak Spanish fluently) at:**

**Law Offices of Mallison & Martinez**
1042 Brown Avenue
Lafayette, CA 94549
**Toll-Free: 1-888-525-8242**
Telephone: (925) 283-3842
Fax: (925) 283-3426.

4.     You are under no obligation to provide information or to discuss this matter with the Plaintiff-Intervenors' attorneys or any other person. However, your assistance would be greatly appreciated.

5.     Defendants may not retaliate against you in any way for providing information, or for contacting any attorneys to learn about your legal rights.

6.     There are several parties to the Lawsuit, which include Plaintiff United States Equal Opportunity Commission ("EEOC") and Plaintiff-Intervenors Erika Morales and Anonymous Plaintiffs One through Eight. Plaintiff-Intervenors or their attorneys are in no way affiliated with the "EEOC".

## AVISO DE INVESTIGACION
## A TODOS TRABAJADORES ACTUALES Y ANTERIORES DE ABM
## QUIEN HAN OBSERVADO DISCRIMINIACION Y ACOSO SEXUAL

1.      Esta correspondencia es enviada a Usted por parte de un grupo de Demandantes-Interventores consiguiente a información obtenido en el caso de *U.S. Equal Employment Opportunity Commission, Plaintiff, and Erika Morales and Anonymous Plaintiffs One through Eight, Plaintiff-Intervenors v. ABM Industries Incorporated, ABM Janitorial Northern California, Jose Vasquez, and Does 1 through 10*, United States District Court Case No.: 1:07-cv-01428-LJO-SMS (referido como "Demanda"). NO es demanda en contra suya. Este aviso no es un aprobación por la Corte del contendido de esta correspondencia. La Corte no ha dado una opinión sobre los meritos de este caso. Los Demandantes-Interventores son representados por la firma de abogados de Mallison & Martinez, un bufete particular, y este aviso es parte de una investigación por parte de este bufete particular.

2.      Los Demandados en este case son *ABM Industries Incorporated, ABM Janitorial Northern California* ("ABM") y *Jose Vasquez*. La Demanda allega que los Demandados son responsables por discriminación y acoso sexual (es decir, solicitar favores sexuales a cambio de condiciones de trabajo favorables; avances sexuales; tocar sexualmente sin permiso; comentarios e insultos sexuales; represalias por resistir avances sexuales; refrendando fisicamente movimiento para propósitos sexuales; acometimiento/asalto sexual; etc.), entre otra conducta ilegal. Los Demandados niegan todas las alegaciones y expresan haber conformado su conducta con todas leyes aplicables.

3.      **Si Usted ha observado acoso sexual por parte de José Vásquez o tiene información con respecto a acoso sexual en ABM, favor de comunicarse con los abogados de los Demandantes-Interventores inmediatamente (quienes hablan español):**

**Firma de Abogados de Mallison & Martínez**
1042 Brown Avenue
Lafayette, CA 94549
**Gratis: 1-888-525-8242**
Teléfono: (925) 283-3842
Fax: (925) 283-3426.

4.      Usted no está obligado a proveer información o hablar sobre esta cuestión con los abogados de Demandantes-Interventores o con cualquier otra persona. Sin embargo, su ayuda será muy agradecida.

5.      Los Demandados no pueden tomar represalias en cualquier manera contra Usted por proveer información, o por comunicarse con abogados para conocer sus derechos legales.

6.      Hay varios partidos en la Demanda, que incluyen la Comisión de Igualdad de Oportunidades en el Empleo de los Estados Unidos ("EEOC") y Demandantes-Interventores Erika Morales y Demandantes Anónimos Uno a Ocho. Los Demandantes-Interventores y sus abogados no están afiliados con el "EEOC".

**EXHIBIT D**

1    KEITH A. JACOBY, Bar No. 150233
     LITTLER MENDELSON
2    A Professional Corporation
     2049 Century Park East, 5th Floor
3    Los Angeles, CA  90067.3107
     Telephone:     310.553.0308
4    Fax No.:       310.553.5583

5    LAURA E. HAYWARD, Bar No. 204014
     LITTLER MENDELSON
6    A Professional Corporation
     650 California Street, 20th Floor
7    San Francisco, CA  94108.2693
     Telephone:     415.433.1940

8
     Attorneys for Defendants
9    ABM INDUSTRIES INCORPORATED; ABM
     JANITORIAL SERVICES, INC. and ABM
10   JANITORIAL NORTHERN CALIFORNIA

11
                    UNITED STATES DISTRICT COURT
12
                  EASTERN DISTRICT OF CALIFORNIA
13

14   U.S. EQUAL EMPLOYMENT              Case No. 1: 07 CV 01428 LJO-TAG
     OPPORTUNITY COMMISSION,
15                                      **DEFENDANT ABM JANITORIAL
              Plaintiff,                SERVICES - NORTHERN CALIFORNIA'S
16                                      REQUEST FOR PRODUCTION OF
     ERIKA MORALES and ANONYMOUS        DOCUMENTS TO PLAINTIFF EQUAL
17   PLAINTIFFS ONE THROUGH EIGHT,      EMPLOYMENT OPPORTUNITY
                                        COMMISSION (SET ONE)**
              Plaintiff Intervenors,
18
         v.
19
     ABM INDUSTRIES INCORPORATED
20   and ABM JANITORIAL SERVICES,
     INC.; ABM JANITORIAL NORTHERN
21   CALIFORNIA; JOSE VASQUEZ;
     Does 1 - 10 inclusive,
22
              Defendants.
23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

DEFTS' RFP TO PLTFS (SET ONE)                    Case No. 1: 07 CV 01428 LJO-TAG

PROPOUNDING PARTY:   Defendant ABM JANITORIAL SERVICES - NORTHERN CALIFORNIA

RESPONDING PARTIES:   Plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

SET NO.                      ONE (1)

Pursuant to Federal Rule of Civil Procedure 34, Defendants ABM JANITORIAL SERVICES - NORTHERN CALIFORNIA hereby request that Plaintiff EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (hereinafter "Plaintiff") produce and permit Defendant to inspect and copy the documents described below.  The requested documents and items are to be produced at the law offices of Littler Mendelson, 650 California Street, 20th Floor, San Francisco, California, 94108 on the thirtieth day after service of this Request.

### DEFINITIONS

When used in the section entitled "Requests For Production," the following terms shall have the meanings indicated below:

1.      "Document" means any writing, drawing, graph, chart, photograph, phone record, tape recording, other recorded material or date compilation, whether printed, written, handwritten or otherwise recorded, of any character whatsoever, including without limitation, letters, warnings, disciplinary actions, policies, practices, commendations, performance evaluations, notes, minutes, memoranda, telegrams, diaries, calendars, announcements, photographs, tape recordings, computer readable date compilations, computer printouts, disks, hard drives, motion pictures, as well as any carbon, magnetic or photographic copies of any such materials, unless such copies are an exact duplicate of an original which Plaintiffs are producing.

2.      "You" and "your" means and refers to Plaintiff and/or its agents and assignees.

If any document requested to be produced was, but is no longer in Plaintiff's custody, possession or control, or is no longer in existence, state whether it is: (a) missing or lost; (b) destroyed; (c) transferred voluntarily or involuntarily to others and if so, to whom or (d) otherwise disposed of.  In each instance, explain the circumstances surrounding the disposition and state the approximate date of the disposition.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

DEFTS' RFP TO PLTFS (SET ONE)                                    Case No. 1: 07 CV 01428 LJO-TAG

With respect to any document withheld under claim of privilege, or for any other reason, identify:

    1.    The name, title, description or type of each such document;

    2.    The subject matter with which each such document deals;

    3.    The name, address and telephone number of the person drafting or originating each such document;

    4.    The date each such document was drafted or originated;

    5.    The intended recipient of each such document;

    6.    The name, address and telephone number of the person having custody of each such document;

    7.    The nature of the privilege or other ground asserted for withholding each such document; and

    8.    The factual basis for the claim of privilege or other ground for withholding each such document.

## REQUESTS FOR PRODUCTION

**REQUEST FOR PRODUCTION NO. 1:**

Exemplars of all form notices, letters, questionnaires, or other written communications that YOU or YOUR attorneys distributed to any current or former ABM employee in connection with this lawsuit requesting information regarding sexual harassment at ABM.

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS received by YOU or YOUR attorneys in response to all notices, letters, questionnaires, or other written communications that YOU or YOUR attorneys distributed to any current or former ABM employee in connection with this lawsuit requesting information regarding sexual harassment at ABM.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS received by YOU or YOUR attorneys in response to all notices, letters, questionnaires, or other written communications that YOU or YOUR attorneys distributed to any current or former ABM employee in connection with this lawsuit requesting information

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' RFP TO PLTFS (SET ONE)    2.    Case No. 1: 07 CV 01428 LJO-TAG

1  regarding sexual harassment at ABM, which indicate that the respondent did not experience or

2  witness sexual harassment while employed at ABM.

3

4  Dated: May 4, 2009

5

6  _____
   LAURA E. HAYWARD

7  LITTLER MENDELSON
   A Professional Corporation

8  Attorneys for Defendants
   ABM INDUSTRIES INCORPORATED; ABM

9  JANITORIAL SERVICES, INC. and ABM
   JANITORIAL NORTHERN CALIFORNIA

10 Firmwide:89834233.1 054667.1005

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' RFP TO PLTFS (SET ONE)          3.          Case No. 1: 07 CV 01428 LJO-TAG

1

## PROOF OF SERVICE BY MAIL

2     I am employed in San Francisco, California.  I am over the age of eighteen years and

3 not a party to the within-entitled action.  My business address is 650 California Street, 20th Floor,

4 San Francisco, California, 94108.  I am readily familiar with this firm's practice for collection and

5 processing of correspondence for mailing with the United States Postal Service.  On May 4, 2009, I

6 placed with this firm at the above address for deposit with the United States Postal Service a true and

7 correct copy of the within document(s):

8     **DEFENDANT ABM JANITORIAL SERVICES-NORTHERN CALIFORNIA'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF EQUAL**

9 **EMPLOYMENT OPPORTUNITY COMMISSION (SET ONE)**

10 in a sealed envelope, postage fully paid, addressed as follows:

11 Stan S. Mallison                          Victor Viramontes
Hector R. Martinez                   Lorena Garcia

12 Law Offices of Mallison & Martinez     United States Equal Employment Opportunity
1042 Brown Avenue                   Commission

13 Lafayette, CA 94549              255 E. Temple Street, 4th Floor
Attorneys for Plaintiff Intervenors    Los Angeles, CA 90012

14                                 Attorneys for Plaintiff U.S. Equal Employment

15                                   Opportunity Commission

16     Following ordinary business practices, the envelope was sealed and placed for

17 collection and mailing on this date, and would, in the ordinary course of business, be deposited with

18 the United States Postal Service on this date.  I declare under penalty of perjury under the laws of the

19 State of California that the above is true and correct.  Executed on May 4, 2009 at San Francisco,

20 California.

21

22                                       Anne Kawase

23 Firmwide:86040372.1 054667.1005

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

PROOF OF SERVICE                     CASE NO. 1:07 CV 01428 LJO TAG

**EXHIBIT E**

1  Anna Y. Park, SBN 164242
   Victor Viramontes, SBN 214158
2  Lorena Garcia, SBN 234091
   U.S. EQUAL EMPLOYMENT
3  OPPORTUNITY COMMISSION
   255 East Temple Street, 4th Floor
4  Los Angeles, CA 90012
   Telephone: (213) 894-1108
5  Facsimile: (213) 894-1301

6  Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
7  OPPORTUNITY COMMISSION

8              UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA

10  U.S. EQUAL EMPLOYMENT                )  CASE NO. 1:07-CV-01428 LJO
    OPPORTUNITY COMMISSION,              )  (GSA)
11                                       )
            Plaintiff,                   )
12                                       )
    ERIKA MORALES and                    )
13  ANONYMOUS PLAINTIFFS ONE             )  PLAINTIFF EEOC'S RESPONSES
    THROUGH EIGHT,                       )  TO DEFENDANT ABM
14                                       )  JANITORIAL SERVICES –
            Plaintiff-Intervenors,       )  NORTHERN CALIFORNIA'S
15                                       )  FIRST SET OF REQUESTS FOR
        v.                               )  PRODUCTION OF DOCUMENTS
16                                       )
    ABM INDUSTRIES                       )
17  INCORPORATED, et al.,                )
                                         )
18          Defendants.                  )
                                         )
19  _____ )

20

21       Plaintiff Equal Employment Opportunity Commission ("EEOC") responds,

22  pursuant to Federal Rule of Civil Procedure 34, to Defendant ABM Janitorial

23  Services – Northern California's first set of requests for production of documents.

24                      PRELIMINARY STATEMENT

25       Plaintiff has not completed its investigation relating to this action, has not

26  completed discovery and has not completed preparation for trial.  As discovery

27  proceeds, facts, information, evidence, documents and things may be revealed.

28
                              -1-

1    Plaintiff responds to Defendant's first set of requests for production of documents

2    based upon the information presently known and available to it, and reserves the

3    right to supplement or modify its responses based upon subsequently discovered or

4    acquired information and/or documents.  Furthermore, Plaintiff expressly reserves

5    the right to rely on, at any time, including but not limited to trial, subsequently

6    discovered information that might be contrary to its responses herein where its

7    response is the product of error, oversight, or inadvertence.

8    **REQUEST NO. 1:**

9         Exemplars of all form notices, letters, questionnaires, or other written

10   communications that YOU or YOUR attorneys distributed to any current or former

11   ABM employee in connection with this lawsuit requesting information regarding

12   sexual harassment at ABM.

     **RESPONSE TO REQUEST NO. 1:**

13        The EEOC objects to the term "form" as vague.  The EEOC objects to this

14   request because it is an improper invasion of the attorney work product privilege

15   and the attorney-client privilege.  The EEOC also objects that the request seeks

16   documents neither relevant nor calculated to lead to the discovery of admissible

17   evidence.

18

19   **REQUEST NO. 2:**

20        All DOCUMENTS received by YOU or YOUR attorneys in response to all

21   notices, letters, questionnaires, or other written communications that YOU or

22   YOUR attorneys distributed to any current or former ABM employee in

23   connection with this lawsuit requesting information regarding sexual harassment at

24   ABM.

25   **RESPONSE TO REQUEST NO. 2:**

26        The EEOC objects to this request because it is an improper invasion of the

27   attorney work product privilege and the attorney-client privilege.  The EEOC also

28

                                      -2-

1   objects that the request seeks documents neither relevant nor calculated to lead to
2   the discovery of admissible evidence.

3
4   **REQUEST NO. 3:**

5       All DOCUMENTS received by YOU or YOUR attorneys in response to all
6   notices, letters, questionnaires, or other written communications that YOU or
7   YOUR attorneys distributed to any current or former ABM employee in
8   connection with this lawsuit requesting information regarding sexual harassment at
9   ABM, which indicate that the respondent did not experience or witness sexual
    harassment while employed at ABM.
10

11  **RESPONSE TO REQUEST NO. 3:**
12      The EEOC objects because the term "respondent" is vague and ambiguous.
13  The EEOC objects to this request because it is an improper invasion of the attorney
14  work product privilege and the attorney-client privilege.  The EEOC also objects
15  that the request seeks documents neither relevant nor calculated to lead to the
16  discovery of admissible evidence.

17
18
19                                  U.S. EQUAL EMPLOYMENT
20                                  OPPORTUNITY COMMISSION
21
22  Date: June 3, 2009         By:  _Victor Viramontes_
23                                  Victor Viramontes
24                                  Lorena Garcia
                                    Trial Attorney
25                                  Attorneys for Plaintiff
26
27
28
                                  -3-

1

**PROOF OF SERVICE**

2    I am a citizen of the United States, over the age of eighteen (18) years and

3 not a party to the above-entitled cause.

4    I am employed in the Legal Unit of the Los Angeles District Office of the

5 United States Equal Employment Opportunity Commission.

6    My business address is Equal Employment Opportunity Commission, Los

7 Angeles District Office, 255 East Temple Street, Fourth Floor, Los Angeles, CA

8 90012.

9    On the date that this declaration was executed, as shown below, I served the

10 foregoing. **PLAINTIFF EEOC'S RESPONSES TO DEFENDANT ABM**

11 **JANITORIAL SERVICES – NORTHERN CALIFORNIA'S FIRST SET OF**

12 **REQUESTS FOR PRODUCTION OF DOCUMENTS**, by first class U.S. Mail

13 to the following addressee:

14                Keith Jacoby
               LITTLER MENDELSON
15          2049 Century Park East, 5th Floor
16            Los Angeles, CA 90067-3107
                310-553-5583, facsimile
17

18                Laura Hayward
               LITTLER MENDELSON
19           650 California St., 20th Floor
20           San Francisco, CA 91408-2693
                415-399-8490, facsimile
21

22                Jose Vasquez
                 1300 E. 9th St.
23             Bakersfield, CA 93307

24

25

26

27

28

-4-

1
2
3
4

Stan Mallison
Hector Martinez
Law Offices of Mallison & Martinez
1042 Brown Ave., Suite A
Lafayette, CA 94549
925-283-3426, facsimile

5     I declare under penalty of perjury that the foregoing is true and correct.

6     Executed on ___June   4___, 2009, at Los Angeles, California.

7

8                          Tracy Villenarte

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFF EEOC'S PRIVILEGE LOG**
*EEOC v. ABM Inc, et al.,*
U.S.D.C. Case No. 07-CV-1428

| Bates Nos. | Date | Description | Privilege(s) Claimed) | Document Location |
|---|---|---|---|---|
| n/a | 1/2009 to 3/2009 | Cover Letter and Questionnaire sent from EEOC Attorneys Victor Viramontes and Lorena Garcia to ABM employees that Defendants disclosed during discovery regarding class development. | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Delia DeMejia to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Maria Aramburo to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Luisa Mendez Gonzales to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Jesus B. Infante to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Randy Romero to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Teresa Sanchez to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |

| Bates Nos. | Date | Description | Privilege(s) Claimed) | Document Location |
|---|---|---|---|---|
| n/a | unknown | Response to questionnaire from Veronica Kuanert to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Felipe Cardenas to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Linda Pineda to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Maria Madrigal to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Wilfredo Portillo to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Rosa Ochoa to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Esther Arguijo to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Felipe Cardenas to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Gnia Pao Vang to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |

| Bates Nos. | Date | Description | Privilege(s) Claimed) | Document Location |
|---|---|---|---|---|
| n/a | unknown | Response to questionnaire from Raymond Solorio to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from unnamed person living at Lidia Barragan's address to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Arasally Aguilar to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Brian Borelli to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Marciano Flores Salazar to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Martha Gonzales to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Richard Molina to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Martha Castaneda to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Ron Reza Maljai to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |

| Bates Nos. | Date | Description | Privilege(s) (Claimed) | Document Location |
|---|---|---|---|---|
| n/a | unknown | Response to questionnaire from Maria Murguia to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Reynaldo Juarez to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Ana Maria Gomez Amao to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Gerald Riedmiller to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Ysenia Hernandez to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from James Drenel to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Wa Seng Xiong to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Martha Bucholz to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Deborah Alcorcha to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |

| Bates Nos. | Date | Description | Privilege(s) (Claimed) | Document Location |
|---|---|---|---|---|
| n/a | unknown | Response to questionnaire from Ana Guitierrez to EEOC Attorneys Victor Viramontes et al. | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Xong Yang to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Marina Flores to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Mario Arturo Rivera to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Fidel Leon Perez Jr. to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Jose Morales to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Rosalba Martin to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Jose Roberto Rodriguez Nerio to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Hilda Schmitz to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |

| Bates Nos. | Date | Description | Privilege(s) Claimed) | Document Location |
|---|---|---|---|---|
| n/a | unknown | Response to questionnaire from Terri Hankson to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Isabel Cosme to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Carmen Zetina to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Patricia DeVera to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Martha Castaneda to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Marcia Garcia de Torres to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Isabel Rivera to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Betty Cruz to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Veronica Michele Leyva to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |

| Bates Nos. | Date | Description | Privilege(s) Claimed) | Document Location |
|---|---|---|---|---|
| n/a | unknown | Response to questionnaire from Maria Salgado to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Marcia Olga Birrueta to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Heliodoro Chavez to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Seraya Torres to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Elvia Singletary to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Felipe Cardenas to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Nora Lopez to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Michael Cabrera to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Song Yee Yang to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |

| Bates Nos. | Date | Description | Privilege(s) (Claimed) | Document Location |
|---|---|---|---|---|
| n/a | unknown | Response to questionnaire from Antonio Cervantes to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Romelia Rodriguez Garcia to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Jesse De Los Santos to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Norma Mercado to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Candelaria Cardona to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Jose Ernest Romero to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Gloria Bernal to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Robert Pluma to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Maria Paz to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |

| Bates Nos. | Date | Description | Privilege(s) Claimed) | Document Location |
|---|---|---|---|---|
| n/a | unknown | Response to questionnaire from Felipe Cardenas to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Alma Brambila to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |
| n/a | unknown | Response to questionnaire from Mariah Alvarado de Vasquez to EEOC Attorneys Victor Viramontes and Lorena Garcia | Attorney-Client Privilege; Attorney Work Product | EEOC Litigation Files for EEOC v. ABM Inc., et al. |

# EXHIBIT F



Littler Mendelson, P.C.
650 California Street
20th Floor
San Francisco, CA 94108.2693

June 30, 2009

Laura E. Hayward
415.677.3180 direct
415.433.1940 main
415.743.6555 fax
lhayward@littler.com

**VIA FACSIMILE AND U.S. MAIL**

Victor Viramontes
Lorena Garcia
United States Equal Employment Opportunity Commission
255 E. Temple Street, 4th Floor
Los Angeles, CA 90012

Re:    *EEOC/Morales v. ABM Industries, Inc. et al.*, Case No. 1:07-CV-01428 LJO TAG

Dear Counsel:

I am writing to meet and confer regarding your objections to Defendants' Request for Production of Documents, Set One and as a follow up to our conversation on June 15, 2009 at the Eastern District courthouse.

Defendants believe that they are entitled to all of the responses you have received to any form questionnaires or other communications sent to ABM employees in connection with this case requesting information regarding sexual harassment, *with the exception of any responses received by individuals you currently represent.* We also believe we are entitled to a copy of any form questionnaires or other communications you sent to ABM employees. These documents are neither protected by the attorney-client privilege nor the attorney work-product doctrine as you contend.

In cases specifically involving the EEOC, numerous courts have held that the attorney client privilege does not protect communications between the EEOC and potential claimants unless the potential claimants have taken some affirmative steps to enter into an attorney-client relationship with the EEOC. *See, e.g.,* EEOC v. Republic Servs., Inc., 2007 U.S. Dist. LEXIS 9729, at *6 (D. Nev. Feb. 5, 2007); *See also,* EEOC v. Collegeville/Imagineering Ent., 100 Fair Empl. Prac. Cas. (BNA) 154, at *3 (D. Ariz. Jan. 17, 2007) (An attorney-client relationship does not exist across an entire potential class merely when the EEOC has filed a case and identified the class, but rather when the aggrieved individuals manifest their intent to enter the relationship). Thus, communications with employees other than those whom affirmatively request to enter an attorney-client privilege, are not protected.

Further, the questionnaires themselves are not protected by the attorney work-product doctrine. Once a blank questionnaire is distributed to third-parties in a non-confidential manner, as is the case here, work product protection is waived. *See,* Moreno v. Autozone, Inc., 2008 U.S. Dist.

littler.com

Victor Viramontes
June 30, 2009
Page 2

LEXIS 90699, at *6 (N.D. Cal. April 1, 2008), citing, United States v. Bergonzi, 216 F.R.D. 487, 497 (N.D. Cal. 2003) (work product protection is waived where disclosure is made to a third party and that disclosure enables an adversary to gain access to the information).

We also disagree with your position that these documents are not relevant to this case. To start, you distributed these questionnaires to specifically obtain information about and identify new claimants for this case. Further to the extent that you received responses from individuals indicating that they had never witnessed any harassment or inappropriate conduct by Jose Morales while working at ABM, this type of "exculpatory" information is directly relevant to the allegations set forth in your complaint.

As you are aware, Eastern District Local Rule 37-251 requires that a motion to compel be brought as a joint motion and states that parties must meet and confer and set forth their differences in a joint statement regarding the discovery disagreements which are the subject of the motion to compel. Please let me know by the end of the day July 2, 2009, whether the EEOC will provide the documents requested. If not, we will forward you our joint statement in support of our contemplated motion to compel.

Very Truly Yours,

Laura E. Hayward

LEH:jacj

cc:     Stan Mallison, Esq.
        Hector Martinez, Esq.

Firmwide:90650756.1 054667.1005



## LITTLER MENDELSON®
### A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

June 30, 2009

To:  Stan S. Mallison/         Fax:  925.283.3426    Phone:  925.283.3842
     Hector R. Martinez

Fax #(s) verified before sending (initial):

From:  Laura E. Hayward       Fax:  415.743.6665    Phone:  415.677.3180

Length, including this cover letter:  3  Pages

If you do not receive all pages, please call Sender's Phone Number.

Re:  EEOC/Morales v. ABM Industries, Inc., et al.

Message:

Please refer to the attached.  Thank you.

Firmwide:86117951.1 054667.1005

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above.  This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential.  If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail.  Thank you.

Transmittal Completed: _____ am / pm    Client Code:  054667.1005    _____

# hp LaserJet 4345mfp series



| Fax Call Report | 1 |
|---|---|

LITTLER MENDELSON P.C.
(415) 399-8490
Jun-30-2009 08:29 AM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| 592 | Jun-30-2009 08:25 AM | Send | 919252833426 | 3:26 | 3 | Success |



## LITTLER MENDELSON°
### A PROFESSIONAL CORPORATION

### FACSIMILE COVER SHEET

### June 30, 2009

To:  Lorena Garcia/Victor Viramontes     Fax:   213.894.1301     Phone:

Fax #(s) verified before sending (initial):

From:   Laura E. Hayward            Fax:   415.743.6665     Phone: . 415.677.3180

Length, including this cover letter:     16     Pages

If you do not receive all pages, please call Sender's Phone Number.

Re:   EEOC/Morales v. ABM Industries, Inc., et al.
        Case No. 1:07-CV-01428 LJO TAG

Message:

Please refer to the attached.  Thank you.

Firmwide:86117992.1 054667.1005

CONFIDENTIALITY – The information contained in this fax message is intended only for the personal and confidential use of the designated recipient(s) named above.  This message is a communication from attorneys or their agents relating to pending legal matters and, as such, is intended to be privileged and/or confidential.  If the reader of this message is not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error, and that any review, dissemination, distribution or copying of this message is strictly prohibited.  If you have received this communication in error, please notify us immediately by telephone and return the original message to us by mail.  Thank you.

Transmittal Completed: _____ am / pm     Client Code: _____     User Number: _____

# hp LaserJet 4345mfp series



| Fax Call Report | 1 |
|---|---|

LITTLER MENDELSON P.C.
(415) 399-8490
Jun-30-2009 08:24 AM

| Job | Date/Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|
| 590 | Jun-30-2009 08:21 AM | Send | 912138941301 | 2:08 | 3 | Success |

# EXHIBIT G

## Hayward, Laura E.

| | |
|---|---|
| **From:** | Hayward, Laura E. |
| **Sent:** | Friday, July 10, 2009 11:10 AM |
| **To:** | VICTOR VIRAMONTES; LORENA GARCIA; stan mallison; Hector Martinez; Jacoby, Keith A. |
| **Subject:** | RE: Re-Send of Meet and Confer Letter |

Victor,

This will also confirm that I have given you until Monday to let us know whether your position with respect to the responses to ABM NorCal's First Request for Production of Documents has changed.  If we do not hear from you by end of the day Monday we will send over our portion of the Joint Statement as we want to get this issue before the Judge without further delay.

I am also formally requesting that you provide me with dates for the 11 new claimaints' depositions as well as the locations that the witnesses are currently located in and whether or not they will need translators.   Please provide me with dates during the weeks of July 27 (we have the status conf July 27 so that could be a good starting point for the Fresno depos), August 3, August 10, and August 17 that you and the witnesses are available.  We would like to complete all of these depos by August 21st.  As we discussed, we can likely stagger two witnesses per day and/or cluster them several days in a row, assuming your prior statements that these witnesses' allegations do not rise to the level of those made by Erika Morales and Maria Magana remain true.

I will discuss the other items with my client and get back to you.

Thanks, Laura

---

**From:** VICTOR VIRAMONTES [mailto:VICTOR.VIRAMONTES@EEOC.GOV]
**Sent:** Friday, July 10, 2009 10:40 AM
**To:** LORENA GARCIA; Hayward, Laura E.; stan mallison; Hector Martinez
**Subject:** Re: Re-Send of Meet and Confer Letter

Laura,

I write to request possible deposition dates for Ric Steiner.

I also write to request the last knows address and any identifying information you have on Sylvia Challesru?(sp).  She is the woman who interviewed Angelica Javregui regarding the Valley Bible Church incident.  I think consistent with the Court's instruction on depo's, we would be amenable to giving you 3 days to track down the information and then 3 days after that to give us the dates you'd be available for the deposition of Sylvia.  Let us know if you think that timeline is OK.

I will also be providing you with a list of expenses that we seek to recoup for the aborted depostion of Ric Steiner next week, for the meet and confer related to that motion.

Regards,

Victor Viramontes

>>> "Hayward, Laura E." <LHayward@littler.com> 7/9/2009 4:57 PM >>>
Please see attached.

- - - -

To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice contained in this document (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing

7/16/2009

or recommending to another party any transaction or matter addressed herein.

This email may contain confidential and privileged material for the sole use of the intended recipient(s).  Any review, use, distribution or disclosure by others is strictly prohibited.  If you are not the intended recipient (or authorized to receive for the recipient), please contact the sender by reply email and delete all copies of this message.

To reply to our email administrator directly, send an email to postmaster@littler.com

Littler Mendelson, P.C.
http://www.littler.com