1  Anna Y. Park, SBN 164242
   Victor Viramontes, SBN 214158
2  Lorena Garcia-Bautista, SBN 234091
   U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
3  255 East Temple Street, 4th Floor
   Los Angeles, CA 90012
4  Telephone: (213) 894-1108
   Facsimile: (213) 894-1301
5
6  Attorneys for Plaintiff
   U.S. EQUAL EMPLOYMENT
7  OPPORTUNITY COMMISSION

8              **UNITED STATES DISTRICT COURT**

9             **EASTERN DISTRICT OF CALIFORNIA**

10 | U.S. EQUAL EMPLOYMENT          ) CASE NO. 1:07-CV-01428 LJO-BAK
   | OPPORTUNITY COMMISSION,        ) (GSA)
11 |                               )
   |         Plaintiff,            ) **DECLARATION OF EEOC**
12 |                               ) **ATTORNEY LORENA GARCIA-**
   | ERIKA MORALES and ANONYMOUS   ) **BAUTISTA SUPPORTING PLAINTIFF**
13 | PLAINTIFFS ONE THROUGH EIGHT, ) **EEOC'S JOINT STATEMENT OF**
   |                               ) **DISCOVERY DISAGREEMENTS RE:**
14 |         Plaintiff-Intervenors, ) **DEFENDANTS' MOTION TO**
   |                               ) **COMPEL**
15 |         v.                     )
   |                               ) Hearing Date: August 14, 2009
16 | ABM INDUSTRIES INCORPORATED, et) Time:         9:30 a.m.
   | al.,                          ) Courtroom:    10
17 |                               )
   |         Defendants.           )
18 |                               )
   |                               )

19

20       I, Lorena Garcia-Bautista, declare and state:

21       1.      I am a Trial Attorney employed at the Los Angeles District Office of the United

22 States Equal Employment Opportunity Commission. I have personal knowledge of the facts

23 stated herein, and if called as a witness to testify as to the matters stated herein, I could and

24 would competently do so.

25       2.      Attached as Exhibit 1 is a true and correct copy of the EEOC's Complaint.

26       3.      Attached as Exhibit 2 is a true and correct copy of the EEOC's First Amended

27 Complaint.

28 DECL. OF LORENA GARCIA SUPPORTING
   EEOC'S JOINT STATEMENT OF DISCOVERY          -1-
   DISAGREEMENTS

1        4.      On August 20, 2008, the parties attended a preliminary scheduling conference.

2 Counsel for the EEOC explained to the Court that the Commission is intending to expand the

3 class and add additional claimants to this suit.

4        5.      Attached as Exhibit 3 is a true and correct copy of the August 20, 2008 Order by

5 U.S. District Court Judge Lawrence J. O'Neill setting the March 20, 2009 cut-off date for

6 discovery regarding the class determination only.

7        5.      Attached as Exhibit 4 is a true and correct copy of the December 22, 2008 Order

8 by U.S. Magistrate Judge Theresa A. Goldner granted in part and denied in part Plaintiff EEOC's

9 Motion to Compel Responses to Plaintiff EEOC's Requests for Production of Documents.

10       I declare under penalty of perjury that the foregoing is true and correct.  Executed this

11 11th day of August 2009, at Los Angeles, California.

12

13                                  /s/

14                          Lorena Garcia-Bautista

15

16

17

18

19

20

21

22

23

24

25

26

27

28   DECL. OF LORENA GARCIA SUPPORTING         -2-
     EEOC'S JOINT STATEMENT OF DISCOVERY
     DISAGREEMENTS

# EXHIBIT 1

# EXHIBIT 1

1  Anna Y. Park, SBN 164242
   Derek W. Li, SBN 150122
2  Lorena Garcia, SBN 234091
   U.S. EQUAL EMPLOYMENT
3  OPPORTUNITY COMMISSION
   255 East Temple Street, Fourth Floor
4  Los Angeles, CA 90012
   Telephone: (213) 894-1108
5  Facsimile: (213) 894-1301
   Email: lado.legal@eeoc.gov
6
   Attorneys for Plaintiff
7  U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION
8

9
                    **UNITED STATES DISTRICT COURT**
10
                    **EASTERN DISTRICT OF CALIFORNIA**
11

12 U.S. EQUAL EMPLOYMENT              )  Case No.:
13 OPPORTUNITY COMMISSION,            )
                                      )  **COMPLAINT—TITLE VII**
14          Plaintiff,                )  • **Sexual Harassment**
15                                    )
16     vs.                           )
                                      )  **JURY TRIAL DEMAND**
17 ABM INDUSTRIES                     )
18 INCORPORATED and ABM               )
   JANITORIAL SERVICES, INC.; Does    )
19 1 – 10 Inclusive,                  )
20                                    )
           Defendants.                )
21                                    )
22                                    )
                                      )
23
                    **NATURE OF THE ACTION**
24
        This is an action under Title VII of the Civil Rights Act of 1964 and Title I
25
   of the Civil Rights Act of 1991 to correct unlawful employment practices on the
26
   basis of sex, and to provide appropriate relief to Erika Morales and similarly
27
   situated individuals, who were adversely affected by such practices. As set forth in
28
   this Complaint, Plaintiff alleges that Erika Morales and similarly situated

                                    -1-

1  individuals were subjected to a hostile environment and quid pro quo sexual

2  harassment based on their sex during their employment with Defendants, ABM

3  Industries Inc. and ABM Janitorial Services, Inc.

4  **JURISDICTION AND VENUE**

5      1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451,

6  1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to

7  Section 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as

8  amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII") and

9  Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

10      2.    The employment practices alleged to be unlawful were and are now

11  being committed within the jurisdiction of the United States District Court for the

12  Eastern District of California.

13  **PARTIES**

14      3.    Plaintiff, the U.S Equal Employment Opportunity Commission

15  ("EEOC" or "Commission"), is the agency of the United States of America

16  charged with the administration, interpretation and enforcement of Title VII, and is

17  expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of

18  Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6(e).

19      4.    At all relevant times, Defendants, ABM Industries Inc. and ABM

20  Janitorial Services, Inc.  ("Defendants") have continuously been an employer

21  engaged in an industry affecting commerce within the meaning of Sections 701(b),

22  (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

23      5.    At all relevant times, Defendants have continuously been a

24  corporation doing business in the State of California, and has continuously had at

25  least 15 employees.

26      6.    All of the acts and failures to act alleged herein were duly performed

27  by and attributable to all Defendants, each acting as a successor, agent, alter ego,

28  employee, indirect employer, joint employer, integrated enterprise and/or or under

-2-

Case No.

1   the direction and control of the others, except as specifically alleged otherwise.

2   Said acts and failures to act were within the scope of such agency and/or

3   employment, and each Defendant participated in, approved and/or ratified the

4   unlawful acts and omissions by the other Defendants complained of herein.

5   Whenever and wherever reference is made in this Complaint to any act by a

6   Defendant or Defendants, such allegations and reference shall also be deemed to

7   mean the acts and failures to act of each Defendant acting individually, jointly,

8   and/or severally.

9        7.     Plaintiff is ignorant of the true names and capacities of each

10   Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff

11   Commission sues said defendant(s) by fictitious names.  Plaintiff reserves the right

12   to amend the complaint to name each DOE defendant individually or collectively

13   as they become known.  Plaintiff alleges that each DOE defendant was in some

14   manner responsible for the acts and omissions alleged herein and Plaintiff will

15   amend the complaint to allege such responsibility when the same shall have been

16   ascertained by Plaintiff.

17        8.     All of the acts and failures to act alleged herein were duly performed

18   by and attributable to all DOES, each acting as a successor, agent, alter ego,

19   employee, indirect employer, joint employer, integrated enterprise and/or or under

20   the direction and control of the other DOES and named Defendants, except as

21   specifically alleged otherwise.  Said acts and failures to act were within the scope

22   of such agency and/or employment, and each DOE participated in, approved and/or

23   ratified the unlawful acts and omissions by the other DOES and Defendants

24   complained of herein.  Whenever and wherever reference is made in this

25   Complaint to any act by a DOE or DOES, such allegations and reference shall also

26   be deemed to mean the acts and failures to act of each DOE and named Defendants

27   acting individually, jointly, and/or severally.

28                        **STATEMENT OF CLAIMS**

-3-

Case No.

9.    More than thirty days prior to the institution of this lawsuit, Erika Morales and another female employee filed charges with the Commission alleging violations of Title VII by Defendants.  The Commission has issued Letters of Determination finding that the Charging Parties and similarly situated individuals were subjected to unlawful employment discrimination based upon their sex, female, of harassment in violation of Title VII.  Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b) and 2000e-6.  All conditions precedent to the institution of this lawsuit have been fulfilled.

10.    Defendants have engaged in unlawful employment practices and in a pattern of such practices in violation of Section 703 and 707 of Title VII, 42 U.S.C. § 2000e-2, by subjecting Erika Morales and similarly situated individuals to a sexually harassing hostile environment and quid pro quo sexual harassment.  The sexually harassing behavior was perpetrated by supervisors and included, but was not limited to the following: unwelcome touching, explicit sexual commentary and quid pro quo sexual harassment.  One of Defendants' supervisors raped a female employee at the worksite.  The supervisor repeatedly hugged female employees from behind and groped their private parts with his hands.  On several occasions, the supervisor exposed himself and tried to force the female employees to touch him sexually.  The supervisor repeatedly subjected the female employees to leering, suggestive and propositioning language.  Supervisors offered female employees positions where they would drive a company vehicle and/or supervise employees in exchange for sex.  Defendants failed to exercise reasonable care to prevent and correct promptly the sexually harassing behavior.

11.    The effect of the practices complained of in paragraph 10 above has been to deprive Erika Morales and similarly situated individuals of equal

-4-

Case No.

1  employment opportunities and otherwise adversely affect their status as
2  employees, because of their sex.

3      12.   The unlawful employment practices complained of in paragraph 10
4  above were and are willful within the meaning of §§ 706(f)(1) and (3), 706(g)(1),
5  and 707 of Title VII, 42 U.S.C., §§ 2000e-5(f)(1) and (3), (g)(1), and 2000e-6.

6      13.   The unlawful employment practices complained of in paragraph 10
7  above were and are intentional and caused Erika Morales and similarly situated
8  individuals to suffer emotional distress.

9      14.   The unlawful employment practices complained of in paragraph 10
10 above were and are done with malice or with reckless indifference to the federally
11 protected rights of Erika Morales and similarly situated individuals.

12                                    **PRAYER FOR RELIEF**

13        Wherefore, the Commission respectfully requests that this Court:

14        A.        Grant a permanent injunction enjoining Defendants, their officers,
15 successors, assigns, and all persons in active concert or participation with it, from
16 engaging in sexual harassment, retaliation, and any other employment practice
17 which discriminates on the basis of sex.

18        B.        Order Defendants to institute and carry out policies, practices, and
19 programs which provide equal employment opportunities for women, and which
20 eradicate the effects of its past and present unlawful employment practices.

21        C.        Order Defendants to make whole Erika Morales and similarly situated
22 individuals in amounts to be determined at trial, and other affirmative relief
23 necessary to eradicate the effects of its unlawful employment practices.

24        D.        Order Defendants to make whole Erika Morales and similarly situated
25 individuals by providing compensation for past and future pecuniary losses
26 resulting from the unlawful employment practices described in paragraph 10
27 above, in amounts to be determined at trial.

28

-5-

Case No.

1        E.     Order Defendants to make whole Erika Morales and similarly situated

2    individuals by providing compensation for past and future nonpecuniary losses

3    resulting from the unlawful practices complained of in paragraph 10 above, in

4    amounts to be determined at trial.

5        F.     Order Defendants to pay Erika Morales and similarly situated

6    individuals punitive damages for its malicious and reckless conduct described in

7    paragraphs 10 and 14 above, in amounts to be determined at trial.

8        G.     Grant such further relief as the Court deems necessary and proper in

9    the public interest.

10        H.     Award the Commission its costs of this action.

11    **JURY TRIAL DEMAND**

12        The Commission requests a jury trial on all questions of fact raised by its

13    Complaint.

14    Dated: September 28, 2007        Respectfully Submitted

15

16                                  RONALD COOPER,

17                                  General Counsel

18                                  JAMES LEE,

19                                  Deputy General Counsel

20                                  GWENDOLYN YOUNG REAMS,

21                                  Associate General Counsel

22                                  U.S. EQUAL EMPLOYMENT

23                                  OPPORTUNITY COMMISSION

24                                  1801 "L" Street, N.W.

25                                  Washington, D.C.  20507

26                                By:  /s/  Anna Y. Park

27                                      ANNA Y. PARK

                                Regional Attorney

28                                U.S. EQUAL EMPLOYMENT

                              OPPORTUNITY COMMISSION

-6-

                                      Case No.

# EXHIBIT 2

# EXHIBIT 2

Anna Y. Park, SBN 164242
Victor Viramontes, SBN 214158
Lorena Garcia-Bautista, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012
Telephone:  (213) 894-1108
Facsimile:  (213) 894-1301
Email: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES, and ANONYMOUS PLAINTIFFS ONE THROUGH SIX,<br><br>Plaintiff-Intervenors,<br><br>vs.<br><br>ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC.; and ABM JANITORIAL SERVICES- NORTHERN CALIFORNIA; Does 1 – 10, Inclusive,<br><br>Defendants. | Case No.:  1:07 CV01428-LJO-BAK (GSA)<br><br>**PLAINTIFF EEOC'S FIRST AMENDED COMPLAINT—CIVIL RIGHTS EMPLOYMENT DISCRIMINATION (TITLE VII)**<br>• **Sexual Harassment**<br><br>(42 U.S.C. §§ 2000e, *et seq.*)<br><br>**JURY TRIAL DEMAND** |

-1-

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Erika Morales and similarly situated individuals, who were adversely affected by such practices. As set forth in this Complaint, Plaintiff EEOC alleges that Erika Morales and similarly situated individuals were subjected to sex based harassment, a hostile environment, a pattern or practice of harassment, and quid pro quo sexual harassment based on their sex during their employment with Defendants, ABM Industries Inc., ABM Janitorial Services, Inc., and ABM Janitorial Services-Northern California.

Plaintiff EEOC further alleges that Erika Morales and similarly situated individuals were subjected to constructive discharge for complaining about, or rebuking, the sexual harassment.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

3.      Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6(e).

1:07-CV-01428 LJO-BAK (GSA)-
Plaintiff EEOC's First Amended Complaint

1      4.      At all relevant times, Defendants, ABM Industries Inc., ABM

2   Janitorial Services, Inc., and ABM Janitorial Services-Northern California

3   ("Defendants") have continuously been an employer engaged in an industry

4   affecting commerce within the meaning of Sections 701(b), (g) and (h) of

5   Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6      5.      At all relevant times, each Defendant has continuously been a

7   corporation doing business in the State of California, and has continuously had at

8   least 15 employees.

9      6.      All of the acts and failures to act alleged herein were duly performed

10  by and attributable to all Defendants, each acting as a successor, agent, alter ego,

11  employee, indirect employer, joint employer, integrated enterprise and/or or under

12  the direction and control of the others, except as specifically alleged otherwise.

13  Said acts and failures to act were within the scope of such agency and/or

14  employment, and each Defendant participated in, approved and/or ratified the

15  unlawful acts and omissions by the other Defendants complained of herein.

16  Whenever and wherever reference is made in this Complaint to any act by a

17  Defendant or Defendants, such allegations and reference shall also be deemed to

18  mean the acts and failures to act of each Defendant acting individually, jointly,

19  and/or severally.

20     7.      Plaintiff is ignorant of the true names and capacities of each

21  Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff

22  Commission sues said defendant(s) by fictitious names.  Plaintiff reserves the right

23  to amend the complaint to name each DOE defendant individually or collectively

24  as they become known.  Plaintiff alleges that each DOE defendant was in some

25  manner responsible for the acts and omissions alleged herein and Plaintiff will

26  amend the complaint to allege such responsibility when the same shall have been

27  ascertained by Plaintiff.

28     8.      All of the acts and failures to act alleged herein were duly performed

-3-

1  by and attributable to all DOES, each acting as a successor, agent, alter ego,

2  employee, indirect employer, joint employer, integrated enterprise and/or or under

3  the direction and control of the other DOES and named Defendants, except as

4  specifically alleged otherwise.  Said acts and failures to act were within the scope

5  of such agency and/or employment, and each DOE participated in, approved and/or

6  ratified the unlawful acts and omissions by the other DOES and Defendants

7  complained of herein.  Whenever and wherever reference is made in this

8  Complaint to any act by a DOE or DOES, such allegations and reference shall also

9  be deemed to mean the acts and failures to act of each DOE and named Defendants

10  acting individually, jointly, and/or severally.

11  ## STATEMENT OF CLAIMS

12      9.    More than thirty days prior to the institution of this lawsuit, Erika

13  Morales and another female employee (through her legal representative) filed

14  charges with the Commission alleging violations of Title VII.  The Commission

15  has issued Letters of Determination finding that the Charging Parties and similarly

16  situated individuals were subjected to unlawful employment discrimination based

17  upon their sex, female, of harassment and were constructively discharged in

18  violation of Title VII.  Prior to instituting this lawsuit, the EEOC attempted to

19  eliminate the unlawful employment practices herein alleged and to effect voluntary

20  compliance with Title VII through informal methods of conciliation, conference,

21  and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C.

22  Sections 2000e-5(b) and 2000e-6.  All conditions precedent to the institution of

23  this lawsuit have been fulfilled.

24      10.   Defendants have engaged in unlawful employment practices and in a

25  pattern or practice of such unlawful acts in violation of Sections 703, 706 and 707

26  of Title VII, 42 U.S.C. § 2000e-2, by subjecting Erika Morales and similarly

27  situated individuals to a sexually harassing hostile environment and quid pro quo

28  sexual harassment.  The sexually harassing behavior was perpetrated by various

-4-

1  Defendants' supervisors and employees at various ABM worksites and included,
2  but was not limited to the following: unwelcome touching, explicit sexual
3  commentary and quid pro quo sexual harassment.  One of Defendants' supervisors
4  raped a female employee at the worksite.  The supervisor repeatedly hugged
5  female employees from behind and groped their private parts with his hands.  On
6  several occasions, the supervisor exposed himself and tried to force the female
7  employees to touch him sexually.  Supervisors repeatedly subjected the female
8  employees to leering, suggestive and propositioning language.  Supervisors offered
9  female employees positions where they would drive a company vehicle and/or
10 supervise employees in exchange for sex.  Defendants failed to exercise reasonable
11 care to prevent and correct promptly the sexually harassing behavior.

12        11.    Erika Morales and similarly situated individuals were subjected to
13 constructive discharge for complaining about, or rebuking, the sexual harassment.

14        12.    The effect of the practices complained of in paragraphs 10 and 11
15 above has been to deprive Erika Morales and similarly situated individuals of equal
16 employment opportunities and otherwise adversely affect their status as
17 employees, because of their sex.

18        13.    The unlawful employment practices complained of in paragraph 10
19 through 12 above were and are willful within the meaning of §§ 706(f)(1) and (3),
20 706(g)(1), and 707 of Title VII, 42 U.S.C., §§ 2000e-5(f)(1) and (3), (g)(1), and
21 2000e-6.

22        14.    The unlawful employment practices complained of in paragraph 10
23 through 12 above were and are intentional and caused Erika Morales and similarly
24 situated individuals to suffer emotional distress.

25        15.    The unlawful employment practices complained of in paragraph 10
26 through 12 above were and are done with malice or with reckless indifference to
27 the federally protected rights of Erika Morales and similarly situated individuals.

28

1:07-CV-01428 LJO-BAK (GSA)-
Plaintiff EEOC's First Amended Complaint

## **PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex.

B.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendants to make whole Erika Morales and similarly situated individuals in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendants to make whole Erika Morales and similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 through 12 above, in amounts to be determined at trial.

E.    Order Defendants to make whole Erika Morales and similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10 through 12 above, including but not limited to pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.    Order Defendants to pay Erika Morales and similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraphs 10 through 15 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

1:07-CV-01428 LJO-BAK (GSA)-
Plaintiff EEOC's First Amended Complaint

1

## JURY TRIAL DEMAND

2  The Commission requests a jury trial on all questions of fact raised by its

3 Complaint.

4

5 Dated: July ⟋⟋, 2009       Respectfully Submitted

6

7             RONALD COOPER,

8             General Counsel

9             JAMES LEE,

10            Deputy General Counsel

11            GWENDOLYN YOUNG REAMS,

12            Associate General Counsel

13            U.S. EQUAL EMPLOYMENT

14            OPPORTUNITY COMMISSION

15            1801 "L" Street, N.W.

             Washington, D.C.  20507

16

17            By:

18              ANNA Y. PARK

              Regional Attorney

19            U.S. EQUAL EMPLOYMENT

20            OPPORTUNITY COMMISSION

21

22

23

24

25

26

27

28

-7-

# EXHIBIT 3

# EXHIBIT 3

1

2

3

4

5                    IN THE UNITED STATES DISTRICT COURT

6               FOR THE EASTERN DISTRICT OF CALIFORNIA

7

8    U.S. EQUAL EMPLOYMENT                    CASE NO. CV-F-07-1428- LJO-TAG
     OPPORTUNITY COMMISSION,
9
                            Plaintiff,        **ORDER ON PRELIMINARY SCHEDULE**
10          vs.

11   ABM INDUSTRIES INCORPORATED
     AND ABM JANITORIAL
12   SERVICES, INC., et. al,

13                          Defendants.
                                        /
14

15          This Court conducted a preliminary scheduling conference on August 20, 2008 in Department

16   4 (LJO).  Plaintiff EEOC appeared by counsel Victor Viramontes and Lorena Garcia.  Plaintiffs-in-

17   Intervention appeared by counsel Stan Mallison.  Defendants ABM Industries Inc. and ABM Janitorial

18   Services, Inc. appeared by counsel Laura Hayward and by telephone by counsel Keith Jacoby.

19   Defendant Jose Vasquez appeared by telephone by counsel Joseph Strapp.

20          After discussion with counsel, this Court:

21       1.       SETS October 20, 2008 as the date to serve respective F.R.Civ.P. 26(a)(1) initial

22                disclosures;

23       2.       SETS a March 20, 2009 cutoff for discovery regarding class certification only;

24       3.       SETS a scheduling conference for April 23, 2009 at 8:15 a.m. in Department 4.

25   IT IS SO ORDERED.

26   Dated:  __August 20, 2008__            ____/s/ Lawrence J. O'Neill____
                                              UNITED STATES DISTRICT JUDGE
27

28

                                              1

# EXHIBIT 4

# EXHIBIT 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

### UNITED STATES DISTRICT COURT

### EASTERN DISTRICT OF CALIFORNIA

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

        Plaintiff,

ERIKA MORALES and ANONYMOUS
PLAINTIFFS ONE THROUGH EIGHT,

        Plaintiff-Intervenors,

        v.

ABM INDUSTRIES INCORPORATED,
et al,

        Defendants.
_____/

Case No.  1:07-cv-01428-LJO-TAG

ORDER GRANTING IN PART AND
DENYING IN PART MOTION TO
COMPEL DISCOVERY (Docs. 58, 59)

     Plaintiff United States Equal Employment Opportunity Commission (EEOC) seeks an

order compelling defendants ABM Industries and ABM Janitorial Services, Inc. ("Defendants") to

respond and produce documents in response to the EEOC's Request for Production of Documents,

sets number one and two, numbered 16, 17, 18, 150, 152, 159, 160, and 161. (Doc. 59).  In

accordance with Local Rule 23-232, the parties met, conferred, and filed a joint statement

regarding their discovery disagreement.  (Doc. 60, "Joint Statement of Discovery Disagreements").

The Court has read and considered the pleadings and the arguments of counsel, and makes the

following ruling.

### FACTUAL AND PROCEDURAL BACKGROUND

     On September 28, 2007, the EEOC commenced this civil action against Defendants.  (Doc.

1

1   1).  The complaint alleges unlawful employment practices in violation of Title VII of the Civil

2   Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991.  (*Id.*).  The complaint

3   alleges that Defendants engaged in unlawful employment practices and in a pattern of such

4   practices in violation of Sections 703 and 707 of Title VII by subjecting Erika Morales and

5   similarly situated individuals to sexual harassment at the work site by supervisors.   The complaint

6   further alleges that Defendants failed to exercise reasonable care to prevent and correct promptly

7   the sexually harassing behavior.  Class action status is sought under Section 706.  (Doc. 1,

8   paragraphs 10, 12; Doc. 60 at pp.26, 27.)

9        On November 29, 2007, Defendants filed an answer to the complaint.  (Doc. 14).  On

10   November 30, 2007, Defendants filed an amended answer to the complaint. (Doc. 15).  On March

11   7, 2008, Erika Morales and eight anonymous plaintiffs filed a complaint in intervention against

12   Defendants, ABM Janitorial Northern California, and Jose Vasquez. (Doc. 27).  On March 27,

13   2008, Defendants and ABM Janitorial Northern California filed an answer to the complaint in

14   intervention. (Doc. 29).  On May 13, 2008, Jose Vasquez filed am answer to the complaint in

15   intervention.  (Doc. 33).  Defendants, ABM Janitorial Northern California, and Jose Vasquez deny

16   the allegations in the complaints and raise various defenses.  Discovery cut-off regarding class

17   certification is set for March 20, 2009.  (Doc. 51).

18        On April 10, 2008, the EEOC served Defendants with a Request for Production of

19   Documents, Set One (Doc. 60, Exhs. 1 and 2).  On May 27, 2008, Defendants objected to the

20   discovery request and failed to produce responsive documents.  (Doc. 60, Exh. 4-6).  On May 19,

21   2008, the EEOC served Defendants with a Request for Production of Documents, Set Two.  (Doc.

22   60, Exhs. 7, 8).  On June 23, 2008, Defendants again objected to the discovery request and failed to

23   produce responsive documents. (Doc. 60, Exhs. 9, 10).  However, on August 11, 2008, Defendants

24   provided the EEOC with a list of employees in Bakersfield, California, but did not include contact

25   information.  (Doc. 60, Exh. 12).  On October 27, 2008, Plaintiff EEOC filed an amended Motion

26   to Compel Defendants to Respond and Produce Responsive Documents to EEOC's Request for

27

2

Production of Documents, Set No. One and Set No. Two, Nos.16, 17, 18, 150, 151, 152, 159, 160, and 161.  (Doc. 59).

## ANALYSIS & DISCUSSION

**A.     Discovery overview**

The purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent possible," *United States v. Procter & Gamble Co.*, 356 U.S. 677, 683, 78 S.Ct. 983 (1958), and to narrow and clarify the issues in dispute, *Hickman v. Taylor*, 329 U.S. 495, 501, 67 S.Ct. 385 (1947).

Fed. R. Civ. P. 26(b) establishes the scope of discovery and states in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense - including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know any discoverable matter.  For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.  All evidence is subject to the limitations imposed by Rule 26(b)(2)(C)[1].

"Although [discovery] does have its boundaries, the scope of discovery is broadly construed." *Babbitt, et al. v. Albertson's Inc.*, 1992 WL 605652 *5 (N.D. Cal. 1992)(citing *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 98 S. CT. 2380 (1978).  Furthermore, in Title VII cases, courts should avoid placing unnecessary limitations on discovery. *Jackson v. Montgomery Ward & Co.*, 173 F.R.D. 524, 526 (D. Nev. 1997).  And, finally, "[t]he party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objections."  *Oakes v. Halvorsen Marine Ltd.*, 179 F.R.D 281, 283 (C.D. Cal. 1998); *Nestle Foods Corp. v. Aetna Casualty & Surety Co.*, 135 F.R.D. 101, 104 (D. N.J. 1990).

**B.     Requests for Production of Documents**

---

[1]Rule 26(b)(2)(c) authorizes the court to limit the frequency and extent of discovery when the discovery is sought is unreasonably cumulative or duplicative, can be obtained from some other source that is more convenient or less burdensome or expensive, the party seeking the discovery has had ample opportunity to obtain it, or the burden or expense of the discovery outweighs the likely benefit.

1    Fed.R.Civ.P. 34(b)(2)(B) requires a written response to a request for production to "state

2   that inspection and related activities will be permitted as requested or state an objection to the

3   request, including the reasons." The request is sufficient if the documents or things to be produced

4   are described by item or category with "reasonable particularity" in the request. Fed. R.Civ. P.

5   34(b)(1)(A). A party upon whom the request is served must serve its written response within 30

6   days after the service of the request. Fed.R.Civ.P. 34(b)(2)(A). A responding party is obliged to

7   produce all designated and nonprivileged documents, tangible things, or electronically stored

8   information which are in its "possession, custody or control." Fed.R.Civ.P. 34(a); *Norman*

9   *Rockwell Int'l Corp. v. H. Wolfe Iron & Metal Co.*, 576 F.Supp. 511, 512 (W.D. Pa. 1983). The

10  propounding party may seek an order compelling production or inspection if a party "fails to

11  respond that inspection will be permitted - or fails to permit inspection - as requested under Rule

12  34." Fed.R.Civ.P. 37(a)(3)(B)(iv). Failure to object to discovery requests in a timely fashion

13  constitutes a waiver of any objection. *See, Richmark Corp. v. Timber Falling Consultants*, 959

14  F.2d 1468, 1473 (9th Cir. 1992).

15    Plaintiff properly served both of its Requests for Production of Documents on Defendants.

16  Defendants objected to them in a timely fashion. Pursuant to the Joint Statement of Discovery

17  Disagreements (Doc. 60) and the representations of counsel made at the hearing in this matter, the

18  discovery issues in dispute are summarized as follows:

19    1. The EEOC seeks an order compelling Defendants to provide the names and contact

20  information of janitorial employees employed by Defendants and ABM Janitorial Services-

21  Northern California in California from 2001 to the present, in response to the EEOC's Request for

22  Production of Documents, Set One, Requests 16, 17, and 18, and the EEOC's Request for

23  Production of Documents, Set No. Two, Request 152;

24    2. The EEOC seeks an order compelling Defendants to provide the names and contact

25  information of janitorial employees who have worked with or worked under Jose Vasquez (the

26  alleged harasser) and Javier Vasquez (Jose Vasquez's supervisor and cousin) from 2004 to the

27

4

1   present or during their employment with Defendants, in response to the EEOC's Request for

2   Production of Documents, Set Two, Requests Nos. 150, 151, 152, 159, and 160;

3          3.  The EEOC seeks an order compelling Defendants to produce all documents pertaining

4   to complaints of sexual harassment made to Defendants in California, i.e., pertaining to the

5   California operations of Defendants, from January 2000 to the present, in response to the EEOC's

6   Request for Production of Documents, Set Two, Request No. 161; and

7          4.  The EEOC also seeks an order compelling Defendants to produce all documents

8   responsive to the EEOC's Requests for Production Nos. 16, 17, 18, 150, 151, 152, 159, 160,and

9   161.

10          Defendants do not oppose the EEOC's discovery directed at employees who worked with

11   defendant Jose Vasquez.  However, Defendants assert that the EEOC is not entitled to conduct

12   statewide discovery directed at employees who have not worked with Jose Vasquez.  Defendants

13   contend that the EEOC's discovery request exceeds the scope of this litigation and the EEOC has

14   failed to show why it is entitled to the information sought.

15   **C. Analysis**

16      1.  Requests for Production Nos. 16, 17, and 18 - Set One.

17          As amended by Plaintiff EEOC (Doc. 60, p. 17), Request 16 directs Defendants to:

18          Identify and produce all documents identifying each janitorial employee who has worked

19   and/or has been working for ABM Industries Incorporated from January 1, 2001 to the present

20   within the state of California.

21          As amended by Plaintiff EEOC, Request 17 directs Defendants to:

22          Identify and produce all documents identifying each janitorial employee who has worked

23   and/or has been working for ABM Janitorial Services, Inc. from January 1, 2001 to the present

24   within the state of California.

25          As amended by Plaintiff EEOC, Request 18 directs Defendants to:

26          Identify and produce all documents identifying each janitorial employee who has worked

27

5

1   and/or has been working for ABM Janitorial Services-Northern California from January 1, 2001 to

2   the present within the state of California.

3          Defendants objected to these Requests on the grounds that they are overbroad, burdensome,

4   oppressive, seek information that is neither relevant nor calculated to lead to admissible evidence,

5   are unduly duplicative and repetitive, evade the privacy rights of non-parties, and the entity from

6   whom the information is sought is not the employer.

7          (A) Precertification discovery.

8          When managing discovery in a class action context, the Court must "balance the need to

9   promote effective case management, the need to prevent potential abuse, and the need to protect

10  the rights of all parties." *Tracy v. Dean Witter Reynolds, Inc.*, 185 F.R.D. 303, 305 (D. Colo.

11  1988)(citation omitted).  Consequently, the discovery must be broad enough to give the plaintiffs

12  "a realistic opportunity to meet [the certification] requirements."  *National Organization for*

13  *Women, Farmington Chapter v.  Sperry Rand Corp.*, 88 F.R.D. 272, 276-277 (D. Conn. 1980)).

14  However, it must also protect the defendants against discovery that is irrelevant or  invades

15  privileged or confidential areas.  Tracy, 185 F.R.D. at 303.  Precertification discovery is within the

16  discretion of the court, and limitations may be imposed within the court's discretion.  *See Barnhart*

17  *v. Safeway Stores, Inc.*, 1992 WL 443561 *2 (E.D.Cal. 1992)

18         The issue is the geographic scope of precertification discovery.  The EEOC proposes to

19  conduct statewide discovery and contends it is entitled to do so because (1) Defendants are national

20  companies operating throughout the state of California and the EEOC's complaint alleges a

21  systemic pattern or practice of sexual harassment; (2) Defendants maintain national sexual

22  harassment policies; and (3) court records and a sealed document suggest that Defendants' pattern

23  or practice of sexual harassment extends beyond the immediate vicinity of Bakersfield, California."

24  (Doc. 60, p. 4).

25         The challenge raised to each Request at issue focuses largely on relevance, framed in the

26  argument that the EEOC is only permitted to litigate claims that are "like or related to" the

27

6

1    substance of the allegations in the administrative charge.  Defendants assert that because nothing in

2    the EEOC's determination letter reasonably relates to anyone other than Jose Vasquez or to any

3    location other than the Bakersfield area work sites where Jose Vasquez performed his work for

4    Defendants, and because neither the EEOC nor the intervening Plaintiffs contend that they were

5    harassed by anyone other than Jose Vasquez or that they were harassed anywhere other than at

6    work sites where Jose Vasquez also worked, the statewide information that the EEOC seeks to

7    discover goes well beyond the scope of the EEOC investigation. Therefore, according to

8    Defendants, the Court may not properly compel discovery of the names and contact information of

9    janitorial employees employed by  Defendant ABM Industries Incorporated, ABM Janitorial

10   Services, Inc., and ABM Janitorial Services Northern California throughout all of California during

11   the specified time period.[2]

12          Defendants cite the case of *EEOC v. Jillian's of Indianapolis, IN, Inc.*, 279 F.Supp.2d 974,

13   982-985 (S.D. Ind. 2003) for the proposition that "[w]hile the EEOC has broad powers to conduct

14   *pre-litigation* investigations at the charge and conciliation stages, the permissible scope of

15   discovery in *litigation* is far narrower and bounded by the scope of the charge and the underlying

16   investigation."  (Doc. 60 at pp. 6-7.)  Other decisional authority provided to support this position,

17   as well as various other aspects of Defendants' arguments challenging the statewide reach of the

18   challenged discovery, include: *Serrano v. Cintas Corp.*, 2008 WL 4791677 (E.D. Mich. October

19   27, 2008); *EEOC v. Outback Steak House of Fla. Inc.*, 520 F.Supp.2d 1250 (D. Colo. 2007);

20   *EEOC v. U.S. Bell*, 2005 WL 1683979 (N.D. Ind 2005); *EEOC v. Caterpillar Inc.*, 336 F.Supp.2d

21   858 (N.D. Ill. 2004); *EEOC v. Target Corp.*, 2007 WL 1461298 (E.D.Wis. 2007); *and EEOC v.*

22   *Delight Wholesale Co.*, 973 F.2d 664 (8th Cir. 1992).

23          None of the cases cited by Defendants are controlling on the issue before the Court.  Some

24   of these cases involved class suits, but a number of them did not.  None of the cited cases involved

25   _____

26       [2]Defendants represent that there are more than 21,000 former and current ABM-entity employees in California.
27   (Doc. 60, p. 7).

7

1    challenges to discovery requests.  And none involved discovery requests in a suit involving class

2    certification issues.  Here, what is at issue is the appropriate scope of discovery aimed, in whole or

3    in part, at helping the district court determine issues of class certification.  (See *Order on*

4    *Preliminary Schedule* dated August 20, 2008, setting "a March 20, 2009 cutoff date for discovery

5    regarding class certification only...." (Doc. 51.)

6            (B)  Geographic scope.

7            The geographic scope of discovery is driven by the facts of the case.  To ascertain the initial

8    facts that are at least alleged by the EEOC, the Court looks to the EEOC's complaint and any

9    evidence presented in connection with the motion.  (Doc. 1).

10           (1)  The complaint.

11           The EEOC's complaint alleges that it is brought to "provide appropriate relief to Erika

12   Morales and similarly situated individuals" who were adversely affected by unlawful employment

13   practices.  (Doc. 1, p. 1).  It alleges that unlawful employment practices "were and are now being

14   committed within the jurisdiction of the United States District Court for the Eastern District of

15   California" and that Defendants ABM Industries Inc. and ABM Janitorial Services, Inc. are

16   corporations "doing business in California."  (Doc. 1. p, 2).

17           The allegations in the complaint are directed primarily at the conduct of one person.  It

18   alleges that *"[o]ne* of Defendants' supervisors raped a female employee at a work site.  *The*

19   *supervisor* repeatedly hugged female employees from behind and groped their private parts with

20   his hands.  On several occasions, *the supervisor* repeatedly subjected the female employees to

21   leering, suggestive and propositioning language." (Italics added) (Doc, 1, p. 4).  The complaint also

22   alleges that *the supervisor* repeatedly hugged and groped other female employees, subjected them

23   to "leering, suggestive and propositioning language" and "exposed himself to the female

24   employees" and repeatedly subjected them to offensive behavior. (Italics added). (Doc. 1, p. p. 4).

25           However, the EEOC's complaint is not based entirely on the alleged conduct of a single

26   supervisor.  It also alleges that Defendants subjected Erika Morales and similarly situated

27

8

1  individuals to a "sexually harassing hostile environment and quid pro quo harassment . . .

2  perpetrated by *supervisors... .*" (Doc. 1, p. 4).   It further alleges that "*[s]upervisors* offered female

3  employees positions where they would drive a company vehicle and/or supervise employees in

4  exchange for sex." (Italics added) (*Id.*).

5                    (2)  The complaint-in-intervention.

6          The Requests seek documents related to Defendants ABM Industries Incorporated and

7  ABM Janitorial Services, Inc., as well as additional parties and employees described and/or named

8  as defendants in the complaint-in-intervention, including ABM Janitorial Services Northern

9  California, Jose Vasquez, and Javier Vasquez.  (Docs. 1, 27, 58).  Thus, to ascertain the contours

10  of the initial facts alleged in this entire action, the Court also considers the complaint-in-

11  intervention. (Doc. 27).

12          The complaint-in-intervention alleges that it is brought on behalf of Erika Morales, eight

13  anonymous plaintiffs, and "similarly situated individuals" who were "subjected to a hostile work

14  environment and quid pro quo sexual harassment during their employment with ABM Industries

15  Incorporated, ABM Janitorial Services, Inc., ABM Janitorial Services Northern California."

16  (Doc. 27, p.2).  It alleges that unlawful employment practices were/are being committed "in

17  California within the jurisdiction of [this Court]" and the action "arose from occurrences in Kern

18  County and/or other counties covered by Local Rule 3-120(d)."  (Italics added). (Doc. 27, p. 3).

19  It further alleges that the intervening Plaintiffs are California residents, and that Defendant Jose

20  Vasquez is a resident of Kern County, California.  (Doc. 27, pp. 5-7).

21          The complaint-in-intervention also alleges that Defendants ABM Industries Incorporated

22  and ABM Janitorial Services Inc. are Delaware corporations with corporate headquarters in San

23  Francisco, California and corporate agents for service of process in Los Angeles, California.  (Doc.

24  27, pp. 6, 9).  It further alleges that Defendant ABM Janitorial Services Northern California is a

25  California corporation with headquarters in San Francisco, California and a corporate agent for

26  service of process in Los Angeles, California.  (Doc. 27, p. 6).   With respect to other matters

27

9

1   germane to this motion, it also alleges that "ABM INC was recently sued in Federal Court in

2   Minneapolis on similar charges involving female employees" and has a national "Code of Business

3   Conduct" that applies to all of the corporate defendants.  (Doc, 27, pp. 8, 12-14).

4          The alleged factual premise of the intervening Plaintiffs' Title VII claims is essentially the

5   same as the EEOC's complaint.  The allegations focus primarily on the conduct of supervisor

6   Defendant Jose Vasquez, but they do not pertain exclusively to him.  For example, the complaint-

7   in-intervention also alleges that sexually harassing behavior "was perpetrated by *supervisors*" and

8   that "[o]ne of Defendants' supervisors Jose Vasquez raped a female employee at a work site" and

9   repeatedly "hugged female employees from behind" and "groped their private parts with his

10  hands," and repeatedly "subjected them to leering, suggestive and propositioning language."

11  (Italics added).  (Doc. 27, pp. 16-17).  It also alleges that Defendant Jose Vasquez "exposed

12  himself and tried to force the female employees to touch him sexually." (Doc. 27, p. 17).  As in the

13  EEOC's complaint, it alleges that "*[s]upervisors* offered female employees positions where they

14  would drive a company vehicle and/or supervise employees in exchange for sex." (Italics added).

15  (Doc. 27, p. 17).

16         The Title VII sexual discrimination claim alleges that the intervening Plaintiffs were

17  subjected to "degrading comments, reduction in working hours, denial of promotional

18  opportunities, and criticism of their work for not accepting the sexual advances of ... supervisor

19  Jose Vasquez," and "conditioning of work and work privileges upon sexual favors to Jose

20  Vasquez." (Doc, 27, pp. 17-18).  The Title VII quid pro quo sexual harassment claim is based

21  primarily on allegations that the intervening Plaintiffs "were subjected to unwelcome sexual

22  advances, requests for sexual favors or other verbal or physical conduct of a sexual nature by ...

23  supervisor Jose Vasquez." (Doc. 27, p. 23).  The Title VII retaliation claim alleges that the

24  intervening Plaintiffs were retaliated against for complaining about the "unwanted and persistent

25  sexual advances, harassment, and discrimination against [them] by ...  supervisor Jose Vasquez."

26  (Doc. 27, pp.24-25).

27

1       It is apparent from the foregoing pleadings that the focus of the Title VII claims in this

2   action are premised on the alleged conduct of Jose Vasquez, but they are not entirely limited to his

3   conduct.  The pleadings do not delineate the geographic location of the alleged sexual assaults and

4   harassment, except to allege that they occurred at the female employees' work sites.  However, the

5   declaration of Ann Ung, the current payroll manager for American Building Maintenance Co, ,

6   submitted by Defendants in opposition to this motion, declares that the intervening Plaintiffs were

7   "employed at work sites in and around Bakersfield, California, and were employed only by ABM

8   Janitorial Services-Northen California.  (Doc. 60-28, p. 2).

9                   (3) Public records and declarations.

10      The EEOC argues that statewide discovery is appropriate because publicly available

11  records and a sealed declaration suggest that Defendants' pattern or practice of sexual harassment

12  extends beyond the immediate vicinity of where Jose Vasquez works.  The publicly available

13  records are described in the EEOC's portion of the Joint Statement of Discovery Disagreements,

14  which states that at least three sexual harassment lawsuits were filed against ABM Industries, Inc.

15  and/or ABM Inc. in Los Angeles County Superior Court in 2007, one sexual harassment action was

16  filed against ABM Inc. in Orange County Superior Court in June 2007, and one sexual harassment

17  action was filed against "ABM janitorial entities" in the District of Minnesota.[3]  (Doc. 60, pp. 11-

18  12).  However, the Joint Statement does not relate the factual underpinning of these lawsuits, and

19  the Court has not been asked to take judicial notice of any court records or been provided a copy of

20  any court record for which judicial notice may be taken.

21      The mere fact that a lawsuit has been filed is not evidence of Plaintiffs' claims.  Moreover,

22  the declaration of Attorney Keith A. Jacoby declares that "[n]ot a single one of [the foregoing state

23  court] lawsuits resulted in an adverse finding against any Defendant."  (Doc. 60-25, p. 3).  Attorney

24  Jacobsen's declaration further states that the matter of *Sandoval, et al. v. American Building*

25  ───────────────

26      [3]Presumably, this is the same action described on page 8 of the complaint-in-intervention.  (Doc. 27).

27

11

1  *Maintenance Industries, Inc. et al.,* Case No. 0:06-cv-01772-RHK-JSM (D. Minn. 2006) "resulted

2  in an entry of summary judgment in Defendants' favor." (Doc. 60-25, p. 3). Based on what has

3  been presented, the Court is unable to find that the lawsuits filed in other counties or the District of

4  Minnesota support a conclusion that the alleged pattern or practice of sexual harassment extends

5  throughout California.

6          The EEOC has also provided a sealed declaration of a former employee, who describes

7  being sexually assaulted by a supervisor outside of Kern County. Ms. Ung's declaration also

8  addresses the sealed declaration, and states that according to ABM's records, the employee "was

9  allegedly harassed by a co-worker - not a supervisor- a fellow union member. This co-worker's

10 employment was terminated following a full investigation of the [employee's ] complaint," (Doc.

11 60-28, p. 3). The Court has read and considered both declarations, finds that the sealed declaration

12 is essentially conclusory in nature, and that both  declarations provide only a modicum of evidence

13 regarding the extent of any Plaintiff's claims. .

14          (4)  <u>Nationwide policy.</u>

15          Finally, the EEOC argues that statewide discovery is appropriate because two of the

16 Defendants are national companies with a company-wide conduct policy. The fact that a company

17 has a national policy is relevant to the analysis. However, the EEOC and the intervening Plaintiffs

18 have failed to show how the national policy evidences a pattern or practice in this case, and given

19 the  dearth of other evidence presented on this issue, the Court does not find the policy's existence

20 to be persuasive.

21          (5)  <u>Conclusion regarding geographic scope.</u>

22          In sum, the EEOC and the intervening Plaintiffs have not presented sufficient evidence to

23 persuade the Court that the scope of discovery should extend, at least at this point, to the

24 Defendants' 21,000 person statewide workforce. The EEOC and the intervening Plaintiffs have

25 failed to present persuasive evidence to show that statewide discovery would tend to establish the

26 class allegations or be relevant to their claims. At most, the complaint-in-intervention alleges that

27

1   the action arose from occurrences in Kern County and/or other counties covered by Local Rule 3-

2   120(d).  The Court takes judicial notice that Local Rule 3-120(d) provides in relevant part that all

3   civil actions "arising in Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced,

4   Stanislaus, Tulare, and Tuolomne counties" shall be commenced in the Fresno Division of this

5   Court.

6          It appears to the Court that the only purpose of statewide discovery at this point, would be

7   to allow Plaintiffs to search for other employees with colorable claims, with no factual nexus other

8   than the fact that they do or did work for Defendants.  In the Court's view, this would constitute a

9   "fishing expedition" and an inappropriate use of discovery.  Accordingly, the Court concludes that

10  the appropriate geographic scope of discovery with respect to Requests 16, 17, and 18 -Set One,

11  are at most, the eleven counties covered by Local Rule 3-120(d).

12         (C)  Other objections to Requests 16, 17, and 18 - Set One.

13         The objections based on relevancy or contending that the Requests are overbroad, are

14  sustained in part and overruled in part as discussed supra.

15         Defendants have also objected to the Requests on the ground that the information sought is

16  burdensome, oppressive, and unduly duplicative and repetitive.  Defendants have not offered a

17  declaration or an affidavit sufficiently describing the particulars of the burden compliance with

18  such a request would impose on Defendants.  Fletcher v. Atex, Inc., 156 F.R.D. 45, 54 (S.D.N.Y.

19  1994).  A bare assertion of undue burden without factual allegations does not suffice.  Coker v.

20  Duke & Co., 177 F.R.D. 682, 686 (M.D. Ala. 1998); In re In-Store Advertising Sec. Litig., 163

21  F.R.D. 452, 455 (S.D.N. 1995).  The Court concludes that the information requested is neither

22  unduly duplicative nor repetitive.  Accordingly, these objections are overruled.

23         Another objection Defendants raise to the discovery requests is that the entity from whom

24  the information is sought is not the employer.  This statement is not the same as saying the

25  requested information is not within a particular defendant's possession and/or control.  Moreover,

26  Fed. R. Civ. P. 26 (b)(2) lists the grounds on which the Court may limit the extent of discovery

27

13

1  otherwise allowed. Again, Defendants have not offered a declaration or affidavit sufficiently

2  describing facts to support imposing one or more of the limits specified in Fed. R. Civ. P. 26 (c).

3  *Fletcher,* 156 F.R.D. at 54. The burden of such a showing is theirs. *Oakes,* 179 F.R.D at 283.

4  The objection is overruled.

5        Defendants' final objection rests upon the claim that the requested information will invade

6  the privacy rights of non-parties. Defendants do not describe what these privacy rights are, the

7  manner in which any such interest might be adversely affected, or the specific legal privilege or

8  protection implicated. Given these circumstances, Defendants have failed to persuade the Court

9  that Defendants' objection on this ground has merit. The objection is overruled.

10        Based on the foregoing, the motion to compel responses to Requests 16, 17, and 18 - Set

11  One will be granted, but limited in geographic scope to the counties of Calaveras, Fresno, Inyo,

12  Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolomne.

13     2.  Request for Production No. 150 - Set Two.

14        Request 150 directs Defendants to:

15        Identify and produce all documents identifying, which include but are not limited to, the

16  name, most current address and telephone numbers, of each employee who worked and/or has been

17  working under Jose Vasquez from January 1, 2004 to the present.

18        Defendants objected to the request on the grounds that it is overbroad and burdensome,

19  seeks information that is neither relevant to the instant action nor calculated to lead to the

20  discovery of admissible evidence, is unduly duplicative and repetitive, seeks to invade the  privacy

21  of third parties without compelling need, and that ABM Industries Incorporated was not

22  Plaintiffs'employer. Ostensibly without waiving those objections, Defendant agreed to produce,

23  subject to a protective order, a list of employees who worked under Jose Vasquez, but refused to

24  produce current addresses and telephone numbers of such persons.

25        At the meet and confer process, the parties agreed that Plaintiffs had produced a partial list

26  of current employees in Bakersfield, but failed to produce contact information and a list of the

27

14

1   employees who worked with Jose Vasquez.

2       Plaintiffs have alleged that Defendants hired Jose Vasquez, a man with a criminal record of

3   sexual assault, as a janitorial employee at various work sites.  While working for Defendants and

4   on the job, Jose Vasquez is alleged to have sexually assaulted and harassed female co-workers at

5   their work sites.  Plaintiffs further alleged that Javier Vasquez, the cousin of Jose Vasquez, was

6   also an employee of Defendants and was involved in the hiring of Jose Vasquez.  After his hire,

7   Jose Vasquez was promoted to a supervisory position with his employer and continued to sexually

8   assault and harass female employees at their work sites, according to Plaintiffs' claims.

9       The discovery requested is relevant both to class certification issues and the merits of the

10   case.  The Court finds that the information and documents requested are within the permitted scope

11   of discovery, and the motion to compel with respect to Request 150 - Set Two will be granted,

12   without limitation in geographic scope.  The Court also concludes that Request 150 is not

13   overbroad, burdensome, or unduly duplicative or repetitive; each of those objections are overruled.

14   Finally, and for the reasons discussed in the ruling on the motion to compel as to Requests 16, 17,

15   and 18 - Set One supra, the objections based on grounds of privacy and the claim that ABM

16   Industries Incorporated is not the employer, are overruled.

17     3.  Request for Production No. 151 - Set Two.

18       Request 151 directs Defendants to:

19       Identify and produce all documents identifying, which include but are not limited to, the

20   name, most current address and telephone numbers, of each employee who worked and/or has been

21   working under Javier Vasquez from January 1, 2004 to the present.

22       Defendants objected to this request on the same grounds that it objected to Request 150,

23   i.e., that it is overbroad and burdensome, seeks information that is neither relevant to the instant

24   action nor calculated to lead to the discovery of admissible evidence, is unduly duplicative and

25   repetitive, seeks to invade the privacy of third parties without a compelling need, and that ABM

26   Industries Incorporated was not Plaintiffs' employer.  Defendants also objected on the ground that

27

1   Request 151 seeks information pertaining to a non-party.

2        At the meet and confer process, the parties agreed that Defendants produced a partial list of

3   current employees in Bakersfield, but failed to produce contact information for those employees or

4   a list of employees with the requested contact information who worked with Javier Vasquez.

5        Plaintiffs contend that Javier Vasquez is Jose Vasquez's cousin and an employee of

6   Defendants.  Although the EEOC's complaint does not specifically address the issue, the EEOC

7   contends at page 3 of the Joint Statement of Discovery Disagreements that Javier Vasquez played a

8   role in the decision to hire Jose Vasquez, oversaw the work environment where the alleged sexual

9   assaults and harassment occurred, and was Jose Vasquez's supervisor.  (Doc. 60, pp. 5, 10).

10  If found true, the fact that Javier Vasquez was responsible for hiring and supervising Jose Vasquez,

11  supports the notion that Javier Vasquez did not protect employees in his ultimate charge.

12       The Court concludes that discovering the identities of, and contact information for,

13  Defendants' employees who worked with or under Javier Vasquez is calculated to lead to the

14  discovery of relevant evidence and is therefore properly within the scope of discovery.  The Court

15  also concludes that the information sought is not overbroad, burdensome, unduly duplicative, or

16  repetitive, and each of those objections are overruled.  For the reasons discussed supra, the Court

17  also overrules the objections based on privacy, the claim that ABM Industries Incorporated was not

18  Plaintiffs' employer, and the claim that Request 151 seeks information pertaining to a non-party.

19  The motion to compel will be granted as to Request 151-Set One, and will not be limited in

20  geographic scope.

21       4.  Request for Production No. 152 - Set Two.

22       Request 152 directs Defendants to:

23       Identify and produce all documents identifying, which include but are not limited to, the

24  name, most current address and telephone numbers, of each employee who worked and/or has been

25

26

27

16

1  working for you from January 1, 2004 to the present.[4]

2      Defendants objected to this Request on the same grounds that they objected to Request 150,

3  i.e., that it is overbroad and burdensome, seeks information that is neither relevant to the instant

4  action nor calculated to lead to the discovery of admissible evidence, is unduly duplicative and

5  repetitive, seeks to invade the privacy of third parties without a compelling need, and that ABM

6  Industries Incorporated was not Plaintiffs' employer.

7      At the meet and confer process, the parties agreed that Defendants produced a partial list of

8  current employees in Bakersfield, but failed to produce employees' contact information.

9      The only difference between this Request and Requests 16, 17, and 18 - Set One, is the

10  substitution of the word "you" for a named defendant.  That change makes no difference in the

11  Court's decision on this item of requested discovery.  Based upon the authority and reasoning

12  discussed <u>supra</u>, the motion to compel responses to Request 152 will be granted but limited in

13  geographic scope to the counties of Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa,

14  Merced, Stanislaus, Tulare, and Tuolomne.  The additional objections asserting that Request 152

15  is otherwise overbroad, burdensome, unduly duplicative and repetitive, seek to invade the privacy

16  of third parties without a compelling need, and that ABM Industries Incorporated was not

17  Plaintiffs' employer, are overruled, for the same reasons as discussed <u>supra</u>.

18      5.  <u>Request for Production No. 159 - Set Two.</u>

19      Request 159 directs Defendants to:

20      Identify and produce all documents, which include but are not limited to, a list of the

21  names, most current addresses and telephone numbers, of all of your employees who were assigned

22  to work in the same location as Jose Vasquez at any time during his employment with you

23  Defendants objected to this request on the same grounds that they objected to Request 150, i.e.,

24  that it is overbroad and burdensome, seeks information that is neither relevant to the instant action

25  _____

26  [4] Plaintiff EEOC states in the Joint Statement of Discovery Disagreements that the request is limited to janitorial
employees. (Doc. 60, p. 28).

27

17

1   nor calculated to lead to the discovery of admissible evidence, is unduly duplicative and repetitive,

2   seeks to invade the privacy of third parties without a compelling need, and that ABM Industries

3   Incorporated was not Plaintiffs' employer.

4        At the meet and confer process, the parties agreed that Defendants produced a partial list of

5   current employees in Bakersfield, but failed to produce employees' contact information and a list

6   of employees who worked at the same location as Jose Vasquez.

7        Once again, the difference between this request and Request 150 - Set One is not significant

8   for purposes of decision. Based upon the authority and reasoning discussed supra, the Court finds

9   that the information sought in Request 159 is relevant to issues of class certification, and overrules

10  the remaining objections. The motion to compel responses to Request 159 will be granted and will

11  not be limited in geographic scope.

12       6.   Request for Production No. 160 - Set Two.

13       Request 160 directs Defendants to:

14       Identify and produce all documents, which include but are not limited to, a list of the

15  names, most current addresses and telephone numbers, of all of your employees who were assigned

16  to work in the same location as Javier Vasquez at any time during his employment with you.

17  Plaintiff EEOC has stated in its Joint Statement of Discovery Disagreements that the request is

18  limited to janitorial employees. (Doc. 60, p. 28).

19       Defendants objected to this request on the same grounds that it objected to Request 151 -

20  Set Two, i.e., that it is overbroad and burdensome, seeks information that is neither relevant to the

21  instant action nor calculated to lead to the discovery of admissible evidence, is unduly duplicative

22  and repetitive, seeks to invade the privacy of third parties without a compelling need, and that

23  ABM Industries Incorporated was not Plaintiffs' employer. Defendants also objected to Request

24  160 on the ground that it seeks information pertaining to a non-party.

25       At the meet and confer process, the parties agreed that Defendants produced a partial list of

26  current employees in Bakersfield, but failed to produce contact information for employees and a

27

18

1   list of employees who worked with Javier Vasquez.

2        Based upon the authority and reasoning discussed <u>supra</u> in connection with Plaintiff's

3   Request 151 - Set Two, the information sought appears relevant to issues of class certification, and

4   the remaining objections to Request 160 are denied.  The motion to compel responses to Request

5   160 will be granted and will not be limited in geographic scope.

6        7.   Request for Production No. 161 - Set Two.

7        Request 161 directs Defendants to:

8        Identify and produce all documents that reflect, describe or relate to complaints of sexual

9   harassment made against you, since January 1, 2000, through the present, including, but not limited

10  to, all documents pertaining to verbal or written complaints, interview notes, affidavits, witness

11  statements, final and draft findings and/or reports for any investigations conducted by you or on

12  your behalf, final or draft recommendations pertaining to the complaint(s) or investigation(s), and

13  documents that you contend reflects on the credibility of all complainants and/or witnesses, and/or

14  any discipline issued to any accused harasser and/or his or her supervisor(s).

15       Defendants objected to this request on the grounds that it is overbroad and burdensome,

16  seeks information that is neither relevant to the instant action nor calculated to lead to the

17  discovery of admissible evidence, and is unduly duplicative and repetitive.  Defendants also

18  objected on the grounds that the request seeks information that is protected by attorney-client

19  privilege and/or attorney work product doctrine and seeks to invade the  privacy of third parties

20  without a compelling need.  Defendants also objected on the ground that ABM Industries

21  Incorporated was not Plaintiffs' employer.

22       At the meet and confer process, Plaintiff narrowed the scope of its request to the state of

23  California.  Defendants have failed to provide any documents in response.

24       Plaintiffs seek a broad array of material and information in Request 161- Set Two.  The

25  Court finds that only those documents which describe or relate to complaints of sexual assault

26  and/or other forms of sexual harassment occurring in Defendants' workplaces in the counties of

27

19

1    Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and

2    Tuolomne, during the period from January 1, 2001 to the present made by any janitorial employee

3    of Defendants to Defendants against any management employee of Defendants, are relevant or

4    calculated to lead to the discovery of relevant evidence, and are neither overbroad nor burdensome,

5    and only to the extent that such documents do not require the disclosure of matters that are subject

6    to the attorney-client privilege or are attorney work product. The documents to be produced shall

7    include those that memorialize the complaints described above, interview notes, declarations or

8    affidavits related to the inquiry, witness statements, and records describing any discipline issued to

9    any accused harasser and/or his or her supervisor. Defendants must produce a privilege log as to

10   the documents that are subject to the attorney-client privilege or are attorney work product.

11          Except as provided in the preceding paragraph, the Court sustains the objections to Request

12   161 on the ground that the Request is overbroad and burdensome. The Court overrules the

13   objections that the Request is unduly duplicative and repetitive, and that ABM Industries

14   Incorporated was not Plaintiff's employer. The Court also concludes that the privacy concerns can

15   be adequately addressed by the issuance of a protective order.

16                                              **ORDER**

17          Based on the foregoing, the Motion to Compel Responses to Plaintiff's Requests for

18   Production of Documents (Docs. 58, 59) is GRANTED IN PART AND DENIED IN PART as

19   follows:

20          1.      The Motion to Compel Responses to Requests 16, 17, and 18 - Set One, and

21                  Request 152 - Set Two, as amended by Plaintiff EEOC, is GRANTED as to

22                  employees in the counties of Calaveras, Fresno, Inyo, Kern, Kings, Madera,

23                  Mariposa, Merced, Stanislaus, Tulare, and Tuolomne, California.

24          2.      The Motion to Compel Responses to Requests 150, 151, 159, and 160 - Set Two,

25                  as amended by Plaintiff EEOC, is GRANTED.

26   ///

27

                                                   20

3.    The Motion to Compel Responses to Request 161 - Set Two, as amended by Plaintiff EEOC, is GRANTED as follows:

Defendants shall identify and produce only those documents which describe or relate to complaints of sexual assault and/or other forms of sexual harassment occurring in Defendants' workplaces in the counties of Calaveras, Fresno, Inyo, Kern, Kings, Madera, Mariposa, Merced, Stanislaus, Tulare, and Tuolomne, during the period from January 1, 2001 to the present made by any janitorial employee of Defendants to Defendants against any management employee of Defendants, and only to the extent that such documents do not require the disclosure of matters that are subject to the attorney-client privilege or are attorney work product. The documents to be produced shall include those that memorialize the complaints described above, interview notes, declarations or affidavits related to the inquiry, witness statements, and records describing any discipline issued to any accused harasser and/or his or her supervisor. Defendants must produce a privilege log as to the documents that are subject to the attorney-client privilege or are attorney work product.

4.    No later than ten (10) days from the date of service of this Order, the parties shall submit a stipulated form of protective order for the Court's consideration.

5.    No later than twenty (20) days from the date of service of this Order, Defendants shall identify and produce all documents as provided in this Order.

IT IS SO ORDERED.

Dated:   **December 22, 2008**                          _____/s/ **Theresa A. Goldner**_____
                                                       UNITED STATES MAGISTRATE JUDGE