1  LAURA E. HAYWARD, Bar No. 204014
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street, 20th Floor
3  San Francisco, CA  94108.2693
   Telephone:    415.433.1940
4  Email:  lhayward@littler.com

5  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON
6  A Professional Corporation
   2049 Century Park East, 5th Floor
7  Los Angeles, CA  90067.3107
   Telephone:    310.553.0308
8  Facsimile:    310.553.5583
   Email:  kjacoby@littler.com

9  MATTHEW E. FARMER, Bar No. 190484
   LITTLER MENDELSON
10 A Professional Corporation
   5200 N. Palm Ave., Ste. 302
11 Fresno, CA  93704.2227
   Telephone:    559.244.7500
12 Facsimile:    559.244.7525
   Email: mfarmer@littler.com

13
   Attorneys for Defendants
14 ABM INDUSTRIES INCORPORATED; ABM
   JANITORIAL SERVICES, INC. and ABM
15 JANITORIAL NORTHERN CALIFORNIA

16              UNITED STATES DISTRICT COURT

17            EASTERN DISTRICT OF CALIFORNIA

18 U.S. EQUAL EMPLOYMENT                  Case No. 1:07 CV 01428 LJO TAG
   OPPORTUNITY COMMISSION,
19                                        **DEFENDANTS' MEMORANDUM OF**
                   Plaintiff,             **POINTS AND AUTHORITIES IN**
20                                        **SUPPORT OF MOTION FOR ORDER: (1)**
   ERIKA MORALES and ANONYMOUS           **AWARDING SANCTIONS AGAINST THE**
21 PLAINTIFFS ONE THROUGH EIGHT,          **EEOC, STAN MALLISON AND HECTOR**
                                          **MARTINEZ; AND (2) MANDATING**
22             Plaintiff-Interveners,     **FURTHER MEDIATION**

23                 v.
                                          Date:        February 22, 2010
24 ABM INDUSTRIES INCORPORATED            Time:        9:00 a.m.
   and ABM JANITORIAL SERVICES,           Judge:       Thurston
25 INC.; ABM JANITORIAL NORTHERN          Courtroom:   1300 18th Street, Ste. A
   CALIFORNIA; JOE VASQUEZ; Does 1 -
26 10 inclusive,

27                 Defendants.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

Defs' MPA iso Mtn for Order: (1) Awarding Sanctions
Against the EEOC, Stan Mallison & Hector Martinez; and
(2) Mandating Further Mediation                          1                  CASE NO. 1:07 CV 01428 LJO (TAG)

Defendants ABM INDUSTRIES INCORPORATED, ABM JANITORIAL SERVICES, INC., and ABM JANITORIAL SERVICES - NORTHERN CALIFORNIA, INC. (collectively "Defendants") respectfully submit the following Memorandum of Points and Authorities in Support of Motion for Order: (1) Awarding Sanctions Against the EEOC, Stan Mallison and Hector Martinez; and (2) Mandating Further Mediation.

## I. INTRODUCTION

This motion was necessitated by the bad faith mediation tactics undertaken by Stan Mallison and Hector Martinez, counsel for the seven Plaintiff-Interveners, and the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC") through its counsel, Victor Viramontes and Lorenia Garcia, (all collectively hereinafter "Plaintiffs' Counsel"), at the December 2, 2009 mediation.  In short, Plaintiffs' Counsel refused to allow the mediator to directly engage in conversation with the seven Plaintiff-Interveners and also precluded the mediator from personally conveying to the Plaintiff-Interveners individualized settlement offers made by Defendants to each of them.  Plaintiffs' Counsel insisted that they convey the offers to the Plaintiff-Interveners outside of the mediator's presence.  Not surprisingly, the mediation ended unsuccessfully shortly thereafter.

Plaintiffs' counsel's bad faith tactics wasted the time of all involved and precluded Defendants from receiving the benefits of a robust and good faith mediation.  Consequently, Defendants now seek (1) an award of sanctions in favor of Defendants in the amount of $26,592.63 (such amount reflects Defendants' attorneys' fees and travel expenses attendant to the mediation session, Defendants' portion of the mediation fees, and the attorneys' fees and costs related to the instant motion) as against the EEOC, Stan Mallison and Hector Martinez; and (2) a Court order requiring the parties to engage in a further mediation session (with mediation fees paid for by the EEOC, Stan Mallison and Hector Martinez), in good faith, during which the mediator be allowed to personally engage the Plaintiff-Interveners and directly convey to them individualized defense offers of settlement.    Defendants' requests are authorized by, and based upon, Federal Rule of Civil Procedure, 16(f), 28 U.S.C. 1927, and the Court's inherent power.

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415 433 1940

Defs' MPA iso Mtn for Order: (1) Awarding Sanctions
Against the EEOC, Stan Mallison & Hector Martinez; and
(2) Mandating Further Mediation

2

CASE NO. 1:07 CV 01428 LJO (TAG)

## II. FACTS

On July 28, 2009, the Court issued its Further Scheduling Conference Order, which provides in material part: "A settlement conference will not be set at this time.  Counsel for the parties have represented that they are amenable to good faith settlement discussions and may participate in a private mediation session in September of 2009 under certain circumstances." Jacoby Decl., ¶ 7, Exh. "A" (see Further Scheduling Order, page 3, lines 26 to 28).

In October 2009, Victor Viramontes and Lorena Garcia (counsel for Plaintiff the EEOC), Stan Mallison and Hector Martinez (counsel for the seven Plaintiff-Interveners) and Keith A. Jacoby and Laura Hayward (counsel for Defendants) agreed on behalf of their respective clients to mediate this matter with retired United States Magistrate Judge Edward Infante of JAMS.  In connection with the arrangement for payment of fees to JAMS, the EEOC stated it was its District Office's 'policy' to not pay for private mediations, and counsel for the Plaintiff-Interveners refused to pay for the EEOC's share.  Despite the fact that this 'policy' is nowhere in writing and is not the practice of other EEOC District Offices,  Defendants agreed in good faith to pay two-thirds of the mediation cost, a total of $8,056.40.  Defendants also conditioned their mediation attendance upon the presence and participation of the individual Plaintiff-Interveners and relied upon representations of Plaintiffs' Counsel that Plaintiff-Interveners would be personally present at the mediation.  Jacoby Decl., ¶ 2.

The mediation took place in Santa Monica, California on December 2, 2009 and was attended by the following ABM executives: (1) from New York, Vice President and General Counsel, Sarah  McConnell; (2) from  Houston, Vice President, Human Resources for ABM Janitorial Services, Inc.,  Amado Hernandez; (3) from Houston, Deputy General Counsel, Michelle Cash; and (4) from Sacramento, Senior Regional Vice President of ABM Janitorial Services - Northern California, Inc., Tim Brekke.  Additionally, two Littler attorneys attended the mediation, shareholder Laura Hayward from San Francisco and shareholder and lead trial counsel, Keith A. Jacoby, from Los Angeles. Jacoby Decl., ¶ 3.

/ / /

/ / /

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940.

Defs' MPA iso Mtn for Order: (1) Awarding Sanctions
Against the EEOC, Stan Mallison & Hector Martinez; and
(2) Mandating Further Mediation

3

CASE NO. 1:07 CV 01428 LJO (TAG)

1    Judge Infante was selected for this mediation because of his extensive expertise in

2    managing litigation similar to this case while sitting as a federal magistrate judge for over 26 years,

3    and experience at JAMS mediating cases involving the EEOC, multiple plaintiffs and intervener

4    counsel. Defendants were wholly deprived of the benefit of his experience because of the improper

5    actions and bad faith of the EEOC and Plaintiff-Interveners' counsel. Jacoby Decl., ¶ 5.

6    With the exception of introduction comments at the beginning of the mediation,

7    Judge Infante was not permitted by counsel for the EEOC and Plaintiff-Interveners to speak to the

8    Plaintiff- Interveners and was not permitted to present any individual offers of settlement Defendants

9    made to the Plaintiff-Interveners. The offers were summarily rejected with no counter demands. The

10   mediation process broke down shortly thereafter. Jacoby Decl., ¶ 6.

11   By preventing Judge Infante from speaking directly with the Plaintiff-Interveners,

12   Plaintiffs' Counsel prevented the mediation from proceeding in good faith as required by the July 28,

13   2009 Further Scheduling Conference Order.  Without being given the opportunity to express his

14   view on the pros and cons of settling the case versus continuing to litigate, and without the

15   opportunity to offer his opinion on next steps for the Plaintiff-Interveners in the negotiation, counsel

16   for the EEOC and Plaintiff-Interveners usurped the role of the mediator and impeded the progress of

17   the negotiation.  Defendants would not have gone to mediation if they would have known it was

18   going to be only a discussion among lawyers; that is not a real mediation.  Jacoby Decl., ¶ 7, Exh.

19   "A."

20   ### III. ARGUMENT

21   Due to the bad faith mediation tactics of the EEOC, Stan Mallison and Hector

22   Martinez, Defendants seek to be awarded sanctions in the amount of $26,592.63.   Defendants

23   likewise request an order that the parties be required to participate in another mediation session with

24   Judge Infante (and mediation fees to be paid for by the EEOC, Stan Mallison and Hector Martinez)

25   during which Judge Infante be allowed to interact directly with Plaintiff-Interveners, including but

26   not limited to, having the ability to discuss settlement offers with the Plaintiff-Interveners.

27   Defendants' requests are based upon Federal Rules of Civil Procedure, Rule 16(f), 28 U.S.C. 1927,

28   and the Court's inherent power to control its proceedings.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

Defs' MPA iso Mtn for Order: (1) Awarding Sanctions
Against the EEOC, Stan Mallison & Hector Martinez; and        4        CASE NO. 1:07 CV 01428 LJO (TAG)
(2) Mandating Further Mediation

A.      **The Bad Faith Mediation Tactics Of The EEOC, Stan Mallison And Hector Martinez, Done In Contravention Of The July 28, 2009 Further Scheduling Conference Order, Supports The Imposition Of Sanctions And An Order For A Further Mediation Session.**

Upon the Court's own motion, or upon the motion of a party, the Court may issue any order it believes is just if a party or her attorney "fails to obey a scheduling or other pretrial order." Fed. Rules of Civ. Proc., Rule 16(f)(1)(C). Such an order may also include the imposition of sanctions in the form of "reasonable expenses-- including attorney's fees-- incurred because of any noncompliance" with a scheduling or other pretrial order. *Id.,* Rule 16(f)(2).

Courts routinely rely upon Federal Rule of Civil Procedure 16(f) ("Rule 16(f)") in levying sanctions against parties and their attorneys for failing to negotiate in good faith at mediations as ordered by a court. A text book example is *Nick v. Morgan's Food, Inc.,* 99 F.Supp.2d 1056 (E.D. Mo. 2000). In *Nick,* the parties were ordered to participate in mediation in good faith and have a person with full settlement authority present at the mediation. The defendant, in contravention of that order, failed to have a person with full settlement authority physically present at the mediation. The plaintiff made a settlement demand which not surprisingly, was summarily rejected by the defendant since no decision maker was present. *Nick,* 99 F.Supp.2d at 1058.

In analyzing the situation, and deciding to levy sanctions against the defendant and its counsel, the Court in *Nick* noted that "Rule 16 has expressly provided that settlement of a case is one of several subjects which should be pursued and discussed vigorously during pretrial conferences." *Nick,* 99 F.Supp.2d at 1060. The Court held it had authority to award sanctions due to a party's failure to engage in mediation in good faith and stated that "[w]hen a party agrees to participate in a mediation process in good faith, the Court is entitled to rely on that representation. Implicit in the concept of good faith participation is the assurance that the parties will participate in ADR in accordance with the Court's order." *Id.* at 1061. The Court thus concluded that sanctions were appropriate because of the bad faith tactics of the defense. The Court noted "parties may use the absence of the decision-maker as a weapon. Such parties 'feign a good faith settlement posture by

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Defs' MPA iso Mtn for Order: (1) Awarding Sanctions
Against the EEOC, Stan Mallison & Hector Martinez; and
(2) Mandating Further Mediation

5

CASE NO. 1:07 CV 01428 LJO (TAG)

1    those in attendance at the conference, relying on the decision-maker to refuse to agree,' thereby

2    taking advantage of their opponent." *Id.* at 1063.   The Court awarded sanctions against the

3    defendant and its counsel in the form of plaintiff's attorneys' fees expended for attendance at the

4    mediation, the costs of the ADR neutral, and attorneys' fees expended for the sanctions motion.

5             The instant case is strikingly similar to *Nick*.  The EEOC, Stan Mallison and Hector

6    Martinez violated the July 28, 2009 Further Scheduling Conference Order wherein they represented

7    they would participate in mediation in good faith, and in reliance upon that representation, the Court

8    made various scheduling orders.  Jacoby Decl., ¶ 7, Exh. "A."  Although Plaintiff-Interveners were

9    physically present, since the mediator was precluded from speaking directly to them, they might as

10   well have not been there.  Jacoby Decl., ¶¶ 6-7.  Given this improper shielding, the EEOC, Stan

11   Mallison and Hector Martinez unfairly used the "absence" of a decision-maker as a weapon

12   undermining the mediator's ability to fully explore settlement offers and options directly with the

13   Plaintiff-Interveners.  Accordingly, as in *Nick*, this Court should use the authority granted to it under

14   Rule 16(f) and sanction the EEOC, Stan Mallison and Hector Martinez for their bad faith mediation

15   tactics.

16             Another similar and analogous case is *Brooks v. The Lincoln National Life Insurance

17   Company,* 2006 U.S. Dist. LEXIS 61114 (D. Neb. 2006).  In *Brooks*, the parties were ordered to

18   mediate in "objective good faith."   The Court concluded that the plaintiff's attorney failed to

19   participate in mediation in good faith.  Amongst the plaintiff's counsel's unacceptable practices were

20   "not allowing the mediator to explain the defendant's offers" and "unilaterally terminating or

21   abandoning the mediation process."  *Brooks*, 2006 U.S. Dist. LEXIS at 13.  "Plaintiff's counsel

22   rejected defendants' opening offer as unacceptable without giving the mediator a chance to explain

23   defendants' reasoning.  Plaintiff's counsel then said [the plaintiff] would not respond to the offer.

24   Such conduct does not constitute objective good faith."  Id. at 15.  Quoting the magistrate in the

25   matter before the court:

26             By refusing to participate further, [counsel] may have in fact
             entrenched his opponents' position.  His action robbed his client of
27           possibly her best opportunity to convince defendants they should re-
             evaluate her claims, to learn her opponents' side of the dispute, to
28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

Defs' MPA iso Mtn for Order: (1) Awarding Sanctions
Against the EEOC, Stan Mallison & Hector Martinez; and          6                    CASE NO. 1:07 CV 01428 LJO (TAG)
(2) Mandating Further Mediation

negotiate settlement, or even to be heard, perhaps, it may turn out, to her considerable detriment.

*Brooks*, 2006 U.S. Dist. LEXIS at 14.  Relying upon Rule 16(f), the Court upheld the magistrate's imposition of sanctions against the plaintiff's attorney. Id. at 13-16.

Like the conduct deemed to be bad faith in *Brooks*, the EEOC, Stan Mallison and Hector Martinez in the instant case did not afford the mediator the opportunity to explain to Plaintiff-Interveners the settlement offers made by Defendants and, for all intents and purposes, did not respond to Defendants' settlement offers.  Jacoby Decl., ¶¶ 6-7.  Most noteworthy is the fact the EEOC, Stan Mallison and Hector Martinez may have robbed all parties of their best opportunity to potentially settle the matter.  The *Brooks* court has already demonstrated such conduct is not in good faith and has posited the necessity of having the mediator actively participate in a good faith mediation session.  Under Rule 16(f), such conduct is sanctionable.

Based on the above, sanctions should be awarded in favor of Defendants as against the EEOC, Stan Mallison and Hector Martinez, and the parties ordered to further mediation (with mediation expenses paid for by the EEOC, Stan Mallison and Hector Martinez), pursuant to the Court's authority under Rule 16(f).

**B.**     **Plaintiffs' Counsel's Bad Faith Conduct At Mediation Is Also Sanctionable Pursuant To 28 U.S.C. 1927.**

A court may impose sanctions on an attorney who unreasonably and vexatiously multiplies the proceedings.  28 U.S.C. § 1927.  Sanctions are warranted based on a finding of bad faith or recklessness.  *United States v. Blodgett*, 709 F.2d 608, 610 (9th Cir. 1983).  A sanctions award under 28 U.S.C. § 1927 is especially appropriate "when the attorney's actions are so completely without merit as to require the conclusion that they must have been undertaken for some improper purpose such as delay."  *Oliveri v. Thompson*, 803 F.2d 1265, 1273 (2d. Cir. 1986).

/ / /

/ / /

/ / /

/ / /

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

Defs' MPA iso Mtn for Order: (1) Awarding Sanctions
Against the EEOC, Stan Mallison & Hector Martinez; and
(2) Mandating Further Mediation                           7                           CASE NO. 1:07 CV 01428 LJO (TAG)

As discussed above in conjunction with Rule 16(f), the conduct engaged in by the EEOC attorneys, Stan Mallison and Hector Martinez has already been determined by other Courts to be in bad faith. The bad faith conduct has unreasonably multiplied the proceedings inasmuch as they have been prolonged because the parties were deprived of the opportunity to engage in a full, complete and robust mediation session. While it is unknown if the action, or some portion of it, would have settled, the parties were not offered that opportunity. Potentially, at least some of the Plaintiff-Interveners would have agreed to settle (and in the process, narrow the scope of the action) had the mediator been able to personally speak to them and perform his assigned task. Consequently, 28 U.S.C. 1927 also supports an award of sanctions.

**C.     The Court May Use Its Inherent Authority To Levy Sanctions Against The EEOC, Stan Mallison And Hector Martinez In Favor Of Defendants.**

The Court's inherent power to award sanctions for bad faith conduct in litigation also independently justifies the sanctions requested by way of this motion. *See, e.g. In re Akros Installations, Inc.,* 834 F.2d 1526, 1531 (9th Cir. 1987) (recognizing proprietary of an award of attorney's fees and costs as a sanction based on the inherent power of the court); *Fink v. Gomez,* 239 F.3d 989, 994 (9th Cir. 2001) (noting that in granting sanctions, "It is well settled, however, that the district court may, in its informed discretion, rely on inherent power rather than the federal rules or § 1927.") Accordingly, and based on the same conduct detailed above, the Court has inherent authority to impose sanctions against the EEOC, Stan Mallison and Hector Martinez in favor of Defendants.

**D.     Defendants Should Be Awarded Sanctions In The Amount Of $26,592.63 And The Parties Ordered To A Further Mediation Session.**

Having established the Court's authority to award sanctions and order a further mediation session, Defendants detail the basis of their requested relief.

Turning first to sanctions, Defendants sent four high ranking executives personally to the mediation. They traveled from as far away as New York. Defendants also had two Littler attorneys personally present at the mediation. Jacoby Decl., ¶ 3. There is no doubt from these

///

1   actions that Defendants treated the mediation seriously and sought to engage in good faith settlement

2   negotiations.

3           Consequently, Defendants seek as sanctions attorneys' fees and travel expenses

4   attendant to the mediation.  Those expenses consist of the following: (1) travel expenses of ABM

5   executives; (2) mediation fees; and (3) attorneys' fees and attorney travel expenses for attendance at

6   the mediation.  Executive travel expenses were $7,567.75, mediation fees were $8,056.40 and

7   mediation attorneys' fees and attorney travel expenses were $8,133.48.  Cash Decl., ¶ 2; Jacoby

8   Decl., ¶¶ 2, 4.

9           In addition to the foregoing, Defendants seek as sanctions $2,835.00, which consists

10  of attorneys' fees expended in preparing the instant motion.  Jacoby Decl., ¶ 8.  Accordingly,

11  Defendants seek a grand total of $26,592.63 as sanctions against the EEOC, Stan Mallison and

12  Hector Martinez for engaging in bad faith conduct at the mediation.

13          Additionally, Defendants request that the Court order the parties to engage in a

14  further mediation session with Judge Infante.  Related to that, Defendants further request that: (1) the

15  EEOC, Stan Mallison and Hector Martinez be ordered to pay the mediation fees for the subsequent

16  mediation session; and (2) it be ordered that Judge Infante be entitled to speak directly to Plaintiff-

17  Interveners during and after the mediation.

18                              **IV.  CONCLUSION**

19          As demonstrated above, the EEOC, Stan Mallison and Hector Martinez engaged in

20  bad faith conduct at the mediation session because counsel refused to allow the mediator to: (1)

21  speak directly to the Plaintiff-Interveners; and (2) personally convey individualized settlement offers

22  made by Defendants to each of the Plaintiff-Interveners.  The bad faith conduct brought the

23  mediation to a stand still and deprived all parties of having the benefits of a robust, good faith

24  mediation session.  In light of that bad faith mediation conduct, Defendants respectfully request they

25  be awarded sanctions in the amount of $26,592.63, as against the EEOC, Stan Mallison and Hector

26  Martinez.  They also respectfully request that the parties be ordered to a further mediation session

27  with Judge Infante and: (1) the EEOC, Stan Mallison and Hector Martinez be ordered to pay the

28  mediation fees for the subsequent mediation session; and (2) it be ordered that Judge Infante be

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco CA  94108 2693
415 433 1940

Defs' MPA iso Mtn for Order: (1) Awarding Sanctions
Against the EEOC, Stan Mallison & Hector Martinez; and          9
(2) Mandating Further Mediation

CASE NO. 1:07 CV 01428 LJO (TAG)

entitled to speak directly and freely to Plaintiff-Interveners during the course of the mediation and afterwards; and (3) personally convey to Plaintiff-Interveners offers of settlement.

LITTLER MENDELSON

Date: January 13, 2010                   By:

Matthew E. Farmer
Keith A. Jacoby
Laura E. Hayward
Attorneys for Defendant
ABM Industries Incorporated; ABM
Janitorial Services, Inc. and ABM
Janitorial Services Northern
California

Firmwide:93633786.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

Defs' MPA iso Mtn for Order: (1) Awarding Sanctions
Against the EEOC, Stan Mallison & Hector Martinez; and
(2) Mandating Further Mediation

10

CASE NO. 1:07 CV 01428 LJO (TAG)