1  LAURA E. HAYWARD, Bar No. 204014
   LITTLER MENDELSON
2  A Professional Corporation
   650 California Street, 20th Floor
3  San Francisco, CA 94108.2693
   Telephone:   415.433.1940
4  Email: lhayward@littler.com

5  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON
6  A Professional Corporation
   2049 Century Park East, 5th Floor
7  Los Angeles, CA 90067.3107
   Telephone:   310.553.0308
8  Facsimile:   310.553.5583
   Email: kjacoby@littler.com

9  Attorneys for Defendants
   ABM INDUSTRIES INCORPORATED; ABM
10 JANITORIAL SERVICES, INC. and ABM
   JANITORIAL NORTHERN CALIFORNIA

11

12                    UNITED STATES DISTRICT COURT

13                    EASTERN DISTRICT OF CALIFORNIA

14 U.S. EQUAL EMPLOYMENT                    Case No. 1: 07 CV 01428 LJO-TAG
   OPPORTUNITY COMMISSION,
15                                          **DECLARATION OF KEITH A. JACOBY IN
                Plaintiff,                   SUPPORT OF DEFENDANTS' MOTION
16                                           FOR ORDER: (1) AWARDING SANCTIONS
   ERIKA MORALES and ANONYMOUS              AGAINST THE EEOC, STAN MALLISON
17 PLAINTIFFS ONE THROUGH EIGHT,            AND HECTOR MARTINEZ; AND (2)
                                            MANDATING FURTHER MEDIATION**
18                Plaintiff-Interveners,

19          v.                              Date:       February 22, 2010
                                            Time:       9:00 a.m.
20 ABM INDUSTRIES INCORPORATED              Judge:      Thurston
   and ABM JANITORIAL SERVICES,             Courtroom: 1300 18th Street, Ste. A
21 INC.; ABM JANITORIAL NORTHERN
   CALIFORNIA; JOE VASQUEZ; Does 1 -
22 10 inclusive,

23                Defendants.

24

25          I, Keith A. Jacoby, declare as follows:

26          1.      I am an attorney at law, duly licensed to practice law before all courts in the

27 State of California.  I am a shareholder with Littler Mendelson, counsel of record for Defendants

28 / / /

---

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Decl. of Keith Jacoby iso Defs' Motion for Order: (1)
Awarding Sanctions Against the EEOC, Stan Mallison &      1      CASE NO. 1:07 CV 01428 LJO (TAG)
Hector Martinez; and (2) Mandating Further Mediation

1   ABM INDUSTRIES INCORPORATED, ABM JANITORIAL SERVICES, INC., and ABM

2   JANITORIAL SERVICES - NORTHERN CALIFORNIA, INC. (collectively "Defendants"). I am

3   the lead trial counsel for Defendants. I have personal knowledge of the following facts, and if called

4   to testify, I could and would competently testify thereto.

5          2.      In October 2009, Victor Viramontes and Lorena Garcia (counsel for Plaintiff

6   the EQUAL EMPLOYMENT OPPORTUNITY COMMISSION ("EEOC")), Stan Mallison and

7   Hector Martinez (counsel for the seven Plaintiff-Interveners) and Keith A. Jacoby and Laura

8   Hayward (counsel for Defendants) agreed on behalf of their respective clients to mediate this matter

9   with retired United States Magistrate Judge Edward Infante of JAMS. In connection with the

10  arrangement for payment of fees to JAMS, the EEOC stated it was its District Office's 'policy' to not

11  pay for private mediations, and counsel for the Plaintiff-Interveners refused to pay for the EEOC's

12  share. Despite the fact that this 'policy' is nowhere in writing and is not the practice of other EEOC

13  District Offices, Defendants agreed in good faith to pay two-thirds of the mediation costs, which

14  totaled $8,056.40. Defendants also conditioned their mediation attendance upon the presence of

15  Plaintiff-Interveners and relied upon representations of Plaintiffs' Counsel that Plaintiff-Interveners

16  would be personally present at the mediation.

17         3.      The following ABM executives attended the mediation, which took place in

18  Santa Monica, California on December 2, 2009: (1) from New York, Vice President and General

19  Counsel Sarah McConnell; (2) from Houston, Vice President, Human Resources for ABM Janitorial

20  Services, Inc., Amado Hernandez; (3) from Houston, Deputy General Counsel Michelle Cash; and

21  (4) from Sacramento, ABM Janitorial Services - Northern California , Inc. Senior Regional Vice

22  President Tim Brekke. Additionally, two Littler attorneys from different offices attended the

23  mediation, shareholder Laura Hayward from San Francisco and myself from Los Angeles.

24         4.      As set forth in the Declaration of Michelle Cash, the ABM executives

25  incurred a total of $7,567.75 in costs traveling to Santa Monica and attending the mediation.

26  Additionally, Ms. Hayward and Mr. Jacoby billed a total of 16 hours (i.e., eight hours per attorney)

27  in connection with their actual attendance at the mediation. Mr. Jacoby's billing rate in this matter is

28  $535.00 per hour. Ms. Hayward's billing rate in this matter is $410.00 per hour. Accordingly,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Decl. of Keith Jacoby iso Defs' Motion for Order: (1)
Awarding Sanctions Against the EEOC, Stan Mallison &          2          CASE NO. 1:07 CV 01428 LJO (TAG)
Hector Martinez; and (2) Mandating Further Mediation

$7,560.00 in attorneys' fees were expended in connection with their attendance at the mediation. Additionally, Ms. Hayward, who traveled from San Francisco to Santa Monica, incurred $573.48 in travel expenses (travel, food and hotel).

5.     From the perspective of Defendants, Judge Infante was selected for this mediation because of his extensive expertise in managing litigation similar to this case while sitting as a federal magistrate judge for over 26 years, and experience at JAMS mediating cases involving the EEOC, multiple plaintiffs, and intervener counsel. Defendants were wholly deprived of the benefit of his experience because of the improper actions and bad faith of the EEOC and Plaintiff-Interveners' counsel.

6.     With the exception of introductory comments at the beginning of the mediation, Judge Infante was not permitted by counsel for the EEOC and Plaintiff-Interveners to speak to the Plaintiff-Interveners and was not permitted to present any individual offers of settlement Defendants made to the Plaintiff-Interveners.  The offers were summarily rejected with no counter demands. The mediation process broke down shortly thereafter.

7.     By preventing Judge Infante from speaking directly with the Plaintiff Interveners, Plaintiffs' Counsel prevented the mediation from proceeding in good faith as required by the July 28, 2009 Further Scheduling Conference Order (a true and correct copy of the Further Scheduling Conference Order is attached hereto as Exhibit "A," and incorporated herein by this reference). Without being given the opportunity to express his view on the pros and cons of settling the case versus continuing to litigate, and without the opportunity to offer his opinion on next steps for the Plaintiff-Interveners in the negotiation, counsel for the EEOC and Plaintiff-Interveners usurped the role of the mediator and impeded the progress of the negotiation.  Defendants would not have gone to mediation and expended the costs necessary to do so if they would have known it was going to be only a discussion among lawyers; that is not a real mediation.

8.     Pursuant to my direction and under my supervision, Matthew E. Farmer, an of counsel attorney with my firm from Fresno, drafted the instant motion.  Mr. Farmer's hourly rate in this matter is $315.00.  Mr. Farmer expended approximately nine hours preparing the instant motion. Multiplying that number times his hourly rate of $315.00 equals $2,835.00.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

Decl. of Keith Jacoby iso Defs' Motion for Order: (1)
Awarding Sanctions Against the EEOC, Stan Mallison &          3          CASE NO. 1:07 CV 01428 LJO (TAG)
Hector Martinez; and (2) Mandating Further Mediation

1          9.     In total, Defendants seek a grand total of $26,592.63 in sanctions by way of

2  this motion as against the EEOC, Stan Mallison and Hector Martinez.

3          10.    Defendants also request the Court to order another mediation session before

4  Judge Infante with related instruction that the mediator be able to speak personally and directly to

5  Plaintiff-Interveners and also personally convey to them any offers of settlement.   Because

6  Plaintiffs' Counsel necessitated the instant motion through their bad faith mediation conduct

7  described above, the EEOC, Stan Mallison and Hector Martinez should be ordered to pay for the

8  mediation fees at the further mediation session.

9         I declare under penalty of perjury, under the laws of the United States, that the

10  foregoing is true and correct and that this Declaration was executed on January 5, 2010 at Los

11  Angeles, California.

12

13                               Keith A. Jacoby

14

Firmwide:93274054.1 054667.1005

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

Decl. of Keith Jacoby iso Defs' Motion for Order: (1)
Awarding Sanctions Against the EEOC, Stan Mallison &
Hector Martinez; and (2) Mandating Further Mediation
    4    CASE NO. 1:07 CV 01428 LJO (TAG)

# Exhibit A

1

2

3

4

5

6      **IN THE UNITED STATES DISTRICT COURT**

7      **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8   U.S. EQUAL EMPLOYMENT        )        CASE NO.  1:07-cv-01428 LJO-BAK (GSA)
    OPPORTUNITY COMMISSION,      )
9                                )        **FURTHER SCHEDULING**
              Plaintiff,         )        **CONFERENCE ORDER**
10        v.                     )
                                 )        Expert
11  ABM INDUSTRIES, INC.,        )        Disclosure:            March 1, 2010
    ABM JANITORIAL SERVICES,     )
12  INC., and DOES 1 through 10, )        Supplemental
    Inclusive,                   )        Expert Disclosure:     March 22, 2010
13              Defendants.      )
                                 )        Non-Expert
14        v.                     )        Discovery Cutoff:      February 12, 2010
                                 )
15                               )        Expert
                                 )        Discovery Cutoff:      April 9, 2010
16  ERIKA MORALES and            )
    ANONYMOUS PLAINTIFFS ONE     )        Pretrial Motion
17  through SIX,                 )        Filing Deadline:       May 7, 2010
                                 )
18          Plaintiff-Intervenors, )      Pretrial Motion
                                 )        Hearing Deadline:      June 14, 2010
19        v.                     )
                                 )        Settlement Conf.:      None set
20                               )
                                 )        Pretrial Conf.:        Date: July 12, 2010
21  ABM INDUSTRIES, INC.,        )                               Time: 8:15 a.m.
    ABM JANITORIAL SERVICES,     )                               Dept:  4 (LJO)
22  INC., ABM NORTHERN           )
    CALIFORNIA, and DOES 1       )        Jury Trial:            Date:   August 23, 2010
23  through 10, Inclusive.       )        (16 -21 days est.)     Time:   8:30 a.m.
                                 )                               Dept.:  4 (LJO)
24            Defendants.        )
          v.                     )
25                               )
    JOSE VASQUEZ,                )
26                               )
            Defendant-Intervenor.)
27

28      This Court conducted a further scheduling conference in the above-entitled proceeding on July

1

1   27, 2009.  Plaintiff United States Equal Employment Opportunity Commission ("EEOC") appeared

2   telephonically by counsel Victor Viramontes and Lorena Garcia.  Plaintiff-Intervenors, Erika Morales

3   and Anonymous Plaintiffs One through Six, appeared personally by counsel Stan Mallison and Hector

4   Martinez.   Defendants ABM Industries, Inc., ABM Janitorial Services, Inc., and ABM Janitorial

5   Northern California appeared telephonically by counsel Laura Hayward.  Defendant-Intervenor, Jose

6   Vasquez, appearing in this action *pro se*, was not present, nor did he participate in the framing of the

7   Third, Fourth, or Fifth Joint Status Reports prepared and submitted in connection with this hearing.

8   (Docs. 93, 109, 117.)   Pursuant to Fed.R.Civ.P. 16(b), this Court sets a schedule for this action.

9   **1.     Consent To Magistrate Judge**.

10          The parties have not consented to the conduct of all further proceedings, including trial, before

11   a United States Magistrate Judge.

12   **2.     Amendment of Pleadings.**

13          Plaintiff EEOC filed its First Amended Complaint in this matter on July 17, 2009, adding ABM

14   Janitorial-Northern California as a defendant.   Defendants ABM Industries, Inc., ABM Janitorial

15   Services, and ABM Janitorial Services - Northern California are permitted to file a joint answer to this

16   First Amended Complaint, which joint answer must be served within twenty (20) days after the date on

17   which said defendants are/were served with the summons and the First Amended Complaint.

18          Any further amendments to the pleadings must be filed no later than October 16, 2009.

19   **3.     Changes to Discovery Limitations.**

20          Based on the agreement of the parties:

21          **a.**  Written discovery shall be served and responded to in accordance with the Federal

22   Rules of Civil Procedure but each party will bear the costs for copying documents produced under

23   Fed.R.Civ.P.34, and/or in response to any subpoena.

24          **b.**  In addition to the service requirements pursuant to the Federal Rules of Civil Procedure, each

25   party agrees to provide the other party, as a courtesy copy, the electronic version of discovery requests

26   and responses at the time they serve hard copies.   The electronic versions shall be provided on a

27   CD/DVD or by electronic mail in Microsoft Word format.

28          **c.**  Plaintiff EEOC may propound up to fifty (50) interrogatories.  Plaintiff Intervenors may

1 | propound up to fifty (50) interrogatories.  Defendants ABM Industries, Incorporated, ABM Janitorial

2 | Services, Inc., and Janitorial Services Northern California may propound up to fifty (50) interrogatories.

3 | Defendant-Intervenor Jose Vasquez may propound up to fifty (50) interrogatories.

4 | **4.    Disclosure of Expert Witnesses.**

5 | Initial expert witness disclosures by any party shall be served no later than **March 1, 2010.**

6 | Supplemental expert witness disclosures by any party shall be served no later than **March 22, 2010.**

7 | Such disclosures must be made pursuant to Fed.R.Civ.P. 26(a)(2)(A) and (B) and shall include all

8 | information required thereunder.   In addition, Fed.R.Civ.P. 26(b)(4) and F.R.Civ.P. 26(e) shall

9 | specifically apply to all discovery relating to expert witnesses and their opinions.  Each expert witness

10 | must be fully prepared to be examined on all subjects and opinions included in the designations.  Failure

11 | to comply with these requirements will result in the imposition of appropriate sanctions, which may

12 | include the preclusion of testimony or other evidence offered through the expert witness.  In particular,

13 | this Court will enforce preclusion of testimony or other evidence for failure to strictly comply with

14 | Fed.R.Civ.P. 26(e).

15 | **5.    Discovery Cutoffs.**

16 | All nonexpert discovery and related discovery motions (including motions to compel) shall be

17 | completed or heard no later than **February 12, 2010.**  All expert discovery and related discovery

18 | motions (including motions to compel) shall be completed or heard no later than **April 9, 2010.**

19 | **6.    Pretrial Motion Schedule.**

20 | All pretrial motions, both dispositive and nondispositive (except discovery motions addressed

21 | above), shall be served <u>and filed</u> no later than **May 7, 2010.**  All pretrial dispositive and nondispositive

22 | motions (except discovery motions addressed above) shall be set before the appropriate judge for a

23 | hearing to be conducted no later than **June 14, 2010.**

24 | At the pretrial conference, the Court will set filing and hearing dates for motions in limine.

25 | **7.    Mandatory Settlement Conference.**

26 | A settlement conference will not be set at this time.  Counsel for the parties have represented that

27 | they are amenable to good faith settlement discussions and may participate in a private mediation session

28 | in September of 2009 under certain circumstances.  The parties may later request that a settlement

1 | conference be set in this matter.  In that event, the settlement conference  will be conducted in

2 | Department 10 (GSA) before United States Magistrate  Judge Gary S. Austin.  Unless otherwise

3 | permitted in advance by the Court, **the attorneys who will try the case** shall appear at the settlement

4 | conference, *should one be scheduled*,  **with the parties and the person or persons having full**

5 | **authority** to negotiate and settle the case, on any terms, at the conference. This Court sets a settlement

6 | conference for **May 25, 2010 at 10:30 a.m.** in Department 10 before United States Magistrate Judge

7 | Gary S. Austin.  Unless otherwise permitted in advance by the Court, the attorneys who will try the case

8 | shall appear at the settlement conference with the parties and the person or persons having full authority

9 | to negotiate and settle the case, on any terms, at the conference.

10 | **No later than five Court days before the settlement conference,** each party shall submit

11 | directly to the settlement conference judge's chambers a confidential settlement conference statement.

12 | This statement should neither be filed with the clerk of the Court nor served on any other party.  Each

13 | statement shall be clearly marked "CONFIDENTIAL" with the date and time of the mandatory

14 | settlement conference indicated prominently.  Counsel are urged to request the return of their statements.

15 | If such request is not made, the Court will dispose of the statement.

16 | The confidential settlement conference statement shall include the following:

17 | A.    A brief statement of the facts of the case;

18 | B.    A brief statement of the claims and defenses (i.e., statutory or other grounds upon which

19 | the claims or defenses are based), a forthright evaluation of the parties' likelihood of prevailing on the

20 | claims and defenses, and a description of the major issues in dispute;

21 | C.    A summary of the proceedings to date;

22 | D.    An estimate of the cost and time to be expended for further pretrial and trial matters,

23 | including discovery;

24 | E.    The relief sought; and

25 | F.    The party's position on settlement, **including the amount which or otherwise what the**

26 | **party will accept to settle, realistic settlement expectations,** present demands and offers, and a history

27 | of past settlement discussions, offers, and demands.

28 | This Court will vacate the settlement conference if the Court finds the settlement conference will

4

1  be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of

2  the settlement conference as possible, a party shall inform the Court and other parties that it believes the

3  case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise

4  the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of

5  the case.

6  **8.    Pretrial Conference.**

7         A pretrial conference is set for **July 12, 2010 at 8:15 a.m.** in Department 4 (LJO) of this Court

8  before the Honorable Lawrence J. O'Neill, United States District Judge. The parties are directed to file

9  a joint pretrial statement which complies with the requirements of this Court's Local Rule 16-281. In

10 addition, the joint pretrial statement should include a brief factual summary and an agreed upon neutral

11 statement of the case. An additional copy of the joint pretrial statement, carefully prepared and executed

12 by all counsel, shall be electronically filed in CM/ECF and shall be e-mailed in WordPerfect format to

13 ljoorders@caed.uscourts.gov.

14        The parties' attention is directed to this Court's Local Rules 16-281 and 16-282. This Court will

15 insist upon strict compliance with those rules.

16        At the pretrial conference, the Court will set deadlines, among others, to file motions in limine,

17 final witness and exhibits lists, objections thereto, and other trial documents.

18 **9.    Trial Date.**

19        An estimated 16-21 day jury trial is set for **August 23, 2010 at 9:00 a.m.** in Courtroom 4 before

20 the Honorable Lawrence J. O'Neill, United States District Court Judge. The parties' attention is directed

21 to Local Rule 16-285 for preparation of trial briefs.

22 **10.   Request for Bifurcation, Appointment of Special Master, or Other Techniques to Shorten**

23 **Trial.**

24        The ABM Defendants anticipate that they will request bifurcation of the issue of punitive

25 damages. Additionally, the ABM Defendants may move the Court for an order severing the trials of

26 those members whose grievances formed the basis of the original complaint and complaint-in-

27 intervention and the trials of any members of the aggrieved group of discriminatees whose claims are

28 factually distinct from the original group.

1    The Plaintiff and Plaintiff-Intervenors do not anticipate requesting severance, bifurcation, or

2 other ordering of proof at this time, but have asked to reserve the right to request such proposals later

3 as needed in the conduct of this litigation.

4 **11.    Effect Of This Order.**

5    This order represents the best estimate of the Court and parties as to the agenda most suitable to

6 dispose of this case.  If the parties determine at any time that the schedule outlined in this order cannot

7 be met, the parties are ordered to notify the Court immediately of that fact so that adjustments may be

8 made, either by stipulation or by subsequent status conference.  Stipulations extending the deadlines

9 contained herein will not be considered unless they are accompanied by affidavits or declarations with

10 attached exhibits, where appropriate, which establish good cause for granting the relief requested.

11    Failure to comply with this order shall result in the imposition of sanctions.

17 **IT IS SO ORDERED.**

18 **Dated:    July 28, 2009**          _____/s/ **Gary S. Austin**_____
                                       **UNITED STATES MAGISTRATE JUDGE**

6