1   LAURA E. HAYWARD, Bar No. 204014
    LITTLER MENDELSON
2   A Professional Corporation
    650 California Street, 20th Floor
3   San Francisco, CA  94108.2693
    Telephone:    415.433.1940
4   Email:  lhayward@littler.com

5   KEITH A. JACOBY, Bar No. 150233
    LITTLER MENDELSON
6   A Professional Corporation
    2049 Century Park East, 5th Floor
7   Los Angeles, CA  90067.3107
    Telephone:    310.553.0308
8   Facsimile:    310.553.5583
    Email:  kjacoby@littler.com

9

    Attorneys for Defendants
10  ABM INDUSTRIES INCORPORATED; ABM
    JANITORIAL SERVICES, INC. and ABM
11  JANITORIAL SERVICES - NORTHERN
    CALIFORNIA, INC.

12
    (additional counsel listed on next page)
13

14                  UNITED STATES DISTRICT COURT

15                 EASTERN DISTRICT OF CALIFORNIA

16  U.S. EQUAL EMPLOYMENT              Case No. 1: 07 CV 01428 LJO JLT
    OPPORTUNITY COMMISSION,
17                                     **JOINT STATEMENT OF DISCOVERY**
                 Plaintiff,            **DISAGREEMENTS RE DEFENDANTS'**
18                                     **MOTION FOR PROTECTIVE ORDER**
    ERIKA MORALES and ANONYMOUS        **STRIKING CLAIMANTS 19, 20, AND 21**
19  PLAINTIFFS ONE THROUGH EIGHT,      **FROM THIS LAWSUIT, OR, IN THE**
                                       **ALTERNATIVE, SETTING A DEADLINE**
20               Plaintiff Intervenors, **FOR DISCLOSURE OF ADDITIONAL**
                                       **CLAIMANTS**
21        v.
                                       Hearing Date:    February 1, 2010
22  ABM INDUSTRIES INCORPORATED        Time:            9:00 a.m.
    and ABM JANITORIAL SERVICES,       Judge:           Hon. Jennifer L. Thurston
23  INC.; ABM JANITORIAL NORTHERN
    CALIFORNIA; JOE VASQUEZ; Does 1 -
24  10 inclusive,

25               Defendants.

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO        **CASE NO. 1: 07 CV 01428 LJO JLT**
MOTION FOR PROTECTIVE ORDER

1   Anna Y. Park, SBN 164242
    Victor Viramontes, SBN 214158
2   Lorena Garcia-Bautista, SBN 234091
    U.S. EQUAL EMPLOYMENT
3   OPPORTUNITY COMMISSION
    255 East Temple Street, 4th Floor
4   Los Angeles, CA 90012
    Telephone: (213) 894-1108
5   Facsimile: (213) 894-1301

6   Attorneys for Plaintiff
    U.S. EQUAL EMPLOYMENT
7   OPPORTUNITY COMMISSION

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO          2.          CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER**

1    Defendants ABM Industries, Incorporated, ABM Janitorial Services, Inc., and ABM

2    Janitorial Services - Northern California, Inc. ("Defendants") and Plaintiff Equal Employment

3    Opportunity Commission ("EEOC" and "Commission") submit this Joint Statement of Discovery

4    Disagreements for the Court's consideration in connection with Defendants' Notice of Motion and

5    Motion For Protective Order Striking Claimants 19, 20, And 21 Or, In The Alternative, Setting A

6    Deadline For Disclosure Of Additional Claimants.

7    I.    <b>INTRODUCTORY STATEMENTS</b>

8    <b>A.    DEFENDANT'S INTRODUCTORY STATEMENT.</b>

9    The EEOC has had more than three years since Erika Morales' Charge was first filed to dig

10   up aggrieved claimants to participate in its suit against the ABM Defendants.  It had until March 20,

11   2009 to complete class discovery.  It had until the July 2009 Scheduling Conference to identify

12   additional class members.[1]  At the July 2009 conference, this Court issued a Scheduling Order

13   setting a discovery cut off date of February 2010 and a trial date of August 2010 based on the

14   EEOC's representation that it was proceeding on behalf of eighteen claimants.  Now, *over two*

15   *months* after the Scheduling Order issued, and *over six months* after the class discovery cut off, the

16   EEOC is attempting to name three additional claimants, Maria Quintero,[2] Claimant 20, and Claimant

17   21,[3] on whose behalf it wishes to seek relief.  Even more troubling is the EEOC's untenable position

18   that they may continue naming claimants indefinitely.

19

20   [1] The terms "class members" and "claimants" are used interchangeably throughout this Motion.
     Defendants recognize that this is not a Rule 23 class action, and thus the terms "class action" and
21   "class members" are used loosely to reflect that the EEOC is seeking relief on behalf of a group of
     individuals.

22   [2] In addition to being untimely, Maria Quintero's claims are not within the scope of the investigation
     and conciliation conducted by the EEOC with respect to the charges on which this suit is premised.
23   This lawsuit was filed on behalf of a group of women who were allegedly harassed by one man – Joe
     Vasquez – in one location – ABM's Bakersfield branch.  Now, the EEOC, side-stepping the purpose
24   and directives of Title VII, is attempting to use the litigation discovery process to find and add new
     claimants without following the mandatory multi-step administrative process.  The ABM Defendants
25   were not on notice and had no opportunity to conciliate claims by individuals from Fresno about
     alleged harassers other than Joe Vasquez.  Thus, Defendants intend to argue in their Motions for
26   Summary Judgment that all claimants who did not work in Bakersfield with Joe Vasquez are not
     properly part of this lawsuit.

27   [3] Claimants 20 and 21 are the 20th and 21st Claimants disclosed in the EEOC's Fourth Supplemental
     Disclosures and their names are redacted due to a prior case protective order.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

**JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO        3.        CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER**

1   With each additional named claimant, Defendants are subjected to substantial additional

2   burden and expense as they must conduct discovery and depositions with regard to the new claimant.

3   This is compounded by the fact that it has historically taken **months** to secure a date for a claimant's

4   deposition.  It is patently unfair to expect Defendants to be able to properly defend this case and

5   prepare for trial when they are faced with a moving target of potential claimants and claims.

6   For all of the foregoing reasons, Defendants respectfully request that the Court issue a

7   Protective Order striking Maria Quintero, Claimant 20, and Claimant 21 as claimants and barring the

8   EEOC from naming additional claimants.  In the alternative, Defendants request that the Court set a

9   deadline by which the EEOC must disclose additional claimants.

10   **B.   PLAINTIFF EEOC'S INTRODUCTORY STATEMENT.**

11   On or about September 30, 2009, the EEOC notified Defendants of three additional claimants

12   for whom the EEOC intends to seek relief.  The EEOC disclosed these three claimants about four

13   and one-half months before the discovery cut-off of February 10, 2010 and in compliance with all

14   applicable court orders regarding discovery.

15   Defendants' motion for a protective order to strike the three claimants should be denied.  In

16   its April 10, 2009, the District Court denied Defendant's Motion to Bar Class Members, because

17   Defendants have misconstrued prior court orders to fit their arguments.  In making the present

18   motion, Defendants once again have misconstrued a court order, arguing that the April 10, 2009

19   order set a deadline by the July 2009 Scheduling Conference to identify additional class members.

20   Instead, the April 10, 2009 court order clearly did not set any deadlines, but only ordered the parties

21   to "address identifying or naming additional class members … and remaining discovery" at the

22   scheduling conference.  In the Fifth Joint Scheduling Report filed prior to the scheduling conference,

23   the EEOC clearly addressed discovery issues to be completed and the identification or naming

24   additional class members as they become known to the Commission.  Magistrate Judge Austin's

25   subsequent scheduling order on July 28, 2009 set various dates, including the discovery cut-off, and

26   addressed discovery limitations.  Nowhere in the scheduling order did Magistrate Judge Austin set

27   any deadline to identifying class members.

28   To construe the District Court's order as desired by Defendants would mean that the

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO          4.          CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER

1  identification of class members and discovery should have been completed prior to the scheduling

2  conference. This interpretation was not intended since Magistrate Austin set a future date for the

3  completion of discovery and did not set any deadline as to the identification of class members. If the

4  District Court or Magistrate Judge Austin had intended to set any deadlines for the identification of

5  class members, they would have stated so explicitly. Similar to its previously Motion to Bar Class

6  Members, which was denied by the District Court, Defendants once again have misconstrued court

7  orders to suit its purposes.

8  Moreover, because the EEOC had identified the three class members four and a half months

9  before the discovery cut-off of February 12, 2010, Defendants cannot make a credible showing of

10  prejudice. Adding three claimants when there are eighteen other previously identified claimants do

11  not change the complexion of the case. The EEOC provided Defendants ample opportunities to

12  conduct discovery by notifying Defendants as to when the class members would be available for

13  depositions well before the discovery cut-off. Defendants had even noticed a deposition for one of

14  the claimants, before taking it off-calendar. Instead of taking or rescheduling the depositions,

15  Defendants decided not to depose the class members but decided to bring this motion. Any

16  prejudice is of Defendants' own creation and is not a basis for granting their motion.

17  The Supreme Court has defined that the EEOC has a unique, public interest responsibility as

18  the Federal Government's agent charged with eliminating employment discrimination. Under this

19  aegis, the EEOC has a responsibility to seek class-wide relief and the authority to do so. For

20  example, the Supreme Court has held that the EEOC may seek group-wide relief even without

21  seeking any class certification pursuant to Fed. R. Civ. P. 23. Because the EEOC's authority is

22  uniquely encompassing, Defendant's attempts to narrow the scope of the EEOC's Claimants have

23  been rejected.

24  Finally, the pervasive and violent nature of the harassment in this case—rapes, beatings, and

25  sexual assaults—drives the scope of the case. The intimidation and fear caused by these outrageous

26  acts had made it difficult for women who are potential class members to come forward. Thus, the

27  scope of the case is merely a reflection of ABM's working conditions, where women endure a

28  violent pattern and practice of sexual harassment.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO        5.        CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER

## II.   STATEMENTS OF THE NATURE OF THE CASE AND FACTUAL BACKGROUND

### A.   DEFENDANTS' STATEMENT OF FACTS.

On June 30, 2006, Erika Morales filed a charge with the EEOC on behalf of herself and a class of similarly situated individuals alleging that during her employment with Defendants, she had been subjected to verbal and physical sexual harassment by her supervisor Jose Vasquez and was constructively discharged. (*See* EEOC Charge, attached to the Declaration of Keith A. Jacoby ("Jacoby Decl.") as Exhibit "A.")[4]

Shortly thereafter, on January 23, 2007, the Law Office of Mallison & Martinez filed a charge with the EEOC on behalf of an anonymous utility worker alleging that she had been raped and otherwise subjected to sexual harassment and comments by Jose Vasquez. This charge was also filed on behalf of a class. (*See* Anonymous EEOC Charge, attached to Jacoby Decl. as Exhibit "C.")

On April 25, 2007, the EEOC issued a determination that there was reasonable cause to believe that both Erika Morales and the anonymous complainant were subjected to sexual harassment and/or constructive discharge. Defendants agreed to participate in a conciliation with the EEOC in August 2007. At the conciliation the EEOC indicated that in addition to Erika Morales, it was aware of eight additional individuals who had been harassed by Jose Vasquez. No other alleged harassers were named at this time. The conciliation was unsuccessful and the EEOC subsequently filed suit on September 28, 2007 alleging that "Erika Morales and similarly situated individuals" were subjected to sexual harassment in violation of Title VII.[5]

On November 20, 2007 the Law Offices of Mallison & Martinez filed a Motion to Intervene in the EEOC's action on behalf of eight anonymous plaintiffs. The Motion was granted and on March 7, 2008 Plaintiff-Intervenors filed suit, alleging Title VII claims in addition to a slew of state

---

[4] On January 11, 2007 Erika Morales filed an Amended EEOC Charge to indicate that she was claiming a "continuing action." (*See* Amended EEOC Charge, attached to the Jacoby Decl. as Exhibit "B.")

[5] The EEOC initially sued ABM Industries Incorporated and ABM Janitorial Services, Inc. These entities are the parent companies of ABM Janitorial Services – Northern California, Inc. and did not employ Erika Morales, or any other janitorial employees. The EEOC did not name the actual employer, ABM Janitorial Services-Northern California, Inc., until it filed its First Amended Complaint on July 17, 2009.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

1   law claims against all the ABM Defendants. While the Complaint was initially filed on behalf of

2   Erika Morales and "Anonymous Plaintiffs One Through Eight," Anonymous Plaintiffs Seven and

3   Eight were dismissed from the action on May 7, 2009 for failure to prosecute their claims after they

4   failed to appear for their depositions despite being ordered by the Court to do so.

5        On August 20, 2008, this Court conducted a preliminary scheduling conference in which it

6   set March 20, 2009 as the discovery cut off date for class discovery, including discovery with respect

7   to new potential class members. (*See* Order, attached to the Jacoby Decl. as Exhibit "D"). On

8   August 22, 2008, the EEOC served its First Supplemental Disclosures, which identified six potential

9   claimants who were allegedly subjected to sexual harassment while working with Joe Vasquez. (*See*

10  First Supplemental Disclosures, attached to the Jacoby Decl. as Exhibit "E.")[6] On October 20, 2008,

11  the EEOC identified two additional claimants in its Second Supplemental Disclosures, bringing the

12  total to eight. (*See* Second Supplemental Disclosures, attached to the Jacoby Decl. as Exhibit "F.")

13       While the EEOC initially sought to turn this lawsuit into a nationwide or statewide action,

14  Magistrate Goldner limited the scope of discovery to the eleven counties making up the Eastern

15  District of California. Despite being given unrestricted access to thousands of Defendants'

16  employees, as of March 20, 2009, the date of the class discovery cut off, the EEOC had not

17  identified any additional potential claimants. As a result, Defendants moved to prohibit the EEOC

18  from naming any additional class members. In an Order dated April 10, 2009, this Court, while

19  declining to grant Defendants' Motion, expressly stated that at the next scheduling conference, the

20  EEOC would be expected to address "identifying or naming additional class members, if they are not

21  identified or named in advance." (See 4/10/09 Order, attached to the Jacoby Decl. as Exhibit "G.")

22  Accordingly, on or about May 22, 2009, the EEOC served its "Third Supplemental Disclosures,"

23  which listed twelve additional potential class members, bringing the grand total to eighteen. (*See*

24  Third Supplemental Disclosures, attached to the Jacoby Decl. as Exhibit "H.")

25

26

27  _____

[6] In its Initial Disclosures, the EEOC did not identify any of the claimants, referring to them only as
28  Anonymous Plaintiffs 1-8.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO                7.                    CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER**

1    On July 28, 2009,[7] the parties appeared for the continued Scheduling Conference.  Based on

2    the fact that the EEOC had disclosed a total of 18 claimants, and based on the fact that the EEOC's

3    opportunity to engage in "class discovery" had long since ended, the Court set an aggressive

4    discovery cut off date of February 12, 2010 and an August 23, 2010 trial date.

5    Nonetheless, in spite of the Court's Order, over two months after the Court set the discovery

6    cut off and trial date, and *over six months* after the March 20, 2009 class discovery deadline, the

7    EEOC served a Fourth Supplemental Disclosures, adding three brand new claimants: Maria

8    Quintero, Claimant 20, and Claimant 21.  (*See* Fourth Supplemental Disclosures, attached to the

9    Jacoby Decl. as Exhibit "I").  What is more, the EEOC has taken the position that it may continue to

10   add claimants indefinitely, in disregard of the impending discovery cut off date, trial date, and

11   accompanying pre-trial deadlines set by this Court.

12   On October 21, 2009, Keith Jacoby, counsel for Defendants, informed the EEOC that the

13   date to disclose new claimants had long passed.  Mr. Jacoby also informed the EEOC that

14   Defendants intended to seek a protective order to strike the three new claimants or, in the alternative,

15   requesting that a deadline be set by which time all claimants must be disclosed.  (*See* 10/21/09 email,

16   attached to the Jacoby Decl. as Exhibit "J.")   The EEOC has taken the position there are no limits on

17   their ability to add claimants to this case whenever they see fit and although they have represented

18   that they are not currently aware of any other claimants, will not commit to limiting this action to the

19   claimants that have been disclosed to date. (Jacoby Decl. at ¶ 11). Accordingly, Defendants have

20   satisfied their requirement to meet and confer in good faith prior to moving for the instant protective

21   order.  Fed. R. Civ. P. 26(c)(1).

22   **B.    PLAINTIFF EEOC'S STATEMENT OF FACTS.**

23   **1.    The EEOC Files a Class Suit and a Pattern or Practice Suit under Title VII**

24   Plaintiff EEOC filed this suit on September 28, 2007, alleging that Defendants ABM

25   Industries Inc. and ABM Janitorial Services, Inc. violated Title VII by engaging in sexual

26

27   [7] The scheduling conference was originally set for April 24, 2009, but was continued until June 15,
     2009.  At the June 15th conference the parties instead discussed the application of Rule 23 to this
28   action, and thus, the scheduling conference was again continued to July 28th.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO          8.          CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER

1  harassment and discrimination against a class of similarly situated individuals. The EEOC alleged

2  that Defendants engaged in a pattern or practice of violating Title VII under Section 707. (*See* First

3  Amended Complaint attached to Lorena Garcia-Bautista Decl. as Exhibit 1; Doc. 118.)  Similarly,

4  under Section 706, the EEOC brings a class case. (*Id.*)  Thus, the EEOC pursues class relief under

5  two related, though distinct legal theories:  a class case and a pattern or practice case.

6      **2.**    **Defendants Hired a Convicted Rapist and Promoted Him to Supervise a Female**

7      **Workforce, Working at Night in Empty Buildings**

8        Defendants' pattern and practice of sexual harassment includes substandard hiring decisions

9  and deficient supervisory practices.  Defendants hired Jose Vasquez, a convicted rapist in 2004. (*See*

10  Jose Vasquez' photograph in the California Registered Sex Offender Website, attached to Garcia-

11  Bautista Decl. as Ex. 2.)  During deposition, Jose Vasquez also revealed that he had been convicted

12  of felonious weapons and drug charges prior to his hiring at ABM.  His brother, Javier Vasquez,

13  played a role in the decision to hire Jose Vasquez, and he subsequently was Jose Vasquez'

14  supervisor.  Defendants hired Jose Vasquez in the days after he got out of jail on a different felony

15  charge.  Defendants directed Jose Vasquez to take cleaning supplies to the different worksites, gave

16  him supervisory responsibility, and provided him with an ABM truck to do so.  Jose Vasquez used

17  this opportunity to sexually assault and harass the women working there.

18        Within a few months, Defendants officially promoted Jose Vasquez to a supervisor position

19  and provided him with formal, unchecked access to the female's worksites and an ABM truck to

20  access the females' worksites.  In his management position, he continued his pattern of sexually

21  assaulting and harassing Defendants' female employees.

22      **3.**    **The Convicted Rapist, an ABM Manager, Raped and Assaulted the EEOC**

23      **Claimants While on The Job.**

24        Claimants testified that ABM supervisor Jose Vasquez subjected them to unusually severe

25  sexual harassment.  One claimant testified that the ABM supervisor used physical force to rape her.

26  Another claimant testified that the ABM supervisor used physical force and struck her while

27  sexually assaulting her.  He also sexually harassed and inappropriately touched a minor, and sexually

28  harassed a second teenaged girl.  A larger group of claimants further testified to Jose Vasquez's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO            9.            CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER

1  egregious sexual harassment.

2          The Bakersfield Police Department also investigated this ABM manager for forcefully

3  grabbing an ABM employee at a church and school site. (*See* Bakersfield Police Report, attached to

4  Garcia-Bautista Decl. as Ex. 3.)

5          **4.      Another ABM Supervisor Sexually Assaulted Female Employees At ABM**

6                 **Worksites Because ABM Ignored Prior Complaints Against Him**

7          ABM's pattern and practice is ongoing.  In August 2009, another male supervisor, Adalberto

8  Rodriguez Pilar, sexually assaulted another female, resulting in a criminal investigation.

9          According to the police report:

10          "the victim was backed into one of the stalls.  Pilar was fondling the victim and

11          telling her, 'let me.  You'll like it.'  Pilar was able to get the victim's pants undone

12          and lowered past her hips.  Pilar was fondling the victim on her buttocks and vagina.

13          The  victim was trying her best to fight off Pilar."

14          Based on the victim's statement, the police "concluded that Adalberto Pilar violated

15  PC243.4(d) sexual battery." (*See* Fresno Police Report, attached to Garcia-Bautista Decl. as Ex. 4.)

16          Claimant Maria Quintero overheard the victim's cries for help, and assisted the police in the

17  investigation.  Adalberto Pilar also subjected Maria Quintero to a sexually hostile work environment.

18          Prior to the recent assault, in 2006, Pilar attempted to trap class member Theresa Sanchez, in

19  the bathroom, much like his successful attack in 2009.  He turned off the lights in the bathroom,

20  closed the door to foreclose any exit, and tried to hold onto her against her will by grasping her

21  forcefully on her buttocks.  Claimant Sanchez escaped and barricaded herself in the bathroom stall

22  while screaming for help.  A co-worker then came by and turned on the lights, and Claimant

23  Sanchez saw Pilar standing there.  Sanchez complained to two ABM managers about the harassment,

24  and ABM fired her.  ABM ignored these complaints, and left Pilar to harass future ABM employees.

25          **5.      ABM Managers, Supervisors, and Co-workers Have Sexually Harassed Female**

26                 **Employees Throughout Central California**

27          Moreover, the problem of sexual harassment at Defendants' workplaces extends across the

28  Central California.  Several claimants testified that they were sexually harassed by ABM's

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

**JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO            10.                   CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER**

managers, supervisors, and co-workers throughout the Central Valley of California. The EEOC has identified at least 13 alleged harassers, mostly ABM management employees.

Several claimants testified during their depositions that they were sexually harassed by ABM employees while working for ABM. For example, Martha Castaneda Garcia testified that she was sexually harassed by co-worker. Maria Olga Birrueta testified that she was sexually harassed by co-worker. Irene Bravo testified that she was sexually harassed by a supervisor while working for ABM.

**6.   Because Harassment Is Ongoing, The EEOC Continues To Identify Claimants**

ABM has allowed sexual harassment in its worksite. Despite the multitude of warning signs that ABM needs to address these issues, ABM's female workforce is still in physical danger. The EEOC recently learned of this assault, and identified Claimant Maria Quintero from its investigation. The EEOC continues to identify Claimants because ABM has not addressed the underlying problem, its own failure to prevent harassment.

**7.   Judge O'Neill Did Not Set Any Deadlines for the EEOC to Identify Claimants.**

The District Court Judge corrected ABM's misreading of the Court's prior scheduling order. Judge O'Neill explained,

> The ABM defendants appear to misunderstand or misconstrue the preliminary scheduling order, which set a deadline to complete class certification discovery and did not address identifying or naming class members. At the April 23, 2009 scheduling conference, the parties will be expected to address identifying and naming additional class members, if they are not identified or named in advance, and remaining discovery. The ABM Defendants fail to establish factual or legal grounds to bar additional class members.

(*See* Judge O'Neill's Order, attached to Garcia-Bautista Decl. as Ex. 5 at 1:22-2:1; Docket No. 92.) The Judge went on to hold that the Court "Denies the ABM Defendants' motion to bar additional class members." *Id.* at 2:8.

During the subsequent scheduling conferences, the Magistrate Austin recognized that the EEOC was not subject to class certification, explaining that the Court "finds that a class certification motion pursuant to Fed.R.Civ.P. 23 is unnecessary in this matter." (*See* Judge Austin's Order, attached to Garcia-Bautista Decl. as Ex. 6, Docket No. 116.) Accordingly, the Court's scheduling

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

1  order did not in any way restrict the EEOC from continuing to add additional class members, despite

2  ABM's repeated motions and requests to do so.  (*See* Judge Austin's Order, attached to Garcia-

3  Bautista Decl. as Ex. 7, Docket No. 121.)  In addition, in its brief regarding whether class

4  certification applied, the EEOC informed the Court of its intentions to continue to identify class

5  members, "The EEOC may add additional class members as they become known to the

6  Commission." (*See* EEOC's Brief, attached to Garcia-Bautista Decl. as Ex. 8, Docket No. 112 , at

7  N. 1, 4:26-28.)  The EEOC has continued to identify class members as they come forward.

8        **8.**      **The EEOC Has Identified Class Members With More Than Sufficient Time for**

9               **ABM to Depose Them, and ABM Schedules One of Their Depositions Before**

10               **Taking It Off Calendar.**

11        The EEOC identified three additional claimants on or about September 30, 2009, about four

12  and one half months before the discovery cut-off.  The disclosure provided ABM with sufficient

13  time to conduct necessary discovery, and conduct depositions.  In fact, ABM did set the deposition

14  of one of the class members for November 2009.  That deposition was set about three months before

15  the close of discovery.  However, rather than deposing these three class members, have purposefully

16  delayed their own discovery to bring this motion.

17

18  **III.**    **PARTIES' CONTENTIONS AND POINTS AND AUTHORITIES IN SUPPORT**

19               **THEREOF**

20      **A.**    **DEFENDANTS' CONTENTIONS AND POINTS AND AUTHORITIES IN**

21           **SUPPORT THEREOF.**

22           **1.**    **Good Cause Exists For The Court To Issue A Protective Order Pursuant**

23               **to Rule 26 to Prevent Undue Prejudice to Defendants.**

24        The Court may, for good cause, issue an order to protect a party or person from annoyance,

25  embarrassment, oppression, or undue burden or expense.  Fed. R. Civ. P. 26(c)(1).  In fashioning a

26  protective order, the Court has wide discretion to impose any limits on discovery that it deems

27  proper. *United States v. CBS, Inc.*, 666 F.2d 364, 368-69 (9th Cir. 1982).  As set forth in detail

28  below, there is good cause to grant Defendants' Motion for Protective Order to protect Defendants

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

**JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO
MOTION FOR PROTECTIVE ORDER**    12.    **CASE NO. 1: 07 CV 01428 LJO JLT**

1     from undue prejudice and inability to prepare for trial as a result of the EEOC's perpetual addition of

2     new claimants to this lawsuit.

3              **2.**      **This Court Has the Inherent Power to Bar the EEOC From Adding**

4                       **Claimants In Disregard of the Court's Scheduling Order.**

5         To permit that EEOC to continue to add claimants this late in the game contravenes the

6     purpose and spirit of Federal Rule of Civil Procedure 16 and this Court's Scheduling Order. The

7     objective of Rule 16 is to expedite and manage the disposition of a particular action. *Atchison,*

8     *Topeka & Santa Fe Ry. Co. v. Hercules Inc. et al.*, 146 F.3d 1071, 1074 (9th Cir. 1998). Scheduling

9     orders pursuant to Rule 16 involve a "matter most critical to the court itself: management of its

10    docket" and the avoidance of unnecessary delays in the administration of its cases. *Martin Family*

11    *Trust v. NECO/Nostalgia Enters. Co.*, 186 F.R.D. 601, 603 (E.D. Cal. 1999); *Johnson v. Mammoth*

12    *Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (a scheduling order is not a frivolous piece of

13    paper, idly entered, which can be cavalierly disregarded by counsel without peril).

14        The EEOC's powers are not limitless. Courts have frequently imposed deadlines for the

15    disclosure of claimants in suits brought by the EEOC. *See e.g., EEOC v. Mr. Gold, Inc.*, 223 F.R.D.

16    100, 103 (E.D.N.Y 2004) (court established cut off date by which EEOC had to disclose the

17    identities of all potential class members and barred recovery on behalf of any claimant disclosed

18    beyond cut off).

19        In a case with striking similarities to the case at bar, the court adopted the parties' scheduling

20    order and discovery plan based on the parties' representations that the EEOC's class of claimants

21    was relatively small. *EEOC v. CRST Van Expedited, Inc.*, 2009 U.S. Dist. LEXIS 71396, at *29

22    (N.D. Iowa Aug. 13, 2009). However, it soon became clear that, as is the case here, the EEOC was

23    in fact using discovery to find additional claimants. *Id.* at *30. The court expressed concern that

24    defendant would "unfairly face a moving target of prospective plaintiffs as discovery winds down

25    and trial approaches" if the EEOC was permitted to proceed with continuously adding new

26    claimants. *Id.* at *34. In order to prevent undue prejudice to the defendant, the court exercised its

27    inherent case management authority pursuant to Federal Rules of Civil Procedure 16 and 26 and set

28    a date eight months prior to the start of trial by which the EEOC was required to disclose the identity

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO      13.       CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER

of all potential class members. *Id.* at *31-35. In fashioning such relief, the Court noted: "There was a clear and present danger that this case would drag on for years as the EEOC conducted wide-ranging discovery and continued to identify allegedly aggrieved persons. The EEOC's litigation strategy was untenable: [Defendant] faced a continuously moving target of allegedly aggrieved persons, the risk of never-ending discovery and indefinite continuance of trial." *Id.* at *30. Furthermore, "Congress surely did not intend that employers, even ones whose workplaces might be rife with sexual harassment, face [a] moving target of allegedly aggrieved persons." *Id.* at *60.

By adding three new claimants at this juncture and by taking the position that it may add claimants indefinitely, the EEOC has demonstrated sheer disregard for this Court's Scheduling Order. The trial management dates were set upon consideration of the time it would take to complete discovery and prepare for trial with regard to the eighteen disclosed claimants. It is patently unfair for the EEOC to now be allowed to add three brand new claimants. For each new claimant, Defendants must investigate her claims, take her deposition and engage in other discovery prior to the discovery cut off date, which is now only a few months away. Particularly here, where it has taken *months* to secure a deposition date for each claimant's deposition, Defendants risk running out of time. Additionally, Defendants will be required to prepare substantive and evidentiary motions related to these new claimants in anticipation of trial, all of which will impose substantial additional burdens and costs. Furthermore, the EEOC's continual adding of claimants has made it impossible for Defendants to ascertain the scope of this litigation and thus engage in meaningful settlement discussions. As was the case in *CRST Expedited, Inc.*, there is a very real danger here that this case could drag on for years as the EEOC continues to identify potential claimants. Thus, the Court should bar the three new claimants and prohibit the EEOC from identifying any additional claimants to prevent undue hardship or prejudice to Defendants.

### 3. The EEOC's Fourth Supplemental Disclosure Is Untimely And Thus the Claims of Claimants 19-21 Should Be Barred.

Federal Rule of Civil Procedure 26(e)(1)(a) provides that supplementation of disclosures must be made in a timely manner if a party learns that in some material respect the disclosure is incomplete or incorrect. Additionally, pursuant to the Federal Rules of Civil Procedure courts have

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO          14.          CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER

1   very broad discretion to insure that lawyers "fulfill their high duty to insure expeditious and sound

2   management of preparation of cases for trial." *Martin Family Trust*, 186 F.R.D. at 602-03.  A party

3   failing to timely disclose supplemental information without substantial justification is not permitted

4   to use the information at trial, at a hearing, or on a motion unless that failure is harmless.  Fed. R.

5   Civ. P. 37 (c)(1).

6      In this case, the discovery cut off to determine additional class members was March 20,

7   2009.  The EEOC did not disclose any additional class members at that time.  In fact, the EEOC did

8   not disclose any additional class members until two months later, in May 2009, when it disclosed 12

9   additional claimants.  There is no conceivable reason why the EEOC then waited over four months

10   from the date of its Third Supplemental Disclosures and over six months from the class discovery

11   deadline to disclose Claimants 19-21.  As set forth above, the EEOC's failure to timely disclose has

12   resulted in undue burden and unfair prejudice to Defendants.  Accordingly, the EEOC should be

13   barred from naming the three new additional parties as claimants in this lawsuit.

14

15     **B.**  **PLAINTIFF EEOC'S CONTENTIONS AND POINTS AND AUTHORITIES.**

16       **1.**  **The Court Has Not Set Any Deadlines for Identifying Class Members.**

17      On or about September 30, 2009, the EEOC notified Defendants of three additional claimants

18   for whom the EEOC intends to seek relief.  (Garcia-Bautista Decl. at ¶16.)  The EEOC disclosed

19   these three claimants about four and one-half months before the discovery cut-off of February 10,

20   2010 and in compliance with all applicable court orders regarding discovery.

21      Defendants' motion for a protective order to strike the three claimants should be denied.  In

22   its April 10, 2009, the District Court denied Defendant's Motion to Bar Class Members, because

23   Defendants have misconstrued prior court orders.  (*See* Judge O'Neill's Order, attached to Garcia-

24   Bautista Decl. as Ex. 5 at 1:22-2:1; Docket No. 92.)   In making the present motion, Defendants once

25   again have misconstrued a court order, arguing that the April 10, 2009 order set a deadline by the

26   July 2009 Scheduling Conference to identify additional class members.  Instead, the April 10, 2009

27   court order clearly did not set any deadlines, but the court ordered the parties to "address identifying

28   or naming additional class members … and remaining discovery" at the scheduling conference.  (*See*

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO  15.    CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER

1    Judge O'Neill's Order, attached to Garcia-Bautista Decl. as Ex. 5 at 1:22-2:1; Docket No. 92.)  In

2    the Fifth Joint Scheduling Report filed prior to the scheduling conference, the EEOC clearly

3    addressed discovery issues to be completed and the identification or naming additional class

4    members as they become known to the Commission. (*See* The Parties Fifth Joint Scheduling Report,

5    attached to Garcia-Bautista Decl. as Ex. 13; Docket No. 117.)  Magistrate Judge Austin's

6    subsequent scheduling order on July 28, 2009 set various dates, including the discovery cut-off, and

7    addressed discovery limitations. (*See* Judge O'Neill's Order, attached to Garcia-Bautista Decl. as

8    Ex. 7; Docket No. 121.)  Nowhere in the scheduling order did Magistrate Judge Austin set any

9    deadline to identifying class members.

10         To construe the District Court's order as desired by Defendants would mean that the

11   identification of class members and discovery should have been completed prior to the scheduling

12   conference.  This interpretation was not intended since Magistrate Austin set a future date for the

13   completion of discovery and did not set any deadlines as to the identification of class members.  If

14   the District Court or Magistrate Judge Austin had intended to set any deadlines for the identification

15   of class members, they would have stated so explicitly.

16         Once again, Defendants have misconstrued the Court's order to suit its purposes as they did

17   in their previously filed Motion to Bar Class Members.  In their prior motion, Defendants claimed

18   that the date set by the District Court for the completion of class discovery was the deadline for the

19   identification of class members.  In denying Defendants' motion, the District Court found that, "The

20   ABM defendants appear to misunderstand or misconstrue the preliminary scheduling order, which

21   set a deadline to complete class certification discovery and did not address identifying or naming

22   class members." (*See* Judge O'Neill's Order, attached to Garcia-Bautista Decl. as Ex. 5 at 1:22-2:1;

23   Docket No. 92.)

24         Therefore, the ruling here should be the same as Defendants' prior Motion to Bar Class

25   Members.  Because no deadline has been set for the identification of class members, the EEOC has

26   timely identified the three class members, especially when it was done about four and a half months

27   before the discovery cut-off.  For these reasons alone, Defendants' motion should be denied.

28            **2.    ABM Has Continued To Allow Assaults On Its Worksite**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO                16.                CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER

1   ABM is to blame for the EEOC's growing class. In August 2009, the police investigated a

2   sexual assault on the ABM worksite. The police report describes a violent physical assault. (*See*

3   Fresno Police Report, attached to Garcia-Bautista Decl. as Ex. 4.)   Through its Claimants, the

4   EEOC learned of the assault, and identified an additional class member. In addition, the number of

5   the class members is a reflection on ABM's failure to address the problems in its worksite. Because

6   ABM cannot solve it ongoing problems, the EEOC's class necessarily grows. As described below,

7   because the EEOC litigates in the public interest it cannot turn away Claimants who have suffered

8   severe sexual harassment. *General Tel. Co. v. EEOC*, 446 U.S. 318, 326 (1980). The Commission

9   has an obligation to provide both classwide injunctive and monetary relief to those that ABM has

    harmed. *Id.*

10           **3.     The EEOC Added Claimants Within Its Rights Under The Scheduling**

11                    **Order and Supreme Court Authority.**

12           Defendants do not—and cannot—show that the EEOC failed to timely disclose claimants 19

13   through 21. Where there is no failure to disclose, the court should deny sanctions. *See, e.g., Britz*

14   *Fertilizers, Inc. v. Bayer Corp.*, No. 06-287, 2009 WL 1748775, at *2-4 (E.D. Cal. June 17, 2009)

15   (refusing an order because there was no violation). The EEOC made the disclosure on or about

16   September 30, 2009, long before the February 12, 2009 discovery deadline. (Garcia-Bautista Decl. at

17   ¶16.) Where the EEOC is not in violation, this Court should not issue sanctions.

18           Although some courts have found that disclosure on the heels of the deadline was untimely, at

19   least where the party had a long history of violations and rebukes, disclosure at least four months prior

20   to the close of discovery is easily within the range of timeliness. *See Davison v. Hart Broadway,*

21   *LLC*, No. 07-1894, 2009 WL 1514393, at *1 (E.D. Cal. May 27, 2009) (3 months timely). Here, the

22   EEOC disclosed claimants 19 through 21 on or about September 30, 2009, more than four and one-

23   half months ahead of the deadline.

24           Moreover, as this Court has already recognized in multiple rulings, the EEOC has the unique

25   responsibility of litigating in the public interest, and the responsibility to seek group-wide relief to

26   address the breadth and range of Defendants illegal acts. In its December 22, 2008 ruling, this Court

27   allowed the EEOC to conduct class-wide discovery across Central California in twelve counties for a

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**JOINT STATEMENT OF DISCOVERY**
**DISAGREEMENTS RE DEFT'S MPA ISO**            17.            **CASE NO. 1: 07 CV 01428 LJO JLT**
**MOTION FOR PROTECTIVE ORDER**

1  period extending back to 2001. (*See* Judge Goldner's Order, attached to Garcia-Bautista Decl. as Ex.

2  10 at 21:3-16; Docket No. 67.) In a later ruling, the Court essentially held that the EEOC was not

3  subject to Rule 23 class certification rules. (*See* Judge Austin's Order, attached to Garcia-Bautista

4  Decl. as Ex. 6 at 2:2-5; Docket No. 116.)

5      The Supreme Court has recognized that the EEOC litigates on behalf of the public interest to

6  address instances of employment discrimination. *General Tel. Co. v. EEOC*, 446 U.S. 318, 323

7  (1980). The Supreme Court explained, "[w]hen EEOC acts... it acts also to vindicate the public

8  interest in preventing employment discrimination." *Id.* at 326. The Supreme Court also has

9  recognized that Title VII "makes the EEOC the master of its own case and confers on the agency the

10  authority to evaluate the strength of the public interest at stake." *EEOC v. Waffle House, Inc.*, 534

11  U.S. 279, 291 (2002). Congress granted the EEOC the power to enforce the anti-discrimination laws

12  by seeking injunctive remedies in the public interest and monetary remedies on behalf of individuals.

13  42 U.S.C. § 2000e-5. Moreover, the Supreme Court has recognized that "the EEOC does not stand

14  in the employee's shoes", but rather sues on its own behalf to vindicate the public interest. *EEOC v.*

15  *Waffle House, Inc.*, 534 U.S. 279, 291 (2002).

16      Consequently, consistent with its enforcement powers under Title VII and the other statutes it

17  enforces, the EEOC has broader powers than those of the typical plaintiff. Here, the EEOC uses two

18  mechanisms to pursue a class case, both of which are exempt from Rule 23.

19      First, the EEOC brings a class suit under Section 706. The Supreme Court explained that "the

20  EEOC need look no further than § 706(f) for its authority to bring suit in its own name for the purpose

21  ... of securing relief for a group of aggrieved individuals." *General Tel. Co. v. EEOC*, 446 U.S. 318,

22  324.

23      Second, Congress through Title VII has authorized a class vehicle specific to the EEOC.

24  Under Section 707, "[t]he EEOC is the only federal law enforcement entity that can pursue pattern or

25  practice claims against private entities." *EEOC v. Scolari's Warehouse Markets, Inc.*, 488 F.Supp.2d

26  1117, 1136 (D.Nev. 2007); *see also* 42 U.S.C. § 2000e-6 ("Section 707"). In pattern or practice cases,

27  the EEOC need only establish that the violation at issue is the "regular rather than the usual practice"

28  and need not meet any Rule 23 inquiry. *Int'l Brotherhood of Teamsters v. U.S.*, 431 U.S. 324, 335

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO          18.          CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER

1   (1977). Federal courts have determined that, "[i]n a pattern or practice case, the EEOC acts both for

2   the benefit of specific individuals who are subject to discrimination by their employer and 'to

3   vindicate the public interest in preventing employment discrimination." *EEOC v. Mitsubishi Motor*

4   *Mfg. of Am. Inc.*, 990 F. Supp. 1059, 1076 (C.D. Ill. 1998).

5         Because of this broad authority, the EEOC can continue to identify claimants throughout the

6   discovery period. *EEOC v. Scolari's Warehouse Markets, Inc.*, 488 F.Supp.2d 1117, 1136 (D.Nev.

7   2007). Allowing the EEOC to disclose class members throughout discovery is particularly

8   appropriate in relatively small class cases such as this one where there are roughly 20 Claimants, and

9   the Defense is not facing classes numbering in the hundreds. *See Id.* (17 class members). In

10   Scolari's, the Court allowed the EEOC to amend its complaint, extend the timeframe for its suit, and

11   include class members at the close of discovery. *EEOC v. Scolari's Warehouse Markets, Inc.*, 488

12   F.Supp.2d 1117, 1136 (D.Nev. 2007). *See also EEOC v. Mitsubishi Motor Mfg. of Am. Inc.*, 990 F.

13   Supp. 1059, 1076 (C.D. Ill.1998).

14         Defendants' reliance on *EEOC v. CRST Van Expedited, Inc.*, No. 07-CV-95, 2009 WL

15   2524402, at *9 (N.D. Iowa Aug. 13, 2009), is misplaced. In *CRST*, the non-moving party disclosed

16   some 225 various potential class members and additional persons within about one week of the

17   disclosure deadline, and disclosed 185 of those potential claimants on the very day of the deadline. In

18   stark contrast, the EEOC's disclosure here—i.e., three claimants identified more than four and one

19   half months prior to the close of discovery—afforded Defendants plenty of time to react to the

20   disclosure and prepare for trial. Where Defendants fail to cite to either adequate facts or relevant law,

21   this Court should reject their motion to dismiss.

22        **4.**    **Defendants Cannot Meet the High Burden for Dismissal, and The EEOC Is**

23              **Amenable to a Discovery Extension.**

24         Defendants fail to present the facts or law necessary to warrant the drastic sanction of

25   dismissing all claims for these three victims of sex harassment. Dismissal is "authorized only in

26   'extreme circumstances.'" *In re Exxon Valdez*, 102 F.3d 429, 432 (9th Cir. 1996). Dismissal is

27   "drastic," and should be avoided as a remedy. *Henry v. Gill Industries, Inc.*, 983 F.2d 943, 946 (9th

28   Cir. 1993). Usually, courts offer an explicit warning or prior sanctions before dismissing a party for

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

1  discovery violations, but at a minimum the court must provide notice sufficient to prevent surprise to

2  the person being sanctioned.  *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1413 (9th Cir. 1990);

3  *Stars' Desert Inn v. Hwang*, 105 F.3d 521, 524-25 (9th Cir. 1997).  The central factor in determining

4  discovery sanctions is justice.  *Valley Engineers, Inc., v. Electric Engineering Co.*, 158 F.3d 1051,

5  1056 (9th Cir. 1998)); *Fid. Nat'l Title Ins. Co. of N.Y. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d

6  745, 752 (7th Cir. 2005) ("the punishment should fit the crime").

7      Initially, dismissal is authorized "only where the violation is due to willfulness, bad faith, or

8  fault of the party."  *Exxon Valdez*, 102 F.3d at 432 (internal quotations omitted); *Henry*, 983 F.2d at

9  946 ("the losing party's non-compliance must be due to willfulness, fault or bad faith").  Additionally,

10  even where the non-moving party is blameworthy, the court must consider various factors before

11  imposing this drastic result:

12      1.     The public's interest in expeditious resolution of litigation;

13      2.     The court's need to manage its docket;

14      3.     The risk of prejudice to the party seeking sanctions;

15      4.     The public policy favoring disposition of cases on their merits; and

16      5.     The availability of less drastic sanctions.

17  *Valley Engineers*, 158 F.3d at 1057; *Exxon Valdez*, 102 F.3d at 433.

18      Even if the EEOC failed to meet a discovery obligation by disclosing the three additional

19  claimants more than four and one-half months prior to the close of discovery, the sanction of

20  dismissing the claims of these three harassment victims would be too harsh.  Initially, Defendants

21  have not—and cannot—show willfulness, bad faith, or fault in the ostensible failure.  This alone

22  should foreclose dismissal.

23      Additionally, Defendants have not—and cannot—show that the five factors weigh in favor of

24  dismissal.  First, to deny the EEOC the ability to add claimants more than four-and-one-half months

25  prior to the close of discovery would require the EEOC to issue a Commissioner's charge on behalf of

26  those claimants, re-investigate and re-conciliate their claims, and ultimately file a separate lawsuit on

27  their behalf, which would only extend the time necessary to resolve these claims.  As the Ninth

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO
MOTION FOR PROTECTIVE ORDER

20.

CASE NO. 1: 07 CV 01428 LJO JLT

1   Circuit explained, "if the Commission cannot seek damages on behalf of each aggrieved person in a

2   single action, it would have to file numerous individual suits or recommend that each individual

3   intervene in Commission actions." *See EEOC v. Dinuba Med. Clinic*, 222 F.3d 580, 589 (9th Cir.

4   2000) (internal quotes omitted). Second, the dual filing of these like and related claims would double

5   the court's docket rather than allowing easy resolution within the one, original suit. Third, adding

6   three claimants in no way prejudices Defendants where they had—and still have—more than adequate

7   time to depose the claimants or to seek a minimal extension of discovery. Fourth, in the Ninth

8   Circuit, the public policy favoring disposition of cases on their merits is further bolstered because the

9   EEOC seeks to vindicate the rights of victims of unlawful discrimination. *McGinest v. GTE Service

10  Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004) ("when a court too readily grants summary judgment, it

11  runs the risk of providing a protective shield for discriminatory behavior that our society has

12  determined must be extirpated"). Fifth, although Defendants still have enough time to depose these

13  three claimants, less drastic sanctions exist, including a minimal extension of discovery for the limited

14  purpose of deposing these three claimants. The EEOC is agreeable to an extension, and has already

15  moved this Court for a discovery extension. Thus, even if the Court finds that the EEOC violated its

16  discovery obligations by identifying three additional claimants more than four and one-half months

17  prior to the end of discovery, the factors still weigh against imposing the drastic result of dismissal.

18      **5.      The Court Should Dismiss Defendants' Motion Because Defendants Fail to Make**

19              **a Showing Under Rule 26.**

20          Defendants' have no grounds for a protective order under Federal Rule of Civil Procedure 26.

21  Rule 26(c)(1) allows a motion for protective order only from "[a] party or any person from whom

22  discovery is sought." Here, however, Defendants do not contest any discovery request. Additionally,

23  Defendants fail to make a showing of "annoyance, embarrassment, oppression, or undue burden or

24  expense," as required under Rule 26(c)(1). Normal discovery, including the expense and time

25  generally associated with completing discovery, is not an undue burden. *See Jackson v. Montgomery

26  Ward & Co., Inc.*, 173 F.R.D. 524, 529 (D. Nev. 1997). Finally, Defendants seek a remedy—i.e.,

27  dismissal of three claimants—that is not available under Rule 26(c)(1)(A)-(H). Thus, Defendants

28  have no grounds for a protective order.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO                21.
MOTION FOR PROTECTIVE ORDER

CASE NO. 1: 07 CV 01428 LJO JLT

1    Because the motion is dispositive in nature, Defendants' should have lodged it as a Rule 12(c)

2    motion for judgment on the pleadings or a Rule 56 motion for summary judgment. Motions under

3    Rules 12 and 56 incur higher burdens and specific procedural requirements. *McGinest v. GTE Service*

4    *Corp.*, 360 F.3d 1103, 1112 (9th Cir. 2004) ("when a court too readily grants summary judgment, it

5    runs the risk of providing a protective shield for discriminatory behavior that our society has

6    determined must be extirpated"); L.R. 56-260. This Court should not allow Defendants to evade these

7    important protections by shoehorning their dispositive motion into the less-stringent Rule 26.

8         The EEOC remains in full compliance with the Court's Scheduling Order [Docket No. 121,

9    dated July 78, 2009], which—apart from the discovery cut-off of February 12, 2010—includes no

10    specific deadline for identifying class members.

11    **6.    Defendant's Extraneous References To The Underlying Administrative Process**

12    **Are Misplaced and Have Been Rejected Already**

13         While the Defendant presented no argument on the matter, much of their fact section

14    discusses irrelevant aspects of the EEOC's administrative procedure. Magistrate Goldner already

15    considered and rejected these theories by allowing the EEOC to identify class members throughout

16    Central California in twelve counties, and the case is not restricted to Bakersfield or Kern County.

17    (*See* Judge Goldner's Order, attached to Garcia-Bautista Decl. as Ex. 10 at 20:20-21:16; Docket No.

18    67.)

19    **7.    The Rapes, Sexual Assaults, and Private Nature of the Violations Require Time**

20    **For Claimants To Come Forward**

21         In the sex harassment context—an inherently sensitive subject—victims must be given an

22    opportunity to overcome their fears of judgment and retaliation before they have to stand up to their

23    harassers. This is especially true here where ABM has provided convicted felons and violent

24    offenders with supervisory authority, and installed relatives as the felon's supervisors. In addition,

25    both Claimants and witnesses have testified that they have threatened with retribution. The EEOC is

26    also aware that women have been reluctant to come forward, including both named Plaintiffs who

27    are no longer participating in this suit. While there is a need to define the scope of the class, the

28    scope of the pattern and practice will define the suit's scope, as will the Court's current discovery

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

JOINT STATEMENT OF DISCOVERY
DISAGREEMENTS RE DEFT'S MPA ISO        22.        CASE NO. 1: 07 CV 01428 LJO JLT
MOTION FOR PROTECTIVE ORDER

1    and motion cut-offs.

2

3                              **IV.    CONCLUSIONS**

4         **A.    DEFENDANTS' CONCLUSION.**

5         For the foregoing reasons, Defendants respectfully request that the Court issue a Protective

6    Order barring the three new claimants listed in the EEOC's Fourth Supplemental Disclosures; Maria

7    Quintero, Claimant 20, and Claimant 21.  In the alternative, Defendants request that the Court set a

8    deadline by which the EEOC must disclose the identities of all claimants on whose behalf it seeks

9    relief.

10

11        **B.    PLAINTIFF EEOC'S CONCLUSION.**

12        Plaintiff's disclosure of three additional class members is timely because there is no court-

13   ordered deadline for the disclosure of class members.  Further, Defendants cannot meet their burden

14   of prejudice when the disclosure was made four and a half months before the discovery cut-off.

15

16                                                LITTLER MENDELSON

17

18   Date:  January 25, 2010          By:    _____/s/_____
                                              KEITH A. JACOBY
19                                            LAURA E. HAYWARD
                                              Attorneys for Defendants
20                                            ABM Industries Incorporated; ABM
                                              Janitorial Services, Inc. and ABM
21                                            Janitorial Services - Northern
                                              California, Inc.
22

23   Date:   January 25, 2010         By:    _____/s/_____
                                              ANNA Y. PARK
24                                            VICTOR VIRAMONTES
                                              LORENA GARCIA-BAUTISTA
25                                            Attorneys for Plaintiff EEOC

26   Firmwide:93221758.1 054667.1005
     Firmwide:93805168.1 054667.1005
27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940