1   Stan S. Mallison, (SBN 184191)
    Hector R. Martinez (SBN 206336)
2   Marco A. Palau (SBN 242340)
    LAW OFFICES OF MALLISON & MARTINEZ
3   1042 Brown Avenue
    Lafayette, CA  94549
4   Telephone: (925) 283-3842
    Facsimile:  (925) 283-3426
5

6   Counsel for Plaintiff-Intervenors and Applicant-Intervenors

7

8                  UNITED STATES DISTRICT COURT

9                 EASTERN DISTRICT OF CALIFORNIA

10  U.S. EQUAL EMPLOYMENT OPPORTUNITY          CASE NO: 1:07-cv-01428-LJO-JLT
    COMMISSION,
11                                             **MEMORANDUM OF POINTS &**
                                               **AUTHORITIES IN SUPPORT OF**
12             Plaintiff,                       **APPLICANT INTERVENORS' MOTION**
                                               **FOR LEAVE TO INTERVENE**
13
    ERIKA MORALES and ANONYMOUS
14  PLAINTIFFS ONE THROUGH SIX,                Date:      March 1, 2010
                                               Time:      10:00 a.m.
15             Plaintiff-Intervenors,          Judge:     Magistrate Jennifer L. Thurston
                                               Location: 1300 18th St., 1st Floor
16  MARIA SOCORRO ZAPIEN and ANONYMOUS                    Bakersfield, California 93301
    PLAINTIFFS NINE and TEN,
17
18             Applicant-Intervenors,

19
                 v.
20
21  ABM INDUSTRIES INCORPORATED, ABM
    JANITORIAL SERVICES, INC.; ABM
22  JANITORIAL NORTHERN CALIFORNIA; JOSE
    VASQUEZ and Does 1-10 inclusive,
23
24             Defendants.

25

26

27

28

# I.  INTRODUCTION

Applicant-Intervenors MARIA SOCORRO ZAPIEN and ANONYMOUS PLAINTIFFS NINE and TEN (hereinafter "Applicant-Intervenors") seek leave of Court to file a Complaint in Intervention (attached as Exhibit "A" to the contemporaneously filed Declaration of Hector R. Martinez) in order to intervene in the action filed by the U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION (EEOC) on behalf of a class of similarly situated individuals, and by Plaintiff-Intervenors ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH SIX (hereinafter "PLAINTIFFS").

The EEOC is the federal agency charged by Congress with the interpretation, administration and enforcement of a number of federal statutes banning employment discrimination, including Title Vll of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e et seq. (2001) and Title I of the Civil Rights Act of 1991. In that capacity, the Commission filed the instant action, alleging unlawful employment practices in violation of Section 703(a)(l) and in violation of Title VII, 42 U.S.C. section 2000e-2(a)(l). (See Docket #1.) Plaintiff-Intervenors ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH SIX intervened in this action asserting the same unlawful employment practices in violation of the federal laws relied upon by the EEOC and additionally asserting claims under the California Fair Employment and Housing Act, Cal. Govt. Code §§12940, et seq. (FEHA) and California tort law. (See Docket #27.)

Title VII of the Civil Rights Act of 1964, as amended, provides that the person aggrieved by a violation of Title VII of the Civil Rights Act of 1964, as amended, shall have the right to intervene in a civil action brought by the EEOC.  42 U.S.C. §2000e-5(f)(1).  In this case, Applicant-Intervenors MARIA SOCORRO ZAPIEN and ANONYMOUNS PLAINTIFFS NINE and TEN (hereafter collectively "Applicant –Intervenors") claim discrimination and harassment on the basis of their sex, and further claim retaliation for engaging in protected activity under Title VII of the Civil Rights Act of 1964, as amended.

Applicant-Intervenors also seek to bring before this Court their state claims for discrimination, harassment and other state law claims. Applicant-Intervenors ask this Court to assert pendent and supplemental jurisdiction over their state claims because the state and federal claims

1  share a common nucleus of operative facts. Similarly, this Court should assert jurisdiction over

2  Applicant-Intervenors' state law claims because the evidence needed to resolve the state law claims

3  substantially overlaps with the evidence relevant to the federal claims. See Tritmer v. County of

4  Lake, 358 F.3d 11 50, 11 53 (9th Cir. 2004).

## II. STATEMENT OF PERTINENT FACTS

7  The EEOC filed its complaint against Defendants under Section 707 of Title VII alleging

8  that Defendants violated Title VII by engaging in a pattern or practice of sexual harassment and

9  discrimination against a class of similarly situated individuals. See EEOC's First Amended

10  Complaint, ¶ 10 (Docket #118). Eight of those similarly situated individuals moved to intervene and

11  were granted leave to do so anonymously. See Order Grating Motion to Intervene (Docket #25).

12  This Court thereafter allowed the EEOC to engage in discovery designed to identify

13  additional claimants to add as class members. See Order [Denying Defendants'] Motion to Bar

14  Additional Class Members (Docket #92). During the course of class discovery additional claimants

15  became aware of this litigation and some, like the proposed intervenors, have chosen to intervene to

16  assert and protect their rights. Martinez Decl. ¶ 6. At least one of the proposed intervenors is facing

17  a motion to strike by Defendants. See Motion for Protective Order Striking Claimants 19, 20 and 21

18  (Docket #132). As a party to the action she will be able to participate directly in the litigation and

19  protect her rights. Martinez Decl. ¶ 7.

20  On or about October 5, 2009, more than four months prior to discovery cutoff, Applicant-

21  Intervenor ZAPIEN AND ANONYMOUS PLAINTIFFS NINE and TEN were disclosed to

22  Defendants. Martinez Decl. ¶ 9. Defendants have had adequate time to conduct discovery with

23  regards to the proposed intervenors. Id. ¶ 10. Defendants deposed Applicant-Intervenor ZAPIEN in

24  September 2009 and Applicant-Intervenor ANONYMOUS PLAINTIFF NINE in November 2009.

25  Id. ¶ 8. Defendants could have deposed the remaining applicant intervenor and, in fact, noticed her

26  deposition for October 21, 2009, but withdrew the deposition notice and have not rescheduled the

27  deposition. Id. ¶ 10. Instead, Defendants have moved to strike the anonymous intervenor. Id. ¶ 10.

28  It should be noted, moreover, that Defendants have had knowledge of all individuals

1  employed under alleges harasser and defendant Jose Vasquez' supervision, as well as knowledge of

2  all complaints of sexual harassment and the alleged culprits, and should have conducted a

3  reasonable investigation into the claims, which they failed to do. Martinez Decl. ¶ 11.  Indeed,

4  Defendants were alerted to the fact that all employees that worked under the supervision of Jose

5  Vasquez were possible witnesses to sexual harassment in Plaintiff-Intervenors' initial and

6  subsequent disclosures. Id. ¶ 11.  Further, Defendants confirmed that they had Applicant-

7  Intervenors' names and contact information when they produced a list of names, addresses and

8  telephone numbers for all individuals employed by Defendants within the Eastern District's

9  jurisdictional area, including but not limited to Bakersfield and Los Banos, during the relevant time

10 period. Id. ¶ 11.

11      Although the discovery cutoff is currently set for February 1, 2010, the Court ordered the

12 parties to notify the Court "at any time that the schedule outlined in th[e] order [could] not be met . .

13 . so that adjustments may be made . . . ." Further Scheduling Conference Order at 6 (Docket #121).

14 The EEOC has filed a motion to continue the cut-off date and thus given that the schedule cannot be

15 met. See EEOC's Motion to Continue Non-Expert and Related Discovery (Docket #135).

16 Consequently, it is likely that Defendants will have additional time to conduct appropriate

17 discovery. Applicant-Intervenors are not opposed to a reasonable continuance of the discovery cut-

18 off date if necessary.

19

20                          **III.  ARGUMENT**

21      **A.  PURSUANT TO FRCP 24(a)(l), APPLICANT-INTERVENORS MAY
        INTERVENE AS OF RIGHT IN THIS ACTION**.

22
23      Intervention is governed by Federal Rule of Civil Procedure 24 ("Rule 24") and is to be

24 construed liberally in favor of applicants. See Donnelly v. Glickman, 159 F3d 405, 409 (9th Cir.

25 1998) ("In determining whether intervention is appropriate, we are guided primarily by practical

26 and equitable considerations"); see also Arakaki v. Cayetano, 324 F3d 1078, 1083 (9th Cir. 2003).

27      Rule 24 provides, in relevant part:

28      (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in

an action: (1) when a statute of the United States confers an unconditional right to intervene

. . .

Title VII expressly provides an aggrieved employee the right to intervene in a civil action brought by the EEOC. See 42 U.S.C. §2000e-5(f)(l); <u>EEOC v Westinghouse Electric Corporation</u>, 675 F.2d 164. 165 (8th Cir. 1982).  Since the relevant statute confers an entitlement to intervene as of right, Applicant-Intervenors must be allowed to intervene so long as their application is timely.

## B.  APPLICANT-INVENENORS' REQUEST TO INTERVENE IS TIMELY.

Rule 24(a) requires, as a condition precedent, that the application to intervene be timely.  It is within the Court's discretion to determine if this application is timely. <u>Yniguez v. Arizona</u>, 939 F.2d 727,73 1 (9th Cir. 1991).  Among the factors to be considered in determining timeliness are: (1) the stage of the proceedings at the time of the motion to intervene, (2) the prejudice to the existing parties from any delay; and (3) the reason for and length of the delay, i.e., how long the prospective intervenors knew or reasonably should have known of their interest in the litigation. <u>Alaniz v. Tillie Lewis Foods</u>, 572 F.2d 657, 659 (9th Cir. 1978); <u>County of Orange v. Air California</u>, 799 F.2d 535,537 (9th Cir. 1986); <u>U.S. v. State of Washington</u>, 86 F.3d 1499, 1503 (9th Cir. 1996). Additional factors considered by courts include the prejudice to the would-be intervenor, the purpose for which intervention is sought or the existence of unusual circumstances. <u>See Stupak-Thrall v. Glickman</u>, 226 F3d 467, 472–473 (6th Cir. 2000); <u>Ruiz v. Estelle</u>, 161 F3d 814, 827 (5th Cir. 1998). In determining whether a motion to intervene is timely, a court should broadly construe the timeliness requirement in favor of the moving party. <u>Westlands Water District v. United States</u>, 700 F.2d 561, 563 (9th Cir. 1983); <u>United States v. Union Elec. Co.</u>, 64 F3d 1152, 1158 (8th Cir. 1995).  Where, as in this case, the intervention is sought as a matter of right, a court should be more lenient in applying the timeliness requirement. <u>United States v. Oregon</u>, 745 F. 2d 550, 552 (9th Cir. 1984).

In this case, Applicant-Intervenors are seeking to intervene at a stage in the litigation where Defendants have had or will have sufficient and adequate time to perform discovery and, more importantly, a stage in which no proceeding of substance on the merits has occurred.  Indeed,

1  Defendants were given ample opportunity to depose the proposed intervenors as demonstrated by

2  the fact that two of them have been deposed and the third intervenor was noticed for deposition but

3  was never deposed because Defendants opted instead to move to strike her as a class member.

4  Martinez Decl. ¶¶ 7 and 9. Further, Defendants have been on notice of the claims and of proposed

5  intervenors since they received complaints about the discrimination complained of. Much if not

6  most of the discovery and the internal investigation that Defendants have conducted or will conduct

7  applies to proposed intervenors because the claims are essentially the same.  Therefore, their

8  intervention will present no risk of duplicative discovery and will not disrupt the trial preparation

9  process.

10      That the parties are in the thick of discovery is further demonstrated by the fact that

11  depositions are occurring as of the drafting of these papers. And pending before the Court are

12  various discovery motions, including Defendant's motion for protective order and to strike

13  claimants; as well as the EEOC's motion to compel and motion to continue the non-expert

14  discovery cutoff date pending. Martinez Decl. ¶¶ 7 and 12.  Moreover, the Court specifically gave

15  permission to the EEOC to conduct discovery that would identify class members (Order Denying

16  Defendants' Motion to Bar Additional Claimants, Docket #92), and in its Scheduling Order made

17  note of the fact that the deadlines were preliminary and the parties were to notify the Court of any

18  need to adjust them. It follows that the potential intervention by class members was foreseen.

19  (Docket #121 at 4.)

20      The key question in determining whether the stage of the proceedings is appropriate for

21  intervention is "what proceedings of substance on the merits have occurred?" See Mountain Top

22  Condominium Ass'n v. Dave Stabbert Master Builder, Inc., 72 F3d 361, 369 (3rd Cir. 1995). Here,

23  the answer is none. The Court has yet to consider any summary judgment, summary adjudication or

24  dispositive motion. Martinez Decl. ¶ 13; see also Docket. Therefore, the case is at a stage in which

25  the parties will not be prejudiced by the intervention of three additional victims.

26      In this case any delay has been minor and has resulted from the fact that intervenors did not

27  realize that the action was pending until they learned of the discovery and investigation efforts

28  conducted by counsel. While the existing parties will not be prejudiced by intervention, applicant

1  intervenors may be prejudiced because they may be precluded from instituting a new action if,

2  having an opportunity to intervene, they fail to avail themselves of that opportunity. See Martin v.

3  Wilks 490 U.S. 755 (1989); Kourtis v. Cameron, 419 F.3d 989, 999, fn. 6. Further, Defendants have

4  moved to strike at least one class member who seeks to proceed anonymously and the existence of

5  prejudice is clear and present. As such, the Court should allow ZAPIEN and ANONYMOUS

6  PLAINTIFFS NINE and TEN to intervene.

7

8  **C.  PERMISSIVE INTERVENTION BY APPLICANT-INTERVENERS IS ALSO**
   **D.  JUSTIFIED IN THIS CASE.**

9
   Rule 24 provides, in relevant part:

10 (b) Permissive Intervention. Upon timely application anyone shall be permitted to intervene

11 in an action: . . . (2) when an applicant's claim or defense and the main action have a

12 question of law or fact in common. . . . In exercising its discretion the court shall consider

13 whether the intervention will unduly delay or prejudice the adjudication of the rights of the

14 original parties.

15 In this instance, Applicant-Intervenors' Proposed Complaint in Intervention contains the identical

16 federal causes of actions as those presented by Plaintiff EEOC and Plaintiff-Intervenors ERIKA

17 MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH SIX. See Docket #118 (EEOC's

18 Amended Complaint and Docket #27 (Intervenor Complaint). The claims stem from the same

19 operative facts alleged by PLAINTIFFS.  These same operative facts are also the basis for the state

20 causes of action asserted by ZAPIEN and ANONYMOUS NINE and TEN, thus making Applicant-

21 Intervenors' state causes of intrinsically intertwined with their federal causes of action.

22     Intervention as this time would not unduly delay or prejudice the adjudication of the rights

23 of the original parties, in that defendants have been aware of allegations since early 2006, when the

24 EEOC served Defendants with charges of employment discrimination that are the basis for the

25 EEOC's and Intervenors' complaints.  As discussed above, the application to intervene is timely and

26 Applicant-Intervenors incorporate by reference the reasons why it is timely as set forth above.

27     Further, Applicant-Intervenors' interest may not be adequately represented by Plaintiff

28

1   EEOC to the extent that Applicant-Interventors seek to enforce their rights under state statutes, in

2   addition to those based on Title VII of the Civil Rights Act of 1964, as amended, which Plaintiff

3   EEOC does not administer or enforce.  The Plaintiff EEOC is required to consider, among other

4   factors, the interest of all employers, employees, and the nation at large in determining its settlement

5   posture and its aggressive pursuit of the matter.  Therefore, there exists a potential conflict of

6   interest involving Plaintiff EEOC's representation of the general public interests and interests of the

7   individual Applicant-Interventors. In addition, Defendants have moved to strike an Applicant-

8   Intervenor and may move to strike the other two. Their need to intervene to vigorously safeguard

9   their rights is especially highlighted.

10          Finally, judicial economy, which is a relevant consideration, also warrants Applicant-

11   Interventors' intervention in this case.  Venegas v. Skaggs, 867 F.2d 527, 531 (9th Cir. 1989).  Denial

12   of this motion could result in a multiplicity of actions and a concomitant waste of scarce court

13   resources.

14

15                                  **IV.  CONCLUSION**

16          For all the reasons set forth above, Applicant-Interventors respectfully request that their

17   motion to intervene into the instant action be granted and that they be permitted to file the

18   Complaint in Intervention attached as Exhibit "A" to the Declaration of Hector R. Martinez.

19

Dated: January 29, 2009

20
                                        LAW OFFICES OF MALLISON & MARTINEZ
21

22                                     By:   /s/ Marco A. Palau
                                           Stan S. Mallison
23                                         Hector R. Martinez
                                           Marco A. Palau
24                                         Attorneys for Plaintiff-Intervenors Erika Morales and
                                           Anonymous Plaintiffs One through Six, and
25                                         Applicant-Interventors, Maria Socorro Zapien and
                                           Anonymous Plaintiffs Nine and Ten
26

27

28