IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFF'S ONE THROUGH EIGHT<br><br>    Plaintiff-Intervenors<br>v.<br><br>ABM INDUSTRIES INCORPORATED, et al.<br><br>    Defendants. | Case No. 1:07-cv-01428 LJO JLT<br><br>ORDER ON DEFENDANTS' MOTION FOR A PROTECTIVE ORDER STRIKING CLAIMANTS 19, 20 AND 21 AND GRANTING DEFENDANTS' MOTION TO SET A DEADLINE FOR NAMING ALL OTHER CLAIMANTS<br><br>(DOC 144) |

Defendants (referred collectively as "ABM") seek a protective order striking claimant 19, 20 and 21. Alternatively, ABM moves the Court for an order setting a firm deadline for naming of any additional claimants. (Doc 144) Plaintiff US Equal Employment Opportunity Commission ("EEOC") opposes this motion. On February 1, 2010, the Court heard argument regarding this motion. The Court has read and considered the pleadings and arguments of counsel and makes the following ruling.

**Factual and Procedural Background**

On September 28, 2007, the EEOC initiated this action against Defendants ABM Industries, Inc.

1

and ABM Janitorial Services, Inc. (Doc. 1.) ABMNC was added as a defendant through the First Amended Complaint filed on July 17, 2009. (Doc. 118.) The EEOC's amended complaint alleges unlawful employment practices in violation of Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991. (Id.) In particular, the amended complaint charges that ABMNC engaged in a pattern and practice of subjecting Erika Morales and a class of others similarly situated to her to a sexually harassing, hostile work environment and quid pro quo sexual harassment at various ABMNC work sites. (Id.) The complaint alleges further that ABMNC failed to exercise reasonable care to prevent and correct the sexually harassing behavior promptly. (Id.) Finally, the complaint alleges that Erika Morales and others similarly situated were constructively discharged for complaining about or rebuking the sexual harassment. (Id.)

Through the efforts of the EEOC, the number of disclosed claimants has grown to 21. At the hearing on this motion, counsel for the EEOC admitted that "8 to 10" months ago, the EEOC sent letters to over 4,000 employees and former employees of the defendants for the purpose of identifying additional claimants. The most recent disclosure of claimants was on September 30, 2009, when the EEOC included them in their Fourth Supplemental Disclosure. In the joint statement, the EEOC asserts that it has continued to identify claimants and seems to take the position that it may continue to name claimants until the close of discovery. At oral argument on this motion, the EEOC indicated that they had identified one or more claimants although the location of at least one of them was not known.

Undoubtedly the EEOC named claimants 19, 20 and 21 in sufficient time to allow ABM to take their depositions and to conduct discovery as to their claims. On the other hand, the EEOC does not concede the need for a deadline for naming additional claimants but offers no explanation as to how ABM would be able to discover the cases of these new claimants that would be named on the eve of the close of discovery nor any real plan to mitigate the prejudice to ABM that this would cause.

At oral argument, counsel for ABM stipulated that claimants 19, 20 and 21 need not be stricken if the Court set a deadline for naming additional claimants. The Court accepts this stipulation and deems the motion for a protective order to be withdrawn. Likewise, the Court agrees with ABM that a deadline for naming additional claimants must be set.

## Analysis

**A.  Discovery overview**

As oft-repeated, the purpose of discovery is to make trial "less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent," United States v. Proctor & Gamble Co., 356 U.S. 677, 683 (1958), and to narrow and clarify the issues in dispute.  Hickman v. Taylor, 329 U.S. 495, 501 (1947).

The unwitting course that this case has taken, has placed ABM in an untenable position.  It cannot properly conduct its discovery efforts or its defensive strategy given the "moving target" presented by the EEOC continuing to name additional claimants.   Although the EEOC has a duty to "identify all the claimants affected by discrimination, and . . . [to] 'investigate, litigate, and, if possible settle claims,'" EEOC v. Mr. Gold, Inc., 223 F.R.D. 100, 103 (E.D.N.Y. 2004), the EEOC's mandate is not unlimited nor are  "courts . . . powerless to prevent undue hardship to the defendant." Mr. Gold, 223 F.R.D. at 103.  Although the Court finds that adding claimants 19, 20 and 21 was done in a reasonable time, the time for discovery must end and, consequently, naming additional claimants too must end.  Therefore, ABM's motion to set a deadline to name additional claimants is GRANTED.  The Court orders the EEOC to disclose any additional claimants, and to provide notice to ABM of the additional claimants and the facts upon which these additional claims are based, as soon as they are known to the EEOC but no later than February 12, 2010.[1]

As to claimants 19, 20 and 21 and any new claimant named on or before February 12, 2010, ABM will be entitled to take the new claimant's deposition. The EEOC is ordered to produce these claimants for deposition on days that are convenient to the parties and, as necessary, on shortened notice.  These deponents may be required to produce documents at the time of their deposition.  All of these depositions must be completed no later than February 26, 2010.

## ORDER

Based on the foregoing, the Motion for Protective Order to Strike Claimants 19, 20 and 21 is

---

[1] Given the representation of counsel for the EEOC at the time of hearing that it *has already* identified additional claimants, the Court orders that it immediately disclose to ABM these claimants and the factual basis for these claims.

3

MOOT. The alternative Motion to Set a Deadline for Disclosure of Additional Claimants is GRANTED as follows:

1. The EEOC is ordered disclose in writing any additional claimants to ABM and the facts upon which these additional claims are based, as soon as they are known to the EEOC but no later than February 12, 2010.

2. As to any new claimant already known to the EEOC, the Court orders that disclose to ABM in writing these claimants and the factual basis for these claims, within two court days of the date of this order.

3. The EEOC is ordered to produce claimants 19, 20 and 21 and any new claimant named on or before February 12, 2010, for deposition on a date that is convenient to the parties but no later than February 26, 2010. As necessary, the EEOC is ordered to produce these deponents on shortened notice. ABM may require the deponents to produce documents at the time of deposition.

IT IS SO ORDERED.

Dated: **February 4, 2010**  /s/ Jennifer L. Thurston
UNITED STATES MAGISTRATE JUDGE