IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFF'S ONE THROUGH EIGHT<br><br>Plaintiff-Intervenors<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED, et al.<br><br>Defendants. | 1:07-cv-01428 LJO JLT<br><br>ORDER GRANTING EEOC'S MOTION TO SEAL ITS OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS AND TO COMPEL FURTHER MEDIATION<br><br>[Doc. 161]<br><br>ORDER SEALING DEFENDANTS' MOTION FOR SANCTIONS AND MANDATING FURTHER MEDIATION AND ORDER TO FILE UNDER SEAL ANY REPLY FILED IN RESPONSE TO THE OPPOSITION TO THE MOTION |

On January 13, 2010, defendants' (referred collectively here as "ABM") filed a motion for sanctions against the plaintiffs and sought an order compelling additional mediation. [Doc. 138] The hearing on this motion is scheduled for March 1, 2010. On February 8, 2010, the EEOC filed a motion to seal its opposition to ABM's motion. [Doc. 161] ABM has not opposed this motion. For the reasons set forth below, the Court GRANTS the EEOC's motion.

1

1   A motion to seal documents implicates the "general right to inspect and copy public records and
2   documents, including judicial records and documents," <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589,
3   597 (1978).  The fact that such a motion is not opposed adds no support to the request.  See <u>Foltz v. State</u>
4   <u>Farm Mut. Auto Ins. Co.</u>, 331 F.3d 1122, 1128-1130 (9th Cir. 2003) (stipulated order without more
5   insufficient basis to seal court records).

6   The party seeking to seal a document related to a non-dispositive motion must meet the "good
7   cause" standard set forth by Federal Rule of Civil Procedure 26(c).  <u>Foltz</u>, 331 F.3d at 1135; see also
8   <u>Kamakana v. City & County of Honolulu</u>, 447 F.3d 1172, 1180 (9th Cir. 2006); <u>Pintos v. Pacific</u>
9   <u>Creditors Ass'n</u>, 565 F.3d 1106, 1115-1116 (9th Cir. 2009). "A party asserting good cause bears the
10  burden, for each particular document it seeks to protect, of showing that specific prejudice or harm will
11  result if no protective order is granted." <u>Foltz</u>, 331 F.3d at 1130. "[B]road allegations of harm,
12  unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."
13  <u>Beckman Indus., Inc. v. Int'l Ins. Co.</u>, 966 F.2d 470, 476 (9th Cir. 1992).

14  Here, the EEOC provides little explanation for its request that it opposition to the motion be
15  sealed *except* that the very basis for the defendants' motion relates to conduct occurring at the mediation.
16  Frequently, courts have "granted protective orders to protect confidential settlement agreements."
17  <u>Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.</u>, 307 F.3d 1206, 1212 (9th Cir. 2002).  Courts are
18  authorized to make settlement negotiations confidential and free from disclosure.  <u>City of Hartford v.</u>
19  <u>Chase</u>, 942 F.2d 130, 136.  Notably, Local Rule 271(m)(1) related to the Court's VDR Program requires,
20  "Except as provided in this Rule, and except as otherwise required by law or as stipulated in writing by
21  all parties and the Neutral, all communications made in connection with any VDRP proceeding under
22  this Rule shall be privileged and confidential to the fullest extent provided by applicable law."

23  In fact, the EEOC has asserted that the parties signed a confidentiality agreement the morning
24  of the mediation which read, "This mediation process is to be considered settlement negotiations for the
25  purpose of all state and federal rules protecting disclosure made during such process from later discovery
26  and/or use in evidence."  Given the nature of the allegations raised in this litigation, the Court has
27  previously issued a protective order to preserve confidentiality.  [Doc.76]  Moreover, the need for
28

confidentiality of settlement negotiations is without dispute.

> [T]he presumption of public access to settlement conferences, settlement proposals, and settlement conference statements is very low or nonexistent under either constitutional or common law principles. Weighed against this presumption is the strong public policy which encourages the settlement of cases through a negotiated compromise. . . . In a perfect world, the public would be kept abreast of all developments in the settlement discussions of lawsuits of public interest. In our world, such disclosure would . . . result in no settlement discussions and no settlements.

United States v. Glens Falls Newspapers, Inc., 160 F.3d 853, 855-56 (2nd Cir. 1998). Confidentiality of the mediation process encourages settlement. Id. at 858.

Conclusion

For these reasons the Court GRANTS the EEOC's motion to seal its opposition to the defendants' motion for sanctions and to mandate further mediation. For these same reasons, the Court ORDERS the original motion sealed and ORDERS that if ABM files a reply to the opposition that ABM file its reply under seal.

IT IS SO ORDERED.

Dated:   **February 12, 2010**                              /s/ Jennifer L. Thurston
                                                            UNITED STATES MAGISTRATE JUDGE