LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:    415.433.1940
Email: lhayward@littler.com

KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone:    310.553.0308
Facsimile:    310.553.5583
Email: kjacoby@littler.com

Attorneys for Defendants
ABM INDUSTRIES INCORPORATED; ABM
JANITORIAL SERVICES, INC. and ABM
JANITORIAL NORTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOE VASQUEZ; Does 1 - 10 inclusive,<br><br>Defendants. | Case No. 1:07 CV 01428 LJO-LJT<br><br>**DEFENDANTS ABM INDUSTRIES INCORPORATED, ABM JANITORIAL SERVICES, INC. AND ABM JANITORIAL NORTHERN CALIFORNIA'S MEMORANDUM OF POINTS AND AUTHORITIES IN OPPOSITION TO APPLICANT-INTERVENORS' MOTION FOR LEAVE TO INTERVENE**<br><br>Date:      March 1, 2010<br>Time:      10:00 a.m.<br>Judge:     Magistrate Jennifer L. Thurston<br>Location:  1300 18th Street, 1st Floor<br>           Bakersfield, California |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' OPPOSITION TO MOTION FOR
LEAVE TO INTERVENE

CASE NO. 1: 07 CV 01428 LJO-JLT

# I. INTRODUCTION

Applicant-Intervenors' ("Applicants") Motion to Intervene should be denied for several reasons. First, their Motion is untimely as it was filed long after commencement of this action, and, more importantly, long after Applicants knew of this litigation and of their need to intervene. The EEOC named two of the Applicant-Intervenors as claimants almost nine months ago. There is no plausible, valid reason why Applicants waited from May 2009 until now to file their Motion to Intervene, particularly when it could have been brought earlier, resulting in far less prejudice to Defendants.

Additionally, Applicants are not entitled to intervention of right in this action because, although Title VII provides that aggrieved persons may intervene in EEOC enforcement actions, at least some of the Applicant-Intervenors are not properly "aggrieved persons" within the meaning of the statute. None of the three Applicants ever filed an EEOC charge of their own and, to the extent that their claims arise from events occurring in different locations and under different supervisors than the original Plaintiffs, they cannot be permitted to "piggyback" their claims into this case.

Defendants have already deposed two of the Applicant-Intervenors with the understanding, based on the EEOC's and Plaintiff-Intervenors' representations, that they were only asserting Title VII claims. Accordingly, if intervention is granted, Defendants will need to re-depose these individuals with regard to their 13 brand new state law claims. This will inevitably delay trial preparation in this case and may necessitate a further continuance of the discovery cut off and trial dates. Applicant-Intervenors' delay in bringing their Motion to Intervene is not without consequences. Because Applicants' Motion to Intervene is untimely, will result in prejudice to Defendants, and because at least some of the Applicant-Intervenors are not entitled to intervention of right, Defendants request that the Court deny Applicants' Motion to Intervene.

## II. STATEMENT OF RELEVANT FACTS

### A.   RELEVANT PROCEDURAL HISTORY.

On June 30, 2006, Erika Morales filed a charge with the EEOC alleging that during her employment with Defendants, she had been subjected to sexual harassment by her supervisor Jose Vasquez while employed with ABM in Bakersfield. Shortly thereafter, the Law Office of Mallison

& Martinez filed a charge with the EEOC on behalf of an anonymous employee alleging that she had also been subjected to sexual harassment by Jose Vasquez while employed by ABM in Bakersfield. This charge was also filed on behalf of a class. On April 25, 2007, the EEOC issued a determination that there was reasonable cause to believe that both Erika Morales and the anonymous complainant were subjected to sexual harassment and/or constructive discharge. Defendants agreed to participate in a conciliation with the EEOC in August 2007. At the conciliation the EEOC indicated that in addition to Erika Morales, it was aware of eight additional individuals who had been harassed by Jose Vasquez. No other alleged harassers were named at this time. The conciliation was unsuccessful and the EEOC subsequently filed suit on September 28, 2007 alleging that "Erika Morales and similarly situated individuals" were subjected to sexual harassment in violation of Title VII. On March 7, 2008, after being granted leave of the court, Plaintiff-Intervenors one through six intervened in the EEOC's action, alleging both Title VII claims and a slew of state law claims against all of the ABM Defendants[1].

On August 20, 2008, this Court conducted a preliminary scheduling conference in which it set March 20, 2009 as the discovery cut off date for class discovery, including discovery with respect to new potential class members. While the EEOC initially sought to turn this lawsuit into a nationwide or statewide action, in December 2008, Magistrate Goldner limited the scope of discovery to the Eastern District of California. Pursuant to Magistrate Goldner's Order, Defendants provided the EEOC contact information for over 4,000 of Defendants' employees within the Eastern District. After conducting discovery, on or about May 22, 2009, the EEOC served its "Third Supplemental Disclosures," which listed twelve new claimants, including Applicant-Intervenor Maria Socorro Zapien ("Zapien") and anonymous Applicant-Intervenor Nine. (*See* Third Supplemental Disclosures, attached to the Hayward Decl. as Exhibit "A.").

On July 28, 2009, the Court set a discovery cut off date of February 12, 2010 and an August 23, 2010 trial date. Following the Court's Order, on or about September 30, 2009, the EEOC served

---

[1] While the Complaint was initially filed on behalf of Erika Morales and "Anonymous Plaintiffs One Through Eight," Anonymous Plaintiffs Seven and Eight were dismissed from the action on May 7, 2009 for failure to prosecute their claims after they failed to appear for their depositions despite being ordered by the Court to do so.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' OPPOSITION TO MOTION FOR LEAVE TO INTERVENE | 1. | CASE NO. 1: 07 CV 01428 LJO-JLT

a Fourth Supplemental Disclosure, adding three new claimants, including anonymous Applicant-Intervenor Ten. (*See* Fourth Supplemental Disclosures, attached to the Hayward Decl. as Exhibit "B"). In a recently filed Order, the Court continued the discovery cut-off date to February 26, 2010 and ordered that all outstanding depositions be completed by that time.

### B.  THE APPLICANT-INTERVENORS.

Maria Socorro Zapien worked at ABM in various locations throughout Fresno, Merced, and Madera Counties in California, from July of 2006 through February of 2009. (*See* Deposition of Maria Socorro Zapien ("Zapien Depo."), attached to the Hayward Decl. as Exhibit "C". 18:2-13; 43:10-44:6; 47:14-17; 49:25-50:5; 53:5-18). She claims that individuals by the names of Antonio Duran and Jose Esquivel engaged in inappropriate conduct towards her. (Zapien Depo. 57:16-22). Zapien did not make any complaints to any governmental agency about the alleged harassment she experienced at ABM. (Zapien Depo. 115:20-23). Notably, Zapien does not know who Jose Vasquez is. (Zapien Depo. 105:16-106:2).

Anonymous Applicant Ten has not yet been deposed and the details of her claims are not yet known. Accordingly, it is unclear whether her claims are appropriate for intervention.

## III. LEGAL ARGUMENT

### A.  APPLICANTS' REQUEST FOR INTERVENTION MUST BE DENIED BECAUSE IT IS NOT TIMELY.

Whether intervention is sought as a matter of right or merely as permissive, it can be granted only "on timely motion." Fed. R. Civ. P. 24 (a), (b)(1); *see also Yniguez v. State of Arizona*, 939 F.2d 727, 731 (9th Cir. 1991). If the court finds that the motion to intervene was not timely, it need not reach any of the remaining elements of Rule 24. *United States v. Oregon*, 913 F.2d 576, 588 (9th Cir. 1990).

#### 1.  Applicant-Intervenors Seek To Intervene At An Impermissibly Late Stage In The Proceedings.

As Applicant-intervenors point out, timeliness is a threshold question addressed to the sound discretion of the court. The district court's determination is reviewable only for abuse of discretion. *Yniguez*, 939 F.2d at 731. The Ninth Circuit considers the following factors relevant to the issue of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' OPPOSITION TO MOTION FOR LEAVE TO INTERVENE   2.   CASE NO. 1: 07 CV 01428 LJO-JLT

timeliness: 1) the stage of the proceedings at the time the applicant seeks to intervene; 2) prejudice to the existing parties from applicant's delay in seeking leave to intervene; and 3) the reason for and length of the delay, i.e. how long the prospective intervenors knew or reasonably should have known of their interest in the litigation. *United States ex rel. McGough v. Covington Technologies Co.*, 967 F.2d 1391, 1394 (9th Cir. 1992). In considering these factors, however, "any substantial lapse of time weighs heavily against intervention." *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1302 (9th Cir. 1997) (where motion was filed 27 months after action commenced, applicant-intervenors fought an "uphill battle."); *Officers for Justice v. Civil Serv. Comm'n of San Francisco*, 934 F.2d 1092, 1095 (9th Cir. 1991) (Although the length of the delay is not determinative, any substantial lapse of time weighs heavily against intervention).

Although Plaintiffs focus on the fact that no proceeding of substance on the merits of this action has yet occurred, this is not the only factor a Court should consider. For example, in *Smith v. Marsh*, the Ninth Circuit also considered the fact that the parties had already filed a complaint and answer, an amended complaint and answer, and a motion for class certification amongst other substantive motions, discovery had already proceeded for nine months prior to being suspended, and the court had already established a discovery deadline and a trial date. 194 F.3d 1045, 1050-51 (9th Cir. 1999) (upholding denial of motion to intervene). The court concluded that the case had progressed substantially by the time applicants sought to intervene, which weighed heavily against intervention as of right. *Id.* at 1051.

The instant Motion to Intervene comes almost two and a half years after the commencement of this action. It comes over one year after Defendants gave plaintiffs access to over 4,000 of its current and former employees to allow the EEOC to find potential claimants. It comes 11 months after plaintiffs were supposed to complete discovery with regard to finding and naming new claimants. Finally, it comes almost nine months after the EEOC listed Maria Socorro Zapien and anonymous Applicant Nine in its Third Supplemental Disclosures and four months after the EEOC listed anonymous Applicant Ten in its Fourth Supplemental Disclosures. Applicant-Intervenors have substantially delayed bringing their Motion to Intervene as it could have been brought, at the very least, nine months ago when the EEOC and plaintiff-intervenors were admittedly fully aware

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' OPPOSITION TO MOTION FOR LEAVE TO INTERVENE       3.       CASE NO. 1: 07 CV 01428 LJO-JLT

that the Applicant-Intervenors had claims for sexual harassment.

Furthermore, this litigation is now at an advanced stage of the proceedings. Much like the situation in *Smith*, the parties here have filed a complaint and answer, an amended complaint and answer, the issue of class treatment has been addressed, and discovery has been ongoing for over two years. The court has already established a discovery deadline and a trial date, both of which are fast approaching. In fact, the current discovery cut off is only two weeks away. Despite Applicants' contentions to the contrary, their Motion to Intervene comes at a late stage of this litigation and should therefore be considered untimely.

### 2. Defendants Will Be Prejudiced By Applicant-Intervenors' Failure To Timely Intervene.

Some courts consider prejudice "the most important factor" in determining timeliness of a motion to intervene. *Petrol Stops Northwest v. Continental Oil Co.*, 647 F.2d 1005, 1010 (9th Cir. 1981). The fact that proposed intervenors seek to inject new issues and matters that are well beyond the current scope of the litigation, thus causing delay, weighs in favor of denying intervention. *See, Smith*, 194 F.3d at 1051.

By way of their proposed Complaint in intervention, Applicants seek to assert 13 new state law claims, in addition to their Title VII claims. Although Defendants have deposed two of the Applicants, Defendants did so under the impression and representation from the EEOC that they were only asserting Title VII sexual harassment claims. Accordingly, Defendants would need additional time to re-open and complete the depositions of all three Applicants, not just the one individual that has not yet been deposed. The Court has already extended the discovery cut off for two weeks in order to give parties additional time to complete the numerous outstanding depositions in this case. If Applicants are permitted to intervene and bring their numerous state law claims, Defendants will need even more additional time to complete the Applicant's depositions with respect to these new claims. This will inevitably cause further delay in trial preparation for trial currently set to start in August 2010. Accordingly, Defendants would be prejudiced by the Applicants' late intervention.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' OPPOSITION TO MOTION FOR LEAVE TO INTERVENE        4.        CASE NO. 1: 07 CV 01428 LJO-JLT

### 3. Applicant-Intervenors Cannot Demonstrate That They Had Any Justifiable Reason For Their Substantial Delay In Moving To Intervene.

"Even more damaging...than the...delay itself . . . is [the] failure to explain . . . the reason for [the] delay." *Smith*, 194 F.3d at 1052 (where applicants provided no reason as to why it took them over a year to apply for intervention, court upheld denial of motion to intervene). The standard applied when examining the reason for the delay is whether the intervenor knew or should have known of the circumstances which would give rise to the need to intervene. *United States v. Alisal Water Corp.*, 370 F.3d 915, 923 (9th Cir. 2004); *League of United Latin American Citizens v. Wilson*, 131 F.3d 1297, 1304 (9th Cir. 1997); *Banco Popular de Puerto Rico v. Greenblatt*, 964 F.2d 1227, 1231-32 (1st Cir. 1992) (potential intervenor must move to protect its interest as soon as it has actual knowledge a "measurable right exists").

Timeliness is "essentially a reasonableness inquiry, requiring potential intervenors to be reasonably diligent in learning of a suit that might affect their rights, and upon learning of such a suit, to act to intervene reasonably promptly." *People Who Care v. Rockford Bd. of Ed.*, 68 F.3d 172, 175 (7th Cir. 1995) (Adopting nearly identical test to Ninth Circuit test for timeliness). Intervention is unavailable to the litigant who 'dragged its heels' after learning of the lawsuit." *Id.* If there is no evidence to indicate that a party is unaware of the proceedings, there is no reason for that party to delay in applying for intervention. *Alisal Water Corp.*, 370 F.3d at 922-23.

There is no conceivable reason why Applicant-Intervenors could not have filed their Motion to Intervene at an earlier time. The evidence unequivocally shows that Applicant-Intervenors Zapien and anonymous Applicant Nine were aware of or should have been aware of their need to intervene as of May 22, 2009. Because Applicants were named as claimants in May 2009, it is plainly evident that at that time, Applicants were aware of the EEOC's lawsuit. Furthermore, Applicants should have been aware of their need to intervene in the EEOC's lawsuit at that time. Counsel for Applicant-Intervenors had previously filed a Motion to Intervene in this action and were well aware of the potential claims that may be at issue. Accordingly, Applicants knew that the EEOC may not adequately represent their interests with regard to their state claims and that they therefore had a need to intervene in this lawsuit. Likewise, there is no reason that anonymous Applicant Ten could

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' OPPOSITION TO MOTION FOR LEAVE TO INTERVENE
5.
CASE NO. 1: 07 CV 01428 LJO-JLT

not have intervened four months ago, as she clearly was aware of the EEOC's lawsuit and knew that the EEOC may not adequately represent her interests regarding her state law claims.

### B. APPLICANT-INTERVENORS ARE NOT ENTITLED TO INTERVENTION OF RIGHT TO THE EXTENT THEY ARE NOT ALL "AGGRIEVED" WITHIN THE MEANING OF TITLE VII.

When the EEOC pursues litigation in response to a charge, the person or persons aggrieved shall have the right to intervene in a civil action brought by the EEOC. 42 U.S.C. § 2000e-5(f)(1). For purposes of intervention, a "person aggrieved" under Title VII means a person who has a "nearly identical" claim to the charging party even if the nearly identical claimant has not previously filed a charge with the EEOC. *EEOC v. Outback Steakhouse of Florida, Inc.*, 245 F.R.D. 657, 659 (D. Colo. 2007). Accordingly, a plaintiff who failed to file an EEOC charge, but who asserts that she was subject to similar discrimination by the same actors during the same time frame as the charging party is an "aggrieved person" for purposes of intervention in an EEOC action. *Id.* at 660. The rationale for extending the right to intervene to individuals with "nearly identical" claims to the charging parties is derived from the single filing rule, also referred to as "piggybacking", which has been universally recognized by federal courts. *Id.*; *EEOC v. Cal. Psych. Transitions, Inc.*, 2009 U.S. Dist. LEXIS 67852, at *36-37 (E.D. Cal. Aug. 4, 2009) (discussing application of single filing rule).

To determine the adequacy of a charge for use in "piggybacking" subsequent plaintiffs, courts look to the size and type of the work unit involved. *Cal. Psych. Transitions, Inc.*, 2009 U.S. Dist. LEXIS 67852, at *36-37. "Mere similarity of the grievances within the same general time frame suffices to permit the 'single filing rule' only when the complaints 'arise in a work unit of modest size." *Id.*, citing, *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 195 (6th Cir. 1995). Where a plaintiff's charge is brought on behalf of herself and other "similarly situated" women, it will provide the EEOC with sufficient jurisdictional foundation to bring a suit on the behalf of those women who did not file charges with the EEOC only where these claims arise out of the *same circumstances* and occur within the same general time frame as the exhausted claims. *EEOC v. Cal. Psych. Transitions, Inc.*, 2009 U.S. Dist. LEXIS 67852, at *36-37 (E.D. Cal. Aug. 4, 2009). In *Cal. Psych. Transitions, Inc.*, the EEOC brought a lawsuit on behalf of two charging parties, one of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' OPPOSITION TO MOTION FOR LEAVE TO INTERVENE    6.    CASE NO. 1: 07 CV 01428 LJO-JLT

whom had failed to timely exhaust her administrative remedies, for claims of hostile work environment sexual harassment and retaliation. *Id.* at *25, 41. The Court allowed the EEOC to proceed on behalf of both women because both of the charging parties' claims arose from the same type of harassment at the hands of the *same supervising individual*, and thus the "single filing" exception applied. *Id.* at *42.

Additionally, "A charge will be adequate to support piggybacking under the single filing rule if it contains sufficient information to notify prospective defendants of their potential liability and permit the EEOC to attempt informal conciliation of the claims before a lawsuit is filed." *Id.* at *38, citing, *Howlett v. Holiday Inns, Inc.*, 49 F.3d 189, 195 (6th Cir. 1995).

Here, the single filing rule does not apply and therefore Applicant-Intervenor Zapien is not an "aggrieved person" within the meaning of Title VII and has no right to intervention. The claims of Zapien are not nearly identical to the claims of the charging parties, Erika Morales and the anonymous complainant. Additionally, the claims of anonymous Applicant Ten have not yet been set forth. To the extent her claims are not nearly identical to the claims of Erika Morales and the anonymous complainant, she is likewise not properly an aggrieved person within the meaning of Title VII.

Morales and the anonymous complainant asserted that they were subject to sexual harassment at the hands of Jose Vasquez in Bakersfield. In stark contrast, Zapien worked in Fresno, Merced, and Madera Counties from July 2006 through February 2009. She was never subjected to harassment by Jose Vasquez and in fact does not even know who Jose Vasquez is. She alleges inappropriate conduct by entirely different individuals, Antonio Duran and Jose Esquivel. Moreover, at the time Zapien was employed with ABM, Morales and the anonymous complainant were no longer working for ABM. It is evident that Zapien's claims do not stem from the same set of circumstances as Morales's claims, do not involve the same actors, do not involve the same work unit, and did not occur during the same time frame. Zapien never filed an EEOC charge of her own and cannot be permitted to "piggyback" onto the charges filed by Erika Morales or the anonymous complainant.

Furthermore, Defendants did not learn about Maria Socorro Zapien until long after the EEOC

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' OPPOSITION TO MOTION FOR LEAVE TO INTERVENE — 7. — CASE NO. 1: 07 CV 01428 LJO-JLT

1  had filed its lawsuit and discovery had commenced. Defendants did not receive any notice during
2  the investigation or conciliation process from the EEOC that employees from Fresno, who had no
3  knowledge of or contact with Jose Vasquez, had claims against ABM managers and co-workers with
4  whom they worked in Fresno. Defendants were certainly never on notice that those claims would be
5  lumped into a lawsuit arising from two charges complaining about the actions of one supervisor,
6  Jose Vasquez, who was located hundreds of miles away. Accordingly, Zapien is not properly an
7  "aggrieved person" pursuant to Title VII and is not entitled to intervention of right in this action.

### C. APPLICANT-INTERVENORS DO NOT MEET THE REQUIREMENTS FOR PERMISSIVE INTERVENTION.

Permissive intervention may be allowed in the court's discretion when: (1) A federal statute confers a conditional right to intervene; or (2) The applicant's claim or defense and the main action involve a common question of law or fact; and (3) Allowing intervention will not "unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b).

#### 1. The Proposed Intervenors' Claims Do Not Involve Common Questions Of Fact Or Law As Compared With The Main Action.

Intervention in a pending case is permitted under Rule 24(b) where the applicant's claim and the main action have common question of law or fact. An applicant will not be permitted to intervene in action involving claims substantially different from those of her own. *Valentine v Secretary of Health & Human Servs.*, 542 F. Supp. 76 (N.D. Cal. 1982). Even if an intervenor's complaint raises claims based on the same general theory of law as the current plaintiffs' claims, this is not a sufficient ground to find that their claims raise legal or factual questions common to plaintiff's claims, particularly where the factual circumstances surrounding the claims are different. *Martinez v. Safeway Stores, Inc.*, 66 F.R.D. 446, 449 (N.D. Cal. 1075). In fact, litigation of a purported general policy of employment discrimination is not sufficient to permit intervention by plaintiffs who worked for different supervisory personnel or in different departments of the Defendant employer. *Id.* at 448-49, *citing, Smith v. North American Rockwell Corp.*, 50 F.R.D. 515, 522-24 (N.D. Okla. 1970).

Not all of the Applicant-Intervenors' claims involve common questions because, as discussed

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' OPPOSITION TO MOTION FOR LEAVE TO INTERVENE    8.    CASE NO. 1: 07 CV 01428 LJO-JLT

above, Zapien's claims arise from her employment in a different location than the original Plaintiffs and from interactions with different supervisory personnel. Moreover, to the extent that the claims of anonymous Applicant Ten arise from interactions with different supervisory personnel, her claims do not involve common questions of law or fact. Although Applicants' claims are premised on the same alleged general policy of sexual harassment, they do not arise from similar enough circumstances that would justify permissive intervention.

### 2. Allowing Intervention Will Unduly Delay Or Prejudice The Adjudication Of The Original Parties' Rights.

A determination whether to grant permissive intervention must include appraisal of any potential delay or prejudice to the original parties that might result from permitting the intervenors' claim to be heard. *Pierson v United States*, 71 F.R.D. 75 (D. Del. 1976). In exercising its discretion to grant permissive intervention, the court must consider whether permitting intervention will unduly delay trial of the original action. *Kimberly Knitwear, Inc. v Hall*, 20 F.R.D. 145 (S.D.N.Y. 1957).

As explained above, if Applicants are permitted to intervene in this action, Defendants would need additional time to complete the depositions of Zapien and anonymous Applicant Nine with respect to their 13 new state law claims. In light of the current deposition schedule agreed to by the parties, it would be impossible to complete these depositions prior to the discovery cut off on February 26, 2010. Accordingly, this will delay trial preparation and may necessitate a continuance of the current trial date, thus prejudicing Defendants.

### IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that this Court deny Applicant-Intervenors' Motion for Leave to Intervene.

Date: February 12, 2010          By: _____
                                 LAURA E. HAYWARD
                                 Attorneys for Defendants
                                 ABM INDUSTRIES INCORPORATED; ABM
                                 JANITORIAL SERVICES, INC. and ABM
                                 JANITORIAL SERVICES NORTHERN
                                 CALIFORNIA

Firmwide:93907650.1 054667.1005

DEFTS' OPPOSITION TO MOTION FOR LEAVE TO INTERVENE          9.          CASE NO. 1: 07 CV 01428 LJO-JLT