Anna Y. Park, SBN 164242
Victor Viramontes, SBN 214158
Lorena Garcia-Bautista, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA 90012
Telephone: (213) 894-1108
Facsimile: (213) 894-1301

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED, et al.,<br><br>Defendants. | CASE NO. 1:07-CV-01428 LJO-JLT<br><br>**PLAINTIFF EEOC'S RESPONSE TO DECL. OF MATTHEW E. FARMER RE: COURT REQUIRED STIPULATED PROTECTIVE ORDER (DOCKET # 171); OBJ. TO DEF. PROPOSED PROTECTIVE ORDER; AND REQUEST FOR TELECONFERENCE; EXHIBITS** |

EEOC's Response to Decl. of Farmer; Obj. to Prot. Order; & Req. for Tele-Conf.

-1-

## I.     INTRODUCTION

On February 12, 2010, Matthew E. Farmer, counsel for Defendants,[1] filed a Declaration re: Court Required Stipulated Protective Order.  (Docket # 171.)  Defense counsel claimed that he filed his declaration and their proposal of the protective order on February 12, 2010 because he did not receive any objections and because he believed that the protective order needed to be filed by February 15, 2010.  Furthermore, Defendants requested that their proposal of the protective order should be accepted by this Court.

Defendants' filing of the protective order on February 12, 2010 is premature.  They did not have to file their proposed protective order on February 12, 2010.  Since February 15, 2010 is a holiday, February 16, 2010 or Tuesday is the last day to file the proposed protective order in light of Fed. R. Civ. P. 6(a)(1)(C).

Defendants are also premature in concluding that plaintiffs do not object to their proposed protective order.  Among its objections, the EEOC objects to Defendants' proposed protective order because it improperly expands the definition of "confidential information" subject to the protective order far beyond the scope and intent of the Court's February 5, 2010 order.

The EEOC requests for a teleconference either on February 16, 2010 or another date convenient to the Court to address the protective order issue as well as its redaction order.[2]  This Court ordered the redaction of the names of the complainants and harassers not previously identified from the documents to be disclosed.  (Ex. B (Docket # 157 at 9).)  A teleconference would provide guidance as to how to address the issues procedurally when the EEOC intends to request for clarification or reconsideration from this Court or the District Court on redacting the

---

[1]    Defendants for the purposes of this pleading are ABM Indust. Inc., ABM Janitorial Services, Inc., and ABM Janitorial Services – Northern California.

[2]    On February 12, 2010, the EEOC sent by e-mail to Defendants to ascertain their position regarding a tele-conference on February 16, 2010.  (Ex. A (EEOC's 2/12/10 Letter to Defendants.)  On February 15, 2010, Keith Jacoby, counsel for Defendants, responded stating that he would be available for a teleconference on February 16, 2010 at the Court's convenience.  Mr. Jacoby further added that Defendants would not stipulate to any modification of this Court's prior order.

names of the complainants and harassers from the documents to be disclosed.  The redaction hampers the EEOC's ability to fully investigate the claims of the existing claimants against Defendants.  Therefore, the EEOC requests for this Court to grant a teleconference either on February 16, 2010 or another date convenient to this Court.  If a teleconference is to be scheduled after February 16, 2010, then the EEOC requests for an extension of time to submit its proposed protective order until after the teleconference.

## II.     EEOC'S RESPONSE TO FARMER'S DECLARATION RE: PROTECTIVE ORDER

Defendants' counsel claimed that they filed their version of the protective order around 3:00 p.m. on February 12, 2010, because it needed to be filed within ten days of the Court's February 5, 2010 order.  Presumably because the tenth day falls on February 15, a holiday, Defendants believed that it needed to file the protective order on February 12, 2010.

Defendants' filing of the protective order is premature.  Even if Defendants' calculation of the last day to file the proposed protective order is correct, it is premature to file it on February 12, three days before February 15, 2010.

Moreover, Defendants' filing of the protective order on February 12, 2010 is premature because they erred in calculating that February 15, 2010 would be the last day to file the protective order.  As part of its February 5, 2010 ruling on EEOC's motion to compel Defendants, the Court ordered the parties to submit a stipulated form of a protective order for the Court's consideration no later than ten days from the service of the order.  (Ex. B (Docket # 157 at 9, 11).)  However, Fed. R. Civ. P. 6(a)(1)(C) specifies that when a time period is stated in days and the last day falls on a holiday, then the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.  Therefore, the last day to file the proposed protective order is February 16, 2010.  Therefore, Defendants' filing of its proposed protective order on February 12, 2010 is premature.

### III.  EEOC'S OBJECTIONS TO DEFENDANT'S PROTECTIVE ORDER

Not receiving any objections before Defendants' filing of their declaration around 3:00 p.m. on February 12, 2010 does not mean that plaintiffs do not have any objections.  The main problem with Defendants' proposal is that it expands the definition of "confidential information" subject to the protective order far beyond the scope and intent of the Court's February 5, 2010 order.

Defendants' draft defines the "confidential information" subject to the protective order as follows:

> 1.   Confidential Information
>
> For purposes of this Protective Order, "confidential information" means any type or classification of information, whether originals, copies or in redacted form, that would reveal the following information:
>
> (a)   Addresses, phone numbers, and other contact information of Defendants' current and former employees;
>
> (b)   Documents pertaining to complaints of sexual assaults and/or sexual harassment allegedly occurring in Defendant's workplace ….

(Docket # 171 (Ex. A).)  Thus, Defendants' proposal suggests that identifying information of any their current and former employees; and documents relating to any sexual harassment complaints should be subjected to its proposed protective order.

Defendants' definition of "confidential information" is much too broad in scope and contrary to the intent of this Court's February 5, 2010 order partially granting EEOC's motion to compel against Defendant ABM Northern California.  This Court ordered production of documents relating to sexual harassment complaints of employees in the Eastern District of California.  (Ex. B (Docket # 157 at 9, ln. 5-13).)  This Court further ordered ABM Northern California to redact the names and personal identifiers of the complainants and harassers, except those who have already been identified as claimants and harassers, so that only the first initial of their first and last names are shown.  (*Id.*)  Then, this Court ordered the parties "to prepare a

1  joint, stipulated protective order to ensure that any other personal information, not discussed
2  here, is maintained confidential ...." (*Id.*)
3        In other words, this Court February 5, 2010 order intends for the scope of the protective
4  order to encompass only certain personal information of certain employees on documents to be
5  disclosed by Defendant ABM Northern California responsive to this Court's February 5, 2010
6  order.  Therefore, Defendants have erred in trying to expand the scope of "confidential
7  information" to employees of all the defendants, when this Court's Order intends the protective
8  order to address only certain employees of Defendant ABM Northern California.  Defendants
9  have erred in trying to expand the scope of "confidential information" to all current or former
10 employees of Defendants, when this Court's Order intends the protective order to address only
11 employees who are alleged harassers and complainants but have not been previously identified in
12 the lawsuit.  Defendants have erred in trying to expand the scope of "confidential information" to
13 documents, when this Court's Order intends the protective order to cover not the documents to
   be disclosed but only the personal information of certain employees from public disclosure.
14       Defendants referenced the January 14, 2009 Protective Order signed by Magistrate Judge
15 Goldner.  (Docket # 76.)  However, Magistrate Goldner's protective order is not controlling.
16 Magistrate Goldner's protective order was in response to her prior order partly granting EEOC's
17 motion to compel against the other ABM defendants, where she ordered the filing of a protective
18 order to protect *documents* from disclosure.  (Ex. C (Docket # 67 at 20-21).)  In contrast, this
19 Court's ordered the parties to prepare a stipulated protective order "to ensure that any other
20 personal *information*, not discussed here, is maintained confidential."  (Ex. B (Docket # 157
21 (emphasis added)).)  In other words, this Court's instruction regarding the protective order to be
22 filed in response to its February 5, 2010 is much narrower in scope than Magistrate Goldner's
23 order.
24       Because of the substantive flaws with Defendants' definition of "confidential
25 information," other parts of their proposed protective order are also flawed and should be
26 corrected so the protective order would be consistent with this Court's intent.  Therefore,
27 Defendants' proposed protective order should not be accepted by this Court.
28

EEOC's Response to Decl. of Farmer; Obj. to
Prot. Order; & Req. for Tele-Conf.

-5-

# IV.   EEOC'S REQUEST FOR TELECONFERENCE RE: PROTECTIVE ORDER

Because Defendants' proposed protective order is premature and flawed, plaintiff EEOC requests for a teleconference on February 16, 2010 or at another time convenient for the Court and parties for guidance as to how to proceed procedurally.  Since Defendants have submitted their proposal, Plaintiff EEOC requests the opportunity to discuss whether it should propose its own protective order by February 16, 2010 or whether it should be given additional time to discuss with Defendants and Plaintiff-Intervenors about the protective order.

Additionally, Plaintiff EEOC requests for a teleconference to discuss how to address the protective order and how to proceed procedurally when there is a need to request a clarification or reconsideration from this Court or the District Court with respect to this Court's February 5, 2010 order Defendants to redact the names of the harassers and complainants, who have not been previously identified in the lawsuit.  (Ex. B (Docket # 157 at p. 9 ln. 5-13).)  This Court appears to order redaction due to finding "no justification to expose private details about these complaints given that no additional claimants will be permitted from this production."  (Ex. B (Docket # 157 at 8 ln. 24 - 9 ln. 1).)

While the EEOC does not object to protecting against the disclosure in public filings the full names of the harassers and complainants who have not been identified, their full names and other personal identifiers are relevant to plaintiff's investigation of evidence supporting the existing claims of the complainants against harassers who have already been identified.  For example, even if the documents relating to the complaints show that defendants investigated the complaints, the EEOC should be allowed to contact the complainants to determine whether Defendants' documentation regarding its investigation is accurate.  If the documents relating to the complaints show that Defendants knew about sexual harassment problems but failed to address them resulting in further harassment of the identified claimants, then the EEOC should be allowed to identify these additional individual as witnesses.  Without such names and other personal identifiers and contact information, the EEOC will be hampered in its ability to identify witnesses to testify in its case-in-chief or for impeachment purposes.

The investigation of claims of other women is relevant to the claims of the previously identified claimants. In addressing sexual harassment complaints against non-supervisors, this Court acknowledged that "the evidence would be relevant to the 'pattern and practice' allegations of the litigation." (Ex. B (Docket #157 at 8 ln. 20-21).) Further, such evidence is relevant to the claims of the identified claimants to establish liability and to defeat any *Ellerth / Faragher* defense independent of any pattern and practice claim. Sexual harassment of other women is plainly relevant and admissible even in an individual suit to establish the employer's general hostility towards a group. *Heyne v. Caruso*, 69 F.3d 1475, 1479 (9th Cir. 1995); *see also Morgan v. Nat'l R.R. Passenger Corp.*, 232 F.3d, 1008, 1013 and ns. 11 and 12, 1018 (9th Cir. 2000), reversed in part on other grounds, 536 U.S. 101 (2002). Evidence regarding the sexual harassment of others is relevant to intent and motive in discrimination suits and to the general hostile work environment. *Id.*; *Heyne*, 69 F.3d at 1479; *Sandoval v. American Bldg., Maint. Indus.*, 578 F.3d 787, 802 (8th Cir. 2009). Further, similar complaints of harassment made by other employees are probative of whether the employer should have known of the alleged harassment. *Sandoval v. ABM*, 578 F.3d at 802.

In light of the great need to investigate other complainants and individuals relating to those complaints, the issue of redaction needs to be addressed before a protective order can be drafted. If the names and personal identifiers of the complainants and harassers should not be redacted, then such information should be disclosed in full to plaintiffs but that such information should be part of the "confidential information" that should not be disclosed in public filings.

A teleconference is necessary to determine procedurally how to address the redaction issue. If this Court is willing to entertain a request for clarification / reconsideration but wants written briefing on the issue, then a briefing schedule needs to be established and to determine another deadline for the submission of a stipulated protective order. If this Court is not willing to entertain a request for clarification / reconsideration of the redaction issue, then the parties need guidance in complying with the redaction issue when a motion for reconsideration is filed with the District Court. For all of the above reasons, the EEOC requests for this Court to grant a teleconference either on February 16, 2010 or another date convenient to this Court. If a

EEOC's Response to Decl. of Farmer; Obj. to
Prot. Order; & Req. for Tele-Conf.                              -7-

1  teleconference is to be scheduled after February 16, 2010, then the EEOC requests for an

2  extension of time to submit its proposed protective order until after the teleconference.

                                                 U.S. EQUAL EMPLOYMENT
                                                 OPPORTUNITY COMMISSION
                                                 Anna Y. Park
                                                 Victor Viramontes
                                                 Lorena Garcia-Bautista

7  Date:  February 15, 2010                    By:   /S/ Lorena Garcia
                                                              Victor Viramontes
                                                              Lorena Garcia-Bautista
                                                              Attorneys for Plaintiff