# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFF'S ONE THROUGH EIGHT<br><br>    Plaintiff-Intervenors<br>v.<br><br>ABM INDUSTRIES INCORPORATED, et al.<br><br>    Defendants. | Case No. 1:07-cv-01428 LJO JLT<br><br>ORDER THAT THE PROTECTIVE ORDER ISSUED JANUARY 14, 2009 WILL APPLY IN FULL FORCE TO DOCUMENTS TO BE PRODUCED ACCORDING TO THE COURT'S FEBRUARY 5, 2010 ORDER (DOC 157) |

On February 5, 2010, the Court granted in part and denied in part plaintiff, EEOC's motion to compel defendant ABM Janitorial Services Northern California to produce certain documents. (Doc. 157) In that order, the Court instructed that personal identifiers contained on the documents as to certain people would be redacted. The Court ordered also that the parties provide the Court a stipulated protective order "to ensure that *any other personal information, not discussed here*, is maintained confidential." (Emphasis added.)

ABMNC proposed that the stipulated protective order issued by the Court on January 14, 2009

1

should apply to the current document production. (Doc. 76) The EEOC objects. (Doc 171, Ex A) The EEOC has provided its own proposed protective order that differs in many respects from the protective order issued by the Court on January 14, 2009. (Doc. 174) The Court agrees with ABMNC that the January 14, 2009 protective order should apply in full force to the current production and notes that, by the express language of the stipulated joint protective order, the parties intended that it would apply to *all* information obtained in the course of the litigation. (Doc. 76)

### The January 14, 2009 Stipulated Protective Order

On January 13, 2009, the parties jointly filed a stipulated protective order. (Doc 75.) On January 14, 2009, Magistrate Judge Goldner signed and issued the protective order. (Doc. 76) Notably, the stipulated protective order reads,

> Documents and information subject to discovery in this action reflect, or may reflect, confidential corporate information of Defendants ABM INDUSTRIES, INC. and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA ("Defendants") and/or confidential infromation regarding the employees and/or former employees of Defendants. **The following Stipulation and Protective Order shall govern the production, disclosure, and use of such confidential information in this action.**

(Emphasis added.) The stipulated protective order defines "confidential information" as,

> any type or classification of information, whether originals, copies or in redacted form, that would reveal the following information:
> (a) Addresses, phone numbers, and other contact information of Defendants' current or former employees.
> (b) Documents pertaining to complaints of sexual assault and/or sexual harassment allegedly occurring in Defendant's [sic] workplace.

The stipulated protective order provides, that it,

> shall control the pretrial production, disclosure, and use of confidential information revealed by or to the stipulating parties or any of them, through deposition, through interrogatory responses, **through production of documents**, though other discovery, or through information means . . .

(Emphasis added.)

Inexplicably, the EEOC contends that the information in the documents that ABMNC will produce according to the Court's February 5, 2010 order, should not be covered by this preexisting protective order. In particular, the EEOC takes the position that the *only* information on the documents

to be produced that she be kept confidential is,

> (a) The addresses, phone numbers, and other contact information of the complainants and alleged harassers named on documents produced by Defendant ABM Janitorial Services Northern California pursuant to this Court's 2/5/10 Order granting in part and denying in part EEOC's Motion to Compel Def. ABM Janitorial Services Northern California to Respond and Produce Responsive Documents ("2/5/10 Order" (Docket # 157)).

The Court is most perplexed by the EEOC's suggested language that,

> The terms "complainants" and "alleged harassers" do not include the complainants and harassers who have already been identified by any party in this litigation.

It appears that the EEOC is suggesting that all names of claimants already identified to the defendants should no longer be kept confidential, despite its efforts and that of counsel for the intervenors to keep their identities secret.[1] The Court finds no basis to now subject these people to public scrutiny.

The Court can only conclude that the EEOC fails to apprehend the meaning of the Court's order issued on February 5, 2010, given that it persists in the belief that the protective order at issue should address *only* some of the personal identifiers that the Court ordered redacted. However, the redaction will *already* preserve the confidentiality of this information. The Court's order required a joint stipulated protective order that would preserve the confidentiality of "any **other** personal information, **not** discussed here" to those *outside* of the current litigation. (Emphasis added.) Moreover, the January 14, 2009 protective order, through the requirement that "complaints of sexual assault and/or sexual harassment allegedly occurring in Defendant's [sic] workplace," also maintains that confidentiality of claimants and alleged harassers that have already been identified in the litigation.

For these reasons, the Court finds that along with the redaction, the stipulated protective order issued on January 14, 2009, adequately protects the confidential, personal information contained in the documents that ABMNC was ordered to produce in the February 5, 2010 order.

///

---

[1] Likewise it appears that the EEOC seems to take the position that "personal information" includes addresses but, apparently, does not include the salacious details regarding the nature and extent of sexual assaults and sexual harassment upon which the complaints are based. Clearly not.

## **ORDER**

Based on the foregoing, the Court orders:

1. That the parties are relieved of the requirement that they submit an additional joint stipulated protective order specific to the February 5, 2010 order related the EEOC's motion for production of documents;

2. That the January 14, 2009 stipulated protective order will apply in full force to the documents to be produced by ABMNC according to the Court's order dated February 5, 2010.

IT IS SO ORDERED.

Dated: **February 18, 2010**         **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE