Stan S. Mallison, (SBN 184191)
Hector R. Martinez (SBN 206336)
Marco A. Palau (SBN 242340)
LAW OFFICES OF MALLISON & MARTINEZ
1042 Brown Avenue
Lafayette, CA  94549
Telephone: (925) 283-3842
Facsimile:  (925) 283-3426
stan@mallisonlaw.com
hectorm@themmlawfirm.com
mpalau@themmlawfirm.com

Counsel for Plaintiff-Intervenors and Applicant-Intervenors

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – FRESNO DIVISION

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH SIX,<br><br>Plaintiff-Intervenors,<br><br>MARIA SOCORRO ZAPIEN and ANONYMOUS PLAINTIFFS NINE and TEN,<br><br>Applicant-Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED, ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOSE VASQUEZ and Does 1-10 inclusive,<br><br>Defendants. | CASE NO: 1:07-cv-01428-LJO-JLT<br><br>**APPLICANT INTERVENORS' REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR LEAVE TO INTERVENE**<br><br>Date:   March 1, 2010<br>Time:   10:00 a.m.<br>Judge:  Magistrate Jennifer L. Thurston<br>Location: 1300 18th St., 1st Floor<br>             Bakersfield, California 93301 |

## I.  INTRODUCTION

ABM cannot and has not demonstrated that it would be prejudiced by allowing the Applicant-Intervenors to intervene in this action. Indeed, the only fact that ABM submits as being prejudicial is its purported inability to depose the applicants before the discovery cut off. See Docket #169, ABM's Opposition (hereafter "Def. Opp.") at 4. However, this is a red herring. The two applicants who have already been deposed offered to be deposed again by the February 26, 2010 cutoff on matters not previously covered in their original depositions. Palau Decl. ¶ 2. But ABM rejected this offer. Id. ¶ 3. The remaining applicant whose deposition had been noticed but later withdrawn is scheduled to be deposed on February 24, 2010. Id. ¶ 4. At this point, any prejudice related to ABM not having an adequate opportunity to depose any of the Applicant-Intervenors by the cut-off date is of ABM's own making.

While the prejudice to Defendants is minor at best, the prejudice to the applicants if not allowed to intervene is great. First, the EEOC does not and cannot represent any individual litigant. Rather, as a representative of the government the EEOC will litigate principally in the interest of the government. As mere claimant-members of the class, Applicant-Intervenors will be unable to litigate their claims to the full extent authorized by law, including the inability to litigate pendent state law claims that spring from ABM's common course of unlawful conduct. ABM's assertion that the state law claims that the applicants intend to assert in their proposed complaint will inevitably lead to a delay in is without merit. Indeed, the only delay that ABM cites is its need to continue the depositions of the two applicants previously deposed. Def. Opp. at 4:23-25. But as explained above, ABM refused the opportunity to avoid this. The claim that the state law claims will delay trial is further without merit because the claims that the applicants intend to assert are the same as the ones Plaintiff Intervenors asserted upon intervention. ABM has been on notice of such claims essentially since the outset of full-on litigation and cannot claim it will be surprised because three additional discrimination victims assert the same claims.

Second, any award that Applicant-Intervenors may be entitled to will be capped if they are precluded from intervening and consequently forced to participate as claimant-members of the EEOC's class. 42 U.S.C. § 1981a(b)(3) There can be no contention that they would be prejudiced

by this result. For these reasons, and because intervention is not

## II   ARGUMENT

### A. The Applicants' Motion is Timely

It worth reiterating that courts are to construe the right to intervene liberally in favor of the applicant, and guided by principles of equity and practicality. Donnelly v. Glickman, 159 F.3d 405, 409 (9th Cir. 1998). "[I]f an [applicant] would be substantially affected in a practical sense by the determination made in an action, [the applicant] should, as a general rule, be entitled to intervene . . . ." United States v. Stringfellow, 783 F.2d 821, 826 (9th Cir.1986) (citing Fed.R.Civ.P. 24(a)(2) advisory note 9). And "all the circumstances of a case must be considered in ascertaining whether or not a motion to intervene is timely under Fed.R.Civ.P. 24." Day v. Apoliona, 505 F.3d 963, 966 (9th Cir. 2007), quoting Legal Aid Society of Alameda Co. v. Dunlop, 618 F.2d 48, 50 (9th Cir.1980).

**1. The Stage of Proceedings Indicate that Intervention is Appropriate.**

With these principles in mind, it is apparent that the applicants' motion is timely under the three factors set forth by the Ninth Circuit: (1) the stage of proceedings; (2) prejudice to ABM and (3) the reason for and length of any delay. Donnelly, 159 F.3d at 409.

First, there has been no proceeding delving into the merits that would make this motion untimely. The authority ABM cites in support of its assertion that it is tool late in the proceedings to allow applicants to intervene is unavailing. Specifically, ABM relies on Smith v. Marsh, 194 F.3d 1045, 1050-51 (9th Cir. 1999). See Def. Opp. at 3. Although it is true that the court in Smith upheld a decision denying intervention because the case had progressed too far, the "following events had transpired:

1. Applicants had filed their complaint, and the Law School had answered;

2. Applicants had filed a consolidated amended complaint, and the Law School had answered;

3. Applicants had filed a demand for jury trial, and the Law School had responded;

4. Applicants had filed a **motion to certify a class**, and the Law School had responded;

5. various individual Law School officials had filed a **motion for partial summary judgment**, and Applicants had responded;

6. the Law School had filed for **partial summary judgment on the Title VI claims**, and Applicants had responded;

- 3 -
REPLY BRIEF IN SUPPORT OF MOTION FOR LEAVE TO INTERVENE – 1:07-CV-01428-LJO-JLT

7.  **the court had heard oral argument on the pending motions**;

8.  the court had established a discovery deadline of October 16, 1998, and a trial date of January 19, 1999;

9.  the Law School had filed a motion to strike Applicants' jury demand, and Applicants had responded; and

10. the **court had ruled on the Law School's motions for summary judgment and partial summary judgment, granted Applicants' motion to bifurcate the trial, and denied in part and granted in part Applicants' motion to certify a class**."

Smith at 1050-51 (emphasis added). In the court's words, "many substantive motions had been adjudicated," making the applicants' motion untimely. Id. at 1050.

Here, the Court has ruled on discovery motions and procedural issues, but no substantive issues like in Smith. ABM's assertion that the proceedings here are at a similar stage as in Smith because "the issue of class treatment has been addressed" is misleading. Def. Opp. at 4:4. What ABM refers to is a procedural question of whether or not the EEOC was required to meet Rule 23 requirements in order to proceed on behalf of similarly situated claimants, which the Court concluded, pursuant to well settled law, that it did not. See Order Setting Briefing Schedule re Applicability of Rule 23 Procedures (Docket # 111) and Order Vacating Class Certification Motion and Briefing (Docket #116). Thus, whether class certification has or has not occurred cannot be reasonably disputed, and ABM's attempt to liken the two procedures is – at best – deeply flawed.

**2.      ABM Will Not Be Prejudiced by Intervention**

Defendants have had an adequate opportunity to engage in the discovery they themselves state they would need to prepare for trial and any dispositive motions if applicants are allowed to intervene – i.e., depositions. See Def. Brief at 4 ("If applicants are permitted to intervene . . . Defendants will need even more additional time to complete [their] depositions"). However, as set forth in the introduction, two applicants have already been deposed and one of the three applicants is scheduled to be deposed by the current cut-off. Further, ABM rejected the offer to continue the depositions of the previously deposed applicants to a date within the current discovery cut off, which would have allowed Defendants to touch on matters not already covered in the previous depositions. Thus, ABM can no longer claim that intervention by those two applicants would delay

1  trial, as any delay now will be due to ABM's refusal to continue these depositions.

2  **3. Applicants Have Not Delayed, or Any Delay Should Not Defeat Intervention**

3  Finally, ABM contends that the applicants should have intervened <u>when they learned of the
4  lawsuit</u>. Def. Opp. at 5-6. This is not the standard under the timeliness analysis. Rather, "timeliness
5  is neither measured from the commencement of litigation nor from the time the applicant first
6  learned of the litigation . . . the focus is on the date the [applicant] attempting to intervene should
7  have been aware [its] interest[s] would no longer be protected adequately by the parties." <u>Mi Pueblo
8  San Jose, Inc. v. City of Oakland</u>, 2007 WL 578987 (N.D. Cal.) <u>quoting</u> <u>Officers for Justice v. Civil
9  Service Commission of City and County of San Francisco</u>, 934 F.2d 1092, 1095 (9th Cir.1991)
10  (applicant allowed to intervene <u>16 years after commencement of action</u>) <u>and</u> <u>Legal Aid Society v.
11  Dunlop</u>, 618 F.2d 48, 50 (9th Cir.1980) (internal quotations omitted). Further, in the absence of
12  significant prejudice, where an intervening party (a) has not withheld intervention to gain an
13  advantage but has instead participated in the litigation, and (b) intervention does not threaten to
14  broaden the scope of litigation going forward by injecting new issues, intervention is proper
15  notwithstanding a less than persuasive reason for any delay. <u>Day</u>, 505 F.3d at 966.

16  Here, all three applicants have participated in the litigation and will have been deposed in
17  connection with this case by the discovery cut off.  They have not attempted to gain a tactical
18  advantage through delay, nor have they delayed. Quite the contrary, applicants have offered to sit
19  for deposition and two have offered to sit a second time on any matters Defendants have not already
20  covered in their previous deposition. As demonstrated above, moreover, Defendants will not suffer
21  prejudice by intervention because they will have had full opportunity to conduct the discovery they
22  want by the cut off.

23  Further, the claims of the applicants are substantially the same and nearly identical to those
24  of current intervenors. <u>See</u> Proposed Amended Complaint in Intervention, Ex. A to Martinez Decl.
25  (Docket #152). Defendants are incorrect that permitting intervention would enlarge the scope of the
26  litigation. Pursuant to the Court's order granting the EEOC authority to add claimants in the Eastern
27  District, claimants from this geographical area will be covered by the EEOC's claim, and Zapien's
28  participation as an intervening party will have no effect.

Finally, Defendants' reliance on the disclosures as the time they should have intervened is mistaken. Naming them in a discovery document did not give them reason to know that their interests in the action might not be protected adequately. There is no indication that applicants as non parties would have received these documents or understood that their interests would be affected. Even if, arguendo, applicants had delayed, "A would-be intervenor's delay in joining the proceedings is excusable when the intervenor does not know[ ] or ha[ve] reason to know that his interests might be adversely affected by the outcome of litigation." Day, 505 F.3d at 965.

Defendants' motion to strike some applicants and its intent now apparent in the opposition brief to oppose applicant Zapien because she was not a victim of Defendants' malfeasance in Bakersfield, but in Fresno, demonstrate that applicants' interests may no longer be adequately protected as class members. These are recent developments that shows that applicants have not delayed, and that any delay is excusable.

**B. Applicants are "Aggreived" and Entitled to Intervene as of Right or Permissively**

This Court has previously permitted other "aggrieved" class members to intervene in this action instituted by the EEOC.  See Docket #25.  Applicants are not required to exhaust administrative remedies prior to intervening and may rely on the charges filed by other class members.  *Martinez v. Oakland Scavenger Co.*, 680 F. Supp. 1377, 1389-90 (N.D. Cal. 1987). In *Martinez*, the original plaintiffs had filed charges of discrimination, but subsequently settled their claims. The court held that interveners who had not filed charges and had not received rights to sue, could nevertheless rely on the earlier charges filed by the now former plaintiffs.  See also *United Airlines, Inc. v. McDonald*, 432 U.S. 385, 389-90 (1977) (original plaintiff settled claim after certification denied, intervener allowed to appeal despite failure to file EEOC charge); Cf. *Wheeler v. American Home Products Corp.*, 582 F. 2d 891, 897 (5th Cir. 1977) (intervention allowed for non-filer after class denied).

Here, Applicants were subjected to sexual harassment by ABM's supervisors within the same time frame as other class members.  Moreover, the permitted the EEOC to seek additional class members throughout the Eastern District of California.  Given that Applicants are "aggrieved," they have a right to intervene.

## IV. CONCLUSION

For all the reasons set forth above, Applicant-Intervenors respectfully request that their motion to intervene into the instant action be granted and that they be permitted to file the Complaint in Intervention attached as Exhibit "A" to the Declaration of Hector R. Martinez.

Dated: February 19, 2009

                              LAW OFFICES OF MALLISON & MARTINEZ

                              By:  /s/ Hector R. Martinez, /s/ Marco A. Palau
                                     Stan S. Mallison
                                     Hector R. Martinez
                                     Marco A. Palau
                                     Attorneys for Plaintiff-Intervenors Erika Morales and Anonymous Plaintiffs One through Six, and Applicant-Intervenors, Maria Socorro Zapien and Anonymous Plaintiffs Nine and Ten