LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Email: lhayward@littler.com

KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583
Email: kjacoby@littler.com

Attorneys for Defendants

ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL SERVICES - NORTHERN CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOE VASQUEZ; Does 1 - 10 inclusive,<br><br>Defendants. | Case No. 1: 07 CV 01428 LJO-JLT<br><br>**DEFENDANTS' BRIEF REGARDING TAKING THE DEPOSITION OF EEOC DIRECTOR OLOPHIUS E. PERRY**<br><br>Hearing: March 2, 2010<br>Time: 4:00 p.m.<br>Judge: Hon. Jennifer L. Thurston<br>Courtroom: Telephonic Appearance |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' BRIEF RE TAKING DEPOSITION OF OLOPHIUS E. PERRY

CASE NO. 1:07 CV 01428 LJO JLT

Pursuant to the instructions of Bakersfield Deputy Clerk Alan Leon Guerrero, Defendants ABM INDUSTRIES INCORPORATED, ABM JANITORIAL SERVICES, INC., and ABM JANITORIAL SERVICES - NORTHERN CALIFORNIA, INC. (collectively "Defendants") respectfully submit the following briefing in support of their position regarding taking the deposition of EEOC Director Olophius Perry.

## I. INTRODUCTION

At the recent deposition of ABM's former Assistant General Counsel, Teuila Hanson, Plaintiff Equal Employment Opportunity Commission ("EEOC") questioned Ms. Hanson about a letter addressed to her from EEOC Director Olophius Perry. Although the EEOC itself put the letter from Mr. Perry at issue, the EEOC and Plaintiff – Interveners now contend, unjustifiably, that Defendants should not be permitted to question Mr. Perry regarding the circumstances surrounding the writing of his 12/13/06 letter because the issues raised in the letter are somehow not relevant to this litigation.

However, the issues raised in Mr. Perry's letter go to the very heart of Plaintiff – Interveners' claims for negligence and the inflammatory position repeatedly asserted by the EEOC and Plaintiff-Interveners – that hiring a convicted rapist is somehow *per se* illegal, even if the rape conviction is 23 years old. Mr. Perry stated in his letter that the EEOC had learned that Jose Vasquez was a registered sex offender and that ABM should remove him from his employment. Mr. Perry, as the author of the letter, can testify to the EEOC's policies regarding the propriety of hiring and/or firing convicted sex offenders as well as any bases for the EEOC telling ABM to terminate Mr. Vasquez's employment and whether ABM then acted appropriately in response to his letter. Accordingly, his testimony is clearly relevant to Plaintiffs' claims for negligence and Defendants' defenses thereto.

## II. STATEMENT OF RELEVANT FACTS

Plaintiff-Interveners have brought, amongst other claims, a claim for negligence. In connection with this claim, Interveners allege that Defendants should have known that Jose Vasquez was a registered sex offender. They appear to use the fact that Defendants hired a registered sex offender to demonstrate that Defendants breached a duty of care owed to Plaintiff – Interveners. Not only that, but, in every brief submitted in this matter by the EEOC and/or Plaintiff-Interveners they

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANTS' BRIEF RE TAKING DEPOSITION OF OLOPHIUS E. PERRY

CASE NO. 1:07 CV 01428 LJO JLT

highlight the fact that ABM hired a convicted rapist, as if this in itself is *per se* illegal, even though the at-issue conviction is over 23 years old. Defendants are entitled to pursue discovery to determine whether such an oft-repeated inflammatory statement is in any way warranted and to seek testimony which might assist them to defend against such a position.

On February 2, 2010, Plaintiffs took the deposition of ABM's former Assistant General Counsel, Teuila Hanson. During Ms. Hanson's deposition, Plaintiffs introduced exhibit number 1281, which is a letter dated December 13, 2006 to Ms. Hanson from Olophius E. Perry, District Director for the Los Angeles District Office of the EEOC. (*See* Hanson Deposition at 35:4-37:2, attached to the Declaration of Keith A. Jacoby ("Jacoby Decl.") as Exhibit "A"). The letter has the stated purpose of informing ABM that Jose Vasquez had been convicted of rape by force and that he was registered in the State of California as a sex offender. (*See* 12/13/2006 Letter, attached to the Jacoby Decl. as Exhibit "B"). Additionally, the letter asks ABM to "take appropriate measures to ensure that employees are protected, up to and including the removal of Mr. Vasquez from his position." *Id.* Upon questioning by counsel, Ms. Hanson stated that prior to receipt of the 12/13/06 letter, she did not know that Jose Vasquez had previously been convicted of rape.

On February 2, 2010, Defendants noticed the deposition of Olophius Perry. (*See* Notice, attached to the Jacoby Decl. as Exhibit "C"). On February 3, 2010, Plaintiffs served objections to the notice of deposition of Olophius Perry, claiming that the deposition of Mr. Perry is not relevant to any issue related to this litigation. (*See* Objections, attached to the Jacoby Decl. as Exhibit "D"). On February 16, 2010, Keith Jacoby, counsel for the ABM Defendants, sent Plaintiffs' counsel an email in which he explained the relevance of Mr. Perry's deposition. (*See*, 2/16/2010 email, attached to the Jacoby Decl. as Exhibit "E"). Specifically, Defendants set forth that they wished to question Mr. Perry regarding the issues addressed in his letter, namely the removal from the workplace of persons with a criminal record as well as Defendants' duty regarding pre-employment criminal history inquiries. Later during the morning of February 16, 2010, counsel for Defendants sent a follow up email to Plaintiffs' counsel, which further explained that Mr. Perry's testimony would be relevant to the issues of whether ABM was negligent in hiring Jose Vasquez, by not checking Meghan's list before he was hired, and whether ABM acted appropriately after Mr. Perry

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' BRIEF RE TAKING
DEPOSITION OF OLOPHIUS E. PERRY    2.    CASE NO. 1:07 CV 01428 LJO JLT

wrote the letter that Ms. Hanson was later questioned on. (*See* Defendants' second 2/16/10 email, attached to the Jacoby Decl. as Exhibit "F"). In response, Plaintiffs' counsel stated that they continued to oppose the deposition of Mr. Perry. *Id.*

On February 18, 2010, counsel for Defendants again requested that Mr. Perry be made available for deposition and further agreed that Defendants would limit the deposition to no more than 5 hours. (*See* 2/18/2010 email, attached to the Jacoby Decl. as Exhibit "G"). The EEOC again refused to make Mr. Perry available, claiming that Mr. Perry's deposition was not relevant and could not lead to the discovery of admissible evidence. (*See* 2/18/10 Letter, attached to the Jacoby Decl. as Exhibit "H"). Defendants then reached out to this Court in the hopes of resolving this dispute telephonically. Pursuant to instructions from Deputy Clerk Alan Leon Guerrero, Defendants are filing the instant briefing in advance of the telephonic hearing on March 2, 2010 at 4:00 p.m.

### III. ARGUMENT

**A.    The Applicable Federal Discovery Standards.**

Under the Federal Rules of Civil Procedure, a party generally has the right to discover any non-privileged matter that is relevant to any party's claim or defense, including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. Fed. R. Civ. P. 26(b)(1). Relevant evidence is any evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Fed. R. Evid. 401. In addition, "for good cause," the court may permit discovery of information "relevant to the subject matter involved in the action." *Id.* Whether the information sought would be admissible evidence at trial is not the test under either standard. Relevant information may be discoverable if it "appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* This includes information that a party may use to support its denial or rebuttal of the claims or defenses of another party, and should include the identity of any witness or document that the disclosing party may use to support such denials. See Adv. Comm. Notes to 2000 Amendment to Fed. R. Civ. P. 26(b)(1).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' BRIEF RE TAKING
DEPOSITION OF OLOPHIUS E. PERRY            3.            CASE NO. 1:07 CV 01428 LJO JLT

### B. Defendants Should Be Permitted To Depose Olophius Perry As His Deposition Will Yield Relevant Evidence.

Plaintiff – Interveners' negligence claim is premised, at least in part, on the fact that ABM hired a convicted rapist who was a registered sex offender. As his 12/13/06 letter indicates, Mr. Perry expressed to ABM that the EEOC believed that Jose Vasquez, as a registered sex offender, should be removed from his employment with ABM. Because Plaintiffs introduced the 12/13/06 letter at the deposition of ABM's Assistant General Counsel, it goes without saying that Plaintiffs believe this letter is some how relevant to their claims. Plaintiffs will likely point to Mr. Perry's letter to demonstrate that ABM knew or should have known that Jose Vasquez was a registered sex offender as of the date of the letter from Mr. Perry. Plaintiffs may further use the letter in an attempt to show that Defendants are negligent for having hiring a registered sex offender in the first place, as implied by their inflammatory statement to this effect in essentially every brief in this action.

Accordingly, because the letter written by Mr. Perry and the circumstances surrounding the writing of the letter are clearly relevant to the claims and positions taken in this litigation, Defendants have the right to discover any non-privileged matter that pertains to the letter or any issues addressed in the letter. Mr. Perry will be able to testify as to the circumstances that led to the writing of his letter, e.g. whether it is the EEOC's position and/or policy that a person with a criminal record must be removed from the workplace and under what circumstances. Mr. Perry will also be able to provide testimony on the EEOC's position and policies related to Defendants' duty regarding pre-employment criminal history inquiries, including whether the EEOC believes that it is an employer's duty to affirmatively search Meghan's list prior to hiring any employee, or, upon receipt of a complaint against an employee. Mr. Perry's testimony on the foregoing subjects will be relevant to the issues of whether ABM was negligent in hiring Jose Vasquez, as Plaintiff – Interveners contend in their Complaint. Accordingly, Defendants are entitled to take the deposition of Olophius Perry.

### C. Defendants Have Good Cause To Exceed Their Limit Of 20 Depositions In Order To Take The Deposition Of Olophius Perry.

Although Plaintiffs have not yet opposed the deposition of Mr. Perry on the grounds that

Defendants have already exceeded their limit of 20 depositions set by the Court in this action, Defendants anticipate that Plaintiffs may raise this argument at the March 2, 2010 hearing. A party seeking over-limit depositions must make a "particularized showing of why the discovery is necessary." *Morrow v. Leo Burnett Inc.*, 2005 U.S. Dist. LEXIS 43437 at *8-9 (N.D. Cal. 2005); *see also Bell v Fowler*, 99 F.3d 262, 271 (8th Cir. 1996) (District court did not abuse its discretion in denying plaintiff leave to take additional depositions when plaintiff, who was allowed to take 12 depositions, "presented no good reason why the additional depositions were necessary."); *AuthenTec, Inc. v. Atrua Techs.*, 2008 U.S. Dist. LEXIS 101573 at * 4, 6 (N.D. Cal. 2008) (denying request to take 24 additional depositions where requesting party failed to show why the information sought from each of the potential deponents could not be obtained by less burdensome means); *Brooks v. Motsenbocker Advanced Devs., Inc.*, 2008 U.S. Dist. LEXIS 76230 at *3 (S. D. Cal. 2008) (denying certain depositions requested by Plaintiffs on the grounds that they were cumulative or too attenuated from Plaintiff's claims).

Here, the deposition of Mr. Perry is necessary because his testimony is directly relevant to the heart of at least one of Plaintiffs' claims. Plaintiffs indicated that the letter written by Olophius Perry was relevant to their claims, when they questioned Ms. Hanson on the letter at her deposition. Defendants immediately thereafter noticed the deposition of Mr. Perry because his testimony is relevant to the EEOC and Plaintiff-Interveners' anticipated argument at trial that ABM was negligent in hiring Jose Vasquez, and/or ABM was negligent in not looking at Meghan's list prior to hiring Jose Vasquez, and whether ABM acted appropriately following receipt of Mr. Perry's letter which recommended that ABM terminate Mr. Vasquez's employment.

Furthermore, his testimony is not cumulative of that provided by other witnesses as ABM has deposed only the 21 Claimants and Plaintiff-Interveners in this action. Nor can this information be obtained by less burdensome means. In fact, counsel for Defendants specifically requested this information by less burdensome means when counsel asked the EEOC to provide its policies related to the issues addressed in Mr. Perry's letter. The EEOC failed to provide any policies indicating whether and when a company has a duty to remove an employee from the workplace upon learning that he is a convicted felon, nor did they provide any policies regarding any duty on the part of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANTS' BRIEF RE TAKING
DEPOSITION OF OLOPHIUS E. PERRY            5.            CASE NO. 1:07 CV 01428 LJO JLT

employers to conduct a pre-employment criminal background check. (*See* 2/16/2010 letter, attached to the Jacoby Decl. as Exhibit "E"). In fact, the only documentation provided by the EEOC tended to address when a Company must hire an applicant with a criminal conviction. Thus, the position taken by the EEOC's counsel appears to be potentially inconsistent with the agency's position and justify Defendants obtaining Mr. Perry's testimony to an even greater degree.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court make an Order that Olophius Perry be made available for deposition within a reasonable time frame.

LITTLER MENDELSON

Date: March 2, 2010            By:            /s/
                                    KEITH A. JACOBY
                                    LAURA E. HAYWARD
                                    Attorneys for Defendants
                                    ABM Industries Incorporated; ABM
                                    Janitorial Services, Inc. and ABM
                                    Janitorial Services - Northern
                                    California, Inc.

Firmwide:94299915.1 054667.1005

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' BRIEF RE TAKING
DEPOSITION OF OLOPHIUS E. PERRY           6.           CASE NO. 1:07 CV 01428 LJO JLT