**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFF'S ONE THROUGH EIGHT<br><br>　　　　Plaintiff-Intervenors<br><br>　　　　v.<br><br>ABM INDUSTRIES INCORPORATED, et al.<br><br>　　　　Defendants. | 1:07-cv-01428 LJO JLT<br><br>ORDER DENYING MOTION TO INTERVENE<br><br>[Doc. 150] |

　　　　Before the Court is a "Motion for Leave to Intervene" brought by Maria Socorro Zapien and Anonymous Plaintiffs Nine through Ten. The prospective plaintiffs assert that they are entitled to intervene in the action as of right or, alternatively, seek permission to intervene. The EEOC filed a statement of non-opposition to the motion on February 11, 2010. The defendants (referred collectively here as "ABM") oppose the motion on several grounds.

　　　　The Court held oral argument on this motion on March 2, 2010. After considering the moving and opposing papers and the argument of counsel, for the reasons set forth below, the Court DENIES the motion to intervene.

///

**BACKGROUND**

The EEOC initiated this action on September 28, 2007 against Defendants ABM Industries, Inc. and ABM Janitorial Services, Inc. (Doc. 1.) ABM Janitorial Services-Northern California was added as a defendant through the EEOC's First Amended Complaint filed on July 17, 2009. (Doc. 118.) The amended complaint alleges that ABM engaged in a pattern or practice of subjecting Erika Morales and a class of other similarly situated individuals to a sexually harassing, hostile work environment and quid pro quo sexual harassment at various ABMNC work sites. (Id.) The complaint alleges further that ABM failed to exercise reasonable care to prevent and correct the sexually harassing behavior promptly. (Id.) Finally, the complaint alleges that Erika Morales and others similarly situated were constructively discharged for complaining about or rebuking the sexual harassment. (Id.)

On March 7, 2008, Erika Morales and Anonymous Plaintiffs one through eight filed their complaint in intervention after having been granted leave to do so on two days earlier. (Docs. 25, 27) Anonymous plaintiffs seven and eight were dismissed by the Court on May 6, 2009. (Doc. 106) The instant motion was filed on January 29, 2010 seeking to add Zapien and Anonymous Plaintiffs Nine and Ten.

Discovery in this case was bifurcated. Initially, the parties proceeded as if a Rule 23 certification motion would be required. As a result, the Court ordered the parties to conduct discovery as to class issues first. This discovery concluded on March 20, 2009. Non-expert discovery concluded on February 12, 2010, with some exceptions set forth in the Court's earlier orders. At this time, all non-expert discovery is complete. From earlier motions, the Court is aware that a significant amount of discovery occurred during this period. Likewise, expert discovery is due to conclude on April 9, 2010. Dispositive motions are due to be filed by May 7, 2010 and heard by June 14, 2010. Trial is scheduled on August 23, 2010. It is against this backdrop and in this stage in the litigation that the moving parties seek to intervene.

**DISCUSSION**

**A.   Intervention as of Right**

Zapien and the other anonymous moving parties seek to intervene as a matter of right pursuant to Rule 24, Federal Rules of Civil Procedure, which states, in pertinent part,

2

    **(a) Intervention of Right**. On a timely motion, the court must permit anyone to intervene who:

        **(1)**    is given an unconditional right to intervene by a federal statute; or

        **(2)**    claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Title VII of the Civil Rights Act of 1964, as amended, allows that persons aggrieved by a violation of the Act "shall" have the right to intervene in a civil action instituted by the EEOC. 42 U.S.C. § 2000e-5(f)(1). See EEOC v. Brotherhood of Painters, Decorators and Paperhangers of America, 384 F. Supp. 1264, 1266-67 (D.S.D. 1974) (clause restricting intervention to cases involving government, government agency or political subdivision applies only to cases filed by Attorney General; in cases filed by the EEOC itself, "the statute grants the person aggrieved an unconditional right to intervene").

### 1. Timely Intervention

Rule 24(a) presupposes a "timely" motion. NAACP v. New York, 413 U.S. 345, 365 (1973). Timeliness must be determined from all of the circumstances and is left to the sound discretion of the court whose determination will not be disturbed on appeal absent an abuse of discretion. Id. at 365-66. Generally, three factors are weighed in determining whether a motion to intervene is timely: (1) the stage of the proceeding at which an applicant seeks to intervene; (2) the prejudice to other parties; and (3) the reason for the length of delay. U.S. v. State of Washington, 86 F.3d 1499, 1503 (9th Cir. 1996). The rules for intervening are to be construed broadly in favor of intervention. Id.

#### a. The litigation is in the late stage of the proceedings.

Despite that this case was filed more than two years ago, the motion to intervene was not filed until the last court day in January 2010, just two weeks before the close of discovery. This delay is significant in light of the fact that non-expert discovery has been completed and expert discovery is due to complete within a month's time. Dispositive motions are due to be filed within about two months.

Nevertheless, the moving parties assert that the "key question" in determining the timeliness of this motion is whether substantive proceedings on the merits have occurred. They argue that where no dispositive motions have been heard, there would be no prejudice to the parties if intervention is allowed

The moving parties seem to limit the definition of "substantive proceedings" to rulings on dispositive motions. Toward this end, the moving parties rely upon Mountain Top Condo. Ass'n v. Dave Stabbert Master Builder, 72 F.3d 361, 370 (3d Cir. 1995). However, in Mountain Top, the court found significant that, "while some written discovery and settlement negotiations had occurred between the MTCA and the contractors prior to the [intervenors'] motion, there were no depositions taken, dispositive motions filed, or decrees entered during the four year period in question. Under these circumstances, we cannot say that intervention at this stage of the litigation would prejudice the current parties."

Contrary to the factual situation in Mountain Top, here, previous filings by the parties makes clear that significant discovery has occurred. (Doc. 148) Upwards of 40 depositions have been taken. Written discovery has been extensive. The EEOC has propounded to the defendants "six rounds of document requests, and three rounds of requests for admissions. The EEOC has made propounded a total of 233 document requests and 196 requests for admissions." (Doc 148 at 7-8.) Unlike the in Mountain Top, where only "some written discovery" and no depositions had occurred , here non-expert discovery is complete.

Although the moving parties assert that they have no objection to continuing discovery deadlines to accommodate the defendants' discovery needs as to the proposed plaintiffs, this would require *reopening* discovery and, based thereon, would require continuing all of the remaining dates outlined in the Scheduling Order, including trial. Given this, the likelihood that intervention will cause potential delay weighs against finding that the motion was filed timely. United States EEOC v. Taylor Electric. Co., 155 F.R.D. 180, 182 (N.D. IL 1994).

In League of United Latin American Citizens v. Wilson, 131 F.3d 1297, 1304 (9th Cir. 1997), the Court held,

> [A]dditional delay is not alone decisive (otherwise every intervention motion would be denied out of hand because it carried with it, almost be definition, the prospect of prolonging the litigation). However, in a case like this one, in which the proposed intervenor waited twenty-seven months before seeking to interject itself into the case, only to move the court for full-party participation at a time when the litigation was, by all accounts, beginning to wind itself down, we believe that the additional delay caused by the intervenor's presence is indeed relevant to the timeliness calculus, and counsels against granting [the] motion.

Notably, the League Court observed that because the moving party had waited 27 months after the action

4

was commenced, "it fights an uphill battle in its effort to intervene." Id. at 1303. Here, the moving parties have waited two months longer than in League.[1] Likewise, League found significant the delay of the moving parties in seeking to intervene after others had successfully done so. League, 131 F.3d at 1304. Here, the previous intervenors were granted leave almost exactly two years ago and nearly 23 months passed before the current moving parties filed their motion for the same relief, again, without any explanation for their delay.

Given the plaintiffs' complete failure to explain their delay in seeking leave to intervene, the Court concludes that the procedural posture of this litigations mitigates against allowing intervention at this late stage in the proceedings.

### b. Allowing intervention will prejudice the other parties

Although at least two of the moving parties here have been deposed, the defendants assert that these depositions were not sufficient in light of the additional claims brought in the complaint-in-intervention that were not at issue when the depositions were taken. At that time, the defendants assert that they were aware only of the Title VII claims. In fact, Zapien and the Anonymous Plaintiffs Nine and Ten were identified to the defendants in the EEOC's third and fourth supplemental disclosures. The defendants provide copies of these disclosures and both indicate that the EEOC was seeking damages under only "Title VII of the Civil Rights Act and Title I of Civil Rights Act of 1991." Neither disclosure indicates that the EEOC would seek damages for other common law or statutory torts.[2]

The Court is unclear as to how the factual bases for the claims brought under California's Fair Employment and Housing Act differ from those brought under Title VII. However, the moving parties fail to counter this evidence or to explain how the depositions that have been taken were probative on these new state law claims. To the contrary, the moving parties seem to agree that additional depositions would be required when they reiterate the fact that they offered to allow ABM to re-take the depositions of two of the moving parties. The moving parties admit that this would have allowed ABM to "touch

---

[1] Although the length of time that the litigation has been in existence is not a significant fact, because the moving parties have failed to provide the Court any evidence to make a determination as to the operative fact--when the prospective intervenors learned that their interests were no longer being adequately represented–the Court has little else to rely upon.

[2] This is consistent with the EEOC's First Amended Complaint that does not seek any relief for violations of state law or any common law torts.

5

on matters not already covered in the previous depositions." (Doc. 176 at 4)

Similarly, the moving parties fail to provide cogent argument that the defendants would not be prejudiced by intervention at this late date. Instead, the moving parties seem to assert that because ABM was aware that Jose Vasquez and the other alleged harassers supervised employees and because the moving parties could have been deposed/redeposed that prejudice does not exist. (Doc. 150, Martinez Dec.; Doc 176, at 4-5)) This novel approach to discovery–using limited discovery resources to gather evidence about potential plaintiffs who have not sued and about causes of action that have not been alleged–is one that the Court would be surprised is followed by any defendant. Because the moving parties have failed to support their conclusions with evidence, the Court cannot conclude that the defendants' claims that they would suffer prejudice are unsupported.

      **c.**      **The putative plaintiffs have failed to explain the reason for their delay**

In evaluating whether the moving party has delayed, the Court is required to measure the delay "from the date the proposed intervenor should have been aware that its interests would no longer be protected adequately by the parties, not the date it learned of the litigation." Officers for Justice v. Civil Serv. Comm'n of San Francisco, 934 F.2d 1092, 1095 (9th Cir. 1991). This has been described as "the crucial date" for determining the timeliness of a motion to intervene. Smith v. Marsh, 194 F.3d 1045, 1052 (9th Cir. 1999). Although the length of the delay is not determinative, any substantial lapse of time weighs heavily against intervention. Officers for Justice, at 1095.

If the Court was to assume that the EEOC no longer will adequately represent the moving parties' interests, they fail to attest to when they learned this fact. As noted above, Zapien and Anonymous Plaintiff Nine were identified to the defendants as claimants "on or about May 22, 2009." Anonymous Plaintiff Ten was disclosed to the defendants "on or about September 30, 2009." Instead, the moving parties assert, although without any evidence to support it that, "During the course of class discovery additional claimants became aware of this litigation and some, like the proposed intervenors, have chosen to intervene to assert and protect their rights." (Doc. 150 at 3.) At most this explains that the moving parties became aware of the litigation by no later than April 2009.

Likewise, they offer no explanation why they failed to file their motion to intervene until a mere two weeks before the non-expert discovery deadline. Instead, they note, "In this case any delay has been

minor and has resulted from the fact that intervenors did not realize that the action was pending until they learned of the discovery and investigation efforts conducted by counsel." (Doc. 150 at 4.)  This statement is not supported by a declaration.  In any event, at most, this statement explains when and how the moving parties learned of the litigation which, as noted above, are not significant facts that are to this motion.

On the other hand, in League, 131 F.3d 1297, 1304 the Court found greatly important, the moving party's failure to explain the delay.  The Court observed, "Even more damaging to ACNFARI's motion than the twenty-seven month delay itself, however, is its failure adequately to explain - either in its original motion to the district court, in its opening or reply briefs to this court, or at oral argument - the reason for its delay."

Therefore, the Court finds that there is no evidence that the EEOC will no longer adequately represent their interests.  Likewise, there is no evidence upon which the Court can rely to determine the extent of the moving parties' delay or the justification for it.  This failure militates against granting the motion for leave to intervene.

**4.     Conclusion**

For the reasons set forth, the late stage of the proceedings, the prejudice that would be suffered by ABM if intervention is permitted and the complete dearth of evidence explaining the moving parties' failure to take more timely action leaves the Court little option but conclude that the motion to intervene was not timely filed.  Therefore the Court DENIES the motion to intervene.

**B.     The moving parties' interests are adequately represented by the EEOC.**

If the moving parties fail to establish that their interests are not adequately already represented by the EEOC, the motion to intervene must be denied.  Southwest Ctr. for Biological Diversity v. Berg, 268 F.3d 810, 817-818 (9th Cir. 2001); Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir. 1983).  To make this determination, the Court must consider,

> (1) Are the interests of a present party in the suit sufficiently similar to that of the absentee such that the legal arguments of the latter will undoubtedly be made by the former; (2) is the present party capable and willing to make such arguments; and (3) if permitted to intervene, would the intervenor add some necessary element to the proceedings which would not be covered by the parties in the suit.

Blake v. Pallan, 554 F.2d 947, 954-955 (9th Cir. 1977).  When the existing representation is by "a

7

governmental body or officer charged by law with representing the interests of the absentee," there is a presumption of adequacy. Doe v. Schwarzenegger, 2007 U.S. Dist. LEXIS 8501, *7-9 (E.D. Cal. Jan. 17, 2007) In Prete v. Bradbury, 438 F.3d 949, 957-58 (9th Cir. 2006), the Court noted that when the government represents the proposed intervenor, the representation is presumed to be adequate and "[i]f the applicant's interest is identical to that of one of the present parties, a compelling showing should be required to demonstrate inadequate representation." Id. at 957.

The moving parties failed to address this topic in any substantive way. The moving parties do not contend that some event, ruling or postural change by the EEOC caused them to realize that the EEOC's interests were no longer compatible with theirs. Instead, they assert that because the defendants sought to strike Anonymous Plaintiff Ten (who had been identified either as claimant 19, 20 or 21), intervention would allow her "to participate directly in the litigation and protect her rights."[3] (Doc 150, Martinez Dec.) Clearly this is true but what this moving party fails to demonstrate is that the EEOC's interests have diverged from her own.

The only other discussion of this topic was made in the reply papers in which they assert, without any citation to any authority or evidentiary support that "the EEOC does not and cannot represent any individual litigant." They assert also that "the EEOC will litigate principally in the interest of the government." Finally, Zapien claims that because ABM, in its opposition to this position, argues that she is not an "aggrieved" person for purposes of intervention–because her alleged harassment occurred in Fresno rather than Bakersfield, this demonstrates "that applicants' interests *may no longer be adequately protected as class members.*" (Doc. 176 at 6, emphasis added.) Why ABM's active defense of this case means that the EEOC no longer will zealously represent the claimants in this case is unexplained. Likewise, even Zapien does not contend that the EEOC will no longer represent her; only that the EEOC *may* not do so.

Rather than presenting any evidence on this topic, the moving parties seem to rest their vague contentions on their apparent belief that there is an inherent lack of authority in the EEOC to obtain relief for those who have suffered discrimination. Not only is this is a misstatement of the law but it ignores

---

[3] Notably, this effort failed. (Doc. 156.)

8

the moving parties' burden to "produce something more than speculation to the purported inadequacy in order to justify intervention as of right." League, 131 F.3d at 1307.

To the contrary in General Tel. Co. v. EEOC, 446 U.S. 318, 324-325 (1980), the Court held, "We do no more than follow a straightforward reading of the statute, which seems to us to authorize the EEOC to sue in its own name to enforce federal law by obtaining appropriate relief for those persons injured by discriminatory practices forbidden by the Act." The EEOC has admitted that they have this authority and would continue to zealously represent the interests of the moving parties if intervention was not permitted.

In fact, during oral argument on this motion, the attorneys for the moving parties and the EEOC admitted, in essence, that the EEOC and the moving parties have the same "ultimate objective" in this litigation. This equals a finding that presumes the adequacy of the representation by the EEOC. League of United Latin Am. Citizens v. Wilson, 131 F.3d at 1305. The only concrete advantage of intervention that the attorneys for the moving parties could articulate was the ability to plead state causes of action so to avoid the damages cap placed on Title VII awards. 42 U.S.C. § 1981a(b)(3). However, Zapien and the Anonymous Plaintiffs Nine and Ten fail to outline the bases for their individual claims and their proposed complaint in intervention fails to provide any clarity as to the unique and individual factual bases for the moving parties' claims.[4] Thus, the Court cannot determine whether their allegations, if true, could support a damage award for each plaintiff in excess of $300,000.

The Court finds that the moving parties have failed to demonstrate that their interests are not adequately represented without intervention. Therefore, as a separate and independent basis, the Court DENIES the motion to intervene on these grounds.

**C.     The Court need not decide whether the moving parties are "aggrieved" persons for purposes of intervention as of right**

Because the Court finds that the motion was not timely and, the Court need not determine the other issues outlined by Rule 24.

---

[4] This difficulty was further compounded by the moving parties failure to file a proposed intervenor complaint that was separate from the one in existence for the current intervenors. In doing so, it appears that the current intervenors are seeking to bootstrap their expanded claims onto the proposed intervenor complaint without filing a motion for leave to amend their current complaint.

Timeliness is "the threshold requirement" for intervention as of right. <u>United States v. Oregon</u>, 913 F.2d 576, 588 (9th Cir. 1990). In other words, if we find "that the motion to intervene was not timely, [we] need not reach any of the remaining elements of Rule 24." <u>Washington</u>, 86 F.3d at 1503.

<u>League</u>, 131 F.3d at 1302.  Therefore, the Court will not determine at the is time whether the moving parties are "aggrieved persons" because it is unnecessary to the Court's order.

**D.     The motion for permissive intervention is denied as untimely.**

As discussed above, the Court has determined that the motion for leave to intervene was not timely filed.  As in intervention as of right, permissive intervention too requires a timely motion.  Federal Rules of Civil Procedure 24(b)(1) reads,

> On timely motion, the court may permit anyone to intervene who:
> (A) is given a conditional right to intervene by a federal statute; or
> (B) has a claim or defense that shares with the main action a common question of law or fact.
>
> [¶]
>
> (3) Delay or Prejudice. In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights.

To determine whether permissive intervention should be granted, the Court considers the same three factors outlined above. <u>League</u>, 131 F.3d at 1308. However, "In the context of permissive intervention, however, we analyze the timeliness element more strictly than we do with intervention as of right." <u>Id</u>. A finding that the motion for intervention as of right was not filed timely defeats a motion for permissive intervention. <u>Id.</u>  Because the Court has already determined that the motion was not made timely, the motion for permission to intervene is DENIED.

### CONCLUSION

For the reasons set forth above, the Court DENIES the motion to intervene.

IT IS SO ORDERED.

Dated:   **March 3, 2010**                                       **/s/ Jennifer L. Thurston**
                                                                   UNITED STATES MAGISTRATE JUDGE