LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Email: lhayward@littler.com

KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583
Email: kjacoby@littler.com

Attorneys for Defendants

ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL SERVICES - NORTHERN CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOE VASQUEZ; Does 1 - 10 inclusive,<br><br>Defendants. | Case No. 1: 07 CV 01428 LJO-JLT<br><br>**DEFENDANTS' OPPOSITION TO PLAINTIFF EEOC'S REQUEST FOR AN ORDER THAT DEFENDANTS REVEAL CERTAIN REDACTED INFORMATION**<br><br>Hearing: March 24, 2010<br>Time: 10:00 a.m.<br>Judge: Hon. Jennifer L. Thurston<br>Courtroom: Telephonic Appearance |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO EEOC'S REQUEST FOR ORDER TO REVEAL REDACTED INFORMATION

CASE NO. 1:07 CV 01428 LJO JLT

Pursuant to the instructions of the Court, Defendants ABM INDUSTRIES INCORPORATED, ABM JANITORIAL SERVICES, INC., and ABM JANITORIAL SERVICES - NORTHERN CALIFORNIA, INC. (collectively "Defendants") respectfully submit the following briefing in support of their position regarding the EEOC's Request for an Order that Defendants reveal previously redacted information in the harassment investigation documents produced by Defendants on February 25, 2010.

## I. INTRODUCTION

The EEOC seeks to undo this Court's previous Order by requesting that ABM reveal personal identifying information contained in complaints of sexual harassment, which are wholly tangential to this case, and which was redacted at this Court's instruction. Disclosure of names and/or other identifying information of alleged victims or harassers constitutes a serious invasion of privacy, yet this information has <u>little to no relevance to the instant litigation</u>. Particularly here, where the EEOC has not once articulated a compelling reason to justify such an invasion into the privacy rights of the individuals, Defendants respectfully request that the Court deny the EEOC's Request for an Order that previously redacted information in the unrelated harassment investigation documents now be exposed.

## II. STATEMENT OF RELEVANT FACTS

On October 1, 2009, Plaintiff EEOC served Requests for Production of Documents to "Defendant ABM Janitorial Northern California," which requested, in relevant part, the following: Request No. 1: records related to complaints of sexual harassment made against any employee of ABM Janitorial – Northern California no matter where the incident occurred from 2000 to the current time; and Request No. 3: such documents that were created as a result of complaints to ABM Janitorial – Northern California's harassment hotline (collectively "complaints of harassment"). ABM objected to such production on several grounds and the EEOC subsequently filed a Motion to Compel on December 18, 2009.

On February 4, 2010, following briefing and argument by the parties, the Court granted in part and denied in part the EEOC's Motion to Compel. Among other things, the Court ordered ABM to produce documents responsive to the EEOC's Requests Nos. 1 and 3. However,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANTS' OPPOSITION TO
EEOC'S REQUEST FOR ORDER TO
REVEAL REDACTED INFORMATION

CASE NO. 1:07 CV 01428 LJO JLT

the Court saw "no justification to expose private details about these complainants given that no additional claimants will be permitted from this production." Accordingly, the Court, quite rightfully, ordered ABM to redact several pieces of information in their responses to the EEOC's Requests. Specifically, the Court ordered:

> 5. In producing the documents described above, the names of the complainants are to be redacted so that only the first initials of the first and last names appear unless the complainant is a claimant in this current litigation. All other personal identifiers of the non-claimant complainants, including, but not limited to, social security numbers, drivers license numbers, addresses, phone numbers and the like are to be redacted in full.
>
> 6. In producing the documents described above, the names of the alleged harassers are to be redacted so that only the first initials of the first and last names appear unless the harasser alleged in the documents to be produced is also alleged to be a harasser in this current litigation. As to those alleged harassers who are not identified in this current litigation, all of their other personal identifiers including, but not limited to, social security numbers, drivers license numbers, addresses, phone numbers and the like are to be redacted in full.

(*See* February 5, 2010 Order, Docket No. 157) In its February 18, 2010, the Court again affirmed its Order regarding redactions, stating that "the Court finds that along with the redaction, the stipulated protective order issued on January 14, 2009, adequately protects the confidential, personal information contained in the documents ABMNC was ordered to produce in the February 5, 2010 order." (*See* February 18, 2010 Order, Docket No. 175)

In spite of the Court's multiple orders on point, the EEOC has continued to argue that it is entitled to names and/or identifying information of all individuals identified in the other complaints of harassment at issue. By way of Minute Order, on February 17, 2010, the Court instructed the parties to meet and confer so as to seek to narrow areas of disagreement regarding redacted sexual harassment complaint documents that Defendants were ordered to produce. (*See* February 17, 2010 Minute Order, Docket No. 173). Defendants and the EEOC were not able to come to an agreement regarding redaction of the other complaints of harassment. Accordingly, on February 25, 2010, ABM Janitorial – Northern California produced all documents responsive to the EEOC's Requests Nos. 1 and 3 with the appropriate redactions as ordered by this Court. On March 17, 2010, having failed to reach an agreement regarding redactions, the parties requested a

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFENDANTS' OPPOSITION TO
EEOC'S REQUEST FOR ORDER TO
REVEAL REDACTED INFORMATION

2.

CASE NO. 1:07 CV 01428 LJO JLT

telephonic conference to resolve this dispute.

## III. ARGUMENT

**A.    The Information Sought By The EEOC Is, Without Question, Protected By The Right To Privacy.**

Federal courts recognize a right to privacy that can be raised in response to discovery requests. *Del Campo v. American Corrective Counseling Servs.*, 2009 U.S. Dist. LEXIS 103771, at *4-5 (N.D. Cal. Oct. 23, 2009). Both federal and state courts have specifically held that individuals have a privacy interest in not having personal information such as their names and addresses disclosed. *Cook v. Yellow Freight Sys.*, 132 F.R.D. 548, 551 (E.D. Cal. 1990), citing, *Heights Cmty. Congress v. Veterans Admin.*, 732 F.2d 526, 529-30 (6th Cir. 1984), cert. denied, 469 U.S. 1034 (1984); *Wine Hobby, U.S.A. v. IRS*, 502 F.2d 133, 137 (3rd Cir. 1974); *Davies v. Superior Court*, 36 Cal. 3d 291, 204 (1984); *Denari v. Superior Court*, 215 Cal. App. 3d 1488 (1989). Employees "unquestionably have a legitimate expectation of privacy in their addresses and telephone numbers." *Crab Addison, Inc. v. Superior Court*, 169 Cal. App. 4th 958, 966 (2008)[1]. Employees give such personal information to their employers as a condition of employment and with the expectation that the information will not be disclosed externally, which is a reasonable expectation in light of employers' usual confidentiality customs and practices. *Id.* The personal contact information sought by the EEOC in this instance is clearly the type of private information that should be protected from disclosure, absent some compelling interest.

**B.    The Information Sought By The EEOC Has Insufficient Relevance To Overcome ABM's Privacy Objections.**

The right of privacy does not present an absolute bar to discovery but rather must be balanced against the need for the claimed information. *See, e.g. Ragge v. MCA/Universal Studios*, 165 FRD 601, 604 (C.D. Cal. 1995). Accordingly, discovery of a non-party's contact information

---

[1] Regarding an assertion of privacy, as a matter of comity, federal courts should attempt to ascertain what interests inspire relevant state doctrine and should take into account the views of state authorities about the importance of those interests. *Cook v. Yellow Freight Sys.*, 132 F.R.D. 548, 550 (E.D. Cal. 1990), citing, *Kelly v. City of San Jose*, 114 F.R.D. 653, 656 (N.D. Cal. 1987).

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO EEOC'S REQUEST FOR ORDER TO REVEAL REDACTED INFORMATION    3.    CASE NO. 1:07 CV 01428 LJO JLT

may be properly prohibited where the information violates the right to privacy and is not necessary to a fair trial of the matter. *Puerto v. Superior Court*, 158 Cal. App. 4th 1242, 1254 (2008); *Ragge*, 165 FRD at 604. For example, in *Morales v. Superior Court*, 99 Cal. App. 3d 283 (1979), the court concluded that while the discovery of names, addresses, and telephone numbers of persons with whom the plaintiff had extramarital affairs was relevant to the subject matter of the action, the compelled disclosure of that information would violate the participants' privacy rights and was not necessary to obtain a fair trial: a fair trial could be had by compelling the plaintiff to disclose whether and when he had extramarital affairs without giving the identities and contact information of the other participants. *Id.*

Here, disclosure of identifying information of other complainants of sexual harassment would constitute a serious invasion of privacy, yet this information has little to no relevance to the instant litigation. ABM has already produced the redacted versions of the other complaints of sex harassment, which contain all the relevant information the EEOC may need to use in support of its pattern and practice claims. As noted by the Court in its February 5, 2010 Order, at the time of the production at issue, the EEOC was no longer permitted to name additional claimants as parties to this litigation. Additionally, the other complainants and harassers are not potential witnesses as they are completely unrelated to the claimants in this lawsuit. Therefore, there is no plausible explanation for why the EEOC needs identifying information of the individuals in the other complaints. A fair trial can be had by compelling ABM to turn over complaints of other harassment without giving the identities and contact information of the other complainants and harassers, which is exactly what the Court has already ordered.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court deny the EEOC's Request for an Order that Defendants reveal previously redacted information in the produced sex harassment investigation documents.

| | | |
|---|---|---|
| | | LITTLER MENDELSON |
| Date: March 22, 2010 | By: | _____/s/_____ |
| | | KEITH A. JACOBY |
| | | LAURA E. HAYWARD |
| | | Attorneys for Defendants |
| | | ABM Industries Incorporated; ABM Janitorial Services, Inc. and ABM Janitorial Services - Northern California, Inc. |

Firmwide:94734423.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFENDANTS' OPPOSITION TO EEOC'S REQUEST FOR ORDER TO REVEAL REDACTED INFORMATION    5.    CASE NO. 1:07 CV 01428 LJO JLT

## PROOF OF SERVICE BY MAIL

I am employed in San Francisco, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 650 California Street, 20th Floor, San Francisco, California, 94108. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. On March 22, 2010, I placed with this firm at the above address for deposit with the United States Postal Service a true and correct copy of the within document:

**DEFENDANTS' OPPOSITION TO PLAINTIFF EEOC'S REQUEST FOR ORDER THAT DEFENDANTS REVEAL CERTAIN REDACTED INFORMATION**

in a sealed envelope, postage fully paid, addressed as follows:

Jose Vasquez
1300 E. 9th Street
Bakersfield, CA  93307

Following ordinary business practices, the envelope was sealed and placed for collection and mailing on this date, and would, in the ordinary course of business, be deposited with the United States Postal Service on this date. I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on March 22, 2010 at San Francisco, California.

_____
Anne Kawase

Firmwide:86040372.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

PROOF OF SERVICE                    CASE NO. 1:07 CV 01428 LJO JLT