# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFF'S ONE THROUGH EIGHT<br><br>    Plaintiff-Intervenors<br>v.<br><br>ABM INDUSTRIES INCORPORATED, et al.<br><br>    Defendants. | 1:07-cv-01428 LJO JLT<br><br>ORDER DENYING THE EEOC'S MOTION TO RECONSIDER THE COURT'S ORDER REQUIRING REDACTION OF CERTAIN IDENTIFYING INFORMATION<br><br>(Doc 148) |

On February 5, 2010, the Court granted in part and denied in part, the EEOC's motion to compel ABM Janitorial Services Northern California ("ABMNC") to produce documents responsive to written discovery. (Doc. 157.) In particular, the Court ordered ABMNC to produce documents related to sexual harassment complaints where the accused harasser was a non-supervisory employee. Id. However, the Court ordered ABMNC to redact personal identifiers as to complainants and accused harassers who had not yet been identified in this litigation as a claimant or as an alleged harasser. Id. The Court's rationale for the redaction order was to preserve the privacy interests of these third parties in light of the fact that

1

they had not agreed to participate in the litigation and because the time for naming additional claimants had passed.[1] In this current motion for reconsideration, the EEOC requests the Court reconsider its earlier ruling and order ABMNC to produce the sexual harassment at issue without any redaction.[2]

### Factual and Procedural Background

In this case, the EEOC alleges that the defendants engaged in a unlawful pattern and practice of conduct that subjected the claimants to sexual harassment and provided them a hostile work environment.

Just before the close of discovery, on February 5, 2010, the Court ruled on the EEOC's motion to compel . EEOC supported its request for the documents by asserting that this information would allow it to prepare its "pattern and practice" case. In the joint statement related to this dispute, the EEOC asserted,

> Here, the EEOC seeks to compel the documents of sexual harassment complaints that Defendant ABM Janitorial Services-Northern California received in order to (1) determine ABM Janitorial Services-Northern California's notice and response to sexual harassment complaints, (2) determine the effectiveness of ABM Janitorial Services-Northern California's policies and procedures, (3) gather information about ABM Janitorial Services-Northern California's 25th Affirmative defense (that it exercised reasonable care to prevent and correct promptly any sexually harassing behavior), and (4) determine liability for potential punitive damages.

(Doc. 149 at 21-22) After hearing argument on this matter, the Court ordered ABMNC to produce responsive documents but ordered redacted personal identifiers as to certain complainants and accused harassers. The order reads in pertinent part,

> On the documents produced, ABMNC is ordered to redact the names of the complainants and the harassers and other personal identifiers, so that only the first initials of the first and last name are shown. However, ABMNC may not redact the name of the complainant if the complainant is also a claimant in this current action. Likewise, ABMNC may not redact the documents as to the name of the alleged harasser if the alleged harasser has been identified as a harasser in this current litigation.

---

[1] In issuing its order, the Court was mindful that earlier in this case, the defendants produced to the EEOC the names and addresses of more than 4,000 current and former employees to allow contact with these individuals to determine whether they claimed that they suffered sexual harassment and/or wished to become involved in this litigation. (Doc. 156 at 2)

[2] The Court granted the EEOC 21 days from the date the documents were produced to meet and confer with ABMNC related to the redacted information and to file any request for reconsideration. ABMNC does not contend that the current motion is untimely.

(Doc. 118 at 9.) The Court ordered this discovery to be produced but only upon the premise that it related to the "pattern and practice" claim.[3] (Doc. 118 at 8)

In response to the Court's order, ABMNC produced six sexual harassment complaints and related investigatory documentation in the redacted format ordered by the Court. Based upon the extensive discovery done in this case, the EEOC admits that it has high confidence that it knows the identities of four of the six complainants and is relatively certain as to the other two. Despite this, the EEOC remains unsatisfied with the redacted version of the documents and filed the instant motion.

The EEOC asserts that the redacted information is needed for two reasons. First, because the Plaintiff alleges "that Defendants engaged in a pattern or practice of sex harassment wherein proof that Defendants' standard operating procedure was to fail to respond to complaints is central." Second, because the information is needed to address the Ellerth-Faragher affirmative defense plead by the defendants. To further support the need for this information, the EEOC explains that, "Only by obtaining the full names and identifying information will EEOC be able to ascertain whether said persons have interacted with claimants in this case; and/or whether they involved alleged harassers or management officials who were aware of the standard operating procedure of tolerating sex harassment."

## Analysis

### A.    Motion for Reconsideration

Although the EEOC styles its motion as a "Request for an Order Requiring that Redacted Information in Sexual Harassment Complaints be Revealed," because the redaction occurred as a result of the Court's February 5, 2010 order, because the motion refers to and relies upon the Court's order and because the time for filing non-dispositive, discovery motions has expired, it is plain that this motion is, truly, a motion for reconsideration.

For the EEOC to prevail on its current motion, it is charged with the burden of setting forth facts or law of a strongly convincing nature to convince the Court that its earlier decision was erroneous. See, e.g., Kern-Tulare Water Dist. v. City of Bakersfield, 634 F.Supp. 656, 665 (E.D.Cal. 1986), aff'd in part

---

[3] In a related order, the Court limited the EEOC's ability to add new claimants to the litigation based upon the procedural posture of the case. (Doc. 156)

1  and rev'd in part on other grounds, 828 F.2d 514 (9th Cir. 1987).  In the same vein, Local Rule 230(j)
2  requires the EEOC to demonstrate "(3) what new or different facts or circumstances claimed to exist
3  which did not exist or were not shown upon such prior motion, or what other grounds exist for the
4  motion; and (4) why the facts or circumstances were not shown at the time of the prior motion."
5  Motions to reconsider are committed to the discretion of the trial court. Rodgers v. Watt, 722 F.2d 456,
6  460 (9th Cir. 1983) (en banc); Combs v. Nick Garin Trucking, 263 U.S. App. D.C. 300, 825 F.2d 437,
7  441 (D.C.Cir. 1987).  Nevertheless, as discussed below, the EEOC provides little justification or legal
8  authority upon which the Court may rely to reverse itself.

**B.    The EEOC has failed to support its motion with sufficient factual or legal support**

Although the EEOC seeks an order requiring ABMNC to produce unredacted versions of the documents, the EEOC failed to provide the Court copies of the documents at issue or admissible descriptions of them and failed to describe the information that had been redacted.[4,5]  Instead, at oral argument, the EEOC briefly summarized the investigations ABMNC conducted in four of the six sexual harassment complaints at issue.  In the first complaint, two different ABMNC employees spoke to the complaining party.  In the second, ABMNC did not talk to the complaining party because she had filed an EEOC complaint already.  In the third, the interview of the complaining party was taken by a non-Human Resources employee.  Finally, in the fourth complaint, ABMNC relied upon the statement given to the police and did not interview the complaining party because the complainant was a juvenile and was in police custody at the time.

Although the EEOC did not describe any of the other sexual harassment complaints produced by the defendants during discovery before this current dispute, the EEOC admitted that it has found no

---

[4] For example, upon review of the EEOC's moving papers, it appears that no personal identifiers were left unredacted. However, at oral argument the EEOC revealed that names of three accused harassers were not redacted because--consistent with the Court's order--they had already been identified in the current litigation.  Moreover, upon questioning by the Court, the EEOC's attorney could not articulate the specific information that had been redacted on each complaint.  Thus, the Court continues to be uncertain as to the exact information that was redacted on each complaint.

[5] For example, in its moving papers, the EEOC indicates that "witness" information was redacted.  Based upon the oral argument presented however, it is now clear that when the EEOC refers to "witness" information, it is referring to information related to the complaining parties or the accused harassers in the six complaints at issue rather than to a non-victim, non-harasser witness to the alleged sexual harassment.

4

evidence that the defendants *ever* inaccurately documented the content of any of its sexual harassment investigations, including those investigations involving the claimants in this case. Moreover, the EEOC did not assert that it believed that ABMNC inaccurately described its investigatory efforts related to the six sexual harassment complaints at issue in this motion. However, the EEOC asserts that the redacted information is needed to show ABMNC's "pattern and practice" when investigating these sexual harassment complaints.

Likewise, rather than identifying the particular information that the EEOC seeks, it makes a blanket request that *all* information that ABMNC redacted should be provided without any particularized showing as to any unique category of information. It is against this factual backdrop, that the Court decides the current motion.

1. <u>Providing the redacted information will not demonstrate ABM's policies and procedures for addressing sexual harassment claims.</u>

"A § 706 claim involves the rights of aggrieved *individuals* challenging an unlawful employment practice on an individual or class-wide basis, whereas a § 707 claim involves a pattern-or-practice of *systemic* discrimination challenging widespread discrimination throughout a company on a group basis. <u>United States EEOC v. Scolari Warehouse Mkts., Inc.</u>, 488 F. Supp. 2d 1117, 1143 (D. Nev. 2007) Therefore, to prove its "pattern and practice" case, the EEOC must show that ABMNC knew or should have known of a widespread problem of severe and pervasive sexual harassment and failed to take effective and widespread steps to address it. <u>EEOC v. Mitsubishi Motor Mfg. of Am.</u>, 990 F. Supp. 1059, 1076 (C.D. Ill. 1998).

As its primary argument, the EEOC asserts that the redacted information is needed to demonstrate that ABMNC failed to have proper policies and procedures in place for addressing sexual harassment complaints. As noted above, the Court has no information about the nature of the sexual harassment complaints produced by the defendants in the past or those currently before the court in this motion. Likewise, the Court has only minimal information about four of the six investigations conducted as to the six sexual harassment complaints at issue. Thus the Court cannot draw any conclusion about ABM's investigation methodology, whether it employs the same method of

investigation every time or whether there are any similar characteristics in the complaints previously produced and the six at issue here. The Court has a similar dearth of information as to how revealing the identifying information about the non-party complainants and accused harassers involved in these six complaints, could possibly document ABM's policies or practices, let alone prove that these policies were unlawful. Moreover, although the EEOC asserted that identifying the complainants and accused harassers would allow them to be called as rebuttal witnesses, the EEOC did not explain why rebuttal testimony may be needed or upon what general topics these witnesses would testify. Clearly, the testimony would not rebut the investigation that ABMNC conducted because, as noted above, the EEOC is not asserting that ABMNC inaccurately documented its investigatory efforts. Therefore, the EEOC has failed to demonstrate any basis upon which the Court could conclude that it erred in ordering the information redacted.[6]

2. <u>Providing the redacted information will not address the Ellerth-Faragher defense</u>

As a secondary argument, the EEOC asserts that the redacted information is necessary because it bears on ABM's use of the <u>Ellerth-Faragher</u> defense. This defense asserts that ABMNC exercised reasonable care to prevent and correct promptly any sexually harassing behavior and that the plaintiff-employee unreasonably failed to take advantage of any preventive or corrective opportunities provided or to avoid harm otherwise. <u>Burlington Indus. v. Ellerth</u>, 524 U.S. 742, 765 (U.S. 1998).

In <u>Faragher v. City of Boca Raton</u>, 524 U.S. 775, 780, the Court held that "an employer is vicariously liable for actionable discrimination caused by a supervisor, **but subject to an affirmative defense looking to the reasonableness of the employer's conduct as well as that of a plaintiff victim.**" Emphasis added. Therefore, because ABMNC must prove that each *individual* claimant/plaintiff failed to use the preventative or corrective devices that it had in place, it is clear that the <u>Ellereth-Faragher</u> defense may be raised affirmatively as to a claim by an *individual* that she suffered

---

[6] The moving papers seem to argue that the complaints are admissible to demonstrate that ABMNC knew or should have known about the hostile work environment and/or to prove each individual's claim of that she suffered a hostile work environment. However, the admissibility of the documents is not at issue in the current motion. Likewise, the EEOC has failed to demonstrate that a decision as to admissibility of the document would be impacted whether the redacted information is provided.

6

sexual harassment. It is not a defense to a class-based pattern and practice claim.

The Court's February 5, 2010 order prohibited ABMNC from redacting the names of any complainant who was is a claimant or intervening plaintiff in this litigations. Therefore, because there is no indication that ABMNC failed to comply with the Court's order, these six sexual harassment complaints relate to third parties to this lawsuit. Thus, the documents cannot speak to whether any of the individual claimants/plaintiffs involved in this litigation sought the assistance of any ABM-provided preventative or corrective devices. Therefore, the EEOC has failed to explain how the redacted information would relate to the Ellerth-Faragher defense.

3.  The EEOC has failed to demonstrate that the accused harassers' knowledge of deficient ABMNC policies and procedures has any bearing on the issues raised in this case.

In support of its motion, the EEOC asserts that unless they know the identifying information for the accused harassers, they will not be able to determine whether the accused harassers "were aware of [ABM's] standard operating procedure of tolerating sex harassment."[7] The EEOC fails to explain how determining the knowledge of the accused harassers regarding these policies would prove any element of its case in chief or any element of any affirmative defense. Notably, the EEOC's First Amended Complaint names only the various ABM entities and no individuals. Thus, the EEOC has failed to demonstrate that the Court erred in failing to order unredacted copies of the complaints on this basis.

4.  The EEOC has failed to present evidence that the redacted information impacts the expert analysis of this case.

The EEOC provided a declaration of Michael Robbins who attests that he provides expert witness services in employment discrimination cases and investigation or supervision of workplace investigations. Mr. Robbins' conclusory declaration asserts that unless he has the identifying information that was redacted from the complaints, he will find it "difficult" to assess ABM's "response in each instance; and how said response might impact Defendant's general practices and procedures with

---

[7] The EEOC asserts also that *only* with this information will they be able to determine whether the claimants in this case "interacted" with the complainants in the six sexual harassment complaints at issue. However, clearly, this can be accomplished by simply asking the claimants if they were aware of the acts of sexual harassment described in the complaints without need for a Court order "unredacting" the complaints.

respect to preventing and correcting sexual harassment allegations." Mr. Robbins concludes further that having this information would provide him "a context as to what happened in each circumstance, help me identify any repeat complaints or offenders, and the level of effectiveness of Defendants' response in each circumstance" and that it would be "very effective" in his "assessment of Defendants' claims that it properly responded to sexual harassment complaints."

This declaration provides the Court no assistance with its determinations here. Rather than providing the Court any facts explaining *how* it would assist the expert, it provides only bare conclusions. For example, the Court is left to wonder how the name of the complainant would assist Mr. Robbins in determining whether ABM's response to the complaint impacted ABM's general practices and procedures. Likewise, the Court can only guess at how Mr. Robbins' knowledge of the accused harasser's drivers' license number, social security number or, for that matter, his name, would provide him a "context" as to what happened during the act of sexual harassment alleged in a complaint. In short, Mr. Robbins fails completely to explain to the Court *how* the redacted information would assist him and, instead, only *concludes* that it would. Therefore, the EEOC has failed to demonstrate that the Court erred in ordering the information redacted.

ORDER

Based on the foregoing, the EEOC's motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated: **March 31, 2010**                                        /s/ Jennifer L. Thurston
                                                                                        UNITED STATES MAGISTRATE JUDGE