Anna Y. Park, SBN 164242
Elizabeth Esparza-Cervantes, SBN 205412
Lorena Garcia, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301
Attorneys for Plaintiff U.S. E.E.O.C.

Stan Mallison, SBN 184191
Hector R. Martinez, SBN 206336
Marco A. Palau, SBN 242340
Law Offices of Mallison & Martinez
1042 Brown Ave., Suite A
Lafayette, CA 94549
Telephone: (925) 283-3842
Facsimile: (925) 283-3426
Attorneys for Plaintiffs-in-Intervention

(Attorney recitals cont. on next page)

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff-Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED, et al.,<br><br>Defendants. | CASE NO. 1:07-CV-01428 LJO-JLT<br><br>**JOINT STIPULATION RESOLVING DISPUTES OVER DEFENDANTS' SUBPOENAS OF CERTAIN CLAIMANTS' EMPLOYMENT RECORDS; ORDER** |

1  KEITH A. JACOBY, Bar No. 150233
2  LITTLER MENDELSON
3  A Professional Corporation
   2049 Century Park East, 5th Floor
4  Los Angeles, CA  90067.3107
5  Telephone:  (310)553-0308
   Facsimile:   (310)553-5583
6  kjacoby@littler.com
7
8  Laura Hayward, SBN 204014
   LITTLER MENDELSON
9  650 California St., 20th Floor
10 San Francisco, CA 91408-2693
   Telephone: (415) 433-1940
11 Facsimile: (415) 399-8490
12 lhayward@littler.com
   Attorneys for Defendants
13 ABM Industries Incorporated, ABM Janitorial Services, Inc. & ABM Janitorial
14 Northern Califorina

15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

On or about February 22, 2010, Defendants issued the following ten third party subpoenas: Teresa Sanchez (subpoena to SCOBM), Maria Quintero (subpoena to IHOP), Hilda Gomez (subpoena to VF Outdoor), Delia DeMejia (subpoena to V&A Janitorial), Martha Castaneda Garcia (subpoena to Ruiz Foods), Gloria Bernal (subpoena to TransWest Security Services), Patricia DeVera (subpoena to Beacon Property Management), Maria Socorro Zapien (subpoena to Zapien Electric), Maria Magana (subpoena to Varsity Contractors), and Maria Cantoral (subpoena to WM Bolthouse Farms).

Defendants and Plaintiffs (EEOC and Plaintiff-Interveners) disagree on the subpoenas' timeliness and the merits of Defendants' ability to obtain and use the documents specified in the subpoenas. However, in order to facilitate a resolution of this matter without Court intervention, the parties stipulate, subject to Court approval, to resolve the matter as follows:

### I. Defendant Will Withdraw Six Subpoenas

Defendant will withdraw the subpoenas regarding Maria Quintero (subpoena to IHOP), Hilda Gomez (subpoena to VF Outdoor), Delia DeMejia (subpoena to V&A Janitorial), Martha Castaneda Garcia (subpoena to Ruiz Foods), Gloria Bernal (subpoena to TransWest Security Services), and Patricia DeVera (subpoena to Beacon Property Management) ("Section I Claimants). In exchange for Defendants' withdrawal of the subpoenas, the EEOC agrees to not present evidence of ongoing emotional distress damages regarding the claims of Maria Quintero, Hilda Gomez, Delia DeMejia, Martha Castaneda Garcia, Gloria Bernal, and Patricia DeVera in any proceeding before or at the trial of this case. EEOC also agrees to provide all W-2 and/or paycheck stubs regarding mitigation of the backpay claim of any of the listed women.

The stipulation does not affect or limit any argument or claim that EEOC may have to seek damages incurred during Section I Claimants' employment for pain and suffering, emotional distress, indignity, loss of enjoyment of life, loss of

1  self-esteem, humiliation, including claims for "garden-variety" emotional distress,
2  in amounts to be determined at trial. *See, e.g., Turner v. Imperial Stores*, 161
3  F.R.D. 89, 97 (S.D. Cal. 1995)(leading case concluding that "garden-variety"
4  claims for emotional distress do not justify compelling psychiatric examinations
5  under Rule 35). For Section I Claimants, EEOC does not intend to present at trial
6  any medical records, expert testimony, or treating physician's testimony in support
7  of their claims for damages. Further, this stipulation does not waive any privilege
8  against disclosure of the records at issue that Plaintiff may have in seeking "garden
9  variety" damages for the Section I Claimants.

10 **II.    Attorneys Eyes Only Review of Four Subpoenas**

11         As for the subpoenas relating to Teresa Sanchez (subpoena to SCOBM),
12 Maria Socorro Zapien (subpoena to Zapien Electric), Maria Magana (subpoena to
13 Varsity Contractors), and Maria Cantoral (subpoena to WM Bolthouse Farms)
14 ("Section II Claimants"), no limitation on claims has been agreed upon. The
15 parties nevertheless agree that Wheels of Justice will produce all documents related
16 to Section II Claimants at the same time only to the attorneys for Plaintiffs and
17 attorneys for Defendants. The parties agree that the documents related to Section
18 II Claimants are to be reviewed by "attorneys eyes only." If the attorneys for
19 Defendants believe that they should be able to use any of the subpoenaed
20 documents related to Section II Claimants for any other purposes in this litigation,
21 including motion practice and trial, then they need to notify the attorneys of the
22 other parties to begin the meet and confer process no later than two weeks of the
23 receipt of the subpoenaed documents. If an agreement cannot be reached within
24 one month of receiving said documents, then Plaintiffs may seek a protective order
25 against any use beyond review by the attorneys.

26         For any documents related to Section II Claimants that the parties agree will
27 not be used in this case, Defendants will destroy said documents and copies of any
28 such documents, as well as notes and copies of notes regarding said documents.

1 Defendants also agree to not use information obtained from any documents that the
2 parties agree will not be used.

3 **III.   Preservation of Objections**

4       The foregoing agreement is solely meant to resolve a discovery dispute
5 amongst the parties.  It does not constitute a waiver or withdrawal of any objection
6 to Defendants' use of obtained documents at an eventual trial of this case or
7 potential defenses or claims that that parties can raise, except as specifically listed
8 by the EEOC regarding ongoing emotional distress damages and back and front
9 pay for specified claimants.  Nothing in this stipulation should be construed as

10 ///
11 ///
12 ///
13 ///
14 ///
15 ///
16 ///
17 ///
18 ///
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

1 having any precedential value as to what the parties would agree to in any other
2 litigation.

3

4 **It is so stipulated.**

5                                          Respectfully submitted,

6                                          U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

7

8 Date:                              By: _____
9                                          Anna Y. Park
                                         Elizabeth Esparza-Cervantes
10                                          Lorena Garcia
                                         Attorneys for Plaintiff U.S. EEOC

11

12                                          LAW OFFICES OF MALLISON & MARTINEZ

13 Date:                              By: /s/ *Stan Mallison via consent to sign*
14                                          Stan Mallison
                                         Hector R. Martinez
15                                          Attorneys for Plaintiff- Intervenors

16

17                                          LITTLER MENDELSON

18 Date:                              By: _____
19                                          Keith Jacoby
20                                          Laura Hayward
                                         Attorneys for Defendant
21                                          ABM Industries Incorporated, ABM
22                                          Janitorial Services, Inc., and ABM
                                         Janitorial- Northern California

23

24

25

26

27

28

1 **ORDER**

2   For good cause shown, the stipulation of the parties related to the current
3 discovery dispute is approved to the extent that it is consistent with the Scheduling
4 Order.  All non-dispositive motions must be filed within the timeframes set forth in
5 the Scheduling Order or leave of the Court, based upon a showing of good cause to
6 modify the Scheduling Order, must be obtained before filing any such motion.

7
8
9
10 IT IS SO ORDERED.

11   Dated:   **April 9, 2010**            **/s/ Jennifer L. Thurston**
                                            UNITED STATES MAGISTRATE JUDGE
12