**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFF'S ONE THROUGH EIGHT<br><br>　　　　　Plaintiff-Intervenors<br>　v.<br><br>ABM INDUSTRIES INCORPORATED, et al.<br><br>　　　　　Defendants. | 1:07-cv-01428 LJO JLT<br><br>ORDER PURSUANT TO STIPULATION TO MODIFY SCHEDULING ORDER RELATED TO EXPERT DISCOVERY; ORDER SETTING SETTLEMENT CONFERENCE<br><br>(Doc 209) |

**A.   Expert Discovery**

On April 9 2010, the parties filed a joint stipulation to amend the deadlines related to expert discovery. The stipulation outlines that the defendants believe that the expert disclosures made by the EEOC and the Plaintiff-Intervenors were insufficient. These parties have agreed to amend their disclosures before the defendants are required to designate rebuttal experts. The EEOC has agreed to make this amended disclosure by April 29, 2010. The Plaintiff Intervenors have agreed to make their amended disclosure by May 14, 2010. The Plaintiff Intervenors state that their expert "requests additional time" as justification for the extended deadline, without any explanation why this additional

time is needed. This explanation does not demonstrate the "good cause" showing required for modifying the Scheduling Order especially in light of the fact that the expert's report should have been complete when provided originally.

Under the stipulation, the timing of the Plaintiff-Intervenor's amended disclosure would delay the defendants' rebuttal expert designation until June 11, 2010 with an expert discovery cut-off on June 30, 2010. This deadline would be a mere two weeks before the pre-trial conference and allows no time for expert discovery motions. Because this poses the substantial potential for interference with a substantive pretrial conference and jeopardizes the trial date, the Court cannot agree to this stipulation.

However, in light of the parties' cooperation toward completing meaningful expert discovery, the Court will amend the Scheduling Order as follows:

1. Plaintiff's/Plaintiff-Intervenor's Amended Expert Disclosure - To be served in such a manner so that it is received by the defendants no later than April 27, 2010;

2. Defendants' rebuttal expert disclosure - To be served in such a manner so that it is received by the Plaintiff/Plaintiff-Intervenor's no later than May 11, 2010;

3. Expert Discovery to be completed (with motions heard) no later than June 11, 2010.

**B.    Settlement Conference**

The Scheduling Order, issued on July 28, 2009, confusingly, indicates on the cover sheet "Settlement Conf.: None set." In the body of the Order it reads, "A settlement conference will not be set at this time." However, in the same paragraph, it reads, "This Court sets a settlement conference for May 25, 2010 at 10:30 a.m. in Department 10 before United States Magistrate Judge Gary S. Austin." Given this confusion, it is unclear whether a settlement conference was scheduled or intended to be scheduled at that time.

Given the ambiguity of the Order, the Court now orders, unequivocally, that a settlement conference will be held on May 28, 2010 at 9:00 a.m. at the United States Bankruptcy Courtroom at 1300 18th Street, Bakersfield, California. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the settlement conference with the parties and the person or persons having full authority to negotiate and settle the case, on any terms, at the conference. If the

attorneys are vested with full settlement authority, no other person is required to attend.

At least five (5) court days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judges chambers by email to JLTorders@caed.uscourts.gov, a Confidential Settlement Conference Statement. The statement **should not be filed** with the Clerk of the Court **nor served on any other party**, although the parties may file a Notice of Lodging of Settlement Conference Statement. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement. This Court will vacate the settlement conference if the Court finds the settlement conference will be neither productive nor meaningful to attempt to resolve all or part of this case. As far in advance of the settlement conference as possible, a party shall inform the Court and other parties that it believes the case is not in a settlement posture so the Court may vacate or reset the settlement conference. Otherwise the parties shall proceed with the settlement conference in good faith to attempt to resolve all or part of the case.

**ORDER**

In summary, the Court ORDERS:

1. The Scheduling Order will be amended as follows:
    A. Plaintiff's/Plaintiff-Intervenor's amended expert disclosure will be served so that it is received by the defendants no later than April 27, 2010;
    B. Defendants' rebuttal expert disclosure will be served so that it is received by the Plaintiff/Plaintiff-Intervenor's no later than May 11, 2010;
    C. Expert discovery will be completed (with motions heard) no later than June 11, 2010.
2. A settlement conference will be set on May 28, 2010 at 9:00 a.m. at the United States Bankruptcy Courtroom at 1300 18th Street, Bakersfield, California

IT IS SO ORDERED.

Dated:   **April 12, 2010**                                                    **/s/ Jennifer L. Thurston**

UNITED STATES MAGISTRATE JUDGE