# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT<br><br>        Plaintiff,<br><br>    and<br><br>ERIKA MORALES, et al.<br><br>        Plaintiff Intervenors,<br><br>    vs.<br><br>ABM INDUSTRIES INCORPORATED, et al.,<br><br>        Defendants.<br>_____/ | CASE NO. CV F 07-1428 LJO JLT<br><br>**ORDER ON REQUESTS TO EXTEND MOTION DATES AND TO EXCEED PAGE LIMITS**<br>(Doc. 216.) |

## BACKGROUND

In this Title VII sexual harassment action, the parties seek to extend the summary judgment motion filing and hearing deadlines and to exceed this Court's briefing page limits. The July 28, 2009 further scheduling order set a May 7, 2010 deadline to file motions and a June 14, 2010 motion hearing deadline. Magistrate Judge Thurston has repeatedly admonished the parties that scheduled dates are

1

firm.

## EXTENSION OF MOTION DATES

Pursuant to F.R.Civ.P. 16(b)(3), district courts must enter scheduling orders to establish deadlines for, among other things, "to file motions" and "to complete discovery." Scheduling orders may also "set dates for pretrial conferences and for trial." F.R.Civ.P. 16(b)(4). "A schedule may be modified only for good cause and with the judge's consent." F.R.Civ.P. 16(b). The scheduling order "controls the course of the action unless the court modifies it." F.R.Civ.P. 16(d).

Scheduling orders "are the heart of case management," *Koplve v. Ford Motor Co.*, 795 F.2d 15, 18 (3rd Cir. 1986), and are intended to alleviate case management problems. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992). A "scheduling conference order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril." *Johnson*, 975 F.2d at 610. In *Johnson*, 975 F.2d at 609, the Ninth Circuit Court of Appeals explained:

> . . . Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed.R.Civ.P. 16 advisory committee's notes (1983 amendment) . . . Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief. . . . [T]he focus of the inquiry is upon the moving party's reasons for seeking modification. . . . If that party was not diligent, the inquiry should end.

Parties must "diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999); *see Marcum v. Zimmer*, 163 F.R.D. 250, 254 (S.D. W.Va. 1995). In addressing the diligence requirement, this Court has noted:

> Accordingly, to demonstrate diligence under Rule 16's "good cause" standard, the movant may be required to show the following: (1) that she was diligent in assisting the Court in creating a workable Rule 16 order, *see In re San Juan Dupont*, 111 F.3d at 228; (2) that her noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference, *see Johnson*, 975 F.2d at 609; and (3) that she was diligent in seeking amendment of the Rule 16 order, once it became apparent that she could not comply with the order, *see Eckert Cold Storage*, 943 F.Supp. at 1233.

*Jackson*, 186 F.R.D. at 608.

Moreover, this Court's Local Rule 6-144(d) provides:

> Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent. Requests for Court-approved extensions brought on the required filing date for the pleading or

other documents are looked upon with disfavor.

The parties seek the motion extensions because they have recently set mediation sessions. That is not diligence. This action has been pending since September 28, 2007, more than two and a half years. The parties agreed to the June 14, 2010 motion hearing deadline. For months, the parties have known of looming deadlines and at the last minute seek to extend them in blatant disregard of cramming, inconveniencing and overburdening this Court, which carries one of the highest caseloads in the nation. Morever, the parties mindlessly ignore that they attempt to set the hearing date on the very day of the pretrial conference. Acceptance of the parties' stipulation would compel this Court to reset the pretrial conference and further cram, inconvenience and burden it with the myriad of trial filings and deadlines, including motions in limine. The request to move the motion deadlines is a discourtesy to this Court. This Court will not inconvenience and burden itself to mitigate the parties' dilatory preparation or management of this action. This Court will not reward the parties' treatment of the scheduling order as a frivolity. As such, this Court DENIES the parties' request to extend the motion dates and ADMONISHES the parties that this Court will hold firm to the set dates.

## **PAGE LIMITS**

Defendants seek leave to exceed this Court's briefing limits for points and authorities for two of three anticipated summary judgment motions. Plaintiffs seek leave to exceed this Court's briefing limits for points and authorities to oppose corresponding summary judgment motions. This Court treats briefs in excess of page limits as a necessity, not a luxury to be taken lightly. This Court PERMITS defendants to file two opening summary judgment briefs not to exceed 40 pages on the condition that such briefs are **well-organized, clear and succinct and avoid unnecessary duplication**. This Court PERMITS plaintiffs to file two opposition summary judgment briefs not to exceed 40 pages on the condition that such briefs are **well-organized, clear and succinct and avoid unnecessary duplication**. This Court PERMITS defendants to file two reply summary judgment briefs not to exceed 15 pages on the condition that such briefs are **well-organized, clear and succinct and avoid unnecessary duplication**. All other briefing shall conform to the Standing Order page limits of this Court, unless this Court orders otherwise.

///

**FILING UNDER SEAL**

The parties are permitted to file under seal papers to comply with the protective order.

IT IS SO ORDERED.

**Dated:    April 30, 2010**                         /s/ Lawrence J. O'Neill
                                                              UNITED STATES DISTRICT JUDGE