LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone:   415.433.1940
Email: lhayward@littler.com

KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone:   310.553.0308
Facsimile:    310.553.5583
Email: kjacoby@littler.com

Attorneys for Defendants
ABM INDUSTRIES INCORPORATED; ABM
JANITORIAL SERVICES, INC. and ABM
JANITORIAL NORTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>　　　　Plaintiff Intervenors,<br><br>　　v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOE VASQUEZ; Does 1 - 10 inclusive,<br><br>　　　　Defendants. | Case No. 1:07 CV 01428 LJO-LJT<br><br>**ABM DEFENDANTS' NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION RE: BAKERSFIELD CLAIMANTS/INTERVENERS PURSUANT TO F.R.C.P. 56(D)**<br><br>Hearing Date:  June 17, 2010<br>Time:              8:30 a.m.<br>Judge:             Lawrence J. O'Neill<br>Courtroom:     4<br><br>**REDACTED VERSION** |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION**    　　　　　　　**CASE NO. 1: 07 CV 01428 LJO-JLT**

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 17, 2010 at 8:30 a.m., in the above-entitled Court located at 2500 Tulare Street, Fresno, California, 93721, Defendants ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL SERVICES - NORTHERN CALIFORNIA, INC. ("Defendants") will and hereby do move the Court for an Order Granting Summary Adjudication re: Bakersfield Claimants/ Interveners. Defendants are entitled pursuant to Federal Rule of Civil Procedure 56(d) to a summary adjudication that there are no triable issues of fact as to the following issues:

1. Defendants are entitled to judgment as to Claimant 2's second, fourth, seventh, thirteenth and fourteenth causes of action for violations of the Fair Employment and Housing Act ("FEHA") because Plaintiff failed to file an administrative Charge within 1 year after the allegedly unlawful employment practice occurred. Cal. Gov. Code § 12965(b).

2. Defendants are entitled to judgment as to Claimant 3's second, fourth, seventh, thirteenth and fourteenth causes of action for violations of the FEHA because Plaintiff failed to file an administrative Charge within 1 year after the allegedly unlawful employment practice occurred. Cal. Gov. Code § 12965(b).

3. Defendants are entitled to judgment as to Claimant 2's eighth cause of action for false imprisonment because this claim is barred by the one year statute of limitations set forth by Cal. Code. Civ. Proc. §340(c).

4. Defendants are entitled to judgment as to Claimant 3's eighth cause of action for false imprisonment because this claim is barred by the one year statute of limitations set forth by Cal. Code. Civ. Proc. §340(c).

5. Defendants are entitled to judgment as to Erika Morales' eighth cause of action for false imprisonment because this claim is barred by the one year statute of limitations set forth by Cal. Code. Civ. Proc. §340(c).

6. Defendants are entitled to judgment as to Claimant 7's eighth cause of action for false imprisonment because this claim is barred by the one year statute of limitations set forth by

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION

1.

CASE NO. 1: 07 CV 01428 LJO-JLT

1  Cal. Code. Civ. Proc. §340(c).

2        7. Defendants are entitled to judgment as to Claimant 6's eighth cause of action for false imprisonment because this claim is barred by the one year statute of limitations set forth by Cal. Code. Civ. Proc. §340(c).

      8. Defendants are entitled to judgment as to Claimant 4's eighth cause of action for false imprisonment because this claim is barred by the one year statute of limitations set forth by Cal. Code. Civ. Proc. §340(c).

      9. Defendants are entitled to judgment as to Claimant 2's ninth cause of action for assault, the tenth cause of action for battery, the eleventh cause of action for intentional infliction of emotional distress, the twelfth cause of action for negligent infliction of emotional distress and the fifteenth cause of action for negligence because these claims are barred by the two year statute of limitations set forth by Cal. Code. Civ. Proc. §335.1.

      10. Defendants are entitled to judgment as to Erika Morales' ninth cause of action for assault, the tenth cause of action for battery, the eleventh cause of action for intentional infliction of emotional distress, the twelfth cause of action for negligent infliction of emotional distress and the fifteenth cause of action for negligence because these claims are barred by the two year statute of limitations set forth by Cal. Code. Civ. Proc. §335.1.

      11. Defendants are entitled to judgment as to Claimant 3's ninth cause of action for assault, the tenth cause of action for battery, the eleventh cause of action for intentional infliction of emotional distress, the twelfth cause of action for negligent infliction of emotional distress and the fifteenth cause of action for negligence because these claims are barred by the two year statute of limitations set forth by Cal. Code. Civ. Proc. §335.1.

      12. Defendants are entitled to judgment as to Claimant 7's ninth cause of action for assault, the tenth cause of action for battery, the eleventh cause of action for intentional infliction of emotional distress, the twelfth cause of action for negligent infliction of emotional distress and the fifteenth cause of action for negligence because these claims are barred by the two year statute of limitations set forth by Cal. Code. Civ. Proc. §335.1.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION    2.    CASE NO. 1: 07 CV 01428 LJO-JLT

13. Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 2 and the first, third, fifth and sixth causes of action for violations of Title VII alleged by Claimant 2 because Claimant 2 failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).

14. Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 7, and the first, third, fifth and sixth causes of action for violations of Title VII alleged by Claimant 7 because Claimant 7 failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).

15. Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 3, and the first, third, fifth and sixth causes of action for violations of Title VII alleged by Claimant 3 because Claimant 3 failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).

16. Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 8 because Claimant 8 failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).

17. Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 5 and the first, third, fifth and sixth causes of action for violations of Title VII, and the second, fourth, seventh, thirteenth, and fourteenth causes of action for violations of the FEHA alleged by Claimant 5 because Claimant 5 was not an employee of or an applicant for employment with Defendants. 42 U.S.C. § 2000e–2(a)(1)-(2); Cal. Gov't. Code § 12940(j)(1), (4)-(5).

18. Defendants are entitled to judgment as to claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 2, and the first and second causes of action for discrimination in violation of Title VII and FEHA alleged by Claimant 2, because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000); *Mixon v. Fair Employment and Housing Com.* 192 Cal. App. 3d 1306, 1318 (1987).

19. Defendants are entitled to judgment as to the claim for discrimination in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION
3.
CASE NO. 1: 07 CV 01428 LJO-JLT

violation of Title VII alleged by the EEOC on behalf of Claimant 3, and the first and second causes of action for discrimination in violation of Title VII and FEHA alleged by Claimant 3, because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000); *Mixon v. Fair Employment and Housing Com.* 192 Cal. App. 3d 1306, 1318 (1987). .

20. Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 7, and the first and second causes of action for discrimination in violation of Title VII and FEHA alleged by Claimant 7, because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000); *Mixon v. Fair Employment and Housing Com.* 192 Cal. App. 3d 1306, 1318 (1987).

21. Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 4 and the first and second causes of action for discrimination in violation of Title VII and FEHA alleged by Claimant 4, because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000); *Mixon v. Fair Employment and Housing Com.* 192 Cal. App. 3d 1306, 1318 (1987).

22. Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 6, and the first and second causes of action for discrimination in violation of Title VII and FEHA alleged by Claimant 6, because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000) *Mixon v. Fair Employment and Housing Com.* 192 Cal. App. 3d 1306, 1318 (1987).

23. Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 5, and the first and second causes of action for discrimination in violation of Title VII and FEHA alleged by Claimant 5, because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000) *Mixon v. Fair Employment and*

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION   4.   CASE NO. 1: 07 CV 01428 LJO-JLT

1 | *Housing Com.* 192 Cal. App. 3d 1306, 1318 (1987).

2 |       24. Defendants are entitled to judgment as to the claim for discrimination in
3 | violation of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable
4 | to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth*
5 | *Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

6 |       25. Defendants are entitled to judgment as to the claim for discrimination in
7 | violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable
8 | to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth*
9 | *Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

10 |       26. Defendants are entitled to judgment as to the claim for discrimination in
11 | violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable
12 | to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth*
13 | *Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

14 |       27. Defendants are entitled to judgment as to the claim for discrimination in
15 | violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable
16 | to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth*
17 | *Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

18 |       28. Defendants are entitled to judgment as to the claim for discrimination in
19 | violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable
20 | to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth*
21 | *Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

22 |       29. Defendants are entitled to judgment as to the claim for retaliation in violation
23 | of Title VII alleged by the EEOC on behalf of Claimant 2 and the sixth and seventh causes of action
24 | for retaliation in violation of Title VII and FEHA alleged by Claimant 2 because Plaintiff will be
25 | unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v.*
26 | *Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000) *Akers v. County of*
27 | *San Diego*, 95 Cal. App. 4th 1441, 1453 (2002).

28 |       30. Defendants are entitled to judgment as to the claim for retaliation in violation

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION    5.    CASE NO. 1: 07 CV 01428 LJO-JLT

of Title VII alleged by the EEOC on behalf of Claimant 3 and the sixth and seventh causes of action for retaliation in violation of Title VII and FEHA alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000); *Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1453 (2002).

31. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 7 and the sixth and seventh causes of action for retaliation in violation of Title VII and FEHA alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000); *Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1453 (2002).

32. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 4 and the sixth and seventh causes of action for retaliation in violation of Title VII and FEHA alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000); *Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1453 (2002).

33. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 6 and the sixth and seventh causes of action for retaliation in violation of Title VII and FEHA alleged by Claimant 6 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000); *Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1453 (2002)..

34. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 5 and the sixth and seventh causes of action for retaliation in violation of Title VII and FEHA alleged by Claimant 5 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000); *Akers v. County of*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION    6.    CASE NO. 1: 07 CV 01428 LJO-JLT

1  *San Diego*, 95 Cal. App. 4th 1441, 1453 (2002).

2       35. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

6       36. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

10      37. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

14      38. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

18      39. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

22      40. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 7 and the sixth and seventh causes of action for retaliation in violation of Title VII and FEHA alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1453 (2002).

28      41. Defendants are entitled to judgment as to the claim for retaliation in violation

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION            7.            CASE NO. 1: 07 CV 01428 LJO-JLT

of Title VII alleged by the EEOC on behalf of Claimant 4 and the sixth and seventh causes of action for retaliation in violation of Title VII and FEHA alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988) *Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1453 (2002).

42. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 6 and the sixth and seventh causes of action for retaliation in violation of Title VII and FEHA alleged by Claimant 6 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988) *Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1453 (2002).

43. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 5 and the sixth and seventh causes of action for retaliation in violation of Title VII and FEHA alleged by Claimant 5 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988) *Akers v. County of San Diego*, 95 Cal. App. 4th 1441, 1453 (2002).

44. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988)

45. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988)

46. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION    8.    CASE NO. 1: 07 CV 01428 LJO-JLT

1368, 1376 (9th Cir. 1988).

47. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988).

48. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988).

49. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 2 and the fifth cause of action for quid pro quo harassment in violation of Title VII alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

50. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 3 and the fifth cause of action for quid pro quo harassment in violation of Title VII alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

51. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 7 and the fifth cause of action for quid pro quo harassment in violation of Title VII alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION

9.

CASE NO. 1: 07 CV 01428 LJO-JLT

1 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

52. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 4 and the fifth cause of action for quid pro quo harassment in violation of Title VII alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

53. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

54. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

55. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

56. Defendants are entitled to judgment as to the claim for quid pro quo

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION        10.        CASE NO. 1: 07 CV 01428 LJO-JLT

harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

57. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

58. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 5 and the third cause of action for hostile work environment harassment in violation of Title VII alleged by Claimant 5 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742 (1998); *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998).

59. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 6 and the third cause of action for hostile work environment harassment in violation of Title VII alleged by Claimant 6 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth,* 524 U.S. 742 (1998); *Faragher v. City of Boca Raton,* 524 U.S. 775 (1998).

60. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 7 and the third cause of action for hostile work environment harassment in violation of Title VII alleged by Claimant 7 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth,*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION    11.    CASE NO. 1: 07 CV 01428 LJO-JLT

524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

61. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 4 and the third cause of action for hostile work environment harassment in violation of Title VII alleged by Claimant 4 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

62. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 8 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

63. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

64. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

65. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

66. Defendants are entitled to judgment as to the claim for hostile work

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION   12.   CASE NO. 1: 07 CV 01428 LJO-JLT

environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

67. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 2 and the third and fourth causes of action for hostile work environment harassment in violation of Title VII and FEHA alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1998).

68. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 3 and the third and fourth causes of action for hostile work environment harassment in violation of Title VII and FEHA alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1998).

69. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 7 and the third and fourth causes of action for hostile work environment harassment in violation of Title VII and FEHA alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1998).

70. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 4 and the third and fourth causes of action for hostile work environment harassment in violation of Title

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION    13.    CASE NO. 1: 07 CV 01428 LJO-JLT

VII and FEHA alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1998).

71. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998), *citing, Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

72. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998), *citing, Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

73. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998), *citing, Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

74. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998), *citing, Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

75. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION         14.         CASE NO. 1: 07 CV 01428 LJO-JLT

(1998), *citing, Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

76. Defendants are entitled to judgment as to the thirteenth cause of action for Aiding and Abetting Harassment, Discrimination and Retaliation under FEHA, and the fourteenth cause of action for Failure to Prevent Harassment, Discrimination and Retaliation under FEHA alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any underlying FEHA violation. *Trujillo v. North County Transit. Dist.*, 63 Cal. App. 4th 280 (1998); Cal. Govt. Code §12940(i).

77. Defendants are entitled to judgment as to the thirteenth cause of action for Aiding and Abetting Harassment, Discrimination and Retaliation under FEHA, and the fourteenth cause of action for Failure to Prevent Harassment, Discrimination and Retaliation under FEHA alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any underlying FEHA violation. *Trujillo v. North County Transit. Dist.*, 63 Cal. App. 4th 280 (1998); Cal. Govt. Code §12940(i).

78. Defendants are entitled to judgment as to the thirteenth cause of action for Aiding and Abetting Harassment, Discrimination and Retaliation under FEHA, and the fourteenth cause of action for Failure to Prevent Harassment, Discrimination and Retaliation under FEHA alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any underlying FEHA violation. *Trujillo v. North County Transit. Dist.*, 63 Cal. App. 4th 280 (1998); Cal. Govt. Code §12940(i).

79. Defendants are entitled to judgment as to the thirteenth cause of action for Aiding and Abetting Harassment, Discrimination and Retaliation under FEHA, and the fourteenth cause of action for Failure to Prevent Harassment, Discrimination and Retaliation under FEHA alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any underlying FEHA violation. *Trujillo v. North County Transit. Dist.*, 63 Cal. App. 4th 280 (1998); Cal. Govt. Code §12940(i).

80. Defendants are entitled to judgment as to the eighth cause of action for false imprisonment alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she was ever detained against her will for an appreciable period of

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION — 15. — CASE NO. 1: 07 CV 01428 LJO-JLT

1  time. *See Fermin v. Fedco, Inc.*, 7 Cal. 4th 701, 715-716 (1994).

2        81. Defendants are entitled to judgment as to the eighth cause of action for false
3  imprisonment alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case
4  where there is no evidence that she was ever detained against her will for an appreciable period of
5  time. *See Fermin v. Fedco, Inc.*, 7 Cal. 4th 701, 715-716 (1994).

6        82. Defendants are entitled to judgment as to the eighth cause of action for false
7  imprisonment alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case
8  where there is no evidence that she was ever detained against her will for an appreciable period of
9  time. *See Fermin v. Fedco, Inc.*, 7 Cal. 4th 701, 715-716 (1994).

10       83. Defendants are entitled to judgment as to the eighth cause of action for false
11 imprisonment alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case
12 where there is no evidence that she was ever detained against her will for an appreciable period of
13 time. *See Fermin v. Fedco, Inc.*, 7 Cal. 4th 701, 715-716 (1994).

14       84. Defendants are entitled to judgment as to the ninth cause of action for assault
15 alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no
16 evidence that Mr. Joe Vasquez ever threatened her with bodily harm. *See Thing v. LaChusa*, 48 Cal.
17 3d 644, 649 (1989).

18       85. Defendants are entitled to judgment as to the ninth cause of action for assault
19 alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no
20 evidence that Mr. Joe Vasquez ever threatened her with bodily harm. *See Thing v. LaChusa*, 48 Cal.
21 3d 644, 649 (1989).

22       86. Defendants are entitled to judgment as to the ninth cause of action for assault
23 alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no
24 evidence that Mr. Joe Vasquez ever threatened her with bodily harm. *See Thing v. LaChusa*, 48 Cal.
25 3d 644, 649 (1989).

26       87. Defendants are entitled to judgment as to the tenth cause of action for battery
27 alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no
28 evidence that Mr. Joe Vasquez made any contact with her. *Austin B. v. Escondido Union School*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION     16.     CASE NO. 1: 07 CV 01428 LJO-JLT

*Dist.*, 149 Cal. App. 4th 860, 872 (2007).

88. Defendants are entitled to judgment as to the tenth cause of action for battery alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Mr. Joe Vasquez made any contact with her. *Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th 860, 872 (2007).

89. Defendants are entitled to judgment as to the tenth cause of action for battery alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Mr. Joe Vasquez made any contact with her. *Austin B. v. Escondido Union School Dist.*, 149 Cal. App. 4th 860, 872 (2007).

90. Defendants are entitled to judgment as to the fifteenth cause of action for negligence and the twelfth cause of action negligent infliction of emotional distress alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no evidence that the ABM Defendants engaged in any negligent conduct. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992).

91. Defendants are entitled to judgment as to the fifteenth cause of action for negligence and the twelfth cause of action negligent infliction of emotional distress alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence that the ABM Defendants engaged in any negligent conduct. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992).

92. Defendants are entitled to judgment as to the fifteenth cause of action for negligence and the twelfth cause of action negligent infliction of emotional distress alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence that the ABM Defendants engaged in any negligent conduct. *Burgess v. Superior Court*, 2 Cal. 4th 1064, 1072 (1992).

93. Defendants are entitled to judgment as to the fifteenth cause of action for negligence and the twelfth cause of action negligent infliction of emotional distress alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that the ABM Defendants engaged in any negligent conduct. *Burgess v. Superior Court*, 2 Cal. 4th

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION    17.    CASE NO. 1: 07 CV 01428 LJO-JLT

1064, 1072 (1992).

94. Defendants are entitled to judgment as to the eleventh cause of action for intentional infliction of emotional distress claims alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Defendants' conduct exceeded "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 n.7 (1987).

95. Defendants are entitled to judgment as to the eleventh cause of action for intentional infliction of emotional distress claims alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Defendants' conduct exceeded "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 n.7 (1987).

96. Defendants are entitled to judgment as to the eleventh cause of action for intentional infliction of emotional distress claims alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Defendants' conduct exceeded "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 n.7 (1987).

97. Defendants are entitled to judgment as to the eleventh cause of action for intentional infliction of emotional distress claims alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Defendants' conduct exceeded "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 n.7 (1987).

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION        18.        CASE NO. 1: 07 CV 01428 LJO-JLT

This motion is based on this Notice of Motion and Motion, Defendants' Memorandum of Points and Authorities in support thereof, the Separate Statement of Undisputed Material Facts, the Declaration of Laura E. Hayward and the exhibits attached thereto filed concurrently herewith, herewith, and the Declaration of Tom Cazale and the exhibits attached thereto filed in support thereto, the complete files and records of this action, all matters of which this Court may take judicial notice, and any oral argument on this motion that the Court shall hear, and any other matter properly brought to the attention of the Court before or at the hearing on this matter.

Date: May 19, 2010                    By:  *[signature]*
                                           LAURA E. HAYWARD
                                           Attorneys for Defendants
                                           ABM INDUSTRIES INCORPORATED; ABM
                                           JANITORIAL SERVICES, INC. and ABM
                                           JANITORIAL SERVICES -NORTHERN
                                           CALIFORNIA, INC.

Firmwide:95488358.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION     19.     CASE NO. 1: 07 CV 01428 LJO-JLT