1   LAURA E. HAYWARD, Bar No. 204014
    LITTLER MENDELSON
2   A Professional Corporation
    650 California Street, 20th Floor
3   San Francisco, CA 94108.2693
    Telephone:    415.433.1940
4   Email: lhayward@littler.com

5   KEITH A. JACOBY, Bar No. 150233
    LITTLER MENDELSON
6   A Professional Corporation
    2049 Century Park East, 5th Floor
7   Los Angeles, CA 90067.3107
    Telephone:    310.553.0308
8   Facsimile:    310.553.5583
    Email: kjacoby@littler.com

9
    Attorneys for Defendants
10  ABM INDUSTRIES INCORPORATED; ABM
    JANITORIAL SERVICES, INC. and ABM
11  JANITORIAL NORTHERN CALIFORNIA

12                  UNITED STATES DISTRICT COURT

13                EASTERN DISTRICT OF CALIFORNIA

14

15  U.S. EQUAL EMPLOYMENT              Case No. 1:07 CV 01428 LJO-LJT
    OPPORTUNITY COMMISSION,
                                       **STATEMENT OF UNDISPUTED FACTS IN**
16                                     **SUPPORT OF ABM DEFENDANTS'**
              Plaintiff,               **MOTION FOR SUMMARY**
17                                     **ADJUDICATION RE: BAKERSFIELD**
    ERIKA MORALES and ANONYMOUS        **CLAIMANTS/INTERVENERS**
    PLAINTIFFS ONE THROUGH EIGHT,
18                                     **[F.R.C.P. 56 (d)]**
              Plaintiff Intervenors,
19                                     Hearing Date:  June 17, 2010
         v.                            Time:          8:30 a.m.
20                                     Judge:         Lawrence J. O'Neill
    ABM INDUSTRIES INCORPORATED        Courtroom:     4
21  and ABM JANITORIAL SERVICES,
    INC.; ABM JANITORIAL NORTHERN      **REDACTED VERSION**
22  CALIFORNIA; JOE VASQUEZ; Does 1 -
    10 inclusive,
23
              Defendants.
24

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                          CASE NO. 1: 07 CV 01428 LJO-JLT

1    Pursuant to this Court's Local Rule 260, the ABM Defendants hereby submit the

2  following Statement of Undisputed Material Facts, together with references to evidentiary support.

3  By reason of these facts, Defendant is entitled to summary adjudication as follows:

4  **ISSUE 1.    Defendants are entitled to judgment as to Claimant 2's second, fourth, seventh,**

5  **thirteenth and fourteenth causes of action for violations of the Fair Employment and Housing**

6  **Act ("FEHA") because Plaintiff failed to file an administrative Charge within 1 year after the**

7  **allegedly unlawful employment practice occurred.  Cal. Gov. Code § 12965(b).**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 1. | Claimant 2 last worked at ABMNC in May 2005. | (Claimant 2 Depo. 33:7-9) |
| 2. | Claimant 2 never made a complaint to the DFEH as a result of any conduct by Mr. Joe Vasquez. | (Claimant 2 Depo. at 43:23-44:2). |
| 3. | On June 30, 2006, Erika Morales filed a charge with the EEOC on behalf of herself and a class of similarly situated individuals within which she makes allegations of sexual harassment by Mr. Joe Vasquez. | (E. Morales Depo. at 116:22-24, 137:6-9; Exh. 15). |

**ISSUE 2.    Defendants are entitled to judgment as to Claimant 3's  second, fourth, seventh,**

**thirteenth and fourteenth causes of action for violations of the FEHA because Plaintiff failed to**

**file an administrative Charge within 1 year after the allegedly unlawful employment practice**

**occurred.  Cal. Gov. Code § 12965(b).**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 4. | Claimant 3 last worked at ABMNC in May 2005. | (Claimant 3 Depo. 38:3-6; 105:11-25) |
| 5. | Claimant 3 never filed a complaint with the DFEH as a result of any conduct by Mr. Joe Vasquez. | (Claimant 3 Depo. 83:6-16). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                                    1.                    CASE NO. 1: 07 CV 01428 LJO-JLT

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 6. | On June 30, 2006, Erika Morales filed a charge with the EEOC on behalf of herself and a class of similarly situated individuals within which she makes allegations of sexual harassment by Mr. Joe Vasquez. | (E. Morales Depo. at 116:22-24, 137:6-9; Exh. 15). |

**ISSUE 3.   Defendants are entitled to judgment as to Claimant 2's eighth cause of action for false imprisonment because this claim is barred by the one year statute of limitations set forth by  Cal. Code. Civ. Proc. §340(c).**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 7. | Claimant 2 last worked at ABMNC in May 2005. | (Claimant 2 Depo. 33:7-9) |
| 8. | Plaintiff-Interveners filed their Motion to Intervene in this action in November 2007. | *See* Docket Entry #8, Notice of Motion |

**ISSUE 4.   Defendants are entitled to judgment as to Claimant 3's eighth cause of action for false imprisonment because this claim is barred by the one year statute of limitations set forth by  Cal. Code. Civ. Proc. §340(c).**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 9. | Claimant 3 last worked at ABMNC in May 2005. | (Claimant 3 Depo. 38:3-6; 105:11-25) |
| 10. | Plaintiff-Interveners filed their Motion to Intervene in this action in November 2007. | *See* Docket Entry #8, Notice of Motion |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                                    2.                    CASE NO. 1: 07 CV 01428 LJO-JLT

ISSUE 5.   Defendants are entitled to judgment as to Intervener-Plaintiff

Erika Morales' eighth cause of action for false imprisonment because this claim is barred by

the one year statute of limitations set forth by  Cal. Code. Civ. Proc. §340(c).

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 11. | Erika Morales last worked at ABMNC in September 2005. | (E. Morales Depo. 64:10-23; Exh. 15). |
| 12. | Plaintiff-Interveners filed their Motion to Intervene in this action in November 2007. | *See* Docket Entry #8, Notice of Motion |

ISSUE 6.   Defendants are entitled to judgment as to Claimant 7's eighth cause of action for

false imprisonment because this claim is barred by the one year statute of limitations set forth

by  Cal. Code. Civ. Proc. §340(c).

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 13. | Claimant 7 last worked at ABMNC in June or July 2005. | (Claimant 7 Depo. 29:17-22). |
| 14. | Plaintiff-Interveners filed their Motion to Intervene in this action in November 2007. | *See* Docket Entry #8, Notice of Motion |

ISSUE 7.   Defendants are entitled to judgment as to Claimant 6's eighth cause of action for

false imprisonment because this claim is barred by the one year statute of limitations set forth

by  Cal. Code. Civ. Proc. §340(c).

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 15. | Claimant 6 last worked at ABMNC on August 28, 2006. | (Claimant 6 Depo. 172:15-21) |
| 16. | Plaintiff-Interveners filed their Motion to Intervene in this action in November 2007. | *See* Docket Entry #8, Notice of Motion |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                               3.                    CASE NO. 1: 07 CV 01428 LJO-JLT

**ISSUE 8.** **Defendants are entitled to judgment as to Claimant 4's eighth cause of action for false imprisonment because this claim is barred by the one year statute of limitations set forth by Cal. Code. Civ. Proc. §340(c).**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 17. | Claimant 4 stopped working at ABMNC in March 2006. | (Claimant 4 Depo. 13:15-17; 14:13-16). |
| 18. | Plaintiff-Interveners filed their Motion to Intervene in this action in November 2007. | *See* Docket Entry #8, Notice of Motion |

**ISSUE 9.** **Defendants are entitled to judgment as to Claimant 2's ninth cause of action for assault, the tenth cause of action for battery, the eleventh cause of action for intentional infliction of emotional distress, the twelfth cause of action for negligent infliction of emotional distress and the fifteenth cause of action for negligence because these claims are barred by the two year statute of limitations set forth by Cal. Code. Civ. Proc. §335.1.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 19. | Claimant 2 last worked at ABMNC in May 2005. | (Claimant 2 Depo. 33:7-9) |
| 20. | Plaintiff-Interveners filed their Motion to Intervene in this action in November 2007. | *See* Docket Entry #8, Notice of Motion |

**ISSUE 10.** **Defendants are entitled to judgment as to Intervener-Plaintiff Erika Morales' ninth cause of action for assault, the tenth cause of action for battery, the eleventh cause of action for intentional infliction of emotional distress, the twelfth cause of action for negligent infliction of emotional distress and the fifteenth cause of action for negligence because these claims are barred by the two year statute of limitations set forth by Cal. Code. Civ. Proc. §335.1.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 21. | Erika Morales last worked at ABMNC in September 2005. | (E. Morales Depo. 64:10-23; Exh. 15). |

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 22. | Plaintiff-Interveners filed their Motion to Intervene in this action in November 2007. | *See* Docket Entry #8, Notice of Motion |

**ISSUE 11.  Defendants are entitled to judgment as to Claimant 3's  ninth cause of action for assault, the tenth cause of action for battery, the eleventh cause of action for intentional infliction of emotional distress, the twelfth cause of action for negligent infliction of emotional distress and the fifteenth cause of action for negligence because these claims are barred by the two year statute of limitations set forth by  Cal. Code. Civ. Proc. §335.1.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 23. | Claimant 3 last worked at ABMNC in May 2005. | (Claimant 3 Depo. 38:3-6; 105:11-25) |
| 24. | Plaintiff-Interveners filed their Motion to Intervene in this action in November 2007. | *See* Docket Entry #8, Notice of Motion |

**ISSUE 12.  Defendants are entitled to judgment as to Claimant 7's ninth cause of action for assault; the tenth cause of action for battery, the eleventh cause of action for intentional infliction of emotional distress, the twelfth cause of action for negligent infliction of emotional distress and the fifteenth cause of action for negligence because these claims are barred by the two year statute of limitations set forth by  Cal. Code. Civ. Proc. §335.1.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 25. | Claimant 7 last worked at ABMNC in June or July 2005. | (Claimant 7 Depo. 29:17-22). |
| 26. | Plaintiff-Interveners filed their Motion to Intervene in this action in November 2007. | *See* Docket Entry #8, Notice of Motion |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

5.

CASE NO. 1: 07 CV 01428 LJO-JLT

**ISSUE 13.  Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 2 and the first, third, fifth and sixth causes of action for violations of Title VII alleged by Claimant 2 because Claimant 2 failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 27. | Claimant 2 last worked at ABMNC in May 2005. | (Claimant 2 Depo. 33:7-9) |
| 28. | Claimant 2 did not file an administrative charge as a result of any conduct by Mr. Joe Vasquez. | (Claimant 2 Depo. at 43:23-44:2). |
| 29. | On June 30, 2006, Erika Morales filed a charge with the EEOC on behalf of herself and a class of similarly situated individuals within which she makes allegations of sexual harassment by Mr. Joe Vasquez. | (E. Morales Depo. at 116:22-24, 137:6-9; Exh. 15). |

**ISSUE 14.  Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 7, and the first, third, fifth and sixth causes of action for violations of Title VII alleged by Claimant 7 because Claimant 7 failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 30. | Claimant 7 last worked at ABMNC in June or July 2005. | (Claimant 7 Depo. 29:17-22). |
| 31. | Claimant 7 did not file a charge against any of the ABM Defendants (or Joe Vasquez) with any government agency as a result of any conduct by Mr. Joe Vasquez. . | (Claimant 7 Depo. 126:25-127:3; 136:23-137:3). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

6.

CASE NO. 1: 07 CV 01428 LJO-JLT

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 32. | On June 30, 2006, Erika Morales filed a charge with the EEOC on behalf of herself and a class of similarly situated individuals within which she makes allegations of sexual harassment by Mr. Joe Vasquez. | (E. Morales Depo. at 116:22-24, 137:6-9; Exh. 15). |

**ISSUE 15.  Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 3, and the first, third, fifth and sixth causes of action for violations of Title VII alleged by Claimant 3 because Claimant 3 failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 33. | Claimant 3 last worked at ABMNC in May 2005. | (Claimant 3 Depo. 38:3-6; 105:11-25) |
| 34. | Claimant 3 did not file an administrative charge as a result of any conduct by Mr. Joe Vasquez. | (Claimant 3 Depo. 83:6-16). |
| 35. | On June 30, 2006, Erika Morales filed a charge with the EEOC on behalf of herself and a class of similarly situated individuals within which she makes allegations of sexual harassment by Mr. Joe Vasquez. | (E. Morales Depo. at 116:22-24, 137:6-9; Exh. 15). |

**ISSUE 16.  Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 8 because Claimant 8 failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 36. | Claimant 8 had a negative interaction with Mr. Joe Vasquez on December 4, 2004. | (Claimant 8 Depo. 21:21-22:5; 55:6-15). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

7.

CASE NO. 1: 07 CV 01428 LJO-JLT

| UNDISPUTED FACT | SOURCE |
|---|---|
| 37. After the December 4th incident Mr. Joe Vasquez did not do anything else to Claimant 8 which she found inappropriate. | (Claimant 8 Depo. 62:19-63:3). |
| 38. Claimant 8 did not file an administrative charge as a result of any conduct by Mr. Joe Vasquez. | (Claimant 8 Depo. 63:24-64:7) |
| 39. On June 30, 2006, Erika Morales filed a charge with the EEOC on behalf of herself and a class of similarly situated individuals within which she makes allegations of sexual harassment by Mr. Joe Vasquez. | (E. Morales Depo. at 116:22-24, 137:6-9; Exh. 15). |

**ISSUE 17.   Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 5 and the first, third, fifth and sixth causes of action for violations of Title VII, and the second, fourth, seventh, thirteenth and fourteenth causes of action for violations of the FEHA alleged by Claimant 5 because Claimant 5 was not an employee of or an applicant for employment with Defendants. 42 U.S.C. § 2000e–2(a)(1)-(2); Cal. Gov't. Code § 12940(j)(1), (4)-(5).**

| UNDISPUTED FACT | SOURCE |
|---|---|
| 40. Claimant 5  accompanied her mother Claimant 3 to work but was never employed by any ABM entity. | (Claimant 5 Depo. 12:16-13:11; 86:22-87:2). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY        8.        CASE NO. 1: 07 CV 01428 LJO-JLT
ADJUDICATION

ISSUE 18.  Defendants are entitled to judgment as to claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 2, and the first and second causes of action for discrimination in violation of Title VII and FEHA alleged by Claimant 2,  because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 41. | Claimant 2 voluntarily left ABMNC. | (Claimant 2 Depo. 113:9-18) |

ISSUE 19.  Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 3,  and the first and second causes of action for discrimination in violation of Title VII and FEHA alleged by Claimant 3,  because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 42. | Claimant 3 and her daughter Claimant 2 both quit in May 2005; Claimant 3 concedes that no one asked them to leave. | (Claimant 3 Depo. 106:1-3; 173:7-13; 177:7-10) |

ISSUE 20.  Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 7,  and the first and second causes of action for discrimination in violation of Title VII and FEHA alleged by Claimant 7,  because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 43. | Claimant 7 left ABMNC in June or July 2005 because she didn't want to transfer after she and her co-worker were moved from an account after a customer complaint. | (Claimant 7 Depo. 106:8-107:23). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                                9.                    CASE NO. 1: 07 CV 01428 LJO-JLT

1  **ISSUE 21.  Defendants are entitled to judgment as to the claim for discrimination in violation**

2  **of Title VII alleged by the EEOC on behalf of Claimant 4 and the first and second causes of**

3  **action for discrimination in violation of Title VII and FEHA alleged by Claimant 4,  because**

4  **Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse**

5  **action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 44. | Claimant 4 stopped working at ABMNC in March 2006 pursuant to her doctor's instructions. | (Claimant 4 Depo. 13:25-14:16). |

9  **ISSUE 22.  Defendants are entitled to judgment as to the claim for discrimination in violation**

10  **of Title VII alleged by the EEOC on behalf of Claimant 6, and the first and second causes of**

11  **action for discrimination in violation of Title VII and FEHA alleged by Claimant 6, because**

12  **Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse**

13  **action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 45. | Claimant 6 left ABMNC August 28, 2006 because, according to her, she secured what she felt was a better job elsewhere. | (Claimant 6 Depo. 179:12-180:2) |

19  **ISSUE 23.  Defendants are entitled to judgment as to the claim for discrimination in violation**

20  **of Title VII alleged by the EEOC on behalf of Claimant 5, and the first and second causes of**

21  **action for discrimination in violation of Title VII and FEHA alleged by Claimant 5, because**

22  **Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse**

23  **action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 46. | Claimant 5 was never employed by ABMNC. | (Claimant 5 Depo. 12:16-13:11; 86:22-87:2). |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                          10.                          CASE NO. 1: 07 CV 01428 LJO-JLT

ISSUE 24.  **Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 47. | Claimant 8 never received any performance warnings while at ABMNC and was always graded "in the green." | (Claimant 8 Depo. 42:12-43:24; 44:5-13) |
| 48. | Claimant 8 stopped working at ABMNC due to medical issues. | (Claimant 8 Depo. 49:12-50:1). |

ISSUE 25.  **Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 49. | While working at ABMNC, Claimant 10 did not receive any written warning for performance related issues. | (Claimant 10 Depo. 85:2-4). |
| 50. | Claimant 10's employment at ABMNC ended when ABMNC lost a contract, however, she was hired on by the company who took over that contract. | (Claimant 10 Depo. 85:5-22). |

ISSUE 26.  **Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 51. | Claimant 9 claims she was told she was suspended for leaving early. | (Claimant 9 Depo. 59:8-60:2). |
| 52. | Until this occasion Claimant 9 claims she was never disciplined. | (Claimant 9 Depo. 61:19-21). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                    11.                    CASE NO. 1: 07 CV 01428 LJO-JLT

**ISSUE 27.  Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 53. | Claimant 12 never received a performance write up or suspension. | (Claimant 12 Depo. 77:6-12). |
| 54. | Claimant 12 quit in part because her hours were reduced due to ABMNC's loss of a contract. | (Claimant 12 Depo. 73:12-24; 87:25-88:5). |

**ISSUE 28.  Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 55. | Claimant 11 claims she was fired after she refused to stay at work for a few extra hours when requested by Mr. Joe Vasquez. | (Claimant 11 Depo. 63:22-64:16). |
| 56. | Javier Vasquez told Claimant 11 to come back to work after she refused to work extra hours, but she opted not to. | (Claimant 11 Depo. 66:25-68:20). |

**ISSUE 29.  Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 2 and the sixth and seventh causes  of action for retaliation in violation of Title VII and FEHA alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 57. | Claimant 2 voluntarily left ABMNC. | (Claimant 2 Depo. 113:9-18) |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                                    12.                    CASE NO. 1: 07 CV 01428 LJO-JLT

1  ISSUE 30.  Defendants are entitled to judgment as to the claim for retaliation in violation of

2  Title VII alleged by the EEOC on behalf of Claimant 3 and the sixth and seventh causes of

3  action for retaliation in violation of Title VII and FEHA alleged by Claimant 3 because

4  Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse

5  action.

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 58. | Claimant 3 and her daughter Claimant 2 both quit in May 2005; Claimant 3 concedes that no one asked them to leave. | (Claimant 3 Depo. 106:1-3; 173:7-13; 177:7-10) |

10  ISSUE 31.  Defendants are entitled to judgment as to the claim for retaliation in violation of

11  Title VII alleged by the EEOC on behalf of Claimant 7 and the sixth and seventh causes of

12  action for retaliation in violation of Title VII and FEHA alleged by Claimant 7 because

13  Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse

14  action.

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 59. | Claimant 7 left ABMNC in June or July 2005 voluntarily because she didn't want to transfer after she and her co-worker were moved from an account after a customer complaint. | (Claimant 7 Depo. 106:8-107:23). |

20  ISSUE 32.  Defendants are entitled to judgment as to the claim for retaliation in violation of

21  Title VII alleged by the EEOC on behalf of Claimant 4 and the sixth and seventh causes of

22  action for retaliation in violation of Title VII and FEHA alleged by Claimant 4 because

23  Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse

24  action.

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 60. | Claimant 4 stopped working at ABMNC in March 2006 pursuant to her doctor's instructions. | (Claimant 4 Depo. 13:25-14:16). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                    13.                    CASE NO. 1: 07 CV 01428 LJO-JLT

1    **ISSUE 33.  Defendants are entitled to judgment as to the claim for retaliation in violation of**

2    **Title VII alleged by the EEOC on behalf of Claimant 6 and the sixth and seventh causes of**

3    **action for retaliation in violation of Title VII and FEHA alleged by Claimant 6 because**

4    **Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse**

5    **action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 61. | Claimant 6 left ABMNC August 28, 2006 because, according to her, she secured what she felt was a better job elsewhere. | (Claimant 6 Depo. 179:12-180:2) |

10   **ISSUE 34.  Defendants are entitled to judgment as to the claim for retaliation in violation of**

11   **Title VII alleged by the EEOC on behalf of Claimant 5 and the sixth and seventh causes of**

12   **action for retaliation in violation of Title VII and FEHA alleged by Claimant 5 because**

13   **Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse**

14   **action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 62. | Claimant 5 was never employed by ABMNC. | (Claimant 5 Depo. 12:16-13:11; 86:22-87:2). |

18   **ISSUE 35.  Defendants are entitled to judgment as to the claim for retaliation in violation of**

19   **Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable to**

20   **prove a prima facie case where there is no evidence of adverse action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 63. | Claimant 8 never received any performance warnings while at ABMNC and was always graded "in the green." | (Claimant 8 Depo. 42:12-43:24; 44:5-13) |
| 64. | Claimant 8 stopped working at ABMNC due to medical issues. | (Claimant 8 Depo. 49:12-50:1). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                          14.                    CASE NO. 1: 07 CV 01428 LJO-JLT

**ISSUE 36.  Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 65. | While working at ABMNC, Claimant 10 did not receive any written warning for performance related issues. | (Claimant 10 Depo. 85:2-4). |
| 66. | Claimant 10's employment at ABMNC ended when ABMNC lost a contract, however, she was hired on by the company who took over that contract. | (Claimant 10 Depo. 85:5-22). |

**ISSUE 37.  Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 67. | Claimant 9 claims she was told she was suspended for leaving early. | (Claimant 9 Depo. 59:8-60:2). |
| 68. | Until this occasion Claimant 9 claims she was never disciplined. | (Claimant 9 Depo. 61:19-21). |

**ISSUE 38.  Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 69. | Claimant 12 never received a performance write up or suspension. | (Claimant 12 Depo. 77:6-12). |
| 70. | Claimant 12 quit in part because her hours were reduced due to ABMNC's loss of a contract. | (Claimant 12 Depo. 73:12-24; 87:25-88:5). |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

15.

CASE NO. 1: 07 CV 01428 LJO-JLT

**ISSUE 39.  Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 71. | Claimant 11 claims she was fired after she refused to stay at work for a few extra hours when requested by Mr. Joe Vasquez. | (Claimant 11 Depo. 63:22-64:16). |
| 72. | Javier Vasquez told Claimant 11 to come back to work after she refused to work extra hours, but she opted not to. | (Claimant 11 Depo. 66:25-68:20). |

**ISSUE 40.  Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 7 and the sixth and seventh causes of action for retaliation in violation of Title VII and FEHA alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 73. | Claimant 7 never reported Mr. Joe Vasquez or made a complaint about him while working at ABMNC. | (Claimant 7 Depo. 115:3-116:1). |

**ISSUE 41.  Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 4 and the sixth and seventh causes of action for retaliation in violation of Title VII and FEHA alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 74. | Claimant 4 never complained to Javier Vasquez or any other manager at ABMNC about Joe Vasquez.  Nor did she use the hotline or complain to Human Resources about him. | (Claimant 4 Depo. 85:3-86:1). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                16.                CASE NO. 1: 07 CV 01428 LJO-JLT

1  **ISSUE 42.  Defendants are entitled to judgment as to the claim for retaliation in violation of**

2  **Title VII alleged by the EEOC on behalf of Claimant 6 and the sixth and seventh causes of**

3  **action for retaliation in violation of Title VII and FEHA  alleged by Claimant 6 because**

4  **Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected**

5  **activity.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 75. | Claimant 6 never complained to anyone at ABMNC about the purported misconduct by Mr. Joe Vasquez. | (Claimant 6 Depo. 262:13-20). |

9  **ISSUE 43.  Defendants are entitled to judgment as to the claim for retaliation in violation of**

10  **Title VII alleged by the EEOC on behalf of Claimant 5 and the sixth and seventh causes of**

11  **action for retaliation in violation of Title VII and FEHA alleged by Claimant 5 because**

12  **Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected**

13  **activity.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 76. | Claimant 5 never complained to anyone at ABMNC about Mr. Joe Vasquez. | (Claimant 5 Depo. 58:11-18). |

17  **ISSUE 44.  Defendants are entitled to judgment as to the claim for retaliation in violation of**

18  **Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable to**

19  **prove a prima facie case where there is no evidence of any protected activity.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 77. | Claimant 8 did not report the incident involving Mr. Joe Vasquez to anyone at ABMNC, including Human Resources. | (Claimant 8 Depo. 57:22-58:19). |
| 78. | Claimant 8 did not report the incident involving Mr. Joe Vasquez to "the big boss" Ric Steiner. | (Claimant 8 Depo. 72:21-73:5). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                              17.              CASE NO. 1: 07 CV 01428 LJO-JLT

**ISSUE 45.  Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 79. | Claimant 10 did not complain to anyone with ABMNC about any conduct by Joe Vasquez.  She claims she intended to complain to Javier Vasquez a few times, but that he was busy on those occasions and so she never told him anything about Joe Vasquez. | (Claimant 10 Depo. 52:9-53:10; 74:1-7) |

**ISSUE 46.  Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 80. | Claimant 9 did not raise any complaint in part because Mr. Joe Vasquez never touched her. | (Claimant 9 Depo. 94:20-95:2; 95:23-96:10). |

**ISSUE 47.  Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any protected activity.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 81. | Claimant 12 did not complain to anyone other than fellow co-workers, about Mr. Joe Vasquez' alleged conduct. | (Claimant 12 Depo. 50:16-52:23; 61:7-10; 63:6-12). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

18.

CASE NO. 1: 07 CV 01428 LJO-JLT

1  **ISSUE 48.  Defendants are entitled to judgment as to the claim for retaliation in violation of**

2  **Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable to**

3  **prove a prima facie case where there is no evidence of any protected activity.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 82. | Claimant 11 did not complain to anyone at ABMNC about any conduct by Mr. Joe Vasquez. | (Claimant 11 Depo. 111:12-112:11). |

7  **ISSUE 49.  Defendants are entitled to judgment as to the claim for quid pro quo harassment in**

8  **violation of Title VII alleged by the EEOC on behalf of Claimant 2 and the fifth cause of action**

9  **for quid pro quo harassment in violation of Title VII alleged by Claimant 2 because Plaintiff**

10  **will be unable to prove a prima facie case where there is no evidence that she suffered any**

11  **tangible employment action as a result of a reaction to any of Mr. Joe Vasquez' alleged**

12  **conduct.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 83. | Mr. Joe Vasquez never directly propositioned Ms. Claimant 2 or suggested that if she did not touch him her job would be in jeopardy.  He did not condition extra hours on her doing anything. | (Claimant 2 Depo. 72:21-24; 73:6-23). |
| 84. | Claimant 2 voluntarily left ABMNC | (Claimant 2 Depo. 113:9-18) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION
                    19.                    CASE NO. 1: 07 CV 01428 LJO-JLT

1   ISSUE 50.  Defendants are entitled to judgment as to the claim for quid pro quo harassment in

2   violation of Title VII alleged by the EEOC on behalf of Claimant 3 and the fifth cause of action

3   for quid pro quo harassment in violation of Title VII alleged by Claimant 3 because Plaintiff

4   will be unable to prove a prima facie case where there is no evidence that she suffered any

5   tangible employment action as a result of a reaction to any of Mr. Joe Vasquez' alleged

6   conduct.

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 85. | Claimant 3 and her daughter Claimant 2 both quit in May 2005; Claimant 3 concedes that no one asked them to leave. | (Claimant 3 Depo. 106:1-3; 173:7-13; 177:7-10) |
| 86. | Mr. Joe Vasquez never asked Claimant 3 to have sex with him, nor did he say her job would be in jeopardy if she did not. | (Claimant 3 Depo. 118:7-9; 121:7-10). |

ISSUE 51.  Defendants are entitled to judgment as to the claim for quid pro quo harassment in

violation of Title VII alleged by the EEOC on behalf of Claimant 7 and the fifth cause of action

for quid pro quo harassment in violation of Title VII alleged by Claimant 7 because Plaintiff

will be unable to prove a prima facie case where there is no evidence that she suffered any

tangible employment action as a result of a reaction to any of Mr. Joe Vasquez' alleged

conduct.

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 87. | Mr. Joe Vasquez did not ask Claimant 7 to have sex with him or tell her that her work would be easier if she did, or in jeopardy if she did not. | (Claimant 7 Depo. 113:12-114:2). |
| 88. | At no time did Mr. Joe Vasquez ever touch Claimant 7. | (Claimant 7 Depo. 27:13-20;109:6-7) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY          20.          CASE NO. 1: 07 CV 01428 LJO-JLT
ADJUDICATION

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 89. | Claimant 7 left ABMNC in June or July 2005 voluntarily because she didn't want to transfer after she and her co-worker were moved from an account after a customer complaint. | (Claimant 7 Depo. 106:8-107:23). |

**ISSUE 52.  Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 4 and the fifth cause of action for quid pro quo harassment in violation of Title VII alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Joe Vasquez' alleged conduct.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 90. | Claimant 4 stopped working at ABMNC in March 2006 pursuant to her doctor's instructions. | (Claimant 4 Depo. 13:25-14:16). |
| 91. | Mr. Joe Vasquez never promised Claimant 4 anything in exchange for sex. | (Claimant 4 Depo. 62:18-20). |
| 92. | Mr. Joe Vasquez never touched Claimant 4 inappropriately or even attempted to hug her, nor did her force her to touch him. | (Claimant 4 Depo. 62:6-12). |

**ISSUE 53.  Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Joe Vasquez' alleged conduct.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 93. | Claimant 8 never received any performance warnings while at ABMNC and was always graded "in the green." | (Claimant 8 Depo. 42:12-43:24; 44:5-13) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                    21.              CASE NO. 1: 07 CV 01428 LJO-JLT

| UNDISPUTED FACT | SOURCE |
|---|---|
| 94. Claimant 8 stopped working at ABMNC due to medical issues. | (Claimant 8 Depo. 49:12-50:1). |
| 95. Mr. Joe Vasquez never asked Claimant 8 out or asked her to have sex or promised her anything for doing so. | (Claimant 8 Depo. 61:10-15; 61:20-62:4). |

**ISSUE 54.  Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Joe Vasquez' alleged conduct.  *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).**

| UNDISPUTED FACT | SOURCE |
|---|---|
| 96. While working at ABMNC, Claimant 10 did not receive any written warning for performance related issues. | (Claimant 10 Depo. 85:2-4). |
| 97. Claimant 10's employment at ABMNC ended when ABMNC lost a contract, however, she was hired on by the company who took over that contract. | (Claimant 10 Depo. 85:5-22). |

**ISSUE 55.  Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Joe Vasquez' alleged conduct.**

| UNDISPUTED FACT | SOURCE |
|---|---|
| 98. Claimant 9 claims she was told she was suspended for leaving early. | (Claimant 9 Depo. 59:8-60:2). |
| 99. Until this occasion Claimant 9 claims she was never disciplined. | (Claimant 9 Depo. 61:19-21). |

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 100. | Mr. Joe Vasquez never touched Claimant 9, never asked her out and never asked her to have sex with him. | (Claimant 9 Depo. 94:2-4; 96:14-15; 96:16-20). |

**ISSUE 56.  Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Joe Vasquez' alleged conduct.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 101. | Claimant 12 never received a performance write up or suspension. | (Claimant 12 Depo. 77:6-12). |
| 102. | Claimant 12 quit in part because her hours were reduced due to ABMNC's loss of a contract. | (Claimant 12 Depo. 73:12-24; 87:25-88:5). |

**ISSUE 57.  Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any of Mr. Joe Vasquez' alleged conduct.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 103. | Claimant 11 claims she was fired after she refused to stay at work for a few extra hours when requested by Mr. Joe Vasquez. | (Claimant 11 Depo. 63:22-64:16). |
| 104. | Javier Vasquez told Claimant 11 to come back to work after she refused to work extra hours, but she opted not to. | (Claimant 11 Depo. 66:25-68:20). |
| 105. | Mr. Joe Vasquez never asked Claimant 11 to have sex with him. | (Claimant 11 Depo. 109:23-25) |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415 433 1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                         23.                    CASE NO. 1: 07 CV 01428 LJO-JLT

ISSUE 58.  **Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 5 and the third cause of action for hostile work environment harassment in violation of Title VII alleged by Claimant 5 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 106. | ABMNC has a "zero tolerance" policy regarding any discriminatory, harassing or retaliatory conduct in the workplace. | (Cazale Decl. ¶ 2, Exh. A). |
| 107. | ABMNC distributes its Unlawful Harassment Policy to employees and supervisors upon their hiring and on a yearly basis thereafter. | (Cazale Decl. ¶ 2). |
| 108. | The Unlawful Harassment Policy prohibits harassment as well as retaliation for reporting incidents of harassment or participating in any investigation of incidents of harassment or perceived harassment. | (Cazale Decl. ¶ 2, Exh. A). |
| 109. | The Unlawful Harassment Policy instructs employees to immediately report any incident of perceived harassment. | (Cazale Decl. ¶2, Exh. A) |
| 110. | In addition, employees are provided with copies of the Employment Handbook which again sets forth the Company's Harassment policy. | (Cazale Decl. ¶3, Exh. B). |
| 111. | This Unlawful Harassment Policy is also repeated in the "Work Rules," which are distributed to employees, who are expected to acknowledge receipt, upon their hiring. | (Cazale Decl. ¶4, Exh. C). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY     24.     CASE NO. 1: 07 CV 01428 LJO-JLT
ADJUDICATION

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 112. | ABMNC provides has a 24-hour hotline to encourage the reporting of any "sexual harassment, discrimination, retaliation, theft or safety concern that occurs in the workplace or any harassment by a third party." | (Cazale Decl. ¶¶5-6, Exh. D). |
| 113. | The hotline is available in both English and Spanish, as well as other languages, and its availability to ABMNC employees is publicized through written communications. | (Cazale Decl. ¶¶5-6, Exh. D). |
| 114. | The Harassment Hotline acknowledgement form explicitly references the zero tolerance policy regarding any discriminatory, harassing or retaliatory conduct in the workplace. | (Cazale Decl. ¶ 6, Exh. D) |
| 115. | The Harassment Hotline acknowledgement form explains that to further this policy, ABMNC has instituted a telephone reporting Harassment Hotline for employees to report such acts "without fear of retaliation, job loss, or embarrassment." The memorandum explains that the hotline is available 24 hours a day, seven days a week and provided the toll free number and the company's identification number. | (Cazale Decl. ¶ 6, Exh. D) |
| 116. | All supervisors at ABMNC locations in Bakersfield, California are required to attend annual mandatory sexual harassment training. | (Cazale Decl. ¶ 7) |
| 117. | Mr. Joe Vasquez and Javier Vasquez, received harassment training during their employment with ABMNC. | (Cazale Decl. ¶ 7, Exh. E). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION
CASE NO. 1: 07 CV 01428 LJO-JLT

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 118. | Claimant 5 never complained to anyone at ABMNC about Mr. Joe Vasquez. | (Claimant 5 Depo. 58:11-18). |
| 119. | Claimant 5 was never employed by ABMNC. | (Claimant 5 Depo. 12:16-13:11; 86:22-87:2). |

**ISSUE 59.  Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 6 and the third cause of action for hostile work environment harassment in violation of Title VII alleged by Claimant 6 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 120. | Defendants hereby incorporate Undisputed Material Facts Nos. 106-117. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 106-117. |
| 121. | At the start of her employment, Claimant 6 signed various documents confirming her receipt of ABMNC's sexual harassment prevention policies. | (Claimant 6 Depo. 137:17-138:20; 155:7-21; 156:15-25, Exhs. 1108, 1111, 1112.) |
| 122. | Claimant 6 never complained to anyone at ABMNC about any misconduct by Mr. Joe Vasquez. | (Claimant 6 Depo. 262:13-20). |
| 123. | Claimant 6 left ABMNC August 28, 2006 because, according to her, she secured what she felt was a better job elsewhere. | (Claimant 6 Depo. 179:12-180:2) |

**ISSUE 60.  Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 7 and the third cause of action for hostile work environment harassment in violation of Title VII alleged by Claimant 7 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion.**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                    26.                    CASE NO. 1: 07 CV 01428 LJO-JLT

| UNDISPUTED FACT | SOURCE |
|---|---|
| 124. Defendants hereby incorporate Undisputed Material Facts Nos. 106-117. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 106-117. |
| 125. Claimant 7 never reported Mr. Joe Vasquez or made a complaint about him while working at ABMNC. | (Claimant 7 Depo. 115:3-116:1). |
| 126. Claimant 7 left ABMNC in June or July 2005 because she didn't want to transfer after she and her co-worker were moved from an account after a customer complaint. | (Claimant 7 Depo. 106:8-107:23). |

**ISSUE 61. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 4 and the third cause of action for hostile work environment harassment in violation of Title VII alleged by Claimant 4 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion.**

| UNDISPUTED FACT | SOURCE |
|---|---|
| 127. Defendants hereby incorporate Undisputed Material Facts Nos. 106-117. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 106-117. |
| 128. Claimant 4 signed the "Employee Information Regarding the Harassment Hotline" at the beginning of her employment. | (Claimant 4 Depo. 30:4-17; Exh. 3). |
| 129. Claimant 4 never complained to Javier Vasquez or any other manager at ABMNC about Mr. Joe Vasquez. Nor did she use the hotline or complain to Human Resources about him. | (Claimant 4 Depo. 85:3-86:1). |
| 130. Claimant 4 stopped working at ABMNC in March 2006 pursuant to her doctor's instructions. | (Claimant 4 Depo. 13:25-14:16). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                              27.                              CASE NO. 1: 07 CV 01428 LJO-JLT

1    **ISSUE 62.  Defendants are entitled to judgment as to the claim for hostile work environment**

2    **harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 8 because**

3    **Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain**

4    **about any alleged conduct in a timely fashion.**

| | | UNDISPUTED FACT | SOURCE |
|---|---|---|---|
| 131. | | Defendants hereby incorporate Undisputed Material Facts Nos. 106-117. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 106-117. |
| 132. | | Claimant 8 was provided with and reviewed ABMNC's harassment policy and signed an acknowledgment regarding information about the harassment hotline. | (Claimant 8 Depo. 73:8-74:8; 77:17-78:19, Exhs. 704, 707). |
| 133. | | Claimant 8 did not report any incident involving Mr. Joe Vasquez ABMNC, including Human Resources, because she thought that she would lose her job since Javier Vasquez and Joe Vasquez "looked related," although none of them ever told her that they were. | (Claimant 8 Depo. 49:9-11; 57:22-58:19). |
| 134. | | Claimant 8 did not report the incident involving Joe Vasquez to "the big boss" Ric Steiner (who did not look related to Joe Vasquez). | (Claimant 8 Depo. 72:21-73:5). |
| 135. | | Claimant 8 never received any performance warnings while at ABMNC and was always graded "in the green." | (Claimant 8 Depo. 42:12-43:24; 44:5-13) |
| 136. | | Claimant 8 stopped working at ABMNC due to medical issues. | (Claimant 8 Depo. 49:12-50:1). |

24    **ISSUE 63.  Defendants are entitled to judgment as to the claim for hostile work environment**

25    **harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because**

26    **Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain**

27    **about any alleged conduct in a timely fashion.**

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                    28.              CASE NO. 1: 07 CV 01428 LJO-JLT

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 137. | Defendants hereby incorporate Undisputed Material Facts Nos. 106-117. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 106-117. |
| 138. | At the start of her employment, Claimant 10 signed various documents confirming her receipt of ABMNC's sexual harassment prevention policies and handbook. | (Claimant 10 Depo. 30:4-11; 31:24-32:2; 39:1-3; Exhs. 901, 903, 905). |
| 139. | Claimant 10 did not complain to anyone with ABMNC about any conduct by Joe Vasquez.  She claims she intended to complain to Javier Vasquez a few times, but that he was busy on those occasions and so she never told him anything about Joe Vasquez. | (Claimant 10 Depo. 52:9-53:10; 74:1-7) |
| 140. | While working at ABMNC, Claimant 10 did not receive any written warning for performance related issues. | (Claimant 10 Depo. 85:2-4). |
| 141. | Claimant 10's employment at ABMNC ended when ABMNC lost a contract, however, she was hired on by the company who took over that contract. | (Claimant 10 Depo. 85:5-22). |

**ISSUE 64.  Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion.**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                              29.                    CASE NO. 1: 07 CV 01428 LJO-JLT

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 142. | Defendants hereby incorporate Undisputed Material Facts Nos. 106-117. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 106-117. |
| 143. | Claimant 9 concedes she received an ABMNC handbook when she started her employment and she also signed several acknowledgements confirming her receipt of ABMNC's harassment policy and information regarding the hotline. | (Claimant 9 Depo. 43:17-44:17; 46:8-22; 47:9-48:5; 54:5-56:5, Exhs. 2007, 2008, 2009, 2012, 2013). |
| 144. | Claimant 9 did not raise any complaint in part because Mr. Joe Vasquez never touched her. | (Claimant 9 Depo. 94:20-95:2; 95:23-96:10). |
| 145. | Claimant 9 claims she was told she was suspended for leaving early. | (Claimant 9 Depo. 59:8-60:2). |
| 146. | Until this occasion Claimant 9 claims she was never disciplined. | (Claimant 9 Depo. 61:19-21). |

**ISSUE 65. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 147. | Defendants hereby incorporate Undisputed Material Facts Nos. 106-117. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 106-117. |
| 148. | Claimant 12 signed an acknowledgment confirming her receipt of ABMNC's harassment policy. | (Claimant 12 Depo. 26:19-24; Exh. 911). |
| 149. | Claimant 12 did not complain to anyone other than fellow co-workers, about Mr. Joe Vasquez' alleged conduct. | (Claimant 12 Depo. 50:16-52:23; 61:7-10; 63:6-12). |
| 150. | Claimant 12 never received a performance write up or suspension. | (Claimant 12 Depo. 77:6-12). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

30.

CASE NO. 1: 07 CV 01428 LJO-JLT

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 151. | Claimant 12 quit in part because her hours were reduced due to ABMNC's loss of a contract. | (Claimant 12 Depo. 73:12-24; 87:25-88:5). |

**ISSUE 66.  Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not complain about any alleged conduct in a timely fashion.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 152. | Defendants hereby incorporate Undisputed Material Facts Nos. 106-117. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 106-117. |
| 153. | Claimant 11 signed an acknowledgment confirming her receipt of ABMNC's harassment policy and information regarding the hotline. | (Claimant 11 Depo. 43:21-44:11; 46:18-47:15, Exhs. 2001, 2002). |
| 154. | Claimant 11 didn't complain to anyone about Mr. Joe Vasquez touching her shoulder because she felt "it was no big deal." | (Claimant 11 Depo. 89:21-90:12). |
| 155. | Claimant 11 did not complain to anyone at ABMNC about any other conduct by Mr. Joe Vasquez. | (Claimant 11 Depo. 111:12-112:11). |
| 156. | Claimant 11 claims she was fired after she refused to stay at work for a few extra hours when requested by Mr. Joe Vasquez. | (Claimant 11 Depo. 63:22-64:16). |
| 157. | Javier Vasquez told Claimant 11 to come back to work after she refused to work extra hours, but she opted not to. | (Claimant 11 Depo. 66:25-68:20). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

31.

CASE NO. 1: 07 CV 01428 LJO-JLT

ISSUE 67.  Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 2 and the third and fourth causes of action for hostile work environment harassment in violation of Title VII and FEHA alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive.

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 158. | Claimant 2 only worked for ABMNC for three to four months, three days a week. | (Claimant 2 Depo. 19:13-18; 33:7-9; Claimant 3 Depo. 81:19-25). |
| 159. | Claimant 2 contends that Mr. Joe Vasquez touched her cheek once and massaged her shoulder on about three occasions and talked to her and her mother about  sex and women while they worked. | (Claimant 2 Depo. 46:13-21; 47:11-20; 54:11-55:4; 64:25-65:8). |
| 160. | The shoulder touchings would not last long because she would pull away. | (Claimant 2 Depo. 56:11-24) |
| 161. | Mr. Joe Vasquez never hurt her shoulder when touching it. | (Claimant 2 Depo.58:10-14) |
| 162. | Mr. Joe Vasquez never touched her breasts, buttocks, vagina, waist or stomach. | (Claimant 2 Depo. 57:13-22) |
| 163. | Mr. Joe Vasquez never tried to kiss Claimant 2. | (Claimant 2 Depo. 57:25-58:1) |

ISSUE 68.  Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 3 and the third and fourth causes of action for hostile work environment harassment in violation of Title VII and FEHA alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

32.

CASE NO. 1: 07 CV 01428 LJO-JLT

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 164. | Claimant 3 claims Mr. Joe Vasquez made her uncomfortable by surprising her and making comments about her conscience. | (Claimant 3 Depo. 69:12-70:1) |
| 165. | After Claimant 3 asked Mr. Joe Vasquez to leave her alone he did until her daughter Claimant 2 started at ABMNC. | (Claimant 3 Depo. 69:12-70:1) |
| 166. | Claimant 3 encouraged her daughter to work at ABMNC. | (Claimant 3 Depo. 73:24-74:3) |
| 167. | Claimant 3 did not mention any problems with Mr. Joe Vasquez to Claimant 2 because he had "calmed down.". | (Claimant 3 Depo. 75:24-76:2) |
| 168. | Claimant 2 worked three days a week. | (Claimant 3 Depo. 81:19-25) |
| 169. | Claimant 3 alleges Mr. Joe Vasquez would stop by the worksite on days that Claimant 2 worked, and comment about how pretty and tiny her daughter was, and talk about sex and women while they were working. | (Claimant 3 Depo. 84:16-24; 85:5-12; 100:24-101:23; 104:18-105:7; 121:17-122:1). |
| 170. | Claimant 3 also claims to have observed Mr. Joe Vasquez touch her daughter on the shoulder or chin on three occasions. In each case Claimant 2 moved away. | (Claimant 3 Depo. 86:16-87:20; 91:1-92:21; 94:22-95:3; 97:25-98:25.) |
| 171. | Mr. Joe Vasquez never touched Claimant 3. | (Claimant 3 Depo. 72:15-18) |
| 172. | Mr. Joe Vasquez never asked Claimant 3 to have sex with him, nor did he say her job would be in jeopardy if she did not. | (Claimant 3 Depo. 118:7-9; 121:7-10). |

**ISSUE 69.  Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 7 and the third and fourth causes of action for hostile work environment harassment in violation of Title VII**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY          33.          CASE NO. 1: 07 CV 01428 LJO-JLT
ADJUDICATION

and FEHA alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive.

| UNDISPUTED FACT | SOURCE |
| --- | --- |
| 173. Claimant 7 worked with Mr. Joe Vasquez from about February or March 2005 until June or July 2005. | (Claimant 7 Depo. 29:19-20; 32:23-33:9). |
| 174. Claimant 7 asserts that Mr. Joe Vasquez asked her personal questions, made comments that she married too young, was too pretty to have her job, and talked about women.  He also invited her to go out dancing. | (Claimant 7 Depo. 93:22-25; 98:17-99:2; 100:24-101:18). |
| 175. At no time did Mr. Joe Vasquez ever touch Claimant 7. | (Claimant 7 Depo. 27:13-20;109:6-7) |

**ISSUE 70.  Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 4 and the third and fourth causes of action for hostile work environment harassment in violation of Title VII and FEHA alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive.**

| UNDISPUTED FACT | SOURCE |
| --- | --- |
| 176. Claimant 4 claims Mr. Joe Vasquez made sexual comments to her or in her presence, often about other women. | (Claimant 4 Depo. 48:24-49:13; 50:19-51:8; 54:8-16; 66:16-25; 81:16-82:1). |
| 177. Mr. Joe Vasquez never promised Claimant 4 anything in exchange for sex. | (Claimant 4 Depo. 62:18-20). |
| 178. Mr. Joe Vasquez never touched Claimant 4 inappropriately or even attempted to hug her, nor did her force her to touch him. | (Claimant 4 Depo. 62:6-12). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                                   34.                    CASE NO. 1: 07 CV 01428 LJO-JLT

**ISSUE 71. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 179. | After Claimant 8 asked Mr. Joe Vasquez why he hadn't given her the day off as it was her birthday he attempted to pull her onto his lap, touching her on the hip in the process. | (Claimant 8 Depo. 55:19-56:24). |
| 180. | Claimant 8 testified that this lasted a "split second" and she pulled away and continued her work and he left shortly. | (Claimant 8 Depo. 56:17-20; 84:2-4) |
| 181. | Prior to this incident Mr. Joe Vasquez made Claimant 8 uncomfortable by arriving unannounced but after she explained this to him he would yell her name to announce his arrival. | (Claimant 8 Depo. 59:22-61:4). |
| 182. | After the December 4th incident Mr. Joe Vasquez did not do anything else to Claimant 8 which she found to be inappropriate. | (Claimant 8 Depo. 61:5-9; 62:19-63:3). |

**ISSUE 72. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive.**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

35.

CASE NO. 1: 07 CV 01428 LJO-JLT

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 183. | Claimant 10 stated that Mr. Joe Vasquez would make jokes with "double meanings" or sexual connotations once or twice a week.  She also contends that two or three times he touched her shoulder for 5-10 seconds when saying "how are you," and once offered to let her sit on his legs if she was tired, but she declined. | (Claimant 10 Depo. 48:10-49:7; 51:24-52:4; 58:2-13; 58:24-59:22; 60:2-15; 61:1-6; 61:18-62:4). |
| 184. | Claimant 10 claims she did not like when Mr. Joe Vasquez observed her performing work or that he was always laughing. | (Claimant 10 Depo. 62:24-63:2; 64:15-65:9; 65:18-66:5; 66:11-67:19;70:1-6; 71:3-16; 76:1-9). |
| 185. | Claimant 10 claims to have seen Mr. Joe Vasquez putting his arms around other co-workers and making jokes with them. | (Claimant 10 Depo. 79:21-80:2; 81:8-14; 82:17-24; 83:15-84:4) |

**ISSUE 73.  Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 186. | Claimant 9 was employed at ABMNC for about one and a half months, during which time she saw Mr. Joe Vasquez about twice a week. | (Claimant 9 Depo. 30:20-31:2; 32:9-16; 36:23-37:4; 59:6-24; 83:11-17). |
| 187. | Near the end of her employment, after commenting on Claimant 9's work, Mr. Joe Vasquez asked her personal questions and looked at her chest.  Later that night, he offered her a ride home, but she declined. | (Claimant 9 Depo. 84:23-85:15; 87:1-11; 88:3-20). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415 433 1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

36.

CASE NO. 1: 07 CV 01428 LJO-JLT

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 188. | Claimant 9 also did not like that Mr. Joe Vasquez asked her to train on a machine in a small dimly lit room. | (Claimant 9 Depo. 92:21-93:23). |
| 189. | Mr. Joe Vasquez never touched Claimant 9. | (Claimant 9 Depo. 94:2-4; 96:14-15) |

**ISSUE 74.  Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 190. | Claimant 12 was employed with ABMNC for six months. | (Claimant 12 Depo. 19:15-16; 32:25-33:17). |
| 191. | Claimant 12 claims that Mr. Joe Vasquez would tell her about sexual positions he wanted to use with her and otherwise use "strong words" 2-3 times a week. | (Claimant 12 Depo. 43:15-44:7; 47:4-14; 49:3-6; 62:18-25). |
| 192. | Claimant 12 claims Mr. Joe Vasquez once hugged her and in doing so touched the area above her breasts. | (Claimant 12 Depo. 58:16-59:8). |
| 193. | Claimant 12 claims that once when she was filling her car at a gas station during her shift, Mr. Joe Vasquez followed her and said he wanted to be with her. | (Claimant 12 Depo. 41:7-16). |
| 194. | Claimant 12 claims a co-worker once told her that Mr. Joe Vasquez had made a comment about her rear end while she was bending over cleaning. | (Claimant 12 Depo. 49:12-20). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                    37.                    CASE NO. 1: 07 CV 01428 LJO-JLT

**ISSUE 75.  Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 195. | Claimant 11 worked for ABMNC for about 5 months. | (Claimant 11 Depo. 23:19-24:4; 63:14-18). |
| 196. | Claimant 11 claims that Mr. Joe Vasquez once touched her shoulder and once blew on her neck or ear.  Several times he told her that she smelled good or asked why she "dressed so good" for work and made comments about her mouth or liking big-breasted women. | (Claimant 11 Depo. 83:3-16; 83:23-84:1; 84:16-17; 86:14-19; 105:11-14). |
| 197. | Claimant 11 did not like the way he looked at her while she was cleaning. | (Claimant 11 Depo. 84:4-15; 85:22-86:8; 87:13-22). |
| 198. | On two or three occasions while Claimant 11 was cleaning he came up behind her and touched her on her hip. | (Claimant 11 Depo. 84:17-19). |
| 199. | Claimant 11 asked him to keep his distance and he responded by asking why women "play hard to get." | (Claimant 11 Depo. 85:5-7). |
| 200. | Mr. Joe Vasquez once played a recording of an ex-girlfriend calling him to ask for money in front of Claimant 11. | (Claimant 11 Depo. 84:22-85:4). |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

38.

CASE NO. 1: 07 CV 01428 LJO-JLT

1  **ISSUE 76.  Defendants are entitled to judgment as to the thirteenth cause of action for Aiding**

2  **and Abetting Harassment, Discrimination and Retaliation under FEHA, and the fourteenth**

3  **cause of action for Failure to Prevent Harassment, Discrimination and Retaliation under**

4  **FEHA alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where**

5  **there is no evidence of any underlying FEHA violation.**

| UNDISPUTED FACT | SOURCE |
|---|---|
| 201. Defendants hereby incorporate Undisputed Material Facts Nos. 41,106-117, 158-163. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 41,106-117, 158-163. |

10  **ISSUE 77.  Defendants are entitled to judgment as to the thirteenth cause of action for Aiding**

11  **and Abetting Harassment, Discrimination and Retaliation under FEHA, and the fourteenth**

12  **cause of action for Failure to Prevent Harassment, Discrimination and Retaliation under**

13  **FEHA alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where**

14  **there is no evidence of any underlying FEHA violation.**

| UNDISPUTED FACT | SOURCE |
|---|---|
| 202. Defendants hereby incorporate Undisputed Material Facts Nos. 42,106-117, 164-172. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 42,106-117, 164-172. |

18  **ISSUE 78.  Defendants are entitled to judgment as to the thirteenth cause of action for Aiding**

19  **and Abetting Harassment, Discrimination and Retaliation under FEHA, and the fourteenth**

20  **cause of action for Failure to Prevent Harassment, Discrimination and Retaliation under**

21  **FEHA alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where**

22  **there is no evidence of any underlying FEHA violation.**

| UNDISPUTED FACT | SOURCE |
|---|---|
| 203. Defendants hereby incorporate Undisputed Material Facts Nos. 43, 73, 106-117, 173-175. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 43, 73, 106-117, 173-175. |

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                39.                CASE NO. 1: 07 CV 01428 LJO-JLT

ISSUE 79. Defendants are entitled to judgment as to the thirteenth cause of action for Aiding and Abetting Harassment, Discrimination and Retaliation under FEHA, and the fourteenth cause of action for Failure to Prevent Harassment, Discrimination and Retaliation under FEHA alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence of any underlying FEHA violation.

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 204. | Defendants hereby incorporate Undisputed Material Facts Nos. 44, 74, 106-117, 176-178. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 44, 74, 106-117, 176-178. |

ISSUE 80. Defendants are entitled to judgment as to the eighth cause of action for false imprisonment alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she was ever detained against her will for an appreciable period of time.

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 205. | Joe Vasquez never tried to block Claimant 2' movement. | (Claimant 2 Depo. 56:25-57:9). |

ISSUE 81. Defendants are entitled to judgment as to the eighth cause of action for false imprisonment alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she was ever detained against her will for an appreciable period of time.

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 206. | Mr. Joe Vasquez never touched Claimant 3. | (Claimant 3 Depo. 72:15-18) |

ISSUE 82. Defendants are entitled to judgment as to the eighth cause of action for false imprisonment alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she was ever detained against her will for an appreciable period of time.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

40.

CASE NO. 1: 07 CV 01428 LJO-JLT

| UNDISPUTED FACT | SOURCE |
|---|---|
| 207. At no time did Mr. Joe Vasquez ever touch Claimant 7. | (Claimant 7 Depo. 27:13-20; 109:6-7) |

**ISSUE 83. Defendants are entitled to judgment as to the eighth cause of action for false imprisonment alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that she was ever detained against her will for an appreciable period of time.**

| UNDISPUTED FACT | SOURCE |
|---|---|
| 208. Mr. Joe Vasquez never touched Claimant 4 inappropriately or even attempted to hug her, nor did her force her to touch him. | (Claimant 4 Depo. 62:6-12). |
| 209. Mr. Joe Vasquez never threatened Claimant 4 with violence. | (Claimant 4 Depo. 62:13-14). |

**ISSUE 84. Defendants are entitled to judgment as to the ninth cause of action for assault alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Mr. Joe Vasquez ever threatened her with bodily harm.**

| UNDISPUTED FACT | SOURCE |
|---|---|
| 210. Mr. Joe Vasquez never asked Claimant 3 to have sex with him, nor did he say her job would be in jeopardy if she did not. | (Claimant 3 Depo. 118:7-9; 121:7-10). |
| 211. Mr. Joe Vasquez never touched Claimant 3. | (Claimant 3 Depo. 72:15-18) |

**ISSUE 85. Defendants are entitled to judgment as to the ninth cause of action for assault alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Mr. Joe Vasquez ever threatened her with bodily harm.**

| UNDISPUTED FACT | SOURCE |
|---|---|
| 212. Mr. Joe Vasquez did not ask Claimant 7 to have sex with him or tell her that her work would be easier if she did, or in jeopardy if she did not. | (Claimant 7 Depo. 113:12-114:2). |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                                    41.                    CASE NO. 1: 07 CV 01428 LJO-JLT

| 213. | At no time did Mr. Joe Vasquez ever touch Claimant 7. | (Claimant 7 Depo. 27:13-20; 109:6-7) |

**ISSUE 86. Defendants are entitled to judgment as to the ninth cause of action for assault alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Mr. Joe Vasquez ever threatened her with bodily harm.**

| | **UNDISPUTED FACT** | **SOURCE** |
|---|---|---|
| 214. | Mr. Joe Vasquez never promised Claimant 4 anything in exchange for sex. | (Claimant 4 Depo. 62:18-20). |
| 215. | Mr. Joe Vasquez never touched Claimant 4 inappropriately or even attempted to hug her, nor did her force her to touch him. | (Claimant 4 Depo. 62:6-12). |
| 216. | Mr. Joe Vasquez never threatened Claimant 4 with violence. | (Claimant 4 Depo. 62:13-14). |

**ISSUE 87. Defendants are entitled to judgment as to the tenth cause of action for battery alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Mr. Joe Vasquez made any contact with her.**

| | **UNDISPUTED FACT** | **SOURCE** |
|---|---|---|
| 217. | Mr. Joe Vasquez never touched Claimant 3. | (Claimant 3 Depo. 72:15-18) |

**ISSUE 88. Defendants are entitled to judgment as to the tenth cause of action for battery alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Mr. Joe Vasquez made any contact with her.**

| | **UNDISPUTED FACT** | **SOURCE** |
|---|---|---|
| 218. | At no time did Mr. Joe Vasquez ever touch Claimant 7. | (Claimant 7 Depo. 27:13-20; 109:6-7) |

**ISSUE 89. Defendants are entitled to judgment as to the tenth cause of action for battery alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Mr. Joe Vasquez made any contact with her.**

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

42.

CASE NO. 1: 07 CV 01428 LJO-JLT

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 219. | Mr. Joe Vasquez never touched Claimant 4 inappropriately or even attempted to hug her, nor did her force her to touch him. | (Claimant 4 Depo. 62:6-12). |

**ISSUE 90.  Defendants are entitled to judgment as to the fifteenth cause of action for negligence and the twelfth cause of action negligent infliction of emotional distress alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no evidence that the ABM Defendants engaged in any negligent conduct.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 220. | Defendants hereby incorporate Undisputed Material Facts Nos. 41,106-117, 158-163. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 41,106-117, 158-163. |

**ISSUE 91.  Defendants are entitled to judgment as to the fifteenth cause of action for negligence and the twelfth cause of action negligent infliction of emotional distress alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence that the ABM Defendants engaged in any negligent conduct.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 221. | Defendants hereby incorporate Undisputed Material Facts Nos. 42,106-117, 164-172. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 42,106-117, 164-172. |

**ISSUE 92.  Defendants are entitled to judgment as to the fifteenth cause of action for negligence and the twelfth cause of action negligent infliction of emotional distress alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence that the ABM Defendants engaged in any negligent conduct.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 222. | Defendants hereby incorporate Undisputed Material Facts Nos. 43, 73, 106-117, 173-175. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 43, 73, 106-117, 173-175. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

43.

CASE NO. 1: 07 CV 01428 LJO-JLT

**ISSUE 93.  Defendants are entitled to judgment as to the fifteenth cause of action for negligence and the twelfth cause of action negligent infliction of emotional distress alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that the ABM Defendants engaged in any negligent conduct.**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 223. | Defendants hereby incorporate Undisputed Material Facts Nos. 44, 74, 106-117, 176-178. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 44, 74, 106-117, 176-178. |

**ISSUE 94.  Defendants are entitled to judgment as to the eleventh cause of action for intentional infliction of emotional distress claims alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Defendants' conduct exceeded "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress."**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 224. | Defendants hereby incorporate Undisputed Material Facts Nos. 41,106-117, 158-163. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 41,106-117, 158-163. |

**ISSUE 95.  Defendants are entitled to judgment as to the eleventh cause of action for intentional infliction of emotional distress claims alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Defendants' conduct exceeded "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress."**

| | UNDISPUTED FACT | SOURCE |
|---|---|---|
| 225. | Defendants hereby incorporate Undisputed Material Facts Nos. 42,106-117, 164-172. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 42,106-117, 164-172. |

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION

44.

CASE NO. 1: 07 CV 01428 LJO-JLT

ISSUE 96. Defendants are entitled to judgment as to the eleventh cause of action for intentional infliction of emotional distress claims alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Defendants' conduct exceeded "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress."

| UNDISPUTED FACT | SOURCE |
|---|---|
| 226. Defendants hereby incorporate Undisputed Material Facts Nos. 43, 73, 106-117, 173-175. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 43, 73, 106-117, 173-175. |

ISSUE 97. Defendants are entitled to judgment as to the eleventh cause of action for intentional infliction of emotional distress claims alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that Defendants' conduct exceeded "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause, and does cause, mental distress."

| UNDISPUTED FACT | SOURCE |
|---|---|
| 227. Defendants hereby incorporate Undisputed Material Facts Nos. 44, 74, 106-117, 176-178. | Defendants hereby incorporate the supporting evidence cited in support of Undisputed Material Facts Nos. 44, 74, 106-117, 176-178. |

Date: May 19, 2010

By: _____
LAURA E. HAYWARD
Attorneys for Defendants
ABM INDUSTRIES INCORPORATED; ABM
JANITORIAL SERVICES, INC. and ABM
JANITORIAL SERVICES -NORTHERN
CALIFORNIA, INC.

Firmwide:95488342.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

STATEMENT OF UNDISPUTED FACTS
RE: DEFTS' MOTION FOR SUMMARY
ADJUDICATION                    45.                    CASE NO. 1: 07 CV 01428 LJO-JLT