LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940
Email: lhayward@littler.com

KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA 90067.3107
Telephone: 310.553.0308
Facsimile: 310.553.5583
Email: kjacoby@littler.com

Attorneys for Defendants
ABM INDUSTRIES INCORPORATED; ABM
JANITORIAL SERVICES, INC. and ABM
JANITORIAL NORTHERN CALIFORNIA

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff Intervenors,<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOE VASQUEZ; Does 1 - 10 inclusive,<br><br>Defendants. | Case No. 1:07 CV 01428 LJO-LJT<br><br>**ABM DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION RE: FRESNO CLAIMANTS AND PARENT CORPORATIONS**<br><br>[F.R.C.P. 56 (c) and (d)]<br><br>Hearing Date: June 14, 2010<br>Time: 8:30 a.m.<br>Judge: Lawrence J. O'Neill<br>Courtroom: 4 |

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR
MSJ/MSA RE: FRESNO CLAIMANTS &
PARENT CORPORATIONS

CASE NO. 1: 07 CV 01428 LJO-JLT

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on June 14, 2010 at 8:30 a.m., in the above-entitled Court located at 2500 Tulare Street, Fresno, California, 93721, Defendants ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL SERVICES - NORTHERN CALIFORNIA, INC. ("Defendants") will and hereby do move the Court for an Order Granting Summary Adjudication pursuant to Federal Rule of Civil Procedure 56(d) re: Fresno Claimants and an Order Granting Summary Judgment pursuant to Federal Rule of Civil Procedure 56 (c) in favor of Defendants ABM Industries, Inc. and ABM Janitorial Services, Inc.

## PART ONE

Defendants are entitled pursuant to Federal Rule of Civil Procedure 56(d) to a summary adjudication that there are no triable issues of fact as to the following issues with respect to the Fresno Claimants:

1. Defendants are entitled to summary judgment as to the Title VII claims alleged by the EEOC on behalf of all the Fresno Claimants - Maria Olga Birrueta, Irene Bravo, Martha Castaneda Garcia, Ana Gutierrez, Teresa Sanchez, Maria Socorro Zapien, Delia DeMejia, Hilda Gomez, and Maria Quintero - because the EEOC failed to exhaust administrative remedies prior to bringing suit on behalf of each of these Claimants. *EEOC v. Pierce Packing Co., et al.*, 669 F.2d 605, 607 (9th Cir. 1982); *EEOC v. CRST Expedited, Inc.*, 2009 U.S. Dist. LEXIS 71396, at *46, 51 (N.D. Iowa Aug. 13, 2009).

2. Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Ana Gutierrez because Ana Gutierrez failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred and her claims are not revived by the charge filed by Erika Morales. 42 U.S.C. § 2000e–5(e)(1); *EEOC v. Wyndham Worldwide Corp.*, 2008 U.S. Dist. LEXIS 83558, at *18-20 (W.D. Wash. Oct. 3, 2008).

3. Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Hilda Gomez because Hilda Gomez failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred and her claims are not revived by the charge filed by Erika Morales. 42 U.S.C. § 2000e–5(e)(1); *EEOC v. Wyndham*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' NOTICE/MOTION FOR
MSJ/MSA RE: FRESNO CLAIMANTS &
PARENT CORPORATIONS    1.    CASE NO. 1: 07 CV 01428 LJO-JLT

*Worldwide Corp.*, 2008 U.S. Dist. LEXIS 83558, at *18-20 (W.D. Wash. Oct. 3, 2008).

4. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Maria Olga Birrueta because Claimant will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any alleged sexual harassment. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

5. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Irene Bravo because Claimant will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any alleged sexual harassment. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

6. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Martha Castaneda Garcia because Claimant will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any alleged sexual harassment. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

7. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Ana Gutierrez because Claimant will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any alleged sexual harassment. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

8. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Teresa Sanchez because Claimant will be unable to prove a prima facie case where there is no evidence that she suffered any

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR
MSJ/MSA RE: FRESNO CLAIMANTS & PARENT CORPORATIONS        2.        CASE NO. 1: 07 CV 01428 LJO-JLT

tangible employment action as a result of a reaction to any alleged sexual harassment. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

9. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Maria Socorro Zapien because Claimant will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any alleged sexual harassment. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

10. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Delia DeMejia because Claimant will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any alleged sexual harassment. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

11. Defendants are entitled to judgment as to the claim for quid pro quo harassment in violation of Title VII alleged by the EEOC on behalf of Maria Quintero because Claimant will be unable to prove a prima facie case where there is no evidence that she suffered any tangible employment action as a result of a reaction to any alleged sexual harassment. *See* 29 CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct. 2399, 2404 (1986).

12. Defendants are entitled to judgment on the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Maria Olga Birrueta because Claimant will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton,* 524 U.S. 775, 786 (1998).

13. Defendants are entitled to judgment on the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Irene Bravo

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' NOTICE/MOTION FOR MSJ/MSA RE: FRESNO CLAIMANTS & PARENT CORPORATIONS    3.    CASE NO. 1: 07 CV 01428 LJO-JLT

1  because Claimant will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998).

14. Defendants are entitled to judgment on the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Martha Castaneda Garcia because Claimant will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998).

15. Defendants are entitled to judgment on the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Ana Gutierrez because Claimant will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998).

16. Defendants are entitled to judgment on the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Maria Socorro Zapien because Claimant will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998).

17. Defendants are entitled to judgment on the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Delia DeMejia because Claimant will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998).

18. Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Maria Olga Birrueta because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

19. Defendants are entitled to judgment as to the claim for discrimination in

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFTS' NOTICE/MOTION FOR
MSJ/MSA RE: FRESNO CLAIMANTS &
PARENT CORPORATIONS                4.                CASE NO. 1: 07 CV 01428 LJO-JLT

violation of Title VII alleged by the EEOC on behalf of Irene Bravo because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

20. Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Martha Castaneda Garcia because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

21. Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Ana Gutierrez because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

22. Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Teresa Sanchez because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

23. Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Maria Socorro Zapien because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

24. Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Delia DeMejia because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

25. Defendants are entitled to judgment as to the claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Maria Quintero because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

26. Defendants are entitled to judgment as to the claim for retaliation in violation

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR
MSJ/MSA RE: FRESNO CLAIMANTS &
PARENT CORPORATIONS

5.

CASE NO. 1: 07 CV 01428 LJO-JLT

of Title VII alleged by the EEOC on behalf of Maria Olga Birrueta because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

27. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Irene Bravo because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

28. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Martha Castaneda Garcia because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

29. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Ana Gutierrez because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

30. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Teresa Sanchez because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

31. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Maria Socorro Zapien because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

32. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Delia DeMejia because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

33. Defendants are entitled to judgment as to the claim for retaliation in violation

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR MSJ/MSA RE: FRESNO CLAIMANTS & PARENT CORPORATIONS

6.

CASE NO. 1: 07 CV 01428 LJO-JLT

of Title VII alleged by the EEOC on behalf of Maria Quintero because Claimant will be unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

34. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Maria Olga Birrueta because Claimant will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988).

35. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Irene Bravo because Claimant will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988).

36. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Martha Castaneda Garcia because Claimant will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988).

37. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Ana Gutierrez because Claimant will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988).

38. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Maria Socorro Zapien because Claimant will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988).

39. Defendants are entitled to judgment as to the claim for retaliation in violation of Title VII alleged by the EEOC on behalf of Delia DeMejia because Claimant will be unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988).

40. Defendants are entitled to judgment as to the claim for hostile work

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR MSJ/MSA RE: FRESNO CLAIMANTS & PARENT CORPORATIONS   7.   CASE NO. 1: 07 CV 01428 LJO-JLT

environment harassment in violation of Title VII alleged by the EEOC on behalf of Maria Olga Birrueta because Defendants have a complete defense as Claimant did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Swenson v. Potter*, 271 F.3d 1184, 1197-98 (9th Cir. 2000).

41. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Irene Bravo because Defendants have a complete defense as Claimant did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Swenson v. Potter*, 271 F.3d 1184, 1197-98 (9th Cir. 2000).

42. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Martha Castaneda Garcia because Defendants have a complete defense as Claimant did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998); *Swenson v. Potter*, 271 F.3d 1184, 1197-98 (9th Cir. 2000).

43. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Ana Gutierrez because Defendants have a complete defense as Claimant did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

44. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Maria Socorro Zapien because Defendants have a complete defense as Claimant did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

45. Defendants are entitled to judgment as to the claim for hostile work

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

DEFTS' NOTICE/MOTION FOR
MSJ/MSA RE: FRESNO CLAIMANTS &
PARENT CORPORATIONS

8.

CASE NO. 1: 07 CV 01428 LJO-JLT

environment harassment in violation of Title VII alleged by the EEOC on behalf of Delia DeMejia because Defendants have a complete defense as Claimant did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998) and *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

## PART TWO

Defendants are entitled pursuant to Federal Rule of Civil Procedure 56(c) to summary judgment in favor of ABM Industries, Incorporated and ABM Janitorial Services, Inc. ("Parent Corporations"). In the alternative, Defendants are entitled pursuant to Federal Rule of Civil Procedure 56(d) to a summary adjudication that there are no triable issues of fact as to the following issues with respect to the Parent Corporations:

46. Defendant ABM Industries, Incorporated is entitled to summary judgment because it never employed any of the Claimants or Plaintiff-Interveners and therefore, is not a joint employer as a matter of law. *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993).

47. Defendant ABM Janitorial Services, Inc. is entitled to summary judgment because it never employed any of the Claimants or Plaintiff-Interveners and therefore, is not a joint employer as a matter of law. *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 737 (1998); *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1362 (10th Cir. 1993).

48. Defendant ABM Industries, Incorporated is entitled to summary judgment because it cannot be held liable for the acts of individuals at ABM Janitorial Services – Northern California under an "alter ego" theory. *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 742 (1998).

49. Defendant ABM Janitorial Services, Inc. is entitled to summary judgment because it cannot be held liable for the acts of individuals at ABM Janitorial Services – Northern California under an "alter ego" theory. *Laird v. Capital Cities/ABC, Inc.*, 68 Cal. App. 4th 727, 742 (1998).

This motion is based on this Notice of Motion and Motion, Defendants' Memorandum of Points and Authorities in support thereof, the Separate Statement of Undisputed Material Facts, the Declarations of Keith A. Jacoby, Lauren E. Robinson, Daniel Gonzalez, Maria Miller and Tom Cazale and the exhibits attached thereto, filed concurrently herewith, the complete files and records of this action, and any oral argument on this motion that the Court shall hear.

Date: May 20, 2010                    By:    /s/
                                             KEITH A. JACOBY
                                             LAURA E. HAYWARD
                                             Attorneys for Defendants
                                             ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL SERVICES -NORTHERN CALIFORNIA, INC.

Firmwide:95545019.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

DEFTS' NOTICE/MOTION FOR MSJ/MSA RE: FRESNO CLAIMANTS & PARENT CORPORATIONS        10.        CASE NO. 1: 07 CV 01428 LJO-JLT