1
LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
2
A Professional Corporation
650 California Street, 20th Floor
3
San Francisco, CA  94108.2693
Telephone:    415.433.1940
4
Email:  lhayward@littler.com

5
KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
6
A Professional Corporation
2049 Century Park East, 5th Floor
7
Los Angeles, CA  90067.3107
Telephone:    310.553.0308
8
Facsimile:    310.553.5583
Email:  kjacoby@littler.com
9

Attorneys for Defendants
10
ABM INDUSTRIES INCORPORATED; ABM
JANITORIAL SERVICES, INC. and ABM
11
JANITORIAL NORTHERN CALIFORNIA

12

13
UNITED STATES DISTRICT COURT

14
EASTERN DISTRICT OF CALIFORNIA

15
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

16
Plaintiff,

17
ERIKA MORALES and ANONYMOUS
PLAINTIFFS ONE THROUGH EIGHT,
18
Plaintiff Intervenors,

19
v.

20
ABM INDUSTRIES INCORPORATED
21
and ABM JANITORIAL SERVICES,
INC.; ABM JANITORIAL NORTHERN
22
CALIFORNIA; JOE VASQUEZ; Does 1 -
10 inclusive,
23

24
Defendants.

Case No. 1:07 CV 01428 LJO-LJT

**ABM DEFENDANTS' AMENDED NOTICE OF MOTION AND MOTION FOR SUMMARY ADJUDICATION RE: BAKERSFIELD CLAIMANTS/INTERVENERS PURSUANT TO F.R.C.P. 56(D)**

Hearing Date:   June 14, 2010
Time:              8:30 a.m.
Judge:             Lawrence J. O'Neill
Courtroom:      4

**REDACTED VERSION**

25

26

27

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFTS' NOTICE/MOTION FOR
SUMMARY ADJUDICATION**

**CASE NO. 1: 07 CV 01428 LJO-JLT**

1    TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

2              PLEASE TAKE NOTICE that on June 14, 2010 at 8:30 a.m., in the above-entitled

3    Court located at 2500 Tulare Street, Fresno, California, 93721, Defendants ABM INDUSTRIES

4    INCORPORATED; ABM JANITORIAL SERVICES, INC. and ABM JANITORIAL SERVICES -

5    NORTHERN CALIFORNIA, INC. ("Defendants") will and hereby do move the Court for an Order

6    Granting Summary Adjudication re: Bakersfield Claimants/ Interveners.  Defendants are entitled

7    pursuant to Federal Rule of Civil Procedure 56(d) to a summary adjudication that there are no triable

8    issues of fact as to the following issues:

9

10             1. Defendants are entitled to judgment as to Claimant 2's second, fourth,

11   seventh, thirteenth and fourteenth causes of action for violations of the Fair Employment and

12   Housing Act ("FEHA") because Plaintiff failed to file an administrative Charge within 1 year after

13   the allegedly unlawful employment practice occurred.  Cal. Gov. Code § 12965(b).

14             2. Defendants are entitled to judgment as to Claimant 3's second, fourth,

15   seventh, thirteenth and fourteenth causes of action for violations of the FEHA because Plaintiff

16   failed to file an administrative Charge within 1 year after the allegedly unlawful employment

17   practice occurred. Cal. Gov. Code § 12965(b).

18             3. Defendants are entitled to judgment as to Claimant 2's eighth cause of action

19   for false imprisonment because this claim is barred by the one year statute of limitations set forth by

20   Cal. Code. Civ. Proc. §340(c).

21             4. Defendants are entitled to judgment as to Claimant 3's eighth cause of action

22   for false imprisonment because this claim is barred by the one year statute of limitations set forth by

23   Cal. Code. Civ. Proc. §340(c).

24             5. Defendants are entitled to judgment as to Erika Morales' eighth cause of

25   action for false imprisonment because this claim is barred by the one year statute of limitations set

26   forth by  Cal. Code. Civ. Proc. §340(c).

27             6. Defendants are entitled to judgment as to Claimant 7's eighth cause of action

28   for false imprisonment because this claim is barred by the one year statute of limitations set forth by

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' NOTICE/MOTION FOR
SUMMARY ADJUDICATION**                    1.                    **CASE NO. 1: 07 CV 01428 LJO-JLT**

1  Cal. Code. Civ. Proc. §340(c).

2       7.  Defendants are entitled to judgment as to Claimant 6's eighth cause of action

3  for false imprisonment because this claim is barred by the one year statute of limitations set forth by

4  Cal. Code. Civ. Proc. §340(c).

5       8.  Defendants are entitled to judgment as to Claimant 4's eighth cause of action

6  for false imprisonment because this claim is barred by the one year statute of limitations set forth by

7  Cal. Code. Civ. Proc. §340(c).

8       9.  Defendants are entitled to judgment as to Claimant 2's ninth cause of action

9  for assault, the tenth cause of action for battery, the eleventh cause of action for intentional infliction

10  of emotional distress, the twelfth cause of action for negligent infliction of emotional distress and the

11  fifteenth cause of action for negligence because these claims are barred by the two year statute of

12  limitations set forth by Cal. Code. Civ. Proc. §335.1.

13       10. Defendants are entitled to judgment as to Erika Morales' ninth cause of

14  action for assault, the tenth cause of action for battery, the eleventh cause of action for intentional

15  infliction of emotional distress, the twelfth cause of action for negligent infliction of emotional

16  distress and the fifteenth cause of action for negligence because these claims are barred by the two

17  year statute of limitations set forth by Cal. Code. Civ. Proc. §335.1.

18       11. Defendants are entitled to judgment as to Claimant 3's ninth cause of action

19  for assault, the tenth cause of action for battery, the eleventh cause of action for intentional infliction

20  of emotional distress, the twelfth cause of action for negligent infliction of emotional distress and the

21  fifteenth cause of action for negligence because these claims are barred by the two year statute of

22  limitations set forth by Cal. Code. Civ. Proc. §335.1.

23       12. Defendants are entitled to judgment as to Claimant 7's ninth cause of action

24  for assault, the tenth cause of action for battery, the eleventh cause of action for intentional infliction

25  of emotional distress, the twelfth cause of action for negligent infliction of emotional distress and the

26  fifteenth cause of action for negligence because these claims are barred by the two year statute of

27  limitations set forth by Cal. Code. Civ. Proc. §335.1.

28

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' NOTICE/MOTION FOR
SUMMARY ADJUDICATION          2.          CASE NO. 1: 07 CV 01428 LJO-JLT

13. Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 2 and the first, third, fifth and sixth causes of action for violations of Title VII alleged by Claimant 2 because Claimant 2 failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).

14. Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 7, and the first, third, fifth and sixth causes of action for violations of Title VII alleged by Claimant 7 because Claimant 7 failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).

15. Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 3, and the first, third, fifth and sixth causes of action for violations of Title VII alleged by Claimant 3 because Claimant 3 failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).

16. Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 8 because Claimant 8 failed to file an administrative Charge within 300 days after the allegedly unlawful employment practice occurred." 42 U.S.C. § 2000e–5(e)(1).

17. Defendants are entitled to judgment as to the Title VII claims alleged by the EEOC on behalf of Claimant 5 and the first, third, fifth and sixth causes of action for violations of Title VII, and the second, fourth, seventh, thirteenth, and fourteenth causes of action for violations of the FEHA alleged by Claimant 5 because Claimant 5 was not an employee of or an applicant for employment with Defendants. 42 U.S.C. § 2000e–2(a)(1)-(2); Cal. Gov't. Code § 12940(j)(1), (4)-(5).

18. Defendants are entitled to judgment as to claim for discrimination in violation of Title VII alleged by the EEOC on behalf of Claimant 2,  and the first and second causes of action for discrimination in violation of Title VII and FEHA alleged by Claimant 2,  because Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000); *Mixon v. Fair Employment and Housing Com.* 192 Cal. App. 3d 1306, 1318 (1987).

19. Defendants are entitled to judgment as to the claim for discrimination in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

**DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION**    3.    **CASE NO. 1: 07 CV 01428 LJO-JLT**

1    violation of Title VII alleged by the EEOC on behalf of Claimant 3, and the first and second causes

2    of action for discrimination in violation of Title VII and FEHA alleged by Claimant 3, because

3    Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.

4    *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000); *Mixon v. Fair Employment and*

5    *Housing Com.* 192 Cal. App. 3d 1306, 1318 (1987). .

6            20. Defendants are entitled to judgment as to the claim for discrimination in

7    violation of Title VII alleged by the EEOC on behalf of Claimant 7, and the first and second causes

8    of action for discrimination in violation of Title VII and FEHA alleged by Claimant 7, because

9    Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.

10    *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000); *Mixon v. Fair Employment and*

11    *Housing Com.* 192 Cal. App. 3d 1306, 1318 (1987).

12            21. Defendants are entitled to judgment as to the claim for discrimination in

13    violation of Title VII alleged by the EEOC on behalf of Claimant 4 and the first and second causes

14    of action for discrimination in violation of Title VII and FEHA alleged by Claimant 4, because

15    Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.

16    *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000); *Mixon v. Fair Employment and*

17    *Housing Com.* 192 Cal. App. 3d 1306, 1318 (1987).

18            22. Defendants are entitled to judgment as to the claim for discrimination in

19    violation of Title VII alleged by the EEOC on behalf of Claimant 6, and the first and second causes

20    of action for discrimination in violation of Title VII and FEHA alleged by Claimant 6, because

21    Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.

22    *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000) *Mixon v. Fair Employment and*

23    *Housing Com.* 192 Cal. App. 3d 1306, 1318 (1987).

24            23. Defendants are entitled to judgment as to the claim for discrimination in

25    violation of Title VII alleged by the EEOC on behalf of Claimant 5, and the first and second causes

26    of action for discrimination in violation of Title VII and FEHA alleged by Claimant 5, because

27    Plaintiff will be unable to prove a prima facie case where there is no evidence of adverse action.

28    *Kortan v. Cal. Youth Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000) *Mixon v. Fair Employment and*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' NOTICE/MOTION FOR
SUMMARY ADJUDICATION

4.

CASE NO. 1: 07 CV 01428 LJO-JLT

1    *Housing Com.* 192 Cal. App. 3d 1306, 1318 (1987).

2              24. Defendants are entitled to judgment as to the claim for discrimination in

3    violation of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable

4    to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth*

5    *Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

6              25. Defendants are entitled to judgment as to the claim for discrimination in

7    violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable

8    to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth*

9    *Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

10             26. Defendants are entitled to judgment as to the claim for discrimination in

11   violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable

12   to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth*

13   *Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

14             27. Defendants are entitled to judgment as to the claim for discrimination in

15   violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable

16   to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth*

17   *Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

18             28. Defendants are entitled to judgment as to the claim for discrimination in

19   violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable

20   to prove a prima facie case where there is no evidence of adverse action. *Kortan v. Cal. Youth*

21   *Authority*, 217 F.3d 1104, 1113 (9th Cir. 2000).

22             29. Defendants are entitled to judgment as to the claim for retaliation in violation

23   of Title VII alleged by the EEOC on behalf of Claimant 2 and the sixth and seventh causes of action

24   for retaliation in violation of Title VII and FEHA alleged by Claimant 2 because Plaintiff will be

25   unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v.*

26   *Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 506 (9th Cir. 2000) *Akers v. County of*

27   *San Diego*, 95 Cal. App. 4th 1441, 1453 (2002).

28             30. Defendants are entitled to judgment as to the claim for retaliation in violation

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' NOTICE/MOTION FOR**
**SUMMARY ADJUDICATION**                    5.                    **CASE NO. 1: 07 CV 01428 LJO-JLT**

1  of Title VII alleged by the EEOC on behalf of Claimant 3 and the sixth and seventh causes of action

2  for retaliation in violation of Title VII and FEHA alleged by Claimant 3 because Plaintiff will be

3  unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v.*

4  *Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 506 (9th Cir. 2000); *Akers v. County of*

5  *San Diego,* 95 Cal. App. 4th 1441, 1453 (2002).

6       31. Defendants are entitled to judgment as to the claim for retaliation in violation

7  of Title VII alleged by the EEOC on behalf of Claimant 7 and the sixth and seventh causes of action

8  for retaliation in violation of Title VII and FEHA alleged by Claimant 7 because Plaintiff will be

9  unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v.*

10 *Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 506 (9th Cir. 2000); *Akers v. County of*

11 *San Diego,* 95 Cal. App. 4th 1441, 1453 (2002).

12      32. Defendants are entitled to judgment as to the claim for retaliation in violation

13 of Title VII alleged by the EEOC on behalf of Claimant 4 and the sixth and seventh causes of action

14 for retaliation in violation of Title VII and FEHA alleged by Claimant 4 because Plaintiff will be

15 unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v.*

16 *Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 506 (9th Cir. 2000); *Akers v. County of*

17 *San Diego,* 95 Cal. App. 4th 1441, 1453 (2002).

18      33. Defendants are entitled to judgment as to the claim for retaliation in violation

19 of Title VII alleged by the EEOC on behalf of Claimant 6 and the sixth and seventh causes of action

20 for retaliation in violation of Title VII and FEHA alleged by Claimant 6 because Plaintiff will be

21 unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v.*

22 *Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 506 (9th Cir. 2000); *Akers v. County of*

23 *San Diego,* 95 Cal. App. 4th 1441, 1453 (2002)..

24      34. Defendants are entitled to judgment as to the claim for retaliation in violation

25 of Title VII alleged by the EEOC on behalf of Claimant 5 and the sixth and seventh causes of action

26 for retaliation in violation of Title VII and FEHA alleged by Claimant 5 because Plaintiff will be

27 unable to prove a prima facie case where there is no evidence of adverse action. *Passantino v.*

28 *Johnson & Johnson Consumer Products, Inc.,* 212 F.3d 493, 506 (9th Cir. 2000); *Akers v. County of*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEFTS' NOTICE/MOTION FOR
SUMMARY ADJUDICATION                    6.                    CASE NO. 1: 07 CV 01428 LJO-JLT

1 | *San Diego*, 95 Cal. App. 4th 1441, 1453 (2002).

2 |    35. Defendants are entitled to judgment as to the claim for retaliation in violation
3 | of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable to prove a
4 | prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson*
5 | *Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

6 |    36. Defendants are entitled to judgment as to the claim for retaliation in violation
7 | of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable to prove
8 | a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson*
9 | *Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

10 |    37. Defendants are entitled to judgment as to the claim for retaliation in violation
11 | of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable to prove a
12 | prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson*
13 | *Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

14 |    38. Defendants are entitled to judgment as to the claim for retaliation in violation
15 | of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable to prove
16 | a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson*
17 | *Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

18 |    39. Defendants are entitled to judgment as to the claim for retaliation in violation
19 | of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable to prove
20 | a prima facie case where there is no evidence of adverse action. *Passantino v. Johnson & Johnson*
21 | *Consumer Products, Inc.*, 212 F.3d 493, 506 (9th Cir. 2000).

22 |    40. Defendants are entitled to judgment as to the claim for retaliation in violation
23 | of Title VII alleged by the EEOC on behalf of Claimant 7 and the sixth and seventh causes of action
24 | for retaliation in violation of Title VII and FEHA alleged by Claimant 7 because Plaintiff will be
25 | unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v.*
26 | *Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988); *Akers v. County of San Diego*, 95 Cal. App. 4th 1441,
27 | 1453 (2002).

28 |    41. Defendants are entitled to judgment as to the claim for retaliation in violation

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION**    7.    **CASE NO. 1: 07 CV 01428 LJO-JLT**

1  of Title VII alleged by the EEOC on behalf of Claimant 4 and the sixth and seventh causes of action

2  for retaliation in violation of Title VII and FEHA alleged by Claimant 4 because Plaintiff will be

3  unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v.*

4  *Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988) *Akers v. County of San Diego*, 95 Cal. App. 4th 1441,

5  1453 (2002).

6          42. Defendants are entitled to judgment as to the claim for retaliation in violation

7  of Title VII alleged by the EEOC on behalf of Claimant 6 and the sixth and seventh causes of action

8  for retaliation in violation of Title VII and FEHA alleged by Claimant 6 because Plaintiff will be

9  unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v.*

10  *Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988) *Akers v. County of San Diego*, 95 Cal. App. 4th 1441,

11  1453 (2002).

12          43. Defendants are entitled to judgment as to the claim for retaliation in violation

13  of Title VII alleged by the EEOC on behalf of Claimant 5 and the sixth and seventh causes of action

14  for retaliation in violation of Title VII and FEHA alleged by Claimant 5 because Plaintiff will be

15  unable to prove a prima facie case where there is no evidence of any protected activity. *Jordan v.*

16  *Clark*, 847 F.2d 1368, 1376 (9th Cir. 1988) *Akers v. County of San Diego*, 95 Cal. App. 4th 1441,

17  1453 (2002).

18          44. Defendants are entitled to judgment as to the claim for retaliation in violation

19  of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable to prove a

20  prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d

21  1368, 1376 (9th Cir. 1988)

22          45. Defendants are entitled to judgment as to the claim for retaliation in violation

23  of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable to prove

24  a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d

25  1368, 1376 (9th Cir. 1988)

26          46. Defendants are entitled to judgment as to the claim for retaliation in violation

27  of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable to prove a

28  prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' NOTICE/MOTION FOR
SUMMARY ADJUDICATION**                    8.                    **CASE NO. 1: 07 CV 01428 LJO-JLT**

1    1368, 1376 (9th Cir. 1988).

2         47. Defendants are entitled to judgment as to the claim for retaliation in violation

3    of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable to prove

4    a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d

5    1368, 1376 (9th Cir. 1988).

6         48. Defendants are entitled to judgment as to the claim for retaliation in violation

7    of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable to prove

8    a prima facie case where there is no evidence of any protected activity. *Jordan v. Clark*, 847 F.2d

9    1368, 1376 (9th Cir. 1988).

10        49. Defendants are entitled to judgment as to the claim for quid pro quo

11   harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 2 and the fifth cause

12   of action for quid pro quo harassment in violation of Title VII alleged by Claimant 2 because

13   Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any

14   tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29

15   CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106

16   S.Ct. 2399, 2404 (1986).

17        50. Defendants are entitled to judgment as to the claim for quid pro quo

18   harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 3 and the fifth cause

19   of action for quid pro quo harassment in violation of Title VII alleged by Claimant 3 because

20   Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any

21   tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29

22   CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 65, 106

23   S.Ct. 2399, 2404 (1986).

24        51. Defendants are entitled to judgment as to the claim for quid pro quo

25   harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 7 and the fifth cause

26   of action for quid pro quo harassment in violation of Title VII alleged by Claimant 7 because

27   Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any

28   tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

DEFTS' NOTICE/MOTION FOR
SUMMARY ADJUDICATION                    9.                    CASE NO. 1: 07 CV 01428 LJO-JLT

1 | CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106

2 | S.Ct. 2399, 2404 (1986).

3 |       52. Defendants are entitled to judgment as to the claim for quid pro quo

4 | harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 4 and the fifth cause

5 | of action for quid pro quo harassment in violation of Title VII alleged by Claimant 4 because

6 | Plaintiff will be unable to prove a prima facie case where there is no evidence that she suffered any

7 | tangible employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29

8 | CFR § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106

9 | S.Ct. 2399, 2404 (1986).

10 |       53. Defendants are entitled to judgment as to the claim for quid pro quo

11 | harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff

12 | will be unable to prove a prima facie case where there is no evidence that she suffered any tangible

13 | employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR

14 | § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct.

15 | 2399, 2404 (1986).

16 |       54. Defendants are entitled to judgment as to the claim for quid pro quo

17 | harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff

18 | will be unable to prove a prima facie case where there is no evidence that she suffered any tangible

19 | employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR

20 | § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct.

21 | 2399, 2404 (1986).

22 |       55. Defendants are entitled to judgment as to the claim for quid pro quo

23 | harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff

24 | will be unable to prove a prima facie case where there is no evidence that she suffered any tangible

25 | employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR

26 | § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct.

27 | 2399, 2404 (1986).

28 |       56. Defendants are entitled to judgment as to the claim for quid pro quo

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' NOTICE/MOTION FOR SUMMARY ADJUDICATION**
**CASE NO. 1: 07 CV 01428 LJO-JLT**

1  harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff

2  will be unable to prove a prima facie case where there is no evidence that she suffered any tangible

3  employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR

4  § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct.

5  2399, 2404 (1986).

6      57. Defendants are entitled to judgment as to the claim for quid pro quo

7  harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff

8  will be unable to prove a prima facie case where there is no evidence that she suffered any tangible

9  employment action as a result of a reaction to any of Mr. Vasquez' alleged conduct. *See* 29 CFR

10  § 1604.11(a), *cited with approval in Meritor Sav. Bank, FSB v. Vinson,* 477 U.S. 57, 65, 106 S.Ct.

11  2399, 2404 (1986).

12      58. Defendants are entitled to judgment as to the claim for hostile work

13  environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 5 and

14  the third cause of action for hostile work environment harassment in violation of Title VII alleged by

15  Claimant 5 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff

16  did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*,

17  524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

18      59. Defendants are entitled to judgment as to the claim for hostile work

19  environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 6 and

20  the third cause of action for hostile work environment harassment in violation of Title VII alleged by

21  Claimant 6 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff

22  did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*,

23  524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

24      60. Defendants are entitled to judgment as to the claim for hostile work

25  environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 7 and

26  the third cause of action for hostile work environment harassment in violation of Title VII alleged by

27  Claimant 7 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff

28  did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' NOTICE/MOTION FOR
SUMMARY ADJUDICATION          11.          CASE NO. 1: 07 CV 01428 LJO-JLT

2eb95e58cdc77b80

1   524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

2         61. Defendants are entitled to judgment as to the claim for hostile work

3   environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 4 and

4   the third cause of action for hostile work environment harassment in violation of Title VII alleged by

5   Claimant 4 because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff

6   did not complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*,

7   524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

8         62. Defendants are entitled to judgment as to the claim for hostile work

9   environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 8

10  because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not

11  complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S.

12  742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

13        63. Defendants are entitled to judgment as to the claim for hostile work

14  environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 10

15  because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not

16  complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S.

17  742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

18        64. Defendants are entitled to judgment as to the claim for hostile work

19  environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 9

20  because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not

21  complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S.

22  742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

23        65. Defendants are entitled to judgment as to the claim for hostile work

24  environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 12

25  because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not

26  complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S.

27  742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

28        66. Defendants are entitled to judgment as to the claim for hostile work

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' NOTICE/MOTION FOR
SUMMARY ADJUDICATION                12.                CASE NO. 1: 07 CV 01428 LJO-JLT

1    environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 11

2    because Defendants have a complete defense under *Faragher/Ellerth* because Plaintiff did not

3    complain about any alleged conduct in a timely fashion. *Burlington Indus., Inc. v. Ellerth*, 524 U.S.

4    742 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775 (1998).

5          67. Defendants are entitled to judgment as to the claim for hostile work

6    environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 2 and

7    the third and fourth causes of action for hostile work environment harassment in violation of Title

8    VII and FEHA alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case

9    where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of*

10   *Boca Raton*, 524 U.S. 775, 786 (1998); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590,

11   608 (1998).

12          68. Defendants are entitled to judgment as to the claim for hostile work

13   environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 3 and

14   the third and fourth causes of action for hostile work environment harassment in violation of Title

15   VII and FEHA alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case

16   where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of*

17   *Boca Raton*, 524 U.S. 775, 786 (1998); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590,

18   608 (1998).

19          69. Defendants are entitled to judgment as to the claim for hostile work

20   environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 7 and

21   the third and fourth causes of action for hostile work environment harassment in violation of Title

22   VII and FEHA alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case

23   where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of*

24   *Boca Raton*, 524 U.S. 775, 786 (1998); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590,

25   608 (1998).

26          70. Defendants are entitled to judgment as to the claim for hostile work

27   environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 4 and

28   the third and fourth causes of action for hostile work environment harassment in violation of Title

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' NOTICE/MOTION FOR
SUMMARY ADJUDICATION                    13.                    CASE NO. 1: 07 CV 01428 LJO-JLT

VII and FEHA alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998); *Fisher v. San Pedro Peninsula Hosp.*, 214 Cal. App. 3d 590, 608 (1998).

71. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 8 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998), *citing, Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

72. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 10 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998), *citing, Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

73. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 9 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998), *citing, Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

74. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 12 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998), *citing, Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

75. Defendants are entitled to judgment as to the claim for hostile work environment harassment in violation of Title VII alleged by the EEOC on behalf of Claimant 11 because Plaintiff will be unable to prove a prima facie case where there is no evidence that any alleged harassment was severe or pervasive. *Faragher v. City of Boca Raton*, 524 U.S. 775, 786

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

1   (1998), *citing, Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986).

2       76. Defendants are entitled to judgment as to the thirteenth cause of action for

3   Aiding and Abetting Harassment, Discrimination and Retaliation under FEHA, and the fourteenth

4   cause of action for Failure to Prevent Harassment, Discrimination and Retaliation under FEHA

5   alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no

6   evidence of any underlying FEHA violation. *Trujillo v. North County Transit. Dist.,* 63 Cal. App. 4th

7   280 (1998); Cal. Govt. Code §12940(i).

8       77. Defendants are entitled to judgment as to the thirteenth cause of action for

9   Aiding and Abetting Harassment, Discrimination and Retaliation under FEHA, and the fourteenth

10  cause of action for Failure to Prevent Harassment, Discrimination and Retaliation under FEHA

11  alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no

12  evidence of any underlying FEHA violation. *Trujillo v. North County Transit. Dist.,* 63 Cal. App. 4th

13  280 (1998); Cal. Govt. Code §12940(i).

14      78. Defendants are entitled to judgment as to the thirteenth cause of action for

15  Aiding and Abetting Harassment, Discrimination and Retaliation under FEHA, and the fourteenth

16  cause of action for Failure to Prevent Harassment, Discrimination and Retaliation under FEHA

17  alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no

18  evidence of any underlying FEHA violation. *Trujillo v. North County Transit. Dist.,* 63 Cal. App. 4th

19  280 (1998); Cal. Govt. Code §12940(i).

20      79. Defendants are entitled to judgment as to the thirteenth cause of action for

21  Aiding and Abetting Harassment, Discrimination and Retaliation under FEHA, and the fourteenth

22  cause of action for Failure to Prevent Harassment, Discrimination and Retaliation under FEHA

23  alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no

24  evidence of any underlying FEHA violation. *Trujillo v. North County Transit. Dist.,* 63 Cal. App. 4th

25  280 (1998); Cal. Govt. Code §12940(i).

26      80. Defendants are entitled to judgment as to the eighth cause of action for false

27  imprisonment alleged by Claimant 2 because Plaintiff will be unable to prove a prima facie case

28  where there is no evidence that she was ever detained against her will for an appreciable period of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' NOTICE/MOTION FOR          15.          CASE NO. 1: 07 CV 01428 LJO-JLT
SUMMARY ADJUDICATION

1    time. *See Fermin v. Fedco, Inc.,* 7 Cal. 4th 701, 715-716 (1994).

2    81. Defendants are entitled to judgment as to the eighth cause of action for false

3    imprisonment alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case

4    where there is no evidence that she was ever detained against her will for an appreciable period of

5    time. *See Fermin v. Fedco, Inc.,* 7 Cal. 4th 701, 715-716 (1994).

6    82. Defendants are entitled to judgment as to the eighth cause of action for false

7    imprisonment alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case

8    where there is no evidence that she was ever detained against her will for an appreciable period of

9    time. *See Fermin v. Fedco, Inc.,* 7 Cal. 4th 701, 715-716 (1994).

10    83. Defendants are entitled to judgment as to the eighth cause of action for false

11    imprisonment alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case

12    where there is no evidence that she was ever detained against her will for an appreciable period of

13    time. *See Fermin v. Fedco, Inc.,* 7 Cal. 4th 701, 715-716 (1994).

14    84. Defendants are entitled to judgment as to the ninth cause of action for assault

15    alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no

16    evidence that Mr. Joe Vasquez ever threatened her with bodily harm. *See Thing v. LaChusa,* 48 Cal.

17    3d 644, 649 (1989).

18    85. Defendants are entitled to judgment as to the ninth cause of action for assault

19    alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no

20    evidence that Mr. Joe Vasquez ever threatened her with bodily harm. *See Thing v. LaChusa,* 48 Cal.

21    3d 644, 649 (1989).

22    86. Defendants are entitled to judgment as to the ninth cause of action for assault

23    alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no

24    evidence that Mr. Joe Vasquez ever threatened her with bodily harm. *See Thing v. LaChusa,* 48 Cal.

25    3d 644, 649 (1989).

26    87. Defendants are entitled to judgment as to the tenth cause of action for battery

27    alleged by Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no

28    evidence that Mr. Joe Vasquez made any contact with her. *Austin B. v. Escondido Union School*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' NOTICE/MOTION FOR
SUMMARY ADJUDICATION**    16.    **CASE NO. 1: 07 CV 01428 LJO-JLT**

1 *Dist.*, 149 Cal. App. 4th 860, 872 (2007).

2           88. Defendants are entitled to judgment as to the tenth cause of action for battery

3 alleged by Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no

4 evidence that Mr. Joe Vasquez made any contact with her. *Austin B. v. Escondido Union School*

5 *Dist.*, 149 Cal. App. 4th 860, 872 (2007).

6           89. Defendants are entitled to judgment as to the tenth cause of action for battery

7 alleged by Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no

8 evidence that Mr. Joe Vasquez made any contact with her. *Austin B. v. Escondido Union School*

9 *Dist.*, 149 Cal. App. 4th 860, 872 (2007).

10           90. Defendants are entitled to judgment as to the fifteenth cause of action for

11 negligence and the twelfth cause of action negligent infliction of emotional distress alleged by

12 Claimant 2 because Plaintiff will be unable to prove a prima facie case where there is no evidence

13 that the ABM Defendants engaged in any negligent conduct. *Burgess v. Superior Court*, 2 Cal. 4th

14 1064, 1072 (1992).

15           91. Defendants are entitled to judgment as to the fifteenth cause of action for

16 negligence and the twelfth cause of action negligent infliction of emotional distress alleged by

17 Claimant 3 because Plaintiff will be unable to prove a prima facie case where there is no evidence

18 that the ABM Defendants engaged in any negligent conduct. *Burgess v. Superior Court*, 2 Cal. 4th

19 1064, 1072 (1992).

20           92. Defendants are entitled to judgment as to the fifteenth cause of action for

21 negligence and the twelfth cause of action negligent infliction of emotional distress alleged by

22 Claimant 7 because Plaintiff will be unable to prove a prima facie case where there is no evidence

23 that the ABM Defendants engaged in any negligent conduct. *Burgess v. Superior Court*, 2 Cal. 4th

24 1064, 1072 (1992).

25           93. Defendants are entitled to judgment as to the fifteenth cause of action for

26 negligence and the twelfth cause of action negligent infliction of emotional distress alleged by

27 Claimant 4 because Plaintiff will be unable to prove a prima facie case where there is no evidence

28 that the ABM Defendants engaged in any negligent conduct. *Burgess v. Superior Court*, 2 Cal. 4th

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

1    1064, 1072 (1992).

2            94. Defendants are entitled to judgment as to the eleventh cause of action for

3    intentional infliction of emotional distress claims alleged by Claimant 2 because Plaintiff will be

4    unable to prove a prima facie case where there is no evidence that Defendants' conduct exceeded

5    "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause,

6    and does cause, mental distress." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 n.7 (1987).

7            95. Defendants are entitled to judgment as to the eleventh cause of action for

8    intentional infliction of emotional distress claims alleged by Claimant 3 because Plaintiff will be

9    unable to prove a prima facie case where there is no evidence that Defendants' conduct exceeded

10   "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause,

11   and does cause, mental distress." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 n.7 (1987).

12           96. Defendants are entitled to judgment as to the eleventh cause of action for

13   intentional infliction of emotional distress claims alleged by Claimant 7 because Plaintiff will be

14   unable to prove a prima facie case where there is no evidence that Defendants' conduct exceeded

15   "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause,

16   and does cause, mental distress." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 n.7 (1987).

17           97. Defendants are entitled to judgment as to the eleventh cause of action for

18   intentional infliction of emotional distress claims alleged by Claimant 4 because Plaintiff will be

19   unable to prove a prima facie case where there is no evidence that Defendants' conduct exceeded

20   "all bounds usually tolerated by a decent society, of a nature which is especially calculated to cause,

21   and does cause, mental distress." *Cole v. Fair Oaks Fire Prot. Dist.*, 43 Cal. 3d 148, 155 n.7 (1987).

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco CA 94108 2693
415 433 1940

DEFTS' NOTICE/MOTION FOR
SUMMARY ADJUDICATION            18.            CASE NO. 1: 07 CV 01428 LJO-JLT

1        This motion is based on this Notice of Motion and Motion, Defendants'

2  Memorandum of Points and Authorities in support thereof, the Separate Statement of Undisputed

3  Material Facts, the Declaration of Laura E. Hayward and the exhibits attached thereto filed

4  concurrently herewith, herewith, and the Declaration of Tom Cazale and the exhibits attached

5  thereto filed in support thereto, the complete files and records of this action, all matters of which this

6  Court may take judicial notice, and any oral argument on this motion that the Court shall hear, and

7  any other matter properly brought to the attention of the Court before or at the hearing on this matter.

8

9  Date: May 20, 2010                    By:    _____

10                                               LAURA E. HAYWARD
                                                 Attorneys for Defendants
11                                               ABM INDUSTRIES INCORPORATED; ABM
                                                 JANITORIAL SERVICES, INC. and ABM
12                                               JANITORIAL SERVICES -NORTHERN
                                                 CALIFORNIA, INC.
     Firmwide:95544949.1 054667.1005
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

DEFTS' NOTICE/MOTION FOR        19.        CASE NO. 1: 07 CV 01428 LJO-JLT
SUMMARY ADJUDICATION