1   LAURA E. HAYWARD, Bar No. 204014
    LITTLER MENDELSON
2   A Professional Corporation
    650 California Street, 20th Floor
3   San Francisco, CA  94108.2693
    Telephone:    415.433.1940
4   Email: lhayward@littler.com

5   KEITH A. JACOBY, Bar No. 150233
    LITTLER MENDELSON
6   A Professional Corporation
    2049 Century Park East, 5th Floor
7   Los Angeles, CA  90067.3107
    Telephone:    310.553.0308
8   Facsimile:    310.553.5583
    Email: kjacoby@littler.com

9
    Attorneys for Defendants
10  ABM INDUSTRIES INCORPORATED; ABM
    JANITORIAL SERVICES, INC. and ABM
11  JANITORIAL NORTHERN CALIFORNIA

12

13                  UNITED STATES DISTRICT COURT

14                 EASTERN DISTRICT OF CALIFORNIA

15  U.S. EQUAL EMPLOYMENT              Case No. 1:07 CV 01428 LJO-LJT
    OPPORTUNITY COMMISSION,
16                                     **ABM DEFENDANTS' MEMORANDUM OF
                Plaintiff,             POINTS AND AUTHORITIES IN
17                                     OPPOSITION TO PLAINTIFF EEOC'S
    ERIKA MORALES and ANONYMOUS        MOTION FOR PARTIAL SUMMARY
18  PLAINTIFFS ONE THROUGH EIGHT,      JUDGMENT ON DEFENDANTS' FIRST,
                                       FOURTH, SEVENTH, NINTH, TWELFTH,
19              Plaintiff Intervenors, THIRTEENTH, FOURTEENTH,
                                       FIFTEENTH, SIXTEENTH,
20        v.                           SEVENTEENTH, TWENTIETH, TWENTY-
                                       FIRST, TWENTY-THIRD, TWENTY-
21  ABM INDUSTRIES INCORPORATED        FOURTH, AND TWENTY-SIXTH
    and ABM JANITORIAL SERVICES,       AFFIRMATIVE DEFENSES**
22  INC.; ABM JANITORIAL NORTHERN
    CALIFORNIA; JOE VASQUEZ; Does 1 -  Hearing Date:  June 17, 2010
23  10 inclusive,                      Time:          8:30 a.m.
                                       Judge:         Lawrence J. O'Neill
24              Defendants.            Courtroom:     4

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433.1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**                    **CASE NO. 1:07 CV 01428 LJO-JLT**

# TABLE OF CONTENTS

**PAGE**

I.   INTRODUCTION ................................................................................................1

II.  LEGAL ARGUMENT .......................................................................................2

    A.   Defendants' Fourth and Twenty-Fourth Affirmative Defenses Survive
       Summary Adjudication Because the EEOC Did Not Meet Any of the
       Administrative Steps Mandated By Title VII With Respect to the Fresno
       Claimants. ................................................................................................2

        1.   The EEOC Did Not Put Defendants On Notice of Any Claims By the
            Fresno Claimants Until Eighteen Months After This Lawsuit Was
            Filed in Court. ................................................................................3

        2.   Erika Morales' Charge Does Not Extend to the Fresno Claimants
            Under the Single Filing Rule. ..........................................................4

        3.   The EEOC Did Not Investigate The Claims Of The Fresno Claimants
            Prior To Filing Suit. ........................................................................6

        4.   The EEOC Did Not Make a Reasonable Cause Finding With Respect
            to the Fresno Claimants. ..................................................................7

        5.   The EEOC Has Not Satisfied Its Conciliation Obligations With
            Respect To The Fresno Claimants. ...................................................8

    B.   Defendants' Ninth Affirmative Defense Survives Summary Judgment
       Because The Title VII Claims of Six Claimants Are Barred By the Applicable
       Statute of Limitations. ...........................................................................10

    C.   Defendants' Equitable Defenses Are Viable Defenses To The EEOC's Title
       VII Claims Alleged On Behalf Of The Claimants. ....................................13

        1.   The Doctrine Of Avoidable Consequences Is Applicable To Title VII
            Harassment Claims and Thus Defendants' Twelfth Affirmative
            Defense Must Stand. ......................................................................13

        2.   Defendants' Thirteenth (Good Faith) Affirmative Defense Operates To
            Bar Certain Damages Available In Title VII Actions. ......................16

        3.   The Doctrine Of Unclean Hands Is Applicable To Limit Remedies
            Available In Title VII Actions and Defendants' Fourteenth Affirmative
            Defense Must Stand. ......................................................................17

        4.   The Doctrines Of Waiver and Estoppel Asserted by Defendants
            Sixteenth and Seventeenth Affirmative Defenses Apply To
            Unreasonably Delayed Hostile Work Environment Actions. ...........18

        5.   An Employer Is Not Liable For Actions Of Its Employees That Were
            Taken Outside The Scope of Their Authority and Defendants
            Twentieth Affirmative Defense Is Proper. .......................................20

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**TABLE OF CONTENTS**
(CONTINUED)

PAGE

6.    The Doctrine Of After-Acquired Evidence Raised by Defendants'
      Twenty-Third Affirmative Defense Operates To Bar Certain Damages
      In A Title VII Suit. ..................................................................................................21

D.   The EEOC Has Unreasonably Delayed Bringing Suit On Behalf Of Many Of
     The Twenty –One Claimants and Thus Defendants' Fifteenth Affirmative
     Defense Is Valid. ..........................................................................................................23

E.   Defendants Withdraw Their First and Seventh Affirmative Defenses to the
     Extent These Defenses Challenge the Sufficiency of the EEOC's Pleadings. ...........25

F.   Defendants Withdraw Their Twenty Fifth and Twenty Sixth Affirmative
     Defenses. ........................................................................................................................25

III.   CONCLUSION .............................................................................................................25

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

ii.

# TABLE OF AUTHORITIES

PAGE

## CASES

*Akers v. Alvey*,
  180 F. Supp. 2d 894 (W.D. Ky. 2001)..................................................................14

*Albemarle Paper Co. v. Moody*,
  422 U.S. 405 (1975) ...........................................................................................13

*Bains LLC, Arco Prods. Co.*,
  405 F.3d 764 (9th Cir. 2005) ..............................................................................17

*Bratton v. Bethlehem Steel Corp.*,
  649 F.2d 658 (9th Cir. 1980) ..............................................................................23

*Burlington Indus., Inc. v. Ellerth*,
  524 U.S. 742 (1998) ................................................................................13, 14, 15

*Burrell v. Star Nursery, Inc.*,
  170 F.3d 951 (9th Cir. 1999) ..............................................................................20

*Cannon v. Univ. of Health Sciences/The
  Chicago Medical School*,
  710 F.2d 351 (7th Cir. 1983) ..............................................................................23

*Croker v. Boeing, Co.*,
  437 F. Supp. 1138 (E.D. Pa. 1977)......................................................................20

*EEOC v Dresser Indus.*,
  668 F.2d 1199 (11th Cir. 1982) ..........................................................................23

*EEOC v. Alioto Fish Co.*,
  623 F.2d 86 (9th Cir. 1980) ................................................................................24

*EEOC v. Bailey Co., Inc.*,
  563 F.2d 439 (6th Cir. 1977) ........................................................................2, 6, 9

*EEOC v. Burlington Med. Supplies, Inc.*,
  536 F. Supp. 2d 647 (E.D. Va. 2008) ..................................................................12

*EEOC v. Cal. Psych. Transitions, Inc.*,
  2009 U.S. Dist. LEXIS 67852 (E.D. Cal. Aug. 4, 2009)..................................5, 10

*EEOC v. Chicago Miniature Lamp Works*,
  526 F.Supp. 974 (N.D. Ill. 1981)..........................................................................8

*EEOC v. Collegeville/Imagineering*,
  2007 U.S. Dist. LEXIS 51528 (D. Ariz. July 16, 2007).......................................23

*EEOC v. CRST Expedited, Inc.*,
  2009 U.S. Dist. LEXIS 71396 (N.D. Iowa Aug. 13, 2009)...........................7, 9, 10

*EEOC v. Custom Cos.*,
  2004 U.S. Dist. LEXIS 5950 (N.D. Ill. Apr. 8, 2004)....................................11, 12

*EEOC v. Dial Corp.*,
  156 F. Supp. 2d 926 (N.D. Ill. 2001)...................................................................10

*EEOC v. First Midwest Bank*,
  14 F. Supp. 2d 1028 (N.D. Ill. 1998).....................................................................8

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**TABLE OF AUTHORITIES**
(CONTINUED)

PAGE

*EEOC v. General Electric Co.*,
532 F.2d 359 (4th Cir. 1976).................................................................7

*EEOC v. GLC Rests., Inc.*,
2006 U.S. Dist. LEXIS 78270 (D. Ariz. Oct. 26 2006)........................11

*EEOC v. Hearst Corp.*,
553 F.2d 579 (9th Cir. 1976)..............................................................6, 7

*EEOC v. Hugin Sweda, Inc.*,
750 F. Supp. 165 (D.N.J. 1990)...............................................................8

*EEOC v. Jillian's of Indianapolis, Inc.*,
279 F. Supp. 2d 974 (S.D. Ind. 2003)......................................................7

*EEOC v. Keco Industries, Inc.*,
748 F.2d 1097 (6th Cir. 1984).........................................................6, 8, 9

*EEOC v. Liberty Loan Corp.*,
584 F.2d 853 (8th Cir. 1978).........................................................23, 24

*EEOC v. Monterey Collision
Frame & Body, Inc.*,
2007 U.S. Dist. LEXIS 33811 (N.D. Cal. April 23, 2007)................23, 24

*EEOC v. NCL America Inc.*,
504 F.Supp. 2d 1008 (D.Hawaii 2007)....................................................5

*EEOC v. Occidental Life Ins. Co. of Am.*,
535 F.2d 533 (9th Cir. 1976)..............................................................6, 7

*EEOC v. Optical Cable Corp.*,
169 F. Supp. 2d 539 (W.D. Va. 2001)....................................................11

*EEOC v. Outback Steakhouse of Fla., Inc.*,
520 F. Supp. 2d 1250 (D. Colo. 2007)......................................................7

*EEOC v. Pierce Packing Co.*,
669 F.2d 605 (9th Cir. 1982)....................................................................2

*EEOC v. Prudential Federal Savings and Loan Assoc.*,
763 F.2d 1166 (10th Cir. 1985).................................................................9

*EEOC v. Raymond Metal Products, Co.*,
530 F.2d 590 (4th Cir. 1976).....................................................................8

*EEOC v. Sears, Roebuck & Co.*,
490 F. Supp 1245 (M.D. Ala 1980).....................................................9, 11

*EEOC v. Sears, Roebuck & Co.*,
504 F. Supp. 241 (N.D. Ill. 1980).............................................................9

*EEOC v. St. Anne's Hospital of Chicago, Inc.*,
664 F. 2d 128 (7th Cir. 1981).....................................................................9

*EEOC v. Target Corp.*,
2007 U.S. Dist. LEXIS 35762 (E.D. Wis. May 16, 2007)........................7

*EEOC v. The Nestle Co.*,
1982 U.S. Dist. LEXIS 12373 (E.D. Cal. 1982).......................................8

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940

DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION

iv.

CASE NO. 1:07 CV 01428 LJO-JLT

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*EEOC v. The New Cherokee Corp.*,
829 F. Supp. 73 (S.D.N.Y. 73) ...................................................................7

*EEOC v. Westinghouse Electric Corp.*,
450 F. Supp. 792 (E.D. Mo. 1978) .........................................................23, 24

*EEOC v. Wilson Metal Casket*,
24 F.3d 836 (6th Cir. 1994) .......................................................................5

*EEOC v. Wyndham Worldwide Corp.*,
2008 U.S. Dist. LEXIS 83558 (W.D. Wash. Oct. 3, 2008) .....................11

*Excel Corp. v. Bosley*,
165 F.3d 635 (8th Cir. 1999) ....................................................................14

*Faragher v. City of Boca Raton*,
524 U.S. 775 (1998) .....................................................................13, 14, 15

*Friend v Leidinger*,
446 F. Supp. 361 (E.D. Va. 1977) ........................................................20, 21

*Hogan v. Henderson*,
102 F. Supp. 2d 1180 (D. Ariz. 2000) ......................................................20

*Hyatt v. Northrop Corp.*,
80 F.3d 1425 (9th Cir. 1996) ....................................................................22

*Jadwin, D.O. v. County of Kern*,
610 F. Supp. 2d 1129 (E.D. Cal. 2009) ....................................................17

*Jeffries v. Chicago Transit Auth.*,
770 F.2d 676 (7th Cir. 1985) ....................................................................23

*Kolstad v. American Dental Ass'n*,
527 U.S. 526 (1999) .............................................................................16, 17

*Lacy v. Chrysler Corp.*,
533 F.2d 353 (8th Cir. 1976) ....................................................................23

*Lewis v. City of Chicago*,
Case. No. 08-974 (May 24, 2010) ............................................................11

*Lopez v. Kempthorne*,
2010 U.S. Dist. LEXIS 2832 (S.D. Tex. Jan. 14, 2010)..........................19

*Louis v. E. Baton Rouge Parish Sch. Bd.*,
303 F. Supp. 2d 799 (M.D. La. 2003) ......................................................16

*Lust v. Sealy, Inc.*,
383 F.3d 580 (2004) ..................................................................................16

*McGinest v. GTE Service Corp.*,
360 F.3d 1103 (9th Cir. 2004) ..................................................................19

*McKennon v. Nashville Banner Pub. Co.*,
513 U.S. 352 (1995) .................................................................17, 18, 21, 22

*Movement for Opportunity and Equality v.
Gen. Motors Corp.*,
622 F.2d 1235 (7th Cir. 1980) ..................................................................10

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**

v.

**CASE NO. 1:07 CV 01428 LJO-JLT**

# TABLE OF AUTHORITIES
### (CONTINUED)

PAGE

*Nat'l R.R. Passenger Corp. v. Morgan,*
536 U.S. 101 (2002) .......................................................................................18, 19

*Occidental Life Ins. Co. of Cal. v. EEOC,*
432 U.S. 355 (1977) ...............................................................................12, 13, 24

*O'Day v. McDonnell Douglas Helicopter Co.,*
79 F.3d 756 (9th Cir. 1996) ...................................................................................22

*Pa. State Police v. Suders,*
542 U.S. 129 (2004) ...............................................................................................13

*Rivera v. NIBCO, Inc.,*
364 F.3d 1057 (9th Cir. 2004) ...............................................................................22

*Savino v. C.P. Hall Co.,*
199 F.3d 925 (1999) .........................................................................................13, 14

*Sterten v. Option One Mortg. Corp.,*
479 F. Supp. 2d 479 (E.D. Pa. 2007).....................................................................13

*Swinton v. Potomas Corp.,*
270 F.3d 794 (9th Cir. 2001) .................................................................................21

*Wilkinson v. Rumsfeld,*
100 Fed. Appx. 155 (4th Cir. 2004) .................................................................19, 23

*Wright – Simmons v. City of Oklahoma City,*
155 F.3d 1264 (10th Cir. 1998) ..............................................................................20

*Zipes v. Trans World Airlines, Inc.,*
455 U.S. 385 (1982) ...............................................................................................18

## STATUTES

42 U.S.C. § 2000e-2 .........................................................................................20, 21

42 U.S.C. § 2000e-5(e)(1) ......................................................................................12

42 U.S.C. § 2000e-5(g)(1) ......................................................................................14

42 USCS § 2000e-5(g)(2)(B) ..................................................................................16

## OTHER AUTHORITIES

Civil Rights Act of 1964, Title VII................................................................passim

Truth in Lending Act ..............................................................................................13

Firmwide:95709831.1 054667.1005

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

I.   **INTRODUCTION**

The EEOC's Motion for Partial Summary Judgment must be denied because: (1) the at-issue Affirmative Defenses raised by Defendants ABM Industries Incorporated ("ABMI"), ABM Janitorial Services, Inc. ("ABM Janitorial") and ABM Janitorial Services – Northern California, Inc. ("ABMNC") (collectively "Defendants") are legally tenable; and, (2) as set forth in Defendants' motions, some affirmative defenses establish complete defenses to certain Title VII claims.

First, ABM's Fourth and Twenty-Fourth Affirmative Defenses must stand because the EEOC failed to comply with the statutory prerequisites of Title VII with respect to the claims pursued on behalf of the nine individuals who worked for ABMNC in the Fresno/Visalia area (the "Fresno Claimants"). The EEOC's position that it investigated and conciliated the Charge filed by Bakersfield employee Erika Morales in June 2006 does not excuse this. No EEOC charges were filed by the Fresno Claimants.  No investigation of the allegations now made by the Fresno Claimants was done prior to the filing of this lawsuit. No reasonable cause determination was made with respect to these claims, and Defendants were never invited to conciliate these claims prior to the filing of this lawsuit.  The Morales Charge is wholly insufficient to exhaust the remedies of individuals who worked hundreds of miles away and who have never even met Joe Vasquez. Because the EEOC acted in complete disregard of Title VII, Defendants received absolutely no notice that any employees outside of the Bakersfield area were alleging harassment against anyone other than Joe Vasquez until **eighteen months after this lawsuit was already filed.**

Further, ABM's Ninth Affirmative Defense must stand because the EEOC cannot seek relief on behalf of individuals whose Title VII claims were already time-barred when the Morales Charge was filed. The EEOC entirely misses the point in arguing that Title VII imposes no limitations period on the EEOC with respect to its filing of a suit after investigating and conciliating *a timely charge*.  Defendants do not contend that the EEOC was untimely in filing this suit.  Rather, the EEOC may not proceed at all on behalf of the six Claimants whose Title VII claims are time-barred.

Finally, each of the equitable defenses asserted by Defendants is applicable to a Title VII claim and operates to either bar the EEOC's Title VII claims entirely or, at the very least,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**                    1.                    **CASE NO. 1:07 CV 01428 LJO-JLT**

1  constitutes a partial bar to the EEOC's claims for individual damages on behalf of the Claimants.

2  Accordingly, the EEOC's Motion should be denied with respect to Defendants' affirmative defenses

3  of avoidable consequences, actions based on good faith reasons, unclean hands, waiver and estoppel,

4  actions taken outside scope of authority, after acquired evidence, and laches.[1]

5  **II.    LEGAL ARGUMENT**

6      **A.    Defendants' Fourth and Twenty-Fourth Affirmative Defenses Survive Summary
           Adjudication Because the EEOC Did Not Meet Any of the Administrative Steps
7           Mandated By Title VII With Respect to the Fresno Claimants.**

8           Defendants' Fourth and Twenty-fourth Affirmative Defenses are directed at the

9  failure of the EEOC to comply with the administrative steps mandated by Title VII with respect to

10 the claims it is pursuing on behalf of the nine Fresno Claimants.  As the EEOC concedes, before

11 bringing suit in its own name on behalf of a claimant, the EEOC must satisfy the administrative

12 procedures set forth by Title VII, including notice to the defendant, investigation, a cause

13 determination, and conciliation. *EEOC v. Pierce Packing Co., et al.*, 669 F.2d 605, 607 (9th Cir.

14 1982).  This administrative process is essential to serve the purposes of Title VII:

15          "The Commission's functions of investigation, decision of reasonable
            cause and conciliation are crucial to the philosophy of Title VII.  It is
16          difficult to believe that Congress directed the Commission to make a
            determination of reasonable cause on the merits of a charge and
17          nevertheless contemplated that the Commission could institute such
            litigation before it makes such a determination.   Similarly, it is
18          difficult to conclude that Congress directed the Commission to
            conciliate and then authorized it to initiate adversary proceedings
19          before the possibility of voluntary compliance has been exhausted."

20 *Id.* at 608.

21          While the EEOC may have complied with Title VII procedures with respect to some

22 of the Bakersfield Claimants, it made no such efforts with respect to the wholly unrelated claims it is

23 now attempting to pursue on behalf of the Fresno Claimants.   "If an EEOC investigation of an

24 employer uncovers possible unlawful discrimination of a kind not raised by the charging party and

25 not affecting that party, then the employer should be given notice if the EEOC intends to hold the

26 employer accountable before the EEOC and in court." *EEOC v. Bailey Co., Inc.*, 563 F.2d 439, 449

27 (6th Cir. 1977). Here, the EEOC failed to give Defendants any notice of the claims being pursued on

28 ───────────────
[1]    Defendants withdraw their First, Seventh, Twenty-Fifth and Twenty-Sixth Affirmative Defenses.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**             2.                **CASE NO. 1:07 CV 01428 LJO-JLT**

1  behalf of the Fresno Claimants until eighteen months after this case was filed in federal court.  The

2  EEOC has thus turned Title VII completely on its head.

3        **1.        The EEOC Did Not Put Defendants On Notice of Any Claims By the Fresno
              Claimants Until Eighteen Months After This Lawsuit Was Filed in Court.**

4

5        Neither of the charges on which this lawsuit is premised make any mention of

6  conduct occurring outside of the Bakersfield area, or conduct by anyone other than Joe Vasquez, a

7  former ABMNC supervisor.  Erika Morales' Charge filed in June 2006 contends that "throughout

8  my employment with Respondent, I was assigned to work at various location in the Bakersfield

9  area....I was subjected to verbal and physical harassment by Jose Vasquez..." (UMF ¶ 31).  The

10  charge filed by the Law Offices of Mallison and Martinez in January 2007 contended that an

11  anonymous individual had been raped and otherwise subjected to sexual harassment by Joe Vasquez

12  at ABMNC in Bakersfield.  (UMF ¶ 32).

13        After receipt of these Charges, the EEOC conducted interviews of several ABMNC

14  employees about the alleged harassment of *employees in Bakersfield by Joe Vasquez*.  Specifically,

15  the EEOC interviewed several ABMNC employees in Bakersfield, including Jose Vasquez and two

16  ABMNC human resources employees.   (UMF ¶¶ 33-34).   The EEOC did not interview any

17  employees who worked in Fresno.  (UMF ¶ 35).

18        As part of its investigation, the EEOC also sought documents and information from

19  ABMNC specific to the allegations made by Erika Morales about Joe Vasquez. (*i.e.*, personnel files

20  of Erika Morales, Joe Vasquez, Javier Vasquez; records of disciplinary action against Erika Morales

21  and Joe Vasquez; documents relating to any investigation of Erika  Morales' allegations; any other

22  complaints against Joe Vasquez; the names of employees who worked with Erika Morales or Joe

23  Vasquez, and the addresses of locations where Erika Morales and Joe Vasquez were assigned to

24  work). (UMF ¶ 36).  It also sought evidence of all other complaints of harassment or discrimination

25  made by current or former employees at **Defendants' Bakersfield locations** from January 1, 2004 to

26  present. (UMF ¶ 36).  No similar information was sought pertaining to any individuals employed in

27  the Fresno area. (UMF ¶ 37).  As a result, Defendants did not provide information about individuals

28  employed in the Fresno area in response to the EEOC's requests for information. (UMF ¶ 38).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco  CA  94108 2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**                      3.                      **CASE NO. 1:07 CV 01428 LJO-JLT**

1    In April 2007, the EEOC issued Letters of Determination finding reasonable cause to
2    believe that Erika Morales and the anonymous individual, and a class of "similarly situated
3    individuals" were subjected to physical sexual harassment by Joe Vasquez. (UMF ¶ 39). The letters
4    made no indication that the allegations had been expanded to include any of the nine females or any
5    of their eleven alleged harassers who worked outside of the Bakersfield area. (UMF ¶ 40).

6    In August 2007, the parties engaged in conciliation. Notably, at the conciliation, and
7    in follow-up correspondence, the EEOC identified eight individuals by name, other than Erika
8    Morales, *all of whom worked as janitors in Bakersfield and all of whom it contended had been*
9    *harassed by Joe Vasquez.* Again, no mention was ever made of any conduct outside of the
10   Bakersfield area, or by any other individuals, other than Joe Vasquez. (UMF ¶ 41). When the
11   EEOC filed suit in September 28, 2007, it likewise described allegations pertaining to Joe Vasquez
12   only and did not discuss alleged actions of alleged harassers at any ABMNC worksites other than
13   Bakersfield. (UMF ¶ 42).

14   In fact, it was not until May 22, 2009, nearly three years after Morales first filed her
15   charge and almost **eighteen months after the commencement of this lawsuit** that the EEOC first
16   put Defendants on notice indicated that it would be proceeding on behalf of individuals from the
17   Fresno area who had never even met Joe Vasquez and who instead were alleging a hodgepodge of
18   claims against eleven other ABMNC employees. (UMF ¶ 43). The EEOC's tactic of adding new,
19   unrelated allegations to a lawsuit after conducting extensive civil discovery has been strongly
20   condemned by several Courts. The EEOC's "sue first, ask questions later" litigation strategy defies
21   the Congressional intent behind Title VII and should not be permitted here.

22          **2.    Erika Morales' Charge Does Not Extend to the Fresno Claimants Under the
                     Single Filing Rule.**
23

24   It is undisputed that none of the nine Fresno Claimants filed a charge with the EEOC
25   *prior* to the EEOC filing the instant lawsuit. (UMF ¶ 73). Rather, the EEOC has improperly
26   brought suit on behalf of these individuals based on the charge filed by Erika Morales, in June 2006.
27   However, the law is clear that the EEOC may not apply the "single filing" rule in these
28   circumstances.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**          4.          **CASE NO. 1:07 CV 01428 LJO-JLT**

1   "A charge will be adequate to support piggybacking under the single filing rule if it

2   contains sufficient information to notify prospective defendants of their potential liability and permit

3   the EEOC to attempt informal conciliation of the claims *before* a lawsuit is filed." *EEOC v. Cal.*

4   *Psych. Transitions, Inc.*, 2009 U.S. Dist. LEXIS 67852, at \*38 (E.D. Cal. Aug. 4, 2009) (emphasis

5   added).   Here, the Fresno Claimants cannot piggyback on Erika Morales' charge because these

6   claims do not arise out of the *same circumstances* as her exhausted claims.  *Id.* at \*36-37.  To

7   determine the adequacy of a charge for use in "piggybacking" subsequent plaintiffs, courts look to

8   the size and type of the work unit involved.  *Id.*  "Mere similarity of the grievances within the same

9   general time frame suffices to permit the 'single filing rule' only when the complaints 'arise in a

10  work unit of modest size."  *Id.*  For example, in *Cal. Psych. Transitions, Inc.*, the Court permitted the

11  EEOC to "piggyback" the claims of an individual who had failed to timely exhaust her

12  administrative remedies where her claims arose from the same type of harassment at the hands of the

13  *same supervising individual,* as the individual who had exhausted her claims.  *Id.* at \*25, 41, 42.

14          The cases cited by the EEOC in its Motion emphasize the narrow application of the

15  "single filing rule."  In *EEOC v. Wilson Metal Casket*, 24 F.3d 836, 840 (6th Cir. 1994) the single

16  filing rule was applied where the claims were "virtually identical" –both individuals were harassed

17  *by the same individual at the same plant* during the same time.  While *EEOC v. NCL America Inc.*,

18  504 F.Supp. 2d 1008, 1010 (D.Hawaii 2007) has no precedential value, because the Court was

19  determining an issue of Hawaii state law, not Ninth Circuit law, in that case the single filing rule was

20  applied to the claims of a group of Muslim/Yemeni employees, *all of whom were terminated under*

21  *the same circumstances on the same day.*

22          In sharp contrast, the work unit of the Fresno Claimants is completely separate from

23  that of the Bakersfield Claimants.  The Fresno Claimants all reported to different managers from the

24  Bakersfield Claimants and, for the most part, reported to different managers even from each other.

25  None of the Fresno Claimants ever worked with Joe Vasquez.  None of the Fresno Claimants were

26  ever supervised by Joe Vasquez or claim to have experienced any alleged sexual harassment by Joe

27  Vasquez.  (UMF ¶¶ 44-72).  Rather, each of the Fresno Claimants claims sexual harassment

28  occurring at the hands of <u>different</u> individuals at <u>different</u> locations over 100 miles away from

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION**          5.          **CASE NO. 1:07 CV 01428 LJO-JLT**
**FOR SUMMARY ADJUDICATION**

1    Bakersfield and Joe Vasquez. (UMF ¶¶ 44-72). The Morales Charge was insufficient to put
2    Defendants on notice of these wholly unrelated claims.

3       **3.**    **The EEOC Did Not Investigate The Claims Of The Fresno Claimants Prior To Filing Suit.**

4

5       An analysis of the EEOC's pre-litigation investigation duties further bolsters
6    Defendants' argument that the claims pursued on behalf of the Fresno Claimants must be dismissed
7    from this action. It is true that if new allegations of discrimination are discovered *as a result of a*
8    *reasonable investigation of the charge filed*, these allegations can be the subject of an EEOC
9    reasonable cause determination to be followed by an EEOC offer of conciliation and, if conciliation
10    fails, by a civil suit, without the filing by the EEOC of a separate charge on the new claim. *EEOC v.*
11    *Hearst Corp.*, 553 F.2d 579, 580 (9th Cir. 1976); *EEOC v. Occidental Life Ins. Co. of Am.*, 535 F.2d
12    533, 541-42 (9th Cir. 1976).

13       The leeway afforded to the EEOC by this "reasonable investigation rule" is by no
14    means absolute – to the contrary, it is limited. The EEOC may not use this principle to circumvent
15    Title VII's multi-step enforcement procedure as to the additional allegations of discrimination. In
16    *EEOC v. Keco Industries, Inc.*, a case cited by the EEOC, the Court instructed that: "[a] complaint
17    filed by the EEOC is limited to the investigation reasonably expected to grow out of the initial
18    charge of discrimination. [An] additional and distinct charge…required a separate investigation,
19    reasonable cause determination, and conciliation effort by the EEOC." 748 F.2d 1097, 1100-1101
20    (6th Cir. 1984) (*citing EEOC v. Bailey Co., Inc.,* 563 F.2d 439 (6th Cir. 1977)).

21       Numerous courts have drawn a sharp distinction between those allegations that the
22    EEOC uncovers during a reasonable investigation as part of its *administrative process* and those
23    allegations that the EEOC uncovers by way of *discovery during an already-filed lawsuit*. Allowing
24    the EEOC to name additional claimants based on information that it uncovered during the discovery
25    phase of an already filed lawsuit would completely eviscerate the administrative process outlined by
26    Title VII, not to mention greatly increases litigation costs and the burden on Federal courts. *EEOC*
27    *v. CRST Expedited, Inc.*, 2009 U.S. Dist. LEXIS 71396, at *53 (N.D. Iowa Aug. 13, 2009); *EEOC v.*
28    *Target Corp.*, 2007 U.S. Dist. LEXIS 35762 (E.D. Wis. May 16, 2007); *EEOC v. Outback*

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION FOR SUMMARY ADJUDICATION**    6.    **CASE NO. 1:07 CV 01428 LJO-JLT**

1  *Steakhouse of Fla., Inc.*, 520 F. Supp. 2d 1250, 1263-68 (D. Colo. 2007); *EEOC v. Jillian's of*

2  *Indianapolis, Inc.*, 279 F. Supp. 2d 974, 982-83 (S.D. Ind. 2003).

3  Here, the EEOC did not conduct *any* investigation of the Fresno Claimants before

4  filing its Complaint, as evidenced by the fact that it requested information and interviewed witnesses

5  solely about alleged harassment in Bakersfield by Joe Vasquez. The EEOC improperly added the

6  Fresno Claimants only after conducting wide-ranging discovery in or around early 2009,

7  approximately one and a half years after this litigation had already commenced.

8  **4.    The EEOC Did Not Make a Reasonable Cause Finding With Respect to the**
          **Fresno Claimants.**

9

10  Not surprisingly, as the allegations were not uncovered until years later, the EEOC

11  did not include any allegations about the Fresno Claimants in the Determinations of reasonable cause

12  on which this suit is premised. The EEOC may only include new allegations (developed during a

13  reasonable investigation of an initial charge) in a later filed suit if a defendant receives adequate

14  notice of these allegations *during the administrative process.* In the slew of cases cited by the EEOC

15  in its Motion, the defendant was always provided with formal notice that the allegations in the initial

16  charge had been expanded *prior to the filing of the action. See EEOC v. Hearst Corp.*, 553 F. 2d

17  579, 580 (9th Cir. 1976) (defendant formally notified about new allegations and upon its exceptions

18  to them, EEOC issued Determination of Reasonable Cause and proceeded to conciliation efforts on

19  all the issues); *EEOC v. General Electric Co.*, 532 F.2d 359, 371 (4th Cir. 1976) (defendant

20  accorded opportunity to comment on new allegations while charges were still in EEOC proceedings

21  and before any suit was filed); *EEOC v. Occidental Life Ins. Co.*, 535 F.2d 533, 542 (9th Cir. 1976)

22  (defendant received adequate notice during administrative investigation of new allegations and

23  reference was made to those issues in both District Director's Findings of Fact and EEOC's

24  Determination of Reasonable Cause); *EEOC v. The New Cherokee Corp.* 829 F. Supp. 73, 79

25  (S.D.N.Y. 73) (formal determination letter notified defendant about claims on behalf of two

26  additional individuals not included in the initial charge); *EEOC v. Chicago Miniature Lamp Works,*

27  526 F.Supp. 974 (N.D. Ill. 1981) (Determination letter notified defendant of company-wide

28  discrimination not contained in initial charge); *EEOC v. Keco Industries, Inc.*, 748 F.2d 1097,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

**DEFTS' OPPOSITION TO PLTFS' MOTION**
**FOR SUMMARY ADJUDICATION**        7.        **CASE NO. 1:07 CV 01428 LJO-JLT**

1  1100-1101 (6th Cir. 1984) (reasonable cause decision and conciliation notified defendant of

2  company-wide claims not included in initial charge); *EEOC v. The Nestle Co.*, 1982 U.S. Dist.

3  LEXIS 12373 (E.D. Cal. 1982) (determination put defendant on notice of alleged sex discrimination

4  with respect to "white collar" positions and offered to conciliate on that finding even though prior

5  investigation focused on blue collar positions).

6         To the contrary, here the EEOC provided absolutely no notice, formal, or informal,

7  that it would be proceeding on a lawsuit including individuals outside of the Bakersfield area who

8  had experienced harassment by someone other than Joe Vasquez.

9         **5.    The EEOC Has Not Satisfied Its Conciliation Obligations With Respect To The Fresno Claimants.[2]**

10

11        The final prong of a perfected administrative process is conciliation.  The EEOC's

12  duty to attempt conciliation is "among its most essential functions."  *EEOC v. Raymond Metal*

13  *Products, Co.,* 530 F.2d 590, 596 (4th Cir. 1976).  Yet, at the August 2007 conciliation, the EEOC

14  failed to make any mention of any alleged victims outside of the Bakersfield area, or any alleged

15  harasser other than Joe Vasquez. Simply put, the EEOC never conciliated the Fresno Claimants'

16  claims prior to filing the instant lawsuit and cannot now bring this action in their name.  *EEOC v.*

17  *First Midwest Bank,* 14 F. Supp. 2d 1028, 1032 (N.D. Ill. 1998) (concluding that the EEOC did not

18  engage in a good faith effort to conciliate where the EEOC provided insufficient information as to

19  the identities of the members of a proposed class, the dates and other details of the alleged

20  discrimination pertaining to these class members); *EEOC v. Hugin Sweda, Inc.,* 750 F. Supp. 165,

21  167 (D.N.J. 1990) (finding the EEOC's conciliation efforts deficient because the EEOC only told

22  defendant it planned on filing a class action, but refused to provide specific information about

23  proposed class members); *EEOC v. Bailey Co., Inc.*, 563 F.2d 439, 449 (6th Cir. 1977) (district court

24

25  ───────────────

[2]   In approximately March 2009, one Fresno Claimant, Delia DeMejia filed a charge with the
26  EEOC.  (UMF ¶ 73).  However, this charge was filed a full year and a half after the instant litigation
    had already commenced and well after she had been identified as a claimant.  Further, the EEOC did
27  not invite Defendants to conciliation on Claimant Mejia's charge until 2010.  (UMF ¶ 74).  This
    invitation was nothing more than a flawed and disingenuous effort by the EEOC to cure their failure
28  to engage in any pre-lawsuit conciliation, by attempting to rope ABMNC into a phony mid-lawsuit
    conciliation, suing and conciliating at the same time.  (UMF ¶ 74).

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**                8.                **CASE NO. 1:07 CV 01428 LJO-JLT**

1    did not have jurisdiction to adjudicate religious discrimination claim that was not included in

2    reasonable cause determination and was not conciliated).

3         The EEOC cannot satisfy this requirement by pointing to the Morales conciliation

4    because that conciliation did not address any of the completely unrelated allegations raised by the

5    Fresno Claimants. Instructive is *EEOC v. Sears, Roebuck & Co.*, in which the Court dismissed an

6    action after finding that an attempted conciliation was insufficient to establish a predicate for a civil

7    suit based on practices committed by a specific Sears store where the conciliation efforts did not

8    concern the hiring practices of that store. 490 F. Supp 1245, 1254-1258 (M.D. Ala 1980). Here the

9    conciliation focused solely on Bakersfield and Joe Vasquez and is likewise insufficient to serve as a

10   predicate for an action on behalf of the Fresno Claimants, who, as set forth above, worked in

11   different work locations, for different supervisors, and under a different chain of management.

12        The cases cited by the EEOC in their moving papers support the proposition that the

13   EEOC must provide notice of newly uncovered allegations *prior to the conciliation and offer to*

14   *conciliate those claims. See EEOC v. Prudential Federal Savings and Loan Assoc.*, 763 F.2d 1166,

15   1169 (10th Cir. 1985) (conciliation requirement met after the EEOC "informed Prudential of the

16   identity of the charging parties, the specific allegations of misconduct, and the remedy sought by

17   each party"); *EEOC v. St. Anne's Hospital of Chicago, Inc.*, 664 F. 2d 128, 131 (7th Cir. 1981)

18   (reasonable cause determination based on a newly uncovered retaliatory discharge was issued and

19   defendant was invited to conciliate that claim); *EEOC v. Keco Industries, Inc.,* 748 F.2d 1097, 1101

20   (6th Cir. 1984) (EEOC sought to conciliate class claim which grew out of investigation of

21   individual's claim and proposed a settlement based thereon); *EEOC v. Sears, Roebuck & Co.,* 504 F.

22   Supp. 241 (N.D. Ill. 1980) (EEOC had attempted to negotiate sex discrimination charges on a

23   nationwide basis during twenty-eight over a 14 month period).

24        While the EEOC need not identify every class member during the administrative

25   process, the case law is clear that any additional class members are limited to those who are

26   "similarly situated" to those whose claims were conciliated. *CRST Expedited, Inc.*, 2009 U.S. Dist.

27   LEXIS 71396, at *61 (barring EEOC from seeking relief on behalf of all class claimants whose

28   claims the EEOC never properly attempted to conciliate); *EEOC v. Dial Corp.*, 156 F. Supp. 2d 926,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION FOR SUMMARY ADJUDICATION**     9.     **CASE NO. 1:07 CV 01428 LJO-JLT**

938-40 (N.D. Ill. 2001) (allowing previously unidentified individuals who worked at the same plant as the individual charging party, and who were referenced in materials provided by the employer to the EEOC during the administrative process to be class members in later-filed suit); *Cal. Psych. Transitions, Inc.* at *61-62 (allowing the EEOC to proceed on a class of "similarly situated" parties who claimed they were harassed by the same co-worker during the same time period at the same facility). So, while it may be permissible for the EEOC to add additional class members who also worked in the Bakersfield area who claim to have been harassed by Joe Vasquez, it is wholly improper to add individuals outside of this scope.

As the court in *CRST Expedited* recognized, to accept the EEOC's view that it is completely unbounded in adding new claimants to its lawsuits would impose an untenable burden upon the federal district courts, as the EEOC might conceivably avoid administrative proceedings for the vast majority of allegedly aggrieved persons. *CRST Expedited, Inc.*, 2009 U.S. Dist. LEXIS 71396, at *57-58. The *CRST* Court went on to say that while dismissing claims that were not properly part of the conciliation process may mean that some meritorious sexual harassment claims will never make it to a court room, any rule to the contrary would "work a greater evil" insofar as it would permit the EEOC to perfect an end-run around Title VII's enforcement procedure. *Id.* at *63. It would ratify a "sue first, ask questions later" litigation strategy on the part of the EEOC, which would be "anathema to Congressional intent." *Id.* at *64.

**B.     Defendants' Ninth Affirmative Defense Survives Summary Judgment Because The Title VII Claims of Six Claimants Are Barred By the Applicable Statute of Limitations.**

Defendants' Ninth Affirmative Defense cannot be summarily adjudicated in favor of EEOC because the claims brought by the EEOC on behalf of six Claimants are time barred by the statute of limitations set forth in Title VII.

The law is clear that class membership in an EEOC pattern and practice suit is limited to those claimants who could have filed a timely charge on the date of the earliest underlying EEOC Charge. *Movement for Opportunity and Equality v. Gen. Motors Corp.*, 622 F.2d 1235, 1248 (7th Cir. 1980); *EEOC v. Wyndham Worldwide Corp.*, 2008 U.S. Dist. LEXIS 83558, at *18-20 (W.D. Wash. Oct. 3, 2008) (noting that the EEOC had not "cited to a single case in which additional

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**     10.     **CASE NO. 1:07 CV 01428 LJO-JLT**

1   claimants, whose stale claims would otherwise be time-barred, were bootstrapped into a Title VII

2   case by acts directed toward other claimants which fell within the filing period."); *EEOC v. Custom*

3   *Cos.,* 2004 U.S. Dist. LEXIS 5950, at \*26 (N.D. Ill. Apr. 8, 2004) (EEOC pattern and practice

4   hostile work environment claim cannot include claims of employees who did not work at the

5   employer during the filing period); *EEOC v. GLC Rests., Inc.*, 2006 U.S. Dist. LEXIS 78270 (D.

6   Ariz. Oct. 26 2006) (dismissing claims of two EEOC "class members" because they could allege no

7   actionable conduct within the limitations period); *EEOC v. Optical Cable Corp.*, 169 F. Supp. 2d

8   539, 546 (W.D. Va. 2001) (finding that 180 day statute of limitations applies to pattern and practice

9   claims and further finding that the "filing" dates for pattern and practice charges were the dates on

10  which the EEOC notified defendant that it was expanding its investigation to encompass these

11  charges).    Thus, "only those class members experiencing injury within the 300-day limitations

12  period will be entitled to individual relief at trial." *EEOC v. Sears, Roebuck & Co.,* 490 F. Supp.

13  1245, 1260 (M.D. Ala. 1980) (in claim for pattern and practice sexual harassment, brought pursuant

14  to both § 706 and § 707 of Title VII, the EEOC could not recover for those individuals whose Title

15  VII claims were already time barred based on the date of the EEOC charge of the filing class

16  member).   The United State Supreme Court just this month confirmed that a Title VII plaintiff

17  alleging disparate *treatment* (for which discriminatory intent is required) must demonstrate

18  deliberate discrimination <u>within the limitations period</u>, in contrast with a plaintiff bringing a

19  disparate *impact* claim. *See Lewis v. City of Chicago,* Case. No. 08-974 (May 24, 2010), p.8.

20          "Class membership [in an action brought by the EEOC] must be tethered to the

21  earliest underlying EEOC charge." *Custom Cos.,* 2004 U.S. Dist. LEXIS 5950 at \*11.   Here, the

22  earliest charge was filed by Erika Morales on June 30, 2006.   Thus, any claim based entirely on

23  conduct occurring prior to September 3, 2005, is untimely.   The last inappropriate conduct Claimant

24  8[3] testified about occurred in December 2004.   (UMF ¶¶ 86-87).   The last inappropriate conduct

25  alleged by Claimant Gutierrez occurred in or around March 2005.   (UMF ¶ 76).   Claimant 2 and 3

26  last worked at ABMNC in May 2005 and Claimant 7 left in June or July 2005.   (UMF ¶¶ 80, 82, 84).

27

28  [3]   The anonymous Bakersfield Claimants have been identified by number so as to protect their
     privacy pursuant to the EEOC's request and this Court's Order regarding prior briefing in this case.

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

1    Hilda Gomez left ABMNC in or around July or August 2005. (UMF ¶ 78). Therefore, as more than

2    300 days elapsed between the last date of any possible injury to these individuals and the filing of

3    Morales' EEOC Charge on June 30, 2006, the EEOC may not recover on their behalf.

4              The EEOC's special statutory mandate does not entitle it to "expand substantive

5    rights, such as reviving stale claims" that would not otherwise be actionable under Title VII.

6    *EEOC v. Burlington Med. Supplies, Inc.*, 536 F. Supp. 2d 647, 659 (E.D. Va. 2008) (*citing Custom*

7    *Cos.*, 2004 U.S. Dist. LEXIS 5950, at *10-11.) Courts have been adamant that to read out the statute

8    of limitations in an EEOC pattern and practice case would be contrary to the policy behind Title VII.

9    *Custom Cos.*, 2004 U.S. Dist. LEXIS 5950, at *26.   "When taken to its logical conclusion,

10   the...argument would eviscerate any limitations period in Title VII cases, so long as the plaintiff

11   alleges a continuing violation."   Any employer accused of a continuing violation or pattern or

12   practice hostile environment would face exposure to unlimited claims from long-departed

13   employees. Courts have refused to "nullify 42 U.S.C. § 2000e-5(e)(1) in this manner." *Id.* at *26-

14   27.

15             The EEOC entirely misses the point in arguing that Title VII imposes no limitations

16   period on the EEOC with respect to its filing of a suit after investigating or conciliating *a timely*

17   *charge*. Defendants are not contending that the EEOC was untimely in filing this suit. Rather, the

18   EEOC may not proceed at all on behalf of the six Claimants whose Title VII claims are time-barred.

19   The lone case cited by the EEOC on the subject, *Occidental Life Ins. Co. of Cal. v. EEOC*, 432 U.S.

20   355 (1977), in fact contrasts the lack of statute of limitations imposed on the last phase of the Title

21   VII scheme with the existence of a statute of limitations directed to the period preceding the filing of

22   an initial charge.[4]   The Court noted that "Congress did express concern for the need of time

23   limitations in the fair operations of the Act, but that concern was directed entirely to the initial filing

24   of a charge with the EEOC and prompt notification thereafter to the alleged violator." *Id.* at 371.

---

25
26   [4]    Title VII actions cannot proceed in federal court unless discrimination charges were filed with
     the EEOC within 180 days after the allegedly unlawful employment practice "occurred." 42 U.S.C.
27   § 2000e–5(e)(1). However, charges of conduct violating Title VII may also be initially filed with a
     state agency that enforces the state's own anti-discrimination laws. In this case, the time limit for
28   filing is extended to 300 days or 30 days after notice that the state agency has terminated its
     proceedings under state law, whichever is earlier. *See id.*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

DEFTS' OPPOSITION TO PLTFS' MOTION          12.          CASE NO. 1:07 CV 01428 LJO-JLT
FOR SUMMARY ADJUDICATION

1   Thus, Defendants' Ninth Affirmative Defense cannot then be summarily adjudicated in favor of the

2   EEOC when its claims on behalf of six claimants are time-barred.

3   **C.      Defendants' Equitable Defenses Are Viable Defenses To The EEOC's Title VII Claims Alleged On Behalf Of The Claimants.**

4

5          In Title VII cases, courts have discretionary power to "locate a just result in light of

6   the circumstances peculiar to a case," where either a private party or the EEOC is the plaintiff.

7   *Occidental Life Ins. Co., v. EEOC*, 432 U.S. 355, 373 (1977).  When a Title VII defendant is in fact

8   prejudiced by the EEOC's or private plaintiff's conduct of a particular case, the trial court may

9   restrict or even deny backpay relief. *Id., citing Albemarle Paper Co. v. Moody*, 422 U.S. 405, 424-

10  25 (1975).  Furthermore, the EEOC is seeking injunctive relief in addition to damages.  Injunctive

11  relief is *equitable relief*, and thus the equitable defenses must be considered with respect to this

12  request.    Certainly, Defendants' Equitable Affirmative Defenses should not be summarily

13  adjudicated.

14         The EEOC improperly relies on "*Sterten*" for its blanket and incorrect assertion that

15  equitable defenses do not apply to Title VII sexual harassment cases.  However, *Sterten* held that the

16  "tolerances for accuracy" provision of the Truth in Lending Act was an affirmative defense that

17  appellant lender waived by failing to raise it in its answer or at any time during the litigation.  *Sterten*

18  *v. Option One Mortg. Corp.*, 479 F. Supp. 2d 479 (E.D. Pa. 2007).  This case does not consider or

19  even mention Title VII or sexual harassment and is wholly inapplicable to the instant litigation.  *Id.*

20  **1.      The Doctrine Of Avoidable Consequences Is Applicable To Title VII Harassment Claims and Thus Defendants' Twelfth Affirmative Defense Must Stand.**

21

22         The doctrine of avoidable consequences not only applies to Title VII claims, it has

23  been expressly incorporated into the Title VII framework. *Pa. State Police v. Suders*, 542 U.S. 129,

24  132 (2004).  The Supreme Court recognized that the *Faragher –Ellerth* defense accommodates the

25  "avoidable consequences" doctrine Title VII borrows from tort law, by requiring plaintiffs

26  "reasonably to stave off avoidable harm." *Id.; see also Savino v. C.P. Hall Co.*, 199 F.3d 925, 934

27  (1999) (second prong of *Ellerth/Faragher* defense incorporates the avoidable consequences doctrine

28  from tort law).  This doctrine encourages parties to act reasonably to reduce the deleterious effects of

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION FOR SUMMARY ADJUDICATION**                13.                **CASE NO. 1:07 CV 01428 LJO-JLT**

1    the tort, since the victim is usually in the best position to take ameliorative measures . . . The

2    doctrine of avoidable consequences does this by denying recovery for the losses which are shown to

3    have resulted from the plaintiff's failure to use reasonable efforts to avoid or prevent harm. *Akers v.*

4    *Alvey*, 180 F. Supp. 2d 894, 901 (W.D. Ky. 2001), *citing, Savino*, 199 F.3d at 934-35.

5         Further, the doctrine of avoidable consequences is a valid defense to Title VII claims

6    in that it operates to limit a plaintiff's recoverable damages.  42 U.S.C. § 2000e-5(g)(1) (interim

7    earnings or amounts earnable with reasonable diligence by the person or persons discriminated

8    against shall operate to reduce the back pay otherwise allowable); *Excel Corp. v. Bosley*, 165 F.3d

9    635, 639 (8th Cir. 1999) (a Title VII claimant seeking either back pay or front pay damages has a

10   duty to mitigate those damages by exercising reasonable diligence to locate other suitable

11   employment and maintain a suitable job once it is located).

12        To the extent the doctrine of avoidable consequences has been incorporated into the

13   *Ellerth-Faragher* affirmative defense, Defendants have moved for summary judgment and/or

14   adjudication with respect to many of the Claimants on the grounds set forth in *Ellerth-Faragher,*

15   which provides an employer with a complete defense to hostile work environment where no tangible

16   employment action has been taken and the employer can demonstrate: 1) that it used reasonable care

17   to prevent and correct promptly any sexual harassment and 2) the plaintiff unreasonably failed to

18   take advantage of any preventive or corrective opportunities provided by the employer[5].  *See*

19   *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742 (1998); *Faragher v. City of Boca Raton*, 524 U.S.

20   775 (1998).

21        With respect to the first prong of the *Ellerth/Faragher* defense, it is undisputed that

22   ABMNC has a "zero tolerance" policy regarding any discriminatory, harassing or retaliatory conduct

23   in the workplace.  (UMF ¶ 89).  ABMNC distributes its Unlawful Harassment Policy to employees

24   and supervisors upon their hiring and on a yearly basis thereafter.  (UMF ¶ 90).  The policy prohibits

25   harassment as well as retaliation for reporting incidents of harassment or participating in any

26   investigation of incidents of harassment or perceived harassment.  (UMF ¶ 91).  This policy instructs

27   [5]   *See* Defendants' Motion for Summary Adjudication re Bakersfield Claimants/Interveners and
       Defendants' Motion for Summary Judgment/Adjudication re Fresno Claimants and Parent
28   Corporations, filed on May 7, 2010.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**        14.        **CASE NO. 1:07 CV 01428 LJO-JLT**

employees to immediately report any incident of perceived harassment. (UMF ¶ 92). In addition, it is ABMNC's policy to provide its employees with copies of the Employment Handbook which also sets forth the Company's Harassment policy. (UMF ¶ 93). This policy is also repeated in the "Work Rules," which are distributed to employees, who are expected to acknowledge receipt, upon their hiring. (UMF ¶ 94).

To further promote its commitment to a workplace free of discrimination and harassment, ABMNC provides a 24-hour hotline to encourage the reporting of any "sexual harassment, discrimination, retaliation, theft or safety concern that occurs in the workplace or any harassment by a third party." (UMF ¶ 95). The hotline is available in both English and Spanish, as well as other languages, and its availability to ABMNC employees is publicized through written communications which are distributed regularly to employees. (UMF ¶ 96). The Harassment Hotline acknowledgement form explicitly references the zero tolerance policy regarding any discriminatory, harassing or retaliatory conduct in the workplace. (UMF ¶ 97). It explains that to further this policy, ABMNC has instituted a telephone reporting Harassment Hotline for employees to report such acts "without fear of retaliation, job loss, or embarrassment." The memorandum explains that the hotline is available 24 hours a day, seven days a week and provides the toll free number and the company's identification number. (UMF ¶ 98).

ABMNC provides annual mandatory sexual harassment training to all of its supervisors, branch managers, operation managers, and executive management. All supervisors at ABMNC locations in Bakersfield and Fresno, California are required to attend mandatory sexual harassment training. (UMF ¶ 99). In particular, Joe Vasquez, Javier Vasquez, Jose Esquivel, Allen Juarez, Jose Jimenez, Tony Bautista, Antonio Duran, Francisco Cervantes, and Aurelio Lara all received harassment training during their employment with ABMNC. (UMF ¶ 100).

Defendants also meet the second prong of the *Ellerth/Faragher* defense with respect to the claims raised by or on behalf of Bakersfield Claimants 4, 5, 6, 7, 8, 9, 10, 11 and 12 and on behalf of Fresno Claimants Maria Birrueta, Irene Bravo, Martha Castaneda Garcia, Ana Gutierrez, Delia DeMejia, and Maria Socorro Zapien. It is undisputed that none of these Claimants suffered a

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**          15.          **CASE NO. 1:07 CV 01428 LJO-JLT**

1    tangible employment action, and all failed to complain about alleged sexual harassment despite

2    being aware of ABMNC's numerous mechanisms for reporting harassment. (UMF ¶¶ 101-168).

3           Additionally, the doctrine of avoidable consequences may act as a bar to several of

4    the Claimants' claims for damages. For example, Erika Morales, Teresa Sanchez, and Hilda Gomez

5    each allege that they experienced sexual harassment during two separate stints of time at ABMNC.

6    However, despite experiencing alleged sexual harassment during their first stints with ABMNC, they

7    each voluntarily returned to ABMNC to work a second stint. (UMF ¶¶ 169, 171-172, 174). Each of

8    them allege that they experienced further sexual harassment during their second stint with ABMNC,

9    harassment which could have arguably been avoided. (UMF ¶¶ 170, 173, 175). Whether and to

10   what extent damages should be reduced as a result of the Claimants' voluntary return to ABMNC is

11   a question for the fact finder at trial and should not be resolved on summary judgment.

12           **2.    Defendants' Thirteenth (Good Faith) Affirmative Defense Operates To Bar
                     Certain Damages Available In Title VII Actions.**

13

14          A defense of good faith may operate to bar certain damages on a Title VII claim.

15   Title VII provides that an employee may establish unlawful employment practice by demonstrating

16   that a protected characteristic was motivating factor for practice, and if the employee proves

17   unlawful reason was motivating factor, the employer must demonstrate that it would have taken

18   same action in absence of impermissible motivating factor. While this defense does not totally

19   absolve employer of liability, it operates to restrict remedies available to the employee plaintiff to

20   only declaratory relief, certain types of injunctive relief, and attorneys' fees and costs. *See* 42 USCS

21   § 2000e-5(g)(2)(B); *see also Louis v. E. Baton Rouge Parish Sch. Bd.*, 303 F. Supp. 2d 799 (M.D. La

22   2003).

23          Good faith is also a valid defense to any claims for punitive damages. Punitive

24   damages may not be awarded in any amount against an employer in a Title VII case on the basis of

25   discriminatory acts by its managerial employees if those acts are "contrary to the employer's good

26   faith efforts to comply with Title VII." *Lust v. Sealy, Inc.*, 383 F.3d 580, 590 (2004); *Kolstad v.*

27   *American Dental Ass'n*, 527 U.S. 526 (1999). In the context of Title VII punitive damages, an

28   employer has a good faith defense to vicarious liability for discrimination if it undertakes appropriate

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**                16.          **CASE NO. 1:07 CV 01428 LJO-JLT**

1    steps to prevent and correct discriminatory conduct by its employees.  *Bains LLC, Arco Prods. Co.*,

2    405 F.3d 764, 774 (9th Cir. 2005) (where discriminator is non-managerial employee, good faith is

3    valid defense to punitive damages).   Where an employer has undertaken such good faith efforts at

4    Title VII compliance, it demonstrates that it never acted in reckless disregard of federally protected

5    rights. *Kolstad*, 527 U.S. at 544.  Furthermore, the institution of a written sexual harassment policy

6    goes a long way towards dispelling any claim about the employer's reckless or malicious state of

7    mind. *Id.*

8           Defendants here can demonstrate that they have acted in good faith to comply with

9    Title VII.   As set forth in the foregoing section, ABMNC has a written zero-tolerance policy

10   regarding any discriminatory, harassing or retaliatory conduct, which is distributed to employees and

11   supervisors in several forms throughout the duration of their employment.   (UMF ¶¶ 89-94).

12   ABMNC also has in place several mechanisms for reporting harassment or discrimination. (UMF ¶¶

13   92, 95-98).   Additionally, ABMNC, in accordance with the law, provides mandatory sexual

14   harassment training to all of its supervisors, branch managers, operations managers, and executive

15   management. (UMF ¶¶ 99-100).  Because the defense of good faith is not only applicable to Title

16   VII actions, but is also applicable to the particular circumstances of this case, the EEOC's motion for

17   summary judgment as to Defendants' thirteenth affirmative defense should be denied.

18            **3.      The Doctrine Of Unclean Hands Is Applicable To Limit Remedies Available In
                        Title VII Actions and Defendants' Fourteenth Affirmative Defense Must Stand.**

19

20           To prevail on an unclean hands defense, the defendant must demonstrate that the

21   plaintiff's conduct is inequitable and that the conduct relates to the subject matter of its claims.

22   *Jadwin, D.O. v. County of Kern*, 610 F. Supp. 2d 1129, 1201 (E.D. Cal. 2009) (denying summary

23   judgment on unclean hands defense).   On a motion for summary judgment, Plaintiff must make

24   some showing that there is no evidence to support an unclean hands theory or that this theory is not

25   assertable with respect to plaintiff's claims. *Id.*  The EEOC here has made no such showing and has

26   only asserted that unclean hands is inapplicable in a Title VII action.   However, this contravenes

27   established Supreme Court law. *See, McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352 (1995).

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**                    17.                    **CASE NO. 1:07 CV 01428 LJO-JLT**

1    Even where an employee's misconduct is not a complete defense under the doctrine

2  of unclean hands, it may still limit remedies otherwise available under federal and state

3  discrimination law. *Id.* at 360 (employee's misconduct of copying confidential records while on the

4  job was not a complete defense but was relevant under the after acquired evidence doctrine).   In

5  determining appropriate remedial action on a Title VII claim, the employee's wrongdoing is relevant

6  not to punish the employee, but to take "due account of the lawful prerogatives of the employer in

7  the usual course of its business and the corresponding equities that it has arising from the employee's

8  wrongdoing." *Id.* at 361.

9    Here, nearly all of the Fresno and Bakersfield Claimants failed to follow established

10  company policy to report sexual harassment through the various channels established by ABMNC.

11  (UMF ¶¶ 101-167).   They failed to do so even though nearly all of them had received ABMNC's

12  anti-sexual harassment policies and knew they could complain to someone if they ever experienced

13  harassment during their employment.  (UMF ¶¶ 101-167). Due to the remote nature of the janitorial

14  work at issue, ABMNC relies on individuals coming forward if they are experiencing a problem in

15  the workplace.   (UMF ¶ 178).   There was no way ABMNC could have ever investigated or

16  otherwise properly addressed claims of sex harassment that were never brought to their attention.

17  The Claimants' failure to complain to anyone at ABMNC undeniably hampered ABMNC's ability to

18  investigate alleged sexual harassment.  The Claimants who failed to complain, and thereby failed to

19  avail themselves of established company policy, should not now, years later, be able to benefit from

20  this failure.  Accordingly, the EEOC's motion for summary judgment as to Defendants' fourteenth

21  affirmative defense should be denied.

### 4. The Doctrines Of Waiver and Estoppel Asserted by Defendants Sixteenth and Seventeenth Affirmative Defenses Apply To Unreasonably Delayed Hostile Work Environment Actions.

24    The Supreme Court has recognized that equitable doctrines, including waiver and

25  estoppel, are applicable defenses where a plaintiff has delayed in filing a Title VII charge. *Zipes v.*

26  *Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982); *Nat'l R.R. Passenger Corp. v. Morgan*, 536

27  U.S. 101, 121 (2002).  Specifically, the court may use its equitable powers to temper the continuing

28  violation doctrine, which is inherent in a pattern and practice case, "to honor Title VII's remedial

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108-2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION FOR SUMMARY ADJUDICATION**       18.       **CASE NO. 1:07 CV 01428 LJO-JLT**

1    purpose without negating the particular purpose of the filing requirement – to give prompt notice to

2    the employer." *Id.* at 398; *Lopez v. Kempthorne*, 2010 U.S. Dist. LEXIS 2832, at *53 (S.D. Tex.

3    Jan. 14, 2010). The Supreme Court did not intend to leave employers defenseless against employees

4    who bring hostile work environment claims over long periods of time. *Nat'l R.R. Passenger Corp.*

5    *v. Morgan*, 536 U.S. 101, 121 (2002). Employers may assert equitable defenses such as waiver and

6    estoppel when a plaintiff unreasonably delays filing a charge. *Id.; see also, Wilkinson v. Rumsfeld,*

7    100 Fed. Appx. 155, 158 (4th Cir. 2004) (employers are protected from unreasonably delayed hostile

8    work environment actions by equitable defenses such as waiver, estoppel, and laches). For example,

9    in *McGinest v. GTE Service Corp., et al.*, the Ninth Circuit found that allegations that would

10   normally be time-barred, but are found to be part of a single hostile work environment claim, are still

11   subject to the equitable defenses of waiver and estoppel. 360 F.3d 1103, 1114 (9th Cir. 2004).

12   Accordingly, a Court may first determine whether stale allegations are sufficiently related to timely

13   allegations in order to be considered for purposes of liability on a hostile work environment claim.

14   If this is the case, the Court should then determine whether such allegations should nonetheless be

15   equitably barred. *Id.*

16          Here, there is evidence that the EEOC delayed in bringing suit with respect to many

17   of the Claimants. As set forth above, it was not until May 22, 2009, nearly three years after Morales

18   first filed her EEOC charge and almost eighteen months after the commencement of this lawsuit that

19   the EEOC first put Defendants on notice indicated that they would be proceeding on behalf of

20   individuals from the Fresno area who had never met Joe Vasquez and who instead were alleging a

21   variety of claims against eleven other ABMNC employees. Moreover, one of the Fresno Claimants,

22   Hilda Gomez, has allegations dating all the way back to year 2000, over nine years prior to the time

23   she became part of this lawsuit. (UMF ¶ 67-68). Even assuming, *arguendo*, that the allegations of

24   the Fresno Claimants are related to the claims of the Bakersfield Claimants, which they are not, the

25   older allegations should nonetheless be barred by equitable doctrines of waiver or estoppel. *See*

26   *McGinest,* 360 F.3d at 1114.

27          Furthermore, waiver and estoppel may act as a bar to several of the Claimants'

28   damages where they voluntarily came back to work for ABMNC even after allegedly experiencing

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

**DEFTS' OPPOSITION TO PLTFS' MOTION FOR SUMMARY ADJUDICATION**          19.          **CASE NO. 1:07 CV 01428 LJO-JLT**

1    harassment during their first stint with ABMNC.  As explained above, Erika Morales, Teresa

2    Sanchez, and Hilda Gomez each allege that they experienced sexual harassment during two separate

3    stints of time at ABMNC.  However, instead of using proper avenues to complain about sexual

4    harassment either within ABMNC or with a governmental agency at the time it first occurred, they

5    chose to return to ABMNC to work a second stint, even when they knew they would be working

6    with the same supervisors who allegedly harassed them the first time.  (UMF ¶¶ 169-175).  Whether

7    and to what extent damages should be reduced as a result of the Claimants' voluntary return to

8    ABMNC is a question for the fact finder at trial and should not be resolved on summary judgment.

9
             **5.      An Employer Is Not Liable For Actions Of Its Employees That Were Taken
10                   Outside The Scope of Their Authority and Defendants Twentieth Affirmative
                     Defense Is Proper.**

11              Harassment is generally not conduct within scope of employment unless it was

12   motivated by an intent to serve the employer.  *Wright – Simmons v. City of Oklahoma City*, 155 F.3d

13   1264 (10th Cir. 1998).  The law shields employers from liability arising from rogue employees who

14   conduct themselves outside the bounds of the scope of their employment and in a such a manner that

15   the employer did not actually know nor should have known about the conduct.  *Hogan v. Henderson*,

16   102 F. Supp. 2d 1180, 1187 (D. Ariz. 2000); *Burrell v. Star Nursery, Inc.*, 170 F.3d 951, 955 (9th

17   Cir. 1999) (rule still applies to harassment by coworkers).

18              In the case where no tangible employment action has been taken, an employer is not

19   liable for unauthorized acts of its employees, even if those employees are front line supervisors.

20   Rather, liability can only be premised on an employer's failure to take reasonable steps to prevent

21   harassment of which its upper level management is aware.  *Croker v. Boeing, Co.*, 437 F. Supp.

22   1138, 1191 (E.D. Pa. 1977).  To the contrary, an employer is only liable for acts of supervisors under

23   42 U.S.C. § 2000e-2 where the employer authorized or ratified the supervisors' discriminatory

24   conduct.  *Friend v Leidinger*, 446 F. Supp. 361, 384 (E.D. Va. 1977) (isolated incidents did not

25   constitute racial harassment where employer had express policy of discouraging racial

26   discrimination, had two channels which employees might use to complain of such discrimination,

27   and acted to discourage racially motivated harassment).  The *Friend* court granted judgment in favor

28   of defendant, further finding that racial harassment by employees or supervisors was contrary to the

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**          20.          **CASE NO. 1:07 CV 01428 LJO-JLT**

1   stated best interests of the employer, and the evidence indicated that the employer would discipline

2   officers or firefighters who violated anti-harassment policies.  *Id.*

3          With respect to the coworker harassment alleged by Fresno Claimants Birrueta,

4   Bravo, and Garcia, Defendants have a valid defense based on the fact that the coworkers were acting

5   outside the scope of their employment in such a manner that Defendants did not know nor should

6   they have known about the conduct.  Birrueta, Bravo and Garcia admit they never complained about

7   such coworker harassment and therefore cannot possibly show that Defendants knew of the alleged

8   harassment and/or authorized such harassment.  (UMF ¶¶ 181-184).  *See also, Swinton v. Potomas*

9   *Corp.*, 270 F.3d 794, 803-04 (9th Cir. 2001) (in the context of co-worker harassment, it is plaintiff's

10  burden to prove management knowledge of harassment).

11         Likewise, with respect to the supervisor harassment alleged by the Claimants,

12  Defendants have a valid defense to the extent they did not authorize or ratify the supervisor's

13  discriminatory conduct.  *See* 42 U.S.C. § 2000e-2; *Friend*, 446 F. Supp. at 384.  The evidence

14  indicates that sexual harassment by employees or supervisors is contrary to the stated policies of

15  ABMNC, and the evidence further indicates that ABMNC would respond promptly to complaints of

16  sexual harassment and discipline supervisors or employees who violated its anti-harassment policies.

17  (UMF ¶¶ 89-100).  *See Friend*, 446 F. Supp. at 384.  Accordingly, where the Claimants suffered no

18  tangible employment action and failed to complain about any alleged harassment, the evidence

19  indicates that Jose Vasquez and other supervisors acted outside the scope of their employment and

20  Defendants did not authorize or ratify such conduct[6].  The EEOC's motion for summary judgment as

21  to Defendants' twentieth affirmative defense should be denied.

22       **6.**    **The Doctrine Of After-Acquired Evidence Raised by Defendants' Twenty-Third**

23             **Affirmative Defense Operates To Bar Certain Damages In A Title VII Suit.**

24         The doctrine of after-acquired evidence applies where the employer's misconduct was

25  of such severity that the employee in fact would have been terminated on those grounds alone if the

26  employer had known of it at the time of the employee's discharge.  *McKennon v. Nashville Banner*

27    [6]   This defense will therefore apply to Bakersfield Claimants 4, 5, 6, 7, 8, 9, 10, 11, and 12 and

28  Fresno Claimants Maria Birrueta, Irene Bravo, Martha Castaneda Garcia, Ana Gutierrez, Delia DeMejia, and Maria Socorro Zapien.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

**DEFTS' OPPOSITION TO PLTFS' MOTION**
**FOR SUMMARY ADJUDICATION**

21.

**CASE NO. 1:07 CV 01428 LJO-JLT**

1   *Pub. Co.*, 513 U.S. 352, 362-63 (1995) (posthire, on the job misconduct was not an absolute bar to

2   age discrimination claim, but did operate to limit the remedies available).   For example, in the

3   immigration context, the employer must prove it would have actually fired the employees had it

4   known they were undocumented. *Rivera v. NIBCO, Inc.*, 364 F.3d 1057, 1072 (9th Cir. 2004).

5       After-acquired evidence does not shield an employer from discrimination liability,

6   but it may limit the type and extent of relief available to a prevailing employee. *McKennon v.*

7   *Nashville Banner Pub. Co.*, 513 U.S. 352, 356-59 (1995) (once an employer learns about employee

8   wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the

9   information, even if it is acquired during the course of discovery in a suit against the employer and

10  even if the information might have gone undiscovered absent the suit).   A fact specific inquiry is

11  required as to the type of claim asserted and the kind of misconduct involved. *Hyatt v. Northrop*

12  *Corp.*, 80 F.3d 1425, 1433 (9th Cir. 1996).   The burden is on the employer to prove not only that it

13  could have fired an employee for the later-discovered misconduct, but that it would in fact have done

14  so. *O'Day v. McDonnell Douglas Helicopter Co.*, 79 F.3d 756, 759 (9th Cir. 1996).

15      The *McKennon* Court held that in considering after-acquired evidence as a bar to

16  certain damages, the beginning point in the trial court's formulation of a remedy should be

17  calculation of backpay from the date of the unlawful discharge to the date the new information was

18  discovered. *Id.* at 362. In determining the appropriate order for relief, the court can consider taking

19  into further account extraordinary equitable circumstances that affect the legitimate interests of

20  either party. *Id.*

21      In its Motion for Summary Judgment, the EEOC has not made any showing regarding

22  evidence to support an after acquired evidence theory, arguing only that this doctrine does not apply

23  to Title VII claims.  However, the undisputed evidence indicates that Defendants do have a defense

24  to damages based on after – acquired evidence with respect to at least some of the Claimants.  For

25  example, Claimant 4 admitted, for the first time, at her deposition that she knowingly lied on her

26  application with ABMNC in order to secure a job with ABMNC.  (UMF ¶ 186).  The law makes

27  clear that an employee's wrongdoing, *e.g.*, lying on an application, is relevant in determining

28  damages in a Title VII action.  Whether and to what extent any of the Claimants' own wrongdoings

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415 433 1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**       22.       **CASE NO. 1:07 CV 01428 LJO-JLT**

1  limits their available damages is a question for the trier of fact once all the facts of this case have

2  been fully developed and should not be resolved at the summary judgment stage.

3  **D.      The EEOC Has Unreasonably Delayed Bringing Suit On Behalf Of Many Of The**
   **Twenty –One Claimants and Thus Defendants' Fifteenth Affirmative Defense Is Valid.**

4

5      The Ninth Circuit has made clear that laches questions are seldom susceptible of

6  resolution by summary judgment, because where laches is raised as a defense, the factual issues

7  involved can rarely be resolved without some preliminary evidentiary inquiry. *Bratton v. Bethlehem*

8  *Steel Corp.*, 649 F.2d 658, 666 (9th Cir. 1980); *EEOC v. Collegeville/Imagineering*, 2007 U.S. Dist.

9  LEXIS 51528, at *10-11 (D. Ariz. July 16, 2007) (finding that issues of delay and prejudice are

10  intertwined closely, and the Court must examine each claim alleged and the remedy sought to

11  determine if sufficient prejudice and delay support Defendants' claim for laches); *see also Jeffries v.*

12  *Chicago Transit Auth.*, 770 F.2d 676, 679 (7th Cir. 1985) (laches is generally a factual question not

13  subject to summary judgment).

14      The law intends that employers be protected from unreasonably delayed hostile work

15  environment actions by equitable defenses such as waiver, estoppel, and laches. *Wilkinson v.*

16  *Rumsfeld,* 100 Fed. Appx. 155, 158 (4th Cir. 2004).  No particular length of delay is per se

17  unreasonable, but rather courts look to the facts of each case to determine reasonableness. *EEOC v.*

18  *Liberty Loan Corp.*, 584 F.2d 853, 857 (8th Cir. 1978).  Courts have found delays of three and a half

19  years to be unreasonable. *Id., citing, EEOC v. Westinghouse Electric Corp.*, 450 F. Supp. 792 (E.D.

20  Mo. 1978); *see also Cannon v. Univ. of Health Sciences/The Chicago Medical School*, 710 F.2d 351,

21  359 (7th Cir. 1983) (delay of three years and eight months unreasonable delay).  Moreover, at least

22  one court has expressed concern over EEOC investigatory delays ranging from ten months to two

23  and a half years. *Lacy v. Chrysler Corp.*, 533 F.2d 353, 361, n. 8 (8th Cir. 1976).

24      Classic elements of undue prejudice as a result of unreasonable delay include

25  unavailability of witnesses, changed personnel, and the loss of pertinent records. *EEOC v Dresser*

26  *Indus.*, 668 F.2d 1199, 1203 (11th Cir. 1982).  In determining prejudice, courts consider whether the

27  charge identified the aggrieved parties and claims, thereby giving Defendant a chance to store any

28  necessary records and to perform appropriate inquiries. *EEOC v. Monterey Collision Frame &*

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108-2693
415.433.1940

**DEFTS' OPPOSITION TO PLTFS' MOTION**
**FOR SUMMARY ADJUDICATION**

23.

**CASE NO. 1:07 CV 01428 LJO-JLT**

1    *Body, Inc.*, 2007 U.S. Dist. LEXIS 33811, at *12 (N.D. Cal. April 23, 2007) (no finding of prejudice

2    where charge identified aggrieved party, and therefore allowed Defendant to store all records

3    pertaining to that party). Additionally, where a delay had undeniably dimmed the memories of

4    available witnesses and greatly enlarged the employer's back pay liability, the Ninth Circuit found

5    that this constituted compelling evidence that the employer suffered undue prejudice. *EEOC v.*

6    *Alioto Fish Co.*, 623 F.2d 86, 88 (9th Cir. 1980).

7             Defendants hereby incorporate their arguments in Section A above as though fully set

8    forth herein. The EEOC unreasonably delayed in bringing suit with respect to many of the 21

9    Claimants in this case. In fact, the EEOC did not add any of the Fresno Claimants to the instant

10   lawsuit until nearly three years after Erika Morales filed her initial EEOC charge. (UMF ¶ 43). This

11   is particularly troubling in light of the fact that the EEOC indicated several months prior to

12   disclosing these individuals that it would be adding new parties but refused to identify them at that

13   time despite repeated requests by Defendants. (UMF ¶ 188). Courts have found similar types delays

14   to be unreasonable. *See Liberty Loan Corp.*, 584 F.2d at 857, *citing, Westinghouse Electric Corp.*,

15   450 F. Supp. 782 (delay of three and a half years is unreasonable).

16            Furthermore, Defendants have undoubtedly suffered prejudice as a result of the

17   EEOC's unreasonable delay in adding the Fresno Claimants. Contrary to the cases cited by the

18   EEOC, Defendants in this case did not have prompt notice of the Fresno Claimants such that they

19   had an opportunity to start gathering and preserving evidence pertaining to the Fresno Claimants.

20   *See EEOC v. Monterey Collision Frame & Body, Inc.*, 2007 U.S. Dist. LEXIS 33811, at *12;

21   *Occidental Life Ins. Co.*, 432 U.S. at 372. In fact, in the instance of Hilda Gomez, Defendants were

22   not notified of her allegations, which date all the way back to 2000, until over nine years later, in

23   early 2010. This certainly does not constitute prompt notice by the EEOC. Additionally, the delay

24   has almost definitely resulted in unavailability of witnesses and faded memories of those witnesses

25   who are still available, causing undue prejudice to Defendants. *See Alioto Fish Co.*, 623 F.2d at 88.

26   Accordingly, the EEOC's motion for summary judgment should be denied with respect to

27   Defendants' laches defense.

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108 2693
415.433.1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**                24.                **CASE NO. 1:07 CV 01428 LJO-JLT**

1    **E.    Defendants Withdraw Their First and Seventh Affirmative Defenses to the Extent These Defenses Challenge the Sufficiency of the EEOC's Pleadings.**

2

3    To the extent that Defendants' First and Seventh Affirmative Defenses challenge the

4    sufficiency of the EEOC's pleadings, they are hereby withdrawn.  However, to the extent that these

5    defenses go to the merits of the EEOC's Title VII claims, Defendants are challenging in their

6    currently pending Motions for Summary Judgment/Adjudication whether sufficient evidence has

7    been presented to enable the EEOC to prove a prima facie case or recover any damages on behalf of

8    many of the Claimants.

9    **F.    Defendants Withdraw Their Twenty Fifth and Twenty Sixth Affirmative Defenses.**

10   Defendants hereby withdraw their Twenty-Fifth Affirmative Defense, that Title VII

11   damages are preempted by the exclusivity provisions of the California workers' compensation

12   statutes.   Defendants also withdraw their Twenty-Sixth Affirmative Defense regarding any

13   additional affirmative defenses.

14   **III.    CONCLUSION**

15   For all the reasons set forth above, Defendants respectfully request that the Court

16   deny the EEOC's Motion for Partial Summary Judgment.

17

     Date: June 3, 2010                          By:    /s/ Laura E. Hayward
18                                                LAURA E. HAYWARD
                                                  Attorneys for Defendants
19                                                ABM INDUSTRIES INCORPORATED; ABM
                                                  JANITORIAL SERVICES, INC. and ABM
20                                                JANITORIAL SERVICES -NORTHERN
                                                  CALIFORNIA, INC.
21

22   Firmwide:95709831.1 054667.1005

23

24

25

26

27

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA  94108 2693
415.433.1940

**DEFTS' OPPOSITION TO PLTFS' MOTION
FOR SUMMARY ADJUDICATION**          25.          **CASE NO. 1:07 CV 01428 LJO-JLT**