# EXHIBIT 2056

# EXHIBIT 2056

Anna Y. Park, SBN 164242
Derek W. Li, SBN 150122
Lorena Garcia, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA  90012
Telephone: (213) 894-1108
Facsimile:  (213) 894-1301
Email: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> vs. <br><br> ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; Does 1 – 10 Inclusive, <br><br> Defendants. | Case No.: <br><br> **COMPLAINT—TITLE VII** <br> • **Sexual Harassment** <br><br> **JURY TRIAL DEMAND** |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Erika Morales and similarly situated individuals, who were adversely affected by such practices.  As set forth in this Complaint, Plaintiff alleges that Erika Morales and similarly situated

-1-

Case No.

individuals were subjected to a hostile environment and quid pro quo sexual harassment based on their sex during their employment with Defendants, ABM Industries Inc. and ABM Janitorial Services, Inc.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

3. Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6(e).

4. At all relevant times, Defendants, ABM Industries Inc. and ABM Janitorial Services, Inc. ("Defendants") have continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

5. At all relevant times, Defendants have continuously been a corporation doing business in the State of California, and has continuously had at least 15 employees.

6. All of the acts and failures to act alleged herein were duly performed by and attributable to all Defendants, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under

the direction and control of the others, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each Defendant participated in, approved and/or ratified the unlawful acts and omissions by the other Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a Defendant or Defendants, such allegations and reference shall also be deemed to mean the acts and failures to act of each Defendant acting individually, jointly, and/or severally.

7. Plaintiff is ignorant of the true names and capacities of each Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff Commission sues said defendant(s) by fictitious names. Plaintiff reserves the right to amend the complaint to name each DOE defendant individually or collectively as they become known. Plaintiff alleges that each DOE defendant was in some manner responsible for the acts and omissions alleged herein and Plaintiff will amend the complaint to allege such responsibility when the same shall have been ascertained by Plaintiff.

8. All of the acts and failures to act alleged herein were duly performed by and attributable to all DOES, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the other DOES and named Defendants, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each DOE participated in, approved and/or ratified the unlawful acts and omissions by the other DOES and Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a DOE or DOES, such allegations and reference shall also be deemed to mean the acts and failures to act of each DOE and named Defendants acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Erika Morales and another female employee filed charges with the Commission alleging violations of Title VII by Defendants. The Commission has issued Letters of Determination finding that the Charging Parties and similarly situated individuals were subjected to unlawful employment discrimination based upon their sex, female, of harassment in violation of Title VII. Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b) and 2000e-6. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Defendants have engaged in unlawful employment practices and in a pattern of such practices in violation of Section 703 and 707 of Title VII, 42 U.S.C. § 2000e-2, by subjecting Erika Morales and similarly situated individuals to a sexually harassing hostile environment and quid pro quo sexual harassment. The sexually harassing behavior was perpetrated by supervisors and included, but was not limited to the following: unwelcome touching, explicit sexual commentary and quid pro quo sexual harassment. One of Defendants' supervisors raped a female employee at the worksite. The supervisor repeatedly hugged female employees from behind and groped their private parts with his hands. On several occasions, the supervisor exposed himself and tried to force the female employees to touch him sexually. The supervisor repeatedly subjected the female employees to leering, suggestive and propositioning language. Supervisors offered female employees positions where they would drive a company vehicle and/or supervise employees in exchange for sex. Defendants failed to exercise reasonable care to prevent and correct promptly the sexually harassing behavior.

11. The effect of the practices complained of in paragraph 10 above has been to deprive Erika Morales and similarly situated individuals of equal

1 | employment opportunities and otherwise adversely affect their status as
2 | employees, because of their sex.
3 |     12.    The unlawful employment practices complained of in paragraph 10
4 | above were and are willful within the meaning of §§ 706(f)(1) and (3), 706(g)(1),
5 | and 707 of Title VII, 42 U.S.C., §§ 2000e-5(f)(1) and (3), (g)(1), and 2000e-6.
6 |     13.    The unlawful employment practices complained of in paragraph 10
7 | above were and are intentional and caused Erika Morales and similarly situated
8 | individuals to suffer emotional distress.
9 |     14.    The unlawful employment practices complained of in paragraph 10
10 | above were and are done with malice or with reckless indifference to the federally
11 | protected rights of Erika Morales and similarly situated individuals.

**PRAYER FOR RELIEF**

Wherefore, the Commission respectfully requests that this Court:

A.    Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex.

B.    Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.    Order Defendants to make whole Erika Morales and similarly situated individuals in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.    Order Defendants to make whole Erika Morales and similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 10 above, in amounts to be determined at trial.

E.    Order Defendants to make whole Erika Morales and similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 10 above, in amounts to be determined at trial.

F.    Order Defendants to pay Erika Morales and similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraphs 10 and 14 above, in amounts to be determined at trial.

G.    Grant such further relief as the Court deems necessary and proper in the public interest.

H.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: September 28, 2007        Respectfully Submitted

RONALD COOPER,
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

By:  /s/ Anna Y. Park
      ANNA Y. PARK
      Regional Attorney
U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

-6-

Case No.