# EXHIBIT 2057

# EXHIBIT 2057

Anna Y. Park, SBN 164242
Victor Viramontes, SBN 214158
Lorena Garcia-Bautista, SBN 234091
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, Fourth Floor
Los Angeles, CA 90012
Telephone: (213) 894-1108
Facsimile: (213) 894-1301
Email: lado.legal@eeoc.gov

Attorneys for Plaintiff
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff,<br><br>ERIKA MORALES, and ANONYMOUS PLAINTIFFS ONE THROUGH SIX,<br><br>Plaintiff-Intervenors,<br><br>vs.<br><br>ABM INDUSTRIES INCORPORATED; ABM JANITORIAL SERVICES, INC.; and ABM JANITORIAL SERVICES-NORTHERN CALIFORNIA; Does 1 – 10, Inclusive,<br><br>Defendants. | Case No.: 1:07 CV01428-LJO-BAK (GSA)<br><br>**PLAINTIFF EEOC'S FIRST AMENDED COMPLAINT—CIVIL RIGHTS EMPLOYMENT DISCRIMINATION (TITLE VII)**<br>• Sexual Harassment<br><br>(42 U.S.C. §§ 2000e, *et seq.*)<br><br>**JURY TRIAL DEMAND** |

-1-

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to Erika Morales and similarly situated individuals, who were adversely affected by such practices. As set forth in this Complaint, Plaintiff EEOC alleges that Erika Morales and similarly situated individuals were subjected to sex based harassment, a hostile environment, a pattern or practice of harassment, and quid pro quo sexual harassment based on their sex during their employment with Defendants, ABM Industries Inc., ABM Janitorial Services, Inc., and ABM Janitorial Services-Northern California.

Plaintiff EEOC further alleges that Erika Morales and similarly situated individuals were subjected to constructive discharge for complaining about, or rebuking, the sexual harassment.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6 ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for the Eastern District of California.

## PARTIES

3. Plaintiff, the U.S Equal Employment Opportunity Commission ("EEOC" or "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) and 707 of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and 2000e-6(e).

1      4.    At all relevant times, Defendants, ABM Industries Inc., ABM
2  Janitorial Services, Inc., and ABM Janitorial Services-Northern California
3  ("Defendants") have continuously been an employer engaged in an industry
4  affecting commerce within the meaning of Sections 701(b), (g) and (h) of
5  Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).
6      5.    At all relevant times, each Defendant has continuously been a
7  corporation doing business in the State of California, and has continuously had at
8  least 15 employees.
9      6.    All of the acts and failures to act alleged herein were duly performed
10 by and attributable to all Defendants, each acting as a successor, agent, alter ego,
11 employee, indirect employer, joint employer, integrated enterprise and/or or under
12 the direction and control of the others, except as specifically alleged otherwise.
13 Said acts and failures to act were within the scope of such agency and/or
14 employment, and each Defendant participated in, approved and/or ratified the
15 unlawful acts and omissions by the other Defendants complained of herein.
16 Whenever and wherever reference is made in this Complaint to any act by a
17 Defendant or Defendants, such allegations and reference shall also be deemed to
18 mean the acts and failures to act of each Defendant acting individually, jointly,
19 and/or severally.
20     7.    Plaintiff is ignorant of the true names and capacities of each
21 Defendant sued as DOES 1 through 10, inclusively, and therefore Plaintiff
22 Commission sues said defendant(s) by fictitious names. Plaintiff reserves the right
23 to amend the complaint to name each DOE defendant individually or collectively
24 as they become known. Plaintiff alleges that each DOE defendant was in some
25 manner responsible for the acts and omissions alleged herein and Plaintiff will
26 amend the complaint to allege such responsibility when the same shall have been
27 ascertained by Plaintiff.
28     8.    All of the acts and failures to act alleged herein were duly performed

by and attributable to all DOES, each acting as a successor, agent, alter ego, employee, indirect employer, joint employer, integrated enterprise and/or or under the direction and control of the other DOES and named Defendants, except as specifically alleged otherwise. Said acts and failures to act were within the scope of such agency and/or employment, and each DOE participated in, approved and/or ratified the unlawful acts and omissions by the other DOES and Defendants complained of herein. Whenever and wherever reference is made in this Complaint to any act by a DOE or DOES, such allegations and reference shall also be deemed to mean the acts and failures to act of each DOE and named Defendants acting individually, jointly, and/or severally.

## STATEMENT OF CLAIMS

9. More than thirty days prior to the institution of this lawsuit, Erika Morales and another female employee (through her legal representative) filed charges with the Commission alleging violations of Title VII. The Commission has issued Letters of Determination finding that the Charging Parties and similarly situated individuals were subjected to unlawful employment discrimination based upon their sex, female, of harassment and were constructively discharged in violation of Title VII. Prior to instituting this lawsuit, the EEOC attempted to eliminate the unlawful employment practices herein alleged and to effect voluntary compliance with Title VII through informal methods of conciliation, conference, and persuasion within the meaning of Section 706(b) of Title VII, 42 U.S.C. Sections 2000e-5(b) and 2000e-6. All conditions precedent to the institution of this lawsuit have been fulfilled.

10. Defendants have engaged in unlawful employment practices and in a pattern or practice of such unlawful acts in violation of Sections 703, 706 and 707 of Title VII, 42 U.S.C. § 2000e-2, by subjecting Erika Morales and similarly situated individuals to a sexually harassing hostile environment and quid pro quo sexual harassment. The sexually harassing behavior was perpetrated by various

1  Defendants' supervisors and employees at various ABM worksites and included,
2  but was not limited to the following: unwelcome touching, explicit sexual
3  commentary and quid pro quo sexual harassment. One of Defendants' supervisors
4  raped a female employee at the worksite. The supervisor repeatedly hugged
5  female employees from behind and groped their private parts with his hands. On
6  several occasions, the supervisor exposed himself and tried to force the female
7  employees to touch him sexually. Supervisors repeatedly subjected the female
8  employees to leering, suggestive and propositioning language. Supervisors offered
9  female employees positions where they would drive a company vehicle and/or
10 supervise employees in exchange for sex. Defendants failed to exercise reasonable
11 care to prevent and correct promptly the sexually harassing behavior.

12     11.   Erika Morales and similarly situated individuals were subjected to
13 constructive discharge for complaining about, or rebuking, the sexual harassment.

14     12.   The effect of the practices complained of in paragraphs 10 and 11
15 above has been to deprive Erika Morales and similarly situated individuals of equal
16 employment opportunities and otherwise adversely affect their status as
17 employees, because of their sex.

18     13.   The unlawful employment practices complained of in paragraph 10
19 through 12 above were and are willful within the meaning of §§ 706(f)(1) and (3),
20 706(g)(1), and 707 of Title VII, 42 U.S.C., §§ 2000e-5(f)(1) and (3), (g)(1), and
21 2000e-6.

22     14.   The unlawful employment practices complained of in paragraph 10
23 through 12 above were and are intentional and caused Erika Morales and similarly
24 situated individuals to suffer emotional distress.

25     15.   The unlawful employment practices complained of in paragraph 10
26 through 12 above were and are done with malice or with reckless indifference to
27 the federally protected rights of Erika Morales and similarly situated individuals.
28

-5-

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.  Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with it, from engaging in sexual harassment, retaliation, and any other employment practice which discriminates on the basis of sex.

B.  Order Defendants to institute and carry out policies, practices, and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

C.  Order Defendants to make whole Erika Morales and similarly situated individuals in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

D.  Order Defendants to make whole Erika Morales and similarly situated individuals by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 10 through 12 above, in amounts to be determined at trial.

E.  Order Defendants to make whole Erika Morales and similarly situated individuals by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 10 through 12 above, including but not limited to pain and suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

F.  Order Defendants to pay Erika Morales and similarly situated individuals punitive damages for its malicious and reckless conduct described in paragraphs 10 through 15 above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Dated: July 17, 2009

Respectfully Submitted

RONALD COOPER,
General Counsel

JAMES LEE,
Deputy General Counsel

GWENDOLYN YOUNG REAMS,
Associate General Counsel

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 "L" Street, N.W.
Washington, D.C. 20507

By: _____
ANNA Y. PARK
Regional Attorney
U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

AO 440 (Rev. 02/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Eastern District of California

| | | |
|---|---|---|
| U.S. E.E.O.C. | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No. 1:07-CV-01428-LJO-BAK(GSA) |
| ABM INDUSTRIES INCORPORATED, et al. | ) | |
| *Defendant* | ) | |

**SUMMONS IN A CIVIL ACTION** FOR FIRST AMENDED COMPLAINT

To: *(Defendant's name and address)* ABM JANITORIAL SERVICES - NORTHERN CALIFORNIA, 8101 W. SAM HOUSTON PKWY S STE. 150, HOUSTON, TX 77072 .

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____     _____
                                                                      *Signature of Clerk or Deputy Clerk*

Case 1:07-cv-01428-LJO-JLT    Document 263-40    Filed 06/04/10    Page 10 of 13
Case 1:07-cv-01428-LJO-JLT    Document 118-2    Filed 07/17/2009    Page 2 of 2
AO 440 (Rev. 02/09) Summons in a Civil Action (Page 2)

Civil Action No. 1:07-CV-01428-LJO-BAK(GSA)

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4(l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is designated by law to accept service of process on behalf of *(name of organization)* _____
on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

| | |
|---|---|
| 1 | Anna Y. Park, SBN 164242 |
| 2 | Victor Viramontes, SBN 214158 |
| | Lorena Garcia-Bautista, SBN 234091 |
| 3 | U.S. EQUAL EMPLOYMENT |
| | OPPORTUNITY COMMISSION |
| 4 | 255 East Temple Street, 4th Floor |
| 5 | Los Angeles, CA  90012 |
| | Telephone:  (213) 894-1108 |
| 6 | Facsimile: (213) 894-1301 |
| 7 | E-Mail: LADO.Legal@EEOC.gov |
| 8 | Lorena.garcia@eeoc.gov |
| 9 | |
| 10 | Attorneys for Plaintiff, |
| 11 | U.S. EQUAL EMPLOYMENT |
| | OPPORTUNITY COMMISSION |

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | Case No.:  1:07-CV-01428-LJO-BAK(GSA) |
| Plaintiff, | ) ) | **PROOF OF SERVICE** |
| ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT, | ) ) ) ) | |
| Plaintiff-Intervenors, | ) | |
| v. | ) ) | |
| ABM INDUSTRIES INCORPORATED, et al., | ) ) ) | |
| Defendants. | ) | |

Proof of Service
EEOC v. ABM Industries Incorporated, et al.,
1:07-CV-01428-LJO BAK(GSA)

1

1    I am a citizen of the United States, over the age of eighteen (18) years and
2  not a party to the above-entitled cause. I am employed in the Legal Unit of the Los
3  Angeles District Office of the United States Equal Employment Opportunity
4  Commission. My business address is Equal Employment Opportunity
5  Commission, Los Angeles District Office, 255 East Temple Street, Fourth Floor,
6  Los Angeles, CA 90012.
7    On the date that this declaration was executed, as shown below, I served the
8  foregoing **PLAINTIFF EEOC'S FIRST AMENDED COMPLAINT- CIVIL**
9  **RIGHTS EMPLOYMENT DISCRIMINATION (TITLE VII)** via the Court's
10 ECF filing system to the following:

Laura E. Hayward (e-mail: lhayward@littler.com)
LITTLER MENDELSON
650 California St., 20th Floor
San Francisco, CA 91408-2693

Keith Jacoby (e-mail: kjacoby@littler.com)
LITTLER MENDELSON
2049 Century Park East, 5th Floor
Los Angeles, CA 90067-3107

Stan Mallison (e-mail: StanM@MallisonLaw.com)
Hector Martinez (e-mail: Hectorm@MallisonLaw.com)
Law Offices of Mallison & Martinez
1042 Brown Ave., Suite A
Lafayette, CA 94549

22  //
23  //
24  //
25  //
26  //
27  //
28

Proof of Service                              2
EEOC v. ABM Industries Incorporated, et al.,
1:07-CV-01428-LJO BAK(GSA)

1  and via U.S. mail to the following:
2                  Jose Vasquez
                1300 E. 9th St.
3                Bakersfield, CA 93307
4
5     I declare under penalty of perjury that the foregoing is true and correct.
6  Executed on July 17, 2009, at Los Angeles, California.
7
8                        /s/
              Lorena Garcia-Bautista
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Proof of Service
EEOC v. ABM Industries Incorporated, et al.,
1:07-CV-01428-LJO BAK(GSA)

3