# EXHIBIT 2058

# EXHIBIT 2058

KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
Telephone:  310.553.0308
Email:  kjacoby@littler.com

LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:  415.433.1940
Email:  lhayward@littler.com

MATTHEW E. FARMER, Bar No. 190484
LITTLER MENDELSON
5200 N. Palm Avenue, Suite 302
Fresno, CA 93704.2227
Telephone:  559.244.7500
Email:  mfarmer@littler.com

Attorneys for Defendants
ABM INDUSTRIES INCORPORATED;
ABM JANITORIAL SERVICES, INC. and
ABM JANITORIAL SERVICES -
NORTHERN CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION,

                    Plaintiff,

ERIKA MORALES and
ANONYMOUS PLAINTIFFS ONE
THROUGH EIGHT,

                    Plaintiff Interveners,

         v.

ABM INDUSTRIES
INCORPORATED and ABM
JANITORIAL SERVICES, INC.;
ABM JANITORIAL NORTHERN
CALIFORNIA; JOSE VASQUEZ;
Does 1 - 10 inclusive,

                    Defendants.

Case No. 1: 07 CV 01428 LJO-TAG

**DEFENDANT ABM JANITORIAL
SERVICES - NORTHERN
CALIFORNIA INC.'S RESPONSE
TO PLAINTIFF U.S. EQUAL
EMPLOYMENT OPPORTUNITY
COMMISSION'S FIRST SET OF
REQUESTS FOR ADMISSIONS**

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff U.S. EQUAL EMPLOYMENT |
| | OPPORTUNITY COMMISSION |
| RESPONDING PARTY: | Defendant ABM JANITORIAL SERVICES - |
| | NORTHERN CALIFORNIA, INC. |
| SET NO. | ONE |

Pursuant to California Code of Civil Procedure section 2033, Defendant ABM JANITORIAL SERVICES - NORTHERN CALIFORNIA, INC. responds as follows to Plaintiff's First Set of Requests for Admissions.

## RESPONSE TO REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 1:**

Admit that Erika Morales filed a charge of Discrimination with the EEOC dated June 29, 2006. (A copy of the charge of discrimination filed by Erika Morales, Bates Nos. EE000001, is attached hereto as Ex. A.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Defendant lacks knowledge or information sufficient to enable it to admit or deny this request as it is not privy to the actions taken by Erika Morales, and on that basis denies the request for admission. However, Defendant admits that it has received a copy of EE0001.

**REQUEST FOR ADMISSION NO. 2:**

Admit that Erika Morales filed an amended charge of Discrimination with the EEOC dated January 10, 2007. (A copy of the amended charge of discrimination filed by Erika Morales, Bates Nos. EE000002, is attached hereto as Ex. B.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Defendant lacks knowledge or information sufficient to enable it to admit or deny this request as it is not privy to the actions taken by Erika Morales, and on that basis denies the request for admission. However, Defendant admits that it has received a copy of EE0002.

LITTLER MENDELSON

**REQUEST FOR ADMISSION NO. 3:**

Admit that YOU received Erika Morales' charge of Discrimination. (A copy of the notice of charge of discrimination filed by Erika Morales, Bates Nos. EE000003-0004, is attached hereto as Ex. C.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendant objects that the phrase "Erika Morales' charge of Discrimination" is vague and ambiguous.  Subject to and without waiving said objections, Defendant responds as follows: Deny.  However, Defendant admits that it has received a copy of EE0001.

**REQUEST FOR ADMISSION NO. 4:**

Admit that YOU received Erika Morales' amended charge of Discrimination. (A copy of the notice of the amended charge of discrimination filed by Erika Morales, Bates Nos. EE000005-0006, is attached hereto as Ex. D.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant objects that the phrase "Erika Morales' amended charge of Discrimination" is vague and ambiguous. Subject to and without waiving said objections, Defendant responds as follows:  Deny.  However, Defendant admits that it has received a copy of EE0002.

**REQUEST FOR ADMISSION NO. 5:**

Admit that the EEOC conducted an interview of Tom Cazale during its administrative investigation into the sexual harassment charge of discrimination filed by Erika Morales against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Defendant objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent. Subject to and without waiving said objections, Defendant responds as follows:  Defendant admits that the EEOC conducted an interview of Tom Cazale in connection with Charge No. 480-2006-02932.

**REQUEST FOR ADMISSION NO. 6:**

Admit that the EEOC conducted an interview of Anthony MacFarlane during its administrative investigation into the sexual harassment charge of discrimination filed by Erika Morales against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendant objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent. Subject to and without waiving said objections, Defendant responds as follows:   Defendant admits that the EEOC conducted an interview of Anthony MacFarlane in connection with Charge No. 480-2006-02932.

**REQUEST FOR ADMISSION NO. 7:**

Admit that the EEOC conducted an interview of Ric Steiner during its administrative investigation into the sexual harassment charge of discrimination filed by Erika Morales against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

Defendant objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent. Subject to and without waiving said objections, Defendant responds as follows: Defendant lacks knowledge or information sufficient to enable it to admit or deny this request.

**REQUEST FOR ADMISSION NO. 8:**

Admit that the EEOC conducted an interview of Ruben Vasquez during its administrative investigation into the sexual harassment charge of discrimination filed by Erika Morales against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Defendant objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent. Subject to and without waiving said objections, Defendant responds as

1  follows:  Defendant lacks knowledge or information sufficient to enable it to admit or
2  deny this request.

3  **REQUEST FOR ADMISSION NO. 9:**

4        Admit that the EEOC conducted an interview of Jose Vasquez during its
5  administrative investigation into the sexual harassment charge of discrimination filed
6  by Erika Morales against YOU.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

8        Defendant objects that the phrase "against YOU" is vague and
9  ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the
10  respondent.  Subject to and without waiving said objections, Defendant responds as
11  follows:  Defendant admits that the EEOC conducted an interview of Jose Vasquez in
12  connection with Charge No. 480-2006-02932.

13  **REQUEST FOR ADMISSION NO. 10:**

14        Admit that EEOC requested information from YOU through Request for
15  Information during the administrative investigation. (A copy of the Request for
16  Information, Bates Nos. EE000007-00013, is attached hereto as Ex. E.)

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

18        Defendant objects that this Request is vague with respect to the term
19  "Request for Information" and "the administrative investigation."  Subject to and
20  without waiving said objections, Defendant responds as follows:  Deny.  However,
21  Defendant believes that ABM Industries Incorporated received EEOC0007-00013.

22  **REQUEST FOR ADMISSION NO. 11:**

23        Admit that YOU provided a response to the EEOC's Request for
24  Information during the administrative investigation. (A copy of the Request for
25  Information, Bates Nos. EE000007-00013, is attached hereto as Ex. E.)

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

27        Defendant objects that this Request is vague with respect to the term
28  "Request for Information" and "the administrative investigation."  Subject to and

1  without waiving said objections, Defendant responds as follows:  Deny.  However,
2  Defendant provided a response to EEOC0007-00013.

3  **REQUEST FOR ADMISSION NO. 12:**

4  Admit that YOU received the EEOC's determination letter, dated
5  April 25, 2007. (A copy of the Letter of Determination, Bates Nos. EE0000014-
6  00015, is attached hereto as Ex. F.)

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

8  Defendant objects that this Request is vague and ambiguous as to the
9  term "determination letter."  Subject to and without waiving said objections,
10  Defendant responds as follows:  Deny.  Defendant admits that it received a copy of
11  EE00014-00015.

12  **REQUEST FOR ADMISSION NO. 13:**

13  Admit that YOU received the EEOC's amended determination letter,
14  dated September 17, 2007. (A copy of the Amended Letter of Determination, Bates
15  Nos. EE0000016-00017, is attached hereto as Ex. G.)

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

17  Defendant objects that this Request is vague and ambiguous as to the
18  term "determination letter."  Subject to and without waiving said objections,
19  Defendant responds as follows:  Deny.  Defendant admits that it received a copy of
20  EE00016-00017.

21  **REQUEST FOR ADMISSION NO. 14:**

22  Admit that YOU engaged in conciliation with the EEOC with respect to
23  the sexual harassment charge of discrimination filed by Erika Morales (Charge no.
24  480-2006-02932) against YOU.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

26  Defendant objects that the phrase "against YOU" is vague and
27  ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the
28  respondent. Defendant objects that the term "conciliation" is vague and ambiguous.

1   Subject to and without waiving said objections, Defendant responds as follows:

2   Deny.

3   **REQUEST FOR ADMISSION NO. 15:**

4          Admit that YOU received the EEOC's September 26, 2007 conciliation

5   failure letter. (A copy of the EEOC's September 26, 2007 letter, Bates

6   Nos. EEOC00018, is attached hereto as Ex. H.)

7   **RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

8          Defendant objects that this Request is vague as to the terms "conciliation

9   failure letter." Subject to and without waiving said objections, Defendant responds as

10  follows: Deny. Defendant believes that its counsel received a letter dated September

11  26, 2007 from the EEOC. However, the letter is not identical to EEOC 00018.

12  **REQUEST FOR ADMISSION NO. 16:**

13         Admit that YOU employed more than 14 employees in each of 20 or

14  more calendar weeks in the calendar year of 2001.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

16         Defendant objects on the grounds that this request seeks information

17  which is neither relevant to the instant action nor reasonably calculated to lead to the

18  discovery of admissible evidence. Subject to and without waiving said objections,

19  Defendant responds as follows: Admit.

20  **REQUEST FOR ADMISSION NO. 17:**

21         Admit that YOU employed more than 100 employees in each of 20 or

22  more calendar weeks in the calendar year of 2001.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

24         Defendant objects on the grounds that this request seeks information

25  which is neither relevant to the instant action nor reasonably calculated to lead to the

26  discovery of admissible evidence. Subject to and without waiving said objections,

27  Defendant responds as follows: Admit.

28

**REQUEST FOR ADMISSION NO. 18:**

Admit that YOU employed more than 200 employees in each of 20 or more calendar weeks in the calendar year of 2001.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that YOU employed more than 300 employees in each of 20 or more calendar weeks in the calendar year of 2001.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 20:**

Admit that YOU employed more than 400 employees in each of 20 or more calendar weeks in the calendar year of 2001.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 21:**

Admit that YOU employed more than 500 employees in each of 20 or more calendar weeks in the calendar year of 2001.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

2  Defendant objects on the grounds that this request seeks information

3  which is neither relevant to the instant action nor reasonably calculated to lead to the

4  discovery of admissible evidence.  Subject to and without waiving said objections,

5  Defendant responds as follows:  Admit.

6  **REQUEST FOR ADMISSION NO. 22:**

7  Admit that YOU employed more than 14 employees in each of 20 or

8  more calendar weeks in the calendar year of 2002.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

10  Defendant objects on the grounds that this request seeks information

11  which is neither relevant to the instant action nor reasonably calculated to lead to the

12  discovery of admissible evidence.  Subject to and without waiving said objections,

13  Defendant responds as follows:  Admit.

14  **REQUEST FOR ADMISSION NO. 23:**

15  Admit that YOU employed more than 100 employees in each of 20 or

16  more calendar weeks in the calendar year of 2002.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

18  Defendant objects on the grounds that this request seeks information

19  which is neither relevant to the instant action nor reasonably calculated to lead to the

20  discovery of admissible evidence.  Subject to and without waiving said objections,

21  Defendant responds as follows:  Admit.

22  **REQUEST FOR ADMISSION NO. 24:**

23  Admit that YOU employed more than 200 employees in each of 20 or

24  more calendar weeks in the calendar year of 2002.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

26  Defendant objects on the grounds that this request seeks information

27  which is neither relevant to the instant action nor reasonably calculated to lead to the

28

1  discovery of admissible evidence.   Subject to and without waiving said objections,

2  Defendant responds as follows:  Admit.

3  **REQUEST FOR ADMISSION NO. 25:**

4  Admit that YOU employed more than 300 employees in each of 20 or

5  more calendar weeks in the calendar year of 2002.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

7  Defendant objects on the grounds that this request seeks information

8  which is neither relevant to the instant action nor reasonably calculated to lead to the

9  discovery of admissible evidence.   Subject to and without waiving said objections,

10  Defendant responds as follows:  Admit.

11  **REQUEST FOR ADMISSION NO. 26:**

12  Admit that YOU employed more than 400 employees in each of 20 or

13  more calendar weeks in the calendar year of 2002.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

15  Defendant objects on the grounds that this request seeks information

16  which is neither relevant to the instant action nor reasonably calculated to lead to the

17  discovery of admissible evidence.   Subject to and without waiving said objections,

18  Defendant responds as follows:  Admit.

19  **REQUEST FOR ADMISSION NO. 27:**

20  Admit that YOU employed more than 500 employees in each of 20 or

21  more calendar weeks in the calendar year of 2002.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

23  Defendant objects on the grounds that this request seeks information

24  which is neither relevant to the instant action nor reasonably calculated to lead to the

25  discovery of admissible evidence.   Subject to and without waiving said objections,

26  Defendant responds as follows:  Admit.

27

28

**REQUEST FOR ADMISSION NO. 28:**

Admit that YOU employed more than 14 employees in each of 20 or more calendar weeks in the calendar year of 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 29:**

Admit that YOU employed more than 100 employees in each of 20 or more calendar weeks in the calendar year of 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 30:**

Admit that YOU employed more than 200 employees in each of 20 or more calendar weeks in the calendar year of 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 31:**

Admit that YOU employed more than 300 employees in each of 20 or more calendar weeks in the calendar year of 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, Defendant responds as follows:  Admit.

**REQUEST FOR ADMISSION NO. 32:**

Admit that YOU employed more than 400 employees in each of 20 or more calendar weeks in the calendar year of 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, Defendant responds as follows:  Admit.

**REQUEST FOR ADMISSION NO. 33:**

Admit that YOU employed more than 500 employees in each of 20 or more calendar weeks in the calendar year of 2003.

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, Defendant responds as follows:  Admit.

**REQUEST FOR ADMISSION NO. 34:**

Admit that YOU employed more than 14 employees in each of 20 or more calendar weeks in the calendar year of 2004.

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the



1  discovery of admissible evidence.  Subject to and without waiving said objections,

2  Defendant responds as follows:  Admit.

3  **REQUEST FOR ADMISSION NO. 35:**

4  Admit that YOU employed more than 100 employees in each of 20 or

5  more calendar weeks in the calendar year of 2004.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

7  Defendant objects on the grounds that this request seeks information

8  which is neither relevant to the instant action nor reasonably calculated to lead to the

9  discovery of admissible evidence.  Subject to and without waiving said objections,

10  Defendant responds as follows: Admit.

11  **REQUEST FOR ADMISSION NO. 36:**

12  Admit that YOU employed more than 200 employees in each of 20 or

13  more calendar weeks in the calendar year of 2004.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

15  Defendant objects on the grounds that this request seeks information

16  which is neither relevant to the instant action nor reasonably calculated to lead to the

17  discovery of admissible evidence.  Subject to and without waiving said objections,

18  Defendant responds as follows: Admit.

19  **REQUEST FOR ADMISSION NO. 37:**

20  Admit that YOU employed more than 300 employees in each of 20 or

21  more calendar weeks in the calendar year of 2004.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

23  Defendant objects on the grounds that this request seeks information

24  which is neither relevant to the instant action nor reasonably calculated to lead to the

25  discovery of admissible evidence.  Subject to and without waiving said objections,

26  Defendant responds as follows: Admit.

27

28

**REQUEST FOR ADMISSION NO. 38:**

Admit that YOU employed more than 400 employees in each of 20 or more calendar weeks in the calendar year of 2004.

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 39:**

Admit that YOU employed more than 500 employees in each of 20 or more -calendar weeks in the calendar year of 2004.

**RESPONSE TO REQUEST FOR ADMISSION NO. 39:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 40:**

Admit that YOU employed more than 14 employees in each of 20 or more calendar weeks in the calendar year of 2005.

**RESPONSE TO REQUEST FOR ADMISSION NO. 40:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 41:**

Admit that YOU employed more than 100 employees in each of 20 or more calendar weeks in the calendar year of 2005.




1  **RESPONSE TO REQUEST FOR ADMISSION NO. 41:**

2          Defendant objects on the grounds that this request seeks information

3  which is neither relevant to the instant action nor reasonably calculated to lead to the

4  discovery of admissible evidence.  Subject to and without waiving said objections,

5  Defendant responds as follows:  Admit.

6  **REQUEST FOR ADMISSION NO. 42:**

7          Admit that YOU employed more than 200 employees in each of 20 or

8  more calendar weeks in the calendar year of 2005.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 42:**

10         Defendant objects on the grounds that this request seeks information

11  which is neither relevant to the instant action nor reasonably calculated to lead to the

12  discovery of admissible evidence.  Subject to and without waiving said objections,

13  Defendant responds as follows:  Admit.

14  **REQUEST FOR ADMISSION NO. 43:**

15         Admit that YOU employed more than 300 employees in each of 20 or

16  more calendar weeks in the calendar year of 2005.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 43:**

18         Defendant objects on the grounds that this request seeks information

19  which is neither relevant to the instant action nor reasonably calculated to lead to the

20  discovery of admissible evidence.  Subject to and without waiving said objections,

21  Defendant responds as follows:  Admit.

22  **REQUEST FOR ADMISSION NO. 44:**

23         Admit that YOU employed more than 400 employees in each of 20 or

24  more calendar weeks in the calendar year of 2005.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 44:**

26         Defendant objects on the grounds that this request seeks information

27  which is neither relevant to the instant action nor reasonably calculated to lead to the

28

LITTLER MENDELSON

1  discovery of admissible evidence.  Subject to and without waiving said objections,

2  Defendant responds as follows:  Admit.

3  **REQUEST FOR ADMISSION NO. 45:**

4      Admit that YOU employed more than 500 employees in each of 20 or

5  more calendar weeks in the calendar year of 2005.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 45:**

7      Defendant objects on the grounds that this request seeks information

8  which is neither relevant to the instant action nor reasonably calculated to lead to the

9  discovery of admissible evidence.  Subject to and without waiving said objections,

10  Defendant responds as follows:  Admit.

11  **REQUEST FOR ADMISSION NO. 46:**

12      Admit that YOU employed more than 14 employees in each of 20 or

13  more calendar weeks in the calendar year of 2006.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 46:**

15      Defendant objects on the grounds that this request seeks information

16  which is neither relevant to the instant action nor reasonably calculated to lead to the

17  discovery of admissible evidence.  Subject to and without waiving said objections,

18  Defendant responds as follows:  Admit.

19  **REQUEST FOR ADMISSION NO. 47:**

20      Admit that YOU employed more than 100 employees in each of 20 or

21  more calendar weeks in the calendar year of 2006.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 47:**

23      Defendant objects on the grounds that this request seeks information

24  which is neither relevant to the instant action nor reasonably calculated to lead to the

25  discovery of admissible evidence.  Subject to and without waiving said objections,

26  Defendant responds as follows:  Admit.

27

28

**REQUEST FOR ADMISSION NO. 48:**

Admit that YOU employed more than 200 employees in each of 20 or more calendar weeks in the calendar year of 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 48:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 49:**

Admit that YOU employed more than 300 employees in each of 20 or more calendar weeks in the calendar year of 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 49:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 50:**

Admit that YOU employed more than 400 employees in each of 20 or more calendar weeks in the calendar year of 2006.

**RESPONSE TO REQUEST FOR ADMISSION NO. 50:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence.  Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 51:**

Admit that YOU employed more than 500 employees in each of 20 or more calendar weeks in the calendar year of 2006.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

2         Defendant objects on the grounds that this request seeks information

3  which is neither relevant to the instant action nor reasonably calculated to lead to the

4  discovery of admissible evidence.  Subject to and without waiving said objections,

5  Defendant responds as follows:  Admit.

6  **REQUEST FOR ADMISSION NO. 52:**

7         Admit that YOU employed more than 14 employees in each of 20 or

8  more calendar weeks in the calendar year of 2007.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

10        Defendant objects on the grounds that this request seeks information

11  which is neither relevant to the instant action nor reasonably calculated to lead to the

12  discovery of admissible evidence.  Subject to and without waiving said objections,

13  Defendant responds as follows:  Admit.

14  **REQUEST FOR ADMISSION NO. 53:**

15        Admit that YOU employed more than 100 employees in each of 20 or

16  more calendar weeks in the calendar year of 2007.

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

18        Defendant objects on the grounds that this request seeks information

19  which is neither relevant to the instant action nor reasonably calculated to lead to the

20  discovery of admissible evidence.  Subject to and without waiving said objections,

21  Defendant responds as follows:  Admit.

22  **REQUEST FOR ADMISSION NO. 54:**

23        Admit that YOU employed more than 200 employees in each of 20 or

24  more calendar weeks in the calendar year of 2007.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

26        Defendant objects on the grounds that this request seeks information

27  which is neither relevant to the instant action nor reasonably calculated to lead to the

28

1   discovery of admissible evidence.  Subject to and without waiving said objections,

2   Defendant responds as follows:  Admit.

3   **REQUEST FOR ADMISSION NO. 55:**

4        Admit that YOU employed more than 300 employees in each of 20 or

5   more calendar weeks in the calendar year of 2007.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

7        Defendant objects on the grounds that this request seeks information

8   which is neither relevant to the instant action nor reasonably calculated to lead to the

9   discovery of admissible evidence.  Subject to and without waiving said objections,

10   Defendant responds as follows:  Admit.

11   **REQUEST FOR ADMISSION NO. 56:**

12        Admit that YOU employed more than 400 employees in each of 20 or

13   more calendar weeks in the calendar year of 2007.

14   **RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

15        Defendant objects on the grounds that this request seeks information

16   which is neither relevant to the instant action nor reasonably calculated to lead to the

17   discovery of admissible evidence.  Subject to and without waiving said objections,

18   Defendant responds as follows:  Admit.

19   **REQUEST FOR ADMISSION NO. 57:**

20        Admit that YOU employed more than 500 employees in each of 20 or

21   more calendar weeks in the calendar year of 2007.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

23        Defendant objects on the grounds that this request seeks information

24   which is neither relevant to the instant action nor reasonably calculated to lead to the

25   discovery of admissible evidence.  Subject to and without waiving said objections,

26   Defendant responds as follows:  Admit.

27

28

**REQUEST FOR ADMISSION NO. 58:**

Admit that YOU employed more than 14 employees in each of 20 or more calendar weeks in the calendar year of 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 59:**

Admit that YOU employed more than 100 employees in each of 20 or more calendar weeks in the calendar year of 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 60:**

Admit that YOU employed more than 200 employees in each of 20 or more calendar weeks in the calendar year of 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 61:**

Admit that YOU employed more than 300 employees in each of 20 or more calendar weeks in the calendar year of 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 62:**

Admit that YOU employed more than 400 employees in each of 20 or more calendar weeks in the calendar year of 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 63:**

Admit that YOU employed more than 500 employees in each of 20 or more calendar weeks in the calendar year of 2008.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Defendant objects on the grounds that this request seeks information which is neither relevant to the instant action nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, Defendant responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 64:**

Admit that the Law Office of Mallison & Martinez filed a charge of Discrimination with the EEOC dated January 23, 2007. (A copy of the charge of discrimination filed by the Law Office of Mallison & Martinez, Bates Nos. EE0000019, is attached hereto as Ex. I.).

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Defendant lacks knowledge or information sufficient to enable it to admit or deny this request as it is not privy to the actions taken by the Law Office of Mallison & Martinez, and on that basis denies the request for admission. However, Defendant admits that it has received a copy of EE00019.

**REQUEST FOR ADMISSION NO. 65:**

Admit that YOU received the Law Office of Mallison & Martinez' charge of Discrimination. (A copy of the notice of charge of discrimination filed by the Law Office of Mallison & Martinez, Bates Nos. EE0000020-00021, is attached hereto as Ex. J.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 65:**

Defendant objects that the "Law Office of Mallison & Martinez' charge of Discrimination" is vague and ambiguous. Subject to and without waiving said objections, Defendant responds as follows: Deny. However, Defendant admits that it has received a copy of EE00019.

**REQUEST FOR ADMISSION NO. 66:**

Admit that the EEOC conducted an interview of Tom Cazale during its administrative investigation into the sexual harassment charge of discrimination filed by the Law Office of Mallison & Martinez against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 66:**

Defendant objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent. Subject to and without waiving said objections, Defendant responds as follows: Defendant lacks knowledge or information sufficient to enable it to admit or deny this request, and on that basis denies the request for admission.

1 | **REQUEST FOR ADMISSION NO. 67:**

2 |      Admit that the EEOC conducted an interview of Anthony MacFarlane

3 | during its administrative investigation into the sexual harassment charge of

4 | discrimination filed by the Law Office of Mallison & Martinez against YOU.

5 | **RESPONSE TO REQUEST FOR ADMISSION NO. 67:**

6 |      Defendant objects that the phrase "against YOU" is vague and

7 | ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the

8 | respondent.  Subject to and without waiving said objections, Defendant responds as

9 | follows:  Defendant lacks knowledge or information sufficient to enable it to admit or

10 | deny this request, and on that basis denies the request for admission.

11 | **REQUEST FOR ADMISSION NO. 68:**

12 |      Admit that the EEOC conducted an interview of Ric Steiner during its

13 | administrative investigation into the sexual harassment charge of discrimination filed

14 | by the Law Office of Mallison & Martinez against YOU.

15 | **RESPONSE TO REQUEST FOR ADMISSION NO. 68:**

16 |      Defendant objects that the phrase "against YOU" is vague and

17 | ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the

18 | respondent.  Subject to and without waiving said objections, Defendant responds as

19 | follows:  Defendant lacks knowledge or information sufficient to enable it to admit or

20 | deny this request, and on that basis denies the request for admission.

21 | **REQUEST FOR ADMISSION NO. 69:**

22 |      Admit that the EEOC conducted an interview of Ruben Vasquez during

23 | its administrative investigation into the sexual harassment charge of discrimination

24 | filed by the Law Office of Mallison & Martinez against YOU.

25 | **RESPONSE TO REQUEST FOR ADMISSION NO. 69:**

26 |      Defendant objects that the phrase "against YOU" is vague and

27 | ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the

28 | respondent.  Subject to and without waiving said objections, Defendant responds as

follows:  Defendant lacks knowledge or information sufficient to enable it to admit or deny this request, and on that basis denies the request for admission.

**REQUEST FOR ADMISSION NO. 70:**

Admit that the EEOC conducted an interview of Jose Vasquez during its administrative investigation into the sexual harassment charge of discrimination filed by the Law Office of Mallison & Martinez against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 70:**

Defendant objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent.  Subject to and without waiving said objections, Defendant responds as follows:  Defendant lacks knowledge or information sufficient to enable it to admit or deny this request, and on that basis denies the request for admission.

**REQUEST FOR ADMISSION NO. 71:**

Admit that YOU received the EEOC's determination letter, dated April 25, 2007. (A copy of the Letter of Determination, Bates Nos. EE0000022-00023, is attached hereto as Ex. K.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 71:**

Defendant objects that this Request is vague and ambiguous as to the term "determination letter."   Subject to and without waiving said objections, Defendant responds as follows:  Deny.   Defendant admits that it received a copy of EE00022-00023.

**REQUEST FOR ADMISSION NO. 72:**

Admit that YOU received the EEOC's amended determination letter, dated September 17, 2007. (A copy of the Amended Letter of Determination, Bates Nos. EE0000024-00025, is attached hereto as Ex. L.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 72:**

Defendant objects that this Request is vague and ambiguous as to the term "determination letter."   Subject to and without waiving said objections,

1    Defendant responds as follows:  Deny.    Defendant admits that it received a copy of

2    EE00024-00025.

3    **REQUEST FOR ADMISSION NO. 73:**

4           Admit that YOU engaged in conciliation with the EEOC with respect to

5    the sexual harassment charge of discrimination filed by the Law Office of Mallison &

6    Martinez (Charge No. 480-2007-01134) against YOU.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 73:**

8           Defendant further objects that the phrase "against YOU" is vague and

9    ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the

10   respondent.  Defendant objects that the term "conciliation" is vague and ambiguous.

11   Subject to and without waiving said objections, Defendant responds as follows:

12   Deny.

13   **REQUEST FOR ADMISSION NO. 74:**

14          Admit that YOU received the EEOC's September 25, 2007 conciliation

15   failure letter.  (A copy of the EEOC's September 25, 2007 letter, Bates

16   Nos. EE0000026, is attached hereto as Ex. M.)

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 74:**

18          Defendant objects that this Request is vague as to the terms "conciliation

19   failure letter."  Subject to and without waiving said objections, Defendant responds as

20   follows:  Deny.  However, Defendant believes that its counsel received a copy of

21   EEOC 00026.

22   **REQUEST FOR ADMISSION NO. 75:**

23          Admit that YOU received a copy of the December 13, 2006 letter in

24   December 2006. (A copy of the December 13, 2006 letter, Bates Nos. EE0000187-

25   00189, is attached hereto as Ex. N.)

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 75:**

27          Deny.

28

Dated:  December ___, 2009

_____
LAURA E. HAYWARD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ABM INDUSTRIES INCORPORATED;
ABM JANITORIAL SERVICES, INC.
and ABM JANITORIAL SERVICES -
NORTHERN CALIFORNIA, INC.

Firmwide:92815389.1 054667.1005

## VERIFICATION

I, Tom Cazale, am the Regional Human Resources Director for ABM Janitorial Services - Northern California, Inc., and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

I have read the foregoing **DEFENDANT ABM JANITORIAL SERVICES - NORTHERN CALIFORNIA INC.'S RESPONSE TO PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S FIRST REQUESTS FOR ADMISSION**, and know its contents. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 4, 2009 at Sacramento, California.

_____
Tom Cazale

Firmwide:93143923.1 054667.1005

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108-2693
415.433.1940