# EXHIBIT 2060

# EXHIBIT 2060

1  KEITH A. JACOBY, Bar No. 150233
   LITTLER MENDELSON
2  A Professional Corporation
   2049 Century Park East, 5th Floor
3  Los Angeles, CA 90067.3107
   Telephone: 310.553.0308
4  Email: kjacoby@littler.com

5  LAURA E. HAYWARD, Bar No. 204014
   LITTLER MENDELSON
6  A Professional Corporation
   650 California Street, 20th Floor
7  San Francisco, CA 94108.2693
   Telephone: 415.433.1940
8  Email: lhayward@littler.com

9  MATTHEW E. FARMER, Bar No. 190484
   LITTLER MENDELSON
10 5200 N. Palm Avenue, Suite 302
   Fresno, CA 93704.2227
11 Telephone: 559.244.7500
   Email: mfarmer@littler.com
12
   Attorneys for Defendants
13 ABM INDUSTRIES INCORPORATED;
   ABM JANITORIAL SERVICES, INC. and
14 ABM JANITORIAL SERVICES -
   NORTHERN CALIFORNIA, INC.
15

16                    UNITED STATES DISTRICT COURT
17                    EASTERN DISTRICT OF CALIFORNIA

18 U.S. EQUAL EMPLOYMENT
   OPPORTUNITY COMMISSION,            Case No. 1: 07 CV 01428 LJO-TAG
19
              Plaintiff,              DEFENDANT ABM JANITORIAL
20                                    SERVICES, INC.'S RESPONSE TO
   ERIKA MORALES and                  PLAINTIFF U.S. EQUAL
21 ANONYMOUS PLAINTIFFS ONE           EMPLOYMENT OPPORTUNITY
   THROUGH EIGHT,                     COMMISSION'S SECOND SET OF
22                                    REQUESTS FOR ADMISSIONS
              Plaintiff Interveners,
23
        v.
24
   ABM INDUSTRIES
25 INCORPORATED and ABM
   JANITORIAL SERVICES, INC.;
26 ABM JANITORIAL NORTHERN
   CALIFORNIA; JOSE VASQUEZ;
27 Does 1 - 10 inclusive,

28            Defendants.

DEF ABM JANITORIAL SERVICES INC.'S
RESPONSE TO EEOC'S RFA (SET TWO)                    Case No. 1: 07 CV 01428 LJO-TAG

| | |
|---|---|
| PROPOUNDING PARTY: | Plaintiff U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION |
| RESPONDING PARTY: | Defendant ABM JANITORIAL SERVICES, INC. |
| SET NO. | TWO (2) |

Pursuant to California Code of Civil Procedure section 2033, Defendant ABM JANITORIAL SERVICES, INC. responds as follows to Plaintiff's Second Set of Requests for Admissions.

## RESPONSE TO REQUEST FOR ADMISSIONS

**REQUEST FOR ADMISSION NO. 51:**

Admit that the EEOC conducted an interview of Tom Cazale during its administrative investigation into the sexual harassment charge of discrimination filed by Erika Morales against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 51:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant further objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent, but was not filed by an employee of this entity. Subject to and without waiving said objections, Defendant responds as follows: Defendant admits that the EEOC conducted an interview of Tom Cazale in connection with Charge No. 480-2006-02932.

**REQUEST FOR ADMISSION NO. 52:**

Admit that the EEOC conducted an interview of Anthony MacFarlane during its administrative investigation into the sexual harassment charge of discrimination filed by Erika Morales against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 52:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant further objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services,

Inc." as the respondent, but was not filed by an employee of this entity. Subject to and without waiving said objections, Defendant responds as follows: Defendant admits that the EEOC conducted an interview of Anthony MacFarlane in connection with Charge No. 480-2006-02932.

**REQUEST FOR ADMISSION NO. 53:**

Admit that the EEOC conducted an interview of Ric Steiner during its administrative investigation into the sexual harassment charge of discrimination filed by Erika Morales against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 53:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant further objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent, but was not filed by an employee of this entity. Subject to and without waiving said objections, Defendant responds as follows: Defendant lacks knowledge or information sufficient to enable it to admit or deny this request and on that basis denies the request.

**REQUEST FOR ADMISSION NO. 54:**

Admit that the EEOC conducted an interview of Ruben Vasquez during its administrative investigation into the sexual harassment charge of discrimination filed by Erika Morales against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 54:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant further objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent, but was not filed by an employee of this entity. Subject to and without waiving said objections, Defendant responds as follows: Defendant lacks knowledge or information sufficient to enable it to admit or deny this request and on that basis denies the request.

**REQUEST FOR ADMISSION NO. 55:**

Admit that the EEOC conducted an interview of Jose Vasquez during its administrative investigation into the sexual harassment charge of discrimination filed by Erika Morales against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 55:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant further objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent, but was not filed by an employee of this entity. Subject to and without waiving said objections, Defendant responds as follows: Defendant admits that the EEOC conducted an interview of Jose Vasquez in connection with Charge No. 480-2006-02932.

**REQUEST FOR ADMISSION NO. 56:**

Admit that YOU provided a response to the EEOC's Request for Information during the administrative investigation. (A copy of the Request for Information, Bates Nos. EEOC0007-00013, is attached hereto as Ex. E.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 56:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant objects that this Request is vague with respect to

the term "Request for Information" and "the administrative investigation." Subject to and without waiving said objections, Defendant responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 57:**

Admit that YOU engaged in conciliation with the EEOC with respect to the sexual harassment charge of discrimination filed by Erika Morales (Charge no. 480-2006-02932) against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 57:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant further objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent, but was not filed by an employee of this entity. Defendant objects that the term "conciliation" is vague and ambiguous. Subject to and without waiving said objections, Defendant responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 58:**

Admit that the EEOC conducted an interview of Tom Cazale during its administrative investigation into the sexual harassment charge of discrimination filed by the Law Office of Mallison & Martinez against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 58:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant further objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent, but was not filed by an employee of this entity. Subject to and without waiving said objections, Defendant responds as follows: Defendant lacks knowledge or information sufficient to enable it to admit or deny this request, and on that basis denies the request for admission.

**REQUEST FOR ADMISSION NO. 59:**

Admit that the EEOC conducted an interview of Anthony MacFarlane during its administrative investigation into the sexual harassment charge of discrimination filed by the Law Office of Mallison & Martinez against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 59:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant further objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent, but was not filed by an employee of this entity. Subject to and without waiving said objections, Defendant responds as follows: Defendant lacks knowledge or information sufficient to enable it to admit or deny this request, and on that basis denies the request for admission.

**REQUEST FOR ADMISSION NO. 60:**

Admit that the EEOC conducted an interview of Ric Steiner during its administrative investigation into the sexual harassment charge of discrimination filed by the Law Office of Mallison & Martinez against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 60:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant further objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent, but was not filed by an employee of this entity. Subject to and without waiving said objections, Defendant responds as follows: Defendant lacks knowledge or information sufficient to enable it to admit or deny this request and on that basis denies the request.

**REQUEST FOR ADMISSION NO. 61:**

Admit that the EEOC conducted an interview of Ruben Vasquez during its administrative investigation into the sexual harassment charge of discrimination filed by the Law Office of Mallison & Martinez against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 61:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant further objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent, but was not filed by an employee of this entity. Subject to and without waiving said objections, Defendant responds as follows: Defendant lacks knowledge or information sufficient to enable it to admit or deny this request and on that basis denies the request.

**REQUEST FOR ADMISSION NO. 62:**

Admit that the EEOC conducted an interview of Jose Vasquez during its administrative investigation into the sexual harassment charge of discrimination filed by the Law Office of Mallison & Martinez against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 62:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant further objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services, Inc." as the respondent, but was not filed by an employee of this entity. Subject to and without waiving said objections, Defendant responds as follows: Defendant lacks knowledge or information sufficient to enable it to admit or deny this request, and on that basis denies the request for admission.

**REQUEST FOR ADMISSION NO. 63:**

Admit that YOU engaged in conciliation with the EEOC with respect to the sexual harassment charge of discrimination filed by the Law Office of Mallison & Martinez (Charge No. 480-2007-01134) against YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 63:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Defendant further objects that the phrase "against YOU" is vague and ambiguous as the Charge improperly names "ABM Janitorial Services,

1  Inc." as the respondent, but was not filed by an employee of this entity. Defendant objects that the term "conciliation" is vague and ambiguous. Subject to and without waiving said objections, Defendant responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 64:**

Admit that YOU received a copy of the December 13, 2006 letter in December 2006. (A copy of the December 13, 2006 letter, Bates Nos. EEOC00187-00189, is attached hereto as Ex. N.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 64:**

Defendant objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Subject to and without waiving said objections, Defendant responds as follows: Deny.

Dated: December 7, 2009

_____
LAURA E. HAYWARD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ABM INDUSTRIES INCORPORATED;
ABM JANITORIAL SERVICES, INC.
and ABM JANITORIAL SERVICES -
NORTHERN CALIFORNIA, INC.

Firmwide:92813324.1 054667.1005

## VERIFICATION

I, Amado Hernandez, am the Vice President, Human Resources, for ABM Janitorial Services Inc., and am authorized to make this verification for and on its behalf, and I make this verification for that reason.

I have read the foregoing **DEFENDANT ABM JANITORIAL SERVICES, INC.'S RESPONSE TO PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S SECOND SET OF REQUESTS FOR ADMISSIONS**, and know its contents. I am informed and believe and on that ground allege that the matters stated in the foregoing document are true.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on December 4, 2009 at Houston, Texas.

_____
Amado Hernandez

Firmwide:93143444.1 054667.1005