# EXHIBIT 2061

# EXHIBIT 2061

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

LAURA E. HAYWARD, Bar No. 204014
LITTLER MENDELSON
A Professional Corporation
650 California Street, 20th Floor
San Francisco, CA  94108.2693
Telephone:  415.433.1940
Email:  lhayward@littler.com

KEITH A. JACOBY, Bar No. 150233
LITTLER MENDELSON
A Professional Corporation
2049 Century Park East, 5th Floor
Los Angeles, CA  90067.3107
Telephone:  310.553.0308
Facsimile:  310.553.5583
Email:  kjacoby@littler.com

Attorneys for Defendants
ABM INDUSTRIES INCORPORATED;
ABM JANITORIAL SERVICES, INC.; and
ABM JANITORIAL SERVICES —
NORTHERN CALIFORNIA, INC.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, <br><br> Plaintiff, <br><br> ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT, <br><br> Plaintiff Intervenors, <br><br> v. <br><br> ABM INDUSTRIES INCORPORATED and ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOE VASQUEZ; Does 1-10 inclusive, <br><br> Defendants. | Case No.  1: 07 CV 01428 LJO-JLT <br><br> **DEFENDANT ABM INDUSTRIES INCORPORATED'S RESPONSE TO PLAINTIFF U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION'S REQUEST FOR ADMISSIONS (SET NO. THREE)** |

PROPOUNDING PARTY:   PLAINTIFF U.S. EQUAL EMPLOYMENT
                     OPPORTUNITY COMMISSION

RESPONDING PARTY:    DEFENDANT ABM INDUSTRIES INCORPORATED

SET NUMBER:          THREE

Pursuant to the Federal Rules of Civil Procedure, Defendant ABM INDUSTRIES INCORPORATED ("Responding Party") responds as follows to Plaintiff's Third Request for Admissions.

## RESPONSE TO REQUEST FOR ADMISSIONS

### REQUEST FOR ADMISSION NO. 85:

Admit that the document attached as Exhibit 1 and bate stamped EEOC00026-EEOC00031, is a true and correct copy of YOUR Code of Business Conduct and Ethics.

### RESPONSE TO REQUEST FOR ADMISSION NO. 85:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party further objects to this Request on the grounds that this Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "YOUR Code of Business Conduct and Ethics." Responding Party objects to the term "YOUR" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party admits only that Exhibit 1 is a copy of one version of the Code of Business Conduct and Ethics.

1  **REQUEST FOR ADMISSION NO. 86:**

2  Admit that the document attached as Exhibit 2 and bate stamped

3  EEOC00032-EEOC00033, is a true and correct copy of YOUR Unlawful Harassment

4  Policy.

5  **RESPONSE TO REQUEST FOR ADMISSION NO. 86:**

6  Responding Party objects to this request on the ground that it was not

7  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the

8  grounds it is vague and overbroad as to time.  Responding Party objects to this

9  Request on the grounds that this Request is vague and ambiguous with respect to the

10  term "YOUR Unlawful Harassment Policy."   Responding Party objects to the term

11  "YOUR" being defined to include other entities and persons besides Responding

12  Party.

13  Without waiving the foregoing objections, Responding Party responds as

14  follows:  Responding Party admits only that Exhibit 2 is a copy of ABM Janitorial

15  Services - Northern California, Inc.'s May 2007 Unlawful Harassment Policy in

16  English and Spanish.

17  **REQUEST FOR ADMISSION NO. 87:**

18  Admit that the document attached as Exhibit 3 and bate stamped

19  EEOC00034-EEOC00035, is a true and correct copy of YOUR Employment

20  Instructions, Information and Work Rules.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 87:**

22  Responding Party objects to this request on the ground that it was not

23  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the

24  grounds it is vague and overbroad as to time.  Responding Party objects to this

25  Request on the grounds that this Request is vague and ambiguous with respect to the

26  term "YOUR Employment Instructions, Information and Work Rules."   Responding

27  Party objects to the term "YOUR" being defined to include other entities and persons

28  besides Responding Party.

1    Without waiving the foregoing objections, Responding Party responds as
2    follows: The documents attached as Exhibit 3 are illegible and incomplete.

3  **REQUEST FOR ADMISSION NO. 88:**

4    Admit that the document attached as Exhibit 4 and bate stamped
5    EEOC00036-EEOC00037, is a true and correct copy of YOUR Sexual Harassment
6    Policy.

7  **RESPONSE TO REQUEST FOR ADMISSION NO. 88:**

8    Responding Party objects to this request on the ground that it was not
9    Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the
10   grounds it is vague and overbroad as to time. Responding Party objects to this
11   Request on the grounds that this Request is vague and ambiguous with respect to the
12   term "YOUR Sexual Harassment Policy." Responding Party objects to the term
13   "YOUR" being defined to include other entities and persons besides Responding
14   Party.

15    Without waiving the foregoing objections, Responding Party responds as
16   follows: Responding Party admits only that Exhibit 4 is a copy of the English version
17   of ABM Janitorial Services - Northern California, Inc.'s Sexual Harassment Policy,
18   effective June 2005. This policy is also available in Spanish.

19  **REQUEST FOR ADMISSION NO. 89:**

20    Admit that the document attached as Exhibit 5 and bate stamped
21   EEOC00038, is a true and correct copy of YOUR Employee Information Regarding
22   the Harassment Hotline.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 89:**

24    Responding Party objects to this request on the ground that it was not
25   Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the
26   grounds it is vague and overbroad as to time. Responding Party objects to this
27   Request on the grounds that this Request is vague and ambiguous with respect to the
28   term "YOUR "Employee Information Regarding Harassment Hotline." Responding

1 Party objects to the term "YOUR" being defined to include other entities and persons
2 besides Responding Party.

3       Without waiving the foregoing objections, Responding Party responds as
4 follows: Responding Party admits only that Exhibit 5 is a copy of the English version
5 of ABM Janitorial Services - Northern California, Inc.'s document entitled "Employee
6 Information Regarding Harassment Hotline," effective January 1, 1999. This
7 document is also available in Spanish.

8 **REQUEST FOR ADMISSION NO. 90:**

9       Admit that the document attached as Exhibit 6 and bate stamped
10 EEOC00039-EEOC00058, is a true and correct copy of YOUR Employee Handbook.

11 **RESPONSE TO REQUEST FOR ADMISSION NO. 90:**

12       Responding Party objects to this request on the ground that it was not
13 Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the
14 grounds it is vague and overbroad as to time. Responding Party objects to this
15 Request on the grounds that this Request is vague and ambiguous with respect to the
16 term "YOUR Employee Handbook." Responding Party objects to the term "YOUR"
17 being defined to include other entities and persons besides Responding Party.

18       Without waiving the foregoing objections, Responding Party responds as
19 follows: Responding Party admits only that Exhibit 6 is a copy of the English version
20 of ABM Janitorial Services - Northern California, Inc.'s Employee Handbook,
21 effective July 2004. This handbook is also available in Spanish.

22 **REQUEST FOR ADMISSION NO. 91:**

23       Admit that the document attached as Exhibit 7 and bate stamped
24 D1781-D1785, is a true and correct copy of YOUR Service Agreement.

25 **RESPONSE TO REQUEST FOR ADMISSION NO. 91:**

26       Responding Party objects to this request on the ground that it was not
27 Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the
28 grounds it is vague and overbroad as to time. Responding Party further objects to this

Request on the grounds that this Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "YOUR Service Agreement."   Responding Party objects to the term "YOUR" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Exhibit 7 is not a complete a copy of the "Service Agreement" between ABM Industries Incorporated and ABM Janitorial Services- Northern California.   A complete copy of the agreement has since been provided and is Bates labeled D1904-D1909.

**REQUEST FOR ADMISSION NO. 92:**

Admit that the document attached as Exhibit 14 and bate stamped EEOC00079-EEOC00208, is a true and correct copy of YOUR Annual Report filed in 2004.

**RESPONSE TO REQUEST FOR ADMISSION NO. 92:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party further objects to this Request on the grounds that this Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "YOUR Annual Report."   Responding Party objects to the term "YOUR" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:  Responding Party admits only that Exhibit 14 is a copy of the 2004 Annual Report of ABM Industries Incorporated.

1 **REQUEST FOR ADMISSION NO. 93:**

2        Admit that the document attached as Exhibit 15 and bate stamped

3 EEOC00209-EEOC00319, is a true and correct copy of YOUR Annual Report filed in

4 2005.

5 **RESPONSE TO REQUEST FOR ADMISSION NO. 93:**

6        Responding Party objects to this request on the ground that it was not

7 Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the

8 grounds it is vague and overbroad as to time. Responding Party further objects to this

9 Request on the grounds that this Request seeks information that is neither relevant nor

10 reasonably calculated to lead to the discovery of admissible evidence. Responding

11 Party objects to this Request on the grounds that this Request is vague and ambiguous

12 with respect to the term "YOUR Annual Report." Responding Party objects to the

13 term "YOUR" being defined to include other entities and persons besides Responding

14 Party.

15        Without waiving the foregoing objections, Responding Party responds as

16 follows: Responding Party admits only that Exhibit 15 is the 2005 Annual Report of

17 ABM Industries Incorporated.

18 **REQUEST FOR ADMISSION NO. 94:**

19        Admit that the document attached as Exhibit 16 and bate stamped

20 EEOC00320-EEOC00438, is a true and correct copy of YOUR Annual Report filed in

21 2006.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 94:**

23        Responding Party objects to this request on the ground that it was not

24 Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the

25 grounds it is vague and overbroad as to time. Responding Party further objects to this

26 Request on the grounds that this Request seeks information that is neither relevant nor

27 reasonably calculated to lead to the discovery of admissible evidence. Responding

28 Party objects to this Request on the grounds that this Request is vague and ambiguous

1   with respect to the term "YOUR Annual Report."   Responding Party objects to the

2   term "YOUR" being defined to include other entities and persons besides Responding

3   Party.

4           Without waiving the foregoing objections, Responding Party responds as

5   follows:  Responding Party admits only that Exhibit 16 is the 2006 Annual Report of

6   ABM Industries Incorporated.

7   **REQUEST FOR ADMISSION NO. 95:**

8           Admit that the document attached as Exhibit 17 and bate stamped

9   EEOC00439-EEOC00573, is a true and correct copy of YOUR Annual Report filed in

10  2007.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 95:**

12          Responding Party objects to this request on the ground that it was not

13  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the

14  grounds it is vague and overbroad as to time.  Responding Party further objects to this

15  Request on the grounds that this Request seeks information that is neither relevant nor

16  reasonably calculated to lead to the discovery of admissible evidence.  Responding

17  Party objects to this Request on the grounds that this Request is vague and ambiguous

18  with respect to the term "YOUR Annual Report."   Responding Party objects to the

19  term "YOUR" being defined to include other entities and persons besides Responding

20  Party.

21          Without waiving the foregoing objections, Responding Party responds as

22  follows:  Responding Party admits only that Exhibit 17 is the 2007 Annual Report of

23  ABM Industries Incorporated.

24  **REQUEST FOR ADMISSION NO. 96:**

25          Admit that the document attached as Exhibit 18 and bate stamped

26  EEOC00574-EEOC00702, is a true and correct copy of YOUR Annual Report filed in

27  2008.

28

## RESPONSE TO REQUEST FOR ADMISSION NO. 96:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party further objects to this Request on the grounds that this Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "YOUR Annual Report." Responding Party objects to the term "YOUR" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party admits only that Exhibit 18 is the 2008 Annual Report of ABM Industries Incorporated.

## REQUEST FOR ADMISSION NO. 97:

Admit that Jose Vasquez was a supervisor for YOU.

## RESPONSE TO REQUEST FOR ADMISSION NO. 97:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Jose Vasquez. This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "supervisor." Responding Party objects that the term "supervisor" calls for a legal conclusion. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 98:**

Admit that Adalberto Rodriguez was a supervisor for YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 98:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Adalberto Rodriguez  This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "supervisor."  Responding Party objects that the term "supervisor" calls for a legal conclusion.  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 99:**

Admit that Rene Luna was a supervisor for YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 99:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Rene Luna.  This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "supervisor."  Responding Party objects that the term "supervisor" calls for a legal conclusion.  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 100:**

Admit that Jose Morales was a supervisor for YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 100:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Jose Morales. This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "supervisor." Responding Party objects that the term "supervisor" calls for a legal conclusion. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 101:**

Admit that Allen Juarez was a supervisor for YOU.

**RESPONSE TO REQUEST FOR ADMISSION NO. 101:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Allen Juraez. This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "supervisor." Responding Party objects that the term "supervisor" calls for a legal conclusion. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

1 **REQUEST FOR ADMISSION NO. 102:**

2       Admit that Francisco Cervantes was a supervisor for YOU.

3 **RESPONSE TO REQUEST FOR ADMISSION NO. 102:**

4       Responding Party objects to this request on the ground that it was not

5 Plaintiffs' or Claimants' employer; nor did it employ Francisco Cervantes. This

6 request seeks information regarding an employee who never worked for Responding

7 Party and as such, is harassing and unduly burdensome. Responding Party objects to

8 this Request on the grounds it is vague and overbroad as to time. Responding Party

9 objects to this Request on the grounds that this Request is vague and ambiguous with

10 respect to the term "supervisor." Responding Party objects that the term "supervisor"

11 calls for a legal conclusion. Responding Party objects to the term "YOU" being

12 defined to include other entities and persons besides Responding Party.

13       Without waiving the foregoing objections, Responding Party responds as

14 follows: Deny.

15 **REQUEST FOR ADMISSION NO. 103:**

16       Admit that David Guerrero was a supervisor for YOU.

17 **RESPONSE TO REQUEST FOR ADMISSION NO. 103:**

18       Responding Party objects to this request on the ground that it was not

19 Plaintiffs' or Claimants' employer; nor did it employ David Guerrero. This request

20 seeks information regarding an employee who never worked for Responding Party

21 and as such, is harassing and unduly burdensome. Responding Party objects to this

22 Request on the grounds it is vague and overbroad as to time. Responding Party

23 objects to this Request on the grounds that this Request is vague and ambiguous with

24 respect to the term "supervisor." Responding Party objects that the term "supervisor"

25 calls for a legal conclusion. Responding Party objects to the term "YOU" being

26 defined to include other entities and persons besides Responding Party.

27       Without waiving the foregoing objections, Responding Party responds as

28 follows: Deny.

1    **REQUEST FOR ADMISSION NO. 104:**

2         Admit that Jose Esquivel was a supervisor for YOU.

3    **RESPONSE TO REQUEST FOR ADMISSION NO. 104:**

4         Responding Party objects to this request on the ground that it was not

5    Plaintiffs' or Claimants' employer; nor did it employ Jose Esquivel.  This request

6    seeks information regarding an employee who never worked for Responding Party

7    and as such, is harassing and unduly burdensome.  Responding Party objects to this

8    Request on the grounds it is vague and overbroad as to time.  Responding Party

9    objects to this Request on the grounds that this Request is vague and ambiguous with

10   respect to the term "supervisor." Responding Party objects that the term "supervisor"

11   calls for a legal conclusion.  Responding Party objects to the term "YOU" being

12   defined to include other entities and persons besides Responding Party.

13        Without waiving the foregoing objections, Responding Party responds as

14   follows: Deny.

15   **REQUEST FOR ADMISSION NO. 105:**

16        Admit that Antonio Duran was a supervisor for YOU.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 105:**

18        Responding Party objects to this request on the ground that it was not

19   Plaintiffs' or Claimants' employer; nor did it employ Antonio Duran.  This request

20   seeks information regarding an employee who never worked for Responding Party

21   and as such, is harassing and unduly burdensome.  Responding Party objects to this

22   Request on the grounds it is vague and overbroad as to time.  Responding Party

23   objects to this Request on the grounds that this Request is vague and ambiguous with

24   respect to the term "supervisor." Responding Party objects that the term "supervisor"

25   calls for a legal conclusion.  Responding Party objects to the term "YOU" being

26   defined to include other entities and persons besides Responding Party.

27        Without waiving the foregoing objections, Responding Party responds as

28   follows: Deny.

## REQUEST FOR ADMISSION NO. 106:

Admit that YOU received notice of EEOC's December 13, 2006 letter in December 2006.    (A copy of the EEOC's December 13, 2006 letter, Bates Nos. EEOC00059, is attached hereto as Ex. 8.)

## RESPONSE TO REQUEST FOR ADMISSION NO. 106:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.  Responding Party further objects to this Request on the grounds that this Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "notice."  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:    Responding Party admits only that Exhibit 8 was received by ABM Industries Incorporated's Legal Department in or about December 2006.

## REQUEST FOR ADMISSION NO. 107:

Admit that prior to November 2006, YOU did not conduct background checks on YOUR employees.

## RESPONSE TO REQUEST FOR ADMISSION NO. 107:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time and scope.  Responding Party further objects to this Request on the grounds that this Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "background checks" and "employees."  Responding Party objects to the terms "YOU" and "YOUR" being defined to include other entities and persons besides Responding Party.

1  Without waiving the foregoing objections, Responding Party responds as
2  follows: Deny.

3  **REQUEST FOR ADMISSION NO. 108:**

4  Admit that YOU did not conduct a background check on Jose Vasquez in
5  2004.

6  **RESPONSE TO REQUEST FOR ADMISSION NO. 108:**

7  Responding Party objects to this request on the ground that it was not
8  Plaintiffs' or Claimants' employer; nor did it employ Jose Vasquez.  This request
9  seeks information regarding an employee who never worked for Responding Party
10 and as such, is harassing and unduly burdensome.  Responding Party objects to this
11 Request on the grounds it is vague and overbroad as to time and scope.  Responding
12 Party further objects to this Request on the grounds that this Request seeks
13 information that is neither relevant nor reasonably calculated to lead to the discovery
14 of admissible evidence.  Responding Party objects to this Request on the grounds that
15 this Request is vague and ambiguous with respect to the term "background check."
16 Responding Party objects to the term "YOU" being defined to include other entities
17 and persons besides Responding Party.

18 Without waiving the foregoing objections, Responding Party responds as
19 follows: Admit.

20 **REQUEST FOR ADMISSION NO. 109:**

21 Admit that YOU did not conduct a background check on Jose Vasquez in
22 2005.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 109:**

24 Responding Party objects to this request on the ground that it was not
25 Plaintiffs' or Claimants' employer; nor did it employ Jose Vasquez.  This request
26 seeks information regarding an employee who never worked for Responding Party
27 and as such, is harassing and unduly burdensome.  Responding Party objects to this
28 Request on the grounds it is vague and overbroad as to time and scope.  Responding

Party further objects to this Request on the grounds that this Request seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "background check." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Admit.

## REQUEST FOR ADMISSION NO. 110:

Admit that YOU received notice of Scott Stevenson's June 27, 2005 letter in June 2005. (A copy of the June 27, 2005 letter, Bates Nos. EEOC00060-00061, is attached hereto as Ex. 9.)

## RESPONSE TO REQUEST FOR ADMISSION NO. 110:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "notice." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party admits only that a copy of Exhibit 9 was received by an ABM Janitorial Services - Northern California, Inc. employee in or about June 2005.

## REQUEST FOR ADMISSION NO. 111:

Admit that YOU did not interview the Valley Bible Church's Pastor Ron regarding the sex harassment allegations made against Jose Vasquez.

## RESPONSE TO REQUEST FOR ADMISSION NO. 111:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Jose Vasquez. Responding Party objects to this Request on the grounds it is vague and overbroad as to time.

1  Responding Party objects to this Request on the grounds it seeks information that is
2  neither relevant nor reasonably calculated to lead to the discovery of admissible
3  evidence. Responding Party objects to this Request on the grounds that this Request
4  is vague and ambiguous with respect to the phrase "sex harassment allegations made
5  against Jose Vasquez." Responding Party objects to the term "YOU" being defined to
6  include other entities and persons besides Responding Party.

7  Without waiving the foregoing objections, Responding Party responds as
8  follows:  Responding Party admits only that "Pastor Ron" was not interviewed in
9  regards to any sexual harassment allegations because he was not a percipient witness
10  to any such alleged events.

11  **REQUEST FOR ADMISSION NO. 112:**

12  Admit that YOU did not interview Scott Stevenson regarding the sex
13  harassment allegations made against Jose Vasquez.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 112:**

15  Responding Party objects to this request on the ground that it was not
16  Plaintiffs' or Claimants' employer; nor did it employ Jose Vasquez.  Responding
17  Party objects to this Request on the grounds it is vague and overbroad as to time.
18  Responding Party objects to this Request on the grounds it seeks information that is
19  neither relevant nor reasonably calculated to lead to the discovery of admissible
20  evidence. Responding Party objects to this Request on the grounds that this Request
21  is vague and ambiguous with respect to the phrase "sex harassment allegations made
22  against Jose Vasquez." Responding Party objects to the term "YOU" being defined to
23  include other entities and persons besides Responding Party.

24  Without waiving the foregoing objections, Responding Party responds as
25  follows:  Admit.

26

27

28

DEF. ABM INDUSTRIES INC.'S RESP. TO
PLTF. U.S. EEOC'S RFA (SET #3)          16.          CASE NO. 1: 07 CV 01428 LJO-JLT

**REQUEST FOR ADMISSION NO. 113:**

Admit that YOU did not interview the employees, other than Jose Vasquez and Angelica Jauregui, regarding the sex harassment allegations made against Jose Vasquez by Scott Stevenson.

**RESPONSE TO REQUEST FOR ADMISSION NO. 113:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Jose Vasquez. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "employees" and the phrase "sex harassment allegations made against Jose Vasquez by Scott Stevenson." Responding Party objects to this Request on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 114:**

Admit that YOU received an anonymous letter dated August 31, 2005, accusing Jose Vasquez of sexually harassing employee Angelica Jauregui. (A copy of the August 31, 2005 anonymous letter, Bates Nos. EEOC00062-00065, is attached hereto as Ex. 10.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 114:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this

DEF. ABM INDUSTRIES INC.'S RESP. TO
PLTF. U.S. EEOC'S RFA (SET #3)          17.          CASE NO. 1: 07 CV 01428 LJO-JLT

Request on the grounds that this Request is vague and ambiguous with respect to the term "received." Responding Party further objects to the description of the contents of Exhibit 10. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party admits only that Exhibit 10 was received by an employee of ABM Janitorial Services - Northern California, Inc.

**REQUEST FOR ADMISSION NO. 115:**

Admit that YOU did not speak to Angelica Jauregui about the allegations made in the August 31, 2005 anonymous letter.

**RESPONSE TO REQUEST FOR ADMISSION NO. 115:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "speak to," and "the allegations made in the August 31, 2005 letter." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party admits only that Angelican Jauregui was interviewed by an ABM Janitorial Services – Northern California, Inc. employee.

**REQUEST FOR ADMISSION NO. 116:**

Admit that YOU did not send Anthony MacFarlane to Bakersfield to investigate the allegations made on the August 31, 2005 anonymous letter.

**RESPONSE TO REQUEST FOR ADMISSION NO. 116:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this

1  Request on the grounds that this Request is vague and ambiguous with respect to the

2  terms "investigate," "send," and "the allegations made in the August 31, 2005 letter."

3  Responding Party objects to this Request on the grounds that this Request seeks

4  information protected from disclosure by the attorney-client privilege and/or attorney-

5  work product doctrine.  Responding Party objects to the term "YOU" being defined to

6  include other entities and persons besides Responding Party.

7         Without waiving the foregoing objections, Responding Party responds as

8  follows: Deny.

9  **REQUEST FOR ADMISSION NO. 117:**

10         Admit that YOU did not send Tom Cazale to Bakersfield to investigate

11  the allegations made on the August 31, 2005 anonymous letter.

12  **RESPONSE TO REQUEST FOR ADMISSION NO. 117:**

13         Responding Party objects to this request on the ground that it was not

14  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the

15  grounds it is vague and overbroad as to time.  Responding Party objects to this

16  Request on the grounds that this Request is vague and ambiguous with respect to the

17  terms "investigate," "send," and "the allegations made in the August 31, 2005 letter."

18  Responding Party objects to this Request on the grounds that this Request seeks

19  information protected from disclosure by the attorney-client privilege and/or attorney-

20  work product doctrine.   Responding Party objects to the term "YOU" being defined

21  to include other entities and persons besides Responding Party.

22         Without waiving the foregoing objections, Responding Party responds as

23  follows: Deny.

24  **REQUEST FOR ADMISSION NO. 118:**

25         Admit that YOU received an anonymous letter in September 2005, where

26  the employee accused Jose Vasquez of sexually harassing employees Angelica

27  Jauregui and Erica.  (A copy of the September 7, 2005 anonymous letter, Bates

28  Nos. EEOC00066-00069, is attached hereto as Ex. 11.)

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 118:**

2          Responding Party objects to this request on the ground that it was not

3  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

4  grounds it is vague and overbroad as to time.   Responding Party objects to this

5  Request on the grounds that this Request is vague and ambiguous with respect to the

6  term "received." Responding Party further objects to the description of the contents of

7  Ex. 11.  Responding Party objects to the term "YOU" being defined to include other

8  entities and persons besides Responding Party.

9          Without waiving the foregoing objections, Responding Party responds as

10  follows:  Responding Party admits only that Exhibit 11 was received by an employee

11  of ABM Janitorial Services - Northern California, Inc.

12  **REQUEST FOR ADMISSION NO. 119:**

13          Admit that YOU did not speak to Erika Morales about the allegations

14  made in the September 7, 2005 anonymous letter.

15  **RESPONSE TO REQUEST FOR ADMISSION NO. 119:**

16          Responding Party objects to this request on the ground that it was not

17  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

18  grounds it is vague and overbroad as to time.   Responding Party objects to this

19  Request on the grounds that this Request is vague and ambiguous with respect to the

20  terms "speak to," and "the allegations made in the September 7, 2005 letter."

21  Responding Party objects to the term "YOU" being defined to include other entities

22  and persons besides Responding Party.

23          Without waiving the foregoing objections, Responding Party responds as

24  follows:  Admit.

25  **REQUEST FOR ADMISSION NO. 120:**

26          Admit that YOU did not speak to Angelica Jauregui about the allegations

27  made in the September 7, 2005 anonymous letter.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 120:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.   Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "speak to," and "the allegations made in the September 7, 2005 letter." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:  Responding Party admits only that Angelican Jauregui was interviewed by an ABM Janitorial Services – Northern California, Inc. employee.

**REQUEST FOR ADMISSION NO. 121:**

Admit that YOU did not interview the female employees, who worked with Jose Vasquez, about the sexual harassment allegations made in the September 7, 2005 anonymous letter.

**RESPONSE TO REQUEST FOR ADMISSION NO. 121:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.   Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "interview," "the female employees who worked with Jose Vasquez," and "the allegations made in the September 7, 2005 letter." Responding Party objects to this Request on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine.   Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

1  **REQUEST FOR ADMISSION NO. 122**:

2         Admit that YOU did not send Anthony MacFarlane to Bakersfield to

3  investigate the allegations made on the. September 7, 2005 anonymous letter.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 122**:

5         Responding Party objects to this request on the ground that it was not

6  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the

7  grounds it is vague and overbroad as to time.  Responding Party objects to this

8  Request on the grounds that this Request is vague and ambiguous with respect to the

9  terms "investigate," "send," and "the allegations made in the August 31, 2005 letter."

10 Responding Party objects to this Request on the grounds that this Request seeks

11 information protected from disclosure by the attorney-client privilege and/or attorney-

12 work product doctrine.  Responding Party objects to the term "YOU" being defined to

13 include other entities and persons besides Responding Party.

14        Without waiving the foregoing objections, Responding Party responds as

15 follows:  Deny.

16 **REQUEST FOR ADMISSION NO. 123**:

17        Admit that YOU did not send Tom Cazale to Bakersfield to investigate

18 the allegations made on the September 7, 2005 anonymous letter.

19 **RESPONSE TO REQUEST FOR ADMISSION NO. 123**:

20        Responding Party objects to this request on the ground that it was not

21 Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the

22 grounds it is vague and overbroad as to time.  Responding Party objects to this

23 Request on the grounds that this Request is vague and ambiguous with respect to the

24 terms "investigate," "send," and "the allegations made in the August 31, 2005 letter."

25 Responding Party objects to this Request on the grounds that this Request seeks

26 information protected from disclosure by the attorney-client privilege and/or attorney-

27 work product doctrine.  Responding Party objects to the term "YOU" being defined to

28 include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 124:**

Admit that the individuals who operate YOUR 1-800 Harassment Hotline speak English only.

**RESPONSE TO REQUEST FOR ADMISSION NO. 124:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "YOUR 1-800 Harassment hotline" and "the individuals." Responding Party objects to this Request on the grounds that it is compound. Responding Party objects to the term "YOUR" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 125:**

Admit that all complaints of harassment made to the 1-800 Harassment Hotline are received by YOU (ABM Industries).

**RESPONSE TO REQUEST FOR ADMISSION NO. 125:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "received" and "YOU (ABM Industries)." Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds that it is compound. Responding Party objects to the

term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party admits only that complaints made to the toll free Harassment Hotline are initially received by ABM Industries Incorporated and are then forwarded to ABM Janitorial Services – Northern California, Inc. for investigation where appropriate.

## REQUEST FOR ADMISSION NO. 126:

Admit that YOU only provide sexual harassment training to YOUR supervisors.

## RESPONSE TO REQUEST FOR ADMISSION NO. 126:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "supervisors" and "training." Responding Party objects to the terms "YOU" and "YOUR" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

## REQUEST FOR ADMISSION NO. 127:

Admit that YOU did not provide sexual harassment training to Erika Morales.

## RESPONSE TO REQUEST FOR ADMISSION NO. 127:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Erika Morales. This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome. Responding Party objects to this

1  Request on the grounds it is vague and overbroad as to time.  Responding Party
2  objects to this Request on the grounds that this Request is vague and ambiguous with
3  respect to the term "training."   Responding Party objects to the term "YOU" being
4  defined to include other entities and persons besides Responding Party.

5  Without waiving the foregoing objections, Responding Party responds as
6  follows:  Responding Party admits only that ABM Janitorial Services- Northern
7  California, Inc. provided sexual harassment training to its employees.

8  **REQUEST FOR ADMISSION NO. 128:**

9  Admit that YOU did not provide sexual harassment training to. Maria
10  Magma.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 128:**

12  Responding Party objects to this request on the ground that it was not
13  Plaintiffs' or Claimants' employer; nor did it employ Maria Magana.  This request
14  seeks information regarding an employee who never worked for Responding Party
15  and as such, is harassing and unduly burdensome.  Responding Party objects to this
16  Request on the grounds it is vague and overbroad as to time.  Responding Party
17  objects to this Request on the grounds that this Request is vague and ambiguous with
18  respect to the term "training."   Responding Party objects to the term "YOU" being
19  defined to include other entities and persons besides Responding Party.

20  Without waiving the foregoing objections, Responding Party responds as
21  follows:  Responding Party admits only that ABM Janitorial Services- Northern
22  California, Inc. provided sexual harassment training to its employees.

23  **REQUEST FOR ADMISSION NO. 129:**

24  Admit that YOU did not provide sexual harassment training to Endelissa
25  Mendiver.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 129:**

27  Responding Party objects to this request on the ground that it was not
28  Plaintiffs' or Claimants' employer; nor did it employ Endelissa Mendiver.  This

1   request seeks information regarding an employee who never worked for Responding
2   Party and as such, is harassing and unduly burdensome.  Responding Party objects to
3   this Request on the grounds it is vague and overbroad as to time.  Responding Party
4   objects to this Request on the grounds that this Request is vague and ambiguous with
5   respect to the term "training."   Responding Party objects to the term "YOU" being
6   defined to include other entities and persons besides Responding Party.

7          Without waiving the foregoing objections, Responding Party responds as
8   follows:  Responding Party admits only that ABM Janitorial Services- Northern
9   California, Inc. provided sexual harassment training to its employees.

10  **REQUEST FOR ADMISSION NO. 130:**

11         Admit that YOU did not provide sexual harassment training to Ana
12  Portillo.

13  **RESPONSE TO REQUEST FOR ADMISSION NO. 130:**

14         Responding Party objects to this request on the ground that it was not
15  Plaintiffs' or Claimants' employer; nor did it employ Ana Portillo.  This request seeks
16  information regarding an employee who never worked for Responding Party and as
17  such, is harassing and unduly burdensome.  Responding Party objects to this Request
18  on the grounds it is vague and overbroad as to time.  Responding Party objects to this
19  Request on the grounds that this Request is vague and ambiguous with respect to the
20  term "training."   Responding Party objects to the term "YOU" being defined to
21  include other entities and persons besides Responding Party.

22         Without waiving the foregoing objections, Responding Party responds as
23  follows:  Responding Party admits only that ABM Janitorial Services- Northern
24  California, Inc. provided sexual harassment training to its employees.

25  **REQUEST FOR ADMISSION NO. 131:**

26         Admit that YOU did not provide sexual harassment training to Maria
27  Cantoral.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 131:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Maria Cantoral.  This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "training."   Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:  Responding Party admits only that ABM Janitorial Services- Northern California, Inc. provided sexual harassment training to its employees.

**REQUEST FOR ADMISSION NO. 132:**

Admit that YOU did not provide sexual harassment training to Reyna Morales.

**RESPONSE TO REQUEST FOR ADMISSION NO. 132:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Reyna Morales.  This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "training."   Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:  Responding Party admits only that ABM Janitorial Services- Northern California, Inc. provided sexual harassment training to its employees.

1 **REQUEST FOR ADMISSION NO. 133:**

2       Admit that YOU did not provide sexual harassment training to Gladys

3 Sanchez.

4 **RESPONSE TO REQUEST FOR ADMISSION NO. 133:**

5       Responding Party objects to this request on the ground that it was not

6 Plaintiffs' or Claimants' employer; nor did it employ Gladys Sanchez.  This request

7 seeks information regarding an employee who never worked for Responding Party

8 and as such, is harassing and unduly burdensome.  Responding Party objects to this

9 Request on the grounds it is vague and overbroad as to time.  Responding Party

10 objects to this Request on the grounds that this Request is vague and ambiguous with

11 respect to the term "training."   Responding Party objects to the term "YOU" being

12 defined to include other entities and persons besides Responding Party.

13       Without waiving the foregoing objections, Responding Party responds as

14 follows:   Responding Party admits only that ABM Janitorial Services- Northern

15 California, Inc. provided sexual harassment training to its employees.  Additionally,

16 Gladys Sanchez was not employed by Responding Party, however, her mother Maria

17 Cantoral, did receive sexual harassment training.

18 **REQUEST FOR ADMISSION NO. 134:**

19       Admit that YOU did not provide sexual harassment training to Lucia

20 Cardiel.

21 **RESPONSE TO REQUEST FOR ADMISSION NO. 134:**

22       Responding Party objects to this request on the ground that it was not

23 Plaintiffs' or Claimants' employer; nor did it employ Lucia Cardiel.  This request

24 seeks information regarding an employee who never worked for Responding Party

25 and as such, is harassing and unduly burdensome.  Responding Party objects to this

26 Request on the grounds it is vague and overbroad as to time.  Responding Party

27 objects to this Request on the grounds that this Request is vague and ambiguous with

28

DEF. ABM INDUSTRIES INC.'S RESP. TO        28.        CASE NO. 1: 07 CV 01428 LJO-JLT
PLTF. U.S. EEOC'S RFA (SET #3)

respect to the term "training."   Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:   Responding Party admits only that ABM Janitorial Services- Northern California, Inc. provided sexual harassment training to its employees.

**REQUEST FOR ADMISSION NO. 135:**

Admit that YOU did not provide sexual harassment training to Luisa Gonzalez.

**RESPONSE TO REQUEST FOR ADMISSION NO. 135:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Luisa Gonzalez.  This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome.  Responding Party further objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as Luisa Gonzalez is not a Plaintiff or Claimant in this lawsuit.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "training."   Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:   Responding Party admits only that ABM Janitorial Services- Northern California, Inc. provided sexual harassment training to its employees.

**REQUEST FOR ADMISSION NO. 136:**

Admit that YOU did not provide sexual harassment training to Teresa Sanchez.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 136:**

2          Responding Party objects to this request on the ground that it was not

3  Plaintiffs' or Claimants' employer; nor did it employ Teresa Sanchez.  This request

4  seeks information regarding an employee who never worked for Responding Party

5  and as such, is harassing and unduly burdensome.  Responding Party objects to this

6  Request on the grounds it is vague and overbroad as to time.  Responding Party

7  objects to this Request on the grounds that this Request is vague and ambiguous with

8  respect to the term "training."   Responding Party objects to the term "YOU" being

9  defined to include other entities and persons besides Responding Party.

10          Without waiving the foregoing objections, Responding Party responds as

11  follows:  Responding Party admits only that ABM Janitorial Services- Northern

12  California, Inc. provided sexual harassment training to its employees.

13  **REQUEST FOR ADMISSION NO. 137:**

14          Admit that YOU did not provide sexual harassment training to Patricia

15  De Vera.

16  **RESPONSE TO REQUEST FOR ADMISSION NO. 137:**

17          Responding Party objects to this request on the ground that it was not

18  Plaintiffs' or Claimants' employer; nor did it employ Patricia DeVera.  This request

19  seeks information regarding an employee who never worked for Responding Party

20  and as such, is harassing and unduly burdensome.  Responding Party objects to this

21  Request on the grounds it is vague and overbroad as to time.  Responding Party

22  objects to this Request on the grounds that this Request is vague and ambiguous with

23  respect to the term "training."   Responding Party objects to the term "YOU" being

24  defined to include other entities and persons besides Responding Party.

25          Without waiving the foregoing objections, Responding Party responds as

26  follows:  Responding Party admits only that ABM Janitorial Services- Northern

27  California, Inc. provided sexual harassment training to its employees.

28

1

**REQUEST FOR ADMISSION NO. 138:**

2

Admit that YOU did not provide sexual harassment training to Martha

3

Castaneda Garcia.

4

**RESPONSE TO REQUEST FOR ADMISSION NO. 138:**

5

Responding Party objects to this request on the ground that it was not

6

Plaintiffs' or Claimants' employer; nor did it employ Martha Castaneda Garcia.  This

7

request seeks information regarding an employee who never worked for Responding

8

Party and as such, is harassing and unduly burdensome.  Responding Party objects to

9

this Request on the grounds it is vague and overbroad as to time.  Responding Party

10

objects to this Request on the grounds that this Request is vague and ambiguous with

11

respect to the term "training."   Responding Party objects to the term "YOU" being

12

defined to include other entities and persons besides Responding Party.

13

Without waiving the foregoing objections, Responding Party responds as

14

follows:   Responding Party admits only that ABM Janitorial Services- Northern

15

California, Inc. provided sexual harassment training to its employees.

16

**REQUEST FOR ADMISSION NO. 139:**

17

Admit that YOU did not provide sexual harassment training to Gloria

18

Bernal.

19

**RESPONSE TO REQUEST FOR ADMISSION NO. 139:**

20

Responding Party objects to this request on the ground that it was not

21

Plaintiffs' or Claimants' employer; nor did it employ Gloria Bernal.  This request

22

seeks information regarding an employee who never worked for Responding Party

23

and as such, is harassing and unduly burdensome.  Responding Party objects to this

24

Request on the grounds it is vague and overbroad as to time.  Responding Party

25

objects to this Request on the grounds that this Request is vague and ambiguous with

26

respect to the term "training."   Responding Party objects to the term "YOU" being

27

defined to include other entities and persons besides Responding Party.

28

Without waiving the foregoing objections, Responding Party responds as follows:   Responding Party admits only that ABM Janitorial Services- Northern California, Inc. provided sexual harassment training to its employees.

**REQUEST FOR ADMISSION NO. 140:**

Admit that YOU did not provide sexual harassment training to Ana M. Gutierrez.

**RESPONSE TO REQUEST FOR ADMISSION NO. 140:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Ana Gutierrez.  This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "training."   Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:   Responding Party admits only that ABM Janitorial Services- Northern California, Inc. provided sexual harassment training to its employees.

**REQUEST FOR ADMISSION NO. 141:**

Admit that YOU did not provide sexual harassment training to Irene Bravo.

**RESPONSE TO REQUEST FOR ADMISSION NO. 141:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Irene Bravo.  This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the

1  term "training."    Responding Party objects to the term "YOU" being defined to

2  include other entities and persons besides Responding Party.

3           Without waiving the foregoing objections, Responding Party responds as

4  follows:   Responding Party admits only that ABM Janitorial Services- Northern

5  California, Inc. provided sexual harassment training to its employees.

6  **REQUEST FOR ADMISSION NO. 142:**

7           Admit that YOU did not provide sexual harassment training to Maria

8  Socorro Zapien.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 142:**

10           Responding Party objects to this request on the ground that it was not

11  Plaintiffs' or Claimants' employer; nor did it employ Maria Socorro Zapien.  This

12  request seeks information regarding an employee who never worked for Responding

13  Party and as such, is harassing and unduly burdensome.  Responding Party objects to

14  this Request on the grounds it is vague and overbroad as to time.  Responding Party

15  objects to this Request on the grounds that this Request is vague and ambiguous with

16  respect to the term "training."    Responding Party objects to the term "YOU" being

17  defined to include other entities and persons besides Responding Party.

18           Without waiving the foregoing objections, Responding Party responds as

19  follows:   Responding Party admits only that ABM Janitorial Services- Northern

20  California, Inc. provided sexual harassment training to its employees.

21  **REQUEST FOR ADMISSION NO. 143:**

22           Admit that YOU did not provide sexual harassment training to Maria

23  Olga Birrueta.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 143:**

25           Responding Party objects to this request on the ground that it was not

26  Plaintiffs' or Claimants' employer; nor did it employ Maria Olga Birrueta  This

27  request seeks information regarding an employee who never worked for Responding

28  Party and as such, is harassing and unduly burdensome.  Responding Party objects to

1  this Request on the grounds it is vague and overbroad as to time.  Responding Party

2  objects to this Request on the grounds that this Request is vague and ambiguous with

3  respect to the term "training."   Responding Party objects to the term "YOU" being

4  defined to include other entities and persons besides Responding Party.

5  Without waiving the foregoing objections, Responding Party responds as

6  follows:   Responding Party admits only that ABM Janitorial Services- Northern

7  California, Inc. provided sexual harassment training to its employees.

8  **REQUEST FOR ADMISSION NO. 144:**

9  Admit that YOU did not provide sexual harassment training to Delia

10  DeMejia.

11  **RESPONSE TO REQUEST FOR ADMISSION NO. 144:**

12  Responding Party objects to this request on the ground that it was not

13  Plaintiffs' or Claimants' employer; nor did it employ Delia DeMejia.  This request

14  seeks information regarding an employee who never worked for Responding Party

15  and as such, is harassing and unduly burdensome.  Responding Party objects to this

16  Request on the grounds it is vague and overbroad as to time.  Responding Party

17  objects to this Request on the grounds that this Request is vague and ambiguous with

18  respect to the term "training."   Responding Party objects to the term "YOU" being

19  defined to include other entities and persons besides Responding Party.

20  Without waiving the foregoing objections, Responding Party responds as

21  follows:   Responding Party admits only that ABM Janitorial Services- Northern

22  California, Inc. provided sexual harassment training to its employees.

23  **REQUEST FOR ADMISSION NO. 145:**

24  Admit that YOU did not provide sexual harassment training to Maribel

25  Lopez.

26  **RESPONSE TO REQUEST FOR ADMISSION NO. 145:**

27  Responding Party objects to this request on the ground that it was not

28  Plaintiffs' or Claimants' employer; nor did it employ Maribel Lopez.  This request

1  seeks information regarding an employee who never worked for Responding Party
2  and as such, is harassing and unduly burdensome.  Responding Party objects to this
3  Request on the grounds it is vague and overbroad as to time.  Responding Party
4  objects to this Request on the grounds that this Request is vague and ambiguous with
5  respect to the term "training."   Responding Party objects to the term "YOU" being
6  defined to include other entities and persons besides Responding Party.
7          Without waiving the foregoing objections, Responding Party responds as
8  follows:  Responding Party admits only that ABM Janitorial Services- Northern
9  California, Inc. provided sexual harassment training to its employees.

10 **REQUEST FOR ADMISSION NO. 146:**
11          Admit that YOU did not provide sexual harassment training to Maria
12 Quintero.

13 **RESPONSE TO REQUEST FOR ADMISSION NO. 146:**
14          Responding Party objects to this request on the ground that it was not
15 Plaintiffs' or Claimants' employer; nor did it employ Maria Quintero.  This request
16 seeks information regarding an employee who never worked for Responding Party
17 and as such, is harassing and unduly burdensome.  Responding Party objects to this
18 Request on the grounds it is vague and overbroad as to time.  Responding Party
19 objects to this Request on the grounds that this Request is vague and ambiguous with
20 respect to the term "training."   Responding Party objects to the term "YOU" being
21 defined to include other entities and persons besides Responding Party.
22          Without waiving the foregoing objections, Responding Party responds as
23 follows:  Responding Party admits only that ABM Janitorial Services- Northern
24 California, Inc. provided sexual harassment training to its employees.

25 **REQUEST FOR ADMISSION NO. 147:**
26          Admit that YOU did not provide sexual harassment training to
27 Guadalupe Barron.
28

## RESPONSE TO REQUEST FOR ADMISSION NO. 147:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Guadelupe Barron. This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "training." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party admits only that ABM Janitorial Services- Northern California, Inc. provided sexual harassment training to its employees.

## REQUEST FOR ADMISSION NO. 148:

Admit that after YOU became aware of Erika Morales' EEOC charge of sexual harassment against Jose Vasquez, YOU did not interview the female employees who worked with Jose Vasquez about whether he harassed any of them.

## RESPONSE TO REQUEST FOR ADMISSION NO. 148:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "interview," "the female employees who worked with Jose Vasquez." Responding Party objects to this Request on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 149:**

Admit that after YOU became aware of Erika Morales' EEOC charge of sexual harassment against Jose Vasquez, YOU interviewed no other employees, other than Jose Vasquez and Javier Vasquez, regarding allegations of sexual harassment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 149:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "interviewed," "allegations of sexual harassment." Responding Party objects to this Request on the grounds that this Request seeks information protected from disclosure by the attorney-client privilege and/or attorney-work product doctrine. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 150:**

Admit that YOU received a complaint of sexual harassment against YOUR employee, Adalberto Pilar Rodriguez, in August 2009.

**RESPONSE TO REQUEST FOR ADMISSION NO. 150:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer; nor did it employ Adalberto Pilar Rodriguez. This request seeks information regarding an employee who never worked for Responding Party and as such, is harassing and unduly burdensome. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "complaint." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

1   Without waiving the foregoing objections, Responding Party responds as
2   follows: Deny.
3   **REQUEST FOR ADMISSION NO. 151:**
4   Admit that YOU provide training for ABM Janitorial Services, Inc.'s
5   managers and/or supervisors.
6   **RESPONSE TO REQUEST FOR ADMISSION NO. 151:**
7   Responding Party objects to this request on the ground that it was not
8   Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
9   grounds it seeks information that is neither relevant nor reasonably calculated to lead
10   to the discovery of admissible evidence.  Responding Party objects to this Request on
11   the grounds it is vague and overbroad as to time.  Responding Party objects to this
12   Request on the grounds that this Request is vague and ambiguous with respect to the
13   terms "provides," "training," "managers," and "supervisors."   Responding Party
14   objects to this Request  on the ground that it is compound.  Responding Party objects
15   to the term "YOU" being defined to include other entities and persons besides
16   Responding Party.
17   Without waiving the foregoing objections, Responding Party responds as
18   follows:   Responding Party is unable to admit or deny the Request as currently
19   phrased.
20   **REQUEST FOR ADMISSION NO. 152:**
21   Admit that YOU provide training for ABM Janitorial Services-Northern
22   California's managers and/or supervisors.
23   **RESPONSE TO REQUEST FOR ADMISSION NO. 152:**
24   Responding Party objects to this request on the ground that it was not
25   Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
26   grounds it seeks information that is neither relevant nor reasonably calculated to lead
27   to the discovery of admissible evidence.  Responding Party objects to this Request on
28   the grounds it is vague and overbroad as to time.  Responding Party objects to this

Request on the grounds that this Request is vague and ambiguous with respect to the terms "provides," "training," "managers," and "supervisors." Responding Party objects to this Request on the ground that it is compound. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party is unable to admit or deny the Request as currently phrased.

## REQUEST FOR ADMISSION NO. 153:

Admit that YOU distribute the "Unlawful Harassment Policy," to the employees who work for ABM Janitorial Services, Inc. (A copy of the Unlawful Harassment Policy, Bates Nos. EEOC00032-EEOC00033, is attached hereto as Ex. 2.)

## RESPONSE TO REQUEST FOR ADMISSION NO. 153:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "distributes" and in its reference to an outdated policy. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

## REQUEST FOR ADMISSION NO. 154:

Admit that YOU distribute the "Sexual Harassment Policy" to the employees who work for ABM Janitorial Services, Inc. (A copy of the Sexual

1  Harassment Policy, Bates Nos. EEOC00036-EEOC 00037, is attached hereto as
2  Ex. 4.)

3  **RESPONSE TO REQUEST FOR ADMISSION NO. 154:**

4          Responding Party objects to this request on the ground that it was not
5  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
6  grounds it seeks information that is neither relevant nor reasonably calculated to lead
7  to the discovery of admissible evidence.  Responding Party objects to this Request on
8  the grounds it is vague and overbroad as to time.  Responding Party objects to this
9  Request on the grounds that this Request is vague and ambiguous with respect to the
10 term "distributes" and in its reference to an outdated policy.  Responding Party objects
11 to the term "YOU" being defined to include other entities and persons besides
12 Responding Party.

13         Without waiving the foregoing objections, Responding Party responds as
14 follows: Deny.

15 **REQUEST FOR ADMISSION NO. 155:**

16         Admit that YOU distribute the harassment hotline "Don't be a Victim" to
17 the employees who work for ABM Janitorial Services, Inc.  (A copy of the harassment
18 hotline "Don't be a Victim", Bates Nos. EEOC00070-EEOC 00071, is attached hereto
19 as Ex. 12.)

20 **RESPONSE TO REQUEST FOR ADMISSION NO. 155:**

21         Responding Party objects to this request on the ground that it was not
22 Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
23 grounds it seeks information that is neither relevant nor reasonably calculated to lead
24 to the discovery of admissible evidence.  Responding Party objects to this Request on
25 the grounds it is vague and overbroad as to time.  Responding Party objects to this
26 Request on the grounds that this Request is vague and ambiguous with respect to the
27 term "distributes" and in its reference to an outdated document.  Responding Party

28

objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

## REQUEST FOR ADMISSION NO. 156:

Admit that YOU distribute the "Unlawful Harassment Policy," to the employees who work for ABM Janitorial Services-Northern California. (A copy of the Unlawful Harassment Policy, Bates Nos. EEOC00032-EEOC 00033, is attached hereto as Ex. 2.)

## RESPONSE TO REQUEST FOR ADMISSION NO. 156:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "distributes" and in its reference to an outdated policy. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

## REQUEST FOR ADMISSION NO. 157:

Admit that YOU distribute the "Sexual Harassment Policy" to the employees who work for ABM Janitorial Services-Northern California. (A copy of the Sexual. Harassment Policy, Bates Nos. EEOC00036-EEOC 00037, is attached hereto as Ex. 4.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 157:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "distributes" and in its reference to an outdated policy. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 158:**

Admit that YOU distribute the harassment hotline "Don't be a Victim" to the employees who work for ABM Janitorial Services-Northern California. (A copy of the harassment hotline "Don't be a Victim," Bates Nos. Bates Nos. EEOC00070-EEOC 00071, is attached hereto as Ex. 12.)

**RESPONSE TO REQUEST FOR ADMISSION NO. 158:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "distributes" and in its reference to an outdated document. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

## REQUEST FOR ADMISSION NO. 159:

Admit that ABM Janitorial Services-Northern California is a wholly subsidiary of ABM Janitorial Services, Inc.

## RESPONSE TO REQUEST FOR ADMISSION NO. 159:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous and nonsensical with respect to the term "wholly subsidiary."

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party admits only that ABM Janitorial Services - Northern California, Inc. is a wholly owned subsidiary of ABM Janitorial Services, Inc.

## REQUEST FOR ADMISSION NO. 160:

Admit that ABM Janitorial Services, Inc. is a wholly subsidiary of YOU.

## RESPONSE TO REQUEST FOR ADMISSION NO. 160:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous and nonsensical with respect to the term "wholly subsidiary." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:   Responding Party admits only that ABM Janitorial Services, Inc. is a subsidiary of ABM Industries Incorporated.

**REQUEST FOR ADMISSION NO. 161:**

Admit that YOUR former corporate address was 160 Pacific Avenue, Suite 222, San Francisco, CA 94111.

**RESPONSE TO REQUEST FOR ADMISSION NO. 161:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to the term "YOUR" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objection, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 162:**

Admit that ABM Janitorial Services, Inc.'s former corporate address was 161 Pacific Avenue, Suite 222, San Francisco, CA 94111.

**RESPONSE TO REQUEST FOR ADMISSION NO. 162:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time.

Without waiving the foregoing objection, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 163:**

Admit that YOUR current corporate address is 1111 Fannin St., Ste 1500, Houston, TX 77002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 163:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Responding Party objects to the term "YOUR" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objection, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 164:**

Admit that ABM Janitorial Services, Inc.'s current corporate address is 1111 Fannin St., Ste 1500, Houston, TX 77002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 164:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Without waiving the foregoing objection, Responding Party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 165:**

Admit that ABM Janitorial Services-Northern California's current corporate address is 8101 W. San Houston Pkwy., Suite 150, Houston, TX 77072.

**RESPONSE TO REQUEST FOR ADMISSION NO. 165:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

1  grounds it seeks information that is neither relevant nor reasonably calculated to lead

2  to the discovery of admissible evidence.

3      Without waiving the foregoing objection, Responding Party responds as

4  follows: Deny.

5  **REQUEST FOR ADMISSION NO. 166:**

6      Admit that YOUR agent for service of process address was previously

7  CT Corporation System, 818 W. 7th St., Los Angeles, CA 90017.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 166:**

9      Responding Party objects to this request on the ground that it was not

10  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

11  grounds it seeks information that is neither relevant nor reasonably calculated to lead

12  to the discovery of admissible evidence.  Responding Party objects to this Request on

13  the grounds it is vague and overbroad as to time.  Responding Party objects to the

14  term "YOUR" being defined to include other entities and persons besides Responding

15  Party.

16      Without waiving the foregoing objection, Responding Party responds as

17  follows:   Responding Party denies on the basis that this Request implies that CT

18  Corporation is no longer its agent for service of process in California.

19  **REQUEST FOR ADMISSION NO. 167:**

20      Admit that ABM Janitorial Services, Inc.'s agent for service of process

21  address was previously CT Corporation System, 818 W. 7th St., Los Angeles, CA

22  90017.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 167:**

24      Responding Party objects to this request on the ground that it was not

25  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

26  grounds it seeks information that is neither relevant nor reasonably calculated to lead

27  to the discovery of admissible evidence.  Responding Party objects to this Request on

28  the grounds it is vague and overbroad as to time.

1  Without waiving the foregoing objection, Responding Party responds as
2  follows:   Responding Party denies on the basis that this Request implies that CT
3  Corporation is no longer ABM Janitorial Service's agent for service of process in
4  California.

5  **REQUEST FOR ADMISSION NO. 168:**

6  Admit that ABM Janitorial Services-Northern California's agent for
7  service of process address is CT Corporation System, 818 W. 7th St., Los Angeles,
8  CA 90017.

9  **RESPONSE TO REQUEST FOR ADMISSION NO. 168:**

10  Responding Party objects to this request on the ground that it was not
11  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
12  grounds it seeks information that is neither relevant nor reasonably calculated to lead
13  to the discovery of admissible evidence.

14  Without waiving the foregoing objection, Responding Party responds as
15  follows:  Admit.

16  **REQUEST FOR ADMISSION NO. 169:**

17  Admit that YOU distributed the ABM Code of Business Conduct and
18  Ethics, which applies to all directors, officers and employees of ABM Janitorial
19  Services, Inc.  (A copy of the ABM Code Business Conduct and Ethics, Bates
20  Nos. EEOC00026-EEOC 00031, is attached hereto as Ex. 1.)

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 169:**

22  Responding Party objects to this request on the ground that it was not
23  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
24  grounds it seeks information that is neither relevant nor reasonably calculated to lead
25  to the discovery of admissible evidence.  Responding Party objects to this Request on
26  the grounds it is vague and overbroad as to time.  Responding Party objects to this
27  Request on the grounds that this Request is vague and ambiguous with respect to the
28  term "distributed" and in its reference to an outdated document.  Responding Party

1   objects to the term "YOU" being defined to include other entities and persons besides
2   Responding Party.

3          Without waiving the foregoing objections, Responding Party responds as
4   follows:  Responding Party cannot admit or deny this Request as presently phrased.

5   **REQUEST FOR ADMISSION NO. 170:**

6          Admit that YOU distributed the ABM Code of Business Conduct and
7   Ethics which applies to all directors, officers and employees of ABM Janitorial
8   Services-Northern California.   (A copy of the ABM Code Business Conduct and
9   Ethics, Bates Nos. EEOC00026-EEOC 00031, is attached hereto as Ex. 1.)

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 170:**

11         Responding Party objects to this request on the ground that it was not
12  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the
13  grounds it seeks information that is neither relevant nor reasonably calculated to lead
14  to the discovery of admissible evidence.  Responding Party objects to this Request on
15  the grounds it is vague and overbroad as to time.  Responding Party objects to this
16  Request on the grounds that this Request is vague and ambiguous with respect to the
17  term "distributed" and in its reference to an outdated document.   Responding Party
18  objects to the term "YOU" being defined to include other entities and persons besides
19  Responding Party.

20         Without waiving the foregoing objections, Responding Party responds as
21  follows:  Responding Party cannot admit or deny this Request as presently phrased.

22  **REQUEST FOR ADMISSION NO. 171:**

23         Admit that YOU own ABM Janitorial Services, Inc.

24  **RESPONSE TO REQUEST FOR ADMISSION NO. 171:**

25         Responding Party objects to this request on the ground that it was not
26  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the
27  grounds it seeks information that is neither relevant nor reasonably calculated to lead
28  to the discovery of admissible evidence. Responding Party objects to this Request on

1  the grounds it is vague and overbroad as to time.  Responding Party objects to this
2  Request on the grounds that this Request is vague and ambiguous with respect to the
3  term "own." Responding Party objects to the term "YOU" being defined to include
4  other entities and persons besides Responding Party.

5       Without waiving the foregoing objections, Responding Party responds as
6  follows:  Responding Party admits only that ABM Janitorial Services, Inc. is a wholly
7  owned subsidiary of ABM Industries Incorporated.

8  **REQUEST FOR ADMISSION NO. 172:**

9       Admit that YOU own ABM Janitorial Services-Northern California.

10 **RESPONSE TO REQUEST FOR ADMISSION NO. 172:**

11      Responding Party objects to this request on the ground that it was not
12 Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
13 grounds it seeks information that is neither relevant nor reasonably calculated to lead
14 to the discovery of admissible evidence.  Responding Party objects to this Request on
15 the grounds it is vague and overbroad as to time.  Responding Party objects to this
16 Request on the grounds that this Request is vague and ambiguous with respect to the
17 term "own." Responding Party objects to the term "YOU" being defined to include
18 other entities and persons besides Responding Party.

19      Without waiving the foregoing objections, Responding Party responds as
20 follows:  Responding Party admits only that ABM Janitorial Services – Northern
21 California, Inc. is a wholly owned subsidiary of ABM Janitorial Services, Inc.

22 **REQUEST FOR ADMISSION NO. 173:**

23      Admit that YOU own ABM Janitorial Services-North Central, Inc.

24 **RESPONSE TO REQUEST FOR ADMISSION NO. 173:**

25      Responding Party objects to this request on the ground that it was not
26 Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
27 grounds it seeks information that is neither relevant nor reasonably calculated to lead
28 to the discovery of admissible evidence as this entity is not named as a party to this

lawsuit.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "own." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 174:**

Admit that YOU own ABM Janitorial Services-South Central, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 174:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence as this entity is not named as a party to this lawsuit.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "own." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 175:**

Admit that YOU through YOUR subsidiary ABM Janitorial Services, Inc. provide janitorial services for thousands of commercial, industrial, institutional and retail facilities in hundreds of cities throughout the United States and in British Columbia and Canada.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 175:**

2   Responding Party objects to this request on the ground that it was not

3  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

4  grounds it seeks information that is neither relevant nor reasonably calculated to lead

5  to the discovery of admissible evidence.  Responding Party objects to this Request on

6  the grounds it is vague and overbroad as to time.  Responding Party objects to this

7  Request on the grounds that this Request is vague and ambiguous with respect to the

8  term "through YOUR subsidiary," and compound.  Responding Party objects to the

9  terms "YOU" and "YOUR" being defined to include other entities and persons

10  besides Responding Party.

11   Without waiving the foregoing objections, Responding Party responds as

12  follows: Deny.

13  **REQUEST FOR ADMISSION NO. 176:**

14   Admit that YOU through YOUR subsidiary ABM Janitorial

15  Services-Northern California provide janitorial services for thousands of commercial,

16  industrial, institutional and retail facilities in hundreds of cities throughout the United

17  States and in British Columbia and Canada.

18  **RESPONSE TO REQUEST FOR ADMISSION NO. 176:**

19   Responding Party objects to this request on the ground that it was not

20  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

21  grounds it seeks information that is neither relevant nor reasonably calculated to lead

22  to the discovery of admissible evidence.  Responding Party objects to this Request on

23  the grounds it is vague and overbroad as to time.  Responding Party objects to this

24  Request on the grounds that this Request is vague and ambiguous with respect to the

25  term "through YOU," and the Request is compound.  Responding Party objects to the

26  term "YOU" being defined to include other entities and persons besides Responding

27  Party.

28

1   Without waiving the foregoing objections, Responding Party responds as

2   follows:  Deny.

3   **REQUEST FOR ADMISSION NO. 177:**

4   Admit that Henrik C. Slipsager has been YOUR President and Chief

5   Executive Officer and Director since November 2000.

6   **RESPONSE TO REQUEST FOR ADMISSION NO. 177:**

7   Responding Party objects to this request on the ground that it was not

8   Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

9   grounds it seeks information that is neither relevant nor reasonably calculated to lead

10   to the discovery of admissible evidence.  Responding Party objects to this Request on

11   the grounds it is overbroad as to time.  Responding Party objects to the term "YOUR"

12   being defined to include other entities and persons besides Responding Party.

13   Without waiving the foregoing objection, Responding Party responds as

14   follows:  Admit.

15   **REQUEST FOR ADMISSION NO. 178:**

16   Admit that Henrik C. Slipsager was YOUR Executive Vice President

17   from November 1999 to October 2000.

18   **RESPONSE TO REQUEST FOR ADMISSION NO. 178:**

19   Responding Party objects to this request on the ground that it was not

20   Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

21   grounds it seeks information that is neither relevant nor reasonably calculated to lead

22   to the discovery of admissible evidence.  Responding Party objects to this Request on

23   the grounds it is overbroad as to time.  Responding Party objects to the term "YOUR"

24   being defined to include other entities and persons besides Responding Party.

25   Without waiving the foregoing objection, Responding Party responds as

26   follows:  Respondent admits only that Henrik C. Slipsager was an Executive Vice

27   President of ABM Industries Incorporated from November 1999 to October 2000.

28

DEF. ABM INDUSTRIES INC.'S RESP. TO
PLTF. U.S. EEOC'S RFA (SET #3)

CASE NO. 1: 07 CV 01428 LJO-JLT

**REQUEST FOR ADMISSION NO. 179:**

Admit that Henrik C. Slipsager was the President of ABM Janitorial Services, Inc. from November 1999 to October 2000.

**RESPONSE TO REQUEST FOR ADMISSION NO. 179:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds it is overbroad as to time.

Without waiving the foregoing objection, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 180:**

Admit that James P. McClure has been YOUR Executive Vice President since September 2002.

**RESPONSE TO REQUEST FOR ADMISSION NO. 180:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds it is overbroad as to time.  Responding Party objects to the term "YOUR" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objection, Responding Party responds as follows:  Respondent admits only that James P. McClure has been an ABM Industries Inc.'s Executive Vice President since September 2002.

**REQUEST FOR ADMISSION NO. 181:**

Admit that James P. McClure has been the President of ABM Janitorial Services, Inc. since November 2000.

1  **RESPONSE TO REQUEST FOR ADMISSION NO. 181:**

2         Responding Party objects to this request on the ground that it was not

3  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

4  grounds it seeks information that is neither relevant nor reasonably calculated to lead

5  to the discovery of admissible evidence.  Responding Party objects to this Request on

6  the grounds it is overbroad as to time.

7         Without waiving the foregoing objection, Responding Party responds as

8  follows: Admit.

9  **REQUEST FOR ADMISSION NO. 182:**

10        Admit that James P. McClure was the Senior Vice President of ABM

11 Janitorial Services, Inc. from July 1997 through October 2000.

12 **RESPONSE TO REQUEST FOR ADMISSION NO. 182:**

13        Responding Party objects to this request on the ground that it was not

14 Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

15 grounds it seeks information that is neither relevant nor reasonably calculated to lead

16 to the discovery of admissible evidence.  Responding Party objects to this Request on

17 the grounds it is overbroad as to time.

18        Without waiving the foregoing objection, Responding Party responds as

19 follows:  Respondent admits only that James P. McClure was a Senior Vice President

20 of ABM Janitorial Services, Inc. from July 1997 through October 2000.

21 **REQUEST FOR ADMISSION NO. 183:**

22        Admit that Gary R. Wallace was YOUR Senior Vice President.

23 **RESPONSE TO REQUEST FOR ADMISSION NO. 183:**

24        Responding Party objects to this request on the ground that it was not

25 Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

26 grounds it seeks information that is neither relevant nor reasonably calculated to lead

27 to the discovery of admissible evidence.  Responding Party objects to this Request on

28

1   the grounds it is overbroad as to time.  Responding Party objects to the term "YOUR"

2   being defined to include other entities and persons besides Responding Party.

3          Without waiving the foregoing objection, Responding Party responds as

4   follows:  Respondent admits only that Gary R. Wallace was a Senior Vice President of

5   ABM Industries, Incorporated from July 1997 through October 2000.

6   **REQUEST FOR ADMISSION NO. 184:**

7          Admit that Gary R. Wallace has been YOUR Director of Business

8   Development and Chief Marketing Officer since November 2000.

9   **RESPONSE TO REQUEST FOR ADMISSION NO. 184:**

10         Responding Party objects to this request on the ground that it was not

11  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

12  grounds it seeks information that is neither relevant nor reasonably calculated to lead

13  to the discovery of admissible evidence.  Responding Party objects to this Request on

14  the grounds it is overbroad as to time.  Responding Party objects to the term "YOUR"

15  being defined to include other entities and persons besides Responding Party.

16         Without waiving the foregoing objection, Responding Party responds as

17  follows: Admit.

18  **REQUEST FOR ADMISSION NO. 185:**

19         Admit that Gary R. Wallace was the Senior Vice President of ABM

20  Janitorial Services, Inc. from September 1995 through October 2000.

21  **RESPONSE TO REQUEST FOR ADMISSION NO. 185:**

22         Responding Party objects to this request on the ground that it was not

23  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

24  grounds it seeks information that is neither relevant nor reasonably calculated to lead

25  to the discovery of admissible evidence.  Responding Party objects to this Request on

26  the grounds it is overbroad as to time.

27         Without waiving the foregoing objection, Responding Party responds as

28  follows:  Admit.

## REQUEST FOR ADMISSION NO. 186:

Admit that from October 2005 through the present, YOU have employed approximately 73,000 employees.

## RESPONSE TO REQUEST FOR ADMISSION NO. 186:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is overbroad in scope. Responding Party further objects that this Request is vague and ambiguous. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objection, Responding Party responds as follows: Deny.

## REQUEST FOR ADMISSION NO. 187:

Admit that from September 2004 through the present, YOU have been an employer engaged in an industry affecting commerce.

## RESPONSE TO REQUEST FOR ADMISSION NO. 187:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is overbroad in scope. Responding Party further objects that this Request is vague and ambiguous with respect to the phrase "industry affecting commerce." Responding party further objects that this Request calls for a legal conclusion. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

1   Without waiving the foregoing objection, Responding Party responds as
2 follows:   Responding Party admits only that ABM Janitorial Services – Northern
3 California, Inc. employs individuals who work in the janitorial industry.

4 **REQUEST FOR ADMISSION NO. 188:**

5   Admit that from September 2004 through the present, YOU have been an
6 employer conducting business.

7 **RESPONSE TO REQUEST FOR ADMISSION NO. 188:**

8   Responding Party objects to this request on the ground that it was not
9 Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the
10 grounds it seeks information that is neither relevant nor reasonably calculated to lead
11 to the discovery of admissible evidence.   Responding Party objects to this Request on
12 the grounds it is overbroad in scope.   Responding Party further objects that this
13 Request is vague and ambiguous with respect to the phrase "conducting business."
14 Responding party further objects that this Request calls for a legal conclusion.
15 Responding Party objects to the term "YOU" being defined to include other entities
16 and persons besides Responding Party.

17   Without waiving the foregoing objection, Responding Party responds as
18 follows: Admit.

19 **REQUEST FOR ADMISSION NO. 189:**

20   Admit that from October 2005 through the present, YOUR subsidiaries
21 report to the same senior management.

22 **RESPONSE TO REQUEST FOR ADMISSION NO. 189:**

23   Responding Party objects to this request on the ground that it was not
24 Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the
25 grounds it seeks information that is neither relevant nor reasonably calculated to lead
26 to the discovery of admissible evidence.   Responding Party objects to this Request on
27 the grounds it is overbroad in scope.   Responding Party further objects that this
28 Request is hopelessly compound.   Responding Party further objects that this Request

is vague and ambiguous with respect to the terms "YOUR subsidiaries," "report to" and "the same senior management." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party is unable to admit or deny the Request as currently phrased.

## REQUEST FOR ADMISSION NO. 190:

Admit that from October 2005 through the present, YOU perform janitorial services through a number of subsidiaries, including but not limited to ABM Janitorial Services, Inc.

## RESPONSE TO REQUEST FOR ADMISSION NO. 190:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is overbroad in scope and time. Responding Party further objects that this Request is vague and ambiguous with respect to the terms "perform," "janitorial services" and "through." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party is unable to admit or deny the Request as currently phrased.

## REQUEST FOR ADMISSION NO. 191:

Admit that from October 2005 through the present, YOU perform janitorial services through a number of subsidiaries, including but not limited to ABM Janitorial Services-Northern California.

## RESPONSE TO REQUEST FOR ADMISSION NO. 191:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is overbroad in scope and time. Responding Party further objects that this Request is vague and ambiguous with respect to the terms "perform," "janitorial services" and "through." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party is unable to admit or deny the Request as currently phrased.

## REQUEST FOR ADMISSION NO. 192:

Admit that from October 2005 through the present, YOU perform janitorial services through a number of subsidiaries, primarily operating under the names of "ABM Janitorial Services."

## RESPONSE TO REQUEST FOR ADMISSION NO. 192:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is overbroad in scope and time. Responding Party further objects that this Request is vague and ambiguous with respect to the terms "perform," "janitorial services" and "through." Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding Party is unable to admit or deny the Request as currently phrased.

**REQUEST FOR ADMISSION NO. 193:**

Admit that YOU require ABM Janitorial Services, Inc. to abide by YOUR policies and directives regarding sexual harassment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 193:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time.   Responding Party further objects that this Request is vague and ambiguous with respect to the terms "abide by" and "require."  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 194:**

Admit that YOU require ABM Janitorial Services-Northern California to abide by YOUR policies and directives regarding sexual harassment.

**RESPONSE TO REQUEST FOR ADMISSION NO. 194:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time.   Responding Party further objects that this Request is vague and ambiguous with respect to the terms "abide by" and "requires."  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:   Responding Party admits only that ABM Janitorial Services-Northern California, Inc. has in place, and follows, appropriate sexual harassment policies.

**REQUEST FOR ADMISSION NO. 195:**

Admit that YOU require YOUR subsidiaries' employees, including but not limited to, ABM Janitorial Services, Inc. and ABM Janitorial Services-Northern California, to sign Pre-Dispute Resolution Agreements.

**RESPONSE TO REQUEST FOR ADMISSION NO. 195:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.   Responding Party objects to this Request on the grounds it is vague and overbroad as to time.   Responding Party further objects that this Request is vague and ambiguous with respect to the terms "require" and "YOUR subsidiaries' employees."   Responding Party objects to the term "YOUR" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 196:**

Admit that YOU instruct YOUR subsidiaries' employees, including but not limited to, ABM Janitorial Services, Inc. and ABM Janitorial Services-Northern California, to report harassing behavior to a third-party hotline called the "Harassment Hotline."

**RESPONSE TO REQUEST FOR ADMISSION NO. 196:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on

1   the grounds it is vague and overbroad as to time.   Responding Party further objects

2   that this Request is vague and ambiguous with respect to the terms "instructs" and

3   "YOUR subsidiaries' employees." Responding Party objects to the terms "YOU" and

4   "YOUR" being defined to include other entities and persons besides Responding

5   Party.

6          Without waiving the foregoing objections, Responding Party responds as

7   follows:  Responding Party admits only that all employees of Responding Party and

8   its subsidiaries are instructed to report harassing behavior to the "Harassment

9   Hotline."

10  **REQUEST FOR ADMISSION NO. 197:**

11          Admit that YOU require YOUR subsidiaries' employees, including but

12  not limited to, ABM Janitorial Services, Inc.'s and ABM Janitorial Services-Northern

13  California's supervisors, to sign a "Standard Employment Agreement Compensation

14  & Confidentiality." (A copy of the Standard Employment Agreement Compensation

15  & Confidentiality," Bates Nos. EEOC00072-EEOC 00078, is attached hereto as

16  Ex. 13.)

17  **RESPONSE TO REQUEST FOR ADMISSION NO. 197:**

18          Responding Party objects to this request on the ground that it was not

19  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

20  grounds it seeks information that is neither relevant nor reasonably calculated to lead

21  to the discovery of admissible evidence. Responding Party objects to this Request on

22  the grounds it is vague and overbroad as to time.   Responding Party further objects

23  that this Request is vague and ambiguous with respect to the terms "require" and

24  "YOUR subsidiaries' employees."  Responding Party objects to the term "YOUR"

25  being defined to include other entities and persons besides Responding Party.

26          Without waiving the foregoing objections, Responding Party responds as

27  follows:  Deny.

28

**REQUEST FOR ADMISSION NO. 198:**

Admit that YOU own and control all the stock of ABM Janitorial Services, Inc.-Northern California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 198:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 199:**

Admit that YOU provide accounting services to ABM Janitorial Services, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 199:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "provide" and "accounting services."  Responding Party objects to this Request on the ground that it is compound.  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:  Deny.

**REQUEST FOR ADMISSION NO. 200:**

Admit that YOU provide accounting services to ABM Janitorial Services-Northern California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 200:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "provide," and "accounting services." Responding Party objects to this Request on the ground that it is compound. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding party admits only that pursuant to its Service Agreement, ABM Industries, Inc. provides certain accounting services to ABM Janitorial Services-Northern California.

**REQUEST FOR ADMISSION NO. 201:**

Admit that YOU provide administrative services to ABM Janitorial Services, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 201:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "provide" and "administrative services." Responding Party objects to this

Request on the ground that it is compound. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 202:**

Admit that YOU provide administrative services to ABM Janitorial Services-Northern California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 202:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "provide," and "administrative services." Responding Party objects to this Request on the ground that it is compound. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Responding party admits only that pursuant to its Service Agreement, ABM Industries, Inc. provides certain administrative services to ABM Janitorial Services-Northern California.

**REQUEST FOR ADMISSION NO. 203:**

Admit that YOU provide electronic services to ABM Janitorial Services, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 203:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead

1  to the discovery of admissible evidence.  Responding Party objects to this Request on
2  the grounds it is vague and overbroad as to time.  Responding Party objects to this
3  Request on the grounds that this Request is vague and ambiguous with respect to the
4  terms "provide" and "electronic services."  Responding Party objects to this Request
5  on the ground that it is compound.  Responding Party objects to the term "YOU"
6  being defined to include other entities and persons besides Responding Party.

7          Without waiving the foregoing objections, Responding Party responds as
8  follows:  Responding Party denies this request to the extent it implies there is a service
9  agreement regarding electronic services between ABM Industries, Inc. and ABM
10  Janitorial Services, Inc.

11  **REQUEST FOR ADMISSION NO. 204:**

12          Admit that YOU provide electronic services to ABM Janitorial
13  Services-Northern California.

14  **RESPONSE TO REQUEST FOR ADMISSION NO. 204:**

15          Responding Party objects to this request on the ground that it was not
16  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
17  grounds it seeks information that is neither relevant nor reasonably calculated to lead
18  to the discovery of admissible evidence.  Responding Party objects to this Request on
19  the grounds it is vague and overbroad as to time.  Responding Party objects to this
20  Request on the grounds that this Request is vague and ambiguous with respect to the
21  terms "provide," and "electronic services."  Responding Party objects to this Request
22  on the ground that it is compound.  Responding Party objects to the term "YOU"
23  being defined to include other entities and persons besides Responding Party.

24          Without waiving the foregoing objections, Responding Party responds as
25  follows:  Responding party admits only that pursuant to its Service Agreement, ABM
26  Industries, Inc. provides certain electronic services to ABM Janitorial
27  Services-Northern California.

28

**REQUEST FOR ADMISSION NO. 205:**

Admit that YOU provide employee benefit services to ABM Janitorial Services, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 205:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "provide" and "employee benefit services." Responding Party objects to this Request on the ground that it is compound. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 206:**

Admit that YOU provide employee benefit services to ABM Janitorial Services-Northern California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 206:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Responding Party objects to this Request on the grounds it is vague and overbroad as to time. Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "provide," and "employee benefit services." Responding Party objects to this Request on the ground that it is compound. Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

1  Without waiving the foregoing objections, Responding Party responds as
2  follows: Responding party admits only that pursuant to its Service Agreement, ABM
3  Industries, Inc. provides certain employee benefit services to ABM Janitorial
4  Services-Northern California.

5  **REQUEST FOR ADMISSION NO. 207:**

6  Admit that YOU provide human resources services to ABM Janitorial
7  Services, Inc.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 207:**

9  Responding Party objects to this request on the ground that it was not
10  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
11  grounds it seeks information that is neither relevant nor reasonably calculated to lead
12  to the discovery of admissible evidence. Responding Party objects to this Request on
13  the grounds it is vague and overbroad as to time.  Responding Party objects to this
14  Request on the grounds that this Request is vague and ambiguous with respect to the
15  terms "provide" and "human resource services."  Responding Party objects to this
16  Request  on the ground that it is compound. Responding Party objects to the term
17  "YOU" being defined to include other entities and persons besides Responding Party.

18  Without waiving the foregoing objections, Responding Party responds as
19  follows: Deny.

20  **REQUEST FOR ADMISSION NO. 208:**

21  Admit that YOU provide human resources services to ABM Janitorial
22  Services-Northern California.

23  **RESPONSE TO REQUEST FOR ADMISSION NO. 208:**

24  Responding Party objects to this request on the ground that it was not
25  Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the
26  grounds it seeks information that is neither relevant nor reasonably calculated to lead
27  to the discovery of admissible evidence. Responding Party objects to this Request on
28  the grounds it is vague and overbroad as to time.  Responding Party objects to this

DEF. ABM INDUSTRIES INC.'S RESP. TO
PLTF. U.S. EEOC'S RFA (SET #3)          68.          CASE NO. 1: 07 CV 01428 LJO-JLT

1   Request on the grounds that this Request is vague and ambiguous with respect to the

2   terms "provide," and "human resource services."   Responding Party objects to this

3   Request on the ground that it is compound.   Responding Party objects to the term

4   "YOU" being defined to include other entities and persons besides Responding Party.

5          Without waiving the foregoing objections, Responding Party responds as

6   follows:  Responding party admits only that pursuant to its Service Agreement, ABM

7   Industries, Inc. provides certain human resource services to ABM Janitorial

8   Services-Northern California.

9   **REQUEST FOR ADMISSION NO. 209:**

10          Admit that YOU provide insurance services to ABM Janitorial Services,

11   Inc.

12   **RESPONSE TO REQUEST FOR ADMISSION NO. 209:**

13          Responding Party objects to this request on the ground that it was not

14   Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

15   grounds it seeks information that is neither relevant nor reasonably calculated to lead

16   to the discovery of admissible evidence.   Responding Party objects to this Request on

17   the grounds it is vague and overbroad as to time.   Responding Party objects to this

18   Request on the grounds that this Request is vague and ambiguous with respect to the

19   terms "provide" and "insurance services."   Responding Party objects to this Request

20   on the ground that it is compound.   Responding Party objects to the term "YOU"

21   being defined to include other entities and persons besides Responding Party.

22          Without waiving the foregoing objections, Responding Party responds as

23   follows: Deny.

24   **REQUEST FOR ADMISSION NO. 210:**

25          Admit that YOU provide insurance services to ABM Janitorial

26   Services-Northern California.

27

28

1

## RESPONSE TO REQUEST FOR ADMISSION NO. 210:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "provide," and "insurance services."  Responding Party objects to this Request on the ground that it is compound.  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:  Responding party admits only that pursuant to its Service Agreement, ABM Industries, Inc. provides certain insurance services to ABM Janitorial Services-Northern California.

## REQUEST FOR ADMISSION NO. 211:

Admit that YOU provide legal services to ABM Janitorial Services, Inc.

## RESPONSE TO REQUEST FOR ADMISSION NO. 211:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "provide" and "legal services."  Responding Party objects to this Request on the ground that it is compound.  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:  Deny.

1  **REQUEST FOR ADMISSION NO. 212:**

2         Admit that YOU provide legal services to ABM Janitorial Services

3  Northern California.

4  **RESPONSE TO REQUEST FOR ADMISSION NO. 212:**

5         Responding Party objects to this request on the ground that it was not

6  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the

7  grounds it seeks information that is neither relevant nor reasonably calculated to lead

8  to the discovery of admissible evidence.  Responding Party objects to this Request on

9  the grounds it is vague and overbroad as to time.  Responding Party objects to this

10  Request on the grounds that this Request is vague and ambiguous with respect to the

11  terms "provide," and "legal services."  Responding Party objects to this Request  on

12  the ground that it is compound.  Responding Party objects to the term "YOU" being

13  defined to include other entities and persons besides Responding Party.

14         Without waiving the foregoing objections, Responding Party responds as

15  follows:  Responding party admits only that pursuant to its Service Agreement, ABM

16  Industries, Inc. provides certain legal services to ABM Janitorial Services-Northern

17  California.

18  **REQUEST FOR ADMISSION NO. 213:**

19         Admit that YOU provided legal counsel to Jose Vasquez.

20  **RESPONSE TO REQUEST FOR ADMISSION NO. 213:**

21         Responding Party objects to this request on the ground that it was not

22  Plaintiffs' or Claimants' employer.   Responding Party objects to this Request on the

23  grounds it seeks information that is neither relevant nor reasonably calculated to lead

24  to the discovery of admissible evidence.  Responding Party objects to this Request on

25  the grounds it is vague and overbroad as to time.  Responding Party objects to this

26  Request on the grounds that this Request is vague and ambiguous with respect to the

27  terms "provided," and "legal counsel."  Responding Party objects to the term "YOU"

28  being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 214:**

Admit that YOU provide safety advice services to ABM Janitorial Services, Inc.

**RESPONSE TO REQUEST FOR ADMISSION NO. 214:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "provide" and "safety advice services."  Responding Party objects to this Request  on the ground that it is compound.  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 215:**

Admit that YOU provide safety advice services to ABM Janitorial Services-Northern California.

**RESPONSE TO REQUEST FOR ADMISSION NO. 215:**

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "provide," and "safety advice services."  Responding Party objects to this

1  Request on the ground that it is compound.  Responding Party objects to the term
2  "YOU" being defined to include other entities and persons besides Responding Party.
3              Without waiving the foregoing objections, Responding Party responds as
4  follows:  Responding party admits only that pursuant to its Service Agreement, ABM
5  Industries, Inc. provides certain safety services to ABM Janitorial Services-Northern
6  California.

7  **REQUEST FOR ADMISSION NO. 216:**

8              Admit that YOU provide treasury services to ABM Janitorial Services,
9  Inc.

10  **RESPONSE TO REQUEST FOR ADMISSION NO. 216:**

11              Responding Party objects to this request on the ground that it was not
12  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
13  grounds it seeks information that is neither relevant nor reasonably calculated to lead
14  to the discovery of admissible evidence.  Responding Party objects to this Request on
15  the grounds it is vague and overbroad as to time.  Responding Party objects to this
16  Request on the grounds that this Request is vague and ambiguous with respect to the
17  terms "provide" and "treasury services."  Responding Party objects to this Request  on
18  the ground that it is compound.  Responding Party objects to the term "YOU" being
19  defined to include other entities and persons besides Responding Party.

20              Without waiving the foregoing objections, Responding Party responds as
21  follows:  Deny.

22  **REQUEST FOR ADMISSION NO. 217:**

23              Admit    that   YOU    provide   treasury   services   to   ABM   Janitorial
24  Services-Northern California.

25  **RESPONSE TO REQUEST FOR ADMISSION NO. 217:**

26              Responding Party objects to this request on the ground that it was not
27  Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
28  grounds it seeks information that is neither relevant nor reasonably calculated to lead

to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the terms "provide," and "treasury services."  Responding Party objects to this Request on the ground that it is compound.  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:  Responding party admits only that pursuant to its Service Agreement, ABM Industries, Inc. provides certain treasury services to ABM Janitorial Services-Northern California.

## REQUEST FOR ADMISSION NO. 218:

Admit that YOU are one of the largest facility services contractors on the New York Stock Exchange.

## RESPONSE TO REQUEST FOR ADMISSION NO. 218:

Responding Party objects to this request on the ground that it was not Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the grounds it seeks information that is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.  Responding Party objects to this Request on the grounds it is vague and overbroad as to time.  Responding Party objects to this Request on the grounds that this Request is vague and ambiguous with respect to the term "facility services contractors."  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

1   Without waiving the foregoing objections, Responding Party responds as
2   follows:  Responding party admits only that it, through its subsidiaries, is a leading
3   provided of facility services in the United States.

4   **REQUEST FOR ADMISSION NO. 219:**

5   Admit that YOU serve thousands of building maintenance customers in
6   commercial, institutional, industrial and retail facilities across the U.S. and British
7   Columbia, Canada.

8   **RESPONSE TO REQUEST FOR ADMISSION NO. 219:**

9   Responding Party objects to this request on the ground that it was not
10   Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
11   grounds it seeks information that is neither relevant nor reasonably calculated to lead
12   to the discovery of admissible evidence.  Responding Party objects to this Request on
13   the grounds it is vague and overbroad as to time.  Responding Party objects to this
14   Request on the grounds that this Request is vague and ambiguous with respect to the
15   term "serve."  Responding Party objects to the term "YOU" being defined to include
16   other entities and persons besides Responding Party.

17   Without waiving the foregoing objections, Responding Party responds as
18   follows:   Responding party admits only that it, through its subsidiaries, serves
19   building maintenance clients throughout the U.S. and Canada.

20   **REQUEST FOR ADMISSION NO. 220:**

21   Admit that YOUR revenues in 2008 exceeded $3.6 billion.

22   **RESPONSE TO REQUEST FOR ADMISSION NO. 220:**

23   Responding Party objects to this request on the ground that it was not
24   Plaintiffs' or Claimants' employer.  Responding Party objects to this Request on the
25   grounds it seeks information that is neither relevant nor reasonably calculated to lead
26   to the discovery of admissible evidence.  Responding Party objects to this Request on
27   the grounds that this Request is vague and ambiguous with respect to the term
28

DEF. ABM INDUSTRIES INC.'S RESP. TO
PLTF. U.S. EEOC'S RFA (SET #3)                    75.                    CASE NO. 1: 07 CV 01428 LJO-JLT

1  "revenues." Responding Party objects to the term "YOUR" being defined to include
2  other entities and persons besides Responding Party.

3  Without waiving the foregoing objections, Responding Party responds as
4  follows: Respondent admits only that 2008 revenues changed from quarter to quarter
5  and consolidated financial reports are available at www.abm.com.

6  **REQUEST FOR ADMISSION NO. 221:**

7  Admit that YOU employ more than 101,000 employees.

8  **RESPONSE TO REQUEST FOR ADMISSION NO. 221:**

9  Responding Party objects to this request on the ground that it was not
10  Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the
11  grounds it seeks information that is neither relevant nor reasonably calculated to lead
12  to the discovery of admissible evidence. Responding Party objects to this Request on
13  the grounds it is vague and overbroad as to time. Responding Party objects to this
14  Request on the grounds that this Request is vague and ambiguous with respect to the
15  term "employ." Responding Party objects to the term "YOU" being defined to
16  include other entities and persons besides Responding Party.

17  Without waiving the foregoing objections, Responding Party responds as
18  follows: Deny.

19  **REQUEST FOR ADMISSION NO. 222:**

20  Admit that YOU have 240 offices offering local, regional and national
21  services.

22  **RESPONSE TO REQUEST FOR ADMISSION NO. 222:**

23  Responding Party objects to this request on the ground that it was not
24  Plaintiffs' or Claimants' employer. Responding Party objects to this Request on the
25  grounds it seeks information that is neither relevant nor reasonably calculated to lead
26  to the discovery of admissible evidence. Responding Party objects to this Request on
27  the grounds it is vague and overbroad as to time. Responding Party objects to this
28  Request on the grounds that this Request is vague and ambiguous with respect to the

term "have."  Responding Party objects to the term "YOU" being defined to include other entities and persons besides Responding Party.

Without waiving the foregoing objections, Responding Party responds as follows:  Deny.

Dated:        March 11, 2010

_Lauren Adkins_ (for LEH)
LAURA E. HAYWARD
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
ABM INDUSTRIES INCORPORATED;
ABM JANITORIAL SERVICES, INC.;
and ABM JANITORIAL
SERVICES — NORTHERN
CALIFORNIA, INC.

Firmwide:93636924.1 054667.1005

DEF. ABM INDUSTRIES INC.'S RESP. TO
PLTF. U.S. EEOC'S RFA (SET #3)                    77.                    CASE NO. 1: 07 CV 01428 LJO-JLT

Table of Contents

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

# Form 10-K

(Mark One)

☑ **ANNUAL REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the Fiscal Year Ended October 31, 2004**

**or**

☐ **TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934**

**For the Transition Period from      to**

**Commission File Number 1-8929**

# ABM INDUSTRIES INCORPORATED

*(Exact name of registrant as specified in its charter)*

| | |
|---|---|
| **Delaware** | **94-1369354** |
| *(State or other jurisdiction of incorporation or organization)* | *(IRS Employer Identification Number)* |
| **160 Pacific Avenue, Suite 222, San Francisco, California** | **94111** |
| *(Address of principal executive offices)* | *(Zip Code)* |

**Registrant's telephone number, including area code:**
**(415) 733-4000**

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of Each Class | Name of Each Exchange on Which Registered |
|---|---|
| Common Stock, $.01 par value | New York Stock Exchange |
| Preferred Stock Purchase Rights | New York Stock Exchange |

**Securities registered pursuant to Section 12(g) of the Act:**
**None**

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to such filing requirements for the past 90 days.   Yes ☑   No ☐

EEOC 00080

Table of Contents

## PART I

### ITEM 1.  *BUSINESS*

ABM Industries Incorporated ("ABM") is one of the largest facility services contractors listed on the New York Stock Exchange. With annual revenues in excess of $2.4 billion and approximately 70,000 employees, ABM and its subsidiaries (the "Company") provide janitorial, parking, security, engineering, lighting and mechanical services for thousands of commercial, industrial, institutional and retail facilities in hundreds of cities throughout the United States and in British Columbia, Canada.

ABM was reincorporated in Delaware on March 19, 1985, as the successor to a business founded in California in 1909. The corporate headquarters of the Company is located at 160 Pacific Avenue, Suite 222, San Francisco, California 94111, and the Company's telephone number at that location is (415) 733-4000.

The Company's Website is www.abm.com. Through a link on the Investor Relations section of the Company's Website, the following filings and amendments to those filings are made available as soon as reasonably practicable after they are electronically filed with or furnished to the SEC: (1) Annual Reports on Form 10-K, (2) Quarterly Reports on Form 10-Q, (3) Current Reports on Form 8-K and (4) filings by ABM's directors and executive officers under Section 16(a) of the Securities Exchange Act of 1934 (the "Exchange Act.") All such filings are available free of charge. The Company also makes available on its Website and in print to those who request them its Corporate Governance Guidelines, Code of Business Conduct & Ethics and the charters of its audit, compensation and governance committees.

### Industry Information

The Company conducts business through a number of subsidiaries, which are grouped into seven segments based on the nature of the business operations. The operating subsidiaries within each segment generally report to the same senior management. Referred to collectively as the "ABM Family of Services," at October 31, 2004 the seven segments were:

- Janitorial

- Parking

- Security

- Engineering

- Lighting

- Mechanical

- Facility Services

The Company also provided elevator services until August 15, 2003, on which date substantially all of the operating assets of Amtech Elevator Services, Inc., a wholly-owned subsidiary of ABM ("Amtech Elevator"), were sold to Otis Elevator Company, a wholly-owned subsidiary of United Technologies Corporation ("Otis Elevator"). See "Discontinued Operation" contained in Item 7, "Management's Discussion and Analysis of Financial Condition and Results of Operations."

The business activities of the Company by industry segment, as they existed at October 31, 2004, are more fully described below.

- **Janitorial.** The Company performs janitorial services through a number of the Company's subsidiaries, primarily operating under the names "ABM Janitorial Services," "American Building Maintenance" and "ABM Lakeside Building

EEOC 0008

Table of Contents

# UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Washington, D.C. 20549

## FORM 10-K

(Mark One)

X   ANNUAL REPORT UNDER SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

**For the Fiscal Year Ended October 31, 2005**

TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For the Transition Period from _____ to _____.

Commission File Number: 1-8929

# ABM INDUSTRIES INCORPORATED
(Exact name of registrant as specified in its charter)

| | |
|---|---|
| **Delaware** | **94-1369354** |
| (State of Incorporation) | (I.R.S. Employer Identification No.) |
| **160 Pacific Avenue, Suite 222, San Francisco, California** | **94111** |
| (Address of principal executive offices) | (Zip Code) |

**(Registrant's telephone number, including area code) 415/ 733-4000**

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of Each Class | Name of Each Exchange on Which Registered |
|---|---|
| **Common Stock, $.01 par value** | **New York Stock Exchange** |
| **Preferred Stock Purchase Rights** | **New York Stock Exchange** |

Securities registered pursuant to Section 12(g) of the Act: None

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to the filing requirements for the past 90 days. Yes _ No X

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. X

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, or a non-accelerated filer. See definition of "accelerated filer and large accelerated filer" in Rule 12b-2 of the Exchange Act. (Check one): Large accelerated filer X  Accelerated filer _  Non-accelerated filer

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act). Yes _ No X

As of April 30, 2005 (the last business day of registrant's most recently completed second fiscal quarter), non-affiliates of the registrant beneficially owned shares of the registrant's common stock with an aggregate market value of $722,786,992, computed by reference to the price at which the common stock was last sold.

Number of shares of common stock outstanding as of February 28, 2006: 49,312,879.

PART I

# ITEM 1. BUSINESS

ABM Industries Incorporated ("ABM") is a leading facility services contractor in the United States. With annual revenues in excess of $2.5 billion and approximately 73,000 employees, ABM and its subsidiaries (the "Company") provide janitorial, parking, security, engineering and lighting services for thousands of commercial, industrial, institutional and retail facilities in hundreds of cities throughout the United States and in British Columbia, Canada.

ABM was reincorporated in Delaware on March 19, 1985, as the successor to a business founded in California in 1909. The corporate headquarters of the Company is located at 160 Pacific Avenue, Suite 222, San Francisco, California 94111, and the Company's telephone number at that location is (415) 733-4000.

The Company's Website is www.abm.com. Through a link on the Investor Relations section of the Company's Website, the following filings and amendments to those filings are made available free of charge, as soon as reasonably practicable after they are electronically filed with or furnished to the SEC: (1) Annual Reports on Form 10-K, (2) Quarterly Reports on Form 10-Q, (3) Current Reports on Form 8-K and (4) filings by ABM's directors and executive officers under Section 16(a) of the Securities Exchange Act of 1934 (the "Exchange Act.") The Company also makes available on its Website and in print, free of charge, to those who request them its Corporate Governance Guidelines, Code of Business Conduct & Ethics and the charters of its audit, compensation and governance committees.

## Industry Information

The Company conducts business through a number of subsidiaries, which are grouped into five segments based on the nature of the business operations. The operating subsidiaries within each segment generally report to the same senior management. Referred to collectively as the "ABM Family of Services," at October 31, 2005 the five segments were:

- Janitorial
- Parking
- Security
- Engineering
- Lighting

The Company previously provided mechanical services. On June 2, 2005, the Company sold substantially all of the operating assets of CommAir Mechanical Services ("Mechanical"), a wholly owned subsidiary of ABM, to Carrier Corporation ("Carrier"), a wholly owned subsidiary of United Technologies Corporation. It sold the remaining assets to another buyer on July 31, 2005. See "Divestiture and Results from Discontinued Operations" contained in Item 7, "Management's Discussion and Analysis of Financial Condition and Results of Operations." On November 1, 2004, the Company's Facility Services segment merged with the Engineering segment.

The business activities of the Company by industry segment, as they existed at October 31, 2005, are more fully described below.

■ **Janitorial.** The Company performs janitorial services through a number of the Company's subsidiaries, primarily operating under the names "ABM Janitorial Services," "American Building Maintenance" and "ABM Lakeside Building Maintenance." The Company provides a wide range of basic janitorial services for a variety of facilities, including commercial office buildings, industrial plants, financial institutions, retail stores, shopping centers, warehouses, airport terminals, health and educational facilities, stadiums and arenas, and government buildings. Services provided include floor cleaning and finishing, window washing, furniture polishing, carpet cleaning and dusting, as well as other building cleaning services. The Company's Janitorial subsidiaries maintain 114 offices in 42 states, the District of Columbia and one Canadian province, and operate under thousands of individually negotiated building maintenance contracts, nearly all of which are obtained by competitive bidding. The Company's Janitorial contracts are either fixed price agreements or "cost-plus" (i.e., the customer agrees to reimburse the agreed upon amount of wages and benefits, payroll taxes, insurance charges and other expenses plus a profit percentage). Generally, profit margins on maintenance contracts tend to be inversely proportional to the size of the contract. In addition to services defined within the scope of the contract, the Company also generates sales from extra services (or "tags"), such as additional cleaning requirements, with extra services frequently providing higher margins. The majority of Janitorial contracts are for one-year periods, but are subject to termination by either party after 30 to 90 days' written notice and contain automatic renewal clauses.

Table of Contents

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

### FORM 10-K

(Mark One)

☑     ANNUAL REPORT UNDER SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

**For The Fiscal Year Ended October 31, 2006**

☐     TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For The Transition Period from _____ to _____

Commission File Number: 1-8929

# ABM INDUSTRIES INCORPORATED
(Exact name of registrant as specified in its charter)

| | |
|---|---|
| **Delaware** | **94-1369354** |
| (State of Incorporation) | (I.R.S. Employer Identification No.) |
| **160 Pacific Avenue, Suite 222, San Francisco, California** | **94111** |
| (Address of principal executive offices) | (Zip Code) |

**(Registrant's telephone number, including area code) 415/733-4000**

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of Each Class | Name of Each Exchange on Which Registered |
|---|---|
| **Common Stock, $.01 par value** | **New York Stock Exchange** |
| **Preferred Stock Purchase Rights** | **New York Stock Exchange** |

Securities registered pursuant to Section 12(g) of the Act: None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act. Yes ☑ No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act. Yes ☐ No ☑

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to the filing requirements for the past 90 days. Yes ☑ No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K. ☑

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, or a non-accelerated filer. See definition of "accelerated filer and large accelerated filer" in Rule 12b-2 of the Exchange Act.

(Check one): Large accelerated filer ☑ Accelerated filer ☐    Non-accelerated filer ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act). Yes ☐ No ☑

As of April 30, 2006 (the last business day of registrant's most recently completed second fiscal

Table of Contents

**PART I**

# ITEM 1.  BUSINESS

ABM Industries Incorporated ("ABM") is a leading facility services contractor in the United States. With annual revenues in excess of $2.7 billion and approximately 75,000 employees, ABM and its subsidiaries (the "Company") provide janitorial, parking, security, engineering and lighting services for thousands of commercial, industrial, institutional and retail facilities in hundreds of cities throughout the United States and in British Columbia, Canada.

ABM was reincorporated in Delaware on March 19, 1985, as the successor to a business founded in California in 1909. The corporate headquarters of the Company is located at 160 Pacific Avenue, Suite 222, San Francisco, California 94111, and the Company's telephone number at that location is (415) 733-4000.

The Company's Website is www.abm.com. Through a link on the Investor Relations section of the Company's Website, the following filings and amendments to those filings are made available free of charge, as soon as reasonably practicable after they are electronically filed with or furnished to the SEC: (1) Annual Reports on Form 10-K, (2) Quarterly Reports on Form 10-Q, (3) Current Reports on Form 8-K and (4) filings by ABM's directors and executive officers under Section 16(a) of the Securities Exchange Act of 1934 (the "Exchange Act.") The Company also makes available on its Website and in print, free of charge, to those who request them its Corporate Governance Guidelines, Code of Business Conduct & Ethics and the charters of its audit, compensation and governance committees.

## Industry Information

The Company conducts business through a number of subsidiaries, which are grouped into five segments based on the nature of the business operations. The operating subsidiaries within each segment generally report to the same senior management. Referred to collectively as the "ABM Family of Services," at October 31, 2006 the five segments were:

- Janitorial
- Parking
- Security
- Engineering
- Lighting

The business activities of the Company by industry segment, as they existed at October 31, 2006, are more fully described below.

■ **Janitorial.** The Company performs janitorial services through a number of the Company's subsidiaries, primarily operating under the names "ABM Janitorial Services" and "American Building Maintenance." The Company provides a wide range of basic janitorial services for a variety of facilities, including commercial office buildings, industrial plants, financial institutions, retail stores, shopping centers, warehouses, airport terminals, health and educational facilities, stadiums and arenas, and government buildings. Services provided include floor cleaning and finishing, window washing, furniture polishing, carpet cleaning and dusting, as well as other building cleaning services. The Company's Janitorial subsidiaries maintain 111 offices and operate in 48 states, the District of Columbia and one Canadian province. These subsidiaries operate under thousands of individually negotiated building maintenance contracts, nearly all of which are obtained by competitive bidding. The Company's Janitorial contracts are either fixed price agreements or "cost-plus" (*i.e.,* the customer agrees to reimburse the agreed upon amount of wages and benefits, payroll taxes, insurance charges and other expenses plus a profit percentage). Generally, profit margins on contracts tend to be inversely proportional to the size of the contract. In addition to services defined within the scope of the contract, the Company also generates sales from extra services (or "tags"), such as additional cleaning requirements, with extra services frequently providing higher margins. The majority of Janitorial contracts are for one- to three-year periods, but are subject to termination by either party after 30 to 90 days' written notice and contain automatic renewal clauses.

■ **Parking.** The Company provides parking services through a number of subsidiaries primarily

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

### FORM 10-K

(Mark One)

☑ ANNUAL REPORT UNDER SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

**For The Fiscal Year Ended October 31, 2007**

☐ TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For The Transition Period from _____ to _____

Commission File Number: 1-8929

# ABM INDUSTRIES INCORPORATED
### (Exact name of registrant as specified in its charter)

| | |
|---|---|
| **Delaware** | **94-1369354** |
| (State of Incorporation) | (I.R.S. Employer Identification No.) |
| **160 Pacific Avenue, Suite 222, San Francisco, California** | **94111** |
| (Address of principal executive offices) | (Zip Code) |

### (Registrant's telephone number, including area code) 415/733-4000

### Securities registered pursuant to Section 12(b) of the Act:

| Title of Each Class | Name of Each Exchange on Which Registered |
|---|---|
| **Common Stock, $.01 par value** | **New York Stock Exchange** |
| **Preferred Stock Purchase Rights** | **New York Stock Exchange** |

Securities registered pursuant to Section 12(g) of the Act: None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.  Yes ☑    No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.  Yes ☐    No ☑

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to the filing requirements for the past 90 days.  Yes ☑    No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.  ☑

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, or a non-accelerated filer. See definition of "accelerated filer and large accelerated filer" in Rule 12b-2 of the Exchange Act.

(Check one): Large accelerated filer ☑ Accelerated filer ☐    Non-accelerated filer ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).  Yes ☐    No ☑

As of April 30, 2007 (the last business day of registrant's most recently completed second fiscal

EEOC 0044

Table of Contents

## Employees

As of November 30, 2007, the Company employed approximately 107,000 persons, including approximately 30,000 OneSource employees, of whom the vast majority are service employees who perform janitorial, parking, security, engineering and lighting services. Approximately 39,000 of these employees are covered under collective bargaining agreements at the local level. There are approximately 5,000 employees with executive, managerial, supervisory, administrative, professional, sales, marketing or clerical responsibilities, or other office assignments.

## Environmental Matters

The Company's operations are subject to various federal, state and/or local laws regulating the discharge of materials into the environment or otherwise relating to the protection of the environment, such as discharge into soil, water and air, and the generation, handling, storage, transportation and disposal of waste and hazardous substances. These laws generally have the effect of increasing costs and potential liabilities associated with the conduct of the Company's operations, although historically they have not had a material adverse effect on the Company's financial position, results of operations or cash flows. In addition, from time to time, the Company is involved in environmental issues at certain of its locations or in connection with its operations. While it is difficult to predict the ultimate outcome of any of these matters, based on information currently available, we believe that none of these matters, individually or in the aggregate, are reasonably likely to have a material adverse effect on the Company's financial position, results of operations or cash flows.

6

EEOC 0044

Table of Contents

## UNITED STATES SECURITIES AND EXCHANGE COMMISSION
### Washington, D.C. 20549

## FORM 10-K

(Mark One)

☑      ANNUAL REPORT UNDER SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

**For The Fiscal Year Ended October 31, 2008**

☐      TRANSITION REPORT PURSUANT TO SECTION 13 OR 15(d) OF THE SECURITIES EXCHANGE ACT OF 1934

For The Transition Period from _____ to _____

Commission File Number: 1-8929

# ABM INDUSTRIES INCORPORATED
(Exact name of registrant as specified in its charter)

| | |
|---|---|
| **Delaware** | **94-1369354** |
| (State of Incorporation) | (I.R.S. Employer Identification No.) |
| **551 Fifth Avenue, Suite 300, New York, New York** | **10176** |
| (Address of principal executive offices) | (Zip Code) |

### 212/297-0200
**(Registrant's telephone number, including area code)**

**Securities registered pursuant to Section 12(b) of the Act:**

| Title of Each Class | Name of Each Exchange on Which Registered |
|---|---|
| **Common Stock, $.01 par value** | **New York Stock Exchange** |

Securities registered pursuant to Section 12(g) of the Act: None

Indicate by check mark if the registrant is a well-known seasoned issuer, as defined in Rule 405 of the Securities Act.  Yes ☑   No ☐

Indicate by check mark if the registrant is not required to file reports pursuant to Section 13 or Section 15(d) of the Act.  Yes ☐   No ☑

Indicate by check mark whether the registrant (1) has filed all reports required to be filed by Section 13 or 15(d) of the Securities Exchange Act of 1934 during the preceding 12 months (or for such shorter period that the registrant was required to file such reports), and (2) has been subject to the filing requirements for the past 90 days.  Yes ☑   No ☐

Indicate by check mark if disclosure of delinquent filers pursuant to Item 405 of Regulation S-K is not contained herein, and will not be contained, to the best of registrant's knowledge, in definitive proxy or information statements incorporated by reference in Part III of this Form 10-K or any amendment to this Form 10-K.  ☐

Indicate by check mark whether the registrant is a large accelerated filer, an accelerated filer, a non-accelerated filer, or a smaller reporting company. See the definitions of "large accelerated filer," "accelerated filer" and "smaller reporting company" in Rule 12b-2 of the Exchange Act. (Check one):

Large accelerated filer ☑   Accelerated filer ☐   Non-accelerated filer ☐
(Do not check if a smaller reporting company)   Smaller reporting company ☐

Indicate by check mark whether the registrant is a shell company (as defined in Rule 12b-2 of the Exchange Act).  Yes ☐   No ☑

Table of Contents

intense competition in the janitorial business in the Southeast and South Central regions of the United States). The Company also competes with the operating divisions of a few large, diversified facility services and manufacturing companies on a national basis. Indirectly, the Company competes with building owners and tenants that can perform internally one or more of the services provided by the Company. These building owners and tenants might have a competitive advantage when the Company's services are subject to sales tax and internal operations are not. Furthermore, competitors may have lower costs because privately owned companies operating in a limited geographic area may have significantly lower labor and overhead costs. These strong competitive pressures could inhibit the Company's success in bidding for profitable business and its ability to increase prices even as costs rise, thereby reducing margins.

### Sales and Marketing

The Company's sales and marketing efforts are conducted by its corporate, subsidiary, regional, branch and district offices. Sales, marketing, management and operations personnel in each of these offices participate directly in selling and servicing customers. The broad geographic scope of these offices enables the Company to provide a full range of facility services through intercompany sales referrals, multi-service "bundled" sales and national account sales.

The Company has a broad customer base, including, but not limited to, commercial office buildings, industrial facilities, financial institutions, retail stores, shopping centers, warehouses, airports, health facilities and educational institutions, stadiums and arenas, and government buildings. No customer accounted for more than 5% of its revenues during the fiscal year ended October 31, 2008.

### Employees

As of October 31, 2008, the Company employed approximately 100,000 persons, of whom the vast majority are service employees who perform janitorial, parking, security and engineering services. Approximately 43,000 of these employees are covered under collective bargaining agreements at the local level. There are approximately 5,300 employees with executive, managerial, supervisory, administrative, professional, sales, marketing or clerical responsibilities, or other office assignments.

### Environmental Matters

The Company's operations are subject to various federal, state and/or local laws regulating the discharge of materials into the environment or otherwise relating to the protection of the environment, such as discharge into soil, water and air, and the generation, handling, storage, transportation and disposal of waste and hazardous substances. These laws generally have the effect of increasing costs and potential liabilities associated with the conduct of the Company's operations. In addition, from time to time the Company is involved in environmental issues at certain of its locations or in connection with its operations. Historically, the cost of complying with environmental laws or resolving environmental issues relating to United States locations or operations has not had a material adverse effect on the Company's financial position, results of operations or cash flows.

6

EEOC 0058