Anna Y. Park, CA SBN 164242
Elizabeth Esparza-Cervantes, CA SBN 214158
Lorena Garcia-Bautista, CA SBN 234091
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
255 East Temple Street, 4th Floor
Los Angeles, CA  90012
Telephone: (213) 894-1068
Facsimile: (213) 894-1301
lado.legal@eeoc.gov

Attorneys for Plaintiff
UNITED STATES EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Keith Jacoby, CA SBN 150233
Laura Hayward, CA SBN 204014
Matthew E. Farmer, CA SBN 190484
LITTLER MENDELSON
650 California St., 20th Floor
San Francisco, CA 94108-2693
Telephone: (415) 433-1940
Facsimile: (415) 399-8490

Attorneys for Defendants
ABM INDUSTRIES, INC., et al.

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff, ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE TROUGH EIGHT, v. ABM INDUSTRIES INC., ABM JANITORIAL SERVICES, INC.; ABM JANITORIAL NORTHERN CALIFORNIA; JOSE VASQUEZ; Does 1-10 inclusive, Defendants | Case No. 1:07 CV 01428 LJO-JLT  **Amended Consent Decree; Order**  The Honorable Lawrence J. O'Neill U.S. District Court Judge |

# I.    INTRODUCTION

Plaintiff U.S. Equal Employment Opportunity Commission (the "EEOC" or "Commission")and Defendants ABM Industries Incorporated, ABM Janitorial Services, Inc., ABM Janitorial Services Northern-California ("Employer"); (all defendants are hereinafter collectively referred to as "Defendants" or "ABM") hereby stipulate and agree to entry of this Consent Decree to resolve the Commission's First Amended Complaint, filed under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII"), alleging that charging parties Erika Morales, Delia DeMejia, and nineteen other women designated as class members in this case by the EEOC (collectively known herein as "Claimants") were subjected to unlawful employment practices on the basis of sex, female, in violation of Section 706 (f)(1) and 3 and Section 707(f)(1) of Title VII.  Nothing in this Decree shall construe or be construed to obligate any subsidiary of ABM Industries Incorporated not named as a defendant in this action.

## II.    PURPOSES AND SCOPE OF THE CONSENT DECREE

A.    In the interest of resolving this matter, the Commission and Defendants (hereinafter sometimes collectively referred to as "the Parties") have agreed that this action should be finally resolved by entry of this Consent Decree ("Decree").  This Decree shall be binding on and enforceable against Defendants and their officers, directors, agents, successors and assigns.  The Parties have entered into this Decree for the following purposes:

1.    To provide appropriate monetary and injunctive relief;

2.    To ensure that Defendants' employment practices comply with federal law;

3.    To create a work environment free from hostility and retaliation;

4.    To provide training for Employer's managers, supervisors, and

employees with respect to their obligations under Title VII; and

5.      To develop an appropriate and effective mechanism for receiving and handling Employer's sexual harassment and retaliation complaints in the workplace.

B.      In entering into this Consent Decree, Defendants deny that they or anyone acting on their behalf engaged in actionable conduct.  This Decree and compliance with this Decree shall not be construed as an admission of liability by Defendants, or as an admission by Defendants of any violation of rights of the Claimants or of any other person's allegation of harasment.  To the extent that some of the Claimants intervened as plaintiffs in this action, they have entered into a separate agreement to which the EEOC is not a party.  This Decree is not contingent upon said separate agreement.

### III.    RELEASE OF CLAIMS

A.      The Parties agree that this Decree resolves EEOC's First Amended Complaint filed in this action in the United States District Court, Eastern District of California on July 17, 2009, captioned *U.S. Equal Employment Opportunity Commission, Erika Morales, and Anonymous Plaintiffs One Through Eight vs. ABM Industries Incorporated; ABM Janitorial Services, Inc.; and ABM Janitorial Services-Northern California*; Case No. 1:07 CV01428-LJO-BAK (GSA) (hereafter "the Action"). The Parties further agree that this Decree constitutes a complete resolution of all EEOC claims of sexual harassment under Title VII made in this Action.

B.      Nothing in this Decree shall be construed to limit or reduce Defendants' obligation to comply fully with Title VII or any other federal employment statute.

C.      Nothing in this Decree shall be construed to preclude the EEOC from bringing suit to enforce this Decree in the event that any party hereto fails to

perform the promises and representations contained herein.

D.     This Decree in no way affects the EEOC's right to bring, process, investigate or litigate other charges that may be in existence or may later arise against Defendants other than the charges specifically identified in this Release of Claims section.  As of the date that the parties executed this Decree, the Claimants do not have any open charges of harassment related to the allegations raised by the Claimants in this action against Defendants.

## IV.   JURISDICTION

A.     The Court has jurisdiction over the parties and the subject matter of this action.  The First Amended Complaint asserts claims that, if proven, would authorize the Court to grant the relief set forth in this Decree.  The terms and provisions of this Decree are fair, reasonable, and just.  This Decree conforms to the Federal Rules of Civil Procedure and Title VII and is not in derogation of the rights or privileges of any person.  The entry of this Decree will further the objectives of Title VII and will be in the best interest of the Parties.

B.     The Court shall retain jurisdiction of this action during the duration of the Decree for the purposes of entering all orders, judgments, and decrees that may be necessary to implement the relief provided herein.

## V.   EFFECTIVE DATE AND DURATION OF DECREE

A.     The provisions and agreements contained herein are effective immediately upon the date which this Decree is entered by the Court ("the Effective Date").

B.     Except as otherwise provided herein, this Decree shall remain in effect for three (3) years after the Effective Date, provided that Defendants have substantially complied with the terms of this Decree.  In the event that Defendants have not substantially complied, the duration of this Decree may be extended by Court order in order to effectuate its purposes.

# VI.   DECREE ENFORCEMENT

A.    If the Commission has reason to believe that Defendants have breached this Decree, the Commission may bring an action before this Court to enforce the Decree.  Prior to initiating such action, the Commission will notify Defendants and their legal counsel of record, in writing, of the nature of the dispute.  This notice shall specify the particular provision(s) that the Commission believes Defendants have breached.  Absent a showing by either party that the delay will cause irreparable harm, Defendants shall have forty-five (45) days from the date of notice ("Dispute Resolution Period") to attempt to resolve or cure the breach.

B.    The Parties agree to cooperate with each other and use their best efforts to resolve any dispute referenced in the EEOC notice.

C.     After the expiration of the Dispute Resolution Period, the Commission may initiate an enforcement action in this Court, seeking all available relief, including an extension of the duration of the Decree for such time as the Defendants are shown to be in breach of the Decree.

D.    The Commission may petition this Court for compliance with this Decree at any time during which this Court maintains jurisdiction over this action. Should the Court determine what the Defendants have not complied with this Decree, in whole or in part, it may impose appropriate relief, including an extension of the duration of this decree,  the imposition of Commission's costs and attorneys' fees incurred in securing compliance with the Decree, and other relief the court deems appropriate.

# VII.   MODIFICATION AND SEVERABILITY

A.    This Decree constitutes the complete understanding of the Parties with respect to the matters contained herein.  No waiver, modification, or amendment of any provision of this Decree will be effective unless made in writing and signed by

an authorized representative of each of the Parties.

B.     If one or more provisions of the Decree are rendered unlawful or unenforceable, the parties shall make good faith efforts to agree upon appropriate amendments to this Decree in order to effectuate the purposes of the Decree.  If the Parties are unable to reach agreement, the Court shall order appropriate alternative provisions in order to effectuate the purposes of the Decree.  Should one or more provisions of this Decree be deemed unlawful, all other lawful and enforceable provisions will remain in full force and effect.

## VIII.  MONETARY RELIEF

A.     Defendants agree to pay a total of Five Million, Eight Hundred Thousand Dollars ($5,800,000.00) in full resolution of this Action to be distributed amongst twenty-one women that the EEOC has identified as Claimants to the EEOC's suit, some of whom separately intervened.  The distribution to the Claimants shall be at the sole discretion of the EEOC and is not subject to review. The EEOC shall provide Defendants with a list of the name and address to which the Claimants monetary relief should be delivered (hereafter "Distribution List"). Where indicated in the EEOC's Distribution List as monetary relief being delivered to Claimants represented by Intervenors' counsel, Defendants shall remit said amounts to the third Party administrator, in accordance with the Settlement Agreement executed by Defendants and Plaintiff-Interveners. .

B.     Defendants shall forward, via certified mail, a check to each individual identified by EEOC pursuant to Section VIII.A above within ten (10) business days of their receipt of EEOC's Distribution List and a signed W-9 Form. The EEOC has designated the monies to be paid to the Claimants as non-wage compensation under Title VII and no tax withholding shall be made.  Defendants shall make appropriate reports to the Internal Revenue Service and other tax authorities.  Defendants shall be solely responsible for any costs associated with

the issuance and distribution of the 1099 tax reporting forms to each of the Claimants.  Claimants shall be solely responsible for taxes payable, if any, on their respective portion of settlement proceeds. The tax handling and reporting of the monies paid to Plaintiff-Intervenors is set out in that separate Settlement Agrement.  Nothing in this Decree constitutes tax advice nor meant to replace each Claimant's responsiblity to consult a tax expert with any relevant tax questions.

In some instance, the EEOC has designated that some claimants have claims that have resulted in personal injury.  Those individuals shall be identified in the Distribution List accordingly.  EEOC did not seek wage loss damages in settlement of this Action.

C.     Within three (3) business days of the issuance of each and every settlement check, Defendants shall submit a copy of each check and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.  Within five (5) business days of the issuance of each and every 1099 Form to the Claimants, Defendants shall submit a copy of each 1099 Form and related correspondence to the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, 255 East Temple Street, 4th Floor, Los Angeles, CA 90012.

## IX.     CLAIMANT SPECIFIC INJUNCTIVE RELIEF

Within ten (10) days of the Effective Date of this Decree, ABM Industries Incorporated and/or the Employer as applicable shall:

A.     remove from the personnel files of each identified Claimant's and, to the extent applicable, their supervisors, all negative complaints, reports, criticisms, and any other documents reflecting negatively on her job performance issued or recommended by the Claimant's accused harasser for the suit's relevant time period from 2000 to the present or references to the charges of discrimination filed

against Defendants or their participation in this action;

B.    to the extent that ABM Industries  Incorporated  and/or the Employer must keep records of the charges of discrimination or each Claimants involvement in the Action in order to effectuate this Decree, maintain said records separately and segregated from Claimants' personnel files;

C.    refrain from providing negative references and limit employment reference inquiries related to Claimants to verifying whether the identified Claimant was employed by the Employer and the time period of such employment;

D.    to the extent they continue to work for Defendants, ensure that they are monitored against harassment and retaliation; and

E.    Change any termination of the Claimants to voluntary resignations.

## X.  DESIGNATION OF A MONITOR

### A.    Equal Employment Opportunity Monitor

Within thirty days (30) after the Effective Date, ABM shall retain an outside Equal Employment Opportunity Monitor("Monitor") of the EEOC and Defendants' choosing with demonstrated experience in the area of employment discrimination and sexual harassment issues, to implement and monitor compliance with Title VII and the provisions of this Decree.  The parties have agreed that the designated Monitor shall be Michael Robbins from EXTTI, Incorporated.  In the event that Michael Robbins of EXTTI, Incorporated is no longer able to perform his services as Monitor in this matter, the Commission shall provide ABM with a list of at least three suggested successor monitor candidates acceptable to the Commission.  If the parties can not agree to a successor monitor from the EEOC's list, the parties will be required to file a joint motion for appointment of a monitor with both sides suggesting candidates and providing background information for the Court to select the Monitor.  The Employer shall bear all reasonable costs associated with the selection and retention of the Monitor

and the performance of his/her duties.  The Monitor shall assist in the following:

1.      Developing or, if deemed necessary by the Monitor, revising procedures to handle complaints under Title VII of harassment and retaliation;

2.      If deemed necessary by the Monitor, revising, and re-distributing any revised version of the anti- harassment policy and reporting procedure;

3.      Review ABM's training materials and assist ABM training its employees to ensure a workplace free of harassment and retaliation;

a.      The Monitor shall work with Defendants to develop an appropriate and effective method of providing Employer's employees with anti-harassment and retaliation training to Employer's hourly employees, to include training on ABM Inc.'s policies and procedures relating to sex harassment and retaliation.

4.      Assist or ensure proper training of ABM employees who are involved in overseeing or addressing Employer's employees' sex harassment complaints on their rights and responsibilities under Title VII, including but not limited to the responsibilities to provide a workplace free of harassment and retaliation;

5.      Ensure that appropriate and consistent disciplinary policies exist to hold employees and managers accountable for failing to take appropriate action and/or for engaging in conduct prohibited under this Decree;

6.      Ensuring the maintenance of an effective centralized system of tracking, harassment, and retaliation complaints;

7.      Monitoring class members and witnesses who participated in this lawsuit and who continue to be employed by the Employer to

9

ensure that they have not been subjected to any retaliation or harassment.  The Monitor shall contact these individuals at least every three (3) months;

8.      Ensuring that audits are conducted properly to ensure that Employer's employees, managers, supervisors, and leads are held accountable and to implement Defendants' zero tolerance policy with respect to harassment and retaliation;  and

9.      Further ensuring compliance with the terms of this Decree.

## XI.    GENERAL INJUNCTIVE RELIEF

A.    <u>Non-Discrimination</u>

1.    Discrimination Based on Sex

Defendants, their officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to: (a) discriminate against persons on the basis of sex in the terms and conditions of employment; (b) engage in or be a party to any action, policy or practice that is intended or is known to them to have the effect of harassing or intimidating any employee on the basis of sex; and (c) create, facilitate or permit the existence of a work environment that is hostile to female employees.

2.    Retaliation

Defendants, their officers, agents, management (including all supervisory employees), successors, assigns, and all those in active concert or participation with them, or any of them, hereby agree not to engage in, implement or permit any action, policy or practice with the purpose of retaliating against any current or former employee or applicant of Defendants, or either of them, because he or she has in the past, or during the term of this Decree: (a) opposed any practice made unlawful under Title VII; (b) filed a charge of discrimination alleging such

practice; (c) testified or participated in any manner in any investigation (including without limitation, any internal investigation undertaken by any of the Defendants), proceeding in connection with this case and/or relating to any claim of a Title VII violation; (d) was identified as a possible witness or claimant in this action; (e) asserted any rights under this Decree; or (f) sought and/or received any relief in accordance with this Decree.

B.   Posting

Within ten (10) business days after the Effective Date and throughout the term of this Decree, the Employer shall post a notice (attached as "Exhibit A") of the terms of this Decree, in English and in Spanish, in a clearly visible place at Employer's locations frequented by its employees where permitted by owner(s) of facilities where ABM provides janitorial services.  The notice shall be posted in English and Spanish, and remain posted for the duration of this Decree.  In the alternative, Defendants can disseminate the posting to each of Defendant's employees within sixty (60) days of the effective date on an annual basis for the term of the Decree.

## XII.  SPECIFIC INJUNCTIVE RELIEF REMEDIES

A.   OVERSIGHT AND MONITORING

The Vice-President of Human Resources for ABM Janitorial Services, Inc., currently Amado Hernandez, shall oversee and ensure that at all times Employer has access to an adequate number of  trained investigators which shall include at least 2 additional investigators, totaling no less than eight investigators.  At least half of the investigators shall be bilingual in their ability to speak English and Spanish.  The investigators shall be experienced and trained in conducting harassment and retaliation investigations.  The investigators shall conduct investigations into allegations of harassment or retaliation promptly. The Vice-President will ensure that immediate corrective and preventative measures are

taken.

Investigators who conduct investigations into allegations of sex harassment or retaliation made by employees of Employer shall be thoroughly trained regarding ABM's policies and procedures regarding EEO laws, with an emphasis on conducting harassment and retaliation complaints. The investigators must be qualified to properly investigate complaints of harassment and retaliation under EEO laws. The Monitor shall review the qualifications of the investigators to ensure a baseline level of experience during the term of the Decree.

B.    MANDATORY DUTIES OF THE OFFICE OF THE VICE
        PRESIDENT OF HUMAN RESOURCES

At all times, the Vice-President's Office and ABM Industries, Inc. where applicable shall ensure the implementation and compliance with the provisions of this Decree and compliance with EEO laws as follows:

a.    Create, monitor, and ensure the implementation of effective policies and procedures that are centrally monitored to ensure continuity and prompt and effective action;

b.    Ensure proper systems are in place to make certain that proper avenues exist for employees to complain;

c.    Promptly investigate claims of sexual harassment and retaliation required under Title VII;

d.    Ensure immediate, corrective, and preventative measures after conducting a thorough investigation

e.    Conduct periodic audits as set forth herein to ensure Employer's employees are held accountable and to reinforce the Defendants' zero tolerance policy for harassment and retaliation;

f.    Oversee the development and implementation of all training and education programs to be provided under the Decree:

g.    Enforce all policies to foster  a workplace free of sexual harassment, and retaliation.  This includes taking measures to ensure that no retaliation is taken against persons engaging in protected activity by monitoring the matter as directed by the Monitor; and

h.    Ensure that all reports required by this Decree are accurately compiled and timely submitted;

i.    Create appropriate and consistent disciplinary policies to hold employees and managers accountable for failing to take appropriate action and/or for engaging in conduct prohibited under this Decree;

j.    Create a centralized system of tracking, harassment, and retaliation complaints;

C.    POLICIES AND PROCEDURES

Pursuant to this Decree, ABM has submitted to the EEOC and to the Monitor, who has already been agreed upon by the parties, ABM's 2009 revised Policy Against Workplace Harassment and CEO Video Message. The Monitor will be consulted prior to implementing any changes to this policy during the pendency of the Decree.  At all times, the sexual harassment policy or other written practices shall, at a minimum, include the following:

1.    A strong and clear commitment to a workplace free of sexual harassment and retaliation;

2.    A clear and comprehensive description of "sexual harassment" both quid pro quo and hostile work environment, including examples;

3.    A statement encouraging employees to come forward if they believe that they have been harassed or retaliated against for complaining about discrimination;

4.    A description of the possible consequences up to and including termination that will be imposed upon violation of the policy against

13

sexual harassment and retaliation;

5.      A statement of commitment to maximally feasible confidentiality for persons who bring complaints about sexual harassment or retaliation;

6.      An assurance that persons who complain about sexual harassment they experienced or witnessed or that persons who provide information related to such complaints will not be subject to retaliation;

7.      A statement that the sexual harassment policy applies to all persons, including management officials, supervisors, vendors, suppliers, third parties, and customers;

8.      A clearly described complaint process that provides accessible and confidential avenues of complaint with the contact information including name (if applicable), address, and telephone number of persons both internal (i.e., human resources department and Hotline, managers) and external to Defendants (i.e., EEOC) to whom employees may report Title VII harassment and retaliation, including a written statement that the employee may report the discriminatory behavior to designated persons outside of their chain of management;

9.      A statement that employees are not to engage in or discuss sexual conduct and/or sexual jokes while at work.

10.     A complaint process that provides a prompt, thorough, and impartial investigation;

11.     A procedure for communicating with the complainant in writing regarding the status of the complaint/investigation, results of the investigation, and any remedial action taken;

12.     Assurance that bilingual staff in Spanish and English are

available for receiving complaints;

13.     Assurance that immediate and appropriate corrective action will be taken after a determination that harassment/ and/or retaliation has occurred; and

14.     Assurance that disciplinary policies hold employees and managers accountable for failing to take appropriate action or for engaging in conduct prohibited under this Decree.

This policy shall promptly be distributed in English and Spanish to all of Employer's employees (including management/supervisory staff and hourly employees), and shall be included in any relevant policy or employee manuals distributed to employees.  The Employer shall collect written or electronic acknowledgments from each employee who receives the policy in either English or Spanish, depending on the language preference of each employee.  Employees needing the policy in Spanish, shall solely sign the acknowledgement page that is in Spanish.   This policy shall be disseminated on a semi-annual basis for the term of the Decree.

All employees will be given a copy of the policy with their acknowledgement signature in a language appropriate to their language needs. Throughout the term of this Decree, ABM and the Employer shall make accessible and post the policy, in English and Spanish, in a legible font, at all of Employer's offices and locations where feasible and permitted by owner(s) of facilities where ABM provides janitorial services.

ABM has submitted the 2009 sex harassment and retaliation policies for the EEOC's review.

D.     Establishment of Harassment/ Retaliation Hotline

Within sixty (60) days of the Effective Date of this Decree, Defendants shall establish, or, if existing, certify existence of a sexual harassment/ retaliation

Hotline in both English and Spanish, which number shall be published in the sexual harassment policy and the posting.  The Hotline shall be in operation seven days per week, 24 hours per day.  ABM will ensure that all employees, irrespective of remoteness of work location and language needs, are advised of the harassment hotline.  Any acknowledgement forms signed by employees regarding the existence of said hotline, shall be signed on the page containing the policy in the language that the employee understands.

Defendants with the Monitor shall ensure that a mechanism by which all hotline inquiries and response time are tracked for response timeliness exists. Similarly, Defendants and Monitor will ensure policies and procedures exist so that all complaints are timely addressed and investigated.

E.   COMPLAINT PROCEDURE

Within sixty (60) days of the Effective Date, ABM shall certify that it has publicized an internal complaint procedure to provide for the filing, investigation and, if appropriate, remedying of complaints of sex harassment or retaliation. ABM shall establish a toll-free number that shall be disseminated to all ABM employees informing them that a complaint can be logged at any time.  The (800) number reports shall be processed by ABM Industries, Incorporated's Human Resources department and it shall  monitor the effectiveness of the process.  The Monitor shall review the monitoring efforts to ensure prompt, immediate, and effective response. The Monitor shall also ensure that ABM Industries Incorporated  publicizes the complaint procedure and monitor the investigation and resolution of such complaints.

The Employer shall also publicize the EEOC complaint line number of (800) 669-4000.

///

///

F.   THE INTERNAL COMPLAINT PROCEDURE SHALL INCORPORATE THE FOLLOWING ELEMENTS:

1.   A policy describing how investigations will be conducted;

2.   A prompt commencement and thorough investigation by an ABM employee or hired professional trained to conduct such investigations who is not connected with the complaint;

3.   A statement that an investigation should include interviews of all relevant witnesses, including the complainant, and reviews of all relevant documents;

4.   A written record of all investigatory steps, and any findings and conclusions, and any actions taken;

5.   Provision for the reasonably prompt resolution of such complaints;

6.   An opportunity for a the complainant to review and respond to tentative findings, except in those circumstances in which it is necessary to take immediate action;

7.   Confidentiality of the complaint and investigation to the extent possible;

8.   Appropriate communication of the final conclusions of the investigation provided to the complainant;

9.   An appeal procedure to an appropriate ABM representative, should the complainant be dissatisfied with the results of the investigation; and

10.  In conjunction with the dissemination of this Decree, Employer shall send a notice that employees complaining of harassment may use the internal complaint procedure and contact information for the EEOC.  The notice shall also state that filing an internal complaint does not relieve the complainant of meeting any applicable deadline for the filing of a charge or complaint with EEOC.

11.  The parties acknowledge that employees in Employer's Central

California branches  are not unionized but other employees of Employer are covered by collective bargaining agreements.  The existence of a Collective Bargaining Agreement is, however, not to be interpreted as a reason not to comply with Title VII.  If any concern arises as to whether Defendants' conduct conflicts with Title VII and/or the Collective Bargaining Agreement, the Monitor will resolve the issue.

12.     Leads and Supervisors will be trained on a regular basis, as specified below, on their responsibilities for recognizing sex harassment in the workplace and promptly reporting it to human resources when recognized or reported.

G.     ELEMENTS OF THE INTERNAL COMPLAINT PROCEDURE

ABM shall ensure that its  Internal Complaint Procedure contains the following elements:

1 .     A statement that it is unacceptable to retaliate against any employee for use of the Internal Complaint Procedure, for assisting in the investigation of a complaint, or for otherwise assisting in the utilization of the procedure.

2.     A statement that if an allegation of sex harassment or retaliation against a manager or other employee is substantiated, then such conduct will result in appropriate discipline, up to and including discharge.

H.     TRAINING

1. Supervisors, Managers

No later than November 30, 2010, all of Employer's managerial/supervisory employees shall be required to attend an intensive in- person or live training program.

The training shall be at least two (2) hours in duration.  Thereafter, the training shall be conducted annually live for a duration of two (2) hours.

The training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, harassment, retaliation, and ABM's policies

18

and procedures for reporting and handling complaints of, harassment and retaliation.

The training for managers, supervisors shall also include:  (1)  training on how to indentify harassment and retaliation, (2)  their exposure and responsibility under Title VII and state law; (3)   how to properly handle complaints of harassment and/or retaliation, and (4)   their obligation to prevent and to take corrective measures.

For the remainder of the term of this Decree, all new managerial and human resources employees of Employer and all employees recently promoted from an hourly to a managerial position shall receive the one hour of anti-harassment training within sixty (60) days of hire or promotion.  This training can be provided online or on video,with the understanding that he/she will attend a two hour live training program the next time it is offered.

All employees required to attend such training shall verify their annual attendance in writing.

The training for Employer shall be provided in both English and Spanish for the duration of the Decree or a language that all managers, supervisors, and leads best understand.

The Monitor shall work with the Employer to ensure that a sufficient number of "trainers" are trained within ABM and the Employer to ensure compliance under TitleVII and this Decree.

Within forty-five (45) days after the Effective Date or twenty (20) days after hiring the Monitor, whichever is later, ABM shall submit to the Monitor a description copy and description of the training to be provided and an outline of the curriculum developed for the trainees.  Any disputes between ABM and the Monitor shall be reported to the EEOC for resolution.

The  EEOC shall be given a minimum of ten (10) business days' advance

written notice of the date, time and location of each training program provided pursuant to this Decree, and agrees that an EEOC representative may attend any such training program.

2. <u>Human Resources</u>

Human Resources employees and all persons involved in the complaint process shall receive the training outlined above, but also an additional two hours of specialized training on how to effectively investigate complaints of harassment and retaliation.  The trainer for this aspect of the training shall have specialized training on how to conduct investigations in complaince with Title VII.

This training shall also be taken by anyone who will be tasked with investigating complaints for the Employer.  Until this training is taken, no individual who has not already been trained shall be allowed to investigate complaints of sex harassment, or retaliation under this Decree.

3. <u>Leads</u>.

Employees of Employer designated as leads or forepersons, shall receive at least 45 minutes of training annually on how to indentify sex harassment and retaliation in the workplace and how to properly handle such complaints.

4. <u>Service Workers</u>[1]

All Employer's service workers shall be trained on an annual basis in English and in Spanish to ensure that the training is effective.  All such employees' training shall include coverage of the subjects of equal employment opportunity rights and responsibilities, with an emphasis on sex harassment, retaliation, and ABM's policies and procedures for reporting and handling complaints of, harassment and retaliation. The training should focus on aiding employees in

---

[1] Service workers are defined herein as janitorial employees who are not managers, supervisors, or leads.

identifying what is harassment and retaliation and how to utilize ABM's policies and procedures.  The employees shall also be informed of external means, like the EEOC, to complain about harassment and retaliation.  Employer shall also emphasize ABM's expectations of holding leads, supervisors, and managers accountable.

Defendants will work with the Monitor to determine the best way to conduct training to effectively reach the employees.  Development of any plan shall be submitted to the EEOC for comment.

4.  Emphasis of Zero Tolerance and Accountability

ABM shall play a video or DVD message from the CEO of ABM Industries Incorporated emphasizing its zero tolerance for harassment and retaliation at all of its training.  The message shall include a commitment towards accountability of its workforce and its commitment to the safety of its workforce.  The Employer shall play the video in English and translate it into Spanish at each training for the duration of the Decree.

I.    EEO COMPLIANCE AUDITS

The ABM Industries Incorporated Corporate HR or Internal Audit Departments shall conduct unannounced audits at multiple Employer sites per year including sites in the Fresno, Visalia and Bakersfield branches to ensure that leads, supervisors, and managers are held accountable and to encourage employees to report problems of harassment, discrimination, or related retaliation.

Auditors shall speak with hourly employees and ensure compliance with anti-harassment and retaliation policies and procedures.  To seek employee input, the audits will be conducted outside the presence of management, supervisors, and leads, without any onsite lead or supervisors' advance knowledge of the audit.  Audits will be accompanied by a full report about employee feedback.  Any conduct signalling a sexual harassment, or retaliation issue will be subject to

prompt and effective remedial action.

The results of the audit shall be evaluated and submitted to the Monitor and to the EEOC in the annual report as set forth below.

Audits shall also  be done in areas where after monitoring the complaints, there appears to be issues that require a more fuller examination of the complaints. The audit shall also try to identify any alleged repeat offenders and shall include interviewing former and reassigned employees to better understand the dynamics in that region.  ABM shall work with the Monitor on how best to conduct and structure the audits to be effective, including the frequency and scope of the audits, provided that they encompass sites in the Fresno, Visalia and Bakersfield branches.

J.       PERFORMANCE EVALUATIONS

The Employer shall develop, implement, or revise its performance evaluation forms for managers, supervisors, to include as measures for performance compliance with EEO laws and with ABM's Anti-Discrimination and Retaliation Policies and Procedures.  This shall specially include holding managers and supervisors accountable for failing to report and/or take appropriate action as required under ABM policies and procedures or Title VII. Managers and supervisors shall be specifically held accountable for mishandling of complaints by the leads.

At least forty (40) days prior to implementing the performance evaluation and discipline system described above, Defendants shall provide the Monitor with the proposed revisions in order to provide an opportunity for comment regarding the revisions.

**XIII. RECORD-KEEPING**

ABM Industries, Inc., and the Employer shall work with the Monitor to establish a record-keeping procedure that provides for the centralized tracking of ABM Industries Incorporated's Hotline Complaints, Employer's sex harassment

complaints and the monitoring of Employers complaints to prevent retaliation. The records to be maintained shall include:

1.    All documents generated in connection with any complaint, investigation, or resolution of every complaint of harassment or retaliation against Employer for the duration of the Decree and the identities of the parties involved;

2.    All forms acknowledging employees' receipt of ABM Industries' anti-discrimination and anti-retaliation policy; and

3.    All documents verifying the occurrence of all training sessions and names and positions of all attendees for each session as required under this Decree;

4.    A list of all Employers' attendees to trainings required under this Decree;

5.    All documents generated in connection with the monitoring and counseling of employees determined to have engaged in behavior that violates policies against sexual harassment and retaliation;

6.    All documents generated in connection with confidential inquiries into whether any complainant believes he/ she has been retaliated against by Employer; and

7.    All documents generated in connection with the establishment or review of performance evaluation measures for Employer's supervisors and managers.

The Employer shall make the aforementioned records available to the EEOC within ten (10) business days following a written request by the EEOC.

## XIV.  REPORTING

To demonstrate Consent Decree compliance, the Employer shall submit to the EEOC periodic reports as outlined herein.

[PROPOSED] CONSENT DECREE; ORDER

1.      Initial Reports

a.      Within one hundred twenty  (120) days of the Effective Date of this Decree, or one hundred twenty days after the hiring of the Monitor, whichever is later, the Employer shall submit to the Commission a report which contains:

i.      A statement confirming that the required notice of the terms of the Decree has been posted or mailed to the Employer's employees;

ii.     The current anti-discrimination and anti-retaliation policy; and

iii.    A statement confirming that all employees received the sexual harassment and retaliation policy, specifying what department provided the employees the policy and confirmed distribution of the same and assuring that the acknowledgment forms are being retained.

b.      Confirmation of the establishment of the harassment/retaliation Hotline in English and Spanish, and a related tracking system;

i.      The report shall provide a detailed description of the tracking system that was developed; and

ii.     A tracking report shall also be provided detailing all complaints, response time, and all actions taken including but not limited to investigation, determination and discipline if any.

c.      A summary of the procedures and record-keeping methods developed with the Monitor for centralized tracking of

[PROPOSED] CONSENT DECREE; ORDER

sex harassment and retaliation complaints and the monitoring of such complaints;

d.      Confirmation that the Claimant-Specific injunctive relief has been carried out;

e.      A copy of the training materials used for all training sessions required under this Decree that took place prior to the reporting period;

f.      A summary of the procedures and record-keeping methods developed for the sexual harassment, and retaliation Audit program, and production of any policies and procedures developed for said system; and

    i.      a copy of all audit reports and corresponding action taken spanning the Effective Date to the reporting date.

2.      Reports Regarding Training

a.      Ten (10) days prior to any training required under this Decree, the Employer will mail by regular mail to the Commission or via e-mail to anna.park@eeoc.gov.:

    i.      Proposed sexual harassment and non-retaliation training materials;

    ii.     The identity the person(s) and/or organization(s) conducting the training programs; and

    iii.    The dates, times and locations of each of the training sessions.

b.      Within one hundred twenty (120) days of the Effective Date of the Decree, and annually thereafter for the duration of the Decree, ABM will provide the EEOC a report containing the following information:

i.     A description of all employees of the Employer trained during the reporting period and the purpose of said training, i.e. as part of scheduled trianing or as a response to sexual harassment, discrimiantion and/or retaliation investigation; and

ii.     Statements that acknowledge receipt of the anti-harassment / anti-retaliation policies for all employees hired within the preceding six (6) months period were secured.

c.  Within 120 days from the Effective date, or twenty days after the hiring of the Monitor, whichever is later,  and semi-annually thereafter, the Employer shall provide copies of its employees' complaints, the corresponding investigation report, and a printout from ABM's centralized tracking system, Employer's  complaints of harassment and related complaints of retaliation.  The report of all sexual harassment and retaliation complaints, including a copy of all investigation notes, shall include all complaints made since the submission of the immediately preceding report hereunder.  The report of complaints filed for sex harassment and/or retaliation description shall include: the names of the individuals alleging harassment and/ or retaliation, the nature of the harassment and/ or retaliation, the names of the alleged perpetrators of harassment or retaliation, the dates of the alleged harassment or retaliation, the location of the alleged harassment, the identity of the person(s) who investigated or resolved each complaint, and whether the alleged wrongdoer had been previously

accused of harassment or retaliation;

    i.    For each complaint listed  above, the resport shall include a statement of the result of each investigation into the complaint.  If no result has been reached at the time of the report, the result shall be included in the next report;

    ii.    The identity and job titles of the complainant and person who received the complaint;

    iii.    A summary of the final course of action after investigating the complaint; and

    iv.    An anlysis by the Monitor of how effectively Defendants ensured compliance with the EEO laws regarding sex harassment, and retaliation for the preceding year under the terms of the decree, including an analysis of the investigations, whether the training was effective, whether managers/supervisors, and leads are being held accountable, whether employees are taking advantage of the complaint procedures, the effectiveness of the audits, and any recommendations to improve.

d. A report by ABM to the EEOC detailing any changes of the procedures or record-keeping methods for centralized tracking of harassment and retaliation complaints and the monitoring of such complaints within thirty (30) days before implementing such changes; and

e. A report on the results of the audits and the actual audits specifically outlining which locations were visited, what was observed who was interviewed, and what course of action, if

[PROPOSED] CONSENT DECREE; ORDER

any, were taken.

## XV.

## COSTS OF ADMINISTRATION AND IMPLEMENTATION
## OF CONSENT DECREE

Defendants shall bear all costs associated with its administration and implementation of its obligations under this Consent Decree.

## XVI.

## COSTS AND ATTORNEYS' FEES

Each party shall bear its own costs of suit and attorneys' fees.

## XVII.

## MISCELLANEOUS PROVISIONS

A.    During the term of this Decree, Defendants shall provide any potential successor-in-interest with a copy of this Consent Decree within a reasonable time of not less than thirty (30) days prior to the execution of any agreement for acquisition or assumption of control of any or all of Defendants' facilities, or any other material change in corporate structure, and shall simultaneously inform the EEOC of same.

B.    During the term of this Consent Decree, Defendants and their successors shall assure that each of its officers, managers and supervisors is aware of any term(s) of this Decree which may be related to his/her job duties.

C.    Unless otherwise stated, all notices, reports and correspondence required under this Decree shall be delivered to the attention of the Regional Attorney, Anna Y. Park, U.S. Equal Employment Opportunity Commission, Los Angeles District Office, 255 E. Temple St., 4th Fl., Los Angeles, CA 90012.

C.    The parties agree to entry of this Decree and judgment subject to final approval by the Court.

///

# XVIII.        COUNTERPARTS AND FACSIMILE SIGNATURES

This Decree may be signed in counterparts.  A facsimile signature shall have the same force and effect of an original signature or copy thereof.

All parties, through the undersigned, respectfully apply for and consent to the entry of this Consent Decree as an Order of this Court.

U.S. EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION

Dated: _____, 2010          By: _____
                                       Anna Y. Park
                                       Derek Li
                                       Elizabeth Esparza-Cervantes
                                       Lorena Garcia-Bautista
                                       Attorneys for Plaintiff EEOC

Dated: _____, 2010         By: _____
                                       LITTLER MENDELSON
                                       Keith Jacoby
                                       Laura Hayward
                                       Attorneys for Defendants ABM
                                       INDUSTRIES INCORPORATED, ABM
                                       JANITORIAL SERVICES,
                                       INCORPORATED, and ABM
                                       JANITORIAL NORTHERN CALIFORNIA

Dated: _____, 2010        By:_____
                                       ABM Industries Incorporated

Dated: _____, 2010        By:_____
                                       ABM Janitorial Services, Incorporated

Dated: _____, 2010        By:_____
                                       ABM Janitorial Northern California

29

**ORDER**

**Good cause appearing,**

The Court hereby retains jurisdiction and the provisions of the foregoing Consent Decree are hereby approved and compliance with all provisions thereof is fair and adequate and finds that the provisions of this Consent Decree are hereby approved.   Compliance by the Defendants in this case of the provisions is Hereby Ordered.

IT IS SO ORDERED.

Date:  _September 24, 2010_                    _/s/ Lawrence J. O'Neill_____

The Honorable Lawrence J. O'Neill
United States District Court Judge

[PROPOSED] CONSENT DECREE; ORDER