UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>Plaintiff.<br><br>ERIKA MORALES and ANONYMOUS PLAINTIFFS ONE THROUGH EIGHT,<br><br>Plaintiff-Intervenors<br><br>v.<br><br>ABM INDUSTRIES INCORPORATED, et al.,<br><br>Defendants. | Case No.: 1:07-cv-01428 - LJO - JLT<br><br>ORDER DENYING MOTION TO INTERVENE FOR THE PURPOSE OF SEEKING MODIFICATION OF THE PROTECTIVE ORDER<br><br>(Docs. 292, 293, 294) |

**I.  Background**

This case, involving claims of sexual harassment by and against employees of Defendants, settled in September 2010. (Docs. 287, 289) The case involved the named Plaintiffs, Plaintiffs-in-Intervention and numerous claimants.

While the case was ongoing, the Court issued two stipulated protective orders (Docs. 76, 200) and issued protective orders as to other information sought in discovery. (Doc. 175, 193) These protective orders made confidential contact information related to employees, documents which detailed claims of sexual harassment and confidential corporate documents of Defendants. Id.

1

Now before the Court is the motion to intervene brought by Mara Murillo who is suing Defendants in Fresno Superior Court.  (Doc. 293-1)  In that action, she claims she suffered sexual harassment by a particular supervisor employed by Defendants and that Defendants engaged in a course of conduct of sexual harassment.  Id.

Underlying this motion is its true purpose, which is to seek to modify the protective orders issued in this case so that Ms. Murillo and the other parties in the state court action are free to use all of the discovery adduced in that new action.  Ms. Murillo contends that there is good cause for this modification because her litigation "overlaps the instant matter and allowing discovery adduced in this cause would avoid retaking depositions and propounding discovery to which Defendants.  Ms. Murillo contends that this will result in a savings of $100,000.

Defendants oppose the motion most notably on the grounds that this action involved "***41 depositions*** and close to ***3500 pages of evidence***."  (Doc. 296 at 3)  Moreover, Defendants assert that contained in the discovery are personnel files of the Plaintiffs, claimants, alleged harassers and some other supervisory staff, job descriptions, meeting minutes for board meetings, organizational chart-type documents and other service contracts and agreements.  Id.  Defendants contend these documents equate to thousands of pages of the discovery, and that none of it relates to Ms. Murillo or her lawsuit.

Following the hearing held on March 12, 2013, the Court ordered Ms. Murillo to file an amended motion addressing the timeliness and relevance of her motion (Doc. 300), which Ms. Murrillo filed on March 22, 2013.  (Docs. 301-02)  According to Ms. Murillo, "none of the transcripts Murillo needs are subject to protective order and . . . substantial portions thereof have been filed on PACER and are publicly available online."  (Doc. 302 at 2)  Ms. Murillo asserts "there is no need to modify the protective order with respect to deposition transcripts that Murillo identified to defendants."  Id.  Thus, Ms. Murillo "seeks clarification from the Court that the protective orders in this case do not apply to alter ego/joint employer documents that [she] has separately sought from the ABM defendants in the state matter, even if the documents are the same as those produced in this case."  Id.

Defendants filed their supplemental opposition on March 29, 2013, maintaining the protective orders govern information revealed through depositions and document production, and the motion to intervene is untimely.  (Doc. 304 at 4)

2

## II. Legal Standard

According to Fed. R. Civ. P. 24(b)(1)(B)[1], the Court may permit anyone to intervene in an action who "has a claim or defense that shares with the main action a common question of law or fact." When a motion to intervene is for the sole purpose of seeking a modification to a protective order, the Court is required to assure itself that the motion is timely. San Jose Mercury News, Inc. v. U.S. Dist. Court – N. Dist. (San Jose), 187 F.3d 1096, 1100 (9th Cir. 1999). Likewise, the Court must determine "the importance of access to documents prepared for similar litigation involv[es] the same parties [to] satisf[y] the commonality requirement of 24(b)." Beckman Indus., Inc. v. Int'l Ins. Co., 966 F.2d 470, 474 (9th Cir. 1992).

A motion for permissive intervention pursuant to Rule 24(b) is directed to the sound discretion of the district court. See League of United Latin Amer. Citizens v. Wilson, 131 F.3d 1297, 1307 (9th Cir. 1997).

## III. Discussion and Analysis

### A. Timeliness of the motion to intervene

Motions to intervene for the limited purpose of obtaining documents protected in the matter must be timely. Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc., 62 F.3d 1217, 1219 (9th Cir. 1995) ("This circuit has not yet decided whether such motions to intervene for ancillary purposes must be timely. We hold that they must."). To determine the timeliness of the motion, the Court evaluates three factors: "1) the stage of the proceeding at which an applicant seeks to intervene; 2) the prejudice to other parties; and 3) the reason for and length of the delay." Id.

Ms. Murillo contends her motion "is timely and presents no prejudice to the parties in this matter." (Doc. 302 at 10, emphasis omitted) Ms. Murillo recognizes this action settled nearly three years ago, and assets she "does not seek to re-litigate any . . . matters previously adjudicated." Id. Therefore, Ms. Murillo asserts "there is no risk in prejudicing the Morales matter parties in the adjudication of their rights." Id. Further, Ms. Murillo argues there was "no significant delay" in bringing this motion because "Defendants objected to the discovery at issue on the grounds of the

---

[1] Clearly in error, Ms. Murrillo contends she should be permitted to intervene in this action under Fed. R. Civ. P. 24(b)(2) which relates to the permissive intervention by a governmental agency or officer.

protective order on December 19, 2012 . . . [and] Murillo then met and conferred and moved to modify the order on February 10, 2013." Id.

On the other hand, Defendants contend the motion to intervene and modify the protective order is untimely. (Doc. 304 at 6) According to Defendants, Ms. Murillo "has known about the materials in question since 2009," yet waited "until this late date" to seek intervention. Id. Defendants assert, "it would be inherently unfair and prejudicial to defendants to have to comb through eighteen deposition transcripts and hundreds of other documents to determine which evidence relates to the Murillo matter. Id. In addition, Defendants argue they would be prejudiced because "discovery in the Murillo v. ABM matter has closed, and they relied upon the Protective Order in shaping the scope and posture of their defense in this matter." Id.

Significantly, this matter has been settled and closed for about 29 months. Ms. Murillo filed her lawsuit more than two years ago and her DFEH claim was filed three years ago. On July 18, 2011, Defendants' notified Plaintiff's counsel of the need to modify the protective order regarding the use of discovery in this action for Ms. Murillo's case, given that the discovery in this action "was much more expansive" than the issues asserted by Ms. Murillo. (Doc. 296-1, Exh. A) Ms. Murrillo provides no explanation why she has delayed in seeking to intervene in this action and fails to explain why, when reminded of the protective orders by Defendants in 2011, still she failed to seek intervention until nearly the eve of trial in her action. As explained by the Ninth Circuit, "any substantial lapse of time weighs heavily against intervention." League of United Latin Am. Citizens v. Wilson, 131 F.3d 1297, 1302 (9th Cir. 1997) (quoting United States v. Washington, 86 F.3d 1499, 1503 (9th Cir. 1996)). Given these circumstances, Ms. Murillo's motion to intervene is untimely.

B. Relevance of the protected discovery to the state court action

On January 14, 2009, the Court issued an order "govern[ing] the production, disclosure, and use of . . . confidential information **in this action**." (Doc. 76 at 2, emphasis added) The protective order provided it controlled "the pretrial production, disclosure, and use of confidential information revealed by or to the stipulated parties or any of them, through deposition, through interrogatory responses, through production of documents, through other discovery, or through informal means."

4

1  Id. at 3.  Moreover, the parties and claimants were allowed to use the documents outside of this
2  litigation. Id. at 3-4.
3        Accordingly, the protective order does not preclude the production of these documents in the
4  state action, even if responding to the document requests may require Defendants to produce
5  documents similar or identical to those produced in this action.  However, as noted by Defendants, the
6  discovery propounded in the state court action did not seek their corporate documents generally—
7  which not have implicated the protective order--but, instead, sought the documents *produced in this*
8  *action*—which does implicate the protective order.  Thus, the documents produced in this action are
9  protected but whether responses should be compelled despite the language of the production request, is
10  a question for the state court.
11        On the other hand, the protective order controls the use of deposition, which Ms. Murillo now
12  seeks to use in the state action.  Thus, use of the deposition transcripts by Ms. Murillo would require
13  modification of the protective order.  To demonstrate the protective order should be modified, Ms.
14  Murillo is obligated "demonstrate the relevance of the protected discovery to the collateral
15  proceedings and its general discoverability therein."  Foltz v. State Farm Mut. Auto. Ins. Co., 331 F.3d
16  1122, 1132 (9th Cir. 2003).  The Ninth Circuit explained: "Requiring a showing of relevance prevents
17  collateral litigants from gaining access to discovery materials merely to subvert limitations on
18  discovery in another proceeding.  Id.
19        Ms. Murillo asserts she has common claims with the plaintiff in this action, and Defendants
20  have common defenses. (Doc. 302 at 11)  She observes: "[I]n the state action, Mara Murillo is
21  complaining of (1) the same unlawful employment practices of [s]exual harassment by Adalberto
22  Rodriguez (2) against the same Defendants ABM Industries Inc. and ABM Janitorial Services,
23  Northern California, (3) covering the same time events (the sexual harassment of Mara Murillo[)]."
24  Id.  Ms. Murrillo claims the discovery needed includes testimony on whether ABM was on notice of
25  the conduct of Rodriguez, whether Rodriguez was a "supervisor" within the meaning of FEHA,
26  Defendants' response to complaints of sexual harassment, and whether Defendants' policies were
27  effective. (Doc. 298 at 4)
28

According to Ms. Murillo, the parties "will have to waste time and resources in discovery and retaking numerous depositions when such evidence has already been produced in the federal action," unless the protective orders in this action are modified. Id. at 11. For example, Ms. Murillo asserts she "would have to depose at least 14 of Defendant's current or former employees, whose deposition transcripts are already available to the parties in the state action covering the exact same issue—the relationship between ABM Inc. and ABM Janitorial Services, Northern California." Id.

Ms. Murillo has not explained why she believes the testimony of Faisal Algaheim, Tony Bautista, M. Olga Birrueta, Irene Bravo, Timothy Brekke, Tom Cazale, Jose Equivel, Teuila Hanson, Allen Juarez, Anthony MacFarlane, Maria Miller, Arturo Jimenez, Teresa Sanchez, Ric Steiner, Maria Quintero, and Maria Zapien is relevant to her state court action. Seemingly, Ms. Murillo's position is that because Rodriguez was a supervisor in Fresno, claims of harassment by other supervisors in Bakersfield are relevant; why this is the case, is not explained. As a result, Ms. Murillo has not met her burden to "demonstrate the relevance of the protected discovery to the collateral proceedings." See Foltz, 331 F.3d at 1132. She was obligated to identify which of the thousands of pages of discovery adduced in this case is relevant to her state case.

Further, though Ms. Murillo asserts modification of the protective order is necessary to avoid discovery costs, she has taken the depositions of several witnesses whose deposition transcripts she now seeks (Maria Miller, Tony Bautista, Jose Esquivel, Allen Juarez, and Maria Quitero), and has scheduled the deposition of Adalberto Rodriguez for April 15, 2013. Therefore, in many respects, modification of the protective order does not avoid the costs of discovery.

**IV.  Conclusion and Order**

As set forth above, the motion to intervene by Ms. Murillo is untimely. However, even if the Court were to determine the motion was brought in a timely manner, Ms. Murillo has not shown the protected discovery is relevant to the claims in her state court action.[2]

///

///

---

[2] This failure is especially perplexing given the Court specifically explained to the moving party that she needed to address all of the required elements and gave her a second opportunity to do so.

6

Accordingly, **IT IS HEREBY ORDERED**:  The motion to intervene filed by Mara Murillo for the purpose of modifying the protective order (Docs. 292, 293, and 294) is **DENIED**.

IT IS SO ORDERED.

Dated:   **April 9, 2013**                            /s/ Jennifer L. Thurston
                                                UNITED STATES MAGISTRATE JUDGE