UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>            Plaintiff.<br><br>ERIKA MORALES, et al.,<br><br>            Plaintiff-Intervenors<br>     v.<br><br>ABM INDUSTRIES INCORPORATED, et al.,<br><br>            Defendants. | Case No.: 1:07-cv-01428 - LJO - JLT<br><br>ORDER DENYING REQUEST TO ADVANCE HEARING ON CIVIL CONTEMPT<br><br>(Doc. 308) |

On July 1, 2013, the Court ordered Intervenors' attorneys to show cause why sanctions for contempt of court should not be issued due to their "willfully violating the protective orders issued on January 14, 2009 (Doc. 76), February 18, 2010 (Doc. 175) and March 4, 2010 (Doc. 193); to wit, filing and using discovery documents contrary to one or more of the Court's protective orders, in the action entitled Murillo v. ABM Industries Incorporated, et al., Fresno County Superior Court, case number 11 CE CG 04428."[1]  (Doc. 207) This hearing is set to occur on September 5, 2013. Id.

Now before the Court is Defendants' request that the hearing be advanced, apparently to prevent Intervenors' counsel from further violating the protective order by using protected documents

---

[1] It is alleged that the materials exposed to public view were filed on this Court's docket by another party who may have violated the protective order in doing so.  If this is the justification for the actions of Intervenors' counsel, seemingly, counsel take the position that the breach by another party nullifies the Court's protective orders; emphatically, this is not so.

at trial in the state court action.  However, because civil contempt proceedings carry with them the possible sanction of incarceration, the alleged contemnors are entitled to sufficient time to retain counsel and/or to prepare for the hearing.  Moreover, **though the Court continues to expect strict compliance with its orders**, including all terms of every protective order issued in this case, the manner in which the state court judicial officer conducts the state court action, is not within this Court's authority to question.  **However, the Court will consider each and every breach of its orders when evaluating whether contempt sanctions—up to and including incarceration—should be imposed.**

## ORDER

Based upon the foregoing, the request to advance the hearing on the civil contempt (Doc. 308) is **DENIED**.

IT IS SO ORDERED.

Dated:   **July 25, 2013**                                     **/s/ Jennifer L. Thurston**
                                                                                UNITED STATES MAGISTRATE JUDGE