# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　Plaintiff.<br><br>ERIKA MORALES, et al.,<br><br>　　　　　Plaintiff-Intervenors<br>　v.<br><br>ABM INDUSTRIES INCORPORATED, et al.,<br><br>　　　　　Defendants. | Case No.: 1:07-cv-01428 - LJO - JLT<br><br>ORDER VACATING THE HEARING DATE OF SEPTEMBER 5, 2013<br><br>ORDER DISCHARGING THE TO SHOW CAUSE WHY SANCTIONS SHOULD NOT BE IMPOSED FOR CONTEMPT OF THIS COURT'S ORDERS<br><br>(Doc. 307) |

　　　　Upon the request of Defendants ABM Industries, ABM Janitorial Services, Inc., and ABM Janitorial Northern California (collectively "ABM"), on July 1, 2013, the Court ordered Intervenors' attorneys ("Counsel") to show cause why sanctions for contempt of court should not be issued due to their "willfully violating the protective orders issued on January 14, 2009 (Doc. 76), February 18, 2010 (Doc. 175) and March 4, 2010 (Doc. 193); to wit, filing and using discovery documents contrary to one or more of the Court's protective orders, in the action entitled Murillo v. ABM Industries Incorporated, et al., Fresno County Superior Court, case number 11 CE CG 04428."  (Doc. 307).

　　　　Counsel filed a response to the Court's order to show cause on August 22, 2013. (Docs. 310-12).  They assert that the Court's jurisdiction over the protective orders ended when the action was closed, and as a result "the Eastern District of California as a whole lacks jurisdiction to enforce the

terms of the protective orders entered in this action." (Doc. 310 at 13-14).  Although ABM submitted a brief in reply, they did not address the matter of the Court's jurisdiction.  (*See* Doc. 313 at 2).

Pursuant to Local Rule 141.1(f), "Once the Clerk has closed an action, unless otherwise ordered, the Court will not retain jurisdiction over enforcement of the terms of any protective order filed in that action."  Here, judgment was entered and the action closed by the Clerk on October 4, 2010. (Doc. 291). Thus, unless otherwise ordered, the Court no longer has jurisdiction over the protective orders Counsel allegedly violated.

Significantly, the Court's review of the protective orders and docket in this action does not reveal that the Court intended to retain jurisdiction of the protective orders once the matter was closed. The protective orders issued by the Court do not contain a provision that the Court would retain jurisdiction upon termination of the action.  (*See* Docs. 76, 175, and 193).  Accordingly, the Court no longer has jurisdiction to enforce the terms of the protective orders.

Based upon the foregoing, **IT IS HEREBY ORDERED**:

1. The hearing date of September 5, 2013 is **VACATED**; and
2. The Order to Show Cause issued on July 1, 2013 (Doc. 307) is **DISCHARGED**.

IT IS SO ORDERED.

Dated:   **August 30, 2013**              /s/ **Jennifer L. Thurston**
                                          UNITED STATES MAGISTRATE JUDGE